Michael J. Stortz (SBN 139386)
Michael.Stortz@klgates.com
K. Taylor Yamahata (SBN 347192)
Taylor.Yamahata@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

*Attorneys for Defendants*
ACI Gift Cards LLC, Amazon.com Services LLC,
and Amazon.com, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUN PENG,<br><br>Plaintiff,<br><br>v.<br><br>ACI GIFT CARDS LLC, AMAZON.COM SERVICES LLC, and AMAZON.COM, INC.,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL BY DEFENDANTS ACI GIFT CARDS LLC, AMAZON.COM SERVICES LLC, AND AMAZON.COM, INC.** |

**TO THE HONORABLE COURT AND TO ALL PARTIES:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants ACI Gift Cards LLC ("ACI"), Amazon.com Services LLC ("Amazon Services"), and Amazon.com, Inc.[1] (collectively, the "Amazon Defendants") submit this Notice of Removal and hereby remove this action, captioned *Yun Peng v. ACI Gift Cards LLC, et al.*, Case No. CGC-24-617965, from the Superior Court for the State of California, County of San Francisco, to the United States District Court for the Northern District of California. In support thereof, the Amazon Defendants state as follows:

## I. INTRODUCTION

1. On September 9, 2024, Yun Peng ("Plaintiff") filed this *pro se* action in the Superior Court for the State of California, County of San Francisco (the "State Court"). Plaintiff has since filed four amended complaints, with the currently operative complaint being the Fourth Amended Complaint ("FAC"). (A true and correct copy of the FAC is attached hereto as **Exhibit A**).

2. As detailed in Section II.B below, the procedural history of this action is a long and winding road, involving a mix of Amazon-entity defendants and the now-dismissed (and previously diversity-defeating) defendant Apple, Inc. ("Apple"), shifting allegations and theories, and a rotating variety of statutory and common law causes of action.

3. The current end of that road is Plaintiff's FAC, which, for the first time in this action, provides grounds to "ascertain[] that the case . . . has become removable" on the basis of this Court's diversity jurisdiction. 28 U.S.C. § 1446(b)(3).

4. As further addressed below, the allegations, claims, and relief requested in Plaintiff's FAC confirm that diversity jurisdiction exists because this action is between citizens of different states and the amount in controversy is greater than $75,000.00, exclusive of interest and costs. Accordingly, the Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, and this action is now properly removed to this Court.

---

[1] The operative complaint in this case—the Fourth Amended Complaint—identifies Amazon.com, Inc. as a "Defendant," but does not assert any claims against Amazon.com, Inc.

- 2 - NOTICE OF REMOVAL

## II. BACKGROUND

### A. The Nature of Plaintiff's Claims and Allegations

5. Plaintiff's claims in this action turn primarily on allegations that Amazon Services unfairly and deceptively suspended and permanently closed Plaintiff's Amazon.com accounts, cancelled his pending orders, and improperly retained the remaining balances on the Amazon gift cards linked to the accounts. *See* Ex. A, FAC at pp. 8–14.

6. Plaintiff's allegations extend beyond those personal experiences, broadly challenging the packaging and design of Amazon gift cards (issued by ACI), Amazon Services' privacy practices, and Amazon Services' account-suspension appeals processes. *Id.* at pp. 16–21. Plaintiff also contends that Amazon Services and ACI—which is a wholly owned subsidiary of Amazon Services—fraudulently operate "a deliberately complex commercial structure designed to evade accountability" by concealing ACI's status as the issuer of Amazon gift cards. *Id.* at p. 1; *see also id.* at pp. 21–22.

7. Plaintiff alleges that the Amazon Defendants' conduct not only caused the loss of the gift card balance on Plaintiff's Amazon.com account, but also caused Plaintiff severe emotional distress, including post-traumatic stress disorder and an inability to obtain or retain work, and may be responsible for Plaintiff's Bipolar II Disorder diagnosis. *Id.* at pp. 14–15.

8. On those general bases, Plaintiff asserts a variety of California state statutory and common law claims against ACI and Amazon Services (*id.* at pp. 23–88) and seeks various types of monetary, injunctive, and declaratory relief (*id.* at pp. 88–94).

