# EXHIBIT E

YUN PENG
965 Hutchinson Ave, Palo Alto, CA
94301
 Phone Number (669 329 7691)
Email:  msma529370228@gmail.com

YUN PENG, IN PRO PER

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**03/06/2025**
**Clerk of the Court**
BY: VERA MU
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| YUN PENG | Case No.: CGC-24-617965 |
| Plaintiff(s), | **SECOND AMENDED COMPLAINT** |
| vs. | **DATE:** (Feb/26/2025) |
| ACI GIFT CARDS LLC; | **TIME:** (t10:30AM) |
| | **DEPT:** (610) |
| AMAZON.COM SERVICES LLC; | |
| AMAZON.COM, INC., | Judge: |
| Defendant(s). | Dept: (610) |
| | Action Filed: (9/9/2024) |
| | Trial Date: |

*Your signature*

YOUR NAME
In Pro Per

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

# Catalogue

I.    INTRODUCTION AND PRELIMINARY STATEMENT .............................................................. 5

A.  PARTIES ............................................................................................................... 6

1.  PLAINTIFF ......................................................................................................... 6

2.  DEFENDANTS ................................................................................................... 6

II.  JURISDICTION STATEMENT .................................................................................. 7

A.  ACI GIFT CARDS, LLC ........................................................................................... 7

B.  AMAZON.COM SERVICES LLC ................................................................................. 7

C.  AMAZON.COM, INC. .............................................................................................. 7

III.   BACKGROUND AND KEY EVENTS ........................................................................... 8

IV.   STATEMENT OF FACTS ......................................................................................... 9

V.   CAUSES OF ACTION ........................................................................................... 15

A.  CAUSES OF ACTION AGAINST ACI GIFT CARDS LLC ........................................... 15

1.  FIRST COA: VIOLATION OF CALIFORNIA CIVIL CODE § 1749.5 - GIFT CARD LAW ......................... 15

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    2.   COA: Violation of California Consumer Legal Remedies Act (CLRA), Civil Code § 1770 et

2    seq. ......................................................................................................................... 18

3    3.   COA: Violation of California Business and Professions Code § 17200 (Unfair Competition

4    Law) ......................................................................................................................... 21

5    4.   COA: Violation of California Business and Professions Code § 17500 (False Advertising)

6       25

7    5.   COA: Fraud and Punitive Damages (California Civil Code § 1572) ....................................... 29

8    **B.   CAUSES OF ACTION AGAINST AMAZON.COM SERVICES LLC ........................................ 32**

9    1.   FIRST COA - DECLARATORY RELIEF ........................................................................ 32

10   2.   SECOND COA - FALSE ADVERTISING ...................................................................... 33

11   3.   COA: Unjust Enrichment (California Civil Code § 3274) ........................................... 36

12   4.   FOUETHLY COA: Violation of California Consumer Privacy Act (CCPA) and California

13   Privacy Rights Act (CPRA) ..................................................................................... 39

14   5.   FIFTH COA: Violation of California Consumer Legal Remedies Act and Unfair Competition

15   Law ........................................................................................................................ 42

16   6.   SIXTH COA: Violation of Federal Trade Commission Act and California Business and

17   Professions Code § 17200 ...................................................................................... 46

18   7.   SEVENTH COA: Fraud and Punitive Damages (California Civil Code § 1572) .................... 51

1    **C.    CAUSES OF ACTION AGAINST AMAZON.COM, INC.** ......................................... **57**

2    1.    COA: PIERCING THE CORPORATE VEIL AND PUNITIVE DAMAGES ......................................... 57

3    **VI.    JURY DEMAND** ......................................................................................... **64**

4    **VII.    VERIFICATION** ......................................................................................... **64**

5    **VIII.    EXHIBITS LIST** ......................................................................................... **64**

6

# Second Amended Complaint

# I. INTRODUCTION AND PRELIMINARY

# STATEMENT

10    1.    This complaint is filed by Plaintiff Yun Peng against Defendants ACI Gift Cards, LLC, Amazon.com

11    Services LLC, and Amazon.com, Inc., seeking legal remedies related to fraud, tort, and unfair

12    practices. The Plaintiff alleges that the Defendants have violated multiple California state and federal

13    laws, resulting in economic losses and emotional distress. The Plaintiff requests the Court to declare

14    the contract void and award damages.

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    **A.  PARTIES**

2    **1.  Plaintiff**

3    2.    Name: Yun Peng

4    3.    Address: 425 W Valley Blvd #104 APT 153 San Gabriel, CA 91776

5    4.    Contact: +1 6693297691

6    5.    Jurisdiction: Although the Plaintiff has changed residence, all events occurred in San Francisco.

7         Therefore, the Superior Court of San Francisco has jurisdiction over this case.

8    **2.  Defendants**

9    **1)  ACI Gift Cards LLC (hereinafter referred to as "Gift Cards")**

10   6.    Address: 410 Terry Ave N, Seattle, WA 98109

11   7.    Contact: (800) 927-9800

12   8.    Principal: Michael D. Deal

13   **2)  Amazon.com Services LLC (hereinafter referred to as "Amazon**

14   **Services")**

15   9.    Address: 410 Terry Ave N, Seattle, WA 98109

16   10.   Contact: (206) 266-1000

17   **3)  Amazon.com, Inc. (hereinafter referred to as "Parent Company")**

18   11.   Address: 410 Terry Ave N, Seattle, WA 98109

1    12.    Contact: (206) 266-1000

# II.    JURISDICTION STATEMENT

## A.  ACI Gift Cards, LLC

13.    ACI Gift Cards conducts business in California through the sale of its gift card products and is involved in activities that violate consumer protection laws. Therefore, California courts have jurisdiction over ACI Gift Cards.

## B.  Amazon.com Services LLC

14.    Responsible for account suspensions, order cancellations, and customer service operations on the Amazon platform. Amazon.com Services LLC conducts extensive business in California through its logistics centers and warehouses, delivering goods to California consumers. Therefore, California courts have long-arm jurisdiction over Amazon.com Services LLC.

## C.  Amazon.com, Inc.

15.    Amazon conducts extensive business activities in California, including multiple fulfillment centers and warehouses, delivering goods to California consumers through its logistics network. These activities subject Amazon.com, Inc. to the long-arm jurisdiction of California courts.

16.    Legal Basis: According to International Shoe Co. v. Washington, 326 U.S. 310 (1945), courts have jurisdiction over defendants who have "minimum contacts" within the jurisdiction when these

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    contacts are directly related to the litigation.

# 2   III.   BACKGROUND AND KEY EVENTS

3    17.   On April 25, 2024, the Plaintiff entered the United States seeking political asylum. After entry, the

4          Plaintiff's cash and bank cards were stolen, severely limiting their survival means. The Plaintiff was

5          forced to purchase Amazon gift cards issued by Gift Cards through Alipay (similar to PayPal in the

6          US) on Taobao (similar to Amazon) to purchase food and other necessities on Amazon Services.

7    18.   During the Plaintiff's use of gift cards on Amazon Services, Amazon Services repeatedly canceled

8          orders and froze gift card balances citing "unusual payment activity," and subsequently closed two of

9          the Plaintiff's accounts. The Plaintiff attempted to communicate through the e-commerce company's

10         only provided appeal channel - email. However, the e-commerce company imposed unreasonable

11         restrictions on the appeal process, including allowing only up to 5 images and no more than 200

12         characters of text explanation.

13    19.  Nevertheless, the Plaintiff provided all evidence capable of proving the legitimate purchase and use of

14         gift cards as required by the e-commerce company.

15    20.  Even with sufficient evidence, the e-commerce company still refused to unfreeze the Plaintiff's

16         account balance. Meanwhile, without the Plaintiff's consent, the e-commerce company illegally used

17         the Plaintiff's personal information for identity cross-referencing. This action further violated the

18         Plaintiff's right to privacy.

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    21.  After multiple unsuccessful communications, the Plaintiff warned Amazon Services about their illegal

2        behavior; after failure, they also made a humanitarian request to restore food-related orders. These

3        were also ignored.

