# EXHIBIT F

1  Michael J. Stortz (SBN 139386)
   Michael.Stortz@klgates.com
2  K. Taylor Yamahata (SBN 347192)
3  Taylor.Yamahata@klgates.com
   K&L GATES LLP
4  Four Embarcadero Center, Suite 1200
   San Francisco, CA 94111
5  Telephone: (415) 882-8200
   Facsimile: (415) 882-8220
6

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**04/21/2025**
**Clerk of the Court**
BY: BOWMAN LIU
Deputy Clerk

7  *Attorneys for Defendants*
8  ACI GIFT CARDS LLC, AMAZON.COM
   SERVICES LLC and AMAZON.COM INC.

9

10           SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    COUNTY OF SAN FRANCISCO

12

13  YUN PENG,                              Case No. CGC-24-617965

14           Plaintiff,

15      v.                                 **DEFENDANTS' NOTICE OF
                                           DEMURRER AND DEMURRER TO
16  ACI GIFT CARDS LLC;                    PLAINTIFF'S SECOND AMENDED
    AMAZON.COM SERVICES LLC;               COMPLAINT; MEMORANDUM OF
17  AMAZON.COM INC.,                       POINTS AND AUTHORITIES**

18           Defendants.

19                                         Hearing Date:   May 21, 2025
                                           Time:           9:00 a.m.
20                                         Dept:           301

21                                         Complaint Filed: June 24, 2024
                                           Trial Date:      None Set
22

23

24

25

26

27

28

## NOTICE OF DEMURRER

**TO THE COURT AND PLAINTIFF**:

**PLEASE TAKE NOTICE** that on May 21, 2025 at 9:00 a.m. in Department 301 of the San Francisco County Superior Court, located at the Civic Center Courthouse, 400 McAllister Street, San Francisco, CA 94102, before the Honorable Christine Van Aken, Defendants ACI Gift Cards LLC, Amazon.com Services LLC, Amazon.com, Inc. (collectively, "Defendants") will, and hereby do, demur to all of the causes of action contained in Plaintiff Yun Peng's Second Amended Complaint.

This Demurrer is made pursuant to California Code of Civil Procedure Section 430.10, subd. (e), on the grounds that every cause of action asserted fails to state facts sufficient to constitute a claim.

This Demurrer is based on this Notice of Demurrer and Demurrer; the attached Memorandum of Points and Authorities; the pleadings, incorporating the documentation filed in this action; the Declaration of K. Taylor Yamahata; and such other argument, authority, and evidence that this Court may consider.

RECYCLED PAPER

## **DEMURRER**

This Demurrer is brought on behalf of Defendants ACI Gift Cards LLC, Amazon.com Services LLC, and Amazon.com, Inc. (collectively, "Amazon").

Defendant ACI Gift Cards LLC ("ACI") demurs to the following causes of action alleged in the Second Amended Complaint ("SAC") filed by Plaintiff Yun Peng ("Plaintiff"): the First Cause of Action, for Violation of Civil Code section 1749.5; the Second Cause of Action, for Violation of the Consumers Legal Remedies Act ("CLRA"), Civil Code section 1770, *et seq.*; the Third Cause of Action, for Violation of the Unfair Competition Law, Business and Professions Code section 17200 ("UCL"); the Fourth Cause of Action, for Violation of the False Advertising Law, Business and Professions Code section 17500 ("FAL"); and the Fifth Cause of Action, for Fraud and Punitive Damages (Civ. Code § 1572). ACI demurs pursuant to Code of Civil Procedure Section 430.10 subdivision (e).

Defendant Amazon.com Services LLC ("Amazon Services") demurs to the following causes of action alleged in Plaintiff's SAC: the First Cause of Action, for Declaratory Relief; the Second Cause of Action, for False Advertising in violation of the FAL, CLRA, and Federal Trade Commission Act ("FTC Act"); the Third Cause of Action, for Unjust Enrichment (Civ. Code § 3274); the Fourth Cause of Action, for Violation of the California Consumer Privacy Act ("CCPA") and California Privacy Rights Act ("CPRA"); the Fifth Cause of Action, for Violation of the CLRA and UCL; the Sixth Cause of Action, for Violation of the FTC Act and UCL; and the Seventh Cause of Action, for Fraud and Punitive Damages (Civ. Code § 1572). Amazon Services demurs pursuant to Code of Civil Procedure Section 430.10 subdivision (e).

Defendant Amazon.com, Inc. demurs to the following cause of action alleged in Plaintiff's SAC: the First Cause of Action, for Piercing the Corporate Veil and Punitive Damages. Defendant Amazon.com, Inc. demurs pursuant to Code of Civil Procedure Section 430.10 subdivision (e).

**RECYCLED PAPER**

**DEFENDANT ACI'S DEMURRERS TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

**Demurrer to the First Cause of Action – Violation of Civil Code section 1749.5**

1.      Defendant ACI hereby demurs to Plaintiff's First Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant ACI.

**Demurrer to the Second Cause of Action – Violation of the Consumer Legal Remedies Act ("CLRA"), Civil Code section 1770, *et seq*.**

2.      Defendant ACI hereby demurs to Plaintiff's Second Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant ACI.

**Demurrer to the Third Cause of Action – Violation of the Unfair Competition Law, Business and Professions Code section 17200 ("UCL")**

3.      Defendant ACI hereby demurs to Plaintiff's Third Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant ACI.

**Demurrer to the Fourth Cause of Action – Violation of the False Advertising Law, Business and Professions Code section 17500 ("FAL")**

4.      Defendant ACI hereby demurs to Plaintiff's Fourth Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant ACI.

**Demurrer to the Fifth Cause of Action – Fraud and Punitive Damages (Civ. Code § 1572)**

5.      Defendant ACI hereby demurs to Plaintiff's Fifth Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant ACI.

**DEFENDANT AMAZON SERVICES' DEMURRERS TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

**Demurrer to the First Cause of Action – Declaratory Relief**

6.      Defendant Amazon Services hereby demurs to Plaintiff's First Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant Amazon Services.

RECYCLED PAPER

4
NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO. CGC-24-617965

**Demurrer to the Second Cause of Action – Violation of the FAL**

7.     Defendant Amazon Services hereby demurs to Plaintiff's Second Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant Amazon Services.

**Demurrer to the Third Cause of Action – Unjust Enrichment (Civ. Code § 3274)**

8.     Defendant Amazon Services hereby demurs to Plaintiff's Third Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant Amazon Services.

**Demurrer to the Fourth Cause of Action – Violation of the California Consumer Privacy Act and the California Privacy Rights Act (collectively, "CCPA")**

9.     Defendant Amazon Services hereby demurs to Plaintiff's Fourth Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant Amazon Services.

**Demurrer to the Fifth Cause of Action – Violation of the CLRA and the UCL**

10.     Defendant Amazon Services hereby demurs to Plaintiff's Fifth Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant Amazon Services.

**Demurrer to the Sixth Cause of Action – Violation of the Federal Trade Commission Act and the UCL**

11.     Defendant Amazon Services hereby demurs to Plaintiff's Sixth Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant Amazon Services.

12.     Defendant Amazon Services hereby demurs to Plaintiff's Sixth Cause of Action on the basis that it is duplicative of Plaintiff's Fifth Cause of Action for Violation of the CLRA and the UCL.

RECYCLED PAPER

**Demurrer to the Seventh Cause of Action – Fraud and Punitive Damages (Civ. Code § 1572)**

13. Defendant Amazon Services hereby demurs to Plaintiff's Seventh Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant Amazon Services.

**DEFENDANT AMAZON.COM, INC.'S DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

**Demurrer to the First Cause of Action – Piercing the Corporate Veil and Punitive Damages**

14. Defendant Amazon.com, Inc. hereby demurs to Plaintiff's First Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant Amazon.com, Inc.

Dated: April 21, 2025                                         K&L GATES LLP


By: _/s/ K. Taylor Yamahata_
Michael J. Stortz
K. Taylor Yamahata

*Attorneys for Defendants*
ACI GIFT CARDS LLC, AMAZON.COM
SERVICES LLC and AMAZON.COM,
INC.

**RECYCLED PAPER**

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

In their Second Amended Complaint ("SAC"), Plaintiff Yun Peng ("Plaintiff") describes a series of unfortunate circumstances that they have faced since entering the United States. This lawsuit is not about those allegations. Instead, Plaintiff's claims against Defendants ACI Gift Cards LLC ("ACI"), Amazon.com Services LLC ("Amazon Services"), and Amazon.com, Inc. (collectively, "Amazon") arise from their alleged dissatisfaction with their shopping experience in the Amazon.com store. While Plaintiff shortened the sprawling 221-page First Amended Complaint ("FAC"), the SAC still presents a mishmash of scattershot and conclusory allegations in service of meritless claims against Amazon. The SAC lacks sufficient factual allegations to support any causes of action, and the Court should sustain Amazon's demurrer without leave to amend.

## I.    BACKGROUND

### A.    <u>Summary of Plaintiff's Allegations and Causes of Action.</u>

Plaintiff alleges that they purchased ACI-issued gift cards from online shopping platform "Taobao" using "Alipay." (SAC ¶ 27.) Plaintiff does not specify when they purchased the gift cards. Sometime on or after June 24, 2025, Plaintiff used the gift cards to purchase "food and other necessities" and "a MacBook on Amazon Services." (*Id*. ¶¶ 27-28).

On June 26, 2024, Amazon Services "detected unusual payment activity" and "suspended the Plaintiff's account." (*Id*. ¶ 29.) Plaintiff appealed to Amazon Services, and their account was temporarily restored. (*Id*. ¶¶ 30-31.) However, on June 28, 2024, Amazon Services allegedly informed Plaintiff that the information submitted "was insufficient" and again "blocked" their account. (*Id*. ¶ 32.) Plaintiff unsuccessfully appealed, and Amazon Services closed the account, cancelled pending orders, and allegedly froze about $1,600 of their assets. (*Id*. ¶¶ 32-34, 36.) Plaintiff then purchased several new gift cards "at designated retail stores including Walgreens, CVS, and Whole Foods Market" (*id*. ¶ 37), opened a second Amazon account, and attempted to use the new gift cards with the new account (*id*. ¶¶ 56-57). Plaintiff alleges that Amazon Services suspended the second account and denied Plaintiff's subsequent appeals. (*Id*. ¶¶ 57-59.) Plaintiff

**RECYCLED PAPER**

1    suggests that the second account was suspended after Amazon Services used their personal

2    information to "determine[] that the two accounts belonged to the same person." (*Id.* ¶¶ 58-59.)

3          Based on this information, Plaintiff brings 13 causes of action against Amazon, challenging:

4    (1) the terms applicable to ACI's gift cards (*id.* ¶¶ 27, 38-56); (2) the closure of Plaintiff's Amazon

5    accounts and the sufficiency of Amazon Services' appeals process (*id.* ¶¶ 29-34, 36, 57-58); and/or

6    (3) Amazon Services' access to Plaintiff's personal information (*id.* ¶¶ 58-74). As to ACI, Plaintiff

7    alleges: (1) violation of Civil Code section 1749.5; (2) violation of the Consumers Legal Remedies

8    Act ("CLRA"); (3) violation of the Unfair Competition Law ("UCL"); (4) violation of the False

9    Advertising Law ("FAL"); and (5) fraud. As to Amazon Services, Plaintiff alleges: (1) declaratory

10   relief; (2) violation of the FAL; (3) unjust enrichment; (4) violation of the California Consumer

11   Privacy Act and California Privacy Rights Act (collectively, "CCPA"); (5) violation of the CLRA

12   and UCL; (6) violation of the Federal Trade Commission Act, 15 U.S.C. § 45 ("FTC Act"); and

13   (7) fraud. As to Amazon.com, Inc., Plaintiff seeks to hold it liable for the alleged acts of ACI and

14   Amazon Services and asserts one claim for "Piercing the Corporate Veil and Punitive Damages."

15         **B.**    **Amazon's Conditions of Use and Gift Card Terms and Conditions**

16         In the SAC, Plaintiff references and relies on certain Amazon agreements and policies. On

17   September 13, 2024, Plaintiff filed two such agreements with the Court: (1) Amazon's Conditions

18   of Use ("COUs"), described as the "Amazon User Agreement;" and (2) the "Amazon.com Balance

19   and Amazon.com Gift Card Terms and Conditions" ("Gift Card T&Cs"), described as the "Amazon

20   Gift Card User Agreement."[1] The Amazon COUs govern all aspects of a consumer's use of

21   "products and services" provided by Amazon, including "visit[ing] or shop[ing] at Amazon.com."[2]

22   (COUs at 2.) In the COUs, Amazon expressly "***reserves the right to refuse service, terminate***

23   ***accounts, terminate your rights to use Amazon Services, remove or edit content, or cancel orders***

24   _____

25   [1] Both documents are filed as exhibits to and incorporated by reference in the SAC, and the Court may consider them with this Demurrer. (*See* Section II, *infra*.)

26   [2] All purchases from the Amazon.com store are subject to the COUs. (*See, e.g.*, *Ekin v. Amazon*

27   *Services, LLC*, 84 F. Supp. 3d 1172, 1173 (W.D. Wash. 2014) [customers "accept the COU[s] every time they make a purchase on Amazon.com"].)

**RECYCLED PAPER**

28

*in its sole discretion*." (*Id.* at 4, emphasis added.) The Gift Card T&C's govern a customer's "purchas[e], "accept[ance], and us[e]" of an Amazon gift card. (Gift Card T&Cs at 2.) As Plaintiff admits, the Gift Card T&Cs include "usage restriction terms" and other limitations on the use of Amazon gift cards. (SAC ¶¶ 41-43.) The Gift Card T&Cs also expressly provide that:

> (1) Amazon "reserve[s] the right to require additional verification of [customer's] identity, Gift Card or account ownership, or provision of an additional payment instrument, before you are able to apply a Gift Card to your account or your Amazon.com Balance to a purchase"; and

> (2) Amazon "reserve[s] the right, *without notice to you, to void Gift Cards . . . without a refund, suspend or terminate customer accounts, suspend or terminate the ability to use our services, cancel or limit orders*, and bill alternative forms of payment if we suspect that a Gift Card is obtained, used, or applied to an Amazon.com account . . . fraudulently, unlawfully, or otherwise in violation of these terms and conditions.

(Gift Card T&Cs at 3-4, emphasis added.)

## C.  Relevant Procedural History

On October 21, 2024, Plaintiff filed the FAC. Amazon sought to file a demurrer and, on January 8, 2025, the parties met and conferred per Code of Civil Procedure section 430.41. Plaintiff agreed to file an amended complaint by January 17. On January 16, Plaintiff informally provided Amazon a copy of the SAC and, on January 17, Plaintiff filed a Motion for leave to file the SAC which the Court rejected. Due to Plaintiff's filing difficulties, on January 29, Amazon agreed to stipulate to the filing of the SAC and to attach the SAC to the Stipulation. On January 30, Amazon noted the version of the SAC Plaintiff had sent to Amazon differed from the version Plaintiff asked Amazon to file with the Stipulation. Plaintiff confirmed they wished to include the newer version of the SAC, and Amazon filed the Stipulation with that version. On February 13, 2025, the Court granted the Stipulation in part, ordering that Plaintiff's SAC "shall be filed within 10 days from notice of entry of this order and Defendants shall file their response accordingly." On March 6, Plaintiff filed the SAC, which differs from the version they included in the Stipulation. To date, Plaintiff has not served Amazon with the version of the SAC filed with the Court.

## II.  LEGAL STANDARD

A complaint must "set[] forth essential facts with reasonable precision and sufficient

**RECYCLED PAPER**

1  particularity to acquaint [the defendant] with the nature, source, and extent of [Plaintiff's] cause of

2  action." (*Ribas v. Clark* (1985) 38 Cal.3d 355, 358, fn. 1.) A defendant may bring a demurrer where

3  the complaint "does not state facts sufficient to constitute a cause of action." (Code Civ. Proc.,

4  § 430.10, subd. (e).) Thus, statements that are vague, conclusory, and void of factual specifics are

5  insufficient to survive a demurrer. (*See Rakestraw v. Cal. Physicians' Serv*. (2000) 81 Cal.App.4th

6  39, 44.) Where there is no reasonable probability that the defects of the complaint can be cured, the

7  demurrer should be sustained without leave to amend. (*CA Dep't of Tax & Fee Admin. v. Super.

8  Ct*. (2020) 48 Cal.App.5th 922, 938 [a demurrer is properly sustained without leave to amend where

9  an action is barred as a matter of law].)

10  "Where written documents are the foundation of an action and are attached to the complaint

11  and incorporated therein by reference, they become a part of the complaint and may be considered

12  on demurrer." (*Cnty. of San Bernardino v. Superior Court* (2022) 77 Cal.App.5th 1100, 1107

13  (internal quotation marks omitted).) "[T]he contents of an incorporated document . . . will take

14  precedence over and supersede any inconsistent or contrary allegations set out in the pleading."

15  (*Building Permit Consultants, Inc. v. Mazur* (2004) 122 Cal.App.4th 1400, 1409.)

16  ## III.    ARGUMENT

17  The Court should sustain Amazon's demurrer without leave to amend because Plaintiff's

18  claims fail as a matter of law—Plaintiff asserts claims under statutes that do not entitle them to

19  relief, lacks standing to pursue certain claims, and fails to allege facts sufficient to establish the

20  elements of other claims. (*See Shaeffer v. Califia Farms, LLC* (2020) 44 Cal.App.5th 1125, 1134

21  [to properly state a cause of action, the complaint "must sufficiently allege (1) 'every element of

22  [that] cause of action' and (2) the plaintiff's standing to sue."].)

23  ### A.    Plaintiff's Claims Under Civil Code Section 1749.5 and the FTC Act Fail
Because Neither Statute Provides a Private Right of Action.

24  In the first cause of action against ACI, Plaintiff alleges that ACI violated Civil Code section

25  1749.5 because it did not clearly disclose certain consumer rights and terms applicable to the ACI-

26  issued gift cards. (SAC ¶¶ 85-100.) Section 1749.5, however, does not provide consumers with a

27

28

**RECYCLED PAPER**

private right of action. (Civ. Code, § 1749.5). And, even if it did, section 1749.5 does not create a duty to disclose as Plaintiff suggests. Although section 1749.5 addresses gift-card related issues, like fees, expiration dates, and cash redemption, it does not require disclosure of information to consumers. (*Id.*) Thus, Plaintiff cannot state facts sufficient to constitute a cause of action under this statute. (*Denny v. Arntz* (2020) 55 Cal.App.5th 914, 925 [demurrer upheld where plaintiff did not properly allege a statutory claim]; *Hegyes v. Unjian Enter., Inc.* (1991) 234 Cal.App.3d 1103, 1111 [complaint "fatally defective" where plaintiff cannot demonstrate a legal duty was owed].)

Similarly, in the sixth cause of action against Amazon Services, Plaintiff alleges a violation of the FTC Act. (SAC ¶¶ 467-529.) But this claim fails because "there is no private right of action under the [FTC] Act." (*Consumer Justice Center v. Olympian Labs, Inc*. (2002) 99 Cal.App.4th 1056, 1060.) Thus, Plaintiff has a "no viable cause of action," and "demurrer without leave to amend" is appropriate.[3] (*Traverso v. Dep't of Transp.* (2001) 87 Cal.App.4th 1142, 1145.)

## B.    Plaintiff's Consumer Protection Claims are Fundamentally Flawed.

Plaintiff asserts claims against ACI and Amazon Services under the CLRA, UCL, and FAL. In the second (CLRA), third (UCL), and fourth (FAL) causes of action against ACI, Plaintiff contends that the ACI-issued gift cards contained misleading, vague, and unfair terms, concealed information, and are poorly designed. (SAC ¶¶ 115-262.) In the second (FAL), fifth (CLRA and UCL), and sixth (UCL) causes of action against Amazon Services, Plaintiff contends that Amazon Services accessed his personal information in a manner inconsistent with its purported privacy promises (*id.* ¶¶ 310-348[FAL]), and that it did not clearly explain the reasons it suspended Plaintiff's accounts and used an "unreasonable" suspension-appeals process (*id.* ¶¶ 423-529 [CLRA and UCL]).  None of these allegations support an actionable claim for relief.

### 1.    *Plaintiff Lacks Standing to Bring CLRA, UCL, and FAL Claims.*

Plaintiff has not adequately alleged standing to pursue CLRA, UCL, and FAL claims. To

---

[3] Plaintiff's sixth cause of action against Amazon Services also purports to assert a claim under the UCL. (SAC ¶¶ 500-503.) That claim is duplicative of Plaintiff's fifth cause of action against Amazon Services and fails for the reasons set forth below. (*See* Section III.B, *infra*.)

RECYCLED PAPER

1  establish standing for all of these claims, Plaintiff must plead facts that: "(1) establish a loss or

2  deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*," and

3  "(2) show that the economic injury was the result of, i.e., *caused by*, the unfair business practice or

4  false advertising that is the gravamen of the claim." (*Kwikset Corp. v. Supreme Court* (2011) 51

5  Cal.4th 310, 322; *Shaeffer, supra,* 44 Cal.App.5th at p. 1137 [standing inquiry applies to UCL,

6  FAL, and CLRA claims].)  The second element requires Plaintiff to show "actual reliance on the

7  allegedly deceptive or misleading statements" and that such reliance "was an immediate cause" of

8  their injury. (*Kwikset, supra*, 51 Cal.4th at p. 326; *In re Tobacco II Cases* (2009) 46 Cal.4th 298,

9  326 [standing "imposes an actual reliance requirement"]; *Durell v. Sharp Healthcare* (2010) 183

10  Cal.App.4th 1350, 1363 [standing lacking if plaintiff cannot show their economic injury "resulted

11  from reliance on the alleged misrepresentation"].) Plaintiff's claims falter on this requirement.

12      ***Claims Against ACI***: Plaintiff challenges certain terms and conditions set forth on the ACI-

13  issued gift cards. But Plaintiff does not allege that they relied on any specific representation or

14  statement of ACI's when they purchased the gift cards. The SAC, in fact, suggests that Plaintiff

15  first "discovered" alleged problems with the gift card terms and design only after Amazon closed

16  their first account and they decided to purchase more gift cards. (SAC ¶ 38.). And even then,

17  Plaintiff does not allege that they purchased the cards because of or in reliance on any of the terms

18  or conditions on the cards. (*Id.* ¶¶ 38-55.) Instead, Plaintiff relies on conclusory allegations about

19  how unspecified "misleading representations" and "illegal design" might affect consumers

20  generally. (*Id.* ¶¶ 145-147 [CLRA], 192-194 [UCL], 235-237 [FAL].) Such allegations are

21  insufficient to establish reliance or causation. (*Durell*, *supra*, 183 Cal.App.4th at p. 1363 [affirming

22  demurrer where "[t]he SAC does not allege [plaintiff] relied on either [defendant's] Web site

23  representations or on the language in the Agreement for Services"].)

24      ***Privacy Claims Against Amazon Services***. Plaintiff contends that Amazon Services' access

25  to and use of their personal information violated alleged privacy promises. Plaintiff, however, does

26  not allege that they relied on a specific statement or promise from Amazon Services regarding its

27  privacy policies when they voluntarily provided their personal information to it. Indeed, Plaintiff

28

RECYCLED PAPER

1    alleges that they "learned" about Amazon Services' "public promises and commitments" regarding

2    customer privacy only *after* they opened their accounts, *after* they provided personal information

3    for their account-suspension appeals, and *after* their accounts were permanently closed. (SAC

4    ¶¶ 61-62 [alleging they learned about the alleged privacy statements on or after September 23,

5    2024].) Plaintiff otherwise relies on the conclusory allegation that "[c]onsumers chose to use

6    services based on privacy promises[,]" (*id.* ¶ 333), which is insufficient to establish standing.

7    (*Durell*, *supra*, 183 Cal.App.4th at p. 1363.)

8        ***Suspension and Appeal Claims Against Amazon Services***. Plaintiff also contends that

9    Amazon Services did not adequately explain its suspensions of Plaintiff's accounts or provide a

10   reasonable appeals process. Plaintiff, however, does not point to a single representation or statement

11   by Amazon Services regarding its account suspension practices or the appeal process. Instead,

12   Plaintiff grounds their claims on their personal, subjective opinions that Amazon Services should

13   have provided more information about the suspensions and that the appeal process was

14   burdensome. (SAC ¶¶ 431-444, 477-495.) But, even if Plaintiff had alleged a specific statement,

15   the SAC does not suggest that Plaintiff opened their Amazon accounts or pursued an appeal in

16   reliance on any such statement. Plaintiff also does not allege that they would have done anything

17   differently (or that Amazon Services would have reinstated their accounts) if Amazon had provided

18   more account-suspension detail or offered a more user-friendly appeals process. Plaintiff has thus

19   not alleged facts to establish actual reliance or causation. (*Durell*, *supra*, 183 Cal.App.4th at p. 1363

20   [affirming demurrer for failure to allege reliance for standing purposes].)

21       ***Conclusion***: For these reasons alone, the Court should sustain Amazon's demurrer without

22   leave to amend as to all of Plaintiff's CLRA, UCL, and FAL causes of action.

23           **2.    *Plaintiff Cannot Pursue Claims for Damages under the CLRA.***

24       Plaintiff's CLRA claims include requests for monetary damages. Plaintiff, however, cannot

25   maintain a CLRA claim for damages because they failed to comply with the pre-filing notice

26   requirements. (Civ. Code, § 1782, subd. (a); *Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th

27   459, 473.) The Court should therefore sustain this Demurrer, without leave to amend, as to

28

RECYCLED PAPER

1    Plaintiff's claims for damages under the CLRA. (Civ. Code, § 1782, subds. (a), (b); *Outboard*

2    *Marine Corp. v. Superior Court* (1975) 52 Cal.App.3d 30, 38 [cause of action "on its face was

3    legally defective in its failure to allege compliance with the Consumers Legal Remedies Act."].)

### 3.    Plaintiff Fails to Plead Actionable Deception Necessary to Support CLRA, FAL, and Fraud-Based UCL Claims.

5         To prevail on CLRA, FAL, and fraud-based UCL claims, Plaintiff "must show that

6    members of the public are likely to be deceived" by Amazon's alleged conduct.[4] (*Shaeffer*, *supra.*,

7    44 Cal.App.5th at p. 1136 [internal quotations omitted].) In assessing whether a statement is

8    misleading or deceptive, courts apply a "reasonable consumer standard." (*Lavie v. Procter &*

9    *Gamble* Co. (2003) 105 Cal.App.4th 496, 512-513; *Consumer Advocs. v. Echostar Satellite Corp*.

10   (2003) 113 Cal. App. 4th 1351, 1360 ["reasonable consumer standard [applies] to the" UCL, FAL,

11   and CLRA].) The SAC lacks allegations showing that ACI or Amazon Services engaged in

12   actionable deception or other conduct likely to mislead a reasonable consumer.

### a)    The SAC does not allege any actionable deception by ACI.

15        Plaintiff quibbles with certain terms disclosed on the ACI-issued gift cards, suggesting that

16   those terms—*e.g.*, "No expiration date or service fees," "No resale, replacements, or refunds," and

17   "eligible items"—are false, misleading, and vague. (SAC ¶¶ 125-132, 171-179, 216-224.) Plaintiff,

18   however, does not explain how or why these terms are misleading. They do not contend that the

19   terms on the cards are different from those in the Gift Card T&Cs. Nor could they, as the Gift Card

20   T&Cs contain substantively identical terms—*e.g.*, they confirm that gift cards can only be used to

21   purchase "eligible goods and services" and cannot be resold, reloaded, or applied to purchases "at

22   any Amazon-affiliated property outside of the United States." (Gift Card T&Cs at 1-2.) And, lastly,

23   Plaintiff does not allege that ACI, or any Amazon entity, acted inconsistent with the terms on the

24   gift cards or those in the T&Cs. Plaintiff, therefore, does not plead facts establishing an actionable

25   deception based on the gift cards. (*Shaeffer, supra,* 44 Cal.App.5th at p. 1139 ["statements a

26   business affirmatively and truthfully makes about its product . . . are not actionable as a matter of

27   ───────────────
     [4] Plaintiff's "unfair" and "unlawful" UCL claims also fail as a matter of law. (Section III.B.4, *infra*.)

RECYCLED PAPER

1  law"]; *Wayne v. Staples, Inc.* (2006) 135 Cal.App.4th 466, 481 [finding representations lawful

2  where disclosure conformed with business practice].) In short, Plaintiff's claims fail because "no

3  reasonable consumer would be misled by the truthful statements" on the gift cards. (*Sanchez v.*

4  *Nurture, Inc.* (N.D. Cal. 2022) 626 F.Supp.3d 1107, 1120 [internal quotations omitted].)

5      While Plaintiff offers subjective and illogical interpretations of certain gift card terms, their

6  personal beliefs do not transform clear contractual language into something misleading or

7  deceptive. (*See West Pueblo Partners, LLC v. Stone Brewing Co., LLC* (2023) 90 Cal.App.5th 1179,

8  1185 ["where the language is clear and explicit, and does not involve an absurdity, the plain

9  meaning governs"]; *Producers Dairy Delivery Co. v. Sentry Ins. Co.* (1986) 41 Cal.3d 903, 916,

10  fn. 7 ["Language in a contract must be construed in the context of that instrument as a whole[.]"].)

11  Indeed, an actionable deception requires "more than a mere possibility that the [statement] might

12  conceivably be misunderstood by some few consumers viewing it in an unreasonable manner."

13  (*Lavie*, *supra.*, 105 Cal.App.4th at p. 508.) Here, it is improbable that a "significant portion of the

14  general consuming public or of targeted consumers, acting reasonably in the circumstances, could

15  be misled" by the plain terms challenged by Plaintiff. (*Id.*; *see Salazar v. Target Corp.* (2022) 83

16  Cal.App.5th 571, 583 [statements "properly found not deceptive as a matter of law at the pleading

17  stage . . . [where] plaintiffs' claims were so facially illogical, implausible, or fanciful that no

18  reasonable consumer would believe the plaintiff's interpretation"].)

19      Plaintiff's challenge to the design of the ACI-issued gift cards is equally deficient. (SAC

20  ¶¶ 127 [size of "company logo"], 128 [font size and location of "restriction terms"], 129 [use of

21  external links].) These complaints reflect the inherent limitations of a physical card. And, as

22  Plaintiff admits, the terms stated on the cards were repeated, in more detail, online (*id.* ¶¶ 129, 173,

23  176, 219, 224), which is an accepted and reasonable practice. (*Freeman v. Wal-Mart Stores, Inc*.

24  (2003) 111 Cal.App.4th 660, 669 [gift card sufficiently discloses terms and conditions if on the

25  physical card and external sources]; *Barrett v. Apple Inc*. (N.D. Cal. 2021) 523 F.Supp.3d 1132,

26  1154 [same].) Plaintiff's theory that ACI's gift card terms and design are misleading "runs counter

27  to ordinary common sense" and "the obvious nature of" a gift card product, and, thus, Plaintiff's

28

RECYCLED PAPER

CLRA, FAL, and fraud-based UCL claims "are fit for disposition at the demurrer stage of the litigation." (*Brady v. Bayer Corp.* (2018) 26 Cal.App.5th 1156, 1165.)

> **b)** **Plaintiff does not allege actionable deception by Amazon Services.**

*Privacy-Based Claims.* Plaintiff alleges that Amazon Services' access to and use of their personal information did not comply with certain "privacy protection promises[,]" rendering those "promises" misleading. (SAC ¶¶ 315-329.) But the alleged promises on which Plaintiff relies are broad statements of principle, not concrete representations.[5] (*See Consumer Advocates v. Echostar Satellite Corp.* (2003) 113 Cal.App.4th 1351, 1361 [statements at issue "[we]re not factual representations that a given standard is met"]; *Paduano v. Am. Honda Motor Co., Inc.* (2009) 169 Cal.App.4th 1453, 1499 (O'Rourke, J., concurring in part) [representations were "mere unspecific, nonfactual assertions constituting non-actionable puffery"].) Further, the more specific terms in the Gift Card T&Cs make clear that Amazon may "require additional verification of [Plaintiff's] identity, Gift Card or account ownership . . . before [Plaintiff would be] able to apply a Gift Card to [their] account or [their] Amazon.com Balance to a purchase." (Gift Card T&Cs at 5). Finally, Plaintiff does not explain how Amazon Services' alleged use of their information—*i.e.*, to match Plaintiff's accounts (SAC ¶ 317)—violated any of the "promises" alleged in the SAC. Plaintiff offers no facts to show how a reasonable consumer would likely be misled by Amazon Services' alleged privacy "promises" or that Amazon Services did anything contrary to those "promises." Plaintiff has thus failed to plead any misleading, deceptive, or fraudulent conduct based on alleged "privacy promises." (*Brady*, *supra*, 26 Cal.App.5th at 1165.)

*Account Suspension.* Plaintiff also alleges that Amazon Services did not "provide [a] clear explanation" for its suspensions of their accounts. (SAC ¶¶ 441-444.) But Plaintiff does not allege that Amazon Services ever promised or represented that it would provide them with information

---

[5] The SAC cites as deceptive the following statements: (1) "[w]e take the privacy of your data seriously and work every day to earn your trust[;]" (2) "[w]e always strive to be clear about how Amazon is collecting, using, or sharing your personal data[;]" and (3) "[w]e make it easy for you to choose the privacy options that make the [most] sense for you[.]" (SAC ¶¶ 315, 320, 325.)

RECYCLED PAPER

1    upon freezing their account, let alone that it would provide them any specific information. Nor can

2    they state such allegations, because the Gift Card T&Cs and the COUs defeat any such claim.

3    (*Mazur*, *supra*, 122 Cal.App.4th at p. 1409 [explaining that where a conflict exists between

4    allegations in a complaint and a document incorporated by reference the court "will look solely to

5    the attached exhibit"].) The Gift Card T&Cs expressly provide that Amazon Services may "without

6    notice" "void Gift Cards . . . without a refund, suspend or terminate customer accounts, suspend or

7    terminate the ability to use our services, [or] cancel or limit orders" if it "suspects that a Gift Card

8    is obtained, used, or applied to an Amazon.com account . . . fraudulently, unlawfully, or otherwise

9    in violation of these terms and conditions." (Gift Card T&Cs at 2-3.) The COUs similarly provide

10   that Amazon may "refuse service, terminate accounts, terminate [Plaintiff's] rights to use Amazon

11   Services, . . . or cancel orders *in its sole discretion*."  (COUs at 3, emphasis added).

12       ***Appeals Process***. Plaintiff's final theory—that the process for appealing account

13   suspensions was unreasonable and difficult to maneuver—fares no better. (SAC ¶¶ 431-440, 488-

14   495). Plaintiff does not point to a single statement or representation of Amazon Services about the

15   appeals process, let alone a promise to provide a specific type and format of process. Plaintiff

16   merely complains about the process because they found it difficult to use and because Amazon

17   Services denied their appeal, which it had "sole discretion" to do. (COUs at 3). This is not enough

18   to support claims alleging misleading, deceptive, and fraudulent conduct.

19              ***4.      Plaintiff's Unlawful and Unfair UCL Claims are Deficiently Pled.***

20       Plaintiff purports to assert violations under all three prongs of the UCL, alleging unlawful,

21   unfair, and fraudulent conduct. (SAC ¶¶ 171-176, 431-444, 500-503.) As above, the SAC does not

22   allege facts sufficient to state fraud-based UCL claims. (*See* Section III.B.3, *supra*.)  The SAC also

23   fails to support actionable claims under the unlawful and unfair prongs of the UCL.

24       ***Unlawful***. A business practice is unlawful if it is "forbidden by law." (*Morgan v. AT&T*

25   *Wireless Servs., Inc.* (2009) 177 Cal.App.4th 1235, 1254 [cleaned up].) As to ACI, Plaintiff has not

26   alleged facts to support a violation of Civil Code section 1749.5 (Section III.A, *supra*) or to show

27   misleading or deceptive statements in violation of the CLRA (Section III.B.3, *supra*.). Plaintiff also

RECYCLED PAPER

28

1  cannot demonstrate that including "important information in external links" violates any statute or

2  other law, as disclosure of gift card terms through external links is an accepted practice. (*Freeman,*

3  *supra,* 111 Cal.App.4th at p. 669; *Barrett, supra,* 523 F.Supp.3d at p. 1154; *see Daugherty v. Am.*

4  *Honda Motor Co., Inc*. (2006) 144 Cal.App.4th 824, 835 ["to be actionable the omission must be

5  contrary to a representation actually made by the defendant, or an omission of a fact the defendant

6  was obliged to disclose."].) As to Amazon Services, Plaintiff does not expressly accuse it of

7  unlawful conduct in the SAC.

8       *Unfair*. A business practice is "unfair" if it "threatens an incipient violation of an antitrust

9  law, or violates the policy or spirit of one of those laws because its effects are comparable to or the

10  same as a violation of the law, or otherwise significantly threatens or harms competition." (*Cel-*

11  *Tech Commc'n Inc. v. Los Angeles Cellular Tel. Co*. (1999) 20 Cal.4th 163, 187.) The SAC is

12  devoid of facts supporting an antitrust violation or an impact on competition. Plaintiff's only

13  allegations that arguably assert unfairness claims are: (1) their challenge to the design of the gift

14  cards (SAC ¶¶ 174-176); (2) their dislike of Amazon Services' appeals process (*id.* ¶¶ 431-444;

15  502); and (3) conclusory statements of "[a]buse of market dominant opposition" (*id.* ¶ 501). None

16  of these allegations supports a claim for unfair conduct under the UCL. (*Durell, supra,* 183

17  Cal.App.4th at p. 1366 [affirming grant of demurrer to unfair UCL claim].)

18       **C.      The SAC Lacks Sufficient Allegations to Support Causes of Action for Fraud.**

19       Plaintiff's fraud claims require fact-based allegations showing: "(1) a misrepresentation . .

20  .; (2) knowledge of falsity (or scienter); (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable

21  reliance; and (5) resulting damage." (*Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34

22  Cal.4th 979, 990.) Plaintiff must plead allegations of fraud "with particularity." (*Small v. Fritz Cos.,*

23  *Inc*. (2003) 30 Cal.4th 167, 183.) The SAC falls short of stating an actionable fraud claim, as it

24  lacks "facts which show how, when, where, to whom, and by what means the representations were

25  tendered." (*Robinson, supra*, 34 Cal.4th at p. 993 [internal quotations omitted].)

26       Plaintiff does not identify or allege any specific representations or statements that support

27  their fraud claims. Instead, they rely on conclusory allegations about gift card terms and design

28                                                                                          RECYCLED PAPER

(SAC ¶¶ 263-278), vaguely alleged failures to provide information about account freezes, implied privacy promises, and an allegedly complicated appeal process (*id.* ¶¶ 538-555). But such "general and conclusory allegations do not suffice" to state a fraud claim. (*Robinson*, *supra*, 34 Cal.4th at p. 993.) Additionally, Plaintiff does not allege any facts to infer that they justifiably relied on any promise, statement, or representation from ACI or Amazon Services. (Section III.B.1, *supra.*) Given the absence of fact-based allegations in the SAC, Plaintiff has not established the necessary element of justifiable reliance. (*Robinson*, *supra*, 34 Cal.4th at p. 990.)[6]

### D.    Plaintiff's Remaining Claims Against Amazon Services are Deficiently Pled and Cannot Survive Amazon's Demurrer.

#### 1.    *Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law*

In the third cause of action, Plaintiff alleges that Amazon Services was unjustly enriched because it "[r]etained approximately $1,800 in gift card value during account freeze[.]" (SAC ¶ 357.) Plaintiff's claim fails because the relationship between Amazon and Plaintiff is governed by express contracts—the Gift Card T&Cs and the COUs. A claim for unjust enrichment fails where "there exists between the parties a valid express contract covering the same subject matter." (*Rutherford Holdings, LLC v. Plaza Del Rey* (2014) 223 Cal.App.4th 221, 231.) Here, the Gift Card T&Cs permitted Amazon Services to void Plaintiff's gift cards "without a refund" and "without notice" (Gift Card T&Cs at 3-4), and the COUs permitted it to "refuse service, terminate accounts, terminate . . . rights to use Amazon Services, . . . or cancel orders in its sole discretion[.]" (COUs at 3.)  Plaintiff's unjust enrichment claim fails as a matter law.

#### 2.    *Plaintiff's Statutory and Constitutional Privacy Claims are Flawed.*

Plaintiff's fourth cause of action alleges that Amazon Services violated the CCPA because it allegedly used personal information that Plaintiff provided to determine "that [Plaintiff's] two accounts belonged to the same person." (SAC ¶ 59; *id.* ¶¶ 387-401.) But the CCPA provides a private right of action only where a consumer's "nonredacted personal information . . . is subject

---

[6] Plaintiff's fraud claims request punitive damages. (SAC ¶¶ 292, 534, 583.) Plaintiff is not entitled to punitive damages because (a) they have not alleged an actionable fraud claim and (b) they do not allege facts showing the necessary "oppression" or "malice." (Civ. Code, § 3294(a).)

RECYCLED PAPER

to an ***unauthorized*** access and exfiltration, theft, or disclosure" that is caused by a "business' violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information[.]" (Civ. Code, § 1798.150, subd. (a) [emphasis added].) Here, Plaintiff admits that they voluntarily provided Amazon with their personal information when they opened their Amazon accounts and when they appealed the suspensions of their accounts. (SAC ¶¶ 27, 33, 56, 58.) Amazon Services' access to Plaintiff's information is plainly not "unauthorized" or otherwise in violation of the CCPA.

For the same reason, Plaintiff cannot state a claim for violation of the right to privacy under the California Constitution. (*See* SAC ¶ 383 [referencing Cal. Const. Art. 1].) Such a claim requires Plaintiff to allege: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." (*Thompson v. Spitzer* (2023) 90 Cal.App.5th 436, 460.) Plaintiff cannot establish a reasonable expectation of privacy because they agreed to share their information with Amazon. (*Sheehan v. San Francisco 49ers, Ltd*. (2009) 45 Cal.4th 992, 1000 ["to establish a reasonable expectation of privacy, the plaintiff . . . must not have manifested by his or her conduct a voluntary consent to the invasive actions of defendant"]; *Hill v. Nat'l Collegiate Athl. Assn.* (1994) 7 Cal.4th 1, 26 [same].)

### 3.    *Plaintiff is Not Entitled to Declaratory Relief.*

In their first cause of action against Amazon Services, Plaintiff asserts a claim for declaratory relief and asks the Court to find that "there was no valid contract between Plaintiff and Amazon Services[,]" and to void "account usage terms" and "[o]ther restrictive terms." (SAC ¶¶ 294-309.) Plaintiff's claim fails for several reasons.

First, Plaintiff's claim is "wholly derivative" of their other failed claims. "Where a trial court has concluded the plaintiff did not state sufficient facts to support a statutory claim and therefore sustained a demurrer as to that claim, a demurrer is also properly sustained as to a claim for declaratory relief which is wholly derivative of the statutory claim."  (*Ball v. FleetBoston Fin. Corp.* (2008) 164 Cal.App.4th 794, 800 [internal quotations omitted].) Second, the SAC does not specify what "contract" Plaintiff seeks to void. But, even assuming Plaintiff seeks to invalidate the

RECYCLED PAPER

Gift Card T&Cs or the COUs, Plaintiff no longer has an active Amazon account (SAC ¶ 36 [alleging permanent closure]) and, therefore, cannot show the "very significant possibility of future harm" required for declaratory relief. (*Monterey Coastkeeper v. Cent. Coast Reg'l Water Quality Control Bd.* (2022) 76 Cal.App.5th 1, 13 ["declaratory relief operates to declare future rights, not to address past wrongs"].) Finally, Plaintiff does not allege facts to establish that they did not freely consent to said contracts or that they were not competent to enter the agreements. While they allegedly "began taking the sedative Trazodone" (SAC ¶¶ 297-305), they do not directly connect that statement to contracts with Amazon. Plaintiff merely rests on conclusory allegations that cannot support a claim for declaratory relief. (*Rakestraw, supra,* 81 Cal.App.4th at p. 44 [explaining that to state a claim "[a]llegations must be factual and specific, not vague or conclusionary"].)

### E. Defendant Amazon.com, Inc.'s Demurrer to Plaintiff's First Cause of Action Should Be Sustained.

Plaintiff's only cause of action against Amazon.com, Inc. is for "Piercing the Corporate Veil and Punitive Damages." (SAC ¶¶ 585-654). But this is not an independent cause of action under California law. (*Leek v. Cooper* (2011) 194 Cal.App.4th 399, 418 ["A claim based upon an alter ego theory is not itself a claim for substantive relief."].) As such, a demurrer is proper. (*Traverso, supra*, 87 Cal.App.4th at p. 1145; *Hegyes, supra,* 234 Cal.App.3d at p. 1111.)

## IV.  CONCLUSION

For the foregoing reasons, Amazon respectfully requests that this Court sustain its Demurrer to every cause of action with prejudice and without leave to amend.

RECYCLED PAPER

1   Dated: April 21, 2025                 K&L GATES LLP

2

3                               By:  */s/ K. Taylor Yamahata*

4                                   Michael J. Stortz
                                     K. Taylor Yamahata

5

6                                 *Attorneys for Defendants*
                                 ACI GIFT CARDS LLC, AMAZON.COM

7                                 SERVICES LLC and AMAZON.COM,
                                 INC.

**RECYCLED PAPER**

## PROOF OF SERVICE

I am employed in the county of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is K&L GATES LLP, Four Embarcadero Center, Suite 1200, San Francisco, CA 94111.

On **April 21, 2025**, I served the document(s) described as:

**DEFENDANTS' NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

together with an unsigned copy of this declaration on the interested parties in this action by delivering a true copy thereof as follows:

Yun Peng                                   ***Plaintiff, In Pro Per***
965 Hutchinson Ave.
Palo Alto, CA 94301
Tel: (669) 329-7691
Email: msma529370228@gmail.com

☒      **BY ELECTRONIC SERVICE:**  I transmitted a true copy of the document(s) listed above to the e-mail addresses of the addressee(s) as indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **April 21, 2025**, San Francisco, California.

_Lianne Jitodai_
T. Lianne Jitodai

**RECYCLED PAPER**