# EXHIBIT G

1  Order prepared by the court

2

3

**FILED**
Superior Court of California
County of San Francisco

4              **JUN 0 9 2025**

5     CLERK OF THE SUPERIOR COURT
      By _Vilton Da Pamela_
6                              Deputy

7

8              **SUPERIOR COURT OF CALIFORNIA**

9                **COUNTY OF SAN FRANCISCO**

10                      Dept. 301

11  YUN PENG,                          | Case No. CGC-24-617965

12          Plaintiff,                 | **ORDER OVERRULING
                                       | DEMURRER IN PART AND**
13      vs.                            | **SUSTAINING IN PART AND
                                       | GRANTING LEAVE TO AMEND**
14  ACI GIFT CARDS LLC et al.,

15          Defendants.

16

17

18         Defendant ACI GIFT CARDS, LLC's demurrer is sustained without leave to amend

19  as to the first cause of action (COA). The demurrer is overruled as to the third and fourth

20  causes of action. The demurrer is sustained with leave to amend as to the second and fifth

21  causes of action.

22         Defendant AMAZON.COM SERVICES' demurrer is overruled as to the first, third,

23  and sixth causes of action. The demurrer is sustained with leave to amend as to the second,

24  fourth, fifth, and seventh causes of action.

25         Defendant AMAZON.COM, INC.'s demurrer is sustained without leave to amend as

26  to the first and only cause of action against that defendant.

27

28

1    Plaintiff, Yun Peng, is suing ACI Gift Cards, LLC, Amazon.com, Inc., and

2  Amazon.com Services because Plaintiff purchased Amazon gift cards, which were then

3  locked after Amazon Services detected unusual activity.  Each Defendant demurs separately

4  to the operative Second Amended Complaint (SAC).

5    **1.    Defendant ACI Gift Cards, LLC**

6    Plaintiff alleges causes of action against ACI Gift Cards, LLC, for (1) violation of

7  Civ. Code Section 1749.5, (2) violation of the California Consumer Legal Remedies Act

8  (CLRA), (3) violation of the Unfair Competition Law (UCL), (4) false advertising under Cal.

9  Bus. & Prof. Code Section 17500, and (5) fraud and punitive damages under Civ. Code

10  Section 1572.

11    Defendant ACI demurs to all five causes of action, arguing they fail to allege facts

12  sufficient to constitute a cause of action.  (CCP Section 430.10(e).)  The issue under section

13  430.10(e) is, taking the facts properly pleaded and properly noticed as true, does the

14  challenged cause of action necessarily fail to state a cause for relief.  (See CCP section

15  430.10(e); *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  In assessing whether the complaint

16  states a cause of action, the court accepts all properly pleaded material facts, but not

17  contentions, deductions, or conclusions of fact or law.  (*Minton v. Dignity Health* (2019) 39

18  Cal.App.5th 1155, 1161.)  "[I]f, on consideration of all facts stated, it appears that plaintiff is

19  entitled to any relief against defendant, the complaint will be held good, though facts may not

20  be clearly stated, or may be intermingled with a statement of other facts irrelevant to cause of

21  action shown, or though plaintiff may demand relief to which he is not entitled under facts

22  alleged."  (*Augustine v. Trucco* (1954) 124 Cal.App.2d 229, 236, quoting *Matteson v.*

23  *Wagoner* (1905) 147 Cal. 739, 742.)  The court liberally construes the complaint.  (CCP

24  452.)

25

26

27

28

### A.    COA 1 – Violation of Civ. Code Section 1749.5

Defendant's argument that there is no private right of action afforded for a violation of this section is persuasive.  "[V]iolation of a state statute does not necessarily give rise to a private cause of action. Instead, whether a party has a right to sue depends on whether the Legislature has manifested an intent to create such a private cause of action under the statute. Such legislative intent, if any, is revealed through the language of the statute and its legislative history." (*Lu v. Hawaiian Gardens Casino, Inc.* (2010) 50 Cal.4th 592, 596 [internal quotation marks, citations, and parentheticals omitted].) Civil Code Section 1749.5 does not provide for a private right of action, Plaintiff points to nothing in the legislative history that suggests it, and no reported cases have found one. (Cf. *Tanen v. Southwest Airlines Co.* (2010) 187 Cal.App.1156 [noting but not passing on argument that 1749.5 does not create a private right of action].) The court concludes there is no clear legislative intent to create a private right of action and sustains the demurrer without leave to amend on this cause of action.

### B.    COA 2 – Violation of the California Consumer Legal Remedies Act (CLRA), COA 4 – false advertising

Next, Defendant ACI argues Plaintiff does not have standing to assert claims under the CLRA, UCL, or False Advertising Law (FAL) because Plaintiff has not stated facts showing that the purportedly unlawful terms induced the purchase of gift cards.  A plaintiff suing under the CLRA, UCL, or FAL must allege that a defendant's misrepresentation was "an immediate cause" of the injury.  (*Kwikset v. Superior Court* (2011) 51 Cal.4th 310, 327 citing *In Re Tobacco II Cases* (2009) 46 Cal.4th 298.)  Here, Plaintiff has alleged an injury, and that the misrepresentations by Defendant caused the injury.  The misrepresentations alleged against Defendant ACI are that they made "misleading descriptions about gift card usability scope" and used "vague terms to obscure actual restrictions."  (SAC, Paragraphs 134, 135.)  Then, Plaintiff alleges that Plaintiff was "unable to use gift card as expected due

3

1   to unknown usage restrictions." (SAC, Paragraph 148.) This is a sufficient allegation of

2   causation and injury.

3       Defendant argues there is no actionable deception alleged by the complaint because

4   the reasonable consumer standard is not met. (*Lavie v. Procter & Gamble Co.* (2003) 105

5   Cal.App.4th 496.) However, this is a question of fact not properly resolved on demurrer.

6   Plaintiff has, at the very least, alleged that there were misleading statements.

7       Last, Defendant argues that the pre-lawsuit notice requirements of Civ. Code Section

8   1782 were not complied with, and thus, a CLRA cause of action for damages cannot be

9   maintained. This argument is persuasive. That section requires that "[t]hirty days or more

10  prior to the commencement of an action for damages pursuant to this title, the consumer shall

11  do the following: (1) Notify the person alleged to have employed or committed methods,

12  acts, or practices declared unlawful by Section 1770 of the particular alleged violations of

13  Section 1770." Failure to do so prevents a consumer from maintaining such an action.

14  (*Valdez v. Seidner-Miller, Inc.* (2019) 33 Cal.App.5th 600, 609.) Plaintiff concedes that

15  Plaintiff did not provide this notice. The demurrer is sustained with leave to amend. (See

16  *Morgan v. AT&T Wireless Services, Inc.* (2009) 177 Cal.App.4th 1235, 1261 [defendant may

17  avoid liability for damages by correcting within 30 days; defect in failing to provide pre-

18  filing notice can be cured after suit].) Plaintiff must either plead compliance with the

19

20  CLRA's notice requirement or omit the claim for damages.

21       **C.    COA 3 – Violation of the UCL**

22       Defendant also argues that the UCL claim is inadequately pled because the alleged

23  facts do not show unlawful, unfair, or fraudulent conduct. The court concludes that Plaintiff

24  has adequately pleaded the cause of action under any of the three prongs. As noted, Plaintiff

25  alleges that ACI offered "misleading descriptions about gift card usability scope" and used

26  "vague terms to obscure actual restrictions." (SAC, Paragraphs 134, 135.) This is sufficient

27  for the fraudulent prong. (*Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939, 951 ["to state a claim

28

1    under either the UCL or the false advertising law, based on false advertising or promotional

2    practices, it is necessary only to show that 'members of the public are likely to be deceived"]

3    [internal quotation marks and citation omitted].) In addition, Plaintiff pleads that it is unfair

4    for Defendant to simply be able to freeze a gift card without repayment. That allegation

5    adequately pleads the unlawful prong in that Plaintiff contends Defendant's conduct violates

6    the Gift Card Law, and the unfair prong. (See generally *Moran v. Prime Healthcare*

7    *Management, Inc.* (2016) 3 Cal.App.5th 1131, 1150 [unfairness prongs include where a

8    business practice violates a concrete public policy or where it is "immoral, unethical,

9    oppressive, unscrupulous or substantially injurious to consumers" [internal quotation marks

10   and citation omitted].)

11          Defendant claims there is no unlawful conduct because, as explained in their

12   demurrer to the first COA, there is no private right of action.  This is not dispositive;

13   statutory violations can provide a predicate for the UCL even where they have no private

14   right of action so long as the statutory scheme does not create a safe harbor for the

15   defendant's conduct. (See *Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939, 950 ["a private plaintiff

16   may bring a UCL action even when the conduct alleged to constitute unfair competition

17

18   violates a statute for the direct enforcement of which there is no private right of action."]

19   [internal quotation marks and citation omitted]; *Zhang v. Superior Court* (2013) 57 Cal.4th

20   364, 376-377 [discussing lack of private right versus absolute statutory bar to relief].)

21          The demurrer is overruled as to the UCL claims.

22          **D.     COA 4 – False Advertising Law**

23          The demurrer is overruled as to the False Advertising Law COA. Plaintiff adequately

24   alleges that Defendant's advertising was misleading in that broad descriptions of useability

25   were undermined by the actual terms and conditions of the gift card; the factual allegations

26   are sufficient to support an inference of knowledge and intent.

27

28

### E.    COA 5 – Fraud

Last, Defendant argues the fraud claim is inadequately plead because the SAC does not clear the heightened bar of particularity.  This argument is persuasive.  Fraud must be pled with particularity.  Alleged facts must show "how, when, where, to whom, and by what means the representations were tendered."  (*Robinson Helicopter Co. Inc, v. Dana Corp.* (2004) 34 Cal.4th 979, 993 citing *Lazar v. Superior Court* (1996) 12 Cal.4th 631.)  Here, Plaintiff only alleges that ACI "misled consumers through concealment of important information and false statements," and "Defendant made false or misleading statements about gift card characteristics and usage scope…"  (SAC, 265, 267.)  Plaintiff seems to be referencing some statements previously in the complaint that the card can be used with "Certain US Affiliates."  (SAC, 89.)  However, Plaintiff does not specify where this statement appeared and how it was made.  Thus, the fraud claim is lacking specificity.  The demurrer is sustained with leave to amend to allow Plaintiff to plead more specific facts about the misrepresentation Defendant ACI made to him.

### 2.    Defendant Amazon.com Services

Plaintiff alleges causes of action against Amazon.com Services LLC for (1) declaratory relief, (2) false advertising under Cal. Bus. & Prof. Code Section 17500, (3) unjust enrichment under California Civ. Code Section 3274, (4) violation of the California Consumer Privacy Act, and California Privacy Rights Act, (5) violation of the California Consumer Legal Remedies Act and UCL, (6) violation of the Federal Trade Commission Act and UCL, and (7) fraud and punitive damages under Civ. Code Section 1572.  Defendant Amazon.com Services demurs to all seven causes of action, arguing they fail to allege facts sufficient to constitute a cause of action.  (CCP Section 430.10(e).)

### A.    COA 1 – Declaratory Relief

Defendant Amazon.com Services claims Plaintiff is not entitled to declaratory relief because it is derivative of other failed claims and because there is no contract between

Plaintiff and Amazon Services to declare void. "To allege facts sufficient to state a cause of action for declaratory relief, the plaintiff must allege two essential elements: (1) a proper subject of declaratory relief, and (2) an actual controversy involving justiciable questions relating to the rights or obligations of a party." (*Childhelp, Inc. v. City of Los Angeles* (2023) 91 Cal.App.5th 224, 235 (internal citations omitted).) Defendant claims that there is no contract to void because Plaintiff alleged in another part of the complaint that his Amazon account closed permanently. First, these claims do not necessarily contradict each other, and second, complaints can allege claims in the alternative. It is possible to interpret the complaint as claiming that the contract provisions that forced Plaintiff to allegedly surrender his gift card balance are void, while simultaneously alleging that Defendant Amazon.com, Inc. closed his account permanently. Thus, Plaintiff's cause of action for declaratory relief does not fail and the demurrer is overruled as to this cause of action.

### B.     COA 2 and 5 – FAL and CLRA

Plaintiff's FAL cause of action against Amazon.com Services contends that Amazon.com Services engaged in deceptive advertising because its privacy and data use practices were different than Plaintiff believed. But Plaintiff does not allege that these practices were actually advertised to Plaintiff. Instead, it appears from the SAC that all the information Plaitniff learned about this defendant's data and privacy practices were learned after the purchase. (SAC paras. 61-74.) Moreover, as discussed above, a CLRA claim for damages does not lie where Plaintiff has not served a letter seeking cure. The demurrer is sustained as to these causes of action with leave to amend.

### C.     COA 3 – Unjust Enrichment

Defendant asserts that the unjust enrichment claim fails because there is an express contract covering the same subject matter. However, this entirely contradicts their other arguments, where they allege there is no contract. Furthermore, Plaintiff claims this contract should be declared void, which, if established, would allow the unjust enrichment claim to

1    proceed because there would no longer be a valid express contract between the parties. Thus,

2    the demurrer is overruled as to the third cause of action.

3         **D.**    **COA 4 – Consumer Privacy Act**

4         Plaintiff's privacy complaint appears to be that Amazon.com Services matched data

5    from two accounts. After it suspended Plaintiff's first gift card, Plaintiff purchased a second

6    gift card and this defendant determined the accounts were linked and suspended the second

7    gift card. (SAC paras. 378-422.) Plaintiff appears to contend that Amazon.com Services'

8    disclosure of this internal use is prohibited by the Consumer Privacy Act, Civil Code

9    1798.100 et seq. But a private cause of action under the CPA exists only for unauthorized

10    data breaches, which Plaintiff does not allege. (*Id.* 1798.150.) The court sustains the

11    demurrer to this cause of action with leave to amend.

12         **E.**    **COA 6 – UCL violation via the Federal Trade Commission Act**

13         The demurrer is overruled for the same reason as the third COA against ACI for UCL

14    violations. Plaintiff adequately pleads unfair trade practices in the repeated freezing of

15    Plaintiff's gift cards and what Plaintiff characterizes as an arbitrary and limited appeals

16

17    process.

18         **F.**    **COA 7 – Fraud**

19         As with Plaintiff's fifth COA against ACI, the fraud pleading against Amazon.com

20    Services lacks particularity. The demurrer is sustained with leave to amend.

21         **3.**    **Defendant Amazon.com, Inc.**

22         Plaintiff alleges causes of action against Amazon.com, Inc. for "Piercing the

23    Corporate Veil and Punitive Damages." Defendant demurs to that cause of action, arguing it

24    fails to allege facts sufficient to constitute a cause of action. (CCP Section 430.10(e).) This

25    cause of action does not allege facts establishing a claim for relief, but rather is a request for

26    relief in and of itself. It is not an independent cause of action. Plaintiff does not seek leave

27    to amend (Opp. at 3:21-22) and so the demurrer is sustained without leave to amend.

28

1    Plaintiff shall file any amendment with 20 days of notice of entry of this order.

2    IT IS SO ORDERED.

3    Dated: June 9, 2025

4                                                    Christine Van Aken
                                                    Judge of the Superior Court
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YUN PENG VS. ACI GIFT CARDS, LLC ET AL

I, the undersigned, certify that I am an employee of the Superior Court of California, County Of San Francisco and not a party to the above-entitled cause and that on June 09, 2025 I served the foregoing order on each counsel of record or party appearing in propria persona by causing a copy thereof to be enclosed in a postage paid sealed envelope and deposited in the United States Postal Service mail box located at 400 McAllister Street, San Francisco CA  94102-4514 pursuant to standard court practice.

Date: June 09, 2025        By: VICTOR DA FONSECA

KATHERINE T. YAMAHATA
K&L GATES LLP
4 EMBARCADERO CTR
SUITE 1200
SAN FRANCISCO, CA  94111

PENG, YUN
8024 EMERSON PL
ROSEMEAD, CA  91770-2429