# EXHIBIT H

YUN PENG

Street Address:

8024 EMERSON PL ROSEMEAD CA 91770-2429

Phone Number (669 329 7691)

Email:  msma529370228@gmail.com

YUN PENG, IN PRO PER

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**06/24/2025**
**Clerk of the Court**
BY: JUDITH NUNEZ
**Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| YUN PENG<br>                    Plaintiff(s),<br><br>        vs.<br><br>ACI GIFT CARDS LLC;<br><br><br>AMAZON.COM SERVICES LLC,<br><br><br>AMAZON.COM, INC.<br>                    Defendant(s). | ) Case No.: CGC-24-617965<br>)<br>) **THIRD AMENDED COMPLAINT**<br>)<br>)<br>)<br>)<br>)<br>) **DATE: June 23, 2025**<br>) **TIME:**<br>) **DEPT:   301**<br>)<br>)<br>) Judge:    Hon. Joseph M. Quinn<br>) Action Filed: 09/9/2025<br>) Trial Date: |

THIRD AMENDED COMPLAINT

DATED: June 23, 2025

*Your signature*

In Pro Per

# CONTENTS

I. INTRODUCTION AND PRELIMINARY STATEMENT (Enhanced) ................................3

II. PARTIES ...............................................................................................................3

III. JURISDICTION AND VENUE ...............................................................................4

IV. BACKGROUND AND KEY EVENTS (Revised) ......................................................4

V. STATEMENT OF FACTS .........................................................................................5

    A. Personal Background and Initial Hardship ..................................................5

    B. First Gift Card Purchase and Amazon Account Suspension ..........................5

    C. Second-Phase Gift Card Purchases and Reasonable Reliance .......................7

    D. Harm Suffered by Plaintiff............................................................................9

    E. Systematic Fraud Design, Concealment, and Privacy Invasion .....................9

        E.1 ACI Gift Cards LLC – Structural Concealment and Fraudulent Design.............9

        E.2 Amazon.com Services LLC – Deceptive Promissory Conduct........................ 11

        E.3 Amazon.com Services LLC – Privacy Violations and Misuse of Personal Data
...........................................................................................................................12

VI. Cause of action .....................................................................................................13

    A. Claims Against Defendant ACI Gift Cards LLC ..........................................13

        A.1 FRIST CAUSE OF ACTION................................................................13

        A.2 SECOND CAUSE OF ACTION ..........................................................13

        A.3 THIRD CAUSE OF ACTION ..............................................................16

        A.4 FOURTH CAUSE OF ACTION............................................................18

        A.5 FIFTH CAUSE OF ACTION ...............................................................20

    B. PRAYER FOR RELIEF (as to ACI Gift Cards LLC)..................................23

    C.Amazon.com Services LLC .......................................................................24

        C.1 FIRST CAUSE OF ACTION................................................................24

        C.2 SECOND CAUSE OF ACTION...........................................................24

1          C.3 THIRD CAUSE OF ACTION..........................................................................26

2          C.4 FOURTH CAUSE OF ACTION .....................................................................27

3          C.5 FIFTH CAUSE OF ACTION..........................................................................29

4          C.6 SIXTH CAUSE OF ACTION .........................................................................32

5          C.7 SEVENTH CAUSE OF ACTION ...................................................................34

6          C.8 EIGHTH CAUSE OF ACTION.......................................................................37

7          C.9 NINTH CAUSE OF ACTION ........................................................................39

8          C.10 TENTH CAUSE OF ACTION.......................................................................41

9          C.11 ELEVENTH CAUSE OF ACTION ...............................................................43

10         C.12 TWELFTH CAUSE OF ACTION ................................................................45

11    D. PRAYER FOR RELIEF (as to Amazon.com Services LLC) .....................................47

12    E.Amazon.com, Inc...........................................................................................48

13 VII. JURY DEMAND.............................................................................................48

14 VIII. VERIFICATION AND SIGNATURE ...............................................................48

15

16

17

18

# THIRD AMENDED COMPLAINT – PURSUANT TO 05/21/2025 ORDER

## I. INTRODUCTION AND PRELIMINARY STATEMENT (Enhanced)

Plaintiff Yun Peng brings this action against ACI Gift Cards LLC and Amazon.com Services LLC for systemic deception, concealment, and misuse of personal data. Plaintiff is a non-English-speaking asylum seeker who, during the events at issue, was diagnosed with anxiety disorder and reliant on sedative medication that impaired cognitive judgment. In this vulnerable state, Plaintiff relied on the packaging and platform representations to complete essential purchases, only to face repeated account suspensions and the unexplained freezing of over $1,600 in gift card balances.

This Third Amended Complaint is submitted in accordance with the Court's June 9, 2025 order, and it:

Adds factual specificity regarding fraud, reasonable reliance, privacy violations, and emotional distress;

Confirms that formal notice under the Consumer Legal Remedies Act (CLRA) has been served and adjusts the requested relief accordingly;

Retains and amends only those causes of action that were preserved or permitted for amendment by the Court.

Plaintiff respectfully requests that this action proceed on its merits, seeking accountability under California and federal law, including claims under the CLRA, UCL, FAL, common law fraud, and consumer privacy statutes.

## II. PARTIES

Plaintiff Yun Peng is an individual residing in Rosemead, California. Plaintiff is a recent immigrant with limited English proficiency, no prior experience with U.S. e-commerce platforms, and a history of diagnosed anxiety disorder. At all relevant times, Plaintiff acted as a consumer purchasing goods and services for personal use and suffered serious psychological harm due to Defendants' actions, including a diagnosis of post-traumatic stress disorder (PTSD).

Defendant ACI Gift Cards LLC ("ACI") is a Delaware limited liability company,

1   registered to do business in California. ACI issues and distributes Amazon-branded gift cards

2   and is responsible for their marketing, terms, and packaging design.

3          Defendant Amazon.com Services LLC ("Amazon Services") is a Delaware limited

4   liability company and a wholly owned subsidiary of Amazon.com, Inc., providing e-commerce

5   and account-related services on the Amazon.com platform, including user verification and

6   fraud prevention.

7          Defendant Amazon.com, Inc. is a Delaware corporation and parent company of Amazon

8   Services. Plaintiff no longer asserts claims against Amazon.com, Inc. following the Court's

9   order sustaining its demurrer without leave to amend.

10  **III. JURISDICTION AND VENUE**

11         This Court has subject matter jurisdiction over this action pursuant to California's general

12  civil jurisdiction.

13         Venue is proper in the Superior Court for the County of San Francisco under Cal. Code

14  Civ. Proc. §395(a), because substantial parts of the events and transactions at issue—namely,

15  the purchase and attempted use of ACI-issued gift cards and the operation of the Amazon.com

16  platform—occurred in San Francisco County, where Amazon maintains a significant

17  commercial presence.

18         The Court also has personal jurisdiction over all named Defendants because each

19  defendant regularly conducts business in California, purposefully directs commercial activity

20  to California consumers, and maintains sufficient minimum contacts with the state such that

21  the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.

22  **IV. BACKGROUND AND KEY EVENTS (Revised)**

23         Plaintiff, a non-English-speaking asylum seeker with anxiety disorder, relied on ACI gift

24  cards and Amazon prompts to purchase essential items. Misled by incomplete packaging and

25  ambiguous system language, Plaintiff experienced repeated account suspensions and lost over

26  $2,500 in balances despite full compliance. Following these events, Plaintiff was formally

27  diagnosed with post-traumatic stress disorder (PTSD), lost the ability to work, and suffered

28  severe mental and economic harm. Defendants' deceptive practices and misuse of personal data

1  directly caused these injuries.

2  **V. STATEMENT OF FACTS**

3      **A. Personal Background and Initial Hardship**

4      Plaintiff suffers from anxiety disorder and has long relied on anti-anxiety and sleep

5  medications. On April 25, 2024, Plaintiff entered the United States on a B2 visa to seek asylum.

6  Plaintiff does not speak English.

7      On May 21, 2024, Plaintiff was robbed at Stanford University and lost nearly all personal

8  belongings, retaining only a wallet. This incident led to severe hardship.

9      On June 17, 2024, due to worsening anxiety, Plaintiff began taking the sedative Trazodone,

10  which impaired Plaintiff's cognitive judgment.

11      On June 24, 2024, Plaintiff was again robbed inside a FedEx store, losing the wallet and

12  remaining cash. With no family or friends to rely on, Plaintiff fell into deeper crisis.

13      **B. First Gift Card Purchase and Amazon Account Suspension**

14      To purchase food and essential supplies, Plaintiff was forced to buy Amazon.com

15  electronic gift cards through China's Alipay system on Taobao. These cards were issued by

16  ACI Gift Cards LLC and were used to register an Amazon account (email:

17  [msma529370228@gmail.com]).

18      On June 25, 2024, U.S. Citizenship and Immigration Services (USCIS) issued a Notice of

19  Intent to Deny (NOID) to Plaintiff, requiring submission of additional documentation within a

20  set period. To prepare these materials, Plaintiff purchased a MacBook on Amazon, resulting in

21  heightened emotional stress.

22      On June 26, 2024, Amazon.com Services LLC (hereafter "Amazon") suspended

23  Plaintiff's account citing "unusual payment activity" without providing order numbers,

24  payment details, or any clear definition of "unusual activity."

25      Plaintiff attempted to appeal the suspension via Amazon's system, which only allowed

26  uploading five images and 200 characters of explanation, with no access to a live support agent

27  or formal appeal process.

28      After Plaintiff uploaded gift card images, the account was briefly reinstated but was again

1    suspended on June 28, 2024 for the same "unusual activity" reason. Amazon still provided no

2    explanation. Plaintiff was locked out of the account and could not access orders, account

3    settings, or balance information.

4        Plaintiff subsequently submitted all requested documentation, including payment proof,

5    address, contact details, name, phone number, and gift card information. Plaintiff also

6    submitted a written warning to Amazon asserting that its account suspension practices may

7    violate multiple federal and California consumer protection laws. The account remained

8    suspended.

9        In early July 2024, after Plaintiff resubmitted the documentation a second time with no

10   resolution, Plaintiff sent a formal written warning letter in English to Amazon. This letter

11   outlined in detail how Amazon's conduct may violate the following laws:

12       •    Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45) – Unfair business

13   practices;

14       •    Consumer Protection Laws – Lack of fair process and clear explanation;

15       •    Section 908 of the Electronic Fund Transfer Act (15 U.S.C. § 1693f) – Failure to

16   investigate disputed transactions;

17       •    Section 605B of the Fair Credit Reporting Act (15 U.S.C. § 1681c-2) – Mishandling

18   of identity-theft-related disputes;

19       •    Section 502 of the Gramm-Leach-Bliley Act (15 U.S.C. § 6802) – Failure to notify

20   and authorize data sharing;

21       •    Section 1798.120 of the California Consumer Privacy Act (CCPA) – Non-transparent

22   handling of personal information;

23       •    California Civil Code Section 1670.5 – Unconscionable contract provisions;

24       •    California Business & Professions Code Section 17200 – Unfair business acts and

25   practices.

26       The letter also listed nine core violations of consumer protection principles in Amazon's

27   platform operation, including: account suspension without notice, lack of appeal mechanisms,

28   disproportionate measures, failure to preserve evidence, lack of transparency, refusal to fulfill

1  confirmed orders, deprivation of data access, and non-compliance with laws and fairness
2  standards. The letter urged Amazon to promptly remedy its conduct and restore user rights but
3  received no response.

4      On July 2, 2024, Amazon canceled all unshipped orders from Plaintiff's account,
5  including food and the MacBook intended for asylum preparation. Plaintiff appealed for
6  humanitarian exception to preserve food orders, but Amazon did not respond.

7      On July 12, 2024, Amazon permanently closed the Plaintiff's account and froze the entire
8  gift card balance, approximately $1,600.

9      **C. Second-Phase Gift Card Purchases and Reasonable Reliance**

10     Due to language barriers, unfamiliarity with transportation, and the ongoing stress of
11  seeking asylum, Plaintiff was effectively unable to shop independently in physical stores. The
12  account suspension severely impacted Plaintiff's ability to obtain food and necessities.

13     Plaintiff's gift card purchases occurred in two phases. The first phase happened while
14  Plaintiff was under the cognitive influence of Trazodone and thus lacked the capacity to
15  understand the language on packaging or the terms of the transaction. As such, there was no
16  genuine meeting of the minds, and no valid contract was formed.

17     Following the suspension of the first account, Plaintiff still faced significant obstacles to
18  shopping and decided to continue using the convenience of online platforms. Plaintiff used
19  cash to purchase several Amazon gift cards from U.S. retail stores including Walgreens, CVS,
20  and Whole Foods Market, with a total value exceeding $905.

21     During this second phase, Plaintiff attempted to understand the information on the gift
22  card surfaces using translation tools. The front of the card only displayed the brand logo and
23  dollar value, with no visible terms or restriction alerts. This led Plaintiff to reasonably conclude
24  that the card was freely usable without special conditions. Since the card front is the first thing
25  consumers see and is typically the sole basis for purchase decisions, this impression was crucial.

26     Though the back of the card included a small-font English paragraph and an external link,
27  the text was tiny, not highlighted, and provided no guidance or summary. Plaintiff lacked
28  English proficiency and received no explanation from sales staff or digital prompts. With no

scanning required, no summary provided, and no agreement to terms requested, Plaintiff's reliance on the visible card design was reasonable under their language and situational constraints.

Based on this design and default impression, Plaintiff decided to pay cash to purchase and redeem these cards on Amazon for essential purchases. Had Plaintiff been aware of potential account bans, refund obstacles, or risk control mechanisms, the transaction would never have occurred. Thus, Plaintiff's reliance on the appearance and perceived unrestricted use of the gift cards constitutes protected reasonable reliance.

On July 17, 19, 26, and 27 of 2024, Plaintiff purchased additional cards and registered a new Amazon account using the email 529370228@qq.com.

During registration, Plaintiff encountered keywords on Amazon's website such as "Privacy," "Security," and "Trust." Although Plaintiff did not read the full Terms of Service, the basic understanding of these keywords fostered a sense of trust in Amazon's reliability.

Plaintiff acknowledges that a detailed reading of Amazon's privacy policies occurred only afterward. However, this does not negate the fact that Plaintiff was misled by the platform's branding and keywords at the time of action. This delayed realization of deception is a natural response for linguistically disadvantaged consumers and should be legally protected.

On July 29, 2024, the newly registered account was suspended. Following a system prompt, Plaintiff submitted physical photos of the gift cards used for redemption, and the account was briefly restored.

However, on August 1, 2024, the account was again suspended. Plaintiff then submitted all requested documents, including payment records, receipts, full name, phone number, email address, delivery address, front and back photos of the gift cards, and the last four digits of the linked bank account.

Amazon subsequently used Plaintiff's identity verification information—including address, phone number, bank details, and payment evidence—to perform cross-account identification and concluded that the new account belonged to the same individual. Based on this, Amazon permanently suspended the account and denied Plaintiff access. Plaintiff is now

1  unable to use or access any personal data associated with the account.

2  **D. Harm Suffered by Plaintiff**

3  Since the last account termination, Plaintiff experienced escalating psychological

4  symptoms, including panic attacks, social isolation, and recurrent nightmares. Plaintiff was

5  unable to sleep properly for weeks, avoided all online purchases for fear of retaliation, and

6  developed intense distrust of digital platforms.

7  Due to this condition, Plaintiff was forced to cease seeking work opportunities and has

8  relied solely on medical coping tools. In September 2024, Plaintiff was formally diagnosed

9  with PTSD by a licensed psychiatrist, with recommendation for long-term therapy and

10  monitoring.

11  **E. Systematic Fraud Design, Concealment, and Privacy Invasion**

12  After repeated account suspensions, repeated demands for documentation, and the

13  freezing of account balances, Plaintiff carefully reviewed the sequence of events and devoted

14  significant time and effort to reading ACI's gift card packaging, Amazon's public privacy

15  policies, system design statements, and user rights declarations. Through this review, Plaintiff

16  identified extensive patterns of systemic fraud and privacy violations by both Defendants:

17  **E.1 ACI Gift Cards LLC – Structural Concealment and Fraudulent Design**

18  Amazon.com gift cards are designed and issued by ACI Gift Cards LLC and sold in

19  physical form at national retail chains such as Walgreens, CVS, and Whole Foods Market. Each

20  card consists of a physical plastic card enclosed in a paper-based package, with different

21  information printed on the front and back.

22  The front of the card is the primary visual interface seen by consumers on store shelves

23  and typically the only visible surface during purchase. This surface displays only the Amazon

24  logo, denomination (e.g., "$50", "$100"), and some decorative artwork. It contains no

25  indications of terms of use, risk warnings, disclaimers, redirect URLs, or QR codes. Despite

26  having ample space to display key disclaimers such as "only redeemable for eligible items" or

27  "see terms for conditions," the issuer intentionally omits such disclosures, resulting in a

28  deliberate silence regarding important usage limitations.

On the bottom of the back of the card, three critical statements are printed in very small gray font: (1) "Redeemable only for eligible items on Amazon.com or certain US affiliates."—yet no definition is provided for "eligible items" or "certain affiliates"; (2) "Other restrictions apply."—without listing any of those restrictions or consequences; and (3) "See full terms: amazon.com/gc-legal."—which links only to an English webpage, with no summary, visual cue, QR code, or multilingual support.

These three statements have material implications for consumer rights, including whether a card can be redeemed, whether accounts may be frozen, and whether funds can be forfeited. Yet none of this critical information is prominently presented on the packaging or visible to consumers prior to purchase. In contrast, the most visually prominent content on the card back—such as "NO VALUE UNTIL ACTIVATED AT REGISTER" (in all caps) and an anti-fraud warning on a yellow background—relates only to operational instructions or Amazon's own disclaimers, not consumer rights.

This kind of visual asymmetry constitutes classic selective disclosure. The issuer clearly had the ability to provide conspicuous warnings to users but chose to apply bold fonts, colors, and highlights only to content that serves the platform's interests, while diminishing, hiding, or structurally obscuring key terms that limit users' rights. Even a diligent consumer observing the card would be unable to make a fully informed decision without visiting a website, using a translator, or knowing the risks in advance.

Furthermore, the gift card purchase process lacks any contract confirmation mechanism. Retail staff provide no disclosure; the checkout system does not prompt a terms review; no summary page is provided; and the user is not required to confirm agreement. The transaction mirrors that of purchasing ordinary consumer goods at a supermarket and deprives consumers of a meaningful opportunity to understand limitations, refund policies, or account risk.

Taken together, this disclosure structure is not an accidental omission—it reflects ACI's systemic control over packaging and information architecture, intentionally designed as a business strategy. Despite being aware of serious usability issues (e.g., account bans, no refunds, no appeals), ACI deliberately embedded its key usage terms in obscure text, vague language,

1   and deep-link webpages. The goal was to mislead consumers into believing the cards were

2   widely usable and equivalent to cash, constituting fraudulent concealment, structural deception,

3   and systematic misleading practices in violation of California consumer protection laws.

4      **E.2 Amazon.com Services LLC – Deceptive Promissory Conduct**

5      On July 29, 2024, Plaintiff's newly registered Amazon account was again suspended by

6   Amazon on the grounds of "unusual payment activity," marking the third account freeze.

7      System prompts instructed Plaintiff to upload billing address, phone number, card images,

8   and payment proof. Plaintiff complied fully with these instructions.

9      Language used in the system included statements such as "This is required to remove the

10  hold on your account" and "If you promptly submit this form and attach a supporting document,

11  we may be able to remove the hold more quickly," which created the expectation that the

12  account could be restored.

13     Plaintiff, relying on these messages, submitted comprehensive documentation in two

14  rounds, including name, phone number, bank account number, transaction screenshots, receipts,

15  and address details.

16     Amazon provided no access to human reviewers. The system merely responded that

17  "information submitted is insufficient," without explaining what was missing or providing any

18  process for correction.

19     Although the system stated, "we have temporarily placed your account on hold so we

20  could review it with you," no interaction or human review ever occurred.

21     Ultimately, Plaintiff's account was permanently suspended and the balance frozen without

22  any explanation, review criteria, or remedy.

23     During the suspension, Plaintiff could not access order history, redemption information,

24  or balance records and had no ability to export data or appeal.

25     Upon reviewing Amazon's "Privacy & Customer Trust" webpage, Plaintiff discovered

26  public promises including: "We take your data privacy seriously," "We give customers control

27  over privacy choices," and "Customers can view their data activity through our Account

28  Transparency tools."

1    These promises were not upheld. Plaintiff's experience during the account suspension was

2    entirely opaque and lacked any data control.

3    Plaintiff contends that this suspension and data collection process constitutes promissory

4    fraud. Amazon induced Plaintiff to cooperate and upload sensitive information by using

5    ambiguous and misleading language, with no genuine intent to restore the account.

6    This one-way submission process—devoid of feedback or meaningful recovery—

7    amounts to systemic deception and a violation of the customer's reliance interest.

8    **E.3 Amazon.com Services LLC – Privacy Violations and Misuse of Personal Data**

9    During the second account suspension, Plaintiff submitted multiple pieces of personal

10   information in accordance with system prompts, including name, address, email, phone number,

11   last four digits of bank card, gift card photos, and payment receipts. The prompt read: "If you

12   promptly submit this form and attach a supporting document, we may be able to remove the

13   hold more quickly," leading Plaintiff to reasonably believe that this information would be used

14   solely for account recovery.

15   Plaintiff later discovered that Amazon used the submitted information to cross-reference

16   and match data from the previously suspended account. Amazon concluded the accounts were

17   operated by the same person and permanently banned the new account. Plaintiff was never

18   informed that the submitted materials would be used for "cross-account identification," nor

19   was Plaintiff notified that Amazon reserved internal authority to penalize users based on such

20   analysis.

21   Amazon's user agreement includes only a single vague statement: "Please review our

22   Privacy Notice, which also governs your use of Amazon Services, to understand our practices."

23   This statement fails to substantively disclose how personal information will be used. It includes

24   no direct link, summary, or interactive notice. During the registration, submission, or appeal

25   process, Amazon never presented the full privacy policy, nor did it explain that the submitted

26   information would be used for identity matching, risk control, or enforcement. There was no

27   mechanism for informed consent or opt-out.

28   Amazon has long used promotional language across its platforms such as "We take your

Case 3:25-cv-06944    Document 1-8    Filed 08/15/25    Page 15 of 50

CGC-24-617965          Peng v. ACI Gift Cards LLC et al.          SUPERIOR COURT OF SANFRICISCO

1  privacy seriously," "You have control over how your data is used," and "We are committed to

2  transparency." These marketing statements foster a brand image of data respect. However, in

3  this case, Plaintiff—who is linguistically disadvantaged and a vulnerable consumer—was not

4  fully informed or empowered. The sensitive personal data Plaintiff provided was used in a

5  hidden secondary function that directly caused severe consequences.

6      Furthermore, following the suspension of both accounts, Plaintiff was entirely stripped of

7  access to their personal data. Plaintiff could not log into the account or view past purchases,

8  recharge records, order statuses, or balance details. Plaintiff could not export, modify, or delete

9  any data. Amazon did not provide data copies, did not activate the "Account Transparency"

10  page, and did not allow access to the data fields or criteria used for identity matching. This

11  "one-way collection, permanent lockdown, zero user access" model completely deprived

12  Plaintiff of usage, control, and appeal rights over personal information.

13      Amazon's conduct stands in stark contrast to its public commitments to user control and

14  data transparency, amounting to a fundamental violation of informational self-determination

15  and personal privacy rights.

16  **VI. Cause of action**

17      **A. Claims Against Defendant ACI Gift Cards LLC**

18      **A.1 FRIST CAUSE OF ACTION**

19      Plaintiff acknowledges that the Court sustained the demurrer to the First Cause of Action

20  for Declaratory Relief against ACI Gift Cards LLC in its May 21, 2025 Order. Accordingly,

21  this cause of action is not re-alleged in the present complaint.

22      **A.2 SECOND CAUSE OF ACTION**

23      Violation of the California Consumers Legal Remedies Act (Civil Code §1770)

24      Against Defendant ACI Gift Cards LLC

25      **a. Incorporation by Reference**

26      Plaintiff realleges and incorporates by reference all preceding allegations, especially those

27  concerning the purchase, recharge, and attempted use of Amazon gift cards issued by

28  Defendant ACI Gift Cards LLC ("ACI"), as though fully set forth herein.

**b. Standing and Applicability**

ACI is a "person" within the meaning of Civil Code §1761(c), and the Amazon gift cards it sold constitute "goods" under Civil Code §1761(a). Plaintiff is a "consumer" under §1761(d), who purchased these cards during a period of hardship for personal and household purposes.

**c. Violations of the CLRA**

In the design, marketing, and sale of the gift cards, ACI engaged in multiple unlawful practices in violation of Civil Code §1770(a), including but not limited to:

1. §1770(a)(5): Representing that goods have characteristics or uses they do not in fact possess;

2. §1770(a)(7): Representing that goods are of a particular standard, quality, or grade when they are of another;

3. §1770(a)(9): Advertising goods with the intent not to sell them as advertised;

4. §1770(a)(14): Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve;

5. §1770(a)(16): Representing that goods have been supplied in accordance with a previous representation when they have not.

These violations include, among other things, ACI's failure to disclose consumers' statutory right under California Civil Code §1749.5(b)(2) to redeem gift card balances under ten dollars for cash. This omission constitutes a direct violation of §1770(a)(14), as it misrepresents the legal remedies available to consumers under California law.

**d. Deceptive Practices and Omission**

Specifically, ACI's gift cards omitted or concealed critical information about usage limitations, refund restrictions, and account-based risks. The front of the card, which is the main visual interface at the retail shelf, showed only the Amazon logo and face value (e.g., "\$50", "\$100"), with no mention of limitations, risks, or statutory rights. Had Plaintiff known these limitations at the time, she would not have made the purchase.

While the back of the card included tiny English disclaimers such as "redeemable only for eligible items," "other restrictions apply," and a link to external terms at amazon.com/gc-legal,

1    these were not summarized, highlighted, translated, or explained through any in-store notice,

2    employee instruction, or opt-in confirmation mechanism.

3        ACI, as the designer and issuer, had full ability to disclose such information through card

4    fronts, in-store prompts, receipts, or packaging inserts, but chose not to do so. This "selective

5    omission" was not a technical oversight, but a deliberate commercial decision to suppress

6    disclosure, constituting deceptive concealment under the CLRA.

7        **e. Causation and Damages**

8        Based on the packaging, Plaintiff reasonably believed the card functioned as unrestricted

9    cash or general store credit, and proceeded with purchase and activation. She later encountered

10   account freezes, balance forfeiture, and lack of recourse—all contradicting her reasonable

11   expectations.

12       ACI's conduct caused Plaintiff to acquire goods that materially deviated from her

13   understanding, resulting in financial harm (including over \$900 in the second round of

14   purchases) and emotional trauma. These practices fall squarely within the scope of unlawful

15   conduct under the CLRA.

16       **f. Statutory Interpretation**

17       Pursuant to California Civil Code §1770, a violation of any one of the enumerated

18   provisions—§1770(a)(5), (7), (9), (14), or (16)—is independently sufficient to establish

19   liability under the Consumers Legal Remedies Act. Plaintiff asserts all five as alternative and

20   cumulative grounds for relief.

21       **g. CLRA Notice Compliance**

22       On May 20, 2025, Plaintiff served a written notice pursuant to California Civil Code

23   §1782(a) to ACI Gift Cards LLC, identifying the specific violations alleged herein and

24   demanding correction. On June 20, 2025, counsel for ACI responded in writing, denying all

25   allegations and refusing to offer any correction or restitution. Accordingly, under Civil Code

26   §1782(d), Plaintiff now seeks both injunctive and monetary relief, including actual damages,

27   punitive damages, and attorneys' fees as authorized by statute.

28       **h. Relief Requested**

1    Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

2    below.

3    **A.3 THIRD CAUSE OF ACTION**

4    Violation of California Unfair Competition Law (Bus. & Prof. Code §17200)

5    – Against Defendant ACI Gift Cards LLC

6    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully

7    set forth herein.

8    Plaintiff brings this claim under California Business and Professions Code §17200 et seq.

9    (the "Unfair Competition Law" or "UCL"), which prohibits any unlawful, unfair, or fraudulent

10   business act or practice.

11   Defendant ACI Gift Cards LLC ("ACI"), in the design, marketing, and distribution of

12   Amazon.com gift cards, engaged in business practices that were simultaneously unlawful,

13   unfair, and fraudulent, and which directly caused harm to Plaintiff and other consumers.

14   **a. Unlawful Business Practices**

15   ACI violated multiple legal obligations and public policy provisions, each of which

16   constitutes an "unlawful" business practice under the UCL, including but not limited to:

17   Violation of the Consumers Legal Remedies Act (CLRA), Civ. Code §1770(a)(5), (7), (9),

18   (14), and (16): ACI misrepresented the usability and applicability of its gift cards, and

19   intentionally withheld material limitations on redemption, refundability, and account risks—

20   even though it had full ability to disclose such terms through card design and point-of-sale

21   processes.

22   Violation of California Civil Code §1749.5(d): This statute guarantees consumers the right

23   to redeem gift card balances under $10 for cash. ACI failed to disclose this statutory right on

24   packaging, at the point of sale, or during redemption, depriving consumers of a core legal

25   entitlement.

26   Violation of Civil Code §1670.5: ACI embedded unconscionable terms into the gift card

27   product without disclosing them in advance or obtaining meaningful consent from consumers.

28   Violation of basic consumer contract principles: ACI did not present essential terms prior

1  to purchase, depriving consumers of informed consent or the opportunity to understand the true

2  nature of the transaction.

3      Violation of California False Advertising Law (Bus. & Prof. Code §17500): ACI used

4  misleading packaging and promotional design that highlighted monetary value and brand

5  image while omitting material limitations—creating a deceptive overall impression in violation

6  of California's prohibition on false or misleading advertising.

7  **b. Unfair Business Practices**

8      Even independent of any specific statutory violation, ACI's conduct constitutes unfair

9  business practices under the UCL, including:

10      The front face of the gift card displayed only Amazon branding and monetary value,

11  without any restrictions or legal disclaimers, creating a misleading impression of unrestricted

12  use;

13      The back side of the card displayed vague language such as "redeemable only for eligible

14  items" and "other restrictions apply" in extremely small font, with a reference to a legal URL

15  (amazon.com/gc-legal) provided only in English;

16      No point-of-sale disclosures, warnings, summaries, or opt-in processes were presented.

17  The entire purchasing experience resembled that of a standard consumer product, depriving

18  consumers of the ability to make informed judgments;

19      ACI failed to alert consumers to the real possibility of account freezes, forfeiture of value,

20  non-refundability, or an inability to dispute outcomes;

21      These practices, taken together, misled consumers, deprived them of informed choice, and

22  structured the transaction in a way that consumers could not reasonably detect or avoid the

23  harm.

24  **c. Fraudulent Business Practices**

25      ACI's conduct also violated the UCL's prohibition on fraudulent business practices,

26  including both affirmative misrepresentations and fraudulent omissions:

27      Affirmative Misrepresentation: The visual appearance and marketing of the gift card—

28  including its front-facing branding and absence of visible terms—falsely conveyed that the

1   card was equivalent to unrestricted cash or general-purpose credit.

2   Fraudulent Concealment: ACI deliberately withheld material information that would have

3   influenced consumer decisions, including the statutory right to cash redemption for balances

4   under $10, the risk of account-based forfeiture, and the dependence on opaque internal review

5   systems. Despite having full control over card design and packaging, ACI failed to make these

6   risks visible or accessible.

7   **d. Summary**

8   Taken together, Plaintiff has identified and pleaded twelve specific business practices by

9   ACI that fall within the unlawful, unfair, and fraudulent prongs of California's Unfair

10  Competition Law. Any one of these behaviors is sufficient to establish a UCL violation, and

11  the Court may sustain this cause of action on any such basis.

12  **e. Relief Requested**

13  Wherefore, Plaintiff respectfully requests that the Court grant relief as set forth in the

14  Prayer for Relief below.

15  **A.4 FOURTH CAUSE OF ACTION**

16  Violation of the California False Advertising Law (Bus. & Prof. Code §17500)

17  – Against Defendant ACI Gift Cards LLC

18  Plaintiff realleges and incorporates by reference all preceding paragraphs, especially those

19  concerning her purchase and attempted use of Amazon gift cards issued by Defendant ACI Gift

20  Cards LLC ("ACI"), as though fully set forth herein.

21  **a. Legal Basis and Applicability**

22  Under California Business and Professions Code §17500, it is unlawful for any business

23  or individual to make or disseminate, in any medium—including oral, written, printed, graphic,

24  labeling, or otherwise—any statement which is false or misleading, and which is known, or

25  should be known, to be likely to deceive members of the public.

26  ACI, as the issuer and designer of Amazon gift cards, distributed these products through

27  retail channels across California, including Walgreens, CVS, and Whole Foods. The cards

28  prominently featured the Amazon logo and fixed face values (e.g., "\$50", "\$100"), and were

marketed through physical shelf presence and packaging. These materials constitute commercial advertising under §17500.

**b. Misleading Advertising Conduct**

The design and packaging of ACI's Amazon gift cards conveyed false or misleading impressions, specifically:

The card front displayed only the Amazon brand, face value, and decorative elements, with no reference to any limitations, risks, or conditions;

The card back included fine-print text such as "redeemable only for eligible items" without defining "eligible" or listing excluded categories;

The phrase "see full terms at amazon.com/gc-legal" lacked any summary, QR code, or multilingual guidance, and no point-of-sale prompt, employee explanation, receipt notice, or visual alert directed consumers to review these terms;

Consumers, particularly those shopping in retail environments, had no practical opportunity to discover key restrictions prior to purchase, including account freeze risk, loss of balance, refund limitations, and dispute barriers.

**c. Falsity and Likelihood to Mislead**

The only information consumers encountered before purchase was the visual appearance of the card's front, which strongly conveyed the impression of cash-equivalent functionality. However, the cards:

Were not usable on all products;

Could be rendered void if an account was suspended;

Could not be refunded;

Carried hidden risks not disclosed prior to purchase.

In practical shopping settings, such as convenience shelves or grocery store counters, consumers were not reasonably positioned to pause, locate, and read lengthy legal disclaimers online—especially when the packaging contained no hint that such action was necessary.

ACI's advertising scheme amplified brand trust while concealing material restrictions, creating a systematic visual deception. Under California precedent—including People v.

1  Overstock.com, Inc., 12 Cal. App. 5th 1064 (2017)—even partially truthful statements may be

2  unlawful if key information is omitted in a way likely to mislead reasonable consumers.

3      **d. Injury and Harm**

4      Relying on the advertising and presentation of the gift cards, Plaintiff purchased multiple

5  cards during her second phase of acquisition (totaling over \$900). Upon attempting redemption,

6  she experienced account suspension, fund forfeiture, inability to secure refunds, and a complete

7  lack of dispute resolution mechanisms.

8      These harms were proximately caused by ACI's misleading advertising and concealment

9  of material terms. Had the limitations been reasonably disclosed, Plaintiff would not have made

10  the purchase.

11      **e. Relief Requested**

12      Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

13  below.

14      **A.5 FIFTH CAUSE OF ACTION**

15      (Fraudulent Concealment / Omission – Against ACI Gift Cards LLC)

16      Plaintiff re-alleges and incorporates by reference all preceding paragraphs, especially

17  those concerning Plaintiff's purchase of Amazon gift cards issued by Defendant ACI Gift Cards

18  LLC ("ACI") from retail stores in California (including Walgreens, CVS, and Whole Foods) in

19  July 2024.

20      **a. Material Facts Concealed by Defendant**

21      ACI, as the designer, issuer, and distributor of Amazon gift cards, knowingly concealed

22  multiple material facts that directly impacted consumer rights and usage of the cards. These

23  concealed facts include, but are not limited to:

24      Consumers are legally entitled to redeem gift card balances under \$10 for cash under

25  California Civil Code §1749.5(c). While the Court previously ruled that this could not form an

26  independent cause of action, it expressly held that "Plaintiff may reassert this theory under

27  fraud-based causes of action," and thus Plaintiff incorporates it here.

28      The gift cards are only redeemable for undefined "eligible items," a term not explained or

1    clarified on the card or packaging.

2          The cards can only be used via an Amazon platform account, which is subject to

3    suspension at Amazon's sole discretion, without prior notice or human review. Once suspended,

4    the account balance becomes inaccessible and non-refundable.

5          The cards are functionally dependent on account status and are subject to automatic risk-

6    detection triggers that may lead to permanent loss of funds, even when the consumer has

7    committed no misconduct.

8          Consumers are not presented with any full terms of use prior to purchase, nor are they

9    alerted by store personnel, system prompts, or contract confirmation mechanisms.

10         The risks above can result in complete forfeiture of funds before any use, with no refund,

11   appeal, or remedy available.

12         These facts materially affect a consumer's ability to use the card, retrieve funds, or seek

13   recourse. They constitute "material facts" under California fraud law, as they go directly to the

14   product's core functionality and value.

15         **b. Defendant's Knowledge and Intentional Concealment**

16         As the sole designer and issuer of the gift cards, ACI had full control over product structure,

17   packaging content, and the retail sales process. ACI was fully aware that the above limitations

18   could significantly impair consumer rights and expectations, yet chose a systemic concealment

19   strategy.

20         Specifically, ACI deliberately omitted any mention of restrictions on the card's front face,

21   which is the first and most visible interface for consumers. That area only displayed the

22   Amazon logo, the card's face value (e.g., "\$50" or "\$100"), and decorative graphics—without

23   any mention of usage restrictions, account linkage requirements, or risks of suspension and

24   forfeiture. This omission was not an oversight, but a calculated decision to create the visual

25   impression that the card functioned like unrestricted store credit or cash equivalent.

26         ACI had ample space and technical ability to display basic warnings—such as "See full

27   terms before use" or "Not valid for all purchases"—on the front face or packaging insert, but

28   consciously chose not to do so. This intentional silence constitutes fraudulent concealment

1   under California law.

2       Although the back of the card included three lines of fine print, they were:

3       Printed in extremely small gray font;

4       Contained undefined and ambiguous terms such as "eligible items" and "certain affiliates";

5       Referred to an external website (amazon.com/gc-legal) without QR code, language

6   support, or summary of content.

7       In contrast, content unrelated to consumer rights—such as "NO VALUE UNTIL

8   ACTIVATED AT REGISTER" and anti-fraud notices—were printed in all-caps, bold, and often

9   with color highlights (e.g., yellow backgrounds), making them the most prominent visual

10  elements on the card.

11      This contrast in visual emphasis amounts to intentional visual misdirection. ACI

12  strategically used design to highlight operational disclaimers that serve its own legal

13  protections, while obscuring or burying consumer-facing limitations that could deter purchases.

14  Such "selective disclosure by design" goes beyond mere packaging preference and constitutes

15  a systemic violation of the consumer's right to know.

16      Furthermore, the retail purchase process included no disclosure mechanisms. Store

17  employees provided no explanation, no terms were presented at checkout, and the purchase

18  resembled a normal transaction for a household good—depriving the consumer of any

19  awareness that the card was bound to hidden limitations and risks.

20      These acts were not accidental but the result of ACI's deliberate exercise of control over

21  card design, messaging, and distribution channels. They represent textbook fraudulent

22  concealment under California law.

23      **c. Plaintiff's Justifiable Reliance**

24      Plaintiff relied on the visible presentation of the gift card—specifically the front-facing

25  appearance and absence of any warning language—to reasonably infer that the card functioned

26  as unrestricted store credit or a cash equivalent. This belief was formed without access to

27  English-language disclaimers, without any opportunity to review terms, and in the absence of

28  any affirmative notice by the seller.

1    Had Plaintiff known about the limitations, risks, and account dependency of the card prior

2    to purchase, Plaintiff would not have completed the transaction or loaded the balance onto an

3    Amazon account. This reliance was both reasonable and foreseeable.

4       **d. Actual Harm and Emotional Distress**

5       In the second round of purchases, Plaintiff spent over \$900 on ACI-issued gift cards.

6    Upon attempting to redeem these cards on Amazon's platform, Plaintiff encountered:

7       Immediate account suspension and loss of access;

8       Inability to obtain refunds or reach human review;

9       Final rejection after multiple document submissions;

10      Permanent forfeiture of all card balances with no visibility into transaction history or

11   appeal process.

12      This caused Plaintiff—already in a vulnerable asylum-related and linguistic hardship

13   situation—to lose access to food and essential supplies, leading to prolonged mental suffering

14   and a formal diagnosis of Post-Traumatic Stress Disorder (PTSD) in September 2024.

15      **e. Relief Requested**

16      Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

17   below.

18      **B. PRAYER FOR RELIEF (as to ACI Gift Cards LLC)**

19      Plaintiff respectfully requests that the Court grant the following relief:

20      1. Full restitution of all amounts paid by Plaintiff for gift cards sold by ACI, regardless of

21   whether redemption was attempted, due to ACI's failure to disclose restrictions and

22   misrepresentations regarding usability;

23      2. General damages for financial hardship, frustration, and loss of use caused by ACI's

24   deceptive business practices;

25      3. Statutory damages under the CLRA and FAL, including \$1,000 per violation or as

26   otherwise permitted by law;

27      4. Punitive damages pursuant to California Civil Code §3294 for ACI's fraudulent,

28   oppressive, and malicious conduct in marketing and selling gift cards with undisclosed

limitations;

5. Injunctive relief requiring ACI to clearly disclose all material terms and limitations on gift card packaging, digital listings, and redemption interfaces;

6. An order requiring ACI to revise and clarify all ambiguous or misleading redemption policies and to provide transparent refund procedures;

7. Attorneys' fees and costs as authorized by law, including under the CLRA;

8. Pre-judgment and post-judgment interest as permitted by law;

9. A declaration that the conduct alleged in the foregoing causes of action constitutes unlawful, deceptive, or fraudulent activity

10. Such other and further relief as the Court deems just and proper.

**C. Amazon.com Services LLC**

**C.1 FIRST CAUSE OF ACTION**

(Declaratory Relief – Against Amazon.com Services LLC)

Plaintiff retains this cause of action pursuant to the Court's Order dated May 21, 2025, which overruled the demurrer as to the declaratory relief claim in the Second Amended Complaint. Plaintiff seeks a judicial declaration regarding the legal status and enforceability of Amazon's account suspension practices, gift card redemption restrictions, and data use policies, as further described in the Statement of Facts.

**C.2 SECOND CAUSE OF ACTION**

(False Advertising – Against Amazon.com Services LLC)

California Business and Professions Code § 17500

**a. Incorporation by Reference**

Plaintiff re-alleges and incorporates by reference all preceding paragraphs, particularly those concerning Amazon's account registration process, usage restrictions, data privacy practices, and consumer-facing representations. This cause of action corresponds to the Second Cause of Action in the Second Amended Complaint (SAC), as preserved and further supported by additional factual detail in this Third Amended Complaint (TAC).

**b. Legal Basis**

1    Under California Business and Professions Code § 17500, it is unlawful for any person or

2  entity, in California, to make or disseminate in any advertising medium—including websites,

3  labels, or commercial messages—any statement which is false or misleading, and which is

4  known or should be known to be false or misleading, for the purpose of inducing the public to

5  purchase goods or services.

6    This includes not only explicit falsehoods, but also misleading omissions, ambiguous

7  phrasing, structural deception, or promises inconsistent with actual business practices.

8  **c. Misleading Statements Made by Amazon**

9    Amazon made and continues to make the following consumer-facing representations

10  across its website interfaces and privacy policy pages:

11    "We take your privacy seriously"

12    "You have choices about how your data is used"

13    "You can view your account transparency records"

14    "We have built privacy into our services from the ground up"

15    "We work every day to earn your trust"

16    "We provide customers with transparency and control over their data"

17    These statements appear repeatedly as marketing slogans, policy headers, and registration

18  prompts, creating the impression that Amazon is a trustworthy platform where users can safely

19  engage, retain control over their information, and expect transparency in data handling.

20    However, in practice:

21    Plaintiff was not given any ability to control, review, export, modify, or delete personal

22  data after submission;

23    Amazon used Plaintiff's submitted data for cross-account matching and punitive

24  enforcement without disclosure or consent;

25    The account suspension process lacked human review, clear standards, or any remedy

26  mechanism;

27    The "account transparency record" feature was entirely unavailable and non-functional

28  for Plaintiff.

1  These discrepancies render Amazon's public-facing promises misleading, deceptive, and

2  materially inconsistent with its actual platform operations.

3  **d. Plaintiff's Justifiable Reliance and Harm**

4  While registering the second Amazon account (using the email address

5  [529370228@qq.com] and submitting verification information, Plaintiff repeatedly

6  encountered keywords and statements such as "privacy," "security," and "user control."

7  Although Plaintiff lacked full English proficiency, these messages created a reasonable belief

8  that Amazon's systems were safe and controllable.

9  Had Plaintiff known that the platform was operating under a unilateral, non-transparent,

10  and punitive structure—where submitted data would be used to link accounts and enforce

11  permanent suspension—Plaintiff would not have registered the new account or uploaded any

12  identifying documents.

13  Plaintiff's reliance on these representations was not merely abstract; it directly influenced

14  Plaintiff's decision to submit sensitive personal data, which ultimately led to concrete harm—

15  namely, account termination, monetary loss, and psychological distress.

16  **e. Relief Requested**

17  Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

18  below.

19  **C.3 THIRD CAUSE OF ACTION**

20  (Unjust Enrichment – Against Amazon.com Services LLC)

21  California Quasi-Contract Doctrine

22  **a. Incorporation by Reference**

23  Plaintiff re-alleges and incorporates by reference all preceding paragraphs, including those

24  describing Plaintiff's provision of funds, personal data, and participation in Amazon's

25  verification and appeal process.

26  **b. Legal Basis**

27  Under California law, unjust enrichment is a quasi-contractual doctrine that applies when

28  one party unjustly retains a benefit at the expense of another. Although not always pled as an

1   independent cause of action, California courts recognize unjust enrichment as a valid basis for

2   restitution where no adequate legal remedy exists and retention of benefit would be inequitable.

3   **c. Conduct by Amazon Leading to Enrichment**

4   Amazon.com Services LLC induced Plaintiff to submit payment and personal information

5   under the belief that doing so would lead to account reinstatement and service access.

6   Specifically:

7   Plaintiff submitted multiple verification materials as requested by Amazon's system

8   prompts;

9   Plaintiff's submissions included sensitive identifying documents and data;

10   Amazon retained both the monetary funds (through gift card balance) and the submitted

11   personal data;

12   Plaintiff received no service or benefit in return, and no path to appeal or restitution.

13   **d. Inequity of Retaining Benefit Without Performance**

14   Despite receiving both monetary and informational value, Amazon:

15   Failed to review Plaintiff's materials meaningfully;

16   Permanently terminated Plaintiff's account without explanation or remedy;

17   Retained the full gift card balance and user data.

18   Such conduct constitutes unjust enrichment, as it allowed Amazon to retain economic and

19   strategic benefit from Plaintiff without providing the expected or implied reciprocal benefit.

20   **e. Relief Requested**

21   Plaintiff seeks restitution of all funds unjustly retained, including the full gift card balance,

22   and any other relief the Court deems appropriate under principles of equity.

23   **C.4 FOURTH CAUSE OF ACTION**

24   (Violation of the California Consumer Privacy Act (CCPA) and the California Privacy

25   Rights Act (CPRA) – Improper Notice at Collection) Cal. Civ. Code §1798.100 et seq. –

26   Against Amazon.com Services LLC

27   **a. Incorporation by Reference**

28   Plaintiff re-alleges and incorporates by reference all preceding paragraphs, particularly

1  those describing the submission of personal information to Amazon at the direction of

2  automated prompts, and Amazon's failure to provide adequate notice regarding the collection,

3  purpose, and use of such information. This cause of action is separately asserted under the

4  California Consumer Privacy Act (CCPA) and California Privacy Rights Act (CPRA) for

5  violations arising at the time of collection, and is distinct from the Sixth Cause of Action

6  concerning improper use and post-collection rights violations.

7  **b. Legal Standing and Applicability**

8  Plaintiff is a "California resident" as defined by Cal. Civ. Code §1798.140(g), and resided

9  in California at the time of all relevant data transactions. Defendant Amazon.com Services LLC

10  is a "business" under §1798.140(d) that collected personal information from Plaintiff while

11  providing online services within the state.

12  **c. Violations of the CCPA / CPRA at the Time of Collection**

13  Amazon violated Plaintiff's statutory rights under the CCPA and CPRA in the following

14  ways:

15  1. Failure to Provide Proper Notice at Collection (§1798.100(b)):

16  Amazon collected Plaintiff's personal data—including full name, mailing address, phone

17  number, email address, gift card images, bank account digits, and payment receipts—without

18  providing a clear and conspicuous "Notice at Collection" explaining:

19  - What categories of personal information were being collected;

20  - The purposes for which the information would be used;

21  - Whether it would be used for fraud analysis, identity risk scoring, or punitive

22  enforcement actions.

23  2. No Summary or Consent Mechanism:

24  During submission of the above information, Amazon failed to provide a clickable privacy

25  notice, pop-up disclaimer, opt-in checkbox, or translated explanation. The only reference to

26  data practices was a vague sentence—"please review our Privacy Policy"—without an

27  accompanying link, summary, or confirmation request.

28  3. Violation of §1798.110 and §1798.115:

1    Amazon did not disclose the categories of personal information it collected from Plaintiff

2    or the specific third parties (internal or external) with whom it might be shared, nor did it

3    provide an accessible description of Plaintiff's data rights.

4    4. Violation of §1798.130(a):

5    At no point during or after the collection of this data did Amazon provide a mechanism

6    by which Plaintiff could access, review, or confirm the submitted information.

7    5. Deceptive Collection Environment:

8    The system language—such as "This is required to remove the hold on your account"—

9    induced Plaintiff to submit highly sensitive personal information under the false impression

10   that the information was necessary and would only be used to restore access. The lack of any

11   notice of secondary use constitutes a material omission.

12   **d. Resulting Harm**

13   As a direct and proximate result of these statutory violations, Plaintiff submitted sensitive

14   personal information without knowing or agreeing to how it would be used. The subsequent

15   use of this data to terminate Plaintiff's account, freeze gift card balances, and deny access to

16   personal records compounded the injury. Plaintiff was further deprived of dignity, autonomy,

17   and meaningful choice in managing their personal information, resulting in emotional distress

18   and loss of essential resources.

19   **e. Relief Requested**

20   Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

21   below.

22   **C.5 FIFTH CAUSE OF ACTION**

23   (Violation of the California Consumers Legal Remedies Act – Cal. Civ. Code §1770 et

24   seq.)

25   Against Defendant Amazon.com Services LLC ("Amazon")

26   **a. Incorporation by Reference**

27   Plaintiff re-alleges and incorporates by reference all preceding paragraphs, particularly

28   those describing Amazon's misleading system prompts, concealment of account restrictions,

and deceptive reassurances made during appeal processes. This cause of action corresponds to the Fifth Cause of Action in the SAC and is preserved here with greater factual specificity. On May 20, 2025, Plaintiff served a formal CLRA notice pursuant to Civil Code §1782(a). Defendants acknowledged receipt but did not offer to correct or remedy the alleged violations within 30 days. Accordingly, Plaintiff now properly seeks both injunctive and monetary relief under the CLRA.

**b. Legal Basis**

1. The California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §1770 et seq., prohibits unfair and deceptive acts or practices in transactions intended to result in the sale or lease of goods or services to consumers.

2. Plaintiff is a "consumer" as defined by Civil Code §1761(d), and Amazon's provision of gift card-related services and account access is covered by the CLRA.

3. Amazon's conduct violates the following provisions of Civil Code §1770(a):

(5) Misrepresenting that services have characteristics or benefits they do not have;

(7) Misrepresenting that services are of a particular standard, quality, or grade when they are not;

(9) Advertising services with the intent not to provide them as advertised;

(14) Representing that a transaction confers or involves rights or remedies that it does not actually confer.

**c. Specific Violations**

Amazon committed multiple deceptive and unlawful practices, including:

**c.1. Misleading System Language**

Amazon used prompts such as:

"This is required to remove the hold on your account."

"This can help remove the hold on your account more quickly."

These statements appeared on account verification pages and led Plaintiff to believe that uploading documents such as billing address, phone number, ID, and payment proof would result in account reinstatement.

**c.2. No Review or Appeal Mechanism**

Plaintiff fully complied with submission instructions. In return, Amazon responded:

"We reviewed the information you submitted but it was insufficient to remove the hold on your account."

No criteria were disclosed, no human review was offered, and no opportunity to supplement or appeal the decision was provided.

**c.3. False Data Control Representations**

Amazon advertises "data transparency," "privacy control," and "account access logs." But once Plaintiff's account was suspended, all access to submitted data, account contents, and appeal records was blocked—without notice, remedy, or due process.

**d. Reliance and Harm**

1. Plaintiff reasonably relied on Amazon's representations and, acting in good faith, submitted sensitive information that included:

Government-issued ID;

Phone number and billing address;

Screenshots of gift card transactions and bank account details.

2. As a result, Plaintiff suffered:

Loss of access to account data, contents, and evidence;

Emotional trauma from being misled, punished for cooperation, and systemically denied recourse.

**e. CLRA Notice Compliance**

1. On May 20, 2025, Plaintiff served a formal notice of violation to both Defendants— ACI Gift Cards LLC and Amazon.com Services LLC—via their shared registered agent, Corporation Service Company, located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California. The notice identified specific violations under Civil Code §1770 and requested correction.

2. On June 20, 2025, counsel for ACI responded via letter, expressly denying all allegations and refusing to offer any correction, refund, or remedial action. Amazon.com

1   Services LLC did not respond at all and likewise failed to cure any of the alleged violations

2   within the statutory 30-day period.

3      3. Accordingly, Plaintiff has fully complied with the requirements of Civil Code §1782

4   and now properly seeks actual damages, punitive damages, injunctive relief, and attorneys' fees

5   and costs under the CLRA.

6      **f. Relief Requested**

7      Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

8   below.

9      **C.6 SIXTH CAUSE OF ACTION**

10      (Violation of the California Consumer Privacy Act (CCPA) and California Privacy Rights

11   Act (CPRA) – Improper Secondary Use and Denial of Consumer Rights) Cal. Civ. Code

12   §1798.100 et seq. – Against Defendant Amazon.com Services LLC

13      **a. Incorporation by Reference**

14      Plaintiff hereby re-alleges and incorporates by reference all prior paragraphs of this

15   Complaint as if fully set forth herein. This cause of action addresses Amazon's unlawful

16   handling of Plaintiff's personal information after collection, including unauthorized secondary

17   use, identity matching, account enforcement, and denial of statutory rights under the CCPA and

18   CPRA. It is distinct from the Fourth Cause of Action, which addresses Amazon's failure to

19   provide notice at the time of collection.

20      **b. Legal Standing and Applicability**

21      Plaintiff is a "California resident" as defined under Cal. Civ. Code §1798.140(g), having

22   resided in San Francisco, Palo Alto, and Los Angeles County in 2024. Defendant Amazon.com

23   Services LLC is a regulated "business" under the CCPA/CPRA that collected and processed

24   Plaintiff's personal information during its operations in California.

25      **c. Specific Violations of the CCPA / CPRA**

26      1. Violation of §1798.100(c): Overcollection and Lack of Purpose Limitation

27      Amazon collected sensitive personal information (e.g., gift card photos, payment receipts,

28   phone number, address, bank card digits) ostensibly for account verification, but then used the

1    information to perform cross-account identity matching and punitive enforcement actions—a

2    secondary purpose not disclosed or necessary to fulfill the stated verification function.

3        2. Violation of §1798.110(c) and §1798.115: Undisclosed Secondary Use

4        Plaintiff was never informed that submitted information would be used for risk scoring,

5    internal flagging, or enforcement. Amazon unilaterally used the data to permanently link and

6    terminate a newly opened account without any opportunity to object, review, or understand the

7    criteria.

8        3. Violation of §1798.120: Failure to Provide Opt-Out or Consent Mechanism

9        Amazon provided no mechanism to opt out of the use or sharing of Plaintiff's personal

10   data for enforcement or cross-account linking purposes, in violation of Plaintiff's right to limit

11   use of sensitive information.

12       4. Violation of §1798.130(a)(5), (a)(6): Denial of Access, Correction, and Deletion Rights

13       After suspending Plaintiff's account, Amazon denied all access to previously submitted

14   personal data, account information, and order history. Plaintiff had no means to view, correct,

15   or delete the data that had been used against them.

16       5. Violation of §1798.150(a): Unauthorized Use and Injury

17       Amazon's handling of Plaintiff's personal information—without proper notice, consent,

18   or recourse—constitutes a violation entitling Plaintiff to statutory damages or actual damages

19   resulting from the misuse.

20       6. False and Misleading Privacy Branding

21       Throughout its user interface and policy pages, Amazon made repeated promises such as

22   "We take your privacy seriously," "You control your data," and "We provide transparency and

23   choice." These representations created a false impression that users could manage and control

24   how their data was used, when in fact Plaintiff had no control, no access, and no recourse after

25   submitting the data.

26       **d. Resulting Harm**

27       As a result of Amazon's systemic violations of the CCPA and CPRA, Plaintiff suffered

28   irretrievable loss of access to personal information and prepaid funds, was subjected to

unilateral and opaque account enforcement, and experienced lasting psychological injury. Amazon's practices deprived Plaintiff of the legally guaranteed rights of access, correction, deletion, and informed consent, causing material, emotional, and dignity-based harm.

**e. Relief Requested**

Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief below.

**C.7 SEVENTH CAUSE OF ACTION**

(Violation of California Unfair Competition Law – Cal. Bus. & Prof. Code §17200 et seq.)

Against Defendant Amazon.com Services LLC ("Amazon")

**a. Incorporation by Reference**

Plaintiff re-alleges and incorporates by reference all preceding paragraphs. This cause of action corresponds in part to the Sixth Cause of Action in the Second Amended Complaint, which asserted violations of the Federal Trade Commission Act and the Unfair Competition Law. The UCL component is preserved here and expanded, while the FTC Act allegations have been incorporated as predicate unlawful conduct under the "unlawful" prong.

**b. Legal Basis**

California Business and Professions Code §17200 prohibits three categories of unlawful business conduct:

1. Unlawful practices – acts that violate other statutes, regulations, or laws;

2. Unfair practices – conduct that is immoral, unethical, oppressive, or substantially injurious to consumers;

3. Fraudulent practices – conduct that is likely to mislead members of the public.

Amazon, through its account suspension system, identity verification process, data collection practices, opaque internal procedures, and lack of user recourse, engaged in systemic, undisclosed, and one-sided data handling operations. These practices caused Plaintiff, a linguistically and situationally vulnerable consumer, to suffer deception, loss of control over personal data, and measurable harm. Amazon's conduct satisfies all three categories of unlawful, unfair, and fraudulent business practices.

### c. Specific Allegations of Unfair Competition

### c.1. Fraudulent Business Practices

1. Amazon repeatedly used misleading language in its system messages, such as "This is required to remove the hold on your account" and "If you promptly submit this form... we may be able to remove the hold more quickly," inducing Plaintiff to believe that submitting documents would lead to account restoration;

2. In practice, Amazon never disclosed any restoration criteria, failed to provide any human review process, and used the submitted materials solely for identity matching and punitive enforcement;

3. Plaintiff's account was permanently terminated, and all submitted materials were withheld from review, download, or deletion;

4. Amazon widely advertised data control features such as "transparency," "privacy control," and "account transparency logs," but Plaintiff was never provided access to such features or any interface to verify or control data usage;

5. The disparity between Amazon's promotional language and its actual system behavior misled Plaintiff into forming trust-based expectations that directly resulted in harm.

### c.2. Unfair Business Practices

1. Plaintiff, facing language barriers and mental health challenges, depended heavily on Amazon for essential purchases, yet Amazon subjected Plaintiff to multiple rounds of account suspension, repeated document submission, and denial of assistance;

2. Each submission of sensitive data—including name, phone number, address, and the last four digits of Plaintiff's bank account—resulted in either rejection or escalated account penalties, never in restoration;

3. After final suspension, Plaintiff lost all access to account contents, including order history, balance information, appeal records, and submitted documents;

4. Amazon offered no human contact point, response mechanism, or data access path, leaving Plaintiff entirely disempowered and unable to meaningfully participate in the process;

5. These actions violate consumers' reasonable expectations of fairness, transparency, and

proportionality, and contradict the CPRA's mandates on data minimization and purpose limitation.

### c.3. Unlawful Business Practices

Amazon's conduct further constitutes unlawful business practices by violating the following statutes:

California Consumer Privacy Act / Privacy Rights Act (CCPA/CPRA) – Civ. Code §1798.100 et seq.: Failure to disclose intended purposes for data collection, cross-account identity matching, and punitive use of sensitive information;

Consumer Legal Remedies Act (CLRA) – Civ. Code §1770: Misrepresenting the nature of data control and user privacy;

False Advertising Law (FAL) – Bus. & Prof. Code §17500: Advertising data rights and tools that do not exist in practice;

Common law fraud and fraudulent concealment principles – including use of misleading system design and concealment of adverse consequences;

Section 5 of the Federal Trade Commission Act (15 U.S.C. §45) – While not enforceable through private action, its standards regarding unfair and deceptive practices inform the scope of violations under California UCL.

Note: Plaintiff acknowledges that the FTC Act does not confer a private right of action, and cites it only to illustrate the prevailing standards of business ethics and data handling expectations that Amazon failed to meet.

### d. Harm Suffered

As a direct result of Amazon's conduct, Plaintiff suffered the following harm:

Forfeiture of over \$1,600 in gift card balances;

Total loss of access to account data, including orders, redemption records, and personal documents;

Unauthorized and undisclosed use of submitted personal data for punitive identity matching;

Humiliation and psychological distress from being punished after cooperating with

Case 3:25-cv-06944    Document 1-8    Filed 08/15/25    Page 39 of 50

CGC-24-617965          Peng v. ACI Gift Cards LLC et al.          SUPERIOR COURT OF SANFRANCISCO

1    instructions;

2       Worsening of anxiety and depression, culminating in a medical diagnosis of PTSD in

3    September 2024.

4       **e. Relief Requested**

5       Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

6    below.

7       **C.8 EIGHTH CAUSE OF ACTION**

8       (Promissory Fraud – Against Amazon.com Services LLC)

9       **a. Incorporation by Reference**

10      Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

11      This cause of action arises from Amazon's false promises and misleading reassurances—

12   such as statements implying that uploading documents would lead to account reactivation—

13   made with no intent to perform.

14      It is one of several claims derived from the Seventh Cause of Action in the Second

15   Amended Complaint (SAC), now separated into distinct fraud theories in this Third Amended

16   Complaint (TAC).

17      **b. Legal Basis and Elements**

18      Under California common law, Promissory Fraud occurs when:

19      A party makes a promise with no intention of performing it;

20      The promise is made to induce reliance by another;

21      The promisee reasonably relies on that promise;

22      As a result, the promisee suffers damage.

23      All elements of promissory fraud are met in this case.

24      **c. Amazon's Fraudulent Promises**

25      While using a second Amazon account (registered with email address

26   [529370228@qq.com], Plaintiff received system notifications indicating the account was

27   temporarily suspended due to "unusual payment activity." Amazon's system prompted Plaintiff

28   to submit identity and payment information in order to restore access. The messages included:

1    "This is required to remove the hold on your account"

2    "If you promptly submit this form and attach a supporting document, we may be able to

3    remove the hold more quickly"

4      "We have temporarily placed your account on hold so we could review it with you"

5    These messages clearly conveyed a promise—or at minimum, a strong expectation—that

6    account access could be restored upon submission of requested documents.

7    Relying on these representations, Plaintiff submitted extensive personal information on

8    two occasions, including: full name, phone number, email address, billing address, front and

9    back images of gift cards, purchase receipts, and the last four digits of a bank account number.

10   In reality, Amazon never initiated any meaningful review process. Its system issued an

11   automated reply after a fixed delay stating "information submitted is insufficient," without

12   specifying what was missing or offering a channel for correction. Ultimately, Amazon

13   permanently banned the account based on identity matching or "internal determination,"

14   without human interaction, explanation, or appeal.

15   Moreover, Plaintiff's purchases were made entirely through lawful and verifiable

16   channels—using U.S.-issued debit cards, at well-known national retailers including Walgreens

17   and CVS, and from locations within the United States. Had Amazon conducted any genuine or

18   good-faith review, it would have easily determined that no fraudulent or suspicious activity had

19   occurred. The continued classification of Plaintiff as "high-risk," despite this, proves that no

20   substantive review was ever intended or performed—and that Amazon's recovery prompts

21   were knowingly false and designed to induce disclosure.

22   These misleading prompts were not accidental or isolated. They were embedded in

23   Amazon's automated workflows, demonstrating a structured and intentional deception strategy.

24   **d. Plaintiff's Justifiable Reliance and Harm**

25   Due to language barriers and extreme financial and psychological distress, Plaintiff

26   reasonably relied on Amazon's representations. Plaintiff believed that full compliance with the

27   instructions would result in account restoration and access to essential funds.

28   Had Amazon disclosed that the submission process was not intended to restore the account,

1  Plaintiff would not have shared sensitive personal data or engaged further with the platform.

2      As a direct result of this reliance:

3      Plaintiff's second account was permanently closed;

4      The gift card balance was forfeited without recourse;

5      Submitted personal data was used for punitive identity matching;

6      Plaintiff lost control over sensitive information;

7      Plaintiff experienced worsening psychological harm, further hardship, and severe

8  emotional distress.

9      **e. Relief Requested**

10     Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

11 below.

12     **C.9 NINTH CAUSE OF ACTION**

13     (Fraudulent Misrepresentation – Against Amazon.com Services LLC)

14     **a. Incorporation by Reference**

15     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

16     This claim addresses Amazon's affirmative misstatements about privacy protections,

17 account restoration procedures, and the general use and security of customer data.

18     It is also part of the Seventh Cause of Action in the SAC, now individually pleaded to

19 specify the nature of the fraud involved.

20     **b. Legal Basis and Elements**

21     Under California common law, a claim for Fraudulent Misrepresentation requires the

22 following elements:

23     1. The defendant made a specific representation;

24     2. The representation was false or misleading at the time it was made;

25     3. The defendant knew it was false, or made it without reasonable grounds for believing

26 it was true;

27     4. The defendant intended to induce the plaintiff to rely on it;

28     5. The plaintiff justifiably relied on the representation and suffered damages as a result.

1     All of these elements are satisfied in this case.

2     **c. Amazon's Fraudulent Representations**

3     During the registration and use of Plaintiff's second Amazon account, Amazon repeatedly

4 made the following representations across its website, account settings, privacy policy pages,

5 and system prompts:

6     "We take your privacy seriously"

7     "You have choices about how your information is used"

8     "You can view your account transparency records"

9     "We provide customers with transparency and control"

10     "We have built privacy into our services from the ground up"

11     These statements were not abstract brand marketing, but specific representations

12 concerning data governance, user rights, and procedural transparency. They functioned as

13 inducements for Plaintiff and other consumers to register, provide sensitive personal

14 information, and engage with Amazon's services in reliance on those commitments.

15     In practice, however:

16     Plaintiff was never granted access, correction, or deletion rights over submitted personal

17 data;

18     The so-called "account transparency records" were never made available;

19     Plaintiff's information was used for undisclosed cross-account identity matching and

20 enforcement purposes;

21     The account suspension process was entirely opaque, with no standards, interaction,

22 explanation, or feedback.

23     Amazon knew that its internal processes did not and could not deliver the promised user

24 control, privacy visibility, or data autonomy. Despite this, Amazon repeatedly made these false

25 representations to induce reliance, constituting fraudulent misrepresentation.

26     **d. Plaintiff's Justifiable Reliance and Resulting Harm**

27     Although Plaintiff lacked full English proficiency, they reasonably understood key

28 phrases such as "privacy," "security," and "control" while registering the second account and

1   uploading verification materials. These phrases appeared prominently throughout Amazon's

2   interface, reinforcing Plaintiff's trust in the platform.

3       Relying on these representations, Plaintiff:

4       Believed their personal information would be protected and its use would be transparent;

5       Trusted that account suspension was a reversible process subject to fair review;

6       Submitted sensitive identity data and recharged over \$900 in gift card value;

7       Continued engaging with Amazon in good faith.

8       As a direct consequence of this reliance:

9       The second account was permanently closed;

10      The entire gift card balance was forfeited;

11      Plaintiff's identity data was repurposed without access, notice, or recourse;

12      No transparency log, audit trail, or data review was ever provided;

13    Plaintiff suffered prolonged emotional harm and was later diagnosed with PTSD.

14      **e. Relief Requested**

15      Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

16   below.

17      **C.10 TENTH CAUSE OF ACTION**

18      (Fraudulent Concealment / Omission – Against Amazon.com Services LLC)

19      **a.Incorporation by Reference**

20      Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

21      This cause of action is based on Amazon's concealment of critical information—such as

22   the internal use of submitted identity data for cross-account enforcement, lack of actual manual

23   review, and the impossibility of appeal.

24      This was previously part of the SAC's Seventh Cause of Action and is now separately

25   identified in the TAC to satisfy pleading specificity.

26      **b. Legal Basis and Elements**

27      Under California common law, Fraudulent Concealment occurs when:

28      1. The defendant had exclusive knowledge of material facts and a duty to disclose them;

2. The defendant intentionally failed to disclose those facts;

3. The defendant intended to induce reliance on the resulting misimpression;

4. The plaintiff justifiably relied on the absence of disclosure and took action;

5. The plaintiff suffered damages as a result.

A duty to disclose arises especially when:

The defendant occupies a position of superior knowledge or power;

The withheld information would have affected the transaction;

The defendant made representations that were misleading absent disclosure.

All of these elements are satisfied in this case.

**c. Amazon's Intentional Omissions**

While Plaintiff's second Amazon account was temporarily suspended, Amazon's system directed Plaintiff to submit personal and payment information to restore access. The instructions included:

Full name, mailing address, phone number, and email;

Last four digits of a bank account, payment receipts, and gift card photos.

The accompanying language included:

"This is required to remove the hold on your account"

"If you promptly submit this form and attach a supporting document, we may be able to remove the hold more quickly"

These representations created a reasonable expectation that compliance would lead to account restoration. However, Amazon failed to disclose:

That the submitted data would be used for cross-account identity matching;

That if Amazon detected a match with a previously suspended account, the new account would be permanently terminated;

That the entire "review process" was automated, had no human oversight, and served primarily as an enforcement tool, not a path to account reinstatement;

What specific data fields, matching criteria, or internal rules governed these determinations.

Additionally, Amazon's registration workflow and privacy policies contained no disclosures about such uses. Its Terms of Service merely stated, "Please review our Privacy Notice," without offering a direct link, summary, or interactive prompt. At no point was Plaintiff required to review or affirmatively consent to these uses.

This structured concealment deprived Plaintiff of the opportunity to make an informed decision and induced submission of sensitive data under false premises, constituting fraudulent omission.

**d. Plaintiff's Justifiable Reliance and Harm**

Plaintiff reasonably relied on Amazon's system prompts and privacy-themed branding to believe that the submitted data would be used solely for account verification and recovery purposes. Acting in reliance, Plaintiff submitted highly sensitive personal information on two occasions, including billing address, bank details, and gift card credentials.

Had Amazon disclosed the true purpose of this data—namely, to conduct punitive cross-account matching that could result in irreversible suspension—Plaintiff would never have submitted the information or continued using the platform.

As a direct result of this concealment:

Plaintiff's new account was permanently terminated;

Gift card funds became inaccessible and unrecoverable;

Personal information was repurposed without consent or recourse;

Plaintiff lost all access to submitted data and was denied correction or deletion;

Plaintiff experienced severe emotional distress and was later diagnosed with PTSD.

**e.Relief Requested**

Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief below.

**C.11 ELEVENTH CAUSE OF ACTION**

(Conversion – Against Amazon.com Services LLC)

**a. Incorporation by Reference**

Plaintiff re-alleges and incorporates by reference all preceding paragraphs, including those

1  describing the submission of payment and personal data to Amazon, and the subsequent loss
2  of access to gift card balances following account suspension.

3  **b. Legal Basis**

4  Under California common law, Conversion occurs when:

5  1. Plaintiff owns or has the right to possess personal property;

6  2. Defendant intentionally and substantially interferes with that property—by taking
7  possession, exercising control, or refusing to return it;

8  3. Plaintiff suffers harm as a result.

9  Each of these elements is satisfied in this case.

10  **c. Conduct by Amazon**

11  Plaintiff lawfully purchased and activated Amazon.com gift cards totaling over \$1,600
12  using personal funds, which were then loaded into Plaintiff's Amazon account and became
13  Plaintiff's personal property.

14  After Amazon suspended Plaintiff's accounts in July and August 2024, it froze all gift card
15  balances, refused to issue refunds, and denied Plaintiff any access to the funds.
16  Despite Plaintiff's submission of identity verification, receipts, and repeated good-faith efforts
17  to restore the account or retrieve the funds, Amazon never confirmed whether the balances
18  remained intact, nor provided a path to recovery.

19  Amazon intentionally exercised dominion and control over Plaintiff's funds without legal
20  justification, thereby committing conversion.

21  **d. Resulting Harm**

22  As a result of Amazon's conversion, Plaintiff was deprived of essential funds intended for
23  survival needs including food and shelter. The inability to access or reclaim this personal
24  property caused Plaintiff financial hardship, emotional trauma, and contributed to the
25  development of PTSD, as diagnosed in September 2024.

26  **e. Relief Requested**

27  Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief
28  below.

Case 3:25-cv-06944   Document 1-8   Filed 08/15/25   Page 47 of 50

CGC-24-617965            Peng v. ACI Gift Cards LLC et al.        SUPERIOR COURT OF SANFRANCISCO

**C.12 TWELFTH CAUSE OF ACTION**

(Intentional Infliction of Emotional Distress – Against Amazon.com Services LLC)

**a. Incorporation by Reference**

Plaintiff re-alleges and incorporates by reference all preceding paragraphs, particularly those concerning repeated account suspensions, misleading system messages, misuse of identity information, and Amazon's refusal to provide any meaningful remedy. Plaintiff suffered emotional and psychological injuries as a result, including a diagnosis of Post-Traumatic Stress Disorder (PTSD).

This is a new cause of action introduced for the first time in this Third Amended Complaint. Although Plaintiff previously alleged emotional harm in the SAC, it was not pleaded as a separate claim. It is now separately asserted to address Amazon's extreme and outrageous conduct and the severe mental distress inflicted.

**b. Legal Basis and Elements**

Under California common law, Intentional Infliction of Emotional Distress (IIED) requires:

1. The defendant engaged in extreme and outrageous conduct;

2. The defendant intended to cause emotional distress, or acted with reckless disregard for the likelihood of causing such distress;

3. The plaintiff suffered severe emotional distress as a direct result.2. Amazon's Extreme and Outrageous Conduct

**c. Amazon's Extreme and Outrageous Conduct**

Amazon engaged in a pattern of conduct that demonstrated reckless disregard for fundamental standards of fairness and accountability in a civilized society. Specifically:

False Promises of Account Restoration: Amazon's system repeatedly stated, "This is required to remove the hold on your account" and "If you promptly submit this form… we may be able to remove the hold more quickly." These statements gave Plaintiff a reasonable expectation that account recovery was possible. However, despite full compliance and multiple submissions of identity documents, Amazon provided only automated denials with no

1  explanation, no human intervention, and no appeals process.

2  Misuse of Sensitive Personal Information: Amazon induced Plaintiff to submit full legal

3  name, email, phone number, physical address, partial bank account details, payment receipts,

4  and gift card photos. While these submissions were framed as necessary for account recovery,

5  they were actually used to match Plaintiff with a previously suspended account and

6  permanently ban the new account, forfeiting all balances.

7  Complete Deprivation of Access and Control: Following the suspensions, Plaintiff was

8  denied any access to their Amazon account, transaction records, or stored gift card balances.

9  No refund process, data export, or dispute resolution mechanisms were available, leaving

10  Plaintiff in a state of helplessness.

11  Willful Disregard for Plaintiff's Pleas and Vulnerability: Plaintiff directly informed

12  Amazon—via written messages on July 2 and July 5, 2024—that they were a non-English-

13  speaking recent visitor to the U.S. who had suffered multiple robberies and was experiencing

14  a humanitarian crisis. Despite knowing that Plaintiff depended on Amazon to access food and

15  basic necessities, Amazon ignored these warnings and continued to escalate punitive actions.

16  Amazon's Conduct Toward a Known Vulnerable Individual:Amazon knew or reasonably

17  should have known that Plaintiff was in an acutely vulnerable state—facing language barriers,

18  lacking local support, and experiencing psychological distress—yet proceeded to subject

19  Plaintiff to an automated and non-transparent process that lacked meaningful human oversight

20  and foreseeably caused further harm, including the deprivation of property and dignity.

21  Resulting PTSD Diagnosis: On September 23, 2024, Plaintiff was formally diagnosed

22  with Post-Traumatic Stress Disorder (PTSD) by a licensed mental health professional, directly

23  attributable to the ongoing psychological distress inflicted by Amazon's conduct.

24  **d. Harm and Distress Suffered**

25  As a direct result of Amazon's intentional and reckless conduct, Plaintiff suffered:

26  Continuous panic, insomnia, and uncontrollable anxiety;

27  Severe emotional breakdown, loss of dignity, and helplessness;

28  Long-term fear and distrust of digital platforms and systems;

1    Official PTSD diagnosis and the need for ongoing psychological treatment.

2    As a result of Defendant's conduct, Plaintiff suffered not only severe emotional distress,

3    but also a significant diminishment in the enjoyment of daily life. Plaintiff experienced ongoing

4    anxiety, social withdrawal, and inability to engage in routine activities that previously brought

5    purpose and satisfaction.

6    **e. Relief Requested**

7    Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

8    below.

9    **D. PRAYER FOR RELIEF (as to Amazon.com Services LLC)**

10    Plaintiff respectfully requests that the Court grant the following relief:

11    1. Restitution of all frozen or withheld gift card balances (not less than \$1,600);

12    2. General and special damages for emotional distress, disruption of daily life, and loss of

13    enjoyment of life;

14    3. Compensation for ongoing and future medical expenses, including psychiatric

15    treatment, therapy, and medications related to PTSD and anxiety;

16    4. Damages for lost wages and diminished earning capacity due to prolonged

17    psychological harm;

18    5. Statutory damages under CCPA §1798.150(a), including \$100–\$750 per violation or

19    actual damages, whichever is greater;

20    6. Punitive damages based on Amazon's willful, malicious, and fraudulent conduct,

21    including misrepresentations and concealment;

22    7. Injunctive relief prohibiting Amazon from further deceptive account suspension

23    practices and misuse of identity verification data;

24    8. An order requiring Amazon to disclose its internal matching policies, account review

25    procedures, and data usage protocols;

26    9. Declaratory relief confirming Plaintiff's ownership of the withheld funds and the

27    unlawfulness of Amazon's account and data practices;

28    10. Attorneys' fees and costs as permitted by law, including under the CLRA, CCPA, and

1    UCL;

2        11. Pre-judgment and post-judgment interest as allowed by law;

3        12. A declaration that the conduct alleged in the foregoing causes of action constitutes

4    unlawful, deceptive, or fraudulent activity

5        13. Such other and further relief as the Court deems just and proper.

6        **E.Amazon.com, Inc.**

7        Pursuant to the Court's June 9, 2025 order, no causes of action are asserted against

8    Amazon.com, Inc. in this Complaint. Factual references involving this entity are retained solely

9    for contextual purposes and to preserve the continuity of the allegations.

10   **VII. JURY DEMAND**

11       Plaintiff hereby demands a trial by jury on all issues so triable.

12   **VIII. VERIFICATION AND SIGNATURE**

13       I, Yun Peng, am the Plaintiff in the above-entitled action. I have read the foregoing Third

14   Amended Complaint and know the contents thereof. The same is true of my own knowledge,

15   except as to those matters which are stated on information and belief, and as to those matters,

16   I believe them to be true.

17       I declare under penalty of perjury under the laws of the State of California that the

18   foregoing is true and correct.

19       Executed on: June 22, 2025

20       Location: Rosemead, California

21       Yun Peng

22       _____

23       Plaintiff, In Pro Per