### B. Procedural History

#### 1. *Plaintiff's Original Complaint*

9. On September 9, 2024, Plaintiff filed the original Complaint against ACI, Amazon.com, Inc., and Apple in the State Court ("Original Complaint"). (A true and correct copy of the Original Complaint is attached hereto as **Exhibit B**). Neither ACI nor Amazon.com, Inc. were served with the Original Complaint.

10. The Original Complaint asserted a variety of federal and California state statutory and common law claims against ACI and Amazon.com, Inc.[2] Ex. B, Orig. Compl. ¶¶ 82–244. The Original Complaint also asserted separate causes of action against Apple. *Id.* ¶¶ 245–277. Plaintiff sought over $36 million in monetary relief from all Defendants (*id.* ¶¶ 279–316), as well as declaratory and injunctive relief (*id.* ¶¶ 278, 317–325).

11. Apple has a principal place of business in California (*id.* ¶ 8), and, therefore, the Original Complaint was not removable on diversity-of-citizenship grounds under 28 U.S.C. § 1332(a).

### 2. Plaintiff's First Amended Complaint

12. On October 21, 2024, Plaintiff filed a First Amended Complaint in the State Court against ACI, Amazon Services, Amazon.com, Inc., and Apple ("Amended Complaint"). (A true and correct copy of the Amended Complaint is attached hereto as **Exhibit C**).

13. The Amazon Defendants received service of a summons and copy of the Amended Complaint on December 2, 2024 (ACI and Amazon.com, Inc.) and December 3, 2024 (Amazon Services). (True and correct copies of the summonses received by the Amazon Defendants are attached hereto as **Exhibit D**).

14. Like the Original Complaint, the Amended Complaint asserted a variety of federal and California state statutory and common law claims against ACI, Amazon Services, and Amazon.com, Inc. Ex. C, Am. Compl. ¶¶ 108–428. The Amended Complaint also asserted separate claims against Apple. *Id.* ¶¶ 429–506. Plaintiff sought over $1.75 million in monetary relief from all Defendants (*id.* ¶¶ 514–531), as well as declaratory and injunctive relief (*id.* ¶¶ 508–513, 532–543).

15. Because Apple has a principal place of business in California (*id.* ¶¶ 1, 5), the Amended Complaint was not removable on diversity-of-citizenship grounds under 28 U.S.C. § 1332(a).

---

[2] Although Plaintiff did not name Amazon Services as a defendant in the Original Complaint, Plaintiff did assert claims against Amazon Services, seemingly in place of Amazon.com, Inc. *See* Ex. B, Orig. Compl. ¶¶ 92–244.

### *3. Plaintiff's Second Amended Complaint*

16. On March 6, 2025, Plaintiff filed a Second Amended Complaint in the State Court against ACI, Amazon Services, and Amazon.com, Inc. ("SAC"). (A true and correct copy of the SAC is attached hereto as **Exhibit E**). Plaintiff did not assert any claims against Apple in the SAC, effectively dismissing Apple from this Action.[3]

17. The SAC asserted the following claims against ACI: (1) violation of Cal. Civ. Code § 1749.5 (the "Gift Card Law"); (2) violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* (the "CLRA"); (3) violation of the California Unfair Competition Law, Cal. Bus. & Profs. Code § 17200, *et seq.* (the "UCL"); (4) violation of the California False Advertising Law, Cal. Bus. & Profs. Code § 17500, *et seq.* (the "FAL"); and (5) fraud. Ex. E, SAC ¶¶ 75–293.

18. The SAC asserted the following claims against Amazon Services: (1) declaratory judgment; (2) violation of the FAL; (3) violation of the UCL; (4) violation of the CLRA; (5) unjust enrichment; (6) fraud; (7) violation of the California Consumer Privacy Act and California privacy Rights Act, Cal. Civ. Code § 1798.100, *et seq.* ("CCPA"); and (8) violation of the Federal Trade Commission Act, 15 U.S.C. § 45 (the "FTC ACT"). *Id*. ¶¶ 294–584.

19. The SAC also asserted a claim against Amazon.com, Inc. for piercing the corporate veil. *Id.* ¶¶ 585–635.

20. In the SAC, Plaintiff sought monetary damages, declaratory relief, and injunctive relief. *Id.* ¶¶ 75–584 (vaguely summarizing requests for relief for each cause of action asserted in the SAC). Unlike the prior complaints, the SAC did not set forth or suggest a specific amount of damages. *See id.* As such, the SAC did not contain allegations sufficient to ascertain whether this action was removable on the basis of diversity jurisdiction—specifically, whether the amount-in-controversy exceeded the removal threshold.

---

[3] On January 21, 2025, Plaintiff filed a separate lawsuit against Apple in the State Court. *See Peng v. Apple Inc.*, Case No. CGC-25-621612 (Cal. Super. Ct. filed Jan. 21, 2025).

#### 4. The Amazon Defendants' Demurrer to the Second Amended Complaint

21. On April 21, 2025, the Amazon Defendants filed a Demurrer to the SAC. (A true and correct copy of the Amazon Defendants' Demurrer is attached hereto as **Exhibit F**).

22. On June 9, 2025, the Court issued an Order Overruling Demurrer in Part and Sustaining in Part and Granting Leave to Amend. (A true and correct copy of the Court's June 9, 2025 Order is attached hereto as **Exhibit G**). The Court sustained without leave to amend Plaintiff's Gift Card Law claim against ACI and the piercing the corporate veil claim against Amazon.com, Inc.; sustained with leave to amend Plaintiff's CLRA, fraud, and CCPA claims; and overruled the Demurrer on the remaining claims. *See generally id.*

#### 5. Plaintiff's Third Amended Complaint

23. On June 24, 2025, Plaintiff filed a Third Amended Complaint in the State Court against ACI, Amazon Services, and Amazon.com, Inc. ("TAC"). (A true and correct copy of the TAC is attached hereto as **Exhibit H**). The TAC did not assert any claims against Amazon.com, Inc. Ex. H, TAC at p. 4 ("Plaintiff no longer asserts claims against Amazon.com, Inc. following the Court's order sustaining its demurrer without leave to amend.").

24. The TAC reasserted claims against ACI for violations of the CLRA, UCL, and FAL, and for fraudulent concealment and claims against Amazon Services for declaratory relief, violations of the FAL, CLRA, UCL, and CCPA, unjust enrichment, and fraud (broken out as separate causes of action for promissory fraud, fraudulent misrepresentation, and fraudulent concealment). *Id.* at pp. 13–43. The TAC asserted new claims against Amazon Services for conversion and intentional infliction of emotional distress ("IIED").[4] *Id.* at pp. 43–47.

25. For monetary relief, Plaintiff sought damages/restitution in an amount of approximately $2,500, general, compensatory, and special damages in an unspecified amount, statutory damages under the CLRA, FAL, and CCPA, punitive damages, and attorneys' fees and costs. *Id.* at pp. 23–24, 47–48. Plaintiff also sought declaratory and injunctive relief. *Id.*

---

[4] Plaintiff had asserted IIED claims in the Original and Amended Complaints, but did not include an IIED claim in the SAC. *See generally*, Ex. E, SAC.

26. The TAC did not contain allegations sufficient to ascertain whether this action was removable on the basis of diversity jurisdiction—specifically, whether the amount-in-controversy exceeded the removal threshold.

### 6. *Plaintiff's Proposed (Unfiled) Fourth Amended Complaint*

27. On July 17, 2025, Plaintiff served a proposed Fourth Amended Complaint on the undersigned counsel for the Amazon Defendants ("Proposed FAC"). (A true and correct copy of the Proposed FAC is attached hereto as **Exhibit I**). Plaintiff did not file the Proposed FAC with the State Court.

28. The Proposed FAC asserted claims against and sought relief from ACI and Amazon Services, but not Amazon.com, Inc. Ex. I, Proposed FAC at p. 6. As against ACI, the Proposed FAC reasserted claims for violation of the CLRA, UCL, and FAL, and for fraudulent concealment. *Id.* at pp. 23–38. As against Amazon Services, the Proposed FAC reasserted claims for declaratory relief, violation of the FAL, CLRA, and UCL, and for unjust enrichment, conversion, and IIED. *Id.* at pp. 38–93. The Proposed FAC dropped Plaintiff's CCPA claim against Amazon Services and added a new claim for negligent infliction of emotional distress ("NIED"). *Id.* at pp. 63–68.

29. The Proposed FAC sought the following monetary relief from ACI and Amazon Services (*id.* at pp. 93–100): (1) actual damages/restitution of at least $2,500; (2) statutory damages of at least $39,000; (3) compensatory damages for severe emotional distress and mental anguish in an unspecified amount; (4) damages for past and future medical expenses, treatment, and medication in an unspecified amount; (5) damages for lost wages and diminished future earning capacity in an unspecified amount; and (6) punitive damages in an unspecified amount.

30. Plaintiff also seeks declaratory and injunctive relief. *See id.*

31. The Proposed FAC is the first amended pleading or other paper from which the Amazon Defendants could first ascertain that the case is removable based on diversity of citizenship.

32. Because the Amazon Defendants received service of the Proposed FAC on July 17, 2025, the Amazon Defendants' 30-day deadline to remove based on the Proposed FAC expires on August 16, 2025. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not

removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

### 7. *Plaintiff's As-Filed Fourth Amended Complaint*

33. On July 21, 2025, Plaintiff filed a Motion for Leave to Amend Fourth Amended Complaint, in which he sought to file a revised version of the Proposed FAC. On July 22, 2025, the Amazon Defendants and Plaintiff filed a Stipulation of Non-Opposition to Granting Plaintiff Leave to File Fourth Amended Complaint. (A true and correct copy of the Stipulation is attached hereto as **Exhibit J**). Pursuant to the Stipulation, the Amazon Defendants' response to the FAC would be due thirty days from the State Court's entry of an order approving the Stipulation. Ex. J., Stip., at p. 3. The State Court granted the Stipulation on August 12, 2025. (A true and correct copy of the State Court-endorsed Stipulation is attached hereto as **Exhibit K**).

34. The FAC is substantially similar to the Proposed FAC. *Compare* Ex. A, FAC, *with* Ex. I, Proposed FAC. The FAC asserts the same causes of action against ACI and Amazon Services as the Proposed FAC, except that Plaintiff has withdrawn the NIED cause of action against Amazon Services. *See* Ex. A, FAC, at pp. 23–38 (ACI), 38–88 (Amazon Services). The FAC also seeks the same forms and amounts of monetary relief as were sought in the Proposed FAC (*id.* at pp. 88–94; *see also* ¶ 29, *supra.*), and substantially similar declaratory and injunctive relief. Ex. A, FAC, at pp. 88–94.

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION OVER THIS ACTION

35. Under 28 U.S.C. § 1332(a), the Court has original diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and the action is between "citizens of different States[.]" Put another way, an action is properly removable where it involves diversity of citizenship between the plaintiff and defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1441(b), 1446.

36. A defendant seeking to remove an action need only set forth in its notice of removal "a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). A notice of

removal, therefore, "need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (internal quotations omitted); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014) (same).

37. As detailed below, this action is properly removed to this Court pursuant to 28 U.S.C. § 1332(a) because: (1) Plaintiff is a citizen of California and the Amazon Defendants are citizens of states other than California, such that complete diversity exists; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. Complete Diversity of Citizenship Exists Between the Parties

38. Complete diversity of citizenship exists between the Parties because Plaintiff is a citizen of the State of California, and the Amazon Defendants are citizens of states other than California. *See* 28 U.S.C. § 1332(a)(1).

39. Plaintiff is a resident of the State of California. *See* Ex. A, FAC at p. 6 ("Plaintiff Yun Peng is a California resident"). Plaintiff is therefore a citizen of California and no other state.

40. Defendant Amazon Services is a limited liability company registered under the laws of the State of Delaware. *See id.* (describing Amazon Services as "a Delaware limited liability company"). Amazon Services is a citizen only of states other than California, specifically Delaware and Washington. Under Ninth Circuit law, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006) (collecting cases). Amazon Services' sole member, Amazon.com Sales, Inc., is a Delaware corporation with its principal place of business in the State of Washington. As such, Amazon.com Sales Inc.—and, by extension, Amazon Services—is a citizen of only Delaware and Washington. *See* 28 U.S.C. § 1332(c)(1). Therefore, Amazon Services is a citizen of the States of Delaware and Washington, and no other state, for purposes of diversity jurisdiction.

41. Defendant ACI is a limited liability company registered under the laws of the State of Washington. ACI is a citizen only of states other than California, specifically Delaware and Washington. ACI's sole member is Amazon Services, which, as set forth above, is a citizen of the States of Delaware and Washington. As such, ACI, like its sole member, Amazon Services, is a

citizen of only Delaware and Washington. Therefore, ACI is a citizen of the States of Delaware and Washington, and no other state, for purposes of diversity jurisdiction.

42. Amazon.com, Inc. is a citizen only of states other than California, specifically Delaware and Washington. Amazon.com, Inc. is incorporated under the laws of the State of Delaware and has its principal place of business in the State of Washington. *See* Ex. A, FAC at p. 6 (alleging that "Amazon.com, Inc. is the Delaware parent corporation of Amazon Services"). Accordingly, Amazon.com, Inc. is a citizen of Delaware and Washington, and no other state, for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of the corporation's activities).

43. In short, no defendant is a citizen of California, and thus, there is complete diversity of citizenship between Plaintiff and the Amazon Defendants. Similarly, because no defendant is a citizen of the State of California, removal is not barred by the provisions of 28 U.S.C. § 1441(b)(2).

44. For these reasons, this action involves citizens of different states, such that complete diversity of citizenship exists between the Parties. *See* 28 U.S.C. § 1332(a)(1) (providing for original jurisdiction for matters between "citizens of different States").

**B.     The Amount-in-Controversy Requirement is Satisfied**

45. To invoke diversity jurisdiction, the amount placed in controversy by the claims asserted and the relief sought must exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

46. The amount-in-controversy requirement "is not a prospective assessment of defendant's liability[,]" but "is simply an estimate of the total amount in dispute." *Arias*, 936 F.3d at 927; *see also Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2019) (explaining that the amount-in-controversy requirement includes amounts "at stake" in the litigation at the time of the removal, "whatever the likelihood that [plaintiff] will actually recover them"). "The amount

in controversy may include damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Chavez*, 888 F.3d at 416 (internal quotations omitted).

47. Where, as here, the operative complaint does not expressly state the full amount in controversy, a defendant's notice of removal may do so. *See* 28 U.S.C. § 1446(c)(2)(A). In doing so, the notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[;]" it need not contain evidentiary proof. *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

48. Here, the amount placed in controversy by the claims asserted and relief sought in Plaintiff's FAC exceeds $75,000.00, exclusive of interest and costs.

49. First, Plaintiff expressly seeks at least $41,500 in direct damages, restitution, and statutory damages. Ex. A, FAC at pp. 88–95. Specifically, Plaintiff alleges at least $2,500 in actual damages and restitution based on the cost and allegedly lost balance of Plaintiff's gift cards and at least $39,000 in statutory damages under the CLRA and FAL. *Id.*

50. Second, Plaintiff also seeks an unspecified amount of punitive damages. *Id.* Even a conservative one-to-one ratio between compensatory-to-punitive damages that is based solely on the $41,500 in damages expressly stated in the FAC results in a plausible punitive damages award of $41,500, and thus a total recovery of $83,000. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (finding defendant met the burden to establish the amount-in-controversy by citing "cases where juries had awarded punitive damages at ratios higher than 1:1 for claims based on the CLRA"); *Hawkins v. Walmart, Inc.*, No. 1:24-cv-00374-KES-SKO, 2024 WL 3913472, at *5 (E.D. Cal. Aug. 23, 2024) (finding amount-in-controversy satisfied based on an estimated one-to-one ratio of compensatory-to-punitive damages); *Garcia v. Marriott Int'l, Inc.*, No. EDCV 24-800-KK-SHKx, 2024 WL 3183215, at *4 n.4 (C.D. Cal. Jun. 26, 2024) (noting that "district courts within the Ninth Circuit have described a 1:1 ratio of punitive damages to compensatory damages as 'conservative' for purposes of assessing the amount in controversy requirement") (cleaned up; internal quotations omitted).

51. Finally, Plaintiff seeks to recover several other types of monetary damages, for which the FAC does not demand a specific amount. *See* Ex. A, FAC at pp. 93–94. Those include:

(1) "Compensatory damages for severe emotional distress and mental anguish" (*id.* at p. 93);

(2) "Medical expenses" for past and future "PTSD treatment and ongoing psychological care," past and future medical expenses, medication costs, and "[l]ong-term psychological rehabilitation expenses" (*id.*); and

(3) "Lost wages" and "[d]imini[s]hed future earning capacity due to permanent psychological impairment" (*id.*).

52. Assuming Plaintiff were to succeed on his claims for each of these categories of damages, the combined total could be reasonably expected to exceed the $33,500 needed to make up the difference between Plaintiff's expressly alleged $41,500 and the $75,000 threshold. Plaintiff's own statements—made in the earlier filed, non-removable Original and Amended Complaints—support this inference, as Plaintiff therein alleged damages collectively against the Amazon Defendants and Apple that Plaintiff valued at: (1) $50,000 for medical expense related damages; and (2) $200,000 in lost wages and diminished earning capacity damages. Ex. B, Orig. Compl. ¶¶ 285–287; Ex. C, Am. Compl. ¶¶ 518–521. These measures alone thus satisfy the amount-in-controversy requirement. *See Geisler v. United Parcel Serv., Inc.*, No. 24-cv-01059-JSC, 2024 WL 1715100, at *3 (N.D. Cal. Apr. 22, 2024) (finding amount-in-controversy satisfied where "Plaintiff's claims for lost wages exceeds $75,000, to say nothing of Plaintiff's claims for emotional distress damages, punitive damages, waiting time penalties, and attorneys' fees").

53. In short, considering the nature of Plaintiff's requests for monetary relief, the value of such relief plainly satisfies the amount-in-controversy requirement of $75,000.00.

**IV. VENUE IS PROPER IN THIS COURT**

54. The United States District Court for the Northern District of California is the federal district court encompassing the Superior Court for the State of California, County of San Francisco, which is where the suit was originally filed and is currently pending. *See* 28 U.S.C. § 84(a).

55. This Court is therefore the proper venue for removal of this action. *See* 28 U.S.C. § 1441(a) (authorizing removal "to the district court of the United States for the district and division embracing the place where such action is pending").

V. **PROCEDURAL COMPLIANCE — TIMELINESS AND NOTICE OF REMOVAL TO PLAINTIFF AND THE STATE COURT**

56. Pursuant to 28 U.S.C. § 1446(a), the Amazon Defendants have attached hereto copies of all process, pleadings, and orders served upon it in the State Court Action. (A true and correct copy of the complete State Court record, including all process, pleadings, and orders served upon the Amazon Defendants in the State Court, is attached hereto as **Exhibit L**).

57. In accordance with the requirements of 28 U.S.C. § 1446(b)(3), this Notice of Removal is filed within 30 days of Amazon's receipt from Plaintiff of the Proposed FAC on July 17, 2025. The Proposed FAC is the first pleading from which Amazon "ascertained that the case is one which . . . has become removable." *Id.* As described above, none of Plaintiff's prior complaints provided grounds on which to support diversity jurisdiction under 28 U.S.C. § 1332(a).

58. This Notice of Removal is also timely because it is filed less than one year after commencement of this action. *See* 28 U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.").

59. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." The Amazon Defendants are the only properly joined and served defendants in this action, and the Amazon Defendants all join in this Notice of Removal and consent to the removal of this action.

60. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served upon Plaintiff, who is proceeding *pro se* in this action.

61. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the clerk of the State Court and served upon Plaintiff, who is proceeding *pro se* in this action.

62. This action has not previously been removed to this Court or any other federal District Court.

## VI. RESERVATION OF RIGHTS

63. The Amazon Defendants hereby expressly reserve the right to amend or supplement this Notice of Removal. If any question arises as to the propriety of the removal to this Court, the Amazon Defendants request the opportunity to present written briefing and oral argument in support of their position that this case has been properly removed.

64. By filing this Notice of Removal, the Amazon Defendants do not waive any defense that may be available to them, and they hereby reserve all such defenses. Similarly, by removing this action to the United States District Court for the Northern District of California, the Amazon Defendants do not waive their rights to assert any defenses or objections, or to move for any relief available under state or federal law. The Amazon Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims, seek dismissal based on lack of personal jurisdiction, improper venue, failure to state a claim, and/or the doctrine of *forum non conveniens*, and/or move to transfer venue or seek any other relief on those or other applicable grounds.

## VII. CONCLUSION

65. For the foregoing reasons, the Amazon Defendants hereby give notice that the action captioned *Yun Peng v. ACI Gift Cards LLC, et al.*, Case No. CGC-24-617965, pending before the Superior Court for the State of California, County of San Francisco, is hereby removed to the United States District Court for the Northern District of California.

Dated: August 15, 2025　　　　　　　　　　K&L GATES LLP

By: */s/ Michael J. Stortz*
　　Michael J. Stortz
　　K. Taylor Yamahata

*Attorneys for Defendants*
ACI Gift Cards LLC, Amazon.com Services LLC, and Amazon.com, Inc.