4    22.  The above actions caused serious physical and mental harm to the Plaintiff, not only causing life

5        difficulties but also leading to severe deterioration of mental health, worsening of conditions, and

6        ultimately resulting in Post-Traumatic Stress Disorder (PTSD).

# IV.   STATEMENT OF FACTS

8    23.  The Plaintiff suffers from anxiety and has long been taking anti-anxiety and sleeping medications. On

9        April 25, 2024, the Plaintiff entered the United States on a B2 visa seeking asylum. The Plaintiff does

10        not speak English.

11    24.   On May 21, 2024, the Plaintiff was robbed and only their wallet remained.

12    25.  On June 17, 2024, due to anxiety, the Plaintiff began taking the sedative Trazodone. The sedative

13        impaired the Plaintiff's ability to understand and judge contracts.

14    26.  On June 24, 2024, the Plaintiff was robbed again, with their wallet and all cash stolen. Due to the

15        theft and having no friends or family in the United States, the Plaintiff faced a survival crisis.

16    27.  The Plaintiff was thus forced to use Alipay (similar to PayPal in the US) to purchase Amazon

17        Services gift cards issued by Gift Cards on Taobao (similar to Amazon). Using the account

18        msma529370228@gmail.com, they purchased food and other necessities on Amazon Services.

1    28.  On June 25, 2024, the United States Citizenship and Immigration Services (USCIS) issued a Notice

2         of Intent to Deny (NOID) to the Plaintiff, requiring a time-sensitive response. Facing both a survival

3         crisis and an identity crisis simultaneously caused the Plaintiff's psychological condition to deteriorate.

4         To organize materials for responding to USCIS, the Plaintiff purchased a MacBook on Amazon

5          Services.

6    29.  On June 26, 2024, Amazon.com Services suspended the Plaintiff's account citing the vague reason of

7         "detected unusual payment activity." No detailed information was provided, such as the definition of

8         "unusual activity," specific order numbers, transaction times, or amounts. This made it impossible for

9          the Plaintiff to determine the cause of the unusual payment.

10    30.  In Amazon Services' appeal link, the company restricted the Plaintiff's right to provide detailed

11         explanations about the incident, allowing only 5 images and 200 characters. Besides email, the

12          defendant also did not provide any other appeal methods or channels.

13    31.  After the Plaintiff submitted photographs of the purchased gift cards as requested, the account was

14          briefly restored.

15    32.  On June 28, 2024, Amazon Services notified the Plaintiff that the previously submitted evidence was

16         insufficient to lift the ban and blocked the account again. Like the first account suspension, the

17         defendant only vaguely cited unusual payment without providing specific information about the

18         irregularities. Subsequently, the Plaintiff was restricted from logging in and could not access personal

19          data such as order history, delivery status, and billing information.

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    33.   The Plaintiff made multiple submissions according to the defendant's requirements, providing:

2        payment records, name, phone number, email and address, more gift card photos, and other detailed

3         information. However, the account was not restored.

4    34.   On July 2, the defendant canceled the Plaintiff's food and MacBook orders.

5    35.   Subsequently, the Plaintiff pointed out Amazon's illegal actions and procedural unfairness, explained

6        their language barrier, and made humanitarian requests. All of these were ignored and rejected by the

7        defendant.

8    36.   On July 12, the defendant froze approximately $1,600 worth of assets in the Plaintiff's account and

9         permanently closed the Plaintiff's account.

10   37.   Due to the Plaintiff's inability to speak English and unfamiliarity with transportation and other factors,

11       it was difficult to adapt to shopping at physical stores. The closing of the account brought many

12       inconveniences to the Plaintiff's life. On July 17, 19, 26, and 27, the Plaintiff purchased gift cards

13       issued by Gift Cards again at designated retail stores including Walgreens, CVS, and Whole Foods

14       Market.

15   38.   During the process of purchasing cards, the Plaintiff discovered numerous issues with the defendant's

16        design and sales approach:

17   39.    No terms confirmation process.

18   40.    Card design issues:

19   41.   Important usage restriction terms ("Redeemable only for eligible items...") were placed at the bottom

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1      of the card in small font

2    42.   Key terms content needed to be viewed through an external link (amazon.com/gclegal) rather than

3      directly displayed on the card

4    43.   Only one important term used orange font ("Never use Amazon.com Gift Cards for payment outside

5      of Amazon") while other important restriction terms used smaller white font

6    44.   Insufficient information disclosure:

7    45.   Did not directly state California law's right to cash redemption for balances under $10, instead

8      vaguely stating "except as required by law"

9    46.   Used vague phrasing like "Other restrictions apply" without specifically listing important restrictions

10    47.   Did not clearly state responsibility in case of loss or theft

11    48.   "Redeemable only for eligible items" did not specifically explain which items were ineligible

12    49.   Unclear usage restrictions:

13    50.   "Certain US affiliates" not specifically defined

14    51.   "Eligible items" not clearly defined

15    52.   Complete terms only viewable through external link (amazon.com/gclegal)

16    53.   Insufficient consumer rights protection:

17    54.   The statement "No resale, replacements, or refunds" deprives consumers of basic rights

18    55.   Lack of clear explanation for content involving consumer statutory rights such as "except as required

19      by law"

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    56.  The Plaintiff used these gift cards with the account 529370228@qq.com on Amazon Services.

2    57.  On July 29, Amazon Services blocked the Plaintiff's 529370228@qq.com account, which was the

3         third suspension. After the Plaintiff submitted gift card photos as requested, the account was briefly

4          restored.

5    58.  On August 1, two days after restoration, the account was suspended again. The Plaintiff again

6         provided as requested by the defendant: payment records, purchase receipts, name, phone number,

7         email and address, more gift card photos, and other detailed information.

8    59.  Amazon Services used this information to compare personal information and determined that the two

9         accounts belonged to the same person, violating the Plaintiff's right to privacy. This again caused and

10         exacerbated the Plaintiff's mental distress.

11   60.  On September 23, due to the defendant's series of actions, the Plaintiff's condition continued to

12         deteriorate and was diagnosed with Post-Traumatic Stress Disorder (PTSD).

13   61.  During this period, the Plaintiff learned that defendant Amazon Services made the following public

14         promises and commitments:

15   62.   Privacy Protection Promise

16   63.   "We take the privacy of your data seriously and work every day to earn your trust."

17   64.   Transparency Promise

18   65.   "We always strive to be clear about how Amazon is collecting, using, or sharing your personal data."

19   66.   User-Friendly Promise

1    67.    "You can easily view all your shipping addresses, digital content purchases, and device information,

2        and manage your payment methods directly from Your Account."

3    68.    User Control Promise

4    69.    "We know that customers want a choice in how their personal data is used. That's why we make it

5        easy for you to choose the privacy options that make the most sense for you and your family."

6    70.    Data Security Promise

7    71.    "We design all of our products, services, and systems with privacy and security in mind, and we

8        employ thousands of professionals whose sole mission is to ensure the integrity and security of

9        customer data."

10    72.    Account Transparency Log

11    73.    "Users can view all sensitive operations on their accounts through the 'Account Transparency Log,'

12        clearly understanding how their personal data is accessed and used."

13    74.    However, the defendant's above promises were not fulfilled in actual operations.

Tittle: Second Amended Complaint     Case number: CGC-24-617965     SUPERIOR COURT OF SAN FRANCISCO

# V.   CAUSES OF ACTION

## A.  CAUSES OF ACTION AGAINST ACI GIFT CARDS LLC

## 1.  FIRST COA: Violation of California Civil Code § 1749.5 - Gift Card Law

### 1)   Legal Basis

**Statutory Basis**

75.   California Civil Code § 1749.5 stipulates:

76.   Consumers have the right to redeem gift cards for cash when the balance is less than $10

77.    Issuers must clearly and conspicuously display this statutory right

78.    Issuers must clearly disclose primary terms and restrictions of gift card use

**Case Law**

79.    Meyer v. Sprint Spectrum L.P. (2009) 45 Cal.4th 634

80.   Court established: Businesses have a duty to clearly and prominently disclose important statutory

       rights

81.    Application: Defendant failed to clearly disclose cash redemption rights

82.    Kasky v. Nike, Inc. (2002)

83.    Court established: Font size and placement of important information must ensure consumer notice

84.    Application: Defendant placed important information in small print in inconspicuous locations

1 **2)  Defendant's Conduct**

2    **Concealment of Cash Redemption Rights  :**

3    85.    Only vaguely stated "except as required by law" in small print at card bottom

4    86.    Did not directly state California consumers' cash redemption rights

5    87.    Hid specific rights information in external link (amazon.com/gclegal)

6    **Vague Expression of Usage Restrictions  :**

7    88.    Used vague phrase "Redeemable only for eligible items"

8    89.    "Certain US affiliates" without specifying exact scope

9    90.    Complete usage restrictions only accessible through external link

10    **Display Method of Important Information**

11    91.    Important restriction terms printed in small white font on black background

12    92.    Complete terms placed on external website, increasing difficulty of information access

13    93.    Key limitations and conditions not prominently displayed

14 **3)  Legal Violations**

15    94.    Violation of Clear Disclosure Obligation

16    95.    Failed to clearly disclose cash redemption rights as required by law

17    96.    Used vague statements instead of specific rights descriptions

18    97.    Evaded direct disclosure obligation through external links

Title: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    **Violation of Prominent Display Requirement**

2    98.   Font size and placement of important information fail to meet prominence requirements

3    99.   Adopted color contrast and layout design unfavorable for reading

4    100.  Key restriction terms not displayed prominently

5    **4) Damages**

6    101. Infringement of Right to Know

7    102. Unable to directly learn about statutory rights such as cash redemption

8    103. Required additional steps to understand complete terms of use

9    104.  May miss opportunities to exercise statutory rights

10   105.  Led to incorrect purchasing decisions

11   106. Property Rights Damages

12   107.  Potential loss of small balances due to lack of knowledge about cash redemption rights

13   108.  Fund utilization restricted due to usage limitations

14   109.  Additional time and effort required to obtain complete information

15   **5)   Relief Requested**

16   110.  Require defendant to modify card design to directly display cash redemption rights

17   111. Correct misleading statements and clearly explain usage restrictions

18   112.  Display complete important terms on the card

Tittle: Second Amended Complaint     Case number: CGC-24-617965     SUPERIOR COURT OF SAN FRANCISCO

1   **Damages Request**

2   113. Compensate for losses incurred due to misleading the plaintiff into purchasing the gift card.

3   114.  Compensate for direct and indirect expenses incurred in the course of rights protection.

4   ## 2.   COA: Violation of California Consumer Legal Remedies Act

5   ## (CLRA), Civil Code § 1770 et seq.

6   ### 1)   Legal Basis

7   **Statutory Basis**

8   115.  The Consumer Legal Remedies Act (CLRA) Section 1770 stipulates:

9   116.  Section (a)(5) prohibits false or misleading statements about goods' characteristics, uses, or qualities

10  117.   Section (a)(14) prohibits misleading or false advertising methods for goods or services

11  118.  Section (a)(19) prohibits insertion of unconscionable terms in consumer contracts

12  **Case Law**

13  119.  Wang v. Massey Chevrolet (2002) 97 Cal.App.4th 856

14  120.  Court established: Businesses must disclose important product limitations clearly and accurately

15  121.   Application: Defendant used vague terms to obscure actual restrictions

16  122.  McAdams v. Monier, Inc. (2010) 182 Cal.App.4th 174

17  123.  Court established: Concealment of important product features constitutes misleading representation

18  124.   Application: Defendant concealed important gift card usage restrictions

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    **2)   Defendant's Conduct**

2    **Misleading Representations**

3    125. "Certain US affiliates" without clear explanation of specific usage scope

4    126.  "No expiration date or service fees" emphasizes no expiration while downplaying usage restrictions

5    **Information Display Method**

6    127.  Prominently displays company logo on front

7    128.  Prints restriction terms in small white font on black background at card bottom

8    129. Complete terms require access through external link (amazon.com/gclegal)

9    **Unfair Terms**

10   130. "No resale, replacements, or refunds" deprives consumers of basic rights

11   131.  Conceals important rights in vague statement "except as required by law"

12   132. Evades direct notification obligation through external links

13   **3)   Legal Violations**

14   133. Violation of CLRA Section 1770(a)(5)

15   134.  Makes misleading descriptions about gift card usability scope

16   135. Uses vague terms to obscure actual restrictions

17   136.  Fails to clearly state conditions of use

18   137.  Violation of CLRA Section 1770(a)(14)

19   138.  Adopts misleading methods to display important information

Tittle: Second Amended Complaint     Case number: CGC-24-617965     SUPERIOR COURT OF SAN FRANCISCO

1    139.  Weakens restriction terms through layout design

2    140.  Increases difficulty in obtaining complete information

3    141.  Violation of CLRA Section 1770(a)(19)

4    142.  Includes unfair restrictions in card terms

5    143.  Deprives consumers of legitimate rights

6    144.  Evades statutory notification obligations

7    **4)  Causation**

8    145.  Defendant's misleading representations directly affect consumer purchasing decisions

9    146.  Information display method prevents consumers from fully understanding product restrictions

10   147.  Unfair terms directly harm consumer rights

11   **5)  Damages**

12   **Direct Economic Loss**

13   148.  Unable to use gift card as expected due to unknown usage restrictions

14   149.   Potential loss of small balances due to lack of knowledge about cash redemption rights

15   150.  Additional expenses required to obtain or verify complete information

16   151.  Led to incorrect purchasing decisions

17   **Indirect Losses**

18   152.  Time and effort losses

19   153. Additional costs due to usage inconvenience

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    154.  Increased rights protection costs

## 2    6)    Relief Requested

### 3    Injunctive Relief

4    155.  Require defendant to modify misleading representations

5    156.   Correct unfair term design

6    157.  Establish transparent information disclosure mechanism

### 7    Damages Request

8    158.  Compensate for losses incurred due to misleading the plaintiff into purchasing the gift card.

9    159.   Compensate for direct and indirect expenses incurred in the course of rights protection.

# 10    3.   COA: Violation of California Business and Professions Code §

# 11    17200 (Unfair Competition Law)

## 12    1)    Legal Basis

### 13    Statutory Basis

14    160. California Business and Professions Code § 17200 prohibits all "unlawful," "unfair," or

15        "fraudulent"business conduct.

16    161.  UCL's three-pronged violation standards:

17    162.  "Unlawful": violation of any law constitutes illegality

18    163.  "Unfair": business conduct that violates public policy

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    164. "Fraudulent": conduct likely to deceive reasonable consumers

2    **Case Law**

3    165. Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co. (1999)

4    166. Court established: Violation of any law constitutes "unlawful" conduct under UCL

5    167. Application: Defendant violated multiple consumer protection laws

6    168.  Wilner v. Sunset Life Ins. Co. (2000)

7    169. Court established: Business practices designed to conceal important information constitute unfair

8        competition

9    170. Application: Defendant's card design deliberately conceals key information

10   **2)   Defendant's Conduct**

11   **Unlawful Conduct**

12   171.  Violates California Civil Code § 1749.5: Failed to prominently disclose cash redemption rights

13   172.  Violates CLRA: Uses misleading statements and unfair terms

14   173. Evades statutory disclosure obligations: Hides important information in external links

15   **Unfair Conduct**

16   174. Card design: "To redeem, visit amazon.com/redeem" prominently displayed while restriction terms in

17       small print

18   175. Information display: Important restriction terms printed in white small font on black background

19   176.  External links: Key information requires visiting "amazon.com/gclegal" to access

1    **Fraudulent Conduct**

2    177. Uses vague terms like "eligible items" to obscure actual restrictions

3    178. "Certain US affiliates" without clear scope definition

4    179. Vaguely handles statutory rights with "except as required by law"

5    **3)  Legal Violations**

6    180. Violation of "Unlawful" Standard

7    181.  Direct violation of multiple statutory provisions

8    182.  Evasion of statutory information disclosure obligations

9    183.  Violation of basic consumer protection law principles

10   184. Violation of "Unfair" Standard

11   185.  Card design unfair to consumers

12   186. Increases consumer difficulty in obtaining information

13   187.  Restricts consumers from exercising legal rights

14   188.  Violation of "Fraudulent" Standard

15   189. Design and sales methods are misleading

16   190.  Likely to mislead reasonable consumers' judgment

17   191.  Conceals important usage restrictions

18   **4)  Causation**

19   192.  Defendant's illegal design directly results in consumer rights violations

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    193.  Unfair practices directly impact consumer experience

2    194.  Fraudulent conduct directly leads to incorrect purchasing decisions

3    **5)  Damages**

4    **Direct Damages**

5    195.  Cash redemption and other rights cannot be exercised

6    196.  Usage scope unexpectedly restricted

7    197.  Must bear additional costs for information access

8    198.  Led plaintiff to make incorrect purchasing decisions

9    **Indirect Damages**

10    199.  Waste of time and effort

11    200.  Increased rights protection costs

12    **6)  Relief Requested**

13    **Cease Illegal Conduct**

14    201.  Require correction of illegal card design

15    202.  Establish fair information disclosure mechanism

16    203.  Clearly display consumer rights

17    **Damages Compensation**

18    204.  Compensate for losses incurred due to misleading the plaintiff into purchasing the gift card.

19    205.  Compensate for direct and indirect expenses incurred in the course of rights protection.

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

# 4.  COA: Violation of California Business and Professions Code §

# 17500 (False Advertising)

## 1)   Legal Basis

### Statutory Basis

206.  California Business and Professions Code § 17500 stipulates:

207. Prohibits dissemination of false or misleading statements in advertising, promotion, packaging, or

marketing

208. Prohibits concealment of information that may affect consumer decisions

209.   Prohibits use of vague or deceptive expression methods

### Case Law

210.   People v. Superior Court (Olson) (1979) 96 Cal.App.3d 181:

211.  Court established: Overall presentation effect of advertising information must not mislead consumers

212. Application: Defendant's gift card design has overall misleading effect

213.  Chern v. Bank of America (1976) 15 Cal.3d 866:

214.   Court established: Concealment or obscuration of key information constitutes false advertising

215.  Application: Defendant displays important restrictions in inconspicuous manner

## 2) Defendant's Conduct

### False or Misleading Statements

216. Front prominently displays "Shopping Gift Card" suggesting universal use

217. Uses "No expiration date and service fees" to highlight favorable information

218. "Can be used at participating merchants" suggests broad acceptance

### Concealment of Important Information

219. Places usage restriction terms on external website

220.  Displays important rights limitations in small font

221. Uses technical terminology to obscure actual restrictions

### Improper Promotion Methods

222. Shelf displays emphasize promotional phrases like "widely usable"

223.  Package design downplays important restriction information

224. Promotional materials fail to fully disclose usage conditions

## 3) Legal Violations

225.  Violation of Information Disclosure Obligation

226.  Failed to fully disclose gift card usage restrictions

227.  Failed to clearly display consumer rights information

228.  Failed to properly present important transaction conditions

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    **Violation of Truthfulness Requirement**

2    229.  Used misleading statements to describe product features

3    230.  Exaggerated product usage scope and convenience

4    231.  Downplayed important limitations and risk warnings

5    **Violation of Fairness Requirement**

6    232. Display method unfair to consumers

7    233. Information access mechanism sets unreasonable barriers

8    234. Promotional focus choices are misleading

9    **4)    Causation**

10    **Causation of False Statements**

11    235. Misleading descriptions directly affect purchasing decisions

12    236.  False advertising leads to incorrect expectations

13    237. Exaggerated statements cause consumer losses

14    **Causation of Information Concealment**

15    238.  Concealment of important information leads to judgment errors

16    239. Improper display method prevents rights from being exercised

17    240.  Information access barriers create additional burdens

18    **Causation of Overall Promotional Effect**

19    241. Misleading promotion leads to incorrect purchase decisions

27

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    242. Improper marketing causes consumer losses

2    243.  Deceptive display affects legitimate rights

3    **5)  Damages**

4    **Direct Economic Loss**

5    244.  Losses caused by misunderstanding product scope

6    245.  Value depreciation due to usage restrictions

7    246.  Additional costs for obtaining information

8    247. Expected Interest Loss

9    248.  Unable to use gift card as expected

10    249.  Actual usage value lower than expected

11    250. Loss of better purchasing opportunities

12    **Other Related Losses**

13    251.  Additional expenditure of time and effort

14    252.  Expenses incurred in rights protection process

15    253.  Mental damages from being misled

16    **6)    Relief Requested**

17    **Cease Illegal Conduct**

18    254.  Request to stop false or misleading advertising

19    255.  Correct improper display methods

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    256.  Establish complete information disclosure mechanism

2    **Damages Compensation Request**

3    257.  Compensate for direct losses caused by false advertising

4    258.  Reimburse reasonable rights protection expenses

5    259.  Compensate for other related damages

6    **Corrective Measures Request**

7    260. Compensate for losses incurred due to misleading the plaintiff into purchasing the gift card.

8    261.  Compensate for direct and indirect expenses incurred in the course of rights protection.

9    262. Other relief measures the Court deems appropriate and equitable.

10

# 5.  COA: Fraud and Punitive Damages (California Civil Code § 1572)

## 1)  Legal Basis

13    263.  The defendant's conduct violated the following legal provisions:

14    264.  California Civil Code § 1572 (Fraud):

15    265. Defendant misled consumers through concealment of important information and false statements,

16        inducing consumers to make incorrect decisions, satisfying all elements of fraud.

17    266.  California Consumer Legal Remedies Act (CLRA, Civ. Code § 1770(a)(5) and (a)(14)):

18    267. Defendant made false or misleading statements about gift card characteristics and usage scope,

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    violating Section 1770(a)(5)

2    268. Defendant concealed consumer rights and liability terms, violating Section 1770(a)(14)'s prohibition

3      on concealing important information

4    269. California Civil Code § 1749.5 (Gift Card Balance Redemption Provision):

5    270. Defendant failed to prominently disclose consumers' right to redeem balances under $10 for cash,

6      violating the statutory disclosure obligation.

7    **2)  The defendant company committed fraud through the following**

8     **methods:**

9    271.  Intentionally using small font to hide important terms and restrictions

10    272. Concealing key information in external links, making it difficult for consumers to access

11    273.  Failing to fully disclose gift card usage restrictions and risks

12    274.  Vague expression about cash redemption rights constitutes concealment of statutory rights

13    **3)  Intent:**

14    275.  The defendant's actions demonstrate clear intentionality:

15    276.  Carefully designed card layout presenting important information inconspicuously

16    277. Establishing complex terms access mechanism increasing difficulty for consumers to understand true

17      situation

18    278.  Systematically evading clear disclosure obligations for important terms

1    **4)   Reasonable Reliance:**

2    279.  Believing gift cards disclosed all major restrictions

3    280.  Trusting gift cards have protection mechanisms similar to credit cards

4    281.  Expecting to be able to conveniently understand and exercise their rights

5    **5)   Harm to Plaintiff**

6    282.  Led to incorrect purchasing decisions

7    283.  Encountered unexpected restrictions when using gift cards

8    284.  Bore undisclosed risks and losses

9    285.  Emotional distress from being defrauded

10   **6)   Request for Relief:**

11   286.  Confirmation of Fraud.

12   287.  Establish fraudulent conduct.

13   288.  Confirm elements of fraud. - Clarify fraud liability.

14   **7)   Judgment for Compensation**

15   289. Compensate for losses incurred due to misleading the plaintiff into purchasing the gift card.

16   290.  Compensate for direct and indirect expenses incurred in the course of rights protection.

17   291. Compensate for emotional damages caused to the Plaintiff.

18   292. Pay punitive damages to punish fraudulent conduct and prevent similar conduct.

19   293. Other relief measures the Court deems appropriate and equitable.

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1

## B. CAUSES OF ACTION AGAINST AMAZON.COM SERVICES LLC

2

3

### 1. FIRST COA - DECLARATORY RELIEF

4

#### 1) Legal Basis:

5

6    294.  - California Civil Code §1550: Valid contracts require free consent

7    295. - California Civil Code §1575: Contract formation must be free from undue influence

8    296. - Relevant case law regarding freedom of consent

#### 2) Factual Background:

9

**A. Circumstances of Duress:**

10

11    297.  - On April 25, 2024, Plaintiff entered the United States on a B2 visa seeking political asylum

12    298.  - On May 21, 2024, Plaintiff was victim of theft, with only wallet remaining

13    299. - On June 24, 2024, Plaintiff was victim of another theft, with wallet and all cash stolen

14    300.  - Plaintiff had no friends or family in the United States and faced a survival crisis

15    301.  - Under these circumstances, Plaintiff had to purchase food and other necessities through Amazon

**B. Lack of Free Consent:**

16

17    302.  - Plaintiff does not speak English

18    303.  - On June 17, 2024, Plaintiff began taking the sedative Trazodone which impaired judgment ability

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    304. - On June 25, 2024, Plaintiff received a NOID notice from USCIS, exacerbating psychological

2        distress

3    305. - Plaintiff simultaneously faced both survival crisis and identity crisis

4    **3)    Relief Requested:**

5    306.  WHEREFORE, Plaintiff requests the Court to declare that:

6    307.   - Based on the above facts, there was no valid contract between Plaintiff and Amazon Services LLC

7    308.  - The account usage terms are void

8    309.  - Other restrictive terms are void

9    **2.    SECOND COA - FALSE ADVERTISING**

10    **1)    Legal Basis:**

11    **A. Statutory Basis:**

12    310.  - California Business and Professions Code §17500

13    311.   - Federal Trade Commission Act Section 5

14    312.  - Consumer Legal Remedies Act

15    **B. Case Law:**

16    313. - Lovejoy v. AT&T Corp. (2001): Company's advertised promises inconsistent with actual conduct

17        constitutes false advertising

18    314. - Kasky v. Nike, Inc. (2002): Concealment of material restrictions constitutes deceptive advertising

Tittle: Second Amended Complaint     Case number: CGC-24-617965     SUPERIOR COURT OF SAN FRANCISCO

1    **2)  Defendant's False or Misleading Representations:**

2     **A. Privacy Protection Promise:**

3    315.  "We take the privacy of your data seriously and work every day to earn your trust"

4    316.  Actual conduct:

5    317.  - Used personal information for account association without authorization

6    318.  - Processed user personal data without notification

7    319.  - Refused to provide transparent explanation of data usage

8     **B. Data Use Transparency Promise:**

9    320.  "We always strive to be clear about how Amazon is collecting, using, or sharing your personal data"

10   321.  Actual conduct:

11   322.  - Only cited "detected unusual payment activity" when freezing account

12   323.  - Refused to explain specific methods of personal information use

13   324.  - Failed to provide specific reasons for fund freezing

14    **C. User Data Control Promise:**

15   325.  "We make it easy for you to choose the privacy options that make the sense for you"

16   326.  Actual conduct:

17   327.  - Completely unable to access personal data during account freeze

18   328.  - Unable to manage any privacy settings

19   329.  - Unable to control or delete personal data

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1   **3)   Elements of False Advertising:**

2     **A. False Statements**

3   330.   - Made privacy protection promises inconsistent with actual conduct

4   331.  - Advertised data control capabilities that did not match reality

5   332.   - Concealed important information about service restrictions

6     **B. Consumer Deception**

7   333.  - Consumers chose to use services based on privacy promises

8   334.  - Discovered promised functions could not be realized in actual use

9   335.  - Important restrictions not disclosed in advertising

10   **4)   Damages:**

11    **A. Direct Damages**

12   336.  - Personal information used without authorization

13   337.   - Unable to control personal data as promised

14   338.   - Account and funds arbitrarily frozen

15    **B. Consequential Damages**

16   339.   - Increased costs for rights protection

17   340.  - Aggravation of mental illness

18   341.   - Privacy rights violated

1    **5) Relief Requested:**

2    342.  WHEREFORE, Plaintiff requests that this Court:

3    **A. Issue injunctive relief:**

4    343.  - Order defendant to cease false advertising

5    344.  - Require fulfillment of privacy promises

6    345.  - Mandate improvement of information disclosure

7    **B. Award damages:**

8    346.  - Compensate for direct and indirect expenses

9    347.  - Compensate for emotional damages

10    348.  - Award other appropriate relief

11    **3.   COA: Unjust Enrichment (California Civil Code § 3274)**

12    **1)   Legal Basis**

13    **Statutory Basis**

14    349.  California Civil Code § 3274 stipulates:

15    350.  Prohibits obtaining property of others without just cause

16    351.  Requires return of unjust enrichment

17    352.  Must bear losses caused thereby

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    **Case Law**

2    353.  First Nationwide Savings v. Perry (1992)

3    354.  Court held: Retaining others' property without providing consideration constitutes unjust enrichment

4    355.  Application: Defendant retained gift card amounts without providing services

5    **2)   Defendant's Conduct**

6    356.  Retention of Funds Without Just Cause

7    357.   Retained approximately $1,800 in gift card value during account freeze

8    358.  Canceled paid orders but refused to refund funds

9    359.   Retained customer funds without providing any service

10    **3)   Refusal of Reasonable Refund Requests**

11    360.  Defendant indicated it would not refund paid amounts

12    361.   Elements of Unjust Enrichment

13    362.   Obtaining Property

14    363.  Actually controlled consumer's gift card amounts

15    364.  Received order payments but did not provide goods

16    365.   Possessed others' property without just cause

17    **4)   Damages**

18    **Direct Economic Loss**

19    366.  Gift card amount loss: $1,800

1    367. Order cancellation losses

2    368. Rights protection costs

3    **Indirect Damages**

4    369. Unable to purchase necessities

5    370.  Forced to seek alternative shopping channels

6    371.  Loss of time and energy

7    **5)    Relief Requested**

8    **Conduct Correction**

9    372. Establish reasonable fund handling mechanism

10   373.  Improve refund process

11   **Judgment for Compensation**

12   374.  Return all unjustly retained funds.Return

13   375.  Compensate for direct and indirect expenses incurred in the course of rights protection.

14   376.  Compensate for emotional damages caused to the Plaintiff.

15   377. Other relief measures the Court deems appropriate and equitable.

# 4.   FOUETHLY COA: Violation of California Consumer Privacy Act (CCPA) and California Privacy Rights Act (CPRA)

## 1)   Legal Basis

### Statutory Basis

378.   California Consumer Privacy Act (CCPA):

379.  Grants consumers control over their personal information

380.  Requires businesses to disclose data usage purposes

381.  Protects consumers' right to withdraw consent

382.  California Privacy Rights Act (CPRA) supplementary provisions

383.  California Constitution Article 1 explicitly provides for privacy rights

### Case Law

384.  Hill v. National Collegiate Athletic Assn. (1994)

385.  Court established: Individuals have reasonable privacy expectations regarding their information

386. Application: Defendant violated privacy rights by using personal information without authorization

## 2)   Defendant's Conduct

### Unauthorized Use of Personal Information

387.   Unauthorized account association:

388.  Used personal name

1    389.  Used email address

2    390.  Used contact phone

3    391. Used address information

4    **Data use exceeded authorization scope:**

5    392.  Failed to inform data usage purpose

6    393. Did not obtain additional authorization consent

7    394.  Used for account association analysis

8    **Deprivation of Data Control Rights**

9    395.  During account freeze:

10    396.  Unable to access personal data

11    397. Unable to modify privacy settings

12    398.  Unable to delete personal information

13    **Lack of information transparency:**

14    399.  Did not inform data processing methods

15    400.   Refused to provide data usage explanation

16    401.  Concealed data analysis process

17    **3)  Elements of Infringement**

18    **Violation of Informed Consent Principle**

19    402.  Failed to inform data usage purpose

1    403.  Used data beyond authorized scope

2    404.  Deprived right to withdraw consent

3    **Violation of Data Control Rights**

4    405.  Restricted data access permissions

5    406.  Blocked data deletion requests

6    407.  Refused to provide data copies

7    **4)  Damages**

8    **Privacy Rights Damages**

9    408.  Personal information misused

10   409.  Loss of data control rights

11   410.  Information autonomy rights damaged

12   **Derivative Damages**

13   411.  Mental distress aggravated

14   412.  Privacy anxiety generated

15   413.  Loss of personal information security

16   **5)  Relief Requested**

17   **Cease Infringement**

18   414.  Stop unauthorized data use

19   415.  Restore data control rights

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    416.  Provide data access channels

2    **Mechanism Improvement**

3    417.  Establish data protection system

4    418.  Provide transparent data processing explanation

5    419.  Ensure user control rights

6    **Damages Compensation**

7    420.  Compensate for direct and indirect expenses incurred in the course of rights protection.

8    421.  Compensate for emotional damages caused to the Plaintiff.

9    422.  Other relief measures the Court deems appropriate and equitable.

10    **5.  FIFTH COA: Violation of California Consumer Legal Remedies**

11    **Act and Unfair Competition Law**

12    **1)  Legal Basis**

13    **Statutory Basis**

14    423.  California Consumer Legal Remedies Act (CLRA):

15    424.  Section 1770 prohibits unfair or deceptive business practices by merchants

16    425.  Requires merchants to provide reasonable appeal channels

17    426.  Protects consumers' right to know and right to fair trading

18    427.  Unfair Competition Law (UCL): Prohibits unfair or deceptive business practices

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    **Case Law**

2    428.  Meyer v. Sprint Spectrum L.P. (2009)

3    429.  Court established: Merchants must provide reasonable channels for rights protection

4    430.  Application: Defendant's appeal restrictions constitute violation of consumer rights

5    **2)   Defendant's Conduct**

6    **Setting Unreasonable Rights Protection Barriers**

7    431.  Appeal material restrictions:

8    432.   Only allows upload of 5 images

9    433.  Text description cannot exceed 200 characters

10    434.  Unable to fully present evidence

11    435.  Restricts appeal channels to email only

12    436.  Lack of language services:

13    437.  Refused to provide translation assistance

14    438.  Lack of feedback mechanism:

15    439.  No clear feedback on appeal materials

16    440.  Refused to disclose specific review criteria

17    **Concealment of Important Information**

18    441.  Vague account freeze reasons:

19    442.  Only stated "detected unusual payment activity"

1    443. Did not explain specific abnormal situations

2    444.  Refused to provide clear explanation

## 3)   Legal Violations

### Violation of Procedural Justice

5    445.  Set unreasonable evidence submission restrictions

6    446.  Deprived consumers of appeal rights

7    447.  Failed to provide necessary language assistance

### Violation of Right to Know

9    448.  Concealed important transaction information

10    449.  Refused to provide clear explanation

11    450. Vague handling standards

## 4)   Damages

### Rights Protection Barriers

14    451.  Rights damaged due to evidence submission restrictions

15    452.  Language barriers increase difficulty in protecting rights

16    453.  Lack of transparency in procedures creates additional burden

17    454. No appeal channels other than email

### Economic Loss

19    455.  Account funds unusable

1    456.  Increased rights protection costs

2    457.  Forced to bear additional expenses

## 3    **5)    Relief Requested**

### 4    **Procedural Correction**

5    458.  Remove unreasonable appeal restrictions

6    459.  Provide necessary language services

7    460.  Establish transparent handling mechanism

### 8    **System Improvement**

9    461.  Establish fair appeal mechanism

10    462.   Provide multi-language service support

11    463.  Ensure procedural transparency and fairness

### 12    **Damages Compensation**

13    464.   Compensate for direct and indirect expenses incurred in the course of rights protection.

14    465.  Compensate for emotional damages caused to the Plaintiff.

15    466.  Other relief measures the Court deems appropriate and equitable.

Tittle: Second Amended Complaint     Case number: CGC-24-617965     SUPERIOR COURT OF SAN FRANCISCO

1    # 6.   SIXTH COA: Violation of Federal Trade Commission Act and

2    # California Business and Professions Code § 17200

3    ## 1)   Legal Basis

4    ### Statutory Basis

5    467. Federal Trade Commission Act Section 5: Prohibits unfair or deceptive practices in commerce

6    468. California Business and Professions Code Section 17200: Prohibits unfair competition

7    469. California Consumer Privacy Act (CCPA): Protects consumer data rights

8    470. California Civil Code Section 1670.5: Regulates unfair contract terms

9    ### Case Law

10   471.  FTC v. Wyndham Worldwide Corp. (2015)

11   472. Court established: Failure to fulfill public commitments constitutes deceptive conduct

12   473.  Application: Defendant breached its privacy and transparency promises

13   474.  Cel-Tech Communications v. Los Angeles Cellular (1999)

14   475. Court established: Significantly unfair business practices violate UCL

15   476. Application: Defendant's unilateral restrictions are significantly unfair

16   ## 2)   Defendant's Conduct

17   ### Abuse of Platform Power

18   477.  Repeatedly froze account without cause:

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    478.  First freeze on June 26, 2024

2    479.  Second freeze on June 28, 2024

3    480.  Third freeze on July 20, 2024

4    481.  Arbitrarily canceled orders, including necessities like food

5    482.  Restricted account access without providing specific reasons

6    **Violation of Transparency Commitment**

7    483. Public promise: "We always strive to be clear about how Amazon is collecting, using, or sharing your

8        personal data"

9    484.  Actual conduct:

10    485.  Used vague concept of "unusual payment activity"

11    486.  Refused to provide specific reasons for freezing

12    487.  Failed to explain how personal information was used

13    **Setting Unreasonable Restrictions**

14    488.  Appeal material limitations:

15    489.  Only allowed upload of 5 images

16    490. Text description limited to 200 characters

17    491.  No other appeal channels

18    492.  Data access restrictions:

19    493. Unable to view order history

1    494. Unable to obtain transaction records

2    495. Personal data locked

3    **3)  Legal Analysis**

4    **Violation of FTC Act**

5    496.  Constitutes deceptive practices:

6    497. Breach of public commitments

7    498. Concealment of important information

8    499.  Misleading consumer expectations

9    **Violation of UCL**

10    500. Constitutes unfair competition:

11    501.  Abuse of market dominant position

12    502.  Setting unreasonable restrictions

13    503. Harming consumer interests

14    **4)  Causation**

15    **Direct Causation**

16    504.  Account freezing leads to direct economic losses

17    505.  Order cancellation causes life difficulties

18    506.  Appeal restrictions prevent rights assertion

1  **Indirect Causation**

2  507.  Forced to seek alternative shopping methods

3  508.  Deterioration of mental health condition

4  509.  Significant decline in quality of life

5  ## 5)  Damages

6  **Economic Damages**

7  510.  Gift card balance loss: approximately $1,600

8  511.  Additional transportation expenses

9  512.  Increased alternative shopping costs

10  **Non-Economic Damages**

11  513.  Anxiety symptoms worsened

12  514.  Diagnosed with PTSD

13  515.  Severe decline in quality of life

14  **Ongoing Impact**

15  516.  Requires long-term medical treatment

16  517.  Continued deterioration of mental state

17  518.  Social integration hindered

# 6)   Relief Requested

## Injunctive Relief

519. Restore account access privileges

520. Remove unreasonable restrictions

521.  Establish transparent appeal mechanism

## Punitive Damages

522. Considering defendant's conduct:

523.  Systematic violations

524. Severe harm to vulnerable groups

525. Breach of public commitments

526.  Request the Court to award appropriate punitive damages.

## Damages Compensation

527.  Compensate for direct and indirect expenses incurred in the course of rights protection.

528.  Compensate for emotional damages caused to the Plaintiff.

529. Other relief measures the Court deems appropriate and equitable.

1  **7.  SEVENTH COA: Fraud and Punitive Damages (California Civil**

2  **Code § 1572)**

3  **1)  Legal Basis**

4  **Statutory Basis**

5  530.  California Civil Code Section 1572:

6  531.  Elements of fraud: false representation, scienter, intent to induce reliance, actual reliance, damages

7  532.  Punitive damages applicable to fraudulent conduct

8  533.  California Civil Code Section 3294:

9  534.  Punitive damages available when fraudulent conduct is oppressive or malicious

10  **Case Law**

11  535.  Lazar v. Superior Court (1996):

12  536.  Court held: Systematic false promises constitute fraud

13  537.  Application: Defendant's multiple promises contradicted actual conduct

14  **2)  Intentional Concealment of Facts**

15  **Concealing details of unusual payment activities:**

16  538. Amazon failed to disclose detailed information behind account freezing, such as definition of unusual

17  payment activity, involved order numbers or amounts, making it impossible for users to understand

18  specific reasons for freezing

Tittle: Second Amended Complaint     Case number: CGC-24-617965     SUPERIOR COURT OF SAN FRANCISCO

1    **Concealing privacy data usage conduct:**

2    539. Amazon failed to inform users that their personal information was used for account association

3        investigation, violating transparency and user privacy protection promises

4    **Concealing account management basis and standards:**

5    540. After freezing accounts, failed to provide processing basis or reference standards, leaving users

6        completely uninformed about freezing rules

7    **Intentionality:**

8    541. These concealment actions demonstrate clear subjective intent, namely restricting users' right to know

9        and ability to appeal through information opacity

10   **3)   Making False Promises**

11   **Implying possibility of account restoration:**

12   542.  Amazon implied users only needed to upload materials as requested to restore accounts

13   543. Actual: Even when users met all requirements, accounts remained unrestore

14   **False "transparency log" function:**

15   544.  Amazon claimed to provide transparency logs for users to understand account operation records

16   545. Actual: Function unusable after account frozen

17   **False privacy promises:**

18   546. Claimed to strictly protect user privacy

19   547.  Actual: Processed personal information without user authorization for multi-account investigation

**False user support promises:**

548.    Amazon promised to provide convenient support

549. Actual: No effective appeal channels after account frozen, and communication blocked through "do

    not reply" emails

**Falsely claimed to fulfill account and data security promises：**

550. Actual: Failed to provide protection measures or prevent misoperation during account freezing,

    contradicting public commitments

## 4)  Abuse of Consumer Trust

**Trust in transparency log function:**

551. Users trusted this function would explain freezing reasons, but no related information was available

    after freezing

**Trust in submitting proof documents:**

552. Users believed account would be unfrozen after submitting proof documents, but Amazon refused to

    restore accounts

**Unauthorized use of information:**

553. Users trusted personal information would not be used without permission, but Amazon used their

    information for account investigation

**Trust in appeal process:**

554. Users reasonably believed there would be clear appeal process after freezing, but appeal channels

1    were either non-existent or denied

2    **Trust in ordered goods delivery:**

3    555. Users believed account freezing would not affect ordered goods delivery and account data access, but

4    Amazon canceled orders and restricted data access

## 5)    Losses Caused to Users

6    **Property Loss:**

7    556. Amazon retained user payments (such as gift card balances) after freezing accounts while

8    confiscating purchased goods

9    **Deprivation of Data Access Rights:**

10    557. During account freeze period, users were deprived of rights to access transaction history, order

11    records and account data, causing economic losses

12    **Mental Damage:**

13    558. Users faced mental unfair treatment due to inability to appeal, data restrictions and order

14    cancellations

## 6)    Elements of Fraud

16    **False Statements**

17    559.  Multiple service promises inconsistent with actual conduct

18    560.  Intentionally misleading consumer expectations

19    561.  Systematic false advertising

1    **Intentionality**

2    562. Preset unreasonable appeal restrictions

3    563. Repeated same deceptive patterns

4    564.  Refused to fulfill clear commitments

5    **7)  Causation**

6    565. Consumers made decisions based on promises

7    566. Suffered foreseeable damages

8    567. Losses directly related to fraud

9    **8)  Grounds for Punitive Damages**

10    **Malicious Nature of Conduct**

11    568.  Systematic deception

12    569. Continuous misleading

13    570. Refusal to correct

14    **Severity of Damages**

15    571. Caused direct economic losses

16    572.  Violated multiple legal rights

17    573. Led to emotional distress

1 ## 9)    Relief Requested

2 **Confirmation of Fraud**

3    574. Establish fraudulent conduct

4    575.  Confirm elements of fraud

5    576.  Clarify fraud liability

6    **Conduct Correction**

7    577.  Stop false advertising

8    578. Fulfill service commitments

9    579.  Establish effective supervision mechanism

10    **Judgment for Compensation**

11    580. Income Loss Caused by PTSD

12    581.  Compensate for direct and indirect expenses incurred in the course of rights protection.

13    582.  Compensate for emotional damages caused to the Plaintiff.

14    583. Punitive Damages

15    584. Other relief measures the Court deems appropriate and equitable.

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

# C.  CAUSES OF ACTION AGAINST AMAZON.COM, INC.

## 1.  COA: Piercing the Corporate Veil and Punitive Damages

### 1)  Legal Basis

**Statutory Basis**

585. According to California court precedents, corporate veil may be pierced when the following conditions are met:

586.  Parent company has substantial control and dominance over subsidiaries

587.  Subsidiaries lack independent operational entity characteristics

588.  Maintaining subsidiary's independent legal person status would lead to unfair results

**Cases Law**

589. Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation (MDL No. 2056)

590.  Frigidaire Sales Corp. v. Union Properties, Inc. (88 Wash. 2d 400)

### 2)  Contract Subject Ambiguity

**The following ambiguous terms exist in user agreements:**

591. "Amazon.com Services LLC and its affiliates reserve the right to modify, suspend or terminate services at any time"

592. "Amazon may use your information to improve services"

593. "Amazon reserves the right to take necessary actions regarding accounts"

1    **These terms share two common characteristics:**

2    594. Fail to specify concrete executing subject

3    595.  Mix use of "Amazon.com Services LLC" and "Amazon" expressions

4    **Mixed use of subjects:**

5    596.  Alternately using subsidiary's full name and "Amazon" abbreviation in same agreement

6    597.  Making it difficult for consumers to identify actual contract counterparty

7    ## 3)  Amazon.com, Inc.'s Complete Control Over Subsidiaries

8    **Capital and Legal Control  :**

9    598.  100% Shareholding Control

10   599. Amazon Services LLC is parent company's wholly owned subsidiary (SEC subsidiary listing

11         document)

12   600.   ACI Gift Cards LLC is Amazon.com company's wholly owned subsidiary (2008 press release)

13   **Unified Legal Structure  :**

14   601. Joint use of Amazon brand and trademarks (ACI Gift Cards issuance press release: "ACI Gift Cards,

15         Inc., a subsidiary of Amazon.com, Inc.")

16   602. Centralized legal entity management (SEC subsidiary listing document shows unified registration

17         location choice)

18   **Strategic and Operational Control :**

19   603. Centralized Strategic Decision-Making

1   604. Parent company uniformly sets decision standards (Corporate governance document: "We may make

2      decisions and weigh tradeoffs differently than some other companies")

3   605. Unified management policy (Corporate governance document: "understand our fundamental

4      management and decision-making approach")

5   606.  Mandatory Business Restrictions

6   607. ACI Gift Cards can only be used on Amazon platform (API documentation: "Gift Cards may only be

7      redeemed toward the purchase of eligible goods and services provided by Amazon.com Services LLC

8      and its affiliates")

9   608. Mandatory implementation of FBA policy (FTC litigation document: "Amazon conditions sellers'

10      ability to be 'Prime eligible' on their use of Amazon's order fulfillment service")

11   **Technology and Data Control ：**

12   609.  System Dependency

13   610. ACI Gift Cards completely relies on parent company's API system (API documentation shows all

14      requests must go through Amazon authentication system)

15   611. Amazon Services uses parent company's technology platform (API documentation shows unified

16      technical architecture)

17   612.   Data Management

18   613. Gift card transaction data uniformly managed by parent company (data flow shown in API

19      documentation)

1   614. Customer data centrally processed by parent company (FTC litigation: "Amazon used personal

2       information without authorization")

3   **Financial and Investment Control**

4   615.  Centralized Financial Management

5   616. Unified cash flow management (Corporate governance document: "Focus on cash")

6   617. Unified accounting policies (Corporate governance document: "When forced to choose between

7       optimizing the appearance of our GAAP accounting and maximizing the present value of future cash

8       flows")

9   **Investment Decision Control**

10  618. Parent company controls major investments (Corporate governance document: "Make bold

11      investment decisions in light of long-term leadership considerations")

12  619. Unified risk taking (Corporate governance document: "Some of these bold investments will pay off,

13      others will not")

14  **4)    Subsidiaries' Lack of Independence**

15  **Lack of Operational Independence**

16  620.  Business Dependency

17  621. ACI Gift Cards products completely dependent on parent company platform (technical dependency

18      relationship shown in API documentation)

19  622. Amazon Services must follow parent company policies (mandatory business rules described in FTC

1        litigation)

2    **Lack of Decision-Making Authority**

3    623. Key decisions controlled by parent company (FTC litigation: "Amazon leadership slowed or rejected

4        changes")

5    624. No independent operational rights (centralized management model shown in corporate governance

6        document)

7    **Lack of Personnel Independence**

8    625.  Unified Personnel Policy

9    626. Centralized recruitment standards (Corporate governance document: "Focus on hiring and retaining

10        versatile and talented employees")

11    627. Unified compensation system (Corporate governance document: "weight their compensation to

12        significant stock ownership")

13    **Maintaining Independent Legal Person Status Would Lead to Unfairness**

14    628.  Consumer Rights Damage

15    629.  Systematic Violations ：

16    630. Parent company participated in designing improper interface (FTC litigation: "Amazon used

17        manipulative, coercive, or deceptive user-interface designs")

18    631. Intentionally obstructed service cancellation (FTC litigation: "The primary purpose of its Prime

19        cancellation process was not to enable subscribers to cancel")

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    632.  Liability Evasion :

2    633.  Using Corporate Structure to Evade Responsibility

3    634.  Attributing improper conduct to subsidiaries

4    635.  Attempting to limit parent company liability

5    **5)    REQUEST FOR RELIEF**

6    636.  Based on the above facts and legal basis, Plaintiff requests the Court to:

7    **Declaratory Judgment  :**

8    637. Rule that Amazon.com, Inc. and its subsidiaries ACI Gift Cards LLC and Amazon Services LLC

9        constitute fully integrated operations

10   638. Confirm Amazon.com, Inc. should bear direct and joint liability for the two subsidiaries' conduct

11   639. Find that maintaining subsidiaries' independent legal person status would lead to unfair results for

12       consumers

13   **Substantive Relief  :**

14   640.  Punitive Damages

15   641.  Given parent company's systematic fraud through subsidiaries

16   642.  Intentional design of obstacles to prevent service cancellation

17   643.   Knowingly allowing subsidiaries to harm consumer interests

18   644.  Request Court to award appropriate punitive damages

19

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    **Injunctive Relief :**

2    645. Require Amazon.com, Inc. to reform its subsidiary management system:

3    646. Establish transparent information disclosure mechanism

4    647.  Improve consumer protection system

5    648. Provide reasonable appeal channels

6    **Prohibit continued use of improper methods:**

7    649. Stop deceptive interface designs

8    650. Cease unauthorized data usage

9    651. End unfair account restriction practices

10    **Other Relief**

11    652. Require Amazon.com, Inc. to bear all litigation costs in this case

12    653. Require public apology and commitment to correct improper conduct

13    654. Other relief measures the Court deems appropriate

14    **6)    summarize**

15    655. These relief requests are based on the parent company's complete control over its subsidiaries,

16        reflecting that the parent company should bear full responsibility for the entire group's improper

17        conduct. Considering the parent company's size and influence, these relief measures are significant

18        for protecting consumer rights and maintaining market order.

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

# VI.  JURY DEMAND

656.  PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

# VII. VERIFICATION

657. I, Yun Peng, verify under penalty of perjury under the laws of the United States of America and the

State of California that the foregoing Complaint is true and correct to the best of my knowledge and

belief.

658.  Date: January 28, 2025

659.  _____

660.  YUN PENG

661.  Respectfully submitted,

# VIII.   EXHIBITS LIST

662.  Plaintiff's B2 Visa (April 25, 2024)

663.   First theft police report (May 21, 2024)

664.  Trazodone prescription and medical records (June 17, 2024)

665.   Second theft police report (June 24, 2024)

666.  Alipay transaction records of Gift Cards purchases through Taobao (June 2024)

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    667.  NOID notice from USCIS (June 25, 2024)

2    668. First Amazon account suspension notification email (June 26, 2024)

3    669.  Gift card photos provided by Plaintiff as requested (June 26, 2024)

4    670. Second Amazon account suspension notification (June 28, 2024)

5    671. Payment records and personal information provided by Plaintiff (after June 28, 2024)

6    672.  Amazon's notification of food and MacBook order cancellations (July 2, 2024)

7    673.  Amazon's notification of permanent account closure and fund freeze (July 12, 2024)

8    674. Walgreens receipts for Gift Cards purchases (July 17, 2024)

9    675.  CVS receipts for Gift Cards purchases (July 19, 2024)

10    676. Whole Foods receipts for Gift Cards purchases (July 26 and 27, 2024)

11    677.  Physical Gift Cards photos showing terms and restrictions

12    678. Third Amazon account suspension notification (July 29, 2024)

13    679. Fourth Amazon account suspension notification (August 1, 2024)

14    680.  PTSD diagnosis and treatment records (September 23, 2024)

15    681.  Screenshots of Amazon's public statements

16    682.  Screenshots showing appeal process restrictions

17    683.  All email communications with Amazon

18    684.  Screenshots of Amazon Services account management interface

19    685. Public documents and SEC filings showing Amazon.com Inc.'s relationship with subsidiaries

Title: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    686. Medical bills and receipts

2    687. Doctor's assessment report on necessity of future treatment

3    688. Doctor's evaluation report on Plaintiff's work capacity impairment

4    689.  Expert evaluation report on Plaintiff's expected income

5    690. Plaintiff's sworn declaration

6    691.  [Reserved]

7    692.  [Reserved]

8    693.  [Reserved]

9    694.  [Reserved]

10    695.  [Reserved]

11    696.  [Reserved]