# EXHIBIT L

Submitted by:

Yun Peng

965 Hutchinson Ave Palo Alto, CA 94301

(All events occurred in San Francisco; this is merely the plaintiff's mailing address.)

Phone:+1 669-329-7691

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*

**09/09/2024**
**Clerk of the Court**
BY: AUSTIN LAM
Deputy Clerk

_____

## COMPLAINT

_____

SUPERIOR COURT OF CALIFORNIA

County of San Francisco

**CGC-24-617965**

     YUN PENG,

     Plaintiff,

     v.

ACI GIFT CARDS, LLC,

AMAZON.COM, INC.,

APPLE INC.,

     Defendants.

Case No.:

_____

Date: [    09/09/2024    ]

_____

1

## Catalogue

Ⅰ. Introduction or Preliminary Statement ............................................................................ 14

Ⅱ. Parties Information ............................................................................................................ 15

1. Plaintiff ...................................................................................................................... 15

2. Defendants ................................................................................................................ 15

Ⅲ. Jurisdiction Statement ...................................................................................................... 17

Ⅳ. Litigation Background and Key Events ............................................................................ 19

1. Background of the Case: ........................................................................................... 19

2. Key Events: ................................................................................................................ 19

Ⅴ. Statement of Facts ............................................................................................................ 22

1. Entry into the United States: .................................................................................... 22

2. Thefts: ........................................................................................................................ 22

tanford University (May 21, 2024):The plaintiff was theft in a conference room at the

prestigious Stanford University, losing all belongings except for a backpack and wallet. This

incident shocked the plaintiff and significantly impacted their sense of security. ................. 22

FedEx Store (June 24, 2024):The plaintiff was theft again at a FedEx store across from the

USCIS building, losing all cash and bank cards, further eroding their trust in public safety in

the United States. ........................................................................................................................ 22

3. Identity Crisis: ........................................................................................................... 23

4. Health Deterioration: ................................................................................................ 23

1   5. Gift Card Purchase and Use: ................................................................. 23

2   6. Account Suspensions and Bans ............................................................. 24

3       6.1. First Suspension (June 26, 2024) ................................................... 24

4       6.2. Second Suspension (June 28, 2024) .............................................. 26

5       6.3. Third Suspension (July 20-29, 2024) ............................................. 31

6       6.4. Fourth Suspension (August 1, 2024) ............................................. 33

7   7. Eviction Incidents ............................................................................... 35

8       7.1. Past Complaints .......................................................................... 35

9       7.2. First Eviction (July 27, 2024) ......................................................... 36

10          7.2.1. Background Description ........................................................ 36

11          7.2.2. Originating from Seeking Help .............................................. 36

12          7.2.3. Defamation of the Plaintiff ................................................... 37

13          7.2.4. Forced Eviction .................................................................. 37

14          7.2.5. Public Dissemination .......................................................... 38

15          7.2.6. Consequences of Harm ....................................................... 38

16      7.3. Second Eviction (July 31, 2024) ................................................... 38

17          7.3.1. Discriminatory Behavior ....................................................... 38

18          7.3.2. Legal Definition: ................................................................. 39

19          7.3.3. Fatal Blow ......................................................................... 41

1    7.3.4. Long-term Impact ................................................................. 41

2    8. Subsequent Events: ................................................................... 42

3    8.1. Forced Purchase of Membership Card (July 31, 2024) .................. 42

4    8.2. Health Deterioration (August 13, 2024) .................................... 42

5    8.3. Information Discovered During Subsequent Evidence Collection About Amazon 43

6    8.3.1. Amazon's False Advertising ................................................. 43

7    8.3.2. FTC Lawsuit Against Amazon ............................................. 44

8    8.3.3. Unfair and Unreasonable Discretion Granted by Amazon's Terms of Service

9    ................................................................................................. 44

10   VI．  Causes of Action and Legal Violations ................................... 47

11   1. Legal Violations by ACI GIFT CARDS, LLC ................................ 47

12   1.1. Specific Violations: ............................................................. 47

13   1.1.1. Inadequate Information Disclosure: .................................... 47

14   1.1.2. Deceptive Business Practices: ........................................... 47

15   1.2. Supporting Case Law: ......................................................... 48

16   1.3. Impact on Plaintiff and Consumers: ...................................... 48

17   2. Legal Violations by Amazon Services ........................................ 51

18   2.1. Contract Invalidity ............................................................. 51

19   2.1.1. Contract Invalidity Due to Language Barrier ........................ 51

4

2.1.2. Impact of Mental State and Medication on Contract Validity.........................53

2.1.3. Unconscionability of Standard Form Contract.........................................54

2.1.4. Duress Due to Survival Pressure .........................................................55

2.1.5. Legal Basis and Support........................................................................57

2.2. Unjust Enrichment...........................................................................................58

2.2.1. Definition and Legal Basis:....................................................................58

2.2.2. Amazon's Unjust Enrichment:...............................................................58

2.2.3. Case Law Support..................................................................................59

2.2.4. Conclusion and Request........................................................................59

2.3. False Advertising .............................................................................................60

2.3.1. Definition and Legal Basis:  ..................................................................60

2.3.2. Amazon's False Advertising：...............................................................60

2.3.3. Case Law Support： ..............................................................................61

2.3.4. Request： ...............................................................................................62

2.4. Tort ....................................................................................................................62

2.4.1. Definition of Tort： .................................................................................62

2.4.2. Analysis of Amazon's Tortious Behavior ..............................................63

2.4.3. Argument for Systemic Tortious Conduct： ..........................................69

2.4.4. Conclusion and Compensation Request： ............................................70

1       2.5. Repeated Fraudulent Conduct...................................................... 71

2       2.5.1. Definition of Fraud: .......................................................... 71

3       2.5.2. Analysis of Amazon's Fraudulent Conduct: ....................... 72

4       2.5.3. Argument for Systemic Fraudulent Conduct: .................... 78

5       2.5.4. Conclusion and Compensation Request............................. 80

6       2.6. Violation of Consumer Protection Laws: ................................... 81

7       2.6.1. Definition of Consumer Protection Laws: ......................... 81

8       2.6.2. Analysis of Amazon's Violation of Consumer Protection Laws: ................. 82

9       2.7. Deprivation of Basic Survival Rights and Violation of Humanitarian Principles ...... 90

10      2.7.1. Overview:................................................................... 90

11      2.7.2. Legal Basis:............................................................... 91

12      2.7.3. Defendant's Actions:................................................... 91

13      2.7.4. Specific Damages: ...................................................... 92

14      2.7.5. Causation Between Violations and Damages:.................. 93

15      2.7.6. Supporting Case Law:................................................. 93

16      2.8. Monopolizing the Market in Violation of the Sherman Act (15 U.S.C. § 2) ........... 94

17      2.8.1. Legal Basis:............................................................... 94

18      2.8.2. Supporting Case Law:................................................. 95

19      2.8.3. Violations:................................................................. 95

1    2.8.4. Specific Damages: ....................................................................... 98

2    2.8.5. Causation Between Violations and Damages:.............................. 99

3    2.8.6. Supporting Case Law:.................................................................. 100

4    2.8.7. Systemic Violation of Consumer Rights: ................................... 101

5    2.8.8. Widespread Consumer Complaints and Dissatisfaction: .............. 102

6    2.8.9. Support from Media Reports and Expert Testimonies: .................. 103

7    2.8.10. Summary: ................................................................................. 105

8    3. Legal Violations by Apple ................................................................. 106

9    3.1. Violation of Contract Law, California Consumer Legal Remedies Act (CLRA), and

10    California Unfair Competition Law (UCL)................................................ 106

11    3.1.1. Unlawful Actions ....................................................................... 106

12    3.1.2. Specific Damages ...................................................................... 107

13    3.1.3. Supporting Case Law................................................................. 107

14    3.2. Violation of the Americans with Disabilities Act (ADA)................... 108

15    3.2.1. Overview:................................................................................... 108

16    3.2.2. Legal Basis................................................................................ 108

17    3.2.3. Unlawful Actions ....................................................................... 109

18    3.2.4. Specific Damages ...................................................................... 110

19    3.2.5. Causation Between Violations and Damages............................ 111

3.2.6. Supporting Case Law......................................................................................111

3.3. Defamation................................................................................................................112

3.3.1. Overview:...........................................................................................................112

3.3.2. Legal Basis.........................................................................................................113

3.3.3. Unlawful Actions ...............................................................................................113

3.3.4. Specific Damages ..............................................................................................115

3.3.5. Causation Between Unlawful Actions and Damages**......................................116

3.3.6. Case Law Support.............................................................................................116

VII .  Prayer for Relief.......................................................................................................118

1. Request for Judgment Declaring Defendants' Actions Unlawful ................................118

2. Request for Economic Damages ................................................................................118

2.1. Direct Economic Damages.....................................................................................118

2.2. Indirect Economic Damages..................................................................................119

2.3. Emotional Distress Damages.................................................................................120

2.3.1. Severity of Emotional Distress ........................................................................120

2.3.2. Supporting Evidence ........................................................................................121

2.3.3. Long-Term Impact.............................................................................................122

2.3.4. Case Law Support.............................................................................................123

2.4. Punitive Damages ..................................................................................................123

8

2.4.1. Impact on Plaintiff: ................................................................................ 124

2.4.2. Egregiousness of Defendants' Conduct: ............................................ 124

2.4.3. Violations of Multiple Laws: ............................................................... 124

2.4.4. Widespread and Systemic Issues: ...................................................... 125

2.4.5. Defendants' Financial Strength: ......................................................... 126

2.4.6. Necessity of Punitive Damages: ......................................................... 126

2.4.7. Reasonableness and Proportionality of Punitive Damages: ........... 127

2.4.8. Legal Support and Precedents: .......................................................... 128

3. Injunctive Relief for Systemic Issues ......................................................... 129

3.1. The plaintiff requests the court to order ACI GIFT CARDS, LLC    and Amazon to take the following actions to correct their systemic issues: ............................... 129

3.2. The plaintiff requests the court to order Apple to take the following actions: ..... 131

4. Reinstatement of Plaintiff's Amazon Accounts ......................................... 131

5. Public Apology ............................................................................................. 131

6. Other Equitable and Appropriate Relief .................................................... 132

VIII .   Conclusion ............................................................................................ 133

IX .   Demand for Jury Trial ............................................................................. 134

X .   Anticipated Defenses and Rebuttals ....................................................... 135

1. Reasonableness and Fairness Defense .................................................... 135

9

1       1.1. Defendants' Potential Argument.................................................................135

2       1.2. Plaintiff's Rebuttal .....................................................................................135

3           1.2.1. Lack of Transparency and Due Process..............................................135

4           1.2.2. Unfair Restrictions on Evidence Submission .....................................136

5           1.2.3. Unreasonableness of Multiple Account Suspensions ........................137

6           1.2.4. Disregard for Plaintiff's Special Circumstances ................................138

7       2. Unintentional Conduct Defense.......................................................................138

8       2.1. Defendants' Potential Argument.................................................................138

9       2.2. Plaintiff's Rebuttal .....................................................................................139

10      2.2.1. Unintentional Conduct Does Not Exempt Liability ...........................139

11      2.2.2. Systemic Behavior Liability...............................................................139

12      3. Defense of Provision of Terms .......................................................................140

13      3.1. Defendants' Potential Argument.................................................................140

14      3.2. Plaintiff's Rebuttal .....................................................................................140

15      3.2.1. Amazon Should Have Fully Disclosed Important Terms and User

16      Agreements:.....................................................................................................140

17      3.2.2. Case Law Support...............................................................................142

18      4. All Relevant Information Provided via Link Defense ......................................142

19      4.1. Defendants' Potential Argument.................................................................142

10

1    4.2. Plaintiff's Rebuttal ................................................................................. 142

2        4.2.1. Legal Requirements and Definition of Material Terms:................... 142

3        4.2.2. Visibility and Prominence of Information: ........................................ 143

4        4.2.3. Principle of Informed Consent: ...................................................... 144

5    5. Defense Against Legitimacy and Reasonableness of Account Suspension and Process 145

6        5.1. Defendants' Potential Argument ........................................................ 145

7            5.1.1. Detailed Instructions and Process Defense ................................ 145

8            5.1.2. Reasonable Security Measures Defense ..................................... 146

9            5.1.3. Standardized Process Reasonableness Defense .......................... 146

10           5.1.4. Failure to Fulfill User Responsibilities Defense ......................... 146

11       5.2. Plaintiff's Rebuttal ........................................................................... 147

12           5.2.1. Instructions Were Insufficiently Specific .................................. 147

13           5.2.2. Balancing Security Measures with Information Transparency ......... 148

14           5.2.3. Conflict Between Standardized Processes and Individual Cases ...... 149

15           5.2.4. Plaintiff Fulfilled Reasonable Burden of Proof: .......................... 150

16       6. Apple's Reasonable Business Judgment Defense ................................... 150

17           6.1. Defendants' Potential Argument ................................................... 151

18           6.2. Plaintiff's Rebuttal .................................................................... 151

19               6.2.1. Lack of Reasonable Explanation ........................................ 151

11

6.2.2. Discriminatory Treatment ....................................................... 152

6.2.3. Psychological Harm ............................................................. 152

7. Apple's Safety Policy Enforcement Defense ....................................... 153

7.1. Defendants' Potential Argument ................................................. 153

7.2. Plaintiff's Rebuttal .............................................................. 153

7.2.1. Lack of Factual Basis ......................................................... 153

7.2.2. Unfair Treatment .............................................................. 154

7.2.3. Violation of Reasonable Accommodation Obligations: ................... 155

8. Apple's Non-Discrimination Defense ................................................ 156

8.1. Defendants' Potential Argument ................................................. 156

8.2. Plaintiff's Rebuttal .............................................................. 156

8.2.1. Inconsistency in Actions: ..................................................... 156

8.2.2. Overreaction: ................................................................... 157

8.2.3. Failure to Provide Reasonable Accommodations: ........................ 157

8.2.4. Subjective Intent vs. Objective Effect: ................................... 158

9. Apple's Contract Performance Defense ............................................. 158

9.1. Defendants' Potential Argument ................................................. 158

9.2. Plaintiff's Rebuttal .............................................................. 159

9.2.1. Legal Binding Nature of a Clear Promise: ................................. 159

12

1     9.2.2. Protection of Reliance Interests: ..................................................... 159

2     9.2.3. Further Damages: ......................................................................... 160

3     10. Regarding the Defense of Whether the Five Images and 200-Word Limit Is Sufficient

4     ................................................................................................................ 161

5     11. Regarding the Defense of Providing a Complaint Email at the Time of Final Account

6     Suspension：.......................................................................................... 163

7          11.1. Regarding the Defense of Procedural Appropriateness and Legitimacy ............ 166

8     12. Regarding the Defense of Plaintiff Responsibility................................... 169

9     13. Regarding the Defense of Multiple Appeal Opportunities ......................... 172

10    XI . Exhibits or Appendices......................................................................... 177

11    XII . Declaration Under Penalty Of Perjury .................................................. 180

13

# I . Introduction or Preliminary Statement

This complaint is filed by the plaintiff, Yun Peng, against the defendants ACI GIFT

CARDS, LLC ,LLC, Amazon.com Inc., and Apple Inc., Seeking legal remedies for fraud,

torts, unfair practices, The plaintiff alleges that the defendants violated multiple California

state and federal laws, leading to economic loss and emotional distress. The plaintiff

requests the court to declare the contracts invalid, award damages, and address systemic

issues.

# II . Parties Information

## 1. Plaintiff

**Name:** Yun Peng

**Address:** 965 Hutchinson Ave, Palo Alto, CA 94301

**Contact Information:** +1 669-329-7691

**Jurisdiction：** The plaintiff's current mailing address is in Palo Alto; however, at the time

the events occurred, the plaintiff was residing in San Francisco. Since the events took

place in San Francisco, and many of the facts relevant to the case also occurred there, the

Superior Court of San Francisco has jurisdiction over this case.

## 2. Defendants

1.    **ACI GIFT CARDS, LLC , LLC :** Address 410 Terry Ave N, Seattle, WA 98109-

5210, Contact (800) 927-9800, Principal Officer Michael D. Deal

2.    **Amazon.com Inc.:** Address 410 Terry Ave N, Seattle, WA 98109-5210, Contact

(206) 266-1000, Principal Officer Andy Jassy (CEO)

15

1      3.    **Registered Agent:** Corporation Service Company, 300 Deschutes Way SW, Suite

2    208, Tumwater, WA 98501

3      4.    **Apple Inc.:** Address 1 Infinite Loop, Cupertino, CA 95014, Contact (408) 996-

4    1010, Principal Officer Tim Cook (CEO)

5      5.    **Registered Agent:** CT Corporation System, 28 Liberty St, New York, NY 10005

# III . Jurisdiction Statement

**Business Activities of Defendants:**

6.    **ACI GIFT CARDS, LLC. :** conducts business with California consumers by selling gift cards through the Amazon platform, directly related to this case. Therefore, California courts have jurisdiction over ACI GIFT CARDS, LLC .

7.    **Amazon.com, Inc.:** Amazon operates extensive business activities in California, including multiple fulfillment centers and warehouses, and delivers goods to California consumers through its logistics network. These activities grant California courts long-arm jurisdiction over Amazon.

8.    **Apple Inc.:** Apple is headquartered in Cupertino, California, and conducts its primary business operations in the state. The plaintiff's eviction incidents at the Apple Store in San Francisco further support California courts' jurisdiction over Apple Inc.

9.    **Legal Basis:** According to *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), if the defendant has "minimum contacts" within the jurisdiction and those contacts are

17

Case No...    50/08/2024 Page 19 of 186 Page ID #:8

1    directly related to the lawsuit, the court has jurisdiction.

# IV. Litigation Background and Key Events

## 1. Background of the Case:

10.     On April 25, 2024, the plaintiff entered the United States with a B2 visa seeking

asylum due to political persecution in China. The plaintiff already suffered from anxiety before

the persecution, and the condition worsened after the persecution. Due to language barriers and

two theft incidents after arriving in the US, the plaintiff was forced to purchase ACI GIFT

CARDS, LLC  to buy essential goods on Amazon since only Chinese electronic payment

methods were available. However, Amazon repeatedly suspended the plaintiff's account and

canceled orders, severely affecting the plaintiff's survival. Additionally, the plaintiff faced

discriminatory treatment at the Apple Store in San Francisco, further exacerbating

psychological stress. These events directly led to the filing of this lawsuit, with the plaintiff

claiming that the defendants' actions violated contractual obligations and multiple laws,

seeking compensation for economic losses and emotional distress.

## 2. Key Events:

11.     June 26, 2024: The plaintiff's Amazon account was suspended due to "detection

of unusual payment activity" without specific explanations. Although the required documents

were submitted, the account was only temporarily restored.

12.     June 28, 2024: Two days after the initial restoration, Amazon again suspended the

account and canceled orders for essential items, including food, an iPhone 15 Max, and a

MacBook Pro 2019. This action severely threatened the plaintiff's survival needs and legal

residency, exacerbating mental health issues and initiating long-term medical treatment.

13.     July 20-29, 2024: The plaintiff, faced with language barriers and unfamiliarity

with transportation, registered a new account out of necessity. However, after using the gift

cards, Amazon suspended the account again without providing an appeal process, leading to

further deterioration of the plaintiff's condition.

14.     August 1, 2024: One day after the account was restored, it was suspended again.

Amazon determined that the two accounts were used by the same person by comparing

personal information, violating the plaintiff's privacy. The suspension prevented online

1    shopping, sacrificing the plaintiff's shopping convenience. The repeated suspensions and

2    inconveniences in daily life continuously worsened the plaintiff's mental state.

3        15.      July 27, 2024: The plaintiff was unjustifiably evicted from the Apple Store in San

4    Francisco while using in-store equipment, and the staff called the police. A few days later, on

5    July 31, 2024, the plaintiff was evicted again after clearly expressing the intention to make a

6    purchase, shattering the plaintiff's dignity and leading to suicidal thoughts.

# V . Statement of Facts

## 1. Entry into the United States:

16.     Initial Condition: Before entering the United States, the plaintiff already suffered

from severe anxiety, which worsened due to persecution in China because of their political

beliefs. On April 25, 2024, the plaintiff entered the United States with a B2 visa to seek asylum.

Due to the persecution, language barriers, and lack of a support network, the plaintiff's mental

condition continued to deteriorate in the United States.

## 2. Thefts:

**tanford University (May 21, 2024):**The plaintiff was theft in a conference room at the

prestigious Stanford University, losing all belongings except for a backpack and wallet. This

incident shocked the plaintiff and significantly impacted their sense of security.

**FedEx Store (June 24, 2024):**The plaintiff was theft again at a FedEx store across from the

USCIS building, losing all cash and bank cards, further eroding their trust in public safety in

the United States.

## 3. Identity Crisis:

17.     USCIS Issuance of NOID (June 25, 2024): The USCIS issued a Notice of Intent

to Deny (NOID) to the plaintiff, requiring a response within a limited time frame.

## 4. Health Deterioration:

18.     Due to the cumulative impact of the above events, the plaintiff frequently

experienced extreme psychological stress, including severe insomnia, anxiety, panic,

helplessness, isolation, depression, and frustration. The plaintiff's condition significantly

worsened. On June 17, 2024, under a doctor's recommendation, the plaintiff began taking the

sedative Trazodone in addition to existing anti-anxiety and sleep medications. After using the

sedative, the plaintiff could not think clearly, impairing their judgment and making it difficult

to understand or agree to the standard user agreement on the defendant's website. This also

serves as a key argument for the plaintiff's claim that the contract is invalid, as the plaintiff

lacked full capacity when agreeing to the terms.

## 5. Gift Card Purchase and Use:

23

19.     Due to the two theft incidents, the plaintiff could only use Alipay from China and was forced to purchase ACI GIFT CARDS, LLC   worth $1,800 through Alibaba to buy necessities (including food, an iPhone 15 Max, and a MacBook Pro 2019) on Amazon. The plaintiff registered with the email msma529370228@gmail.com and was unaware of any third-party purchase restrictions or related terms and conditions on the gift cards, as these were neither disclosed nor required to be accepted during the registration and purchase process. For the terms of use of Amazon.com Inc., the plaintiff was also unclear. It was only during the subsequent rights protection process that the plaintiff realized Amazon Services used a standardized contract, and that using the service implied acceptance of the terms.

## 6. Account Suspensions and Bans

### 6.1. First Suspension (June 26, 2024)

20.     **Vague Explanation：**   Amazon suspended the plaintiff's account, citing "unusual payment activity," but did not specify the type of "unusual payment" or indicate which specific orders were affected by the "unusual payment.

24

21.    **Plaintiff's Confusion:** Common types of unusual payment activities include, but

are not limited to, unusual payment frequency, multiple failed payment attempts, and unusual

geographic location. The defendant did not clarify which type of unusual payment was detected

or specify which orders were affected, making it difficult for the plaintiff to analyze and provide

evidence.

22.    **Evidence Submission as Requested：** The plaintiff then logged into the website,

and Amazon requested the upload of photos of the purchased gift cards. The plaintiff uploaded

the photos as requested.

23.    **Evidence Submission Limitations：** The defendant's evidence submission

interface limited the plaintiff to uploading a maximum of five images and 200 words, which

further complicated the plaintiff's already difficult analysis.

24.    **Limited Appeal Channels:** At the same time, no appeal channels were provided

for the dispute, depriving the plaintiff of their right to appeal.

25.    **Lack of Information Disclosure:** The defendant only explained the purpose but

25

1 did not disclose how the information would be processed, stored, or whether it would be shared

2 with third parties. This increased the plaintiff's anxiety.

3 **26.    Temporary Restoration:** Although the reasons for the suspension were unclear,

4 the plaintiff submitted the requested photos of the gift cards as evidence, and the account was

5 temporarily restored. This brought the plaintiff some relief, thinking that the problem had been

6 resolved.

7 ## 6.2. Second Suspension (June 28, 2024)

8 27. **Repeated Suspension:** On June 28, 2024, Amazon informed the plaintiff that the

9 previously submitted evidence was insufficient to lift the suspension, even though

10 the plaintiff had already provided photos of the purchased gift cards.

11 28. **Inconsistent Standards:** The plaintiff believes that Amazon's actions are

12 inconsistent because the documents submitted were sufficient to lift the suspension

13 the previous day, but the next day, they were told that the same documents were

14 insufficient to lift the suspension.

1    29. **Continuous Violations:** Similar to the first suspension, Amazon provided

2         insufficient information regarding the unusual payment activity, such as failing to

3         specify which order had unusual payment, not identifying the type of unusual

4         payment, not providing an appeal channel, lacking immediate customer support,

5         and limiting the upload of content to five images and 200 words. This violated the

6         plaintiff's right to information and participation.

7    30. **Nominal Suspension but Actual Account Ban:** Although the account was

8         nominally suspended, during the suspension and evidence submission periods, the

9         plaintiff was restricted from logging in and could not access personal data, such as

10        viewing and accessing past orders, delivery status, and billing information. The

11        plaintiff believes that this was effectively a ban on the account, so the term "ban"

12        will be used henceforth.

13   31. **Increased Personal Information Requirements:** During the second suspension,

14        Amazon also requested the plaintiff to provide all personal details, including full

27

1    name, phone number, last four digits of the bank card, email, and address. This

2    violated the plaintiff's right to privacy.

3    32. **Resubmission:** Despite the violation of their rights, the plaintiff was forced to

4    upload all the requested information due to the unfamiliarity with the local area

5    and the need to shop online. Additionally, due to upload limitations, the plaintiff

6    had to upload shopping records from Alibaba, payment vouchers from Alipay, and

7    other gift card photos in multiple submissions.

8    33. **Refusal to Restore Account:** Despite complying with the requests, the defendant

9    still refused to restore the account, only replying that the provided information was

10    insufficient to lift the ban without specifying the reasons. This again deprived the

11    plaintiff of the right to know. Based on this lack of information, the plaintiff

12    believes that they were also deprived of the right to provide evidence.

13    34. **Comprehensive Explanation and Warning:** Due to the defendant's refusal to

14    restore the plaintiff's account, the plaintiff further explained their special

1    circumstances, including but not limited to being a tourist with language barriers

2    and explaining the reasons for being forced to purchase the gift cards due to theft,

3    pointing out Amazon's potential legal violations and procedural unfairness. Despite

4    multiple warnings, Amazon continued to ban the account.

5    35. **Cancellation of Essential Orders:** During the account ban, Amazon canceled

6    three critical orders:

7    36. Basic Food: Unable to meet basic survival needs through other means during the

8    account ban.

9    37. iPhone 15 Max:Used for daily communication, language translation, and recording

10   important information.

11   38. MacBook Pro 2019: An essential device for responding to the USCIS NOID,

12   learning English, and researching legal information.

13   39. **Loss and Psychological Impact:** The cancellation of these orders directly

14   threatened the plaintiff's survival needs and legal status, especially during the

29

1        critical period of responding to the USCIS NOID. This nearly deprived the plaintiff

2        of the right to legally reside and survive in the United States. The plaintiff's quality

3        of life declined, mental health deteriorated, and symptoms of anxiety and insomnia

4        worsened, leading to auditory hallucinations.

5    40.  **Humanitarian Request:** After exhausting all other options, the plaintiff requested

6        Amazon to restore the orders on humanitarian grounds, but Amazon ignored this

7        request and continued to ban the account.

8    41.  **Long-Term Treatment Begins:** These events led to a worsening of the plaintiff's

9        condition, resulting in multiple medical visits on July 2, July 5, July 15, July 27,

10       August 6, and August 19, 2024. This not only caused significant emotional distress

11       at the time but also necessitated ongoing psychological treatment in the future.

12   42.  **Permanent Account Closure:** Ignoring all requests, Amazon officially closed the

13       account on July 12, 2024, completely cutting off the plaintiff's convenient access

14       to basic necessities.

43. **Lack of Customer Support System:** After the account was banned, the plaintiff made multiple attempts to contact Amazon customer support at (669) 329-7691 but was unable to obtain Chinese language support due to language barriers. This indicates a systemic issue in Amazon's lack of language support.

44. **Forced to Return Personal Computer:** Due to the theft incidents and the cancellation of three critical orders, the plaintiff was forced to return their personal computer by the deadline to obtain the cash needed for survival. Lacking a computer, the plaintiff had to use in-store equipment at Apple Stores and Hilton hotels to handle important matters, further increasing the risk of privacy exposure and psychological stress. Each time, the plaintiff felt deep shame for using computers meant only for customers, laying the groundwork for the subsequent two eviction incidents.

## 6.3. Third Suspension (July 20-29, 2024)

45. **Reluctant Re-registration:** Despite the frustration with the first two bans, the

1      plaintiff had to re-register a new account to continue shopping on Amazon due to

2      difficulties in adapting to offline shopping. Language barriers, unfamiliarity with

3      the local environment, and uncertainties in the offline shopping process left the

4      plaintiff with no other choice.

5    46. **Gift Card Re-purchase:** The plaintiff purchased gift cards through multiple

6      designated channels and found that even through designated channels, important

7      terms were still not disclosed, and there was no process for accepting the terms,

8      failing to protect the user's informed consent.

9    47. **Repeated Bans and Systemic Issues:** The plaintiff purchased new ACI GIFT

10     CARDS, LLC   through designated channels and registered a new account using

11     529370228@qq.com. After placing an order with the gift cards, Amazon again

12     banned the plaintiff's account, citing a third "unusual payment activity" detection.

13     This repeated ban, without providing any clear explanation or appeal process,

14     highlighted systemic issues in Amazon's risk control system.

48. **Firm Belief:** Since the purchase occurred in the United States and was made through designated channels, the plaintiff still believed that Amazon's actions were a misjudgment and that the account was restored after submitting the required evidence.

## 6.4. Fourth Suspension (August 1, 2024)

49. **Complete Breakdown:** However, the account was banned again just one day after restoration, with the reason still being insufficient evidence. This repeated ban pushed the plaintiff's disappointment and anger to the extreme. The plaintiff was forced to engage in offline shopping, which, due to unfamiliarity with transportation and language barriers, consumed a lot of time and effort, causing significant inconvenience.

50. **Luck and Misfortune:**This time, Amazon requested the plaintiff to upload the gift cards and receipts, including the last four digits of the bank card used. Fortunately,

1    the plaintiff had used a bank card for payment, but unfortunately, the receipts had

2    been discarded.

3    51. **Poor Receipt Reprinting:** To meet Amazon's requirements, the plaintiff had to go

4    to CVS to reprint the receipts but faced significant difficulties due to language

5    barriers, spending about an hour in the process, during which they were rudely

6    treated by store staff, further exacerbating the plaintiff's emotional distress.

7    52. **Invalid Evidence and Lack of Support:** Despite the plaintiff submitting photos

8    of the gift cards purchased through designated channels in the United States and

9    the reprinted receipts, Amazon still refused to lift the ban.

10   53. **The Significance of Reprinting Receipts:** This incident confirmed that if the

11   cards were purchased with cash and the receipts were not saved, the legitimacy of

12   the purchase could not be proven.

13   54. **Further Privacy Violations:** In a subsequent notification email, Amazon

14   identified that the two accounts were used by the same person by cross-referencing

34

1    the plaintiff's personal information.

2    55. **Suspicion of Amazon's Malicious Behavior:** After spending an hour reprinting

3    the receipts, along with the purchase through designated channels and uploading

4    the payment card number, Amazon still refused to restore the account, leading the

5    plaintiff to suspect that Amazon's banning actions might be malicious. This

6    completely destroyed the plaintiff's trust in Amazon and led to the decision to sue

7    Amazon to defend their rights.

8    56. **Consequences of Harm:** Building on the first account ban and order cancellations,

9    the second account ban further deteriorated the plaintiff's quality of life, leading to

10    a further decline in mental health, including persistent severe insomnia, tension,

11    and fear. The plaintiff subsequently developed suicidal thoughts.

12  # 7. Eviction Incidents

13  ## 7.1. Past Complaints

14    57.    **May 23, 2024:** after entering the United States, the Plaintiff filed a complaint with

35

1    Apple Inc. in the U.S. regarding unresolved issues with Apple China. Dayse Espindola, a

2    representative from Apple's Corporate Relations Department, conducted an internal

3    investigation and confirmed that there were issues in the service process in China. On May 23,

4    2024, Apple promised to provide the Plaintiff with a pair of AirPods Pro2 as compensation.

5    The Plaintiff accepted this compensation on July 28, 2024. However, as of August 20, 2024,

6    this compensation has not only not been fulfilled, but emails have also gone unanswered.

7    **7.2. First Eviction (July 27, 2024)**

8    7.2.1. **Background Description**

9    58.    On July 27, 2024, the Plaintiff entered the Apple Store at Union Square after the

10    Defendant Amazon canceled a computer order. During this time, although the Plaintiff

11    conducted themselves appropriately and treated others politely, Apple employees and security

12    forcibly evicted the Plaintiff from the store without providing a clear explanation.

13    **7.2.2. Originating from Seeking Help**

14    59.    The Plaintiff requested an explanation for the eviction. Through a translator, the

1    Plaintiff learned that Apple accused the Plaintiff of harassing its employees. On or about July

2    25 or 26, the Plaintiff had sought translation assistance from a Cantonese-speaking employee,

3    but the employee declined, citing work restrictions. The Plaintiff not only refrained from

4    blaming the staff member for the Defendant's violation of the ADA regulations, but also praised

5    the staff member for being very principled in their work.

6    **7.2.3. Defamation of the Plaintiff**

7    60.    More seriously, Apple not only failed to provide reasonable accommodations for

8    the Plaintiff's disability but also publicly claimed that the Plaintiff harassed its employees. This

9    statement was spread without any supporting evidence, constituting defamation by making

10    baseless accusations of harassment. When the Plaintiff asked if there was any evidence, Apple

11    did not provide any further explanation or evidence and continued to forcibly evict the Plaintiff.

12    **7.2.4. Forced Eviction**

13    61.    Since the Defendant did not provide detailed explanations or evidence, the

14    Plaintiff refused to leave. However, the Defendant called the police, escalating the situation.

37

1    **7.2.5. Public Dissemination**

2        62.    Through its employees, security personnel, and the involvement of the police,

3    Apple publicly spread this false statement, severely damaging the Plaintiff's reputation.

4    **7.2.6. Consequences of Harm**

5        63.    Plaintiff suffered severe psychological and emotional harm due to the

6    aforementioned false accusations, increasing feelings of isolation and helplessness, and

7    exacerbating anxiety and suicidal thoughts.

8    **7.3. Second Eviction (July 31, 2024)**

9    Due to Apple's refusal to provide translation and access to a computer, the Plaintiff, urgently

10   needing a computer to handle litigation and asylum materials, once again visited the Apple

11   Store at Union Square, attempting to purchase a computer. Despite repeatedly expressing the

12   intent to purchase a device, the Plaintiff was still forcibly evicted in public by the employees and

13   security, who again called the police, subjecting the Plaintiff to further public humiliation.

14   **7.3.1. Discriminatory Behavior**

15       64.    While other customers were allowed to purchase equipment, the plaintiff was

16   forcibly evicted without a clear reason or evidence, indicating discriminatory behavior by

38

1    Apple towards the plaintiff's health condition.

2    **7.3.2. Legal Definition:**

3    65. Under the Americans with Disabilities Act (ADA), discriminatory behavior is

4        defined as unfair treatment based on an individual's protected characteristics (such

5        as disability, race, gender, etc.) in the provision of public services or goods. The

6        law requires service providers to offer reasonable accommodations and support to

7        ensure that individuals with disabilities can equally enjoy services and goods.

8        Failure to provide such accommodations or engaging in unfair differential

9        treatment based on a protected characteristic may constitute discrimination.

10   66. Elements of Discrimination in This Case:

11   **Protected Characteristic:**

12   67. 2.    The Plaintiff suffers from severe anxiety, which is legally recognized as a

13        disability under the ADA. The Plaintiff's anxiety symptoms significantly affect

14        daily life, and therefore, Apple Inc. is obligated to provide reasonable

39

1    accommodations and support within a reasonable scope.

2    **Unfair Treatment:**

3    68.    Other customers were allowed to use computers, make purchases, and experience

4    the equipment in the Apple Store, while the Plaintiff, despite clearly expressing the

5    intent to purchase a device, was prohibited from using these facilities and forcibly

6    evicted. This differential treatment clearly indicates that Apple Inc. engaged in

7    unfair treatment based on the Plaintiff's health condition.

8    69. The Plaintiff's behavior in the store did not violate any reasonable store policies,

9    nor was there any inappropriate conduct. Apple Inc. failed to provide any legitimate

10    reason or evidence to justify its decision to evict the Plaintiff. This unjustified

11    eviction further demonstrates Apple Inc.'s discriminatory behavior.

12    70. The Plaintiff's health condition required reasonable accommodations and support,

13    but Apple Inc. failed to provide these accommodations, instead unjustifiably

14    evicting the Plaintiff from the store, constituting clear discriminatory behavior.

40

**Causal Connection:**

71. Apple Inc.'s differential treatment of the Plaintiff was directly due to the Plaintiff's health condition, rather than any violation of store policies or inappropriate conduct. The Plaintiff's anxiety symptoms may have manifested in behaviors different from those of typical customers, but these behaviors did not violate any reasonable store rules, and thus Apple Inc.'s actions lacked legitimate justification.

72. Apple Inc. employees failed to provide any reasonable explanation or evidence to support their decision to evict the Plaintiff, further proving the direct causal connection between the differential treatment and the Plaintiff's health condition.

**7.3.3. Fatal Blow**

73. The consecutive public evictions and police involvement delivered a "fatal blow" to the Plaintiff's mental health and emotional state, shattering all dignity and self-respect.

**7.3.4. Long-term Impact**

74. The cumulative effect of these two eviction incidents led to further deterioration

41

1    of the Plaintiff's mental health. The original sedatives no longer had any effect, and the Plaintiff

2    developed depression along with persistent anxiety, resulting in multiple sleepless nights. This

3    worsened the condition and necessitated the use of stronger sedatives.

4    ## 8. Subsequent Events:

5    ## 8.1. Forced Purchase of Membership Card (July 31, 2024)

6    75.    **Background Description:** Due to Amazon's order cancellations and Apple's

7    evictions, the plaintiff no longer dared to use Hilton's computers. Faced with the urgent need

8    to prepare for litigation, study, and respond to USCIS, the plaintiff was forced to go to Costco

9    to purchase equipment. The plaintiff had to pay $60 for a membership card and spent $873 on

10    an Apple computer. This purchase was not the plaintiff's first choice but a decision made out

11    of necessity, increasing psychological stress and financial burden, highlighting the severe

12    impact of Amazon's and Apple's unfair actions on the plaintiff's life.

13    ## 8.2. Health Deterioration (August 13, 2024)

14    76.    **Worsening Condition:** As the plaintiff's condition continued to deteriorate and

42

the previous sedatives became ineffective, the plaintiff could not sleep. During a medical visit

on August 13, the doctor prescribed a stronger sedative, Quetiapine, at a dosage of 100mg.

After taking this medication, the plaintiff could barely sleep, but upon waking, experienced

grogginess, memory decline, logical confusion, and further deterioration in quality of life and

mental state.

## 8.3. Information Discovered During Subsequent Evidence Collection About

## Amazon

### 8.3.1. Amazon's False Advertising

77.     **Privacy and Data Security:** Amazon emphasizes that its products, services, and

systems are designed with privacy and security at their core and that it employs numerous

professionals to ensure the integrity and security of user data. However, the plaintiff found that

during the suspension, Amazon used cross-referencing of personal information to determine if

multiple accounts belonged to the same person. This action clearly violated the plaintiff's

privacy rights. The plaintiff felt that their privacy had been ruthlessly violated, making

1    Amazon's security promises meaningless, further increasing the plaintiff's anger and

2    disappointment.

### 8.3.2. FTC Lawsuit Against Amazon

4    78.    **Systemic Unfair Practices:** During the investigation of the above incidents, the

5    plaintiff discovered that the Federal Trade Commission (FTC) was suing Amazon, accusing it

6    of a series of illegal activities, including violations of Section 2 of the Sherman Act, Section 5

7    of the Federal Trade Commission Act (FTC Act), and various state competition and consumer

8    protection laws. The plaintiff realized that the injustices they experienced might be just the tip

9    of the iceberg of Amazon's broader illegal activities. The FTC's lawsuit strengthened the

10   plaintiff's determination to fight for their rights to prevent others from suffering the same fate.

### 8.3.3. Unfair and Unreasonable Discretion Granted by Amazon's Terms of Service

12   79.    **Excessive Discretion to Unilaterally Terminate Services and Cancel Orders:**

13   Amazon's user agreement grants itself extremely broad discretion, allowing it to unilaterally

14   terminate services, cancel orders, or restrict users from using its platform without any

44

1    reasonable notice or explanation. This discretion is overly broad, lacks necessary restrictions

2    and procedural safeguards, placing consumers in a highly disadvantageous position when

3    facing such decisions, severely undermining consumer rights.

4    80.    **a. Excessive Discretion to Unilaterally Terminate Services and Cancel Orders:**

5    Amazon's contract terms state: "Amazon.com Services LLC reserves the right to refuse service,

6    terminate accounts, terminate your rights to use Amazon.com Services LLC Services, remove

7    or edit content, or cancel orders in its sole discretion." This means Amazon can unilaterally

8    terminate services or cancel orders without any warning or reasonable explanation. These terms

9    give Amazon excessive power, allowing it to take actions detrimental to users without notifying

10    or explaining to them, seriously infringing on consumer rights.

11    81.    **b. Unfair Fees and Usage Restrictions:** Amazon's contract terms also include

12    hidden fees and unreasonable usage restrictions. For example, the contract terms use complex

13    legal jargon such as "non-exclusive, non-transferable, non-sublicensable license," which is

14    difficult for ordinary consumers to understand and is not prominently disclosed to consumers.

45

1    This complex contract design prevents ordinary consumers from fully understanding the

2    contract terms when signing, putting them at a disadvantage during the service usage process.

# VI . Causes of Action and Legal Violations

## 1. Legal Violations by ACI GIFT CARDS, LLC

82.    The plaintiff alleges that ACI GIFT CARDS, LLC ' actions violated Section 5 of

the Federal Trade Commission Act (FTCA), California Civil Code Section 1749.5(b), the

California Consumer Legal Remedies Act (CLRA) Section 1770, and the California Unfair

Competition Law (UCL) Section 17200.

## 1.1. Specific Violations:

### 1.1.1.   Inadequate Information Disclosure:

83.  ACI GIFT CARDS, LLC   displayed the link "See full terms: amazon.com/gc-

legal" in small font and inconspicuous locations on their gift cards, failing to

adequately inform consumers of their right to cash redemption when the balance is

below $10.

### 1.1.2. Deceptive Business Practices:

84.  ACI GIFT CARDS, LLC   concealed key terms in a way that misled consumers

47

1      about their rights when using the gift cards, constituting deceptive business

2      practices.

## 1.2. Supporting Case Law:

4      85.    **FTC v. Cyberspace.com, LLC, 453 F.3d 1196 (9th Cir. 2006):** The court found

5      that failing to clearly disclose essential terms and conditions violated the FTCA, constituting

6      unfair or deceptive business practices.

7      86.    **Shahinian v. Kimberly-Clark Corp., 2009 WL 1470429 (C.D. Cal. 2009):** The

8      court emphasized the importance of consumers' rights to be informed and to participate; failure

9      to clearly notify consumers of their rights violated California law.

10     87.    **Cel-Tech Communications Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.**

11     **4th 163 (1999):** The court explained the definition of unfair competition and confirmed that

12     concealing key information violated UCL regulations.

## 1.3. Impact on Plaintiff and Consumers:

14     **Impact on Consumers:**

88.     Due to ACI GIFT CARDS, LLC , Inc.'s actions, consumers using the gift cards

might suffer financial losses from not being fully aware of the terms, reducing the actual value

of the cards. This behavior infringed on consumers' right to be informed, placing them at a

disadvantage during the purchase and use of gift cards, thereby harming their legitimate rights.

**Impact on the Plaintiff:**

89.     Although ACI GIFT CARDS, LLC , Inc.'s actions did not directly cause the

plaintiff's economic losses, 99% of the plaintiff's payments were made using gift cards issued

by this company. In the account suspension actions, Amazon cited "abnormal payments" as the

reason for suspension. Given Amazon's repeated requests for the plaintiff to upload photos of

the gift cards, it is reasonable to infer that Amazon believed the plaintiff's gift cards were

problematic. Consequently, these gift cards became the trigger for all subsequent issues.

**Claim for Punitive Damages:**

90.     Given the aforementioned violations and the damages caused to the plaintiff, the

plaintiff claims punitive damages against Amazon and ACI GIFT CARDS, LLC , Inc. These

49

1    violations not only infringed upon consumers' legitimate rights but also caused the plaintiff

2    significant economic losses and emotional distress. Punitive damages are necessary to deter

3    such conduct in the future and to send a clear message that similar deceptive and unfair

4    practices will not be tolerated.

5    **Basis for Multiple Violations and Punitive Damages:**

6    91.    The plaintiff alleges that the actions of ACI GIFT CARDS, LLC , Inc. and

7    Amazon jointly constitute multiple violations, including inadequate information disclosure,

8    deceptive business practices, and unfair competition. According to **United States v.

9    Bestfoods, 524 U.S. 51 (1998)** and **FTC v. Cyberspace.com LLC (2006)**, when a parent

10   company has direct control or involvement in the unlawful actions of its subsidiary, the parent

11   company should be held jointly liable. Therefore, the plaintiff requests that the court hold

12   Amazon and ACI GIFT CARDS, LLC , Inc. fully liable for these violations and order them to

13   pay punitive damages to prevent similar conduct in the future and to protect consumers' rights.

# 2. Legal Violations by Amazon Services

## 2.1. Contract Invalidity

### 2.1.1. Contract Invalidity Due to Language Barrier

**Legal Basis:**

92. According to California Civil Code Section 1633.7, for a contract to be valid, both parties must clearly understand its terms. If one party cannot comprehend the contract due to a language barrier, the agreement may be deemed invalid or partially invalid due to the lack of informed consent.

**Case Law Support:**

93. In Specht v. Netscape Communications Corp. (2002), the court found that when contract terms are not clearly presented to a party, particularly in a language they understand, the contract may be deemed invalid. This applies when essential terms are hidden or not conspicuous, affecting the party's ability to give informed consent.

94. Furthermore, in Doe v. Internet Brands, Inc. (2016), the court expanded on this

Case No.    50/08/2024 Page 52 of 180 Page ID #: 52

1    principle by holding that online service providers have a duty to ensure that users

2    are fully informed of significant terms, especially those related to privacy and

3    security. The failure to clearly disclose such terms can lead to a contract being

4    unenforceable, underscoring the importance of transparency and user awareness in

5    contractual agreements.

6    **In this case:**

7    95.  When signing the defendant Amazon's user agreement, I was unable to understand

8    the specific terms and conditions due to a language barrier. These terms pertained

9    to account management, order processing, and all significant interactions with

10   Amazon. However, the defendant did not provide any translation or explanation,

11   leading to a lack of informed consent when I signed the agreement. Under

12   California Civil Code and related case law, I argue that the contract is invalid or

13   certain clauses are void due to the absence of informed consent, which is a crucial

14   factor for contract validity.

1    **2.1.2. Impact of Mental State and Medication on Contract Validity**

2          **Legal Basis:**

3    96. Under California Civil Code Section 38, if a party is mentally incapacitated (due

4          to medication, severe anxiety, etc.) at the time of signing, the contract may be

5          considered void. This statute specifies that mental abnormalities or medication

6          influence may prevent the formation of a valid contractual intent.

7          **Case Law Support:**

8    97. Under California Civil Code Section 38, if a party is mentally incapacitated at the

9          time of signing the contract, it may be considered void. In Hagen v. Hagen (2002),

10         the court ruled that contracts entered into under impaired mental capacity can be

11         invalidated due to the lack of a clear contractual intent.

12         **In this case:**

13   98. At the time of signing the defendant Amazon's user agreement, my judgment and

14         comprehension were impaired due to severe anxiety and the effects of long-term

53

1    medication. Under these circumstances, I was unable to fully understand or agree

2    to the contract's content. According to California Civil Code Section 38 and

3    relevant case law, I argue that the contract is invalid because my mental state and

4    medication influence rendered me incapable of forming a valid contractual intent

5    when signing the agreement.

6    **2.1.3. Unconscionability of Standard Form Contract**

7        **Legal Basis:**

8    99.  California Civil Code Section 1670.5 allows courts to invalidate or refuse to

9        enforce contracts, or specific terms within them, that are deemed unconscionable

10       at the time of signing. Unconscionability can arise from one-sided and oppressive

11       terms, especially in standard form contracts.

12       **Case Law Support:**

13   100. While Armendariz v. Foundation Health Psychcare Services Inc. (2000) discusses

14       the unenforceability of grossly unfair terms, Graham v. Scissor-Tail, Inc. (1981)

1      further reinforces that when a contract is presented in a take-it-or-leave-it manner,

2      without negotiation, and contains overly one-sided terms, the courts may find it

3      unconscionable and refuse enforcement..

4      **In this case:**

5      101. The defendant Amazon's user agreement is a typical standard form contract,

6           drafted unilaterally by the defendant, leaving me with no real opportunity for

7           negotiation. This one-sided standard form contract places the defendant in a

8           position of absolute advantage, especially in clauses related to account suspension

9           and order cancellation, granting the defendant unilateral power. According to

10          California Civil Code Section 1670.5 and relevant case law, I argue that these terms

11          are grossly unfair, and request the court to declare them void or unenforceable.

12     **2.1.4. Duress Due to Survival Pressure**

13          **Legal Basis:**

14     102. Under California Civil Code Section 1569, duress involves the use of unlawful

1    threats or compulsion that forces another party to enter into a contract without free

2    will.

3    **Case Law Support:**

4    103. In Totem Marine Tug & Barge, Inc. v. Alyeska Pipeline Service Co. (1978), the

5    court recognized that contracts signed under economic duress, where one party

6    exploits the pressing need of the other, can be invalidated as they lack genuine

7    consent..

8    **In this case:**

9    104. When signing the defendant Amazon's user agreement, I was under extreme

10    survival pressure due to two theft incidents that left me without cash or credit cards,

11    plunging me into a desperate situation. I lacked sufficient funds to purchase food

12    or other basic necessities, and my only available payment method was Alipay from

13    my home country, which is not widely accepted in the United States. Facing such

14    survival pressure, I had no choice but to accept the defendant's user agreement and

1    related terms to obtain essential goods. This duress, caused by my survival needs,

2    deprived me of free will when signing the agreement. Under California Civil Code

3    Section 1569 and relevant case law, I argue that the contract is void because it was

4    signed under duress.

5    **2.1.5. Legal Basis and Support**

6    **Legal Basis:**

7    105.- California Civil Code Section 1670.5 further supports my argument. California

8    law permits courts to review and declare void those contract terms that are grossly

9    unfair at the time of signing.

10    106.- The California Consumer Legal Remedies Act (CLRA) and Unfair Competition

11    Law (UCL): These laws protect consumers from unfair business practices and

12    fraud. The defendant Amazon's user agreement and conduct may violate these laws,

13    particularly concerning the unfair terms in the standard form contract.

14    **Conclusion:**

1    107. Based on the factors above, the plaintiff requests that the court declare the contract

2         void.

## 2.2. Unjust Enrichment

### 2.2.1. Definition and Legal Basis:

5    108.    Unjust enrichment refers to a situation where one party gains economic benefits

6    without a legal basis, resulting in a loss to another party. California Civil Code Section 3274

7    stipulates that any benefits acquired without a legal basis should be returned by the benefiting

8    party.

### 2.2.2. Amazon's Unjust Enrichment:

**Acquisition of Economic Benefits**

11   109. During the suspension of the plaintiff's account, Amazon retained $1,800 paid by

12        the plaintiff, despite not providing the corresponding goods or services.

13   110. **Factual Description：** The plaintiff paid $1,800 for the purchase of goods, but due

14        to the account suspension, Amazon failed to fulfill its contractual obligations. This

1    payment constitutes unjust enrichment without a legal basis.

2    **Occurrence of Loss**

3    111. Due to the account suspension, the plaintiff was unable to obtain the goods they

4    paid for, and Amazon, without a legal basis, retained $1,800, directly causing the

5    plaintiff's financial loss.

6    **2.2.3. Case Law Support**

7    112. In *Nelsen v. Nelsen*, 59 Cal.App.4th 1042 (1997), the California Court of Appeal

8    confirmed that a party who benefits without a legal basis must return those benefits.

9    Amazon's actions are similar to this case, and therefore, it should return the unjust

10    enrichment.

11    **2.2.4. Conclusion and Request**

12    **Compensation for economic loss:**

13    113. Return the unjust enrichment of $1,800 to the plaintiff.

14    **Punitive damages:**

1        114. Although unjust enrichment does not typically lead to punitive damages, in this

2             case, Amazon's unjust enrichment is closely related to its repeated arbitrary

3             account suspensions, continued refusal to return funds, and disregard for the

4             plaintiff's legal rights. These actions demonstrate Amazon's contempt for law and

5             fairness, and the plaintiff requests punitive damages to deter similar behavior in the

6             future.

7  **2.3. False Advertising**

8  **2.3.1. Definition and Legal Basis：**

9        115. False advertising refers to the act of making false or misleading statements in

10           advertisements to attract consumers or influence their decisions. California

11           Business and Professions Code Section 17500 explicitly prohibits making any false

12           or misleading statements in advertising.

13  **2.3.2. Amazon's False Advertising：**

1    **False Statements Regarding Privacy Protection Commitments**

2    116. Amazon claims in its advertisements that the company's services and systems are

3        designed with privacy and security at their core, committed to protecting user data

4        privacy. However, in practice, Amazon violated users' privacy rights by cross-

5        referencing personal information during the account suspension period. This

6        behavior is a serious violation of the privacy commitments made in its

7        advertisements, constituting false advertising.

8        **Factual Description:**

9    117. Amazon emphasizes its privacy protection measures in advertisements, but in

10       practice, it processes and uses personal information without explicit user consent.

11       This behavior contradicts its advertising commitments and is misleading.

12   **2.3.3. Case Law Support：**

13   118. In *Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85 (2001), the court found that

14       concealing key information and making misleading promises constitute fraudulent

61

1    behavior. Amazon's false promises regarding privacy protection are similar to the

2    situation in this case, constituting false advertising.

3    **2.3.4. Request：**

4    119.- Determine that Amazon's behavior constitutes a violation;

5    120.- Although false advertising does not typically lead to punitive damages, given

6    Amazon's multiple violations, the plaintiff requests punitive damages to deter

7    systemic illegal behavior.

8    ## 2.4. Tort

9    **2.4.1. Definition of Tort：**

10    121. Tort refers to the act of one party infringing on the legal rights of another through

11    illegal or improper conduct, causing harm to the other party. According to

12    California Civil Code and related laws, torts mainly include the following aspects:

13    **Intentional Infliction of Emotional Distress:**

14    122. The perpetrator, through extreme or unreasonable behavior, intentionally inflicts

62

1    emotional distress on another person (California Civil Code Section 43).

2        **Negligence Leading to Economic Loss:**

3    123. The perpetrator fails to fulfill their duty of care, resulting in economic loss to

4        another party due to their negligent behavior (California Civil Code Section 1714).

5        **Invasion of Privacy：**

6    124. Illegally collecting, using, or disclosing another person's private information

7        without their consent, thereby infringing on their privacy rights (California Civil

8        Code and the California Consumer Privacy Act (CCPA) and California Privacy

9        Rights Act (CPRA)).

10        **Malicious Conduct or Intentional Harm:**

11    125. The perpetrator intentionally causes economic or emotional harm to another person

12        through malicious or unreasonable conduct (California Civil Code Section 3294).

13    **2.4.2. Analysis of Amazon's Tortious Behavior**

## Intentional Infliction of Emotional Distress

**Tortious Conduct：**

126. Amazon repeatedly suspended the plaintiff's account without cause and canceled

orders for essential living items when the plaintiff was in severe economic and

psychological distress. This behavior not only disregards the plaintiff's plight but

also exacerbates the plaintiff's psychological stress and emotional distress through

repeated rejections and suspensions.

**Description of Harm:**

127. Due to Amazon's actions, the plaintiff's emotional and psychological state has been

severely negatively affected, leading to anxiety, insomnia, and emotional distress.

**Legal Basis：**

128. According to California Civil Code Section 43, intentional infliction of emotional

distress involves intentional conduct, extreme or unreasonable behavior, causation,

and severe emotional distress.

1    **Case Law Support:**

2    129. In \*Christensen v. Superior Court\*, 54 Cal.3d 868 (1991), the California Supreme

3    Court confirmed the essential elements of intentional infliction of emotional

4    distress. Amazon's behavior shows similar extremity and unreasonableness,

5    directly leading to the plaintiff's emotional harm, meeting the requirements for

6    intentional infliction of emotional distress.

7    **Negligence Leading to Economic Loss**

8    **Tortious Conduct:**

9    130.  The defendant exhibited serious negligence in managing the plaintiff's account,

10    failing to properly handle the evidence submitted by the plaintiff, erroneously

11    suspending the plaintiff's account, and preventing the plaintiff from accessing

12    essential living supplies and equipment, resulting in economic loss.

13    **Description of Harm：**

14    131. Due to Amazon's negligent behavior, the plaintiff was unable to purchase necessary

65

1    living supplies in time, leading to a significant decline in their quality of life and

2    causing actual economic loss.

3    **Legal Basis:**

4    132. According to California Civil Code Section 1714, negligence involves a duty of

5    care, breach of duty, causation, and actual harm.

6    **Case Law Support:**

7    133. In *Rowland v. Christian*, 69 Cal.2d 108 (1968), the California Supreme Court

8    established the elements of negligence tort, particularly emphasizing the duty of

9    care owed by the defendant. Amazon's failure to fulfill its duty of care in managing

10    the account and handling evidence led to the plaintiff's economic loss, constituting

11    negligence.

12    **Invasion of Privacy**

13    **Tortious Conduct:**

14    134. The defendant processed the plaintiff's personal data without proper consent and

1    used this data in decisions regarding account suspension. Additionally, the

2    defendant may have cross-referenced the plaintiff's information with other

3    accounts without consent, thereby infringing on the plaintiff's privacy rights.

4    **Description of Harm:**

5    135. Amazon's invasion of privacy not only caused psychological distress to the

6    plaintiff but also threatened the security of the plaintiff's personal information.

7    **Legal Basis:**

8    136. California Consumer Privacy Act (CCPA) and California Privacy Rights Act

9    (CPRA): These laws require companies to obtain proper consent when processing

10   consumer personal information and to inform them of the purpose of information

11   use.

12   137.  Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2510-2523: This

13   federal law makes it illegal to intercept or monitor electronic communications

14   without authorization.

67

**Case Law Support：**

138. In \*Hill v. National Collegiate Athletic Assn.\*, 7 Cal.4th 1 (1994), the California

Supreme Court established the standard for the reasonable expectation of privacy.

Amazon's processing of the plaintiff's personal data without proper consent

directly infringes on the plaintiff's privacy rights, meeting the elements of an

invasion of privacy.

**Malicious Conduct or Intentional Harm：**

**Tortious Conduct:**

139. The defendant repeatedly suspended the plaintiff's account and canceled the

plaintiff's orders without justification, particularly when the plaintiff relied on

these orders for basic living necessities, demonstrating clear malice and unfair

conduct.

**Description of Harm:**

140. Amazon's malicious behavior prevented the plaintiff from obtaining essential

1    living supplies, further exacerbating economic and emotional harm.

2    **Legal Basis:**

3    141. According to California Civil Code Section 3294, intentional harm may result in

4    punitive damages, especially when the conduct involves malice.

5    **Case Law Support:**

6    142. In *Taylor v. Superior Court*, 24 Cal.3d 890 (1979), the California Supreme Court

7    discussed the standards for punitive damages, particularly for malicious or

8    intentional harm. Amazon's repeated malicious behavior, especially in neglecting

9    the plaintiff's basic living needs, shows clear malice, constituting intentional harm

10    and warranting punitive damages.

11    **2.4.3. Argument for Systemic Tortious Conduct：**

12    **Definition and Manifestation of Systemic Tortious Conduct：**

13    143. Systemic tortious conduct refers to the repeated use of similar tortious methods in

14    multiple interactions with a single victim, resulting in harm in each interaction. In

1    Amazon's conduct, the plaintiff experienced multiple account suspensions and

2    order cancellations, each accompanied by vague explanations and information

3    concealment, leading to repeated harm and damage to the plaintiff throughout the

4    process.

5    **Case Law Support：**

6    144. In *Speakers of Sport, Inc. v. ProServ, Inc.*, 178 F.3d 862 (7th Cir. 1999), although

7    this is a ruling from the Seventh Circuit Court of Appeals, the concept of systemic

8    tortious conduct mentioned in the case can be analogously

9    145.  applied to this case. Amazon's repeated and opaque operations caused harm to the

10    plaintiff in each interaction, consistent with the concept of systemic tortious

11    conduct in *Speakers of Sport*.

12    **2.4.4. Conclusion and Compensation Request：**

13    146. Based on the above analysis, the plaintiff asserts that the defendant Amazon's

14    actions constitute systemic tortious conduct and therefore requests the following

1    compensation:

2    **Compensation for Economic Loss:**

3    147. To compensate for the direct economic loss caused by the systemic tortious conduct.

4    **Compensation for Emotional Distress:**

5    148.  To compensate for the mental anguish caused by the systemic tortious conduct.

6    **Compensation for Privacy Infringement:**

7    149. To compensate for the psychological and emotional damage caused by the invasion

8    of privacy.

9    **Punitive Damages:**

10   150. Due to the malicious and systemic nature of the defendant's conduct, punitive

11   damages should be awarded to deter similar behavior in the future.

12   **2.5. Repeated Fraudulent Conduct**

13   **2.5.1. Definition of Fraud：**

14   151. Fraudulent conduct refers to the act of intentionally making false statements,

1    concealing important facts, or misleading others to cause them to rely on such false

2    information, ultimately leading to their loss. The main elements of fraud include:

3    **False Statements or Concealment of Facts\*\* (California Civil Code Section**

4    **1709):**

5    152. The perpetrator provides false information or intentionally conceals important facts.

6    **Intent of the Perpetrator:**

7    153. The perpetrator intentionally makes these false statements or concealments to

8    mislead or deceive others.

9    **Reasonable Reliance by the Victim:**

10    The victim reasonably relies on these false statements or concealed facts.

11    **Damage：**

12    154. The victim suffers actual harm as a result of relying on these false statements.

13    **2.5.2. Analysis of Amazon's Fraudulent Conduct：**

1    **False Statements and Concealment of Facts：**

2            **Fraudulent Conduct:**

3    155. Amazon made false statements and concealed key facts in handling the plaintiff's

4            account suspension and order cancellations. Specifically:

5            **False Statements:**

6    156. Amazon claimed that the plaintiff's account was suspended due to "suspicious

7            payment activities," but failed to provide specific details or explanations, leaving

8            the plaintiff unable to understand the actual nature of the problem.

9            **Concealment of Facts:**

10    157. Amazon did not disclose the specific standards for its internal account review and

11            monitoring of suspicious payments or the specific information used when

12            suspending accounts. This concealment left the plaintiff at a disadvantage in

13            protecting their rights.

14            **Legal Basis:**

158. According to California Civil Code Section 1572 and the Federal Trade Commission Act (FTCA, 15 U.S.C. § 45), false statements or concealment of important facts constitute consumer fraud. The FTCA explicitly prohibits unfair or deceptive acts aimed at protecting consumers from fraudulent statements and improper business practices.

**Case Law Support:**

159. In *Lazar v. Superior Court*, 12 Cal.4th 631 (1996), the California Supreme Court confirmed the elements of fraud, emphasizing the key role of intentional concealment of facts and misleading behavior in fraud cases. Additionally, the FTCA further strengthens consumer protection at the federal level, especially in cases involving interstate commerce.

**Intent of the Perpetrator：**

**Fraudulent Conduct:**

160. Amazon showed a clear intent to mislead or deceive in handling the account

74

1    suspension and order cancellations. Even after the plaintiff submitted all required

2    evidence, Amazon still refused to restore the account without providing a

3    reasonable explanation. This suggests that Amazon may have intentionally used

4    vague or misleading information to prevent the plaintiff from effectively defending

5    their rights.

6    **Legal Basis:**

7    161. According to California Civil Code Section 1709, fraud requires proof of intent to

8    deceive or mislead. At the same time, the Federal Trade Commission Act also

9    explicitly prohibits behavior that intentionally misleads consumers.

10   **Case Law Support:**

11   162. In *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal.4th 979 (2004), the

12   California Supreme Court discussed the intent element in fraud cases, noting that

13   the perpetrator's intent to deceive is a critical factor in determining fraud. The

14   FTCA further states that any intentional deceptive behavior is illegal and may lead

75

1    to federal legal consequences.

2    **Reasonable Reliance by the Victim**

3    **Fraudulent Conduct:**

4    163. After receiving Amazon's notice of account suspension and order cancellation, the

5    plaintiff reasonably relied on the information provided by Amazon and attempted

6    to resolve the issue by submitting the required documents and evidence. However,

7    due to Amazon's intentional provision of false or incomplete information, the

8    plaintiff's reasonable reliance was exploited, resulting in further losses.

9    **Legal Basis:**

10    164. According to California Civil Code Section 1710, the victim's reasonable reliance

11    on fraudulent statements means that the victim reasonably believes and relies on

12    the perpetrator's statements in making decisions. At the same time, the FTCA's

13    provisions further protect consumers' reliance interests in commercial transactions,

14    prohibiting businesses from exploiting consumers' trust through fraud.

1        **Case Law Support:**

2        165.  In *Engalla v. Permanente Medical Group, Inc.*, 15 Cal.4th 951 (1997), the

3        California Supreme Court emphasized the importance of the victim's reasonable

4        reliance on fraudulent statements, considering this reliance a key factor in fraud

5        cases. The FTCA provides a broader legal framework to ensure that consumer trust

6        is not abused.

7   **Damage：**

8        **Fraudulent Conduct：**

9        166.  Due to Amazon's false statements and concealment of facts, the plaintiff was

10        unable to promptly resolve the account suspension issue, leading to the cancellation

11        of essential living supplies orders. This caused not only economic losses but also

12        severe emotional distress and mental health issues. The plaintiff's quality of life

13        significantly declined, requiring long-term psychological treatment.

14        **Legal Basis:**

167. According to California Civil Code Section 1709, damages from fraud include economic losses and other actual harm resulting from reliance on false statements. Additionally, the FTCA stipulates that consumers who suffer losses due to unfair or deceptive acts may seek federal-level penalties and compensation.

**Case Law Support:**

168. In *Alliance Mortgage Co. v. Rothwell*, 10 Cal.4th 1226 (1995), the California Supreme Court stated that victims of fraud have the right to seek compensation for all damages resulting from reliance on false statements. The FTCA's relevant provisions further emphasize the protection of consumers from harm, particularly in cases of large-scale or systemic fraud.

### 2.5.3. Argument for Systemic Fraudulent Conduct：

169. Through the analysis above, it is clear that Amazon's actions constitute fraud. Specifically, Amazon intentionally provided false information and concealed important facts in handling the account suspension and order cancellations,

78

1    misleading the plaintiff into making incorrect decisions, ultimately leading to

2    economic and emotional losses.

3    **Multiple Fraudulent Acts:**

4    170. Amazon's fraudulent conduct is not limited to a single event but is systemic and

5    multi-layered, permeating the entire account management and order processing

6    process.

7    **Severity:**

8    171. Amazon's actions not only caused direct harm to the plaintiff but also reflect a

9    systemic disregard for consumer rights in its business operations. The severity of

10   this fraudulent conduct entitles the plaintiff to seek substantial compensation and

11   other legal remedies.

12   **Federal-Level Implications:**

13   172. Since Amazon's actions involve multiple states and possibly international

14   transactions, they also violate the Federal Trade Commission Act. The FTCA

79

1    grants the federal government the authority to investigate and penalize large-scale

2    fraudulent conduct.

3    **2.5.4. Conclusion and Compensation Request**

4    173. Based on the above analysis, the plaintiff contends that Amazon's actions constitute

5    fraud and therefore seeks compensation. This compensation should include:

6    **Compensation for Economic Loss:**

7    174.  To compensate for the direct economic losses caused by false statements and

8    concealment of facts.

9    **Compensation for Emotional Distress:**

10   175. To compensate for the mental anguish and psychological health issues resulting

11   from the fraudulent conduct.

12   **Punitive Damages:**

13   176. Given the intentional deceptive nature of Amazon's actions and its violation of the

14   Federal Trade Commission Act, punitive damages should be awarded to deter

1    similar conduct.

## 2.6. Violation of Consumer Protection Laws:

### 2.6.1. Definition of Consumer Protection Laws:

177. Consumer protection laws are designed to protect consumers from fraud, deception, and unfair business practices in the purchase of goods or services. According to the California Consumers Legal Remedies Act (CLRA, California Civil Code Sections 1750-1784) and the California Unfair Competition Law (UCL, California Business and Professions Code Sections 17200-17210), consumer protection laws primarily cover the following aspects:

**False Statements and Concealment of Information:**

178. Businesses may not make false or misleading statements or conceal important facts related to transactions (California Civil Code Section 1770(a)(5) and (a)(7)).

**Fair Trade and Right to Redress:**

179.  Consumers have the right to fair trade, and businesses may not deprive consumers

1    of their right to redress or other legal rights through unreasonable or malicious

2    conduct (California Business and Professions Code Section 17200).

3    **Reasonable Business Practices:**

4    180. Businesses must handle consumer affairs reasonably and fairly, and may not

5    engage in malicious operations or unreasonable business practices to gain improper

6    benefits (California Civil Code Section 1770(a)(14), California Business and

7    Professions Code Section 17200).

8    **2.6.2. Analysis of Amazon's Violation of Consumer Protection Laws:**

9    **False Statements and Concealment of Information:**

10    **Applicability of Definition:**

11    181. False statements and concealment of information refer to a business intentionally

12    providing misleading information or intentionally concealing important facts that

13    may affect consumer decisions. This conduct violates consumers' rights to access

14    truthful information and directly impacts their decision-making abilities.

1         **Description of Conduct:**

2     182. Amazon, when notifying the plaintiff of the account suspension, failed to specify

3         which transaction or gift card had issues or to clearly explain why these

4         transactions or gift cards were deemed suspicious. Amazon's lack of transparency

5         left the plaintiff unable to understand the specific reasons for the account

6         suspension and unable to take effective measures to lift the suspension.

7         **Description of Harm:**

8     183. Due to Amazon's concealment of important information and lack of transparent

9         statements, the plaintiff could not take timely action to lift the account suspension,

10         resulting in the cancellation of important orders. These orders included purchases

11         of essential living supplies, directly affecting the plaintiff's daily life and survival.

12         Amazon's conduct not only violated the disclosure requirements under consumer

13         protection laws but also caused the plaintiff economic losses and emotional distress.

14         **Analysis of Legal Violation：**

1    184. According to California Civil Code Section 1770(a)(5) and (a)(7), false statements

2    or concealment of important facts constitute consumer fraud. Amazon's conduct in

3    this case clearly violates the CLRA's provisions, as it concealed information crucial

4    to the consumer's decision-making, directly depriving the plaintiff of their right to

5    make informed decisions.

6    **Case Law Support:**

7    185.  In *Kasky v. Nike, Inc.*, 27 Cal.4th 939 (2002), the California Supreme Court

8    emphasized that any false or misleading statements in commercial transactions

9    could constitute consumer fraud. Amazon's failure to disclose important

10   information related to the account suspension directly led to the plaintiff's harm,

11   fitting the definition of fraud in the *Kasky* case.

12   **Deprivation of Right to Redress and Consumer Rights**

13   **Applicability of Definition：**

14   186. Fair trade and the right to redress refer to the basic rights consumers should enjoy

1    during transactions, including the right to seek redress and reasonable resolution in

2    case of disputes. Businesses may not deprive consumers of these basic rights

3    through unfair means.

4    **Description of Conduct:**

5    187. During the suspension of the plaintiff's account, Amazon provided no redress

6    channels or customer support. This conduct deprived the plaintiff of basic

7    consumer rights, leaving them unable to take any action to protect their rights after

8    the account was suspended.

9    **Description of Harm:**

10   188. Due to Amazon's deprivation of the plaintiff's right to redress, the plaintiff was

11   unable to obtain any support or help after the account suspension, preventing the

12   plaintiff from purchasing essential living supplies, further exacerbating their

13   economic difficulties. Amazon's conduct not only violates consumer protection

14   laws but also directly caused the plaintiff's economic and emotional harm.

85

1       **Analysis of Legal Violation:**

2   189. According to California Business and Professions Code Section 17200, unfair or

3       unreasonable business practices, particularly those that deprive consumers of their

4       right to redress, constitute consumer infringement. By depriving the plaintiff of the

5       right to redress, Amazon directly caused harm to the plaintiff, fitting the definition

6       of unfair business practices under the UCL.

7       **Case Law Support:**

8   190. In *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20

9       Cal.4th 163 (1999), the California Supreme Court established the standard for

10      unfair business practices, emphasizing that any conduct depriving consumers of

11      basic rights may constitute a violation of the unfair competition law. Amazon's

12      conduct in depriving the plaintiff of the right to redress directly caused harm to the

13      plaintiff, fitting the definition of unfair business practices under the unfair

14      competition law.

1    **Unreasonable Business Practices and Malicious Operations：**

2    　　　　**Applicability of Definition：**

3    191. Reasonable business practices require businesses to handle consumer affairs fairly

4    　　　　and reasonably. Malicious operations or unreasonable business practices refer to a

5    　　　　business intentionally taking unfair or malicious actions to gain improper benefits

6    　　　　or harm consumer rights.

7    　　　　**Description of Conduct:**

8    192. Despite the plaintiff repeatedly providing all the necessary documents and proof

9    　　　　requested by the defendant, Amazon failed to reasonably process these documents

10   　　　　and continued to suspend the plaintiff's account. This unreasonable business

11   　　　　conduct not only directly prevented the plaintiff from obtaining essential living

12   　　　　supplies but also increased the plaintiff's economic and psychological stress.

13   　　　　**Description of Harm:**

14   193. Amazon's continued suspension of the account, especially when the plaintiff had

87

1    made every effort to provide all the necessary information, caused significant harm

2    to the plaintiff's life. The plaintiff was unable to complete necessary purchases,

3    further exacerbating economic difficulties and psychological stress. These

4    damages are directly caused by Amazon's unreasonable business conduct and

5    malicious operations.

6    **Analysis of Legal Violation:**

7    194. According to California Civil Code Section 1770(a)(14) and California Business

8    and Professions Code Section 17200, unreasonable business conduct and malicious

9    operations violate the basic principles of fair trade, constituting consumer rights

10   violations. Amazon's unreasonable business conduct and malicious operations not

11   only violate the UCL's provisions but also breach the CLRA's requirements for fair

12   trade and reasonable handling of consumer affairs.

13   **Case Law Support:**

14   195. In *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal.App.4th

1   861 (1999), the California Court of Appeal determined that unreasonable business

2   conduct and malicious operations against consumers constitute violations of the

3   unfair competition law. Amazon's conduct in this case, particularly the refusal to

4   lift the account suspension and the disregard for the plaintiff's reasonable requests,

5   is similar to the unreasonable business conduct in the *South Bay Chevrolet* case,

6   directly causing harm to the plaintiff and constituting a serious violation of

7   consumer rights.

8   **Conclusion and Compensation Request：**

9   196. Based on the above analysis, the plaintiff asserts that the defendant Amazon's

10   conduct violates consumer protection laws, specifically through false statements,

11   concealment of information, deprivation of the right to redress, and unreasonable

12   business practices. These actions directly caused the plaintiff's economic losses

13   and emotional distress, and the plaintiff therefore seeks the following

14   compensation:

89

1   **Compensation for Economic Loss:**

2   197. To compensate for the actual economic losses directly caused by Amazon's illegal

3       conduct.

4   **Compensation for Emotional Distress:**

5   198. To compensate for the mental anguish caused by Amazon's unreasonable and

6       malicious conduct.

7   **Punitive Damages:**

8   199. Given the malicious nature of the defendant's conduct, punitive damages should

9       be awarded to deter similar unfair business practices in the future.

10

11

12  **2.7. Deprivation of Basic Survival Rights and Violation of Humanitarian**

13  **Principles**

14  **2.7.1. Overview:**

1    200.    The plaintiff accuses Amazon of not only violating contract law but also severely

2    infringing upon their basic survival rights and humanitarian principles. Despite being fully

3    aware of the plaintiff's severe psychological and economic hardships, Amazon still chose to

4    cancel and refuse to restore essential food orders. This action not only deprived the plaintiff of

5    access to basic necessities but also exacerbated their mental distress, leading to a significant

6    deterioration in their health. The plaintiff argues that Amazon's actions are tantamount to

7    depriving them of their basic survival rights, thus constituting a grave violation of fundamental

8    human rights as protected by the U.S. Constitution and international human rights law, and a

9    blatant disregard for humanitarian principles.

10    **2.7.2. Legal Basis:**

11    201.    Under the U.S. Constitution and international human rights law, the right to basic

12    survival is considered a fundamental human right. Any action that prevents an individual from

13    meeting their basic life needs can be viewed as a violation of basic human rights.

14    **2.7.3. Defendant's Actions:**

91

202. **1. Cancellation and Refusal to Reinstate Food Orders:** On June 28, 2024, during the suspension of the plaintiff's account, Amazon canceled the plaintiff's food order. This was done despite the plaintiff informing Amazon of their dire situation in the U.S., including being a victim of theft, coerced purchases, lack of a support network, language barriers, and total reliance on the purchased food for survival. Amazon still refused to reinstate the order. Although this action did not directly revoke the right to survival, it was equivalent to such a deprivation, constituting a violation of basic survival rights.

203. **2. Ignoring Special Circumstances and Humanitarian Requests:** As mentioned above, after Amazon was informed of these critical details, the plaintiff applied for humanitarian assistance, yet Amazon still refused to reinstate the order. This action violated basic humanitarian principles.

**2.7.4. Specific Damages:**

204. Due to Amazon's actions, the plaintiff's basic survival rights were severely threatened, leading to the following damages:

92

1       205.    **Survival Stress:** The cancellation of the food order meant that the plaintiff's basic

2      life needs were not met, causing immense survival stress. This stress includes not only fear of

3      meeting basic life-sustaining needs but also extreme anxiety and despair about future survival,

4      resulting in significant psychological and physiological impacts on the plaintiff.

5      206.    **Worsening Mental Health:** The inability to obtain basic life necessities further

6      deteriorated the plaintiff's mental health, leading to suicidal tendencies.

7      **2.7.5. Causation Between Violations and Damages:**

8      207.    Amazon's actions directly led to threats against the plaintiff's survival and caused

9      severe mental harm. After learning about the plaintiff's special circumstances and humanitarian

10      requests, Amazon still chose to cancel their order for essential life necessities and ignored the

11      humanitarian plea. This behavior directly caused a serious threat to the plaintiff's survival and

12      severe psychological distress.

13      **2.7.6. Supporting Case Law:**

14      208.    **Goldberg v. Kelly, 397 U.S. 254 (1970):** The Supreme Court held that depriving

93

1    individuals of basic living conditions (such as welfare benefits) requires the protection of due

2    process. Although this case primarily involves government actions, the principle of procedural

3    justice can also guide commercial conduct. Amazon's cancellation of the plaintiff's order for

4    basic life necessities without providing reasonable procedural protections constituted a

5    violation of the plaintiff's basic survival rights.

6    209.    **Olmstead v. L.C., 527 U.S. 581, 598 (1999):** The court emphasized that public

7    service providers must not engage in discriminatory treatment based on disability or health

8    conditions and should provide necessary reasonable accommodations. In this case, Amazon

9    ignored the plaintiff's special needs and deprived them of the right to obtain basic life

10    necessities, constituting a violation of basic survival rights

11    **2.8. Monopolizing the Market in Violation of the Sherman Act (15 U.S.C. §**

12    **2)**

13    **2.8.1. Legal Basis:**

14    210.    **Section 2 of the Sherman Act:** Prohibits any enterprise from monopolizing,

1   attempting to monopolize, or maintaining its market dominance through unreasonable

2   restraints, which constitutes illegal behavior.

**2.8.2. Supporting Case Law:**

211.   **United States v. Grinnell Corp., 384 U.S. 563 (1966):** The court found that an

enterprise that dominates a relevant market and maintains that dominance by excluding

competition or controlling the market engages in abusive market dominance.

212.   **Aspen Skiing Co. v. Aspen Highlands Skiing Corp., 472 U.S. 585 (1985):** The

court held that a company that restricts competitors or harms consumers through unreasonable

market behavior is abusing its market dominance.

213.   **Eastman Kodak Co. v. Image Technical Services, Inc., 504 U.S. 451 (1992):**

The court ruled that enterprises must not harm consumer rights or exclude competitors through

unfair market practices.

**2.8.3. Violations:**

214.   1. Account Suspensions and Order Cancellations:

1    215.    From June 26 to August 1, 2024, Amazon repeatedly suspended the plaintiff's

2    account and canceled orders for essential living necessities without just cause. These actions

3    not only directly impacted the plaintiff's right to survival but also imposed unreasonable market

4    pressure on consumers by controlling user accounts and orders.

5    216.    These account suspensions were not isolated incidents but part of Amazon's use

6    of its market power to impose unreasonable restrictions. Even after the plaintiff submitted all

7    required proof materials, Amazon still refused to lift the account suspension, demonstrating a

8    disregard for market transparency and consumer rights. This behavior weakened consumers'

9    bargaining power and placed them in a market environment entirely controlled by Amazon.

10    **2. Exclusionary Strategies:**

11    217.    **Anti-Discount Policy:** Amazon penalizes sellers who offer lower prices on other

12    platforms by excluding them from the "Buy Box," a key sales channel on its platform. This

13    strategy effectively weakens market competition and forces sellers to conform to Amazon's

14    pricing policies, stifling competition on other platforms.

218.   **Mandatory Fulfillment Services:** Amazon requires third-party sellers to use its

fulfillment services (FBA) to qualify for Prime status, which is crucial for reaching a broad

customer base. This behavior ties sellers to Amazon's ecosystem and raises barriers to market

entry for competitors, further exacerbating market imbalance and making it difficult for small

sellers to compete in a fair market environment.

**3. FTC Allegations:**

219.   **Anti-Competitive Behavior:** According to allegations by the Federal Trade

Commission (FTC), Amazon has used a series of unfair business practices and market

manipulation to further consolidate its market dominance. The FTC accuses Amazon of using

its market advantage to engage in various unfair competition practices, including manipulating

sellers, restricting competition, and enhancing its monopoly power through complex market

strategies.

220.   **Market Impact:** The FTC points out that Amazon's actions not only pose a

serious threat to competitors but also lead to higher prices and fewer choices for consumers.

97

1  These allegations align with those in this case, further indicating that Amazon's actions have

2  exceeded the bounds of legal competition.

3  **2.8.4. Specific Damages:**

4      **1. Economic Damages:**

5      221.    The plaintiff was unable to obtain basic living necessities due to account

6  suspensions and order cancellations, leading to actual economic losses. These losses are not

7  limited to material damage but also include indirect economic losses from the inability to carry

8  out daily life activities normally.

9      222.    The plaintiff was forced to accept Amazon's unreasonable market conditions,

10  paying higher prices or being compelled to use other inconvenient services. This economic loss

11  is directly attributable to Amazon's abusive behavior, adding extra financial pressure on the

12  plaintiff.

13      **2. Emotional Damages:**

14      223.    The inconvenience and stress caused by account suspensions and order

1    cancellations resulted in severe emotional distress for the plaintiff. This distress not only

2    affected the plaintiff's daily life but also worsened anxiety, insomnia, and other mental health

3    issues.

4        224.    After experiencing multiple account suspensions and order cancellations, the

5    plaintiff felt helpless and powerless in defending their rights, further intensifying emotional

6    stress and having a lasting negative impact on their mental health.

7    **2.8.5. Causation Between Violations and Damages:**

8        **1. Causal Chain:**

9        225.    Amazon, through its market dominance, engaged in a series of exclusionary and

10    anti-competitive behaviors, directly causing the plaintiff's economic and emotional damages.

11    These actions restricted the plaintiff's access to essential living supplies, forcing them to pay

12    higher costs and endure significant emotional stress.

13        226.    The plaintiff's damages are a direct result of Amazon's abuse of market dominance.

14    Amazon's unfair account suspensions and order cancellations led to the plaintiff's economic

99

1    losses and emotional distress, all of which can be directly traced back to Amazon's abusive

2    behavior.

3    **2. Market Impact:**

4    227.    Amazon's actions not only harmed the plaintiff but also disrupted the competitive

5    environment of the market. By abusing its market dominance, Amazon caused market prices

6    to rise, reduced consumer choices, and made it difficult for competitors to enter the market.

7    These actions not only damaged consumer interests but also undermined the overall fairness of

8    the market.

9    **2.8.6. Supporting Case Law:**

10    228.    **1. United States v. Grinnell Corp., 384 U.S. 563 (1966):** Supports the plaintiff's

11    allegation that Amazon excluded competition through its market dominance. Amazon's

12    behavior is similar to the actions in Grinnell, where the company used market power to exclude

13    competitors and maintain a monopoly.

14    229.    2**. Aspen Skiing Co. v. Aspen Highlands Skiing Corp., 472 U.S. 585 (1985):**

1    Supports the plaintiff's allegation that Amazon's actions harmed market competition and

2    consumer rights. Amazon's repeated account suspensions and order cancellations achieved the

3    same goal of limiting consumer choice to maintain market dominance.

4        230.    3. **Eastman Kodak Co. v. Image Technical Services, Inc., 504 U.S. 451 (1992):**

5    Supports the plaintiff's allegation that Amazon's abuse of market dominance led to consumer

6    harm. The Kodak case established that companies should not harm consumer rights through

7    unfair market practices, and Amazon's actions similarly disrupted market competition.

8    **2.8.7. Systemic Violation of Consumer Rights:**

9        **1. Systemic Nature of Abusive Behavior:**

10       231.    From June 26 to August 1, 2024, Amazon demanded personal information during

11   account suspensions but failed to provide clear appeal channels or transparent explanations.

12   This lack of transparency not only limited the plaintiff's ability to defend their rights but also

13   decreased consumer trust in Amazon.

14       232.    These actions were not limited to individual consumers but reflected Amazon's

1    use of its dominant position to impose unreasonable restrictions on consumers in the market.

2    By continually adjusting its market strategies and technical means, Amazon created a sense of

3    powerlessness among consumers, making it difficult for them to effectively protect their rights.

4    **2. Legal Analysis:**

5    233.    Eastman Kodak Co. v. Image Technical Services, Inc., 504 U.S. 451 (1992): When

6    a company holds market dominance, it must not harm consumer rights or exclude competitors

7    through unfair market practices. Amazon's behavior is similar to the illegal actions in the Kodak

8    case, where consumer rights were sacrificed to maintain market advantage.

9    **2.8.8. Widespread Consumer Complaints and Dissatisfaction:**

10    **1. Widespread Consumer Complaints:**

11    234.    On platforms like Better Business Bureau (BBB) and Consumer Affairs, Amazon

12    has received numerous complaints regarding account management, customer support, and

13    unjustified account suspensions. Consumers have consistently reported that Amazon lacks

14    transparency and effective communication channels when handling these issues, leading to

1   widespread consumer dissatisfaction.

2       235.    These complaints reveal not only systemic flaws in how Amazon handles

3   consumer issues but also widespread dissatisfaction with Amazon's abuse of market dominance.

4   This widespread dissatisfaction further indicates that Amazon's market behavior has caused

5   substantial harm to consumers.

6       **2. Supporting Evidence:**

7       236.    According to data from BBB and Consumer Affairs, Amazon generated 47,510

8   complaints in the past three years, primarily involving account management and customer

9   support issues. On Consumer Affairs, Amazon's rating is only 1.3 stars, reflecting widespread

10  consumer dissatisfaction with its services.

11      237.    These complaints show that Amazon's behavior has severely damaged its market

12  image, and these issues are widespread among consumers, further proving the harm caused by

13  its abuse of market dominance.

14  **2.8.9. Support from Media Reports and Expert Testimonies:**

1       **1. Expert Testimonies:**

2       238.    Analysts at ProMarket suggest that Amazon may be engaging in predatory pricing

3       strategies to dominate the market, which may violate the Sherman Act. Expert testimony

4       indicates that Amazon's low-price sales strategy not only undermines competitors but also

5       destabilizes market competition, threatening the long-term health of the market.

6       239.    Experts also point out that Amazon's actions may be intentional, aimed at

7       eliminating competitors by sacrificing short-term profits to establish a stronger monopoly

8       position in the market. This strategy is not only unfair but also severely disrupts market

9       competition.

10      **2. Media Reports and Wikipedia:**

11      240.    Major media outlets such as The New York Times, The Washington Post, CNN,

12      and Reuters have conducted in-depth analyses of Amazon's market behavior, revealing how it

13      maintains its market advantage through unfair business practices and market manipulation.

14      These reports further illustrate the broad impact of Amazon's market strategies on consumers

1    and competitors.

2        241.    The Wikipedia page "Criticism of Amazon" also provides extensive information,

3    highlighting the widespread criticism Amazon faces on multiple fronts. This criticism comes

4    not only from consumers but also from market analysts and industry experts, further

5    strengthening the scrutiny of Amazon's actions.

6        **3. Legal Analysis:**

7        242.    The information in media reports and Wikipedia enhances the credibility of the

8    plaintiff's allegations and shows that Amazon's behavior has become a focal point of public

9    concern. This information suggests that Amazon's actions are not isolated incidents but

10   systemic issues within its business model.

11   **2.8.10. Summary:**

12       243.    Amazon, by abusing its market dominance, engaged in a series of exclusionary

13   and anti-competitive practices, including account suspensions, order cancellations, anti-

14   discount policies, mandatory use of fulfillment services, and false advertising. These actions

1    not only caused serious economic and emotional damage to the plaintiff but also disrupted the

2    competitive order of the market and harmed consumer rights.

3        244.    Supporting Case Law: In New York Times Co. v. Sullivan, 376 U.S. 254 (1964),

4    the court emphasized the importance of media reporting in exposing unjust market behavior,

5    further supporting the plaintiff's allegations. Media and expert analysis provide strong evidence

6    in this case, indicating that Amazon's actions may violate antitrust laws..

7    ## 3. Legal Violations by Apple

8    ## 3.1. Violation of Contract Law, California Consumer Legal Remedies Act

9    ## (CLRA), and California Unfair Competition Law (UCL)

10   ### 3.1.1. Unlawful Actions

11       245.    Apple Inc. promised the plaintiff a pair of AirPods Pro 2 on May 23, 2024, as

12   compensation for a complaint, but has yet to fulfill this promise. This constitutes the following

13   violations:

14       246.    **1. Breach of Contract:** Apple failed to fulfill its promise, violating contract law

1    regarding the obligation to perform.

2         247.    **2. Fraudulent Behavior:** Apple knowingly made a promise to give away the

3    AirPods while being unwilling or unable to fulfill it, violating the CLRA's provisions on

4    fraudulent business practices.

5         248.    **3. Unfair Competition:** Apple's actions led to the plaintiff receiving unfair

6    treatment, constituting unfair business practices under the UCL.

7    **3.1.2. Specific Damages**

8         249.    Due to Apple's breach of contract and fraudulent actions, the plaintiff did not

9    receive the promised AirPods.

10   **3.1.3. Supporting Case Law**

11        250.    **1. Comunale v. Traders & General Ins. Co., 50 Cal. 2d 654 (1958):** Supports

12   the breach of contract claim.

13        251.    **2. Outboard Marine Corp. v. Superior Court (1975):** Supports the claim of

14   fraudulent behavior.

252.    3. **Cel-Tech Communications Inc. v. Los Angeles Cellular Telephone Co., 20**

**Cal. 4th 163 (1999):** Explains the definition of unfair competition.

## 3.2. Violation of the Americans with Disabilities Act (ADA)

### 3.2.1. Overview:

253.    The plaintiff alleges that Apple, in handling the plaintiff's visits to its retail stores,

failed to provide reasonable accommodations and, despite the plaintiff's clear intent to make a

purchase, forcibly evicted them. This behavior constitutes discrimination against the plaintiff,

violating the ADA's provisions on equal treatment and reasonable accommodations, which

directly resulted in severe mental and psychological harm to the plaintiff.

### 3.2.2.  Legal Basis

254.    **Americans with Disabilities Act (ADA, 42 U.S.C. § 12101 et seq.):** Prohibits

discrimination against any individual based on disability and requires public facilities and

service providers to provide equal services and reasonable accommodations to individuals with

disabilities.

108

255.   **Requirement for Reasonable Accommodation:** The ADA mandates that

businesses ensure that individuals with disabilities can equally enjoy public services and

facilities under the same conditions as others.

**3.2.3. Unlawful Actions**

256.   **1. Failure to Provide Reasonable Accommodation:** On July 27, 2024, the

plaintiff, due to mental health issues, needed to use equipment in the Apple Store to handle

important matters, but Apple failed to provide any form of support or accommodation. This

behavior violated the ADA's principle of reasonable accommodation, depriving the plaintiff of

the opportunity to equally use public services.

257.   **2. Discriminatory Treatment and Forcible Eviction:** In the second incident on

July 31, 2024, despite the plaintiff clearly expressing the intent to purchase equipment, Apple's

staff and security not only failed to assist but also forcibly evicted the plaintiff without

reasonable explanation, again calling the police. This eviction, after the plaintiff had clearly

stated their intent to purchase, demonstrates that Apple's treatment of the plaintiff differed from

1    its treatment of other customers, constituting discrimination based on the plaintiff's health

2    condition, in violation of the ADA's principles of equal treatment.

3        258.    3. **Psychological Harm from Police Eviction:** Apple's staff and security called

4    the police twice to evict the plaintiff without providing reasonable explanations or evidence,

5    especially in the second incident where the plaintiff had clearly expressed the intent to purchase.

6    This not only caused severe psychological harm to the plaintiff but also exacerbated their

7    anxiety and other mental health issues.

8    **3.2.4. Specific Damages**

9        259.    Due to Apple's discriminatory behavior and refusal to provide reasonable

10    accommodation, the plaintiff suffered severe mental and psychological harm:

11        260.    **Worsening Mental Health:** Apple's discriminatory treatment and two public

12    evictions, particularly the forcible eviction after the plaintiff clearly expressed the intent to

13    purchase during the second incident, directly led to the plaintiff's deteriorating mental health.

14    The plaintiff felt humiliated, isolated, and helpless after the eviction, worsening pre-existing

110

1    anxiety and other psychological issues, leading to further deterioration in mental well-being.

2    261.    **Mental Stress and Social Isolation:** Apple's actions caused significant mental

3    stress to the plaintiff and further isolated them, making it difficult for the plaintiff to live and

4    work confidently in public. This mental stress significantly reduced the plaintiff's quality of

5    life and severely impacted their ability to manage legal affairs.

6    **3.2.5. Causation Between Violations and Damages**

7    262.    Apple's failure to provide reasonable accommodation and discriminatory

8    treatment, including the forcible eviction of the plaintiff even after they clearly expressed the

9    intent to purchase, directly led to the deterioration of the plaintiff's mental health. Apple's

10   actions violated the ADA's principles of equal treatment and reasonable accommodation,

11   causing the plaintiff to suffer humiliation in public and worsening their mental health.

12   **3.2.6. Supporting Case Law**

13   263.    **Olmstead v. L.C., 527 U.S. 581, 598 (1999):** The court stated that public service

14   providers must offer equal service opportunities to individuals with disabilities, and failure to

111

treat them equally or provide reasonable accommodation constitutes a violation of the ADA.

This supports the plaintiff's claim against Apple for failing to provide reasonable

accommodation.

264.    **Barnett v. U.S. Air, Inc., 228 F.3d 1105, 1115 (9th Cir. 2000):** The court

confirmed that the behavior of public service providers directly led to psychological harm for

individuals with disabilities. Apple's discriminatory behavior and failure to provide reasonable

accommodation are similar to the circumstances in this case, constituting substantial harm to

the plaintiff.

## 3.3. Defamation

### 3.3.1. Overview:

265. The Plaintiff accuses Apple of publicly and baselessly claiming that the Plaintiff

harassed its employees during two incidents of eviction. These false accusations

were not only disseminated within the Apple Store but also further amplified by

the involvement of the police, severely damaging the Plaintiff's reputation, mental

1   health, and exacerbating the Plaintiff's emotional distress, constituting defamation.

2   **3.3.2. Legal Basis**

3   **California Civil Code §§ 44-46:**

4   266. In California, defamation includes any false statement, whether written or spoken,

5   that damages the reputation of another person. Defamation can be either slander

6   (spoken defamation) or libel (written defamation). If the statement is made publicly

7   and causes harm, it constitutes a violation.

8   **False Statements and Public Dissemination:**

9   267. The core of defamation lies in the Defendant's dissemination of false statements to

10   the public without any factual basis, leading to damage to the Plaintiff's reputation.

11   **3.3.3. Unlawful Actions**

12   a.   False Statements and Dissemination:

13   268. - First Eviction on July 27, 2024: In this incident, Apple employees falsely accused

14   the Plaintiff of harassing its employees and publicly disseminated this false

113

accusation without any factual basis or evidence. This statement was widely spread

through the involvement of store employees, security personnel, and the police,

severely damaging the Plaintiff's reputation.

269.- Second Eviction on July 31, 2024: Despite the Plaintiff clearly expressing the

intent to purchase a device, Apple again evicted the Plaintiff based on similar false

accusations and once again summoned the police. This series of actions further

spread the misunderstanding about the Plaintiff, increasing the Plaintiff's emotional

distress.

b.   Malice or Gross Negligence:

270.     - Apple publicly accused the Plaintiff of harassing its employees without

evidence, showing gross negligence or possibly malice. This behavior completely

disregarded the Plaintiff's legal rights and deliberately or seriously ignored the truth.

c. Public Dissemination and Damage to Reputation

271.     - Through its employees, security personnel, and the involvement of the police,

1   Apple disseminated these false statements in public, leading to severe damage to

2   the Plaintiff's reputation and social image. As a result, the Plaintiff suffered

3   significant psychological harm and social isolation.

4   **3.3.4. Specific Damages**

5   Damage to Reputation:

6   272. The Plaintiff's reputation was severely damaged due to Apple's false statements and

7   public dissemination. The Plaintiff was wrongly depicted as a harasser, and this

8   negative image caused the Plaintiff's social standing to decline, further

9   exacerbating the Plaintiff's anxiety and mental health issues.

10   Deterioration of Mental Health:

11   273. As a result of these false statements, the Plaintiff experienced severe

12   psychological distress, including humiliation, anxiety, insomnia, and depression.

13   The Plaintiff was thus compelled to seek further psychological treatment and

14   needed to use stronger sedatives to cope with the worsening mental state.

115

Social Isolation and Humiliation:

274. The two public evictions and police involvement, especially after the Plaintiff

clearly expressed the intent to purchase during the second incident, caused severe

harm to the Plaintiff's social image and self-esteem, leading to feelings of

humiliation and isolation in public.

### 3.3.5. Causation Between Unlawful Actions and Damages**

275. Through false statements and public dissemination, Apple directly caused the

Plaintiff's reputation to be damaged and mental health to deteriorate. These events

directly violated the Plaintiff's legal rights and constituted defamation under

California Civil Code, leading the Plaintiff to suffer humiliation in public and a

continued deterioration of mental health.

### 3.3.6. Case Law Support

276. - **Gertz v. Robert Welch, Inc.**, 418 U.S. 323 (1974): This case law clearly states

that even in matters of public concern, defamation must meet the standard of actual

116

1    malice. This supports the Plaintiff's claim of malicious defamation against Apple

2    in this case.

3    277.- **Milkovich v. Lorain Journal Co.**, 497 U.S. 1 (1990): This case law

4    establishes that false statements, especially when disseminated publicly, constitute

5    defamation. Apple's dissemination of false information accusing the Plaintiff of

6    harassing its employees without evidence meets the defamation standard outlined

7    in this case law.

# VII .  Prayer for Relief

## 1. Request for Judgment Declaring Defendants' Actions Unlawful

278.    The plaintiff requests the court to declare that the actions of ACI GIFT CARDS,

LLC , Amazon.com Inc., and Apple Inc. violated relevant federal and California laws,

including but not limited to the Federal Trade Commission Act (FTCA), California Consumer

Legal Remedies Act (CLRA), and California Unfair Competition Law (UCL).

## 2. Request for Economic Damages

### 2.1. Direct Economic Damages

279.    Loss of Gift Card Value: $1,800

280.    Cost of Costco Membership: $60

281.    **Medical Expenses: T**he plaintiff used a medical card and did not directly pay for

the medication. However, the plaintiff argues that this was directly caused by the actions of

Amazon and Apple. The plaintiff requested a printed bill but was informed that due to state

1    government payments, a bill could not be provided. The plaintiff requests the court to order the

2    defendants to compensate the California government for the medical expenses.

3    **2.2. Indirect Economic Damages**

4    282.    **Time Cost for Device Usage:** From June 28, 2024, when the computer order was

5    canceled, to July 31, when the plaintiff purchased a computer, the plaintiff made multiple trips

6    to the Apple Store and Hilton hotel to access devices. Each trip required an additional hour and

7    $5 in transportation costs. At $20 per hour, the cumulative loss is $775.

8    283.    **Additional Expenses Due to Inconvenience:** Due to account suspensions, the

9    plaintiff was unable to purchase essential items on Amazon and was forced to buy them offline,

10    incurring additional expenses ($540) and time costs in transportation.

11    284.    **Loss of Efficiency:** Due to the defendants' actions, the plaintiff spent a significant

12    amount of time researching, writing, and organizing evidence for this lawsuit, particularly due

13    to account suspensions. The plaintiff was forced to spend considerable time gathering evidence,

14    submitting proof materials, and handling related matters. The plaintiff estimates a loss of 200

119

1   hours, at $20 per hour, resulting in a loss of $4,000.

2       285.   **Long-Term Treatment Costs:** The plaintiff hopes to undergo commercial

3   treatment for mental illness in the future. The estimated cost for ongoing psychological

4   treatment is $50,000.

5       286.   **Long-Term Income Loss:** Due to the ongoing psychological trauma and the

6   impact of the defendants' actions, the plaintiff expects to require continued treatment over the

7   next five years. Due to mental illness, the plaintiff experiences brain fog, memory decline,

8   decreased learning ability, and confused logical reasoning, directly affecting the ability to study,

9   work, or engage in other commercial activities. The preliminary estimate is $200,000.

10  ## 2.3. Emotional Distress Damages

11      287.   The plaintiff requests the court to order the three defendants to jointly compensate

12  the plaintiff for emotional distress damages in the amount of $1,500,000. The specific reasons

13  are as follows:

14  ### 2.3.1. Severity of Emotional Distress

288.    Amazon repeatedly suspended the plaintiff's account without reason, even though

the plaintiff had submitted all proof documents. Amazon's refusal to lift the suspension caused

the plaintiff to experience immense psychological pain under economic and legal pressure.

These actions exacerbated the plaintiff's anxiety disorder, leading to multiple panic attacks,

insomnia, depression, and profound despair. Additionally, Apple's breach of contract and

discriminatory actions during two shopping experiences, particularly being forced to leave the

Apple Store and being evicted by the police, further destroyed the plaintiff's sense of dignity

and security, worsening the plaintiff's mental state.

## 2.3.2. Supporting Evidence

**Medical Records**

289.    The plaintiff has sought mental health treatment multiple times since July 2, 2024.

Doctors diagnosed the plaintiff with severe anxiety disorder and prescribed sedatives and other

medications. These records strongly support the causal link between the plaintiff's emotional

distress and the defendants' actions.

1    **Personal Testimony: See attached**

2    **2.3.3. Long-Term Impact**

3       290.    **Diminished Quality of Life:** The plaintiff's quality of life has significantly

4    declined due to emotional distress, with formerly enjoyable daily activities and social life no

5    longer possible. The plaintiff is constantly tormented by emotional pain, unable to return to a

6    normal state of life. In *Cunningham v. Railway Express Agency, Inc. (1981) 52 Or.App. 1025*,

7    the court upheld a claim for emotional distress damages for diminished quality of life.

8       291.    **Causation Between Emotional Distress and Damages:** The emotional distress

9    caused a sharp decline in the plaintiff's memory, understanding, reasoning, and learning

10   abilities, making it difficult to focus and reducing efficiency in handling matters. In the long

11   term, this will seriously impact the plaintiff's ability to survive, work, or engage in business

12   development in the United States. In *Newman v. Pers. Representative of the Estate of Myron

13   T. Silverman (1996) 84 F.3d 955*, the court upheld a claim for compensation for the impact of

14   emotional distress on professional ability, which also led to substantial economic losses.

### 2.3.4. Case Law Support

292.    In *Martinez v. California Superior Court*, the plaintiff was awarded $7.97 million in damages, including emotional distress damages, for wrongful termination.

293.    Given the severity of the emotional distress and its long-term impact on the plaintiff's life, the plaintiff requests the court to order the defendants to pay emotional distress damages of $1,500,000. This amount is intended to compensate the plaintiff for the immense psychological trauma caused by the defendants' malicious actions and to serve as a warning against such improper behavior by the defendants.

## 2.4. Punitive Damages

294.    Plaintiff Yun Peng requests that the court order Amazon.com, Inc. and Apple Inc. to pay punitive damages to deter their malicious, improper, and fraudulent behavior. Given the extreme harm caused to the plaintiff by the defendants' actions, and the evidence of defendants' malice and disregard for consumer rights, the request for punitive damages is necessary and justified.

### 2.4.1. Impact on Plaintiff:

295.    The detailed explanation of economic and emotional damages has been provided

in previous sections and will not be repeated here.

### 2.4.2. Egregiousness of Defendants' Conduct:

296.    The defendants' actions, including but not limited to repeatedly suspending

accounts without just cause, ignoring clear warnings and requests, disregarding humanitarian

considerations, and engaging in monopolistic practices, demonstrate a blatant disregard for

consumer rights and have resulted in severe unfair outcomes. The details of these violations

have been thoroughly discussed in the allegations section.

### 2.4.3. Violations of Multiple Laws:

297.    Amazon's actions violated multiple laws, with the most severe being fraudulent

conduct and breach of contract. These illegal actions directly resulted in significant economic

and emotional damage to the plaintiff. Additionally, Amazon infringed upon the plaintiff's

basic survival rights, violating the Federal Trade Commission Act (FTCA) and several

1    California consumer protection laws (CLRA, UCL, CCPA, etc.). These actions not only

2    harmed the plaintiff personally but also threatened fair market competition.

3    **2.4.4. Widespread and Systemic Issues:**

4        298.    Systemic Issues with ACI GIFT CARDS, LLC : Systemic issuance of gift cards

5    with insufficient disclosure of terms.

6        299.    Systemic Issues with Amazon:

7        300.    Automated Account Suspensions

8        301.    Restricted Evidence Submission

9        302.    Lack of Appeal Channels

10       303.    Customer Support Deficiencies

11       304.    FTC Allegations Against Amazon

12       305.    Complaints and Negative Reviews from BBB and Consumer Affairs

13       306.    Media Investigations

14       307.    Violation of the Sherman Act

### 2.4.5. Defendants' Financial Strength:

308.    **Amazon**: In 2022, Amazon had total revenue of $469.8 billion and net income of $33.4 billion. Amazon dominates the global e-commerce and cloud computing markets, and its enormous financial resources mean that ordinary compensation amounts would not have a substantial deterrent effect.

309.    **Apple:** In 2022, Apple had total revenue of $394.3 billion and net income of $94.5 billion. As one of the most valuable companies globally, Apple's financial strength is immense. Regular compensation would have minimal impact on its financial situation, necessitating substantial punitive damages to ensure that Apple does not repeat similar behavior.

### 2.4.6. Necessity of Punitive Damages:

310.    The primary purpose of punitive damages is to punish and prevent defendants and other businesses from engaging in similar illegal actions in the future. Considering the financial power and market dominance of Amazon and Apple, ordinary economic compensation is insufficient to exert substantial deterrent effects. Only through sufficiently high punitive

126

1    damages can these companies feel the financial pressure necessary to compel them to improve

2    systemic issues and avoid continuing such behavior. Given the egregiousness of the defendants'

3    actions and their widespread impact on consumers, substantial punitive damages are both

4    necessary and serve to warn other companies, upholding higher standards of business ethics

5    and legality.

6    **2.4.7. Reasonableness and Proportionality of Punitive Damages:**

7        311.    The reasonableness of punitive damages is often based on the ratio to actual

8    damages. According to the U.S. Supreme Court's ruling in *State Farm Mutual Automobile

9    Insurance Co. v. Campbell*, punitive damages should not be excessively disproportionate to

10   actual damages, typically recommended to be within a 9:1 ratio. Given that ACI GIFT CARDS,

11   LLC   only had deficiencies in its issuance process and that the plaintiff's harm was not as

12   severe, the plaintiff does not pursue punitive damages against ACI GIFT CARDS, LLC .

13   However, considering Amazon's enormous financial strength and the severe impact of its

14   actions on the plaintiff, with net income reaching $33.4 billion, the plaintiff seeks punitive

1    damages of $30 million against Amazon. Although Apple's net income is $94.5 billion, the case

2    does not provide extensive evidence of systematic and widespread violations, so the plaintiff

3    seeks punitive damages of $5 million against Apple. These amounts are intended to exert

4    sufficient financial pressure on both companies, creating a substantial deterrent effect and

5    preventing the defendants and other companies from engaging in similar behavior in the future.

6    **2.4.8. Legal Support and Precedents:**

7        312.    The plaintiff's request for punitive damages is based on California Civil Code

8    Section 3294, which allows for punitive damages in cases of malice, oppression, or fraudulent

9    conduct. Supporting precedents include:

10        313.    **BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996):** The court awarded

11    $4 million in punitive damages in response to the defendant's failure to disclose information

12    adequately.

13        314.    **State Farm Mutual Automobile Insurance Co. v. Campbell,** 538 U.S. 408

14    (2003): The court initially awarded $145 million in punitive damages due to the defendant's

1    malicious refusal to defend.

2    315.    **Philip Morris USA v. Williams, 549 U.S. 346 (2007):** The court awarded $79

3    million in punitive damages due to the defendant's disregard for consumer health.

4    316.    In summary, the plaintiff's claim for $35 million in punitive damages is both

5    proportionate to the severity of the harm and aligned with the economic strength of the

6    defendants. This amount will create sufficient financial pressure on the defendants and serve

7    as a deterrent, ensuring that they and other companies refrain from engaging in similar behavior

8    in the future. The plaintiff requests that the court grant this punitive damages claim to enforce

9    accountability and promote respect for consumer rights.

10    ## 3. Injunctive Relief for Systemic Issues

11    ## 3.1. The plaintiff requests the court to order ACI GIFT CARDS, LLC

12    ## and Amazon to take the following actions to correct their systemic issues:

13    317.    **Display of Full Terms and Conditions:** Ensure that the complete terms and

14    conditions are prominently displayed across all sales channels and require consumer

129

confirmation before purchase.

318.    **Multilingual Support:** Provide multilingual support for non-English speakers, particularly in translating contract terms and offering customer service, to ensure all consumers fully understand their rights and obligations.

319.    I**mprovement of Customer Support and Complaint Handling:** Improve customer support and complaint handling mechanisms, ensuring that customers can easily submit complaints and receive assistance, particularly by providing an appeal process to address account suspensions.

320.    **Increased Account Management Transparency:** Ensure that users receive detailed explanations for account suspensions and clear steps for account recovery.

321.    **Regular Audits and Compliance Checks:** The defendants should undergo regular independent third-party audits to ensure compliance with customer service, privacy protection, and account management standards, with the audit results made public.

322.    **Prohibition of Monopolistic Behavior:** Prohibit the defendants from engaging

1    in monopolistic practices.

2    **3.2. The plaintiff requests the court to order Apple to take the following**

3    **actions:**

4        323.    Ensure Reasonable Accommodations for Disabled Customers: Apple should train

5    its employees to recognize and address the specific needs of disabled customers, ensuring they

6    receive reasonable accommodations.

7    **4. Reinstatement of Plaintiff's Amazon Accounts**

8        324.    The plaintiff requests the court to order Amazon to reinstate the plaintiff's two

9    accounts and to refrain from any unreasonable suspensions in the future.

10        325.    The plaintiff requests the court to order Apple to fulfill its promise and

11    compensate the plaintiff with the AirPods Pro.

12    **5. Public Apology**

13        326.    The plaintiff requests the court to order Apple Inc. and its store management to

14    publicly apologize to the plaintiff and compensate them for the emotional distress caused by

1    the discriminatory eviction, ensuring that such unjustified actions do not occur in the future.

## 6. Other Equitable and Appropriate Relief

327.    The plaintiff requests the court to provide any other equitable and appropriate

relief deemed just, based on the seriousness and broad impact of the defendants' actions, to

fully protect consumer rights.

# VIII . Conclusion

328.    1. Plaintiff Yun Peng has suffered severe economic and non-economic losses directly resulting from the improper actions of the defendants, ACI GIFT CARDS, LLC , and Amazon. The defendants' actions not only violate multiple California laws but also significantly harm consumer rights, especially those of vulnerable consumers.

329.    2. This case involves not only the plaintiff's personal rights but also the vital interests of a broad consumer base. As industry giants, the defendants' actions have a far-reaching impact on the entire e-commerce sector.

330.    3. The plaintiff respectfully urges the court to consider the uniqueness and significance of this case and to deliver a just judgment that upholds the law's integrity, protects consumer rights, and promotes the healthy development of the e-commerce industry.

# IX . Demand for Jury Trial

331.    Pursuant to the Seventh Amendment of the United States Constitution and relevant state laws, the plaintiff hereby formally requests a jury trial in this case. The plaintiff believes that the factual issues involved in this case, particularly those concerning breach of contract, unfair business practices, fraud, emotional distress, and punitive damages claims, are best decided by a jury. These issues are easily understandable to ordinary citizens, and a jury is better positioned to evaluate the evidence and deliver a fair verdict.

332.    Therefore, the plaintiff respectfully requests that a jury trial be granted for all issues in this case.

# X . Anticipated Defenses and Rebuttals

333.    Plaintiff anticipates that the defendants may present several defenses to justify

their actions. The plaintiff provides the following preemptive responses to rebut the potential

defenses raised by the defendants.

## 1. Reasonableness and Fairness Defense

## 1.1. Defendants' Potential Argument

334.    The defendants may argue that their actions in suspending accounts and canceling

orders were reasonable, based on legitimate business judgment, and were intended to prevent

fraud or other misconduct.

## 1.2. Plaintiff's Rebuttal

### 1.2.1. Lack of Transparency and Due Process

335.    When the defendants suspended accounts and canceled orders, they did not

provide specific transaction details, times, amounts, or other relevant information, only vaguely

mentioning "unusual payment activity." This vague accusation prevented the plaintiff from

135

1   fully understanding the nature of the problem and from defending themselves. Such lack of

2   transparency and due process violates the principles of fair dealing and infringes on the

3   plaintiff's basic rights. Under California Civil Code §1572, all parties to a contract are obligated

4   to perform in good faith and fairness, which the defendants' actions clearly do not meet.

5        336.    **Case Law Support: In** *Outboard Marine Corp. v. Superior Court, 52 Cal. App.

6   3d 30 (1975)*, the court held that if a company withholds or obscures important information,

7   it may constitute fraud or unfair business practices. This precedent supports the plaintiff's

8   argument about the lack of transparency.

9   **1.2.2. Unfair Restrictions on Evidence Submission**

10       337.    During the process of requiring the plaintiff to submit proof documents, the

11  defendants imposed strict limits on the number of images and text explanations the plaintiff

12  could submit. This restriction severely impaired the plaintiff's ability to provide evidence,

13  preventing them from adequately defending their legitimate actions. Such unilateral restrictions

14  are clearly unfair and violate California consumer protection laws.

136

338.    **Case Law Support: In** *Carlson v. FedEx Ground Package Sys., Inc.*, 787 F.3d

1313 (11th Cir. 2015)*, the court recognized that if one party imposes unfair restrictions, it may

lead to the invalidation of the contract terms or an unfair judgment. This case supports the

plaintiff's argument about the unfair restrictions on evidence submission.

**1.2.3. Unreasonableness of Multiple Account Suspensions**

339.    The defendants repeatedly suspended the plaintiff's accounts without reasonable

explanation and repeatedly requested the plaintiff to submit the same proof documents. Even

after the plaintiff provided all requested documents, the defendants continued to suspend the

accounts. This repetitive behavior shows a lack of reasonableness and fairness in handling the

plaintiff's account issues. Under the California Unfair Competition Law (UCL), such unfair

business practices should be subject to legal sanctions.

340.    **Case Law Support: In** *Cel-Tech Communications, Inc. v. Los Angeles Cellular

Telephone Co.*, 20 Cal. 4th 163 (1999)*, the court confirmed that unfair business practices

should be constrained by the UCL and may lead to legal sanctions. This case supports the

137

1    plaintiff's argument about the unreasonableness of multiple account suspensions.

2    **1.2.4. Disregard for Plaintiff's Special Circumstances**

3    341.    The plaintiff had clearly communicated their language barriers and mental health

4    issues in multiple communications with the defendants and requested humanitarian

5    consideration to reinstate the orders. However, the defendants ignored these requests and

6    continued to take severe suspension measures against the plaintiff. Such actions not only lack

7    compassion but also violate basic business ethics and legal requirements.

8    342.    **Case Law Support: In** *Carter v. SSC Odin Operating Co., LLC, 237 Ill. 2d 30

9    (2010)*, the court ruled that companies have an obligation to consider the special needs of

10   customers when handling issues, and failure to do so may constitute unfair business practices.

11   This case supports the plaintiff's argument that the defendants disregarded their special

12   circumstances.

13   # 2. Unintentional Conduct Defense

14   ## 2.1. Defendants' Potential Argument

138

343.   The defendants may argue that their actions were unintentional, resulting from system errors or misjudgments.

## 2.2. Plaintiff's Rebuttal

### 2.2.1. Unintentional Conduct Does Not Exempt Liability

344.   Even if the defendants' actions were initially unintentional, once the plaintiff informed them of their special circumstances and the impact of the actions, the defendants' continued refusal to take corrective measures cannot be considered unintentional. The defendants' persistent errors and refusal to correct them should result in legal liability.

345.   **Case Law Support: In** *Ford v. Revlon, Inc., 153 Ariz. 38 (1987)*, the court confirmed that even if the initial conduct was unintentional, continued improper conduct could result in legal liability. This case supports the plaintiff's argument that unintentional conduct does not exempt the defendants from responsibility.

### 2.2.2. Systemic Behavior Liability

346.   If the defendants claim that system errors caused the problems, then the systemic

behavior itself should be scrutinized, and system deficiencies cannot serve as an excuse to

exempt them from liability. The defendants should pay punitive damages for systemic issues

to ensure that similar situations do not occur again.

347.    **Case Law Support: In** *In re Apple Inc. Device Performance Litigation, 386 F.

Supp. 3d 1155 (N.D. Cal. 2019)*, the court ruled that companies should be held liable and pay

corresponding compensation for consumer losses caused by systemic issues. This case supports

the plaintiff's argument for liability due to systemic behavior.

## 3. Defense of Provision of Terms

## 3.1. Defendants' Potential Argument

348.    The defendants may argue that they disclosed important terms through appropriate

means and that users agreed to these terms when using the products, such as providing the "See

full terms: amazon.com/gc-legal" link.

## 3.2. Plaintiff's Rebuttal

### 3.2.1. Amazon Should Have Fully Disclosed Important Terms and User Agreements:

349.    Even if Amazon used the "See full terms: amazon.com/gc-legal" link, it should

have been displayed in a prominent manner, including but not limited to:

350.    **Font Size and Style:** Information should be presented in a sufficiently large font,

usually at least as large as other important information, and should use a clear and readable

style to attract consumer attention.

351.    **Placement:** Information should be placed in a conspicuous location, such as the

front of the gift card or with a large heading.

352.    **Contrast and Color:** High contrast color combinations should be used, such as

black text on a white background, to ensure readability.

353.    **Clarity and Simplicity:** Clear and straightforward language should be used to

ensure the information is easy to understand.

354.    In this case, although the defendants used contrasting colors and concise

language, the overall font size used by the defendants was small, the "See full terms:

amazon.com/gc-legal" link was placed at the very bottom of the back and was accompanied by

141

other information, ultimately making it difficult to attract consumer attention and be noticed,

which does not meet the standard for conspicuous disclosure.

### 3.2.2. Case Law Support

355.    In Specht v. Netscape Communications Corp., 306 F.3d 17 (2d Cir. 2002)*, the

court ruled that if contract terms are not disclosed in a conspicuous manner, those terms may

not be enforceable. This case supports the plaintiff's argument that the terms were not

conspicuously disclosed.

## 4. All Relevant Information Provided via Link Defense

## 4.1. Defendants' Potential Argument

356.    The defendants may argue that all essential contractual terms and information

were provided to the plaintiff through a link on the gift card, ensuring that the plaintiff had

access to all relevant information at the time of purchase.

## 4.2. Plaintiff's Rebuttal

### 4.2.1. Legal Requirements and Definition of Material Terms:

142

357.    **Legal Requirements:** Under the California Consumer Legal Remedies Act (CLRA), the Federal Trade Commission Act (FTC Act), and the California Unfair Competition Law (UCL), merchants are prohibited from concealing, suppressing, or failing to disclose material facts. Material terms include, but are not limited to, non-refundable policies, lost or stolen disclaimers, and dispute resolution clauses, all of which directly affect consumer rights and must be prominently disclosed by law.

358.    **Case Law Support:** In *Nguyen v. Barnes & Noble Inc., 763 F.3d 1171 (9th Cir. 2014)*, the court ruled that terms hidden in a link do not guarantee informed consent from the consumer, and merchants have a responsibility to prominently display all essential terms.

359.    **Definition of Material Terms:** Material terms refer to those that significantly impact consumer rights, such as refund policies, liability for security, and methods of dispute resolution. Amazon gift cards, due to these terms being directly related to the security of consumer property and rights protection, are considered typical material terms.

**4.2.2. Visibility and Prominence of Information:**

360.   **Necessity of Prominent Disclosure:** According to the aforementioned laws,

merchants are obligated to disclose material terms in a prominent and clear manner. Simply

providing a link does not ensure that all consumers will see and understand these essential

terms.

361.   **Practical Limitations:** In practical purchasing scenarios, consumers typically do

not immediately visit a link to review detailed terms. Merchants have an obligation to ensure

that material terms are directly displayed at the time of purchase, allowing consumers to make

informed decisions.

362.   **Case Law Support: In** *Specht v. Netscape Communications Corp., 306 F.3d 17

(2d Cir. 2002)*, the court emphasized the importance of informed consent, stating that if

consumers cannot clearly understand the contract terms, those terms may not be enforceable.

**4.2.3. Principle of Informed Consent:**

363.   **Importance of Informed Consent:** The principle of informed consent requires

that consumers have the right to know all material terms and conditions when purchasing a

product. Amazon's failure to directly display key terms on the gift card and its failure to clearly

state "use constitutes acceptance of terms" prevented consumers from fully understanding these

terms at the time of purchase, violating the principle of informed consent.

364.    **Case Law Support:** Again, in *Nguyen v. Barnes & Noble Inc., 763 F.3d 1171

(9th Cir. 2014)*, the court ruled that terms hidden in a link do not ensure informed consent

from the consumer, and merchants have a responsibility to prominently display all essential

terms.

# 5. Defense Against Legitimacy and Reasonableness of Account

# Suspension and Process

## 5.1. Defendants' Potential Argument

### 5.1.1. Detailed Instructions and Process Defense

365.    Amazon may argue that they provided users with detailed explanations through

pop-up windows and instructions on the website, clearly explaining why the information was

needed and offering a comprehensive process to resolve account suspensions. The defendants

1  may claim that these explanations were sufficiently clear for users to understand and comply

2  with the required document submissions.

### 5.1.2. Reasonable Security Measures Defense

4      366.    Amazon might argue that their actions were justified as reasonable security

5  measures aimed at protecting user accounts. Temporarily suspending accounts and requiring

6  verification in response to "unusual payment activity" are reasonable steps to prevent potential

7  fraud.

### 5.1.3. Standardized Process Reasonableness Defense

9      367.    Amazon might further argue that their standardized processes and requirements,

10  such as limiting users to five images and 200 words, are designed to ensure that all users are

11  treated equally when addressing account issues. They may claim that this standardized process

12  is necessary to maintain system efficiency and consistency, rather than intentionally causing

13  inconvenience to users.

### 5.1.4. Failure to Fulfill User Responsibilities Defense

146

368.    Amazon may argue that the plaintiff failed to submit sufficient or compliant documents as required, which is why the account suspension issue was not resolved promptly. The defendants may claim that the continued problem lies in the plaintiff's failure to fulfill their burden of proof.

## 5.2. Plaintiff's Rebuttal

### 5.2.1. Instructions Were Insufficiently Specific

369.    Although Amazon provided basic explanations regarding the need for information, these explanations were too vague and did not clearly specify which payment activities were considered unusual or what specific documents were required to lift the suspension. The lack of clear guidance made it difficult for users to provide the necessary evidence effectively. This vagueness increased the burden on users to prove their case and did not meet the legal standard for information transparency.

370.    **Case Law Support: In** *Outboard Marine Corp. v. Superior Court (1975)*, the court ruled that if a company withholds or obscures important information, it may constitute

147

1    fraud or unfair business practices. Similarly, Amazon's failure to provide sufficiently specific

2    information could be seen as lacking transparency.

3    **5.2.2. Balancing Security Measures with Information Transparency**

4    371.    While Amazon's temporary suspension measures may have been intended to

5    protect account security, these measures must be balanced with the user's right to information

6    and equal treatment. Amazon's failure to provide detailed guidance put users at an unfair

7    disadvantage when dealing with account suspensions. The law requires companies to provide

8    sufficient explanations and support to ensure users can effectively protect their rights while

9    ensuring security.

10    372.    **Case Law Support: In** *FTC v. AMG Services, Inc. (2016)*, the court confirmed

11    that unauthorized use of user data and lack of transparency in services could constitute unfair

12    or deceptive business practices. This supports the argument that Amazon's security measures

13    need to be balanced with information transparency, or they could be deemed unfair practices.

14    373.    Additionally, in FTC v. Cyberspace.com LLC (2006), the court similarly ruled

148

1    that misleading consumers by failing to clearly disclose essential terms and conditions

2    constitutes unfair or deceptive practices under the Federal Trade Commission Act. This case

3    reinforces the principle that consumer protection requires transparency, particularly in the

4    presentation of key contractual terms.

5    **5.2.3. Conflict Between Standardized Processes and Individual Cases**

6    374.    Although Amazon's standardized processes are generally intended to improve

7    efficiency, the rigidity of these processes may overlook the specific needs of individual users

8    in complex or sensitive situations. The limitations of five images and 200 words were

9    inadequate for presenting all relevant evidence, restricting the user's ability to prove the

10   legitimacy of their payments. This restriction resulted in an unfair outcome, as the user was

11   unable to fully present their case.

12   375.    **Case Law Support: In** *A & M Produce Co. v. FMC Corp., 135 Cal. App. 3d

13   473 (1982)*, the court ruled that if contract terms are overly unreasonable and difficult to fulfill,

14   those terms may be deemed invalid. While Amazon's standardized process may be suitable for

1    most cases, it may be considered unreasonable when it comes to special circumstances.

2    **5.2.4. Plaintiff Fulfilled Reasonable Burden of Proof:**

3    376.    The plaintiff submitted all requested documents within the system's allowed

4    limits and made every effort to explain the legitimacy of the payments. However, due to

5    Amazon's system limitations and lack of feedback, the account suspension issue remained

6    unresolved despite the plaintiff fulfilling their burden of proof. The responsibility does not lie

7    with the plaintiff but with Amazon, which failed to provide a reasonable and sufficient

8    resolution path.

9    377.    **Case Law Support: In** *Comunale v. Traders & General Ins. Co., 50 Cal. 2d 654

10    (1958)*, the court confirmed that if one party fails to fulfill its obligation of good faith and fair

11    dealing, it must bear responsibility for the losses suffered by the other party. Since the plaintiff

12    fulfilled their reasonable burden of proof, Amazon should be held responsible for the

13    consequences due to their failure to provide adequate support and guidance.

14    # 6. Apple's Reasonable Business Judgment Defense

## 6.1. Defendants' Potential Argument

378.    Apple may argue that their decision to remove the plaintiff from the store was

based on reasonable business judgment, aiming to maintain order in the store and ensure the

safety of other customers and employees. The defendants may further argue that store staff and

security have the discretion to determine appropriate measures, making the removal legitimate

and justified.

## 6.2. Plaintiff's Rebuttal

### 6.2.1. Lack of Reasonable Explanation

379.    The plaintiff repeatedly requested a reasonable explanation and specific evidence

during the removal but was not provided with a clear explanation of how the plaintiff's behavior

threatened store order or safety. The removal appeared arbitrary and excessive, lacking

justifiable reasons and supporting evidence.

380.    **Case Law Support:** In *McDonnell Douglas Corp. v. Green, 411 U.S. 792

(1973)*, the court established the burden-shifting framework for proving discriminatory

151

practices in employment decisions. This principle can be applied here to argue that the

defendant's actions, lacking reasonable explanation and transparency, could be construed as

unfair practices under similar scrutiny.

**6.2.2. Discriminatory Treatment**

381.    The plaintiff clearly expressed an intent to purchase and behaved appropriately

within the store, without causing any disruption or threat. However, the defendants chose to

remove the plaintiff while not taking the same action against other customers, indicating

discriminatory treatment, particularly based on the plaintiff's status as a person with a disability.

This behavior violates the Americans with Disabilities Act (ADA).

382.    **Case Law Support: In** *EEOC v. Abercrombie & Fitch Stores, Inc., 575 U.S.

768 (2015)*, the court ruled that a company could be in violation of anti-discrimination laws

if it treated customers differently without reasonable cause.

**6.2.3. Psychological Harm**

383.    The defendants' removal not only occurred without justifiable reasons but also

1    caused significant psychological harm to the plaintiff. The plaintiff had already endured

2    multiple instances of unfair treatment, and this removal exacerbated their anxiety and

3    depression, further affecting their quality of life and mental health.

4    384.    **Case Law Support: In** *Doe v. City of Lafayette, 377 F.3d 757 (7th Cir. 2004)*,

5    the court found that wrongful removal leading to psychological harm could constitute a

6    legitimate basis for a claim.

# 7. Apple's Safety Policy Enforcement Defense

## 7.1. Defendants' Potential Argument

9    385.    Apple may argue that the decision to remove the plaintiff was in line with

10    company policies and aimed at ensuring store safety. The defendants might argue that store

11    staff and security believed the plaintiff's actions could pose a threat to store safety, and thus,

12    took necessary measures to protect other customers and employees.

## 7.2. Plaintiff's Rebuttal

### 7.2.1. Lack of Factual Basis

386.    At the time of removal, the plaintiff did not exhibit any threatening behavior nor

violated any store rules. The defendants did not provide any actual evidence, such as

surveillance footage or employee reports, to substantiate the claim that the plaintiff's behavior

posed a safety threat. Therefore, the removal lacks a factual basis.

**Case Law Support:**

387.    In Lundy v. California Realty (1985), the court addressed the issue of eviction

from private premises, highlighting that such actions must be reasonable and based on clear

evidence of misconduct. This case is more directly applicable to situations involving disputes

over the justification for evicting an individual from a commercial establishment.

**7.2.2. Unfair Treatment**

388.    The defendants' removal of the plaintiff was clearly unfair, especially when other

customers were allowed to use the store facilities without issue. The plaintiff was removed

solely due to unreasonable safety concerns, and this unfair treatment violates the principle of

equal treatment.

389.    **Case Law Support:** In *Batson v. Kentucky, 476 U.S. 79 (1986)*, the court

prohibited discriminatory practices in jury selection, which set a precedent for identifying and

eliminating discriminatory actions in legal and business practices. This case supports the

argument that the defendant's actions may constitute unfair and discriminatory behavior.

**7.2.3. Violation of Reasonable Accommodation Obligations:**

390.    As a person with disabilities, the plaintiff has the right to reasonable

accommodation to ensure equal participation in and enjoyment of services provided by the

defendants. When handling the plaintiff's request, the defendants failed to provide any

reasonable accommodation, such as language support or privacy protection, and instead chose

to remove the plaintiff, violating the reasonable accommodation obligations outlined in the

Americans with Disabilities Act (ADA).

391.    **Case Law Support: In** *EEOC v. Federal Express Corp., 513 F.3d 360 (4th Cir.

2008)*, the court found that the failure to provide reasonable accommodations constituted

discrimination against persons with disabilities.

# 8. Apple's Non-Discrimination Defense

## 8.1. Defendants' Potential Argument

392.    Apple may argue that their removal of the plaintiff was not based on discrimination but on maintaining order and safety in the store, and that they applied the same standards and procedures to all customers.

## 8.2. Plaintiff's Rebuttal

### 8.2.1. Inconsistency in Actions:

393.    Apple did not apply the same removal measures to other customers in similar situations but instead treated the plaintiff differently in this specific instance. This inconsistency in behavior can serve as indirect evidence of discrimination.

394.    **Case Law Support: In** *McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)*, the court established the "McDonnell Douglas test," which is used to determine whether an employer applied consistent behavior standards in discrimination cases. Similar standards can be applied to service providers to assess whether they treated customers

156

1   consistently.

2   **8.2.2. Overreaction:**

3   395.    Even if Apple claims their actions were to maintain order or safety, Apple's

4   response was excessive and unnecessary. For example, removing the plaintiff without a clear

5   threat or actual issue is disproportionate, indicating potential bias or stereotypes.

6   396.    **Case Law Support: In** *In Robinson v. Jacksonville Shipyards, Inc. (1991), the

7   court examined discriminatory practices in a workplace context, providing a more focused

8   analysis on how differential treatment based on protected characteristics, such as health

9   conditions, can constitute discrimination.

10   **8.2.3. Failure to Provide Reasonable Accommodations:**

11   397.    Even if Apple argues that their actions were not discriminatory, Apple failed to

12   provide reasonable accommodations for the plaintiff, especially when the plaintiff clearly

13   expressed their intent to purchase and their special needs. Under the Americans with

14   Disabilities Act (ADA), Apple is required to provide necessary accommodations to ensure that

1    persons with disabilities can enjoy services on equal terms.

2    398.    **Case Law Support: In** *EEOC v. Abercrombie & Fitch Stores, Inc., 575 U.S.

3    768 (2015)*, the court ruled that if an employer fails to provide reasonable accommodations

4    and their actions have an adverse impact on a particular group, it may constitute unlawful

5    conduct even if it was not directly motivated by discriminatory intent.

6    **8.2.4. Subjective Intent vs. Objective Effect:**

7    399.    Even if Apple claims that they had no discriminatory intent, the objective effect

8    of their actions still resulted in actual discrimination against the plaintiff.

9    400.    **Case Law Support: In** *Washington v. Davis, 426 U.S. 229 (1976)*, the court

10    ruled that even if a policy or action appears neutral on the surface, if its objective effect

11    negatively impacts a particular group, it may still constitute discrimination.

12    # 9. Apple's Contract Performance Defense

13    ## 9.1. Defendants' Potential Argument

14    401.    Apple may argue that the promise of compensating the plaintiff with earphones

1    was not legally binding, suggesting that it was merely a "goodwill" gesture rather than a legally

2    enforceable contract.

## 9.2. Plaintiff's Rebuttal

### 9.2.1. Legal Binding Nature of a Clear Promise:

5        402.    Apple's representative made a clear promise to compensate the plaintiff with a

6    pair of earphones, and the plaintiff accepted this offer. This promise meets the requirements for

7    contract formation and is legally binding. Apple's failure to fulfill the promise constitutes a

8    breach of contract.

9        403.    **Case Law Support:** In *Hamer v. Sidway, 124 N.Y. 538 (1891)*, the court held

10    that a promise, if made with clear terms and accepted with valid consideration, constitutes a

11    legally binding contract. This principle supports the argument that the defendant's failure to

12    fulfill its compensation promise may be considered a breach of contract.

### 9.2.2. Protection of Reliance Interests:

14        404.    The plaintiff made reasonable reliance decisions based on Apple's promise,

159

1   expecting that the earphone compensation would be fulfilled. This reliance interest should be

2   legally protected. Apple's failure to fulfill the promise caused economic and emotional harm

3   to the plaintiff, and they should be held legally accountable.

4   405.    **Case Law Support: In** *Ricketts v. Scothorn, 77 N.W. 365 (Neb. 1898)*, the

5   court ruled that even a goodwill promise can result in contractual liability if reasonable reliance

6   leads to an obligation.

7   **9.2.3. Further Damages:**

8   406.    Due to Apple's failure to fulfill this promise, the plaintiff's trust and expectations

9   were damaged, leading to further emotional distress and anxiety. The plaintiff is entitled to

10  compensation for the losses incurred.

11  407.    **Case Law Support: In** *Hawkins v. McGee, 84 N.H. 114 (1929)*, the court

12  recognized emotional distress as part of the compensation for contract breaches.

13

# 10. Regarding the Defense of Whether the Five Images and 200-Word

# Limit Is Sufficient

**Defendant's Potential Defense:**

**408.** The defendant may argue that the five images and 200-word input limit are

sufficient for users to submit necessary evidence. They may consider this limit

reasonable and adequate for handling standard account appeals.

**Plaintiff's Rebuttal:**

409. **1. The Restriction Is Too Strict:** In my specific case, this limitation is

unreasonable. My situation is complex, involving multiple transactions and a

detailed chain of evidence. The limitation of five images and 200 words is

insufficient to fully convey all the necessary information. According to *Mathews

v. Eldridge*, administrative procedures should consider individual circumstances

and provide flexibility. In my case, this restriction fails to meet the needs of

individualized review and is therefore legally inadequate.

410. **2. The Key and Completeness of Information:** The restriction of five images and 200 words hinders my ability to provide critical information, resulting in certain important evidence not being fully presented. *Goldberg v. Kelly* emphasizes that the complete presentation of evidence is crucial for a fair hearing. If procedural limitations lead to the omission of key information, this may constitute a violation of procedural justice. Therefore, this restriction clearly affects the fairness of the case and should be considered unreasonable.

**Conclusion:**

411. In summary, this restriction not only caused actual harm to my case but is also legally unacceptable. According to relevant case law, such limitations seriously violate the fundamental principles of procedural justice and should be deemed unreasonable and unlawful.

# 11. Regarding the Defense of Providing a Complaint Email at the

# Time of Final Account Suspension:

**Plaintiff's Rebuttal:**

412. **1. Defendant's Awareness and Serious Negligence:** The plaintiff repeatedly informed the defendant that their account management practices might be illegal and made multiple requests for Chinese language services over the phone. However, despite being aware of these issues, the defendant failed to provide any effective remedies. According to the fundamental principles of procedural justice, the validity of an appeals channel should depend on whether the defendant promptly took reasonable measures to resolve the issues after receiving the plaintiff's feedback. However, despite the plaintiff raising these issues multiple times, the defendant failed to take effective action and only provided a complaint email when the account was finally suspended. Such a formalistic remedy does not compensate for the previous procedural deficiencies and cannot be considered a genuine

163

1    opportunity for appeal.

2    413. **2. Invalidity of the Appeals Channel:** *Cleveland Board of Education v.

3    Loudermill* clearly states that procedural justice requires adequate notice and

4    opportunity for appeal before making major decisions. The defendant failed to take

5    action when the plaintiff initially raised concerns, and only provided a limited

6    appeals channel after making a final decision. This not only contradicts the basic

7    requirements of procedural justice but also directly led to a significant loss of the

8    plaintiff's appeal rights. Therefore, the complaint email provided at the time of final

9    account suspension cannot compensate for previous negligence and cannot be

10   considered a legitimate or sufficient appeals opportunity.

11   414. **3. Disregard for Procedural Flexibility:** In *Mathews v. Eldridge*, the Supreme

12   Court emphasized that procedures should be flexible and take into account

13   individual needs. In this case, the defendant completely ignored the plaintiff's

14   reasonable requests due to language barriers and failed to provide appropriate

164

1    support or adjust procedures to meet the plaintiff's needs. The complaint email

2    provided at the end not only failed to correct previous negligence but also

3    exacerbated the harm to the plaintiff's legal rights. Therefore, the provision of a

4    complaint email does not prove the reasonableness of the defendant's actions and

5    cannot cover up the harm caused by previous procedural errors.

6    **Conclusion:**

7    415.  The defendant, despite being aware of the plaintiff's special circumstances, failed

8    to provide timely and effective remedies. Their actions constitute serious

9    negligence and a clear violation of the basic principles of procedural justice. The

10   final provision of a complaint email is merely a formalistic remedy, which cannot

11   correct prior procedural deficiencies nor be considered a legitimate and sufficient

12   appeals opportunity. The defendant's systemic flaws may affect not only the

13   plaintiff in this case but also other users in similar situations.

14

1

## 11.1. Regarding the Defense of Procedural Appropriateness and Legitimacy

Plaintiff's Rebuttal:

416. **1. Lack of Procedural Justice:** Although the defendant may claim that their

actions comply with the company's standard procedures, the existence of standard

procedures alone does not automatically prove their fairness or reasonableness. The

core of procedural justice lies in whether the parties are given adequate notice and

a fair opportunity to appeal. According to *Cleveland Board of Education v.

Loudermill*, procedural justice requires that, before making major decisions, the

parties must be fully informed of the potential consequences and given a reasonable

opportunity to raise objections. In this case, the defendant failed to provide

sufficient notice or explanation before suspending the plaintiff's account and did

not offer the plaintiff a proper chance to appeal. This indicates that, regardless of

whether the defendant followed the so-called "standard procedures," their actions

still violate the fundamental principles of procedural justice.

417. **2. Reasonableness and Applicability of Standard Procedures:** Even if the defendant's procedures formally comply with their internal standards, this does not prove that these procedures are reasonable or applicable in all circumstances. *Mathews v. Eldridge* emphasizes that procedures should be designed with consideration of individual circumstances and needs to ensure flexibility and fairness. In the plaintiff's specific situation, given the language barriers and unique mental health conditions, the defendant should have taken additional measures to ensure that the plaintiff could understand and participate in the relevant procedures. However, the defendant failed to adjust their standard procedures to meet the plaintiff's needs, resulting in unreasonable and unfair processes.

418. **3. Questioning the Effectiveness of the Procedures:** The effectiveness of the defendant's "standard procedures" is itself questionable. Despite the plaintiff repeatedly expressing their difficulties and requests, the defendant failed to take

1    any timely or effective measures to address these issues. This further demonstrates

2    that the defendant's so-called "standard procedures" did not achieve their intended

3    goals in practice—protecting users' rights and providing a fair opportunity to

4    appeal. The appeals channel offered only after the account was suspended can only

5    be seen as a formalistic remedy, insufficient to compensate for prior procedural

6    deficiencies.

7    **Conclusion:**

8    419. The defendant, in handling the plaintiff's account issues, failed to genuinely adhere

9    to the fundamental requirements of procedural justice. Although the defendant may

10   claim that their actions comply with standard procedures, these procedures, in

11   practice, did not fully consider the plaintiff's special circumstances or provide a fair

12   opportunity to appeal. Therefore, the defendant's actions cannot be regarded as

13   reasonable and legitimate but should be recognized as procedurally improper and

14   unjust. Particularly in cases involving such significant special needs, the

1      deficiencies in standard procedures are further highlighted.

## 2   12. Regarding the Defense of Plaintiff Responsibility

3      **Plaintiff's Rebuttal:**

4    420.**1. Failure of Defendant's Responsibility:** The defendant has a duty to provide

5      clear guidance and support when users encounter issues, especially when users face

6      account suspension due to platform regulations or procedural problems. The

7      plaintiff repeatedly attempted to communicate with the defendant, clearly

8      expressing that due to language barriers and difficulty understanding complex

9      platform rules, they found it challenging to fully comply with these regulations.

10     However, the defendant failed to fulfill its contractual and service obligations by

11     providing sufficient assistance to ensure the user could understand and comply with

12     platform rules. In this case, the responsibility should not be entirely attributed to

13     the plaintiff, but rather to the defendant's improper decisions made in the absence

14     of necessary support.

421. **2. Submitted Evidence Already Meets Requirements:** The plaintiff, based on the defendant's requirements, made every effort to submit all relevant proof and information. However, during multiple reviews, the defendant failed to provide specific feedback or guidance to help the plaintiff correct or supplement any possible deficiencies. *Mathews v. Eldridge* emphasizes that procedures should have some flexibility to ensure that individuals can effectively participate, particularly in submitting evidence and materials. The defendant did not give the plaintiff sufficient opportunities to correct or improve the submitted materials, leading to an unjust and unreasonable process.

422. **3. Plaintiff's Difficulties Were Ignored:** Throughout the process, the plaintiff repeatedly informed the defendant of the difficulties caused by language barriers and mental health issues. However, the defendant did not adjust their standard procedures or provide additional assistance based on these special circumstances, instead continuously requiring the plaintiff to address these issues on their own.

170

1    *Goldberg v. Kelly* emphasizes the importance of considering individual

2    difficulties in procedural justice, especially in cases that may affect fundamental

3    rights. The defendant's disregard for the plaintiff's special circumstances and

4    continued application of standard procedures was not only unreasonable but also

5    reflected a serious failure to fulfill its service obligations.

6    423. **4. Unreasonableness of Defendant's Actions:** Although the plaintiff may not have

7    fully complied with platform regulations in certain aspects, this situation largely

8    resulted from the defendant's deficiencies in procedural design and implementation.

9    The defendant failed to provide adequate support and did not consider the plaintiff's

10   special circumstances, ultimately leading to account suspension. Therefore,

11   attributing full responsibility to the plaintiff is unreasonable. The defendant's

12   actions should instead be viewed as the primary cause of procedural failure, for

13   which they should bear the main responsibility.

14   **Conclusion:**

424. The plaintiff made every effort to comply with platform regulations and submitted the required materials. The defendant failed to provide the necessary support and guidance when the plaintiff encountered difficulties, continuing to enforce unreasonable procedures and blaming the plaintiff for the outcome. The defendant's actions not only failed to fulfill their contractual obligations but also exacerbated the plaintiff's difficulties. Therefore, the plaintiff should not bear full responsibility for the account suspension, and the defendant's actions should be regarded as procedurally improper and indicative of service negligence. The plaintiff's special circumstances further highlight the deficiencies in the defendant's fulfillment of their obligations.

## 13. Regarding the Defense of Multiple Appeal Opportunities

**Plaintiff's Rebuttal:**

425. **1. Actual Effectiveness of the Appeals Channel:** Although the defendant claims to have provided multiple opportunities to appeal, the actual effectiveness of these

172

1   opportunities is questionable. The appeals channels provided by the defendant were

2   not designed or implemented with consideration of the plaintiff's special

3   circumstances, including language barriers and mental health issues, which

4   prevented the plaintiff from fully understanding the appeal process or effectively

5   participating. *Cleveland Board of Education v. Loudermill* emphasizes that

6   procedural justice requires providing the parties involved with a substantive

7   opportunity to participate in the appeal process, not merely a formalistic

8   opportunity. In this case, the appeals channels provided by the defendant failed to

9   meet this standard and cannot be considered a truly effective remedy.

10   426. **2. Lack of Support During the Appeal Process:** The plaintiff, while using the

11   appeals channels provided by the defendant, repeatedly requested Chinese

12   language services or additional assistance to understand the appeals process and

13   requirements. However, the defendant failed to provide the necessary support

14   during the appeal process, making it difficult for the plaintiff to effectively

173

1    participate in the appeal. *Mathews v. Eldridge* emphasizes that procedural design

2    should be flexible and adapt to the individual's special needs. In this case, the

3    defendant failed to provide adequate support and guidance during the appeals

4    process, resulting in the plaintiff's inability to fully exercise their right to appeal.

5    427.**3. Delays and Insufficiency of Appeal Opportunities:** The defendant may claim

6    to have provided multiple opportunities to appeal, but these opportunities were

7    often provided only after the issue had developed to an irreversible stage. For

8    example, the appeals channels were only provided after the account had been

9    suspended or after the plaintiff's life had been severely impacted. *Goldberg v.

10    Kelly* emphasizes that timing is critical in procedural justice. If the appeals

11    opportunities are provided only after the issue has deteriorated, the significance

12    and effectiveness of these opportunities are significantly diminished. This indicates

13    that the defendant not only delayed the timing of the appeals opportunities but also

14    failed to ensure that these opportunities had substantive effects.

428. **4. Formalistic Nature of the Appeals Procedures:** Even if the defendant provided multiple opportunities to appeal, if these procedures were merely formalistic and did not actually resolve the plaintiff's issues, then these opportunities do not prove the reasonableness of the defendant's actions. Procedural justice requires not only formal opportunities but also that these opportunities have substantive remedial effects. The appeals procedures provided by the defendant at various stages did not resolve the core issues faced by the plaintiff, instead further exacerbating the plaintiff's difficulties. This indicates that the defendant's appeals procedures have serious flaws.

**Conclusion:**

429. The defendant claims to have provided multiple opportunities to appeal, but these opportunities, in actual practice, did not meet the requirements of procedural justice. The defendant failed to provide necessary support during the appeal process, and the delays and formalistic nature of these opportunities prevented the

1    plaintiff from effectively exercising their right to appeal. Therefore, the defendant's

2    actions cannot be considered reasonable and sufficient, but instead highlight

3    serious deficiencies in the design and implementation of the procedures. These

4    deficiencies are particularly evident in the plaintiff's special circumstances, further

5    exposing systemic issues in the defendant's fulfillment of their obligations.

# XI . Exhibits or Appendices

430.    Attached are all the pieces of evidence supporting the complaint, such as contracts,

communication records, medical bills, and more.

431.    Evidence List

| Evidence No. | Description | Status | Remarks |
|---|---|---|---|
| Evidence 1 | Purchase receipts from Amazon showing the dates and items purchased, including iPhone 15 Max and MacBook Pro 2019. | | |
| Evidence 2 | Records of canceled orders, including food and electronics, showing the dates and reasons for cancellation. | | |
| Evidence 3 | ACI gift card purchase receipts and transaction records, showing the purchase time and amount ($1800). | | |
| Evidence 4 | Screenshots of Amazon account suspension notices, including dates and reasons for the suspensions on June 26, 2024, and subsequent dates. | | |
| Evidence 5 | Communication records with Amazon requesting personal information and proof of purchase. | | |
| Evidence 6 | Communication logs with Amazon customer service, including emails and uploaded documents showing proof of purchase and Amazon's responses. | | |
| Evidence 7 | Records of the humanitarian request submitted to Amazon by the plaintiff, requesting the restoration of orders after account suspension. | | |
| Evidence 8 | Medical records from [Hospital Name], documenting plaintiff's visits on July 2, July 5, July 15, July 27, August 6, August 13, and August 19, 2024. | | |
| Evidence 9 | Doctor's diagnosis notes, detailing the impact of account suspension on the plaintiff's mental health, including the use of medication such as Trazodone. | | |

| Evidence 10 | Police reports related to incidents at the Apple Store in San Francisco on July 27 and July 31, 2024. | | |
|---|---|---|---|
| Evidence 11 | Surveillance footage from the Apple Store incidents or other related evidence (if available). | | |
| Evidence 12 | NOID (Notice of Intent to Deny) issued by USCIS on June 25, 2024. | | |
| Evidence 13 | Communication records with Apple showing the company's promise to provide AirPods Pro 2. | | |
| Evidence 14 | Testimony from a psychology expert describing the psychological harm suffered by the tiff due to actions by Amazon and Apple. | | |
| Evidence 15 | Expert analysis report on economic losses, assessing the indirect financial impact of account suspension and order cancellation. | | |
| Evidence 16 | Complaint records from BBB and Consumer Affairs regarding Amazon, showing widespread customer dissatisfaction with Amazon's account management and customer service. | | |
| Evidence 17 | Media reports and industry analysis articles supporting allegations of systemic issues with Amazon and Apple. | | |
| Evidence 18 | Plaintiff's personal statement describing the emotional distress and decline in quality of life during the events. | | |
| Evidence 19 | Costco membership purchase receipt and proof of Apple computer purchase by the plaintiff. | | |
| Evidence 20 | | | |
| Evidence 21 | | | |
| Evidence 22 | | | |
| Evidence 23 | | | |
| Evidence 24 | | | |
| Evidence 25 | | | |

| Evidence 26 | | | |
|---|---|---|---|
| Evidence 27 | | | |
| Evidence 28 | | | |
| Evidence 29 | | | |
| Evidence 30 | | | |

Usage Notes:

432.    Links: Each evidence item includes a cloud link directly embedded within the

description for easy access.

Reserved Spaces:

433.    Five additional slots have been reserved for any future evidence you might need

to add later.

# XII .  Declaration Under Penalty Of Perjury

434. I, <u>Yun Peng</u>,  declare as follows:

1. I am the plaintiff in this case and have prepared the attached complaint.

2. I have reviewed the complaint and verify that the facts stated therein are true and

correct to the best of my knowledge, information, and belief.

3. This declaration is made in support of my complaint filed in this case.

435. I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

436. Executed on this <u>9</u> day of <u>09</u>, <u>2024</u>, in San Francisco, California.

437. Signature of Plaintiff    _____

**FW-003**

**Order on Court Fee Waiver
(Superior Court)**

*Clerk stamps date here when form is filed.*

F I L E D
Superior Court of California
County of San Francisco

SEP 9 2024

CLERK OF THE COURT
BY: _____
Deputy Clerk

**(1) Person who asked the court to waive court fees:**

Name: Yun Peng

Street or mailing address: 965 Hutchinson Ave

City: Palo Alto          State: CA    Zip: 94301

**(2) Lawyer, if person in (1) has one** *(name, firm name, address, phone number, e-mail, and State Bar number):*

*Fill in court name and street address:*

**Superior Court of California, County of**

San Francisco Superior Court
Civic Center Courthouse
400 McAllister Street, Room 103
San Francisco, CA 94102-4514

**(3)** A request to waive court fees was filed on *(date):* **SEP 09 2024**

☐ The court made a previous fee waiver order in this case on *(date):*

*Fill in case number and name:*

**Case Number:**
**CGC-24-617965**

**Case Name:**
YUN PENG, v. ACI GIFT CARDS.LL

*Read this form carefully. All checked boxes ☑ are court orders.*

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

**(4)** After reviewing your:   ☑ *Request to Waive Court Fees*   ☐ *Request to Waive Additional Court Fees*
  **the court makes the following orders:**

a. ☑ The court **grants** your request, as follows:

  (1) ☑   **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:
  • Filing papers in superior court                    • Court fee for phone hearing
  • Making copies and certifying copies                 • Giving notice and certificates
  • Sheriff's fee to give notice                        • Sending papers to another court department
  • Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding
    and you request that the court provide an official reporter
  • Assessment for court investigations under Probate Code section 1513, 1826, or 1851
  • Preparing, certifying, copying, and sending the clerk's transcript on appeal
  • Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
  • Making a transcript or copy of an official electronic recording under rule 8.835

  (2) ☐   **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees
    and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the
    checked items.
    ☐  Jury fees and expenses                    ☐  Fees for a peace officer to testify in court
    ☐  Fees for court-appointed experts          ☐  Court-appointed interpreter fees for a witness
    ☐  Other *(specify):* _____

Judicial Council of California, www.courts.ca.gov
Revised September 1, 2019, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52     **Order on Court Fee Waiver (Superior Court)**     **FW-003, Page 1 of 3**

Your name: Yun Peng

Case Number:

b. ☐ The court **denies** your fee waiver request because:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) Your request is incomplete. You have **10 days** after the clerk gives notice of this Order (see date of service ☐ on next page) to:
- Pay your fees and costs, or
- File a new revised request that includes the incomplete items listed:
  ☐ Below    ☐ On Attachment 4b(1)

_____
_____
_____
_____

(2) ☐ The information you provided on the request shows that you are not eligible for the fee waiver you requested for the reasons stated: ☐ Below    ☐ On Attachment 4b(2)

_____
_____
_____
_____
_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)* (form FW-006). You have **10 days** after the clerk gives notice of this order (see date of service below) to:
- Pay your fees and costs in full or the amount listed in c below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. (1) ☐ The court needs more information to decide whether to grant your request. You must go to court on the date on page 3. The hearing will be about the questions regarding your eligibility that are stated:
  ☐ Below    ☐ On Attachment 4c(1)

_____
_____
_____
_____

(2) ☐ Bring the items of proof to support your request, if reasonably available, that are listed:
  ☐ Below    ☐ On Attachment 4c(2)

_____
_____
_____
_____
_____
_____

**This is a Court Order.**

Your name: Yun Peng

Case Number:
_____

Name and address of court if different from above:

| Hearing Date | → Date: _____ Time: _____ |
|---|---|
| | Dept.: _____ Room: _____ |

_____
_____
_____
_____

> **Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date:    **SEP 0 9 2024**
_____

Signature of (check one): ☐ *Judicial Officer*   AUSTIN LAM   ☐ *Clerk, Deputy*

## Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one)*:

☐ I handed a copy of this Order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.
☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②,
   from *(city):*    **SAN FRANCISCO**   , California, on the date below.
☐ A certificate of mailing is attached.
   Date:    **SEP 1 1 2024**
   _____

Clerk, by _____ , Deputy
Name:    AUSTIN LAM

[Seal: SUPERIOR COURT OF CALIFORNIA — EUREKA — COUNTY OF SAN FRANCISCO]

**This is a Court Order.**

Rev. September 1, 2019

**Order on Court Fee Waiver (Superior Court)**

FW-003, Page 3 of 3

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[Print this form]  [Save this form]    [Clear this form]

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Yun Peng ; 965 Hutchinson Ave, Palo Alto, CA 94301 | |

TELEPHONE NO.: 669 329 7691     FAX NO. :
EMAIL ADDRESS: msma529370228@gmail.com
ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN FRANCISCO**
STREET ADDRESS: 400 McAllister St
MAILING ADDRESS: 400 McAllister St
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
YUN PENG,vs. ACI GIFT CARDS,  AMAZON.COM, INC.,APPLE INC.,

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**09/09/2024**
**Clerk of the Court**
**BY: AUSTIN LAM**
**Deputy Clerk**

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CGC-24-617965 |
|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) | [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter   [x] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[x] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [x] is  [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a.  [x] Large number of separately represented parties
   b.  [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c.  [x] Substantial amount of documentary evidence
   d.  [ ] Large number of witnesses
   e.  [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f.  [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4.  Number of causes of action *(specify):* 5
5.  This case [ ] is  [x] is not    a class action suit.
6.  If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: 05/09/2024
Yun Peng
_____
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner
Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic
relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**For your protection and privacy, please press the Clear
This Form button after you have printed the form.**    Print this form    Save this form    Clear this form

CM-015

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Yun Peng        965 Hutchinson Ave, Palo Alto CA

TELEPHONE NO.: 669 329 7691          FAX NO. *(Optional):*
EMAIL ADDRESS *(Optional):* msma529370228@gmail.com
ATTORNEY FOR *(Name):*

**FOR COURT USE ONLY**

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**09/09/2024**
**Clerk of the Court**
BY: AUSTIN LAM
**Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SUPERIOR COURT OF CA, COUNTY OF SF**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: CA 94102
BRANCH NAME: Main Courthouse

PLAINTIFF/PETITIONER: YUN PENG

DEFENDANT/RESPONDENT:  ACI Gift Cards, LLC.; AMAZON.COM, INC.;APPLE INC.,

**NOTICE OF RELATED CASE**

CASE NUMBER: **CGC-24-617965**

JUDICIAL OFFICER:

DEPT.:

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title:  FTC v. Amazon (Antitrust Case No. 2:2023cv01495)
   b. Case number:  2:2023cv01495
   c. Court: ☐ same as above
            ☒ other state or federal court *(name and address):*
   d. Department: 9/26/2023
   e. Case type: ☐ limited civil  ☒ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify):*
   f. Filing date:
   g. Has this case been designated or determined as "complex?" ☒ Yes  ☐ No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      ☐ involves the same parties and is based on the same or similar claims.
      ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      ☐ involves claims against, title to, possession of, or damages to the same property.
      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         ☐ Additional explanation is attached in attachment 1h
   i. Status of case:
      ☒ pending
      ☐ dismissed  ☐ with  ☐ without prejudice
      ☐ disposed of by judgment

2. a. Title: Consumer Price Inflation Claims v. Amazon (Seattle Federal Court)
   b. Case number: CGC-22-601826
   c. Court: ☐ same as above
            ☒ other state or federal court *(name and address):* Superior Court of California, San Francisco County
   d. Department:

**Page 1 of 3**

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
*www.courts.ca.gov*

CM-015

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER:  YUN PENG | |
| DEFENDANT/RESPONDENT:    ACI Gift Cards, LLC.; AMAZON.COM, INC.;APPLE INC., | |

2.  *(continued)*

e.  Case type: ☐ limited civil  ☒ unlimited civil  ☐ probate  ☐ family law  ☐ other (*specify*):

f.  Filing date: 14/09/2024

g.  Has this case been designated or determined as "complex?" ☒ Yes  ☐ No

h.  Relationship of this case to the case referenced above *(check all that apply)*:

☒ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 2h

i.  Status of case:

☒ pending

☐ dismissed ☐ with ☐ without prejudice

☐ disposed of by judgment

3.  a.  Title: Consumer Price Inflation Claims v. Amazon

b.  Case number: 2:22-cv-00965

c.  Court: ☐ same as above
☒ other state or federal court (*name and address*): U.S. District Court, Western District of Washington

d.  Department:

e.  Case type: ☐ limited civil  ☒ unlimited civil  ☐ probate  ☐ family law  ☐ other (*specify*):

f.  Filing date: 7/13/2022

g.  Has this case been designated or determined as "complex?" ☐ Yes  ☐ No

h.  Relationship of this case to the case referenced above *(check all that apply)*:

☐ involves the same parties and is based on the same or similar claims.

☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 3h

i.  Status of case:

☒ pending

☐ dismissed ☐ with ☐ without prejudice

☐ disposed of by judgment

4.  ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: 05/05/2024

Yun Peng
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶

_____
(SIGNATURE OF PARTY OR ATTORNEY)

**NOTICE OF RELATED CASE**

**CM-015**

| | |
|---|---|
| PLAINTIFF/PETITIONER:   YUN PENG | CASE NUMBER: |
| DEFENDANT/RESPONDENT:     ACI Gift Cards, LLC.; AMAZON.COM, INC.;APPLE INC., | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

***(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)***

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. [ x ]  deposited the sealed envelope with the United States Postal Service.

   b. [ ]  placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

   a. on *(date):*

   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:              c. Name of person served:

      Street address:                        Street address:
      City:                                  City:
      State and zip code:                    State and zip code:

   b. Name of person served:              d. Name of person served:

      Street address:                        Street address:
      City:                                  City:
      State and zip code:                    State and zip code:

[ ]  Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Date: 5/9/2024

Yun Peng                                                          ▶

_____                    _____
(TYPE OR PRINT NAME OF DECLARANT)                      (SIGNATURE OF DECLARANT)

---

**NOTICE OF RELATED CASE**

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

 

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**  **FEB 19, 2025**

**TIME:**  **10:30 am**

**PLACE:**  **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at https://sf.courts.ca.gov under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

**(SEE LOCAL RULE 4)**

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**adrcoordinator@sftc.org**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



**Superior Court of California, County of San Francisco
Information Sheet
Voluntary Expedited Jury Trial Summary**

The San Francisco Superior Court encourages the use of Voluntary Expedited Jury Trials ("EJTs") in appropriate cases.  EJTs provide an excellent opportunity to resolve your client's case in an expeditious and inexpensive way.  Voluntary EJTs are authorized by statute.  CCP §§ 630.01.

EJTs can resolve your entire case **or** a single important case critical issue that, once adjudicated, can promote resolution of the entire case (for example: course and scope of employment, causation of an injury, whether a contract was formed, etc.)  EJTs promote equal access to civil justice as they are less expensive, consume fewer courtroom days, provide flexibility throughout, encourage high/low agreements to limit risk, and feature streamlined pre-trial procedures.

These are highlights of an EJT (C.C.P. §§ 630.01 et seq. and Rules of Court 3.1549 - 3.1553):

- Parties encouraged to submit a joint jury questionnaire;
- 8 jurors (6 must agree);
- 3 peremptory challenges per side;
- 5-hour time limit per side <u>unless agreed otherwise and approved;</u>
- One to two court days completion <u>unless agreed otherwise and approved;</u>
- Option to present evidence by stipulation and objection;
- High/low arrangement option;
- Limited appeal (misconduct by judge or jury substantially affecting parties' rights or corruption, or bad faith.)

If the parties agree to the Voluntary EJT, they should file and serve the completed and signed (Proposed) Consent Order for Voluntary Expedited Jury Trial, Judicial Council Form EJT-020.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ACI GIFT CARDS,LLC.; AMAZON.COM, INC.; APPLE INC.,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Yun Peng

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**09/09/2024**
**Clerk of the Court**
BY: AUSTIN LAM
Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of CA, County of SF

400 McAllister St, San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*
**CGC-24-617965**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Yun Peng ; 965 Hutchinson Ave, Palo Alto, CA 94301 ; 669 329 7691

DATE:
*(Fecha)* **09/09/2024**

Clerk, by
*(Secretario)* _____**AUSTIN LAM**_____ , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [x] on behalf of *(specify):*
   under: [x] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]  [ Save this form ]  [ Clear this form ]

1   YOUR NAME:  Yun Peng
    Street Address:   965 Hutchinson Ave
2   City, State, Zip:  Palo Alto, CA 94301
    Phone Number :   669 329 7691
3   Fax Number:  N/A
    Email:  msma529370228@gmail.com
4
5   YOUR NAME, IN PRO PER
6
7
8                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                      **FOR THE COUNTY OF SAN FRANCISCO**
10
11  NAME OF PLAINTIFF:  Yun Peng              )   Case No.: CGC-24-617965
                                              )
12                        Plaintiff(s),       )   **DOCUMENT TITLE :**
                                              )
13        vs.                                 )   **Amazon Gift Card User Agreement**
                                              )
14  NAME OF DEFENDANT(S),                     )   **Case Management Conference Date:**
                                              )   **Feb/19/2025**
15                        Defendant(s).       )   **TIME:  10:30AM**
                                              )   **DEPT:  610**
16        ACI GIFT CARDS,LLC.                 )
17        AMAZON.COM, INC.,                   )   Judge:  (N/A)
          APPLE INC.                          )   Dept:   (610)
18                                            )   Action Filed: (Sep/9/2024)
                                              )   Trial Date: (N/A)
19  _____         )
20
21
22  DATED: September 13, 2024
23                                                    _____
                                                      *Your signature*
24                                                    YOUR NAME
                                                      In Pro Per
25
26
27
28

ELECTRONICALLY
F I L E D
Superior Court of California,
County of San Francisco

09/13/2024
Clerk of the Court
BY: RONNIE OTERO
Deputy Clerk

# Amazon.com Balance and Amazon.com Gift Card Terms and Conditions

The following are the terms and conditions applicable to your Amazon.com Balance and Amazon.com Gift Cards. By purchasing, accepting, or using a Gift Card, you agree to be bound by these terms and conditions on behalf of yourself and all members of your household and others who purchase, accept, or use a Gift Card under your account.

**Last Updated: June 18, 2021**

1. **Gift Cards; Amazon.com Balance; Redemption.**
   Amazon.com Gift Cards are issued by ACI Gift Cards LLC, a Washington limited liability company, and include Amazon.com Gift Cards that are automatically added to your Amazon.com Balance when you "reload" your balance, receive an "allowance", or use an "Amazon Cash" barcode ("**Gift Cards**"). Your Amazon.com Balance displays the total remaining balance of all Gift Cards that have been applied to your Amazon.com account but not yet applied to a purchase. We may refer to your Amazon.com Balance as your "Amazon Balance", "Gift Card balance", or "GC Balance". To view your Amazon.com Balance, visit Your Account on Amazon.com. Purchases are deducted from your Amazon.com Balance. Any unused Amazon.com Balance will remain associated with your Amazon.com account. If a purchase exceeds your Amazon.com Balance, the remaining amount must be paid with another payment method.

   Gift Cards may only be redeemed toward the purchase of eligible goods and services provided by Amazon.com Services LLC and its affiliates (including redemption services provided by Amazon Payments, Inc.) on www.amazon.com, or certain of its affiliated properties, such as smile.amazon.com. Eligible goods and services are subject to change in our sole discretion. Redemption of Gift Cards at any affiliated property is subject to change in our sole discretion. ACI Gift Cards LLC or its affiliates ("**we**", "**us**", and "**our**") may provide Gift Card purchasers with information about the redemption status of Gift Cards that they purchase. Amazon Payments, Inc. may process

the redemption of the portion of your Amazon.com Balance used to purchase goods and services sold by third parties on www.amazon.com or any affiliated property at which your Amazon.com Balance may be used.

2.  **Limitations.**
    Your Amazon.com Balance cannot be used to purchase other Gift Cards, prepaid open loop cards, or certain third-party gift cards. Gift Cards cannot be reloaded; resold; used for payment outside of www.amazon.com or its affiliated properties; used for unauthorized advertising, marketing, sweepstakes, promotional or commercial purposes, including to facilitate the resale or shipment of goods from Amazon.com; redeemed for more than face value; transferred for value; redeemed for cash; returned for a cash refund (except to the extent required by law); or used in a manner otherwise prohibited by our Amazon.com Gift Card Restrictions and Prohibited Activities policy. No portion of your Amazon.com Balance may be transferred to another Amazon.com account. Neither your Amazon.com Balance nor your Gift Cards may be applied to the purchase of goods or services at any Amazon-affiliated property outside of the United States.

3.  **Risk of Loss.**
    The risk of loss and title for Gift Cards pass to the purchaser upon our electronic transmission of the Gift Card to the purchaser or designated recipient, or our delivery to the carrier, whichever is applicable. Gift Cards must be obtained from Amazon or an authorized third party, and you are responsible for safeguarding your Amazon.com Balance or Gift Card from unauthorized use. We are not responsible if any Gift Card is lost, stolen, or destroyed, or if your Amazon.com Balance or any Gift Card is used without your permission. There are a variety of Gift Card scams that request payment by Gift Card. Amazon is not responsible for, and assumes no liability to you for, any unlawful conduct or fraud by any third party associated with any Gift Card.

4.  **Use of Amazon.com Balance or any Gift Card in Violation of these Terms and Conditions.**
    By using a Gift Card you agree to comply with these terms and conditions, and not to use a Gift Card in any manner that is misleading, deceptive, unfair, or otherwise harmful to Amazon.com, its affiliates, or its customers. We reserve the right, without notice to you, to void Gift Cards (including as a component of your Amazon.com Balance) without a refund, suspend or terminate customer accounts, suspend or terminate the ability to use our services, cancel or limit orders, and bill alternative forms of payment if we suspect that a Gift Card is obtained, used, or applied to an Amazon.com account (or your

Amazon.com Balance is applied to a purchase) fraudulently, unlawfully, or otherwise in violation of these terms and conditions.

5. **Limitation of Liability.**
TO THE FULL EXTENT PERMISSIBLE BY LAW, WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, WITH RESPECT TO GIFT CARDS OR YOUR AMAZON.COM BALANCE , INCLUDING WITHOUT LIMITATION, ANY EXPRESS OR IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. TO THE FULL EXTENT PERMISSIBLE BY LAW, IN THE EVENT A GIFT CARD IS NON-FUNCTIONAL, YOUR SOLE REMEDY, AND OUR SOLE LIABILITY, WILL BE THE REPLACEMENT OF THAT GIFT CARD.

6. **Disputes.**
Any dispute or claim relating in any way to Gift Cards or your Amazon.com Balance will be resolved by the dispute resolution terms in the Amazon.com Conditions of Use.

7. **General Terms.**
The Amazon.com Conditions of Use apply. No fees apply to Gift Cards. We reserve the right to require additional verification of your identity, Gift Card or account ownership, or provision of an additional payment instrument, before you are able to apply a Gift Card to your account or your Amazon.com Balance to a purchase. When you purchase, receive, or apply a Gift Card to your account, or your Amazon.com Balance to a purchase, you agree that the laws of the State of Washington, without regard to principles of conflict of laws, will govern these terms and conditions and any dispute that may arise between you and ACI Gift Cards LLC, and its affiliates related to your use of a Gift Card or your Amazon.com Balance. We reserve the right to change these terms and conditions without notice, from time to time at our sole discretion. All terms and conditions are applicable to the extent permitted by law. If any of these terms and conditions are deemed invalid, void, or for any reason unenforceable, that unenforceable term will be deemed severable and will not affect the validity and enforceability of any remaining terms and conditions.

8. **Amazon.com Balance Expiration.**
The portion of your Amazon.com Balance made up of Gift Cards issued after October 1, 2005 does not expire and may be applied to your Amazon.com account and applied to eligible purchases despite any stated expiration date. Expiration dates also do not apply for the portion of your Amazon.com Balance made up of any Gift Cards issued prior to October 1, 2005 in CA, CT, LA, ME, MD, MA, MT, NH, ND, OK, RI, VT, WA, or in any other jurisdiction solely to the extent

prohibited or limited by law. All other Gift Cards issued prior to October 1, 2005 and the portion of your Amazon.com Balance made up of those Gift Cards expire in accordance with their stated terms.

1  YOUR NAME:  Yun Peng
   Street Address:  965 Hutchinson Ave
2  City, State, Zip:  Palo Alto, CA 94301
   Phone Number：  669 329 7691
3  Fax Number:  N/A
   Email:  msma529370228@gmail.com
4

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*

**09/13/2024**
**Clerk of the Court**
BY: RONNIE OTERO
Deputy Clerk

5  YOUR NAME, IN PRO PER

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF SAN FRANCISCO**

10

11  NAME OF PLAINTIFF：  Yun Peng            )  Case No.: CGC-24-617965
                                            )
12                          Plaintiff(s),   )  **DOCUMENT TITLE : Evidence 1**
                                            )  **Purchase receipts from Amazon showing the**
13          vs.                             )  **dates and items purchased, including iPhone 15**
                                            )  **Max, MacBook Pro 2019, and food items.**
14  NAME OF DEFENDANT(S),                   )
                                            )  **Case Management Conference Date:**
15                          Defendant(s).   )  **Feb/19/2025**
                                            )  **TIME:  10:30AM**
16      ACI GIFT CARDS,LLC.                 )  **DEPT:  610**
                                            )
17      AMAZON.COM, INC.,                   )
        APPLE INC.                          )
18                                          )  Judge:  (N/A)
                                            )  Dept:  (610)
19                                          )  Action Filed:  (Sep/9/2024)
   ─────────────────────────────────          Trial Date:  (N/A)
20

21

22

23  DATED: September 13, 2024

24                                          *Your signature*
                                            YOUR NAME
25                                          In Pro Per

26

27

28
───────────────────────────────────────────────────────────────
          INSERT DOCUMENT TITLE (**Evidence 1:**
Purchase receipts from Amazon showing the dates and items purchased, including iPhone 15 Max, MacBook Pro 2019,
                                and food items.)

 Gmail                                                                    彭云 <msma529370228@gmail.com>

**Your Amazon Fresh order has been received**

1 封邮件

**Amazon.com** <order-update@amazon.com>                                       2024年6月27日 16:10
回复：no-reply@amazon.com
收件人：msma529370228@gmail.com



Hi leo,

Thank you for shopping with us. We've received your order.

You can add more items until we start packing your order.

Please store your items promptly upon delivery to keep them fresh and delicious.

You won't be disturbed when the delivery is made.

View Order

Order Detail : #114-5033170-7233863

**Delivery Window** : Thursday, June 27, 2024, 6:00 PM - 8:00 PM (Doorstep Delivery)

**Delivery Location** : SAN FRANCISCO, CA

**Payment Authorization : $49.09**
This may include an additional amount to account for potential charges to your order. The final charge will match the items delivered.

**Add $2.26** worth of items before we start packing this order to get ~~$9.95~~ **FREE** delivery.

Tell us how your recent online trip with Amazon Fresh went.

It was great          Not so great

Take care,
Amazon Fresh

By placing your order, you agree to Amazon.com's Privacy Notice and Conditions of Use.

Your taxes are based on applicable state and local rates.

This email was sent from a notification-only address that cannot accept incoming email. Please do not reply to this message.

For questions about your Amazon Fresh order, contact customer service at (877) 477-3527.

 Gmail

彭云 <msma529370228@gmail.com>

---

## Your Amazon.com order of "Apple iPhone 15 Pro, 512GB...".
1 封邮件

---

**Amazon.com** <auto-confirm@amazon.com>                                        2024年6月27日 16:28
回复：no-reply@amazon.com
收件人：msma529370228@gmail.com



# Hello leo,

Thank you for shopping with us. We'll send a confirmation when your item ships.

## Order Confirmation

Arriving:
**Tuesday, July 2**

 Someone must be present for delivery

Ship to:
**yun**
**SAN FRANCISCO, CA**

Order #
**114-0139496-6496258**

[ View or manage order ]

    Apple iPhone 15 Pro, 512GB,...
                        Qty : 1

Order Total:                                                          **$0.00**

## Keep shopping for


Vplus 100%
Compostable Oval
Paper...
$34.99


WDF 60Pack 12 oz
Plastic Bowls,...
$25.19

The payment for your invoice is processed by Amazon Payments, Inc. P.O. Box 81226 Seattle, Washington 98108-1226. If you need more information, please contact (866) 216-1075

By placing your order, you agree to Amazon.com's Privacy Notice and Conditions of Use. Unless otherwise noted, items sold by Amazon.com are subject to sales tax in select states in accordance with the applicable laws of that state. If your order contains one or more items from a seller other than Amazon.com, it may be subject to state and local sales tax, depending upon the seller's business policies and the location of their operations. Learn more about tax and seller information.

Items in this order may be subject to California's Electronic Waste Recycling Act. If any items in this order are subject to that Act, the seller of that item has elected to pay any fees due on your behalf.

This email was sent from a notification-only address that cannot accept incoming email. Please do not reply to this message.



 Gmail

彭云 <msma529370228@gmail.com>

---

**Your Amazon.com order of "Apple MacBook Pro with...".**
1 封邮件

---

**Amazon.com** <auto-confirm@amazon.com>        2024年6月27日 10:42
回复：no-reply@amazon.com
收件人：msma529370228@gmail.com

---



## Hello leo,

Thank you for shopping with us. We'll send a confirmation when your item ships.

### Order Confirmation

Arriving:
**Tuesday, July 2**

Ship to:
**yun**
**SAN FRANCISCO, CA**

Order #
**114-3234312-5901014**

( View or manage order )

      Apple MacBook Pro with 2.6G...

Qty : 1

Order Total:                        **$3.00**

## Customers Who Bought Items in Your Order Also Bought



**Apple Magic Mouse: Wireless,...**
$67.98



**MOKiN USB C Multiport Adapter Hub Mac...**
$34.99  ✓prime

The payment for your invoice is processed by Amazon Payments, Inc. P.O. Box 81226 Seattle, Washington 98108-1226. If you need more information, please contact (866) 216-1075

By placing your order, you agree to Amazon.com's Privacy Notice and Conditions of Use. Unless otherwise noted, items sold by Amazon.com are subject to sales tax in select states in accordance with the applicable laws of that state. If your order contains one or more items from a seller other than Amazon.com, it may be subject to state and local sales tax, depending upon the seller's business policies and the location of their operations. Learn more about tax and seller information.

Items in this order may be subject to California's Electronic Waste Recycling Act. If any items in this order are subject to that Act, the seller of that item has elected to pay any fees due on your behalf.

This email was sent from a notification-only address that cannot accept incoming email. Please do not reply to this message.



1  YOUR NAME:  Yun Peng
   Street Address:  965 Hutchinson Ave
2  City, State, Zip:  Palo Alto, CA 94301
   Phone Number :  669 329 7691
3  Fax Number:  N/A
   Email:  msma529370228@gmail.com
4
5  YOUR NAME, IN PRO PER
6
7
8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                   **FOR THE COUNTY OF SAN FRANCISCO**
10
11 NAME OF PLAINTIFF:  Yun Peng          ) Case No.: CGC-24-617965
                                         )
12                  Plaintiff(s),        ) **DOCUMENT TITLE :**
                                         )
13        vs.                            ) **Amazon User Agreement**
                                         )
14 NAME OF DEFENDANT(S),                 ) **Case Management Conference Date:**
                                         ) **Feb/19/2025**
15                  Defendant(s).        ) **TIME:   10:30AM**
                                         ) **DEPT:   610**
16    ACI GIFT CARDS,LLC.                )
                                         ) Judge:   (N/A)
17    AMAZON.COM, INC.,                  ) Dept:    (610)
      APPLE INC.                         ) Action Filed:  (Sep/9/2024)
18                                       ) Trial Date:  (N/A)
                                         )
19 _____
20
21
22 DATED: September 13, 2024
23                                            _Your signature_ _____
                                              YOUR NAME
24                                            In Pro Per
25
26
27
28
   _____
                INSERT DOCUMENT TITLE (Amazon User Agreement)

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**09/13/2024**
**Clerk of the Court**
BY: RONNIE OTERO
Deputy Clerk

Conditions of Use

Last updated: September 14, 2022

Welcome to Amazon.com. Amazon.com Services LLC and/or its affiliates ("Amazon") provide website features and other products and services to you when you visit or shop at Amazon.com, use Amazon products or services, use Amazon applications for mobile, or use software provided by Amazon in connection with any of the foregoing (collectively, "Amazon Services"). By using the Amazon Services, you agree, on behalf of yourself and all members of your household and others who use any Service under your account, to the following conditions.

Please read these conditions carefully.

We offer a wide range of Amazon Services, and sometimes additional terms may apply. When you use an Amazon Service (for example, Your Profile, Gift Cards, Amazon Video, Your Media Library, Amazon devices, or Amazon applications) you also will be subject to the guidelines, terms and agreements applicable to that Amazon Service ("Service Terms"). If these Conditions of Use are inconsistent with the Service Terms, those Service Terms will control.

PRIVACY

Please review our Privacy Notice, which also governs your use of Amazon Services, to understand our practices.

ELECTRONIC COMMUNICATIONS

  When you use Amazon Services, or send e-mails, text messages, and other communications from your desktop or mobile device to us, you may be communicating with us electronically. You consent to receive communications from us electronically, such as e-mails, texts, mobile push notices, or notices and messages on this site or through the other Amazon Services, such as our Message Center, and you can retain copies of these communications for your records. You agree that all agreements,

notices, disclosures, and other communications that we provide to you electronically satisfy any legal requirement that such communications be in writing.

COPYRIGHT

All content included in or made available through any Amazon Service, such as text, graphics, logos, button icons, images, audio clips, digital downloads, data compilations, and software is the property of Amazon or its content suppliers and protected by United States and international copyright laws. The compilation of all content included in or made available through any Amazon Service is the exclusive property of Amazon and protected by U.S. and international copyright laws.

TRADEMARKS

Click here to see a non-exhaustive list of Amazon trademarks. In addition, graphics, logos, page headers, button icons, scripts, and service names included in or made available through any Amazon Service are trademarks or trade dress of Amazon in the U.S. and other countries. Amazon's trademarks and trade dress may not be used in connection with any product or service that is not Amazon's, in any manner that is likely to cause confusion among customers, or in any manner that disparages or discredits Amazon. All other trademarks not owned by Amazon that appear in any Amazon Service are the property of their respective owners, who may or may not be affiliated with, connected to, or sponsored by Amazon.

LICENSE AND ACCESS

Subject to your compliance with these Conditions of Use and any Service Terms, and your payment of any applicable fees, Amazon or its content providers grant you a limited, non-exclusive, non-transferable, non-sublicensable license to access and make personal and non-commercial use of the Amazon Services. This license does not include any resale or commercial use of any Amazon Service, or its contents; any collection and use of any product listings, descriptions, or prices; any derivative use of any Amazon Service or its contents; any downloading, copying, or other use of account information for the benefit of any third party; or any use of data mining, robots, or similar data gathering and extraction tools. All rights not expressly granted to you in these Conditions of Use or any Service Terms are reserved and retained by Amazon or its licensors, suppliers, publishers, rightsholders, or other content providers. No Amazon

Service, nor any part of any Amazon Service, may be reproduced, duplicated, copied, sold, resold, visited, or otherwise exploited for any commercial purpose without express written consent of Amazon. You may not frame or utilize framing techniques to enclose any trademark, logo, or other proprietary information (including images, text, page layout, or form) of Amazon without express written consent. You may not use any meta tags or any other "hidden text" utilizing Amazon's name or trademarks without the express written consent of Amazon. You may not misuse the Amazon Services. You may use the Amazon Services only as permitted by law. The licenses granted by Amazon terminate if you do not comply with these Conditions of Use or any Service Terms.

YOUR ACCOUNT

You may need your own Amazon account to use certain Amazon Services, and you may be required to be logged in to the account and have a valid payment method associated with it. If there is a problem charging your selected payment method, we may charge any other valid payment method associated with your account. Visit Your Payments to manage your payment options. You are responsible for maintaining the confidentiality of your account and password and for restricting access to your account, and you agree to accept responsibility for all activities that occur under your account or password. Amazon does sell products for children, but it sells them to adults, who can purchase with a credit card or other permitted payment method. If you are under 18, you may use the Amazon Services only with involvement of a parent or guardian. Parents and guardians may create profiles for teenagers in their Amazon Household. Alcohol listings on Amazon are intended for adults. You must be at least 21 years of age to purchase alcohol, or use any site functionality related to alcohol. Amazon reserves the right to refuse service, terminate accounts, terminate your rights to use Amazon Services, remove or edit content, or cancel orders in its sole discretion.

REVIEWS, COMMENTS, COMMUNICATIONS, AND OTHER CONTENT

You may post reviews, comments, photos, videos, and other content; send e-cards and other communications; and submit suggestions, ideas, comments, questions, or other information, so long as the content is not illegal, obscene, threatening, defamatory, invasive of privacy, infringing of intellectual property rights (including publicity rights), or otherwise injurious to third parties or objectionable, and does not consist of or contain software viruses, political campaigning, commercial solicitation, chain letters, mass mailings, or any form of "spam" or unsolicited commercial electronic messages. You may not use a false e-mail address, impersonate any person or entity, or otherwise

mislead as to the origin of a card or other content. Amazon reserves the right (but not the obligation) to remove or edit such content, but does not regularly review posted content.

If you do post content or submit material, and unless we indicate otherwise, you grant Amazon a nonexclusive, royalty-free, perpetual, irrevocable, and fully sublicensable right to use, reproduce, modify, adapt, publish, perform, translate, create derivative works from, distribute, and display such content throughout the world in any media. You grant Amazon and sublicensees the right to use the name that you submit in connection with such content, if they choose. You represent and warrant that you own or otherwise control all of the rights to the content that you post; that the content is accurate; that use of the content you supply does not violate this policy and will not cause injury to any person or entity; and that you will indemnify Amazon for all claims resulting from content you supply. Amazon has the right but not the obligation to monitor and edit or remove any activity or content. Amazon takes no responsibility and assumes no liability for any content posted by you or any third party.

INTELLECTUAL PROPERTY COMPLAINTS

Amazon respects the intellectual property of others. If you believe that your intellectual property rights are being infringed, please follow our Notice and Procedure for Making Claims of Copyright Infringement.

RISK OF LOSS

All purchases of physical items from Amazon are made pursuant to a shipment contract. This means that the risk of loss and title for such items pass to you upon our delivery to the carrier.

RETURNS, REFUNDS AND TITLE

Amazon does not take title to returned items until the item arrives at our fulfillment center. At our discretion, a refund may be issued without requiring a return. In this situation, Amazon does not take title to the refunded item. For more information about our returns and refunds, please see our Returns Center.

PRODUCT DESCRIPTIONS

Amazon attempts to be as accurate as possible. However, Amazon does not warrant that product descriptions or other content of any Amazon Service is accurate, complete, reliable, current, or error-free. If a product offered by Amazon itself is not as described, your sole remedy is to return it in unused condition.

PRICING

"List Price" means the suggested retail price of a product as provided by a manufacturer, supplier, or seller. We regularly check List Prices against prices recently found on Amazon and other retailers. Certain products may have a "Was Price" displayed, which is determined using recent price history of the product on Amazon.

With respect to items sold by Amazon, we cannot confirm the price of an item until you order. Despite our best efforts, a small number of the items in our catalog may be mispriced. If the correct price of an item sold by Amazon is higher than our stated price, we will, at our discretion, either contact you for instructions before shipping or cancel your order and notify you of such cancellation. Other merchants may follow different policies in the event of a mispriced item.

We generally do not charge your credit card until after your order has entered the shipping process or, for digital products, until we make the digital product available to you.

APP PERMISSIONS

When you use apps created by Amazon, such as the Amazon App or Kindle App, you may grant certain permissions to us for your device. Most mobile devices provide you with information about these permissions. To learn more about these permissions, click here.

SANCTIONS AND EXPORT POLICY

You may not use any Amazon Service if you are the subject of U.S. sanctions or of sanctions consistent with U.S. law imposed by the governments of the country where you are using Amazon Services. You must comply with all U.S. or other export and re-export restrictions that may apply to goods, software (including Amazon Software), technology, and services.

OTHER BUSINESSES

Parties other than Amazon operate stores, provide services or software, or sell product lines through the Amazon Services. In addition, we provide links to the sites of affiliated companies and certain other businesses. If you purchase any of the products or services offered by these businesses or individuals, you are purchasing directly from those third parties, not from Amazon. We are not responsible for examining or evaluating, and we do not warrant, the offerings of any of these businesses or individuals (including the content of their Web sites). Amazon does not assume any responsibility or liability for the actions, product, and content of all these and any other third parties. You should carefully review their privacy statements and other conditions of use.


DISCLAIMER OF WARRANTIES AND LIMITATION OF LIABILITY

THE AMAZON SERVICES AND ALL INFORMATION, CONTENT, MATERIALS, PRODUCTS (INCLUDING SOFTWARE) AND OTHER SERVICES INCLUDED ON OR OTHERWISE MADE AVAILABLE TO YOU THROUGH THE AMAZON SERVICES ARE PROVIDED BY AMAZON ON AN "AS IS" AND "AS AVAILABLE" BASIS, UNLESS OTHERWISE SPECIFIED IN WRITING. AMAZON MAKES NO REPRESENTATIONS OR WARRANTIES OF ANY KIND, EXPRESS OR IMPLIED, AS TO THE OPERATION OF THE AMAZON SERVICES, OR THE INFORMATION, CONTENT, MATERIALS, PRODUCTS (INCLUDING SOFTWARE) OR OTHER SERVICES INCLUDED ON OR OTHERWISE MADE AVAILABLE TO YOU THROUGH THE AMAZON SERVICES, UNLESS OTHERWISE SPECIFIED IN WRITING. YOU EXPRESSLY AGREE THAT YOUR USE OF THE AMAZON SERVICES IS AT YOUR SOLE RISK.


TO THE FULL EXTENT PERMISSIBLE BY LAW, AMAZON DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. AMAZON DOES NOT WARRANT THAT THE AMAZON SERVICES, INFORMATION, CONTENT, MATERIALS, PRODUCTS (INCLUDING SOFTWARE) OR OTHER SERVICES INCLUDED ON OR OTHERWISE MADE AVAILABLE TO YOU THROUGH THE AMAZON SERVICES, AMAZON'S SERVERS OR ELECTRONIC COMMUNICATIONS SENT FROM AMAZON ARE FREE OF VIRUSES OR OTHER HARMFUL COMPONENTS. TO THE FULL EXTENT PERMISSIBLE BY LAW, AMAZON WILL NOT BE LIABLE FOR ANY DAMAGES OF ANY KIND ARISING FROM THE USE OF ANY AMAZON SERVICE, OR FROM ANY

INFORMATION, CONTENT, MATERIALS, PRODUCTS (INCLUDING SOFTWARE) OR OTHER SERVICES INCLUDED ON OR OTHERWISE MADE AVAILABLE TO YOU THROUGH ANY AMAZON SERVICE, INCLUDING, BUT NOT LIMITED TO DIRECT, INDIRECT, INCIDENTAL, PUNITIVE, AND CONSEQUENTIAL DAMAGES, UNLESS OTHERWISE SPECIFIED IN WRITING.

DISPUTES

Any dispute or claim relating in any way to your use of any Amazon Service will be adjudicated in the state or Federal courts in King County, Washington, and you consent to exclusive jurisdiction and venue in these courts. We each waive any right to a jury trial.

APPLICABLE LAW

By using any Amazon Service, you agree that applicable federal law, and the laws of the state of Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise between you and Amazon.

SITE POLICIES, MODIFICATION, AND SEVERABILITY

Please review our other policies, such as our pricing policy, posted on this site. These policies also govern your use of Amazon Services. We reserve the right to make changes to our site, policies, Service Terms, and these Conditions of Use at any time. If any of these conditions shall be deemed invalid, void, or for any reason unenforceable, that condition shall be deemed severable and shall not affect the validity and enforceability of any remaining condition.

OUR ADDRESS

Amazon.com, Inc.

P.O. Box 81226

Seattle, WA 98108-1226

ADDITIONAL AMAZON SOFTWARE TERMS

The following terms ("Software Terms") apply to any software (including any updates or upgrades to the software) and any related documentation we make available to you in connection with Amazon Services (the "Amazon Software").

Use of the Amazon Software. You may use Amazon Software solely for purposes of enabling you to use the Amazon Services as provided by Amazon, and as permitted by these Conditions of Use and any Service Terms. You may not incorporate any portion of the Amazon Software into other programs or compile any portion of it in combination with other programs, or otherwise copy (except to exercise rights granted in this section), modify, create derivative works of, distribute, assign any rights to, or license the Amazon Software in whole or in part. All software used in any Amazon Service is the property of Amazon or its software suppliers and is protected by United States and international copyright laws.

Use of Third Party Services. When you use the Amazon Software, you may also be using the services of one or more third parties, such as a wireless carrier or a mobile software provider. Your use of these third party services may be subject to the separate policies, terms of use, and fees of these third parties.

No Reverse Engineering. You may not reverse engineer, decompile or disassemble, tamper with, or bypass any security associated with the Amazon Software, whether in whole or in part.

Updates. We may offer automatic or manual updates to the Amazon Software at any time and without notice to you.

Government End Users. If you are a U.S. Government end user, we are licensing the Amazon Software to you as a "Commercial Item" as that term is defined in the U.S. Code of Federal Regulations (see 48 C.F.R. § 2.101), and the rights we grant you to the Amazon Software are the same as the rights we grant to all others under these Conditions of Use.

Conflicts. In the event of any conflict between these Conditions of Use and any other Amazon or third-party terms applicable to any portion of Amazon Software, such as open-source license terms, such other terms will control as to that portion of the Amazon Software and to the extent of the conflict.

HOW TO SERVE A SUBPOENA OR OTHER LEGAL PROCESS

Amazon accepts service of subpoenas or other legal process only through Amazon's national registered agent, Corporation Service Company (CSC). Subpoenas or other

legal process may be served by sending them to CSC at the following address:

Amazon.com, Inc.

Corporation Service Company

300 Deschutes Way SW, Suite 208 MC-CSC1

Tumwater, WA 98501

Attn: Legal Department – Legal Process

Please note also that providing detailed and accurate information at the outset will facilitate efficient processing of your request. That information will include, for example, e-mail and/or credit card number used to make purchases for retail purchase information; the name, e-mail, and physical address of a seller for seller information; device serial number for Amazon devices; and IP address and complete time stamps.

NOTICE AND PROCEDURE FOR MAKING CLAIMS OF INTELLECTUAL PROPERTY INFRINGEMENT

If you believe that your intellectual property rights have been infringed, please submit your complaint using our online form. This form may be used to report all types of intellectual property claims including, but not limited to, copyright, trademark, and patent claims.

We respond quickly to the concerns of rights owners about any alleged infringement, and we terminate repeat infringers in appropriate circumstances.

We offer the following alternative to our online form for copyright complaints only. You may submit written claims of copyright infringement to our Copyright Agent at:

Copyright Agent

Amazon.com Legal Department

P.O. Box 81226

Seattle, WA 98108

phone: (206) 266-4064

e-mail: copyright@amazon.com

Courier address:

Copyright Agent

Amazon.com Legal Department

2021 7th Avenue

Seattle, WA 98121

USA

Written claims concerning copyright infringement must include the following information:

A physical or electronic signature of the person authorized to act on behalf of the owner of the copyright interest;

A description of the copyrighted work that you claim has been infringed upon;

A description of where the material that you claim is infringing is located on the site;

Your address, telephone number, and e-mail address;

A statement by you that you have a good-faith belief that the disputed use is not authorized by the copyright owner, its agent, or the law; and

A statement by you, made under penalty of perjury, that the above information in your notice is accurate and that you are the copyright owner or authorized to act on the copyright owner's behalf.

1   YOUR NAME:  Yun Peng
    Street Address:  965 Hutchinson Ave
2   City, State, Zip:  Palo Alto, CA 94301
    Phone Number :  669 329 7691
3   Fax Number:  N/A
    Email:  msma529370228@gmail.com
4
5   YOUR NAME, IN PRO PER

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**09/13/2024**
**Clerk of the Court**
BY: RONNIE OTERO
Deputy Clerk

6

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF SAN FRANCISCO**

10

11  NAME OF PLAINTIFF:  Yun Peng            )  Case No.: CGC-24-617965
                                            )
12                      Plaintiff(s),       )  **DOCUMENT TITLE :**
                                            )
13      vs.                                 )  **EVIDENC 12**
                                            )  NOTICE OF INTENT TO DENY (NOID)
14  NAME OF DEFENDANT(S),                   )  ISSUED BY USCIS ON JUNE 25, 2024
                                            )
15                      Defendant(s).       )  **Case Management Conference Date:**
                                            )  **Feb/19/2025**
16      ACI GIFT CARDS,LLC.                 )  **TIME:  10:30AM**
        AMAZON.COM, INC.,                   )  **DEPT:  610**
17      APPLE INC.                          )
                                            )  Judge:   (N/A)
18                                          )  Dept:    (610)
                                            )  Action Filed:  (Sep/9/2024)
19  _____    )  Trial Date:  (N/A)

20

21

22  DATED: September 13, 2024

23                                              *Your signature*
                                                _____
24                                              YOUR NAME
                                                In Pro Per
25

26

27

28

                        INSERT DOCUMENT TITLE (EVIDENC 12  )



**U.S. Department of Homeland Security**
San Francisco Asylum Office
75 Hawthorne Street, 7th Floor, San Francisco, CA 94105

**U.S. Citizenship
and Immigration
Services**

YUN PENG
965 HUTCHINSON AVE., APT 313
PALO ALTO, CA 94301

Date: JUN 2 4 2024

Re:     PENG, Yun (A# 234309173)

Dear Mr. PENG:

The purpose of this letter is to notify you of the intent to deny your request for asylum. U.S.
Citizenship and Immigration Services (USCIS) has carefully considered your written application
and accompanying documents, available country conditions materials, and your testimony to
reach this determination for the reasons given below.

In presenting your request for asylum, you indicated that you are a 34-year-old male native and
citizen of China who was admitted to the United States at San Francisco, CA on April 24, 2024
as a B-2 visitor until July 24, 2024. You are currently in lawful status.

You fear that you will be arrested and detained illegally by the authorities in China on account of
your political opinion against the Chinese Communist Party

Applicants may apply for asylum only if they demonstrate by clear and convincing evidence that
they filed the asylum application within one year after their date of last arrival in the United
States, unless there are either changed circumstances which materially affect asylum eligibility
or extraordinary circumstances related to the delay in filing the asylum application. 8 U.S.C. §
1158(a)(2)(B), (D). The asylum application must be filed within a reasonable period given the
circumstances. 8 C.F.R. § 208.4(a)(4), (5). You filed your application on May 2, 2024.

You established by clear and convincing evidence that the application was filed within one year
after your date of last arrival in the United States. Government records verify your arrival to the
United States on April 24, 2024. Therefore, you filed a timely application.

You testified as follows:
You had never been directly threatened or harmed in China prior to 2024, however you have
always felt that since 1989 China is not a safe place for its citizens. When asked if you feared
harm on account of your mental health issues you indicated that your fear is based on your
political opinions.

**U.S. Department of Homeland Security**
San Francisco Asylum Office
75 Hawthorne Street, 7th Floor, San Francisco, CA 94105



U.S. Citizenship
and Immigration
Services

On April 13, 2017 around 7:00 in the evening you called an online car company. The driver tried to cheat you and then started talking to you in bad words. He also got really close to you and pointed a finger at your nose. The driver also asked things like if you have brain damage. You became angry and slapped the driver in the face. The driver then called the police. About 7 or 8 police officers in three cars came to the scene. The police put you in a car and drove you to the station. The witnesses drove themselves to the police station for questioning.

During the ride to the station there were three officers in the car with you. One of them was Office Wu who was a codriver of the car. Officer Wu was not in uniform and accused you of hitting the driver. Officer Wu did nothing to verify what happened during the altercation and you told Officer Wu he should not ask these questions in such a manner without doing an investigation. You were taken to Wengyuan County Wengcheng police station.

At the police station you told them you needed your medication. You suffer from anxiety and they would not let you take your medication. They locked your hands behind you. You pointed out to Officer Wu and the other officers that Officer Wu was drunk. The officers hit you from the back and used their fists. At some point you passed out and they took you to a clinic but the clinic was not suitable for treating psychiatric symptoms. You were permitted to take your own medication at this clinic. You asked the doctor and nurses for help and complained to them that Officer Wu was drunk. When you returned to the police station you again told the officers that Officer Wu was drunk, and you were beaten again. You felt humiliated and insulted as you are a dignified businessman. You were at the police station for about 18 hours.

You were later transferred to a detention facility where you were detained without any legal process for 5 days. You were not harmed while in detention. During your detention you were permitted to contact your family and they gave you food, but they never took you to see a judge. Your family tried to hire an attorney for you, but you refused their help.

On paper the reason for your detention was because of a fight or that you hit someone, but you know it was because you pointed out to the officers that the Communist System was not good. You explained you made these comments to the officers after you were beaten and said to them "You are a really good officer raised and cultivated by the Chinese Communist Party (CCP)". You also said the Communist Party had the hardest authority over everything and as an Officer they can take action like that. You questioned him multiple times on his actions during the arrest. You also submitted a complaint letter to Officer Wu's superiors. In May 2024 you received a telephone call about the complaint and the caller asked why you made the complaint. You told them sarcastically they are not doing a good job.

You have not been informed if the authorities have contacted your family since you left the country. You would not dare to post anything negative about China on your social media accounts as China has police in the U.S.

**U.S. Department of Homeland Security**
San Francisco Asylum Office
75 Hawthorne Street, 7th Floor, San Francisco, CA 94105

 **U.S. Citizenship
and Immigration
Services**

You believe you will be harmed in China because you have expressed your political opinion. Since you raised a complaint to the higher authorities you fear that the entire system is against you.

Your testimony was detailed, consistent, and plausible. Considering the totality of the circumstances and all relevant factors your testimony is found credible.

In order to receive asylum, an asylum-seeker must establish past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1158, 1101(a)(42); 8 C.F.R. § 208.13(b).

The events you described do not amount to past persecution. As you testified the beating occurred after you told Officer Wu he was a drunk and after you complained about Officer Wu not following proper procedures. There is nothing to indicate that Officer Wu or the other law enforcement agents were abusing you on account of your political opinion but as a result of you accusing them of doing their jobs improperly. While there is evidence of an abuse of power by these officers against you it does not appear to be on account of a protected ground.

You claim to have a fear of future persecution. To establish a well-founded fear of future persecution, applicants must show that their fear is both subjectively genuine and objectively reasonable. Applicants may establish an objectively reasonable fear by demonstrating that there is a reasonable possibility of suffering persecution.

Accordingly, it is the applicant's burden to establish that:

(1)    the applicant possesses (or is believed to possess) a protected characteristic;
(2)    the persecutor is already aware, or could become aware, that the applicant possesses that characteristic;
(3)    the persecutor has the capability of persecuting the applicant; and
(4)    the persecutor has the inclination to persecute the applicant on account of that protected characteristic.

*See Matter of Mogharrabi*, 19 I&N Dec. 439 (BIA 1987).
You fear you will be arrested and detained again by law enforcement in China if you return to China.
However, you have failed to establish all four prongs of the *Mogharrabi* test for well-foundedness. You have not established that law enforcement officers in China are inclined to harm you on account of your political opinion of Opposition to the Chinese Communist Party. The police called you in May 2024 asking about your complaint but there is no indication they were calling you about your political opinion. You are also not aware of the police looking for you since you left the country. When asked if you ever posted anything negative about China on

**U.S. Department of Homeland Security**
San Francisco Asylum Office
75 Hawthorne Street, 7th Floor, San Francisco, CA 94105



**U.S. Citizenship and Immigration Services**

your social media accounts you explained you dare not to do that as you know the Chinese have police in the U.S. Therefore, there is no indication that the police are inclined to harm you based on the few comments you made about the CCP during your arrest in April 2024.

A well-founded fear of persecution can also be established by showing that there is a pattern or practice of persecution of a group of persons similarly situated to the applicant on account of one of the five characteristics in the refugee definition. 8 C.F.R. § 208.13(b)(2)(iii). While there is an ongoing effort by the Chinese government to control any freedom of expression in China, those efforts are directed at groups such as members of the media, human rights organizations, and protesters. See, Amnesty International: The State of the World's Human Rights; China 2023, 24 April 2024; https://www.ecoi.net/en/document/2107859.html [accessed 14 June 2024]. There is nothing to indicate that the authorities would be inclined to harm someone for sarcastic comments about the CCP during an arrest. You have also testified that you would not dare make such comments in your social media.

You have not established a well-founded fear of persecution by showing that there is a pattern or practice of persecution of groups of persons similarly situated to you on account of one of the five protected grounds.

Therefore, you failed to establish a well-founded fear of persecution on account of a protected ground. For the foregoing reasons, USCIS does not find you eligible for asylum status in the United States.

You can provide rebuttal to this notice in support of your request. You have sixteen (16) days [10 days plus 6 days for mailing] from the date of this notice to submit such rebuttal or additional evidence. Failure to respond to this notice within this allotted time may result in the denial of your request for asylum.

Please direct any response to the address on this letterhead. Mark the contents as follows:

     Attention: File Number A-_234309173     <u>Rebuttal</u> -- ZSF275

     Sincerely,

**DANIELLE E. LEHMAN**
**Director**
San Francisco Asylum Office

Yun Peng

_____

Yun Peng
June 24, 2024  1:05PM

1  YOUR NAME:  Yun Peng
   Street Address:  965 Hutchinson Ave
2  City, State, Zip:  Palo Alto, CA 94301
   Phone Number :  669 329 7691
3  Fax Number:  N/A
   Email:  msma529370228@gmail.com
4
5  YOUR NAME, IN PRO PER

6

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF SAN FRANCISCO**

10

11  NAME OF PLAINTIFF:  Yun Peng          )  Case No.: CGC-24-617965
                                          )
12                       Plaintiff(s),     )  **DOCUMENT TITLE :**
                                          )
13        vs.                             )  **EVIDENC 22**
                                          )  THEFT INCIDENT REPORT AT STANFORD
14  NAME OF DEFENDANT(S),                 )  UNIVERSITY ON MAY 21, 2024
                                          )
15                       Defendant(s).     )  **Case Management Conference Date:**
                                          )  **Feb/19/2025**
16      ACI GIFT CARDS,LLC.               )  **TIME:  10:30AM**
        AMAZON.COM, INC.,                 )  **DEPT:  610**
17      APPLE INC.                        )
                                          )  Judge:  (N/A)
18                                        )  Dept:    (610)
                                          )  Action Filed:  (Sep/9/2024)
19                                           Trial Date:  (N/A)
20  _____
21  The text of your document begins here.

22

23

24                                          _Your signature_  _____
25                                          YOUR NAME
                                            In Pro Per
26

27

28

_____

**Stanford University Department of Public Safety**
**Office of the Sheriff, Santa Clara County**
711 Serra Street, Stanford, CA 94305
(650) 723-9633  Fax (650) 725-8485
**INCIDENT REPORT**

| | |
|---|---|
| INJURY | |
| BOOKING | |
| CITE RELEASE | |

CASE NO. **24-142-0418U**

BEAT **01**

TYPE OF FORCE: ☐ HANDS/FEET ☐ KNIFE/CUTTING INSTR. ☐ FIREARM ☐ OTHER

REPORT TYPE **487(a) PC [F] Grand theft from a building**

| OCCURRED | 5/9/24 | 15:00 | Thu |
|---|---|---|---|
| | 5/9/24 | 17:00 | Thu |
| | 5/21/24 | 15:18 | Tue |

LOCATION OF INCIDENT **520 Lasuen Mall / Stanford / 94305**

CASE

ASSIGNED

NOT ASSIG

RECORDS ROUTING

ABC

Acctng

CCAP/CIVU

CLERY

DET. DIV

POSTAL

TRAFFIC

TRANSIT

OTHER

CLASS EVIDENCE

RURAL CRIME

JCR

DOMESTIC VIOLENCE

HATE

ELDER

CHILD

148/243

GANG

PHOTO SCENE

LATENT PRINTS

DRUG FIELD TEST

PROPERTY

EVIDENCE

DIAGRAM

CCTV

"V" = VICTIM    "R" = REPORTING PARTY    "W" = WITNESS    "O" = OTHER

**V01** LAST, FIRST, MIDDLE (FIRM, IF BUSINESS) ☐ STATE OF CA.

**Peng    Yun**

| RACE | M | | DOB | AGE | HT | WT |
|---|---|---|---|---|---|---|
| Chinese | F | X | 05/16/1990 | 34 | 5'08" | 115 |

INTERPRETER NEEDED: ☐ SPANISH ☐ VIETNAMESE ☐ OTHER

VICTIM ADVISED: ☐ SEXUAL ASSAULT ☐ VIC/WIT ASSIST. ☐ DOMESTIC VIOLENCE

ADDRESS **International**  CITY/STATE  ZIP  PHONE **(669) 324*768**  DL NUMBER  STATE

BUSINESS NAME/SCHOOL NAME AND ADDRESS  CITY/STATE  ZIP  PHONE  SSN
**msma529370228@gmail.com**

VICTIM INFORMATION: ☐ NON DISCLOSURE (WHERE APPLICABLE) ☐ INJURY ☐ SART ☐ BLOOD ☐ URINE ☐ PHOTOGRAPH ☐ STUDENT

County Sheriff's Office
CONTROLLED DOCUMENT
DO NOT DUPLICATE
Released by: M7098

| VICTIM VEHICLE VICTIM # | YEAR | MAKE | MODEL | BODY TYPE | COLOR | LICENSE/VIN | STATE |
|---|---|---|---|---|---|---|---|
| 1 | | | | | | | |

R/O'S NAME (LAST, FIRST, MIDDLE) ☐ SAME AS VICTIM #  ADDRESS  CITY/STATE  ZIP  DAMAGE TO VEHICLE

VICTIM VEHICLE WAS: ☐ STOLEN ☐ IMPOUNDED ☐ STORED ☐ LEFT AT SCENE ☐ RELEASED AT SCENE ☐ HELD F/PRINTS ☐ PRINTED

**PROPERTY (NOT FOR EVIDENCE) / COMPLETE SYNOPSIS OF INCIDENT**

| ITEM# | QTY | BRAND | MODEL | DESCRIPTION OF PROPERTY | SERIAL NO. | VALUE |
|---|---|---|---|---|---|---|
| 1 | 8 | Unknown | Unknown | clothing items | | $1,125.60 |
| 2 | 1 | Hermes | Unknown | Perfume | | $98.57 |

THIS REPORT IS FOR INSURANCE PURPOSES AND TO ALERT THE SHERIFF'S OFFICE OF THE CRIME.

Synopsis: **A suspect(s) stole unattended luggage containing personal property from an unsecured public building. The victim estimated that the total loss was greater than 950.00 dollars. The victim did not have any unique identifying information for the stolen property, so no items' descriptions were entered into the Automated Property System. There were no witnesses and there were no useful safety and security cameras in the area. The suspect(s) remains unidentified and at large.**

| Where Occurred | Property Attacked | Method of Entry | Suspect Actions |
|---|---|---|---|
| ☐ Apartment/Condo | ☐ Agriculture/Crops | ☐ Jewelry/Metals | ☐ Attempt Only | ☐ Approach From Front | ☐ Suspect Armed |
| ☐ Assembly Plant | ☐ Hospital | ☐ Alcohol/Beer/Wine | ☐ Livestock | ☐ Body Force | ☐ Approach From Rear | ☐ Searched |
| ☐ Bar or Lounge | ☐ Hotel/Motel | ☐ Auto Parts/Access | ☐ Not Applicable | ☐ Broke Glass | ☐ Demand Money | X Selective Theft |
| ☐ Bank/Finance Co. | ☐ Jewelry Store | ☐ Bicycle | X Other Property | ☐ Cut Lock/Screen | ☐ Force Victim to Move | ☐ Sex Act |
| ☐ Bus/Rail Stop | ☐ Liquor Store | ☐ Bldg Materials | ☐ Narcotics/Drugs | ☐ Key/Pass Key | ☐ Fought With Victim | ☐ Shot/Stabbed Vic |
| ☐ Bus/Rail Vehicle | ☐ Parking Lot | ☐ Cameras/Video Equip | ☐ Phone(s) | ☐ Lock Punch | ☐ Injury Inflicted | ☐ Struck Victim |
| ☐ Construction Site | ☐ Other Retail | X Clothing | ☐ Power Tools | ☐ Pried | ☐ Knew Location Cash | ☐ Took Firearm |
| ☐ Convenience Store | ☐ Park (All Types) | ☐ Computer/Elec Equip | ☐ Purse/Wallet | ☐ Removed | ☐ Multiple Suspects | ☐ Took Money/Coins |
| ☐ Driveway | X Public Building | ☐ Checks (All Types) | ☐ Radio/Stereo Equip | | ☐ Molested Victim | ☐ Took Stereo/TV |
| ☐ Dr.'s/Dentist Office | ☐ Residence | ☐ Credit Card | ☐ Sporting Goods | Point of Entry | ☐ Masturbated | ☐ Used Trick/Ruse |
| ☐ Farm/Ranch | ☐ Restaurant (All) | ☐ Curr/Money/Coins | ☐ Television | ☐ On Premise | ☐ Made Threats | ☐ Used Demand Note |
| ☐ Field/Pasture | ☐ Rural/Mount Area | ☐ Farm/Ranch Equip | ☐ Tools | ☐ Door | ☐ Pt Prop in Bag | ☐ Unknown |
| ☐ Garage | ☐ School | ☐ Firearm(s) | ☐ Tractor/Hvy Equip | ☐ Garage Door | ☐ Ransacked | ☐ Vandalized/Tagged |
| ☐ Gas Station | ☐ Sidewalk | ☐ Furniture | ☐ Transit Equip/Facil | ☐ Sliding Door | | |
| ☐ Grocery/Market | ☐ Shopping Center | ☐ Household Appliance | ☐ Vehicle or Boat | ☐ Roof | | |
| | ☐ Street/Highway | | | ☐ Window | X MO Continued in Narrative | |

OTHER MO INFORMATION:

ASSOCIATED CASE NUMBERS: **24-0866F**  OTHER ROUTING:

| OFFICER'S NAME | ID NUMBER | DATE | SHIFT/DAYS OFF | SUPERVISORS REVIEW | ID NUMBER | DATE | PAGE | OF |
|---|---|---|---|---|---|---|---|---|
| Stewart, Emers | 26041 | 05/21/24 1942 | Day    ThFS | Luevano, Joel | 26529 | 05/28/24 045 | 1 | 5 |

Rev 12/95    C1095-FS

| REPORT TYPE | | | | | CASE NO. | 24-142-0418U |
|---|---|---|---|---|---|---|
| 487(a) PC [F] Grand theft from a building | | SUPPLEMENTAL | Stanford University Dept. of Public Safety Office of the Sheriff, Santa Clara County NARRATIVE FORM | | | |

| LOCATION OF ORIGINAL EVENT (IF KNOWN) | VICTIM NAME (LAST, FIRST, MIDDLE (FIRM, IF BUSINESS)) | | 5/16/1990 |
|---|---|---|---|
| 520 Lasuen Mall / Stanford / 94305 | Peng | Yun | |

1 **NARRATIVE:**

2

3 On 5/21/2024, I was on patrol as a Stanford University Department of

4 Public Safety (SUDPS) deputy on Stanford University's campus. I was

5 dressed in a full SUDPS deputy's uniform and operating a fully marked

6 and emergency equipped SUDPS patrol vehicle, number 5399. I was

7 wearing my department-issued, body-worn camera. My department-issued,

8 body-worn camera was activated during this event.

9

10 On 5/21/2024 at approximately 1519 hours, SUDPS deputies were

11 dispatched for a report of lost luggage. Palo Alto Communications

12 advised that the reporting party, later identified as (V01)YUN, was

13 waiting in the SUDPS station's lobby. I arrived a short time later and

14 spoke with (V01)YUN. He was not fluent in English, and his primary

15 language was Mandarin. Language Line Solutions interpreters 454897 and

16 259667 provided interpretation services. (V01)YUN provided me with the

17 following statement, in summary.

18

19 (V01)YUN'S STATEMENT:

20

21 (V01)YUN was a Chinese tourist visiting Stanford University.

22

23 On 5/9/2024 at approximately 1500 hours, (V01)YUN was inside the Old

24 Union, located at 520 Lasuen Mall, Stanford, CA 94305. At that time,

25 (V01)YUN needed to use the bathroom, and he decided to leave his

26 luggage in a first-floor meeting room across from the men's bathroom.

27 There were several individuals in that room at the time. (V01)YUN

28 asked them to watch his luggage, and he went to use the bathroom.

29 After using the bathroom, (V01)YUN had afternoon tea.

30

Santa Clara County Sheriff's Office
-CONTROLLED DOCUMENT-
DO NOT DUPLICATE
Released by MP06
Issued to:

| OFFICER'S NAME | ID NUMBER | DATE | SHIFT/DAYS OFF | SUPERVISORS REVIEW | ID NUMBER | DATE | PAGE | OF |
|---|---|---|---|---|---|---|---|---|
| Stewart, Emerson | 26041 | 05/21/24 1942 | Day ThFS | Luevano, Joel | 26529 | 05/28/24 045 | 2 | 5 |

Rev 12/95                    C1095-FS

REPORT TYPE
487(a) PC [F] Grand theft from a building

Case 3:25 SUPPLEMENTAL Document 06944 Stanford University Dept. of Public Safety 15/25 Page 224 of 949
Office of the Sheriff, Santa Clara County

NARRATIVE FORM

CASE
NO.

24-142-0418U

LOCATION OF ORIGINAL EVENT (IF KNOWN)
520 Lasuen Mall / Stanford / 94305

VICTIM NAME (LAST, FIRST, MIDDLE (FIRM, IF BUSINESS))     5/16/1990
Peng                    Yun

 1  On 5/9/2024 at approximately 1700 hours, (V01)YUN returned to the room
 2  in the Old Union where he had left his luggage, and it was no longer
 3  where he left it. (V01)YUN checked the area, and he was unable to
 4  locate his luggage. (V01)YUN was not fluent in English, but several
 5  students advised him to send an email to the Stanford University Lost
 6  and Found email list. (V01)YUN sent several emails to this list, but
 7  he did not hear about anyone finding his luggage.
 8
 9  (V01)YUN was not familiar with protocols in the United States, so it
10  took him a while to determine that he should contact the local law
11  enforcement agency about his luggage. (V01)YUN's luggage was a
12  hard-case, pink roller luggage that contained personal items valued at
13  greater than 950.00 dollars (see the attached property page for
14  details).
15
16  NARRATIVE CONTINUED:
17
18  After speaking with (V01)YUN, I searched the Old Union, and I was
19  unable to locate (V01)YUN's missing luggage. I also spoke with a
20  custodial services (UG2) representative, and they told me that no
21  luggage matching the description for (V01)YUN's luggage had been
22  turned in at their offices.
23
24  (V01)YUN later provided me with an itemized list of his stolen
25  property. (V01)YUN did not know the unique identifying information for
26  any of his stolen items, so their unique identifying information and
27  descriptions were not entered into the Automated Property System as
28  stolen property.
29
30  Based on (V01)YUN's statement, it seemed likely that an unidentified

| OFFICER'S NAME | ID NUMBER | DATE | SHIFT/DAYS OFF | | SUPERVISORS REVIEW | ID NUMBER | DATE | PAGE | OF |
|---|---|---|---|---|---|---|---|---|---|
| Stewart, Emerson | 26041 | 05/21/24 1942 | Day | ThFS | Luevano, Joel | 26529 | 05/28/24 045 | 3 | 5 |

Rev 12/05                    C1095-FS

| REPORT TYPE | | Stanford University Dept. of Public Safety | CASE NO. | 24-142-0418U |
|---|---|---|---|---|
| 487(a) PC [F] Grand theft from a building | SUPPLEMENTAL | Office of the Sheriff, Santa Clara County | | |
| | | NARRATIVE FORM | | |

| LOCATION OF ORIGINAL EVENT (IF KNOWN) | VICTIM NAME (LAST, FIRST, MIDDLE (FIRM, IF BUSINESS)) | 5/16/1990 |
|---|---|---|
| 520 Lasuen Mall / Stanford / 94305 | Peng                          Yun | |

```
1  suspect(s) entered an unsecured building and stole personal property

2  valued at greater than 950.00 dollars, a violation of PC 487 - grand

3  theft.   There were no known witnesses or safety and security cameras

4  in the area. The suspect(s) remains unidentified and at large.

5

6  End of report.
```

Clara County Sheriff's Office
CONTROLLED DOCUMENT
DO NOT DUPLICATE
Released by: M7196

| OFFICER'S NAME | ID NUMBER | DATE | SHIFT/DAYS OFF | | SUPERVISORS REVIEW | ID NUMBER | DATE | PAGE | OF |
|---|---|---|---|---|---|---|---|---|---|
| Stewart, Emerson | 26041 | 05/21/24 1942 | Day | ThFS | Luevano, Joel | 26529 | 05/28/24 045 | 4 | 5 |

Rev 12/96     C1095-F8

| REPORT TYPE | | CASE NO. | 24-142-0418U |
|---|---|---|---|
| 487(a) PC [F] Grand theft from a building | SUPPLEMENTAL | Stanford University Dept. of Public Safety Office of the Sheriff, Santa Clara County | |

ADDITIONAL PROPERTY

LOST OR STOLEN PROPERTY (NOT FOR EVIDENCE)

| ITEM# | QTY | BRAND | MODEL | DESCRIPTION OF PROPERTY | SERIAL NO. | VALUE |
|---|---|---|---|---|---|---|
| 3 | 1 | Burberry | Unknown | Perfume | | $84.65 |
| 4 | 1 | Louis Vuitton | Unknown | Belt | | $1,125.60 |
| 5 | 1 | Prada | Unknown | Belt | | $562.80 |
| 6 | 1 | Philips | Unknown | Electric toothbrush | | $126.09 |
| 7 | 1 | Apple | Unknown | Watch | | $769.27 |
| 8 | 1 | Unknown | Unknown | Pink hard-case roller luggage | | $769.27 |
| 9 | 2 | Addidas | Unknown | Shoes | | $225.12 |

ta Clara County Sheriff's Office
CONTROLLED DOCUMENT
DO NOT DUPLICATE
Released by: M7196

| OFFICER'S NAME | ID NUMBER | DATE | SHIFT/DAYS OFF | | SUPERVISORS REVIEW | ID NUMBER | DATE | PAGE | OF |
|---|---|---|---|---|---|---|---|---|---|
| Stewart, Emerson | 26041 | 05/21/24 1942 | Day | ThFS | Luevano, Joel | 26529 | 05/28/24 045 | 5 | 5 |

Rev 12/96     C1095-FB

YOUR NAME:  Yun Peng
Street Address:  965 Hutchinson Ave
City, State, Zip:  Palo Alto, CA 94301
Phone Number :  669 329 7691
Fax Number:  N/A
Email:  msma529370228@gmail.com

YOUR NAME, IN PRO PER

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**09/13/2024**
**Clerk of the Court**
BY: RONNIE OTERO
**Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

NAME OF PLAINTIFF:  Yun Peng

      Plaintiff(s),

   vs.

NAME OF DEFENDANT(S),

      Defendant(s).

    ACI GIFT CARDS,LLC.
    AMAZON.COM, INC.,
    APPLE INC.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: CGC-24-617965

**DOCUMENT TITLE :**

**EVIDENC 23**
THEFT INCIDENT REPORT AT FEDEX
LOCATION ON JUNE 24, 2024

**Case Management Conference Date:**
**Feb/19/2025**
**TIME:  10:30AM**
**DEPT:  610**

Judge:  (N/A)
Dept:  (610)
Action Filed:  (Sep/9/2024)
Trial Date:  (N/A)

DATED: September 13, 2024

*Your signature*
YOUR NAME
In Pro Per



**This incident has been reported to the**
**Oakland Police Department**
**and is pending approval**

Oakland Police Department
455 Seventh Street
Oakland, CA 94607
510-238-3728

## General Information

| | |
|---|---|
| Incident Type | Theft |
| Tracking Number | T24014676 |
| Report Date | 06/24/2024 09:36 PM |

## Reporting Person Information

| | |
|---|---|
| Name | PENG, YUN |
| Home Address | 965 Hutchinson Ave, Palo Alto, CA 94301, US |
| Home Phone | 669-329-7691 |
| Email | msma529370228@gmail.com |
| Work Phone | 669-329-7691 |
| Race | Chinese |
| Sex | Male |
| DOB | 05/16/1990 |

## Incident Information

| | |
|---|---|
| Incident Location | 500 12th St Street, Suite 139, Oakland, CA 94607 |
| Incident Time (start) | 06/24/2024 05:00 PM |
| Incident Time (end) | 06/24/2024 06:00 PM |
| Location Type | Commercial/office building/theater |
| Theft Type | Pocket-picking |
| Entry Location | Other |
| Point of Entry | Unknown |
| Method of Entry | Unknown |
| Premise Type | Non-Residential (Commercial) |
| Do you have digital evidence you would like to provide? | Yes |

## Property Information

**No 1**

| | |
|---|---|
| Type | Cash, Coins, and Currency |
| Color | Blue - Dark |
| How Many | 1 |
| Market Value ($) | 300 |
| Property Description | Blue wallet, with bank card from East West Bank, cash, and documents |

## Narrative

Incident Description — On June 24, 2024, at approximately 5:00 PM, I was printing documents at the FedEx office in Oakland. I am not sure who did it, but my wallet was stolen. The wallet is blue and contains about $300 in cash, an East West Bank card, and my travel permit for Hong Kong and Macau used in China. The incident happened quickly, and I did not see the perpetrator's face clearly. I immediately checked my surroundings but could not locate the suspect. I also confirmed with FedEx employees to check the surveillance footage. After reviewing the footage, they informed me that the surveillance did not capture the suspect. Therefore, I contacted 911 to report the incident. 911 informed me that since FedEx reviewed the video and could not identify the suspect, I would have to file a report online. I confirmed that it was a theft because the suspect attempted to use my card at Safeway around 5 PM. Fortunately, I locked my card in time to prevent further unauthorized charges.

Print This Report

1   YOUR NAME:  Yun Peng
    Street Address:  965 Hutchinson Ave
2   City, State, Zip:  Palo Alto, CA 94301
    Phone Number :  669 329 7691
3   Fax Number:  N/A
    Email:  msma529370228@gmail.com
4
5   YOUR NAME, IN PRO PER

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN FRANCISCO

10

11  NAME OF PLAINTIFF:  Yun Peng          )   Case No.: CGC-24-617965
                                          )
12                    Plaintiff(s),       )   **DOCUMENT TITLE :**
                                          )
13         vs.                            )   **Correction Statement**
                                          )
14  NAME OF DEFENDANT(S),                 )   **Case Management Conference Date:**
                                          )   **Feb/19/2025**
15                    Defendant(s).       )   **TIME:   10:30AM**
                                          )   **DEPT:   610**
16         ACI GIFT CARDS,LLC.            )
                                          )   Judge:   (N/A)
17         AMAZON.COM, INC.,              )   Dept    (610)
                                          )   Action Filed:  (Sep/9/2024)
18         APPLE INC.                     )   Trial Date:  (N/A)
                                          )
19  _____

20

21

22  DATED: September 13, 2024

23                                        _Your signature_
                                          YOUR NAME
24                                        In Pro Per

25

26

27

28

                    INSERT DOCUMENT TITLE (Correction Statement)

# Correction Statement

**To the Clerk of the Court:**

I, Yun Peng, the plaintiff in the above-referenced case, respectfully submit this correction statement to address an error in the online submission through File & ServeXpress.

During the electronic submission process on [date], I inadvertently selected the wrong parties as plaintiff and defendant. The correct party designations are as follows:

- **Plaintiff**: Yun Peng
- **Defendants**: ACI Gift Cards, LLC, Amazon.com, Inc., Apple Inc.

I kindly request that the court update the records accordingly to reflect this correction. All other information in the submission remains accurate and unchanged.

Thank you for your attention to this matter.

Sincerely,
**Yun Peng**
Pro Se

Date :    13/SEP/2024
Signature :

1  YOUR NAME:  Yun Peng
   Street Address:  965 Hutchinson Ave
2  City, State, Zip:  Palo Alto, CA 94301
   Phone Number :  669 329 7691
3  Fax Number:  N/A
   Email:  msma529370228@gmail.com
4
5  YOUR NAME, IN PRO PER
6
7

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**09/13/2024**
**Clerk of the Court**
BY: RONNIE OTERO
**Deputy Clerk**

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF SAN FRANCISCO**

10

11  NAME OF PLAINTIFF:  Yun Peng                )  Case No.: CGC-24-617965
                                                )
12                     Plaintiff(s),            )  **DOCUMENT TITLE :  Evidence 2**
                                                )  **Records of canceled orders, including food**
13       vs.                                    )  **and electronics, showing the dates and**
                                                )  **reasons for cancellation.**
14  NAME OF DEFENDANT(S),                       )
                                                )
15                     Defendant(s).            )  **Case Management Conference Date:**
                                                )  **Feb/19/2025**
16   ACI GIFT CARDS,LLC.                        )  **TIME:  10:30AM**
                                                )  **DEPT:  610**
17   AMAZON.COM, INC.,                          )
     APPLE INC.                                 )  Judge:  (N/A)
18                                              )  Dept:   (610)
                                                )  Action Filed: (Sep/9/2024)
19  _____             )  Trial Date: (N/A)

20

21

22  DATED: September 13, 2024

23                                              *Your signature* _____
                                                YOUR NAME
24                                              In Pro Per
25

26

27

28

---

INSERT DOCUMENT TITLE (**Evidence 2:**
**Records of canceled orders, including food and electronics, showing the dates and reasons for cancellation.**)



彭云 <msma529370228@gmail.com>

## Your Amazon.com account

1 封邮件

**no-reply@amazon.com** <no-reply@amazon.com>　　　　　　　　　　　　　2024年7月2日 18:26
回复： no-reply@amazon.com
收件人： msma529370228@gmail.com

Hello,

After a review of your details, we have determined it is necessary to close your Amazon.com account. Any pending orders have been canceled.

We may not reply to further emails about this issue.

Sincerely,

Account Specialist
Amazon.com
https://www.amazon.com
================

1

YOUR NAME:  Yun Peng
Street Address:  965 Hutchinson Ave
City, State, Zip:  Palo Alto, CA 94301
Phone Number：  669 329 7691
Fax Number: N/A
Email: msma529370228@gmail.com

2

3

4

5

YOUR NAME, IN PRO PER

6

7

ELECTRONICALLY

**F I L E D**

*Superior Court of California,*
*County of San Francisco*

**09/13/2024**
**Clerk of the Court**
BY: RONNIE OTERO
**Deputy Clerk**

8

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9

**FOR THE COUNTY OF SAN FRANCISCO**

10

11

NAME OF PLAINTIFF：  Yun Peng

)   Case No.: CGC-24-617965

12

Plaintiff(s),

)
)   **DOCUMENT TITLE : Evidence 4**
)   **The three suspension and account closure**
)   **notices in chronological order.**

13

vs.

)
)

14

NAME OF DEFENDANT(S),

)   **Case Management Conference Date:**
)   **Feb/19/2025**
)   **TIME:  10:30AM**
)   **DEPT:  610**

15

Defendant(s).

16

ACI GIFT CARDS,LLC.
AMAZON.COM, INC.,
APPLE INC.

)
)   Judge:  (N/A)
)   Dept：  (610)
)   Action Filed: (Sep/9/2024)
)   Trial Date: (N/A)
)

17

18

19

20

21

Detailed Description：  See page 2

22

DATED: September 13, 2024

23

*Your signature*
YOUR NAME
In Pro Per

24

25

26

27

28

# The Issues and Impact on Users Regarding Amazon's Three Suspension Notices and Account Closure Notice:

## Summary:

1.  **Lack of Specific Definition for "Unusual Payment Activity"** makes it difficult for users to understand the reason for the suspension, leading to unresolved issues.

2.  **General Notification of Unusual Payment Activity** provides no specific details, leaving users unable to respond or resolve the issue effectively.

3.  **Users are Not Allowed to Reply** to emails, limiting communication and clarification, hindering the resolution process.

4. **No Appeal Mechanism** deprives users of the opportunity to defend their rights.

5. **Systemic Issues and Potential Deficiencies in Automated Processing** mean that automated decisions are prone to false positives, with insufficient manual review flexibility.

6. **Lack of Consistency in Notifications** leads to the ineffective handling of user-submitted documents, complicating the problem.

7. **Ambiguous Rules Regarding Gift Card Usage** fail to clearly explain the specific reasons for account closure, preventing users from avoiding future issues.

8. **No Contact Information for Customer Support** makes it difficult for users to obtain help directly, increasing the difficulty of resolving issues.

Your Amazon account is temporarily on hold

 Gmail

彭云 <msma529370228@gmail.com>

## Your Amazon account is temporarily on hold.

1 封邮件

**no-reply@amazon.com** <no-reply@amazon.com>                                2024年6月26日 01:26
回复：no-reply@amazon.com
收件人：msma529370228@gmail.com

Hello,

We have detected unusual payment activity on your Amazon account. For your protection, we have temporarily placed your account on hold and placed any pending orders or subscriptions on hold as well.

If we are unable to confirm your payment information within 72 hours, your pending orders will be canceled. Your account will remain on hold until we are able to confirm that you are the authorized owner of the payment method used in the recent transaction.

To restore access to your account, sign in and follow the on-screen instructions. You will have the option to upload a document with the required information to verify your account. Once you have provided this document, we will review it and respond within 24 hours.

When uploading a document to verify the ownership of a payment method, be sure that the name, address, payment type, and relevant transaction information are clearly visible. For your security, only display the last 4 digits of the payment method number.

Please complete our survey to rate your experience and help us improve this process. This survey is hosted by Qualtrics, an external survey platform, so the following link does not lead to an Amazon page:
https://amazoninteu.qualtrics.com/jfe/form/SV_cO6jE5FVbTBvLAq

Your responses are subject to the Amazon Privacy Notice:
https://www.amazon.com/gp/help/customer/display.html?nodeId=468496

If you have any concerns about the authenticity of this email, or to find out more about the Amazon survey program, please visit the Amazon Consumer Survey Emails help page:
https://www.amazon.com/gp/help/customer/display.html?ref=help_search_1-1?ie=UTF8&nodeId=201909060&qid=1512682210&sr=1-1

How can I verify if this email is from Amazon?
Amazon emails are always sent from @amazon.com.

Account Specialist
Amazon.com
https://www.amazon.com

Action required: Your Amazon account is temporarily on hold

 Gmail

彭云 <msma529370228@gmail.com>

---

## Action required: Your Amazon account is temporarily on hold

1 封邮件

**no-reply@amazon.com** <no-reply@amazon.com>                               2024年6月27日 16:36
回复：no-reply@amazon.com
收件人：msma529370228@gmail.com

Hello,

We have detected unusual payment activity on your Amazon account. For your protection, we have temporarily placed your account on hold and placed any pending orders, subscriptions, or gift card balance on hold as well.

How to restore your account access?
Sign in on Amazon and follow the on-screen instructions. Once you have provided the required information, we will review it and respond within 24 hours.

When uploading a document to verify ownership of a payment method, be sure that the name, address, payment type, and relevant transaction information are clearly visible.

For your security, only display the final 4 digits of the payment method number. Any sensitive document you provide is not stored in our systems and is deleted immediately after verification.

What happens if your account can't be verified?
If we are unable to validate the information provided by you within 72 hours, your pending orders will be canceled automatically. Your account will remain on hold until we are able to confirm that you are the authorized owner of the payment method used in the recent transaction.

Please complete our survey to rate your experience and help us improve this process. This survey is hosted by Qualtrics, an external survey platform, so the following link does not lead to an Amazon page:
https://amazonexteu.qualtrics.com/jfe/form/SV_0lmTvXTl7hI5WvA

Your responses are subject to the Amazon Privacy Notice:
https://www.amazon.com/gp/help/customer/display.html?nodeId=468496

If you have any concerns about the authenticity of this email, or to find out more about the Amazon survey program, please visit the Amazon Consumer Survey Emails help page:
https://www.amazon.com/gp/help/customer/display.html?ref=help_search_1-1?ie=UTF8&nodeId=201909060&qid=1512682210&sr=1-1

Account Specialist
Amazon.com
https://www.amazon.com

 Gmail

彭云 <msma529370228@gmail.com>

---

## Response required: Your Amazon account is still on hold

1 封邮件

---

**no-reply@amazon.com** <no-reply@amazon.com>                                   2024年7月5日 20:02
回复：no-reply@amazon.com
收件人：msma529370228@gmail.com

Hello,

Thank you for your response. We have reviewed the information you provided but we were unable to verify ownership of your Visa payment ending in 9535 because no document was provided.

Your account is still temporarily on hold.

You can resolve the issue by signing in to your Amazon US store account again and following the on-screen instructions. Once you have provided the required information, we will review it and respond within 24 hours. If you contact Customer Service, you will be routed to sign in and submit the online form.

When uploading a document to verify the ownership of the above payment method used for the transaction, be sure that the name, address, payment type, and relevant transaction information are clearly visible. In the case of a virtual card, attach an image or screenshot from the supporting application and a copy of any government issued ID, such as driver's license or passport, that displays your name. For your security, only display the last 4 digits of the payment method number.

Please complete our survey to rate your experience and help us improve this process. This survey is hosted by Qualtrics, an external survey platform, so the following link does not lead to an Amazon page:
https://amazoninteu.qualtrics.com/jfe/form/SV_8IJmkDlqoNZVWD4

Your responses are subject to the Amazon Privacy Notice:
https://www.amazon.com/gp/help/customer/display.html?nodeId=468496

If you have any concerns about the authenticity of this email, or to find out more about the Amazon survey program, please visit the Amazon Consumer Survey Emails help page:
https://www.amazon.com/gp/help/customer/display.html?ref=help_search_1-1?ie=UTF8&nodeId=201909060&qid=1512682210&sr=1-1

How can I verify if this email is from Amazon?
Amazon emails are always sent from @amazon.com.

Account Specialist
Amazon.com
https://www.amazon.com



Gmail

彭云 <msma529370228@gmail.com>

## Your Amazon.com account has been closed

1 封邮件

**no-reply@amazon.com** <no-reply@amazon.com>　　　　　　　　　　2024年7月12日 00:56
回复： no-reply@amazon.com
收件人： msma529370228@gmail.com

　　Hello,

　　We have closed your Amazon.com account and canceled all open orders.

　　We have taken these actions because you are attempting to use Amazon gift cards that are in violation of our Terms and Conditions. We cannot reissue the gift cards or reimburse you for these funds.

　　You can find more information on the Amazon Help page:
　　www.amazon.com/gc-legal

　　Sincerely,

　　Account Specialist
　　Amazon.com
　　https://www.amazon.com
　　================

Details

# 1. **Lack of Specific Definition for "Unusual Payment Activity"**

**Issue**: In the notification, Amazon cites "unusual payment activity" as the reason for the account suspension but does not specify which payment activities are considered unusual. The notification does not provide any relevant order or transaction details, nor does it explain the criteria or standards Amazon used to classify these payments as unusual.

**Impact**: The lack of a specific definition of "unusual payment activity" leaves users confused, unable to determine which of their actions violated the rules, and unable to take corrective measures. This ambiguity not only affects users' understanding and trust in the platform but also increases the likelihood that similar issues will recur in the future. Without clear guidelines or standards, users are at risk of repeated account suspensions. Moreover, this lack of transparency denies users the opportunity to explain and clarify their actions.

# 2. **General Notification of Unusual Payment Activity**

**Issue**: Amazon's notifications only vaguely mention "unusual payment activity" but do not provide specific details about which payments were flagged as unusual, nor do they offer any standards or explanations for this determination. Users do not receive specific order information or transaction details related to these flagged payments.

**Impact**: This lack of clear communication makes it difficult for users to understand the source of the problem, making it impossible to provide targeted information to clarify or prove the issue. Due to this lack of specific information, users are placed in a passive position, unable to actively participate in resolving the issue. This approach not only increases users' confusion but also undermines trust in Amazon's payment processing system, causing users to question the safety and reliability of the platform's payment and transaction processes.

# 3. **Users are Not Allowed to Reply**

**Issue**: In all four notifications, Amazon explicitly states that users cannot reply to these emails. This prevents users from engaging in direct communication with Amazon, especially in cases of account suspension or closure, where users are unable to clarify the issue or provide relevant supporting documents via email.

**Impact**: Restricting users from replying to emails denies them the opportunity to actively participate in resolving the issue. Even if users have submitted relevant documents, they cannot confirm whether those documents have been received or reviewed. This delays the resolution process and increases users' psychological stress, further affecting their experience. Additionally, Amazon's refusal to communicate may be perceived as a lack of

transparency, leading users to believe the platform is unwilling to provide effective customer service.

## 4. **No Appeal Mechanism**

**Issue**: In Amazon's four notifications, users are not informed of any appeal mechanism or review process. If users disagree with the account suspension or closure decision, they have no way to initiate an appeal or seek an explanation through normal channels.

**Impact**: This practice deprives users of the opportunity to defend their rights, especially in cases where Amazon's decision may involve misunderstandings or errors. An appeal process is a crucial tool for protecting users' rights, and Amazon's failure to provide such a mechanism violates basic principles of fair dealing. Particularly in cases where account suspension or closure significantly impacts users' experiences and livelihoods, the absence of an appeal mechanism may be considered unreasonable, further eroding users' trust in the platform.

## 5. **Systemic Issues and Potential Deficiencies in Automated Processing**

**Issue**: Amazon may rely on automated systems to detect "unusual payment activity," but such systems are prone to false positives. For example, the plaintiff's legitimate actions (such as cross-border payments) may be misidentified as unusual. In this case, the plaintiff made legitimate cross-border payments and has already provided records of cross-border payments made through Alipay, but it appears that this information was not accepted or processed by Amazon's system, resulting in the account remaining suspended. The notification also does not mention any manual review or appeal mechanism, suggesting that the system may rely too heavily on automated decisions without sufficient human intervention.

**Impact**: If the automated system fails to properly recognize legitimate cross-border payments, users' accounts may be unnecessarily suspended. This not only affects the user's experience but also may result in the unnecessary freezing or loss of funds. More seriously, systemic false positives could lead to recurring issues, placing greater pressure on Amazon's customer service and damaging user trust in the platform. Automated processing should be supplemented with manual review, particularly in cases where users have already provided cross-border payment records, to ensure that the system is accurate and flexible enough to avoid false positives or misjudgments.

## 6. **Lack of Consistency in Notifications**

**Issue**: Amazon's multiple suspension and closure notifications lack clear continuity.

Each notification seems independent, and users' submitted documents are not processed or responded to. For example, after submitting documents following the first suspension notification, users receive no confirmation that the documents were received or processed, and the account is suspended again.

**Impact**: The lack of a coherent processing workflow makes it difficult for users to determine whether their submitted documents have been received or reviewed, leaving the account status unclear. This complicates the issue and makes resolution more difficult. Additionally, this practice may indicate internal flaws or mismanagement within Amazon's processes, which fail to handle user-submitted documents effectively, adding to users' frustration and confusion.

## 7. **Ambiguous Rules Regarding Gift Card Usage**

**Issue**: In the account closure notification, Amazon states that the use of gift cards violated the platform's terms and conditions but does not clearly specify which terms were violated or what the issue with the gift card usage was. Users cannot determine what actions led to the account closure decision.

**Impact**: Because Amazon has not provided detailed explanations of the issues with gift card usage, users cannot understand which specific actions violated the terms, and they have no way to prevent similar issues in the future. This ambiguity deprives users of the opportunity to explain or defend their actions, affecting their legitimate rights. Additionally, failing to provide detailed explanations may leave users confused about the platform's rules, further eroding trust in Amazon.

## 8. **No Contact Information for Customer Support**

**Issue**: Amazon's notifications do not provide any customer support contact information, such as a phone number or email. Particularly in cases of account suspension or closure, users are unable to contact Amazon directly through these channels to seek help.

**Impact**: Customer support is essential for resolving complex issues and clarifying unclear details. The lack of customer support contact information prevents users from obtaining help through direct channels, increasing the complexity and time required to resolve the issue. This not only affects the user experience but also makes Amazon's customer service appear lacking in efficiency and empathy.

YOUR NAME: Yun Peng
Street Address: 965 Hutchinson Ave
City, State, Zip: Palo Alto, CA 94301
Phone Number : 669 329 7691
Fax Number: N/A
Email: msma529370228@gmail.com

YOUR NAME, IN PRO PER

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**09/13/2024**
**Clerk of the Court**
BY: RONNIE OTERO
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN FRANCISCO

NAME OF PLAINTIFF: Yun Peng

                Plaintiff(s),

    vs.

NAME OF DEFENDANT(S),

                Defendant(s).

    ACI GIFT CARDS,LLC.
    AMAZON.COM, INC.,
    APPLE INC.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: CGC-24-617965

**DOCUMENT TITLE : Evidence 8**
**All the medical records**

**Case Management Conference Date:**
**Feb/19/2025**
**TIME: 10:30AM**
**DEPT: 610**

Judge: (N/A)
Dept: (610)
Action Filed: (Sep/9/2024)
Trial Date: (N/A)

Detailed Description: Sort the appointment times from earliest to latest.

DATED: September 13, 2024

*Your signature*
YOUR NAME
In Pro Per

Name: Yun Peng | DOB: 5/16/1990 | MRN: 200402738 | PCP: Tri Nha Tran, MD | Legal Name: Yun Peng

# Progress Notes

## Catherine James at 7/2/2024  2:20 PM

I personally examined the patient and confirmed the examination performed by the resident physician Tri Nha Tran, MD. I provided this service on the date of this patient's visit. I have reviewed relevant historical information and diagnostic results. I have discussed the differential diagnosis, work-up and treatment plan with the resident physician, and approved the plan. Patient education received and understanding confirmed. Additional pertinent information is below:

Yun Peng is a 34 y.o. male presenting with Follow-up
He arrived from China a few months ago.

**Objective**
**Vitals:**

|  | 07/02/24 1338 |
|---|---|
| BP: | 110/74 |
| Pulse: | 75 |
| SpO2: | 97% |

Body mass index is 22.66 kg/m².

Gen: comfortable appearing, NAD
Head: NCAT
Eyes; no conjunctival injection
Pulm: no resp distress
Neuro: grossly normal
Ext: warm and well perfused


Assessment/Plan
#Anxiety- previously on Sertraline 100 mg in china and wants to continue using this dose. Also used a Benzo there and wants this
P-Dr. Tran counseled patient to Increase Sertraline to 100 mg daily, start Buspar and for now avoid use of benzos
#Insomnia- hasn't yet trialed Trazodone
P-Dr. Tran counseled patient that sleep may improve when anxiety decreased with sertraline and buspar
#Possible history of DM, per patient, diagnosed in China, but never took medications
P-check fingerstick blood sugar now and A1c when does labwork.

Catherine James, MD


## Tri Tran at 7/2/2024  2:20 PM

Subjective

**Patient Id:** Yun Peng
**Patient's Primary Language** Mandarin (can speak mandarin or cantonese)
**PCP:** Yoongi Tom, MD
**Chief Complaint**
Patient presents with
 • Follow-up

**HPI**
Yun Peng is a 34 y.o. male with anxiety and insomnia presenting to establish care. He just moved here as a refugee within the past few months from China and does not know how to navigate the US healthcare system. He was told he has Diabetes but has no documentation of this illness. He says he might have taken medicine for this in the past but does not remember the name of the medicine.

He mentions that he was taking zolpidem for insomnia in the past and oxazepam for anxiety in China.

#Anxiety
- increase sertraline to 100mg per day
- buspirone 15mg BID
- BHT referral
- Psychiatry referral

#Insomnia
- trazodone 50mg bedtime PRN

Objective
**Vitals:**

|          | 07/02/24 1338 |
|----------|---------------|
| BP:      | 110/74        |
| Pulse:   | 75            |
| SpO2:    | 97%           |

**<u>Physical Exam</u>**
<u>Constitutional</u>:
  Appearance: Normal appearance. He is normal weight.
<u>HENT</u>:
  Head: Normocephalic and atraumatic.
  Right Ear: External ear normal.
  Left Ear: External ear normal.
  Mouth/Throat:
  Mouth: Mucous membranes are moist.
  Pharynx: Oropharynx is clear.
<u>Eyes</u>:
  Conjunctiva/sclera: Conjunctivae normal.
<u>Cardiovascular</u>:
  Rate and Rhythm: Normal rate and regular rhythm.

Pulses: Normal pulses.
Heart sounds: Normal heart sounds.
<u>Pulmonary</u>:
  Effort: Pulmonary effort is normal.
  Breath sounds: Normal breath sounds.
<u>Abdominal</u>:
  General: Abdomen is flat. Bowel sounds are normal.
  Palpations: Abdomen is soft.
<u>Musculoskeletal</u>:
  General: Normal range of motion.
<u>Skin</u>:
  General: Skin is warm.
  Capillary Refill: Capillary refill takes less than 2 seconds.
<u>Neurological</u>:
  Mental Status: He is alert.
<u>Psychiatric</u>:
  Mood and Affect: Mood normal.

Assessment/Plan
Yun Peng is a 34 y.o. male with history of anxiety, insomnia, presenting for establish healthcare.

**Problem List Items Addressed This Visit**

### Anxiety
Overview
  He reports taking oxazepam back in China for anxiety. He also says he takes 100mg sertraline and was prescribed 50mg on 6/17/24. He has been taking 100mg daily. He has not began taking buspirone 15mg BID that was also prescribed on 6/17/24

Current Assessment & Plan
    - increase sertraline to 100mg per day
    - buspirone 15mg BID
    - BHT referral
    - Psychiatry referral

Relevant Orders
    E-Consult to Family Health Center PCBH Psychiatry
    Ambulatory referral to behavioral health

### Insomnia
Overview
  He says he takes zolpidem for insomnia back in China. He has not tried trazodone that was prescribed 6/17/24.

Current Assessment & Plan

- trazodone 50mg bedtime PRN

**Healthcare maintenance - Primary**
Overview
  Possible history of DM, per patient. Does not remember the names of
  medications he's taken in the past for diabetes.

Current Assessment & Plan
  - HbA1c
  - POCT glucose
  - Lipid panel

Relevant Orders
  *Hemoglobin A1c (Completed)*
  *Lipid panel (Completed)*
  POCT glucose
  *POCT Glucose (Completed)*

**Future Appointments**

| Date | Time | Provider | Department | Center |
|------|------|----------|-----------|--------|
| 7/5/2024 | 10:00 AM | Michaelo Rosso-Balcazar | NSBH81FHC | FHC |

Provider Counseling: counseled on other Substance Use Risk and counseled on Depression

Electronically signed by Tri Nha Tran, MD at 2:50 PM on 7/2/2024

Evangelina Tongol at 7/2/2024  2:20 PM



**FAMILY HEALTH CENTER - PRIMARY CARE VISIT-
MEA INTAKE**
**DATE:** 07/02/24

**Name:** Yun Peng
**Medical Record Number:** 200402738
**Date of Birth:** 5/16/1990
**PCP:** Yoongi Tom, MD
**Language:** Mandarin (can speak mand*

**Chief Complaint:**
-

☑  Vitals

- ☐ Tobacco Screening
- ☐ Allergy Review/ Any Reactions:
- ☐ BHVS
- ☐ Edinburgh Screen
- ☐ Immunizations/ Offered VIS:
- ☐ FIT
- ☐ POCT:
- ☐ DM Retinal Exam
- ☐ DM Foot Exam
- ☐ Cognitive Health Assessment Screen
- ☐ Senior Health Screen (65 yo and older)
- ☐ OTHERS:

**Form:**

-

☐ Forms were presented during visit on 07/02/24 with Yoongi Tom, MD. Yoongi Tom, MD filled out form and original form was returned to patient. Made a copy of the original and placed copy in the HIM bin for scanning.
☐ Created a Separate TE

**Discharge:**

-

- ☐ MSAFP drawn
- ☐ Labs sent
- ☐ Urine sent
- ☐ Dental List
- ☐ Campus Map
- ☐ AVS

**Future Appointments**

| Date | Time | Provider | Department | Center |
|------|------|----------|------------|--------|
| 7/2/2024 | 2:20 PM | Tri Nha Tran, MD | PCMed81 | FHC |
| 7/5/2024 | 10:00 AM | Michaelo Rosso-Balcazar | NSBH81FHC | FHC |

Evangelina M Tongol, MA

MyChart® licensed from Epic Systems Corporation © 1999 - 2024

Name: Yun Peng | DOB: 5/16/1990 | MRN: 200402738 | PCP: Tri Nha Tran, MD | Legal Name: Yun Peng

# Progress Notes

## Luther Arms at 7/3/2024  2:39 PM

**PSYCHIATRY eCONSULT**
ZSFG Richard Fine People's Clinic

DATE: 7/3/2024

Dear Tran

Thank you for your consult request regarding Yun Peng for anxiety. I am covering for Dr. Prathikanti while she is away. Please let the PCBH Psychiatry team know what kind of assistance or advice you require.

Kind regards,
Luther Arms, MD
Primary Care Behavioral Health

MyChart® licensed from Epic Systems Corporation © 1999 - 2024

Name: Yun Peng | DOB: 5/16/1990 | MRN: 200402738 | PCP: Tri Nha Tran, MD | Legal Name: Yun Peng

# Progress Notes

## Michaelo Rosso-Balcazar at 7/5/2024 10:00 AM

**Initial BHC Note**

**Duration**: 60 minutes

**Warm Handoff:** No

**Language:**  Mandarin

**Interpreter Services:** Certified bilingual Staff

**Reason for referral:** Anxiety

**Referring provider:** PCP

**Assessments/Screeners utilized today:** GAD-7 and PHQ-9

**Living Situation:** Patient lives at a hostel for the last 2 months

**Family/friends:** No

**Legal Issues:** No

**Income/Welfare/Benefit:**  No

**Things to relax/have fun:** Nothing at present time

**Exercise:** No

**Chronic Diseases:** No

**Forget to take meds?:** No

**Current alcohol/drug Use (within the past 12 months):** No
**Social History**

Substance and Sexual Activity
Alcohol Use                Not on file

 has no history on file for drug use.

**Current Tobacco Use:**
 reports that he has never smoked. He has never used smokeless tobacco.

**Past alcohol/drug use:** No

**Past tobacco use:** No

**Current SI:** No.

**Current HI:** No.

**Past SI:** No.

**Past HI:** No.

**Suicide Attempts:** No

**Current psychiatric meds treatment:** Patient currently takes medication for Anxiety

**Current Behavioral Health care outside of primary care:** No

**Current IPV:** No.

**Hx Psychiatric Hospitalization:** No

**AH/VH:** No

**Hx of major head injury:** No

**Other pertinent information:**
Patient has anxiety and just moved from China. He is requesting additional therapy and evaluation

**PROBLEM:** Reports having problems sleeping for the last 4 years, he feels anxious most days for the last 4 years, struggles with ear ringing on both sides (Tinnitus) for the last 2-3 years.  Patient reports feeling anxious most days and this affects his daily routine.

**Mental Status Evaluation:**
Appearance: age appropriate
Behavior: normal
Speech: normal pitch and normal volume
Mood: anxious
Affect: mood-congruent
Thought Process: normal
Thought Content: normal
Sensorium: situation
Cognition: grossly intact
Insight: fair
Judgment: fair

**DSM 5/ICD-10 Dx:**
Anxiety Disorder Unspecified

**INTERVENTION:**

Provider introduced role as BHC within FHC.  Reviewed scope of BHC services as short-term and solution-focused in nature.  Reviewed limits of confidentiality and obtained verbal informed consent for services.
Gathered
Provided general information about the services he will receive when coming to see PCBH
Psychoeducational information about mental health matters
Validated patient's feelings, thoughts and emotions related to current stressors
Showed breathing exercises and talked about use of mindfulness to help reduce anxiety

**RESPONSE:**
Patient was a good historian; he was also receptive to the information he received today during this visit.  Patient verbalized strong desire to learn coping skills to reduce anxiety.

**PLAN:**
Patient will practice mindfulness and breathing exercises daily; he will report outcomes next visist

**Referral to:** None

**Counseling Provided:** counseled on Anxiety/Trauma/Stress/Grief

MyChart® licensed from Epic Systems Corporation © 1999 - 2024

Name: Yun Peng | DOB: 5/16/1990 | MRN: 200402738 | PCP: Tri Nha Tran, MD | Legal Name: Yun Peng

# Progress Notes

## Michaelo Rosso-Balcazar at 7/15/2024  9:00 AM

**Follow Up BHC Note**
**(See previous plan)**

**Duration**: 30 minutes

**Warm Handoff:** No

**Language:** Chinese

**Interpreter Services:** Medical interpreter

**Reason for referral:** Anxiety

**Referring provider:** PCP

**Assessments/Screeners utilized today:** Not today

**PROBLEM:**
Patient reports having anxiety but started to take medication and anxiety has reduced.
Patient reports waking up in the middle of the night and he hopes to be able to sleep
all night; he feels this is related to anxiety.

**Mental Status Evaluation:**
       Appearance: age appropriate and casually dressed
        Behavior: normal
         Speech: normal pitch and normal volume
          Mood: normal
           Affect: normal
    Thought Process: normal
   Thought Content: normal
       Sensorium: situation
       Cognition: grossly intact
         Insight: fair
      Judgment: fair

**DSM 5/ICD-10 Dx:**
Anxiety Disorder

**INTERVENTION:**
Gathered information of events/issues occurred since last session
Validated patient's current concerns about treatment
Explained the importance of taking the medications he was prescribed and

psychotherapy
Answered questions patient had about treatment modality and other clinical recommendations
Provided psychoeducation about anxiety and other mental health matters
Reinforced breathing exercises that will help reduce anxiety

**RESPONSE:**
Patient was receptive to the clinical recommendations offered today; he keeps reporting that the interpreting services aren't accurate so he used AI to continue the visit.  Patient said he did not practice exercises he was encouraged to try; he said he will do it this week for sure and will report outcomes.  Patient reports feeling better after taking the medications his PCP prescribed.  Patient hope to learn more cognitive behavioral techniques that will help him improve his mental health.

**PLAN:**
Patient will practice breathing exercises and will report outcome in two weeks from today.

**Referral to:** None

**Counseling Provided:** counseled on Anxiety/Trauma/Stress/Grief

MyChart® licensed from Epic Systems Corporation © 1999 - 2024

Name: Yun Peng | DOB: 5/16/1990 | MRN: 200402738 | PCP: Tri Nha Tran, MD | Legal Name: Yun Peng

# Progress Notes

## Barbara Mak at 7/27/2024 11:20 AM

12:05 PM

Subjective
**Patient ID:** Yun Peng is a 34 y.o. male.

**Chief Complaint**
Patient presents with
- Insomnia

Language used:  **U CC NP-Cantonese via pt's consent**

**Insurance:** Payor: MEDI-CAL / Plan: FULL SCOPE MEDI-CAL MCAL / Product Type:
*No Product type* /

HPI
Given Trazodone 6/15 visit by PCC. Took for one month and insistent that "it does not
work" for insomnia. Have trouble falling asleep and wakeful. No new trigger. Quite
insistent that he needs something different. Next appt 8/6 with PCC but insistent be
prescribed something. Hx of Benzo use in China. +anxiety and depression- feels Zoloft
helpful.
HPI

COVID and MPX Evaluation - N/A

Review of Systems
Psychiatric/Behavioral:  Positive for decreased concentration. The patient is
nervous/anxious.

**Current Outpatient Medications on File Prior to Visit**

| Medication | Sig | Dispense | Refill |
|---|---|---|---|
| • hydrocortisone 2.5 % ointment | Apply topically 2 times daily. | | |
| • sertraline (ZOLOFT) 100 mg tablet | Take 1 tablet (100 mg total) by mouth 1 (one) time each day. | 30 tablet | 1 |
| • sertraline (ZOLOFT) 100 mg tablet | Take 1 tablet (100 mg total) by mouth 1 | 90 tablet | 3 |

| | (one) time each day. | | |
|---|---|---|---|
| • traZODone (DESYREL) 50 mg tablet | Take 1 tablet (50 mg total) by mouth at bedtime if needed for sleep. | 30 tablet | 1 |
| • busPIRone (BUSPAR) 15 mg tablet | Take 1 tablet (15 mg total) by mouth 2 (two) times a day. (Patient not taking: Reported on 7/27/2024) | 180 tablet | 3 |
| • diphenhydrAMINE (BENADRYL) 25 mg capsule | Take 25 mg by mouth every 6 hours as needed. | | |

No current facility-administered medications on file prior to visit.

No Known Allergies

Objective
**Vitals:**

|  | 07/27/24 1149 |
|---|---|
| BP: | 113/72 |
| Pulse: | 68 |
| Resp: | 16 |
| Temp: | 36.6 °C (97.9 °F) |
| SpO2: | 99% |

There were no vitals filed for this visit.

**Physical Exam**
Vitals and nursing note reviewed.
Constitutional:
    General: He is not in acute distress.
    Appearance: He is well-developed. He is not ill-appearing.
    Comments: **Became increasing agitated during interview. Upset that something else cannot be prescribed.**
HENT:
    Head: Normocephalic.
Eyes:
    General: No scleral icterus.
Cardiovascular:
    Rate and Rhythm: Normal rate and regular rhythm.
Pulmonary:
    Effort: Pulmonary effort is normal. No respiratory distress.
Musculoskeletal:
    Cervical back: Normal range of motion and neck supple.
Skin:
    General: Skin is warm and dry.

Neurological:
    Mental Status: He is alert and oriented to person, place, and time.

Assessment/Plan
**Problem List Items Addressed This Visit**
    None
34 yo M with hx of insomnia with difficulty falling asleep and also wakefulness 5-6
times a day. Given Trazodone 50mg  6/17 and took for one month but very insisted
that "it does not help." Per Dr tom's note- recommend increasing dosage PRN. Offer
plan to pt but adamant not to try. PCC appt due at 8/6. Did state Sertraline helpful but
questionable taking Buspar. TE to PCC listed- dr Tom regard pt's concerns. ? If pt
needs psychiatric care.

Connie Chassereau at 7/27/2024 11:20 AM
**INTAKE NOTE**
11:40 AM

*Interpreter (Language, ID):  Mandarin 6604*

34 y.o. patient Yun Peng presents to UCC for Insomnia
.

Worsening insomnia for several weeks (3-4 year hx), pt reporting he ran out of his
trazadone but it's not effective. He would like to switch back to estazolam which he
was taking in China. Pt has appt 8/6 with PCP, but came in today because he doesn't
want to refill the Trazadone.

**Pertinent Negatives**:

**Insurance:** Payor: MEDI-CAL / Plan: FULL SCOPE MEDI-CAL MCAL / Product Type:
*No Product type* /
**PCP**: Yoongi Tom, MD
**Clinic**: Zsfg Family Health Center

There were no vitals filed for this visit.
**Patient Active Problem List**
Diagnosis
 • Anxiety
 • Insomnia
 • Healthcare maintenance
 • Housing insecurity
 • Food insecurity
 • History of hepatitis B virus infection conferring immunity

# Patient Instructions

## Barbara Mak at 7/27/2024 11:20 AM

I recommend that you increase your Trazodone (sleep medication) from 50 mg to 100mg (as advised by your doctor, Dr Tom. 6/15.  visit)

You have an appt to see Dr Tom 8/6 and you can also drop in to Family health center every morning at 8am.

We will send Dr Tom to notify her that you have been here today.

MyChart® licensed from Epic Systems Corporation © 1999 - 2024

Name: Yun Peng | DOB: 5/16/1990 | MRN: 200402738 | PCP: Tri Nha Tran, MD | Legal Name: Yun Peng

# Progress Notes

## Naomi Wortis at 8/6/2024  8:00 AM

I personally examined the patient and confirmed the examination performed by the resident physician (Tri Nha Tran, MD). I provided this service on the date of this patient's visit. I have reviewed relevant historical information and diagnostic results. I have discussed the differential diagnosis, work-up and treatment plan with the resident physician, and approved the plan. Patient education received and understanding confirmed. Additional pertinent information is below:

34 yo M recently immigrated from China. Lots anxiety and depression. Frustrated with medical system here. Doesn't think Mandarin interpreters very accurate.
In China, was using sertraline,  zolpidem for insomnia, and benzos for anxiety.
Currently taking sertraline and trazadone
Wasn't able to get buspar at pharmacy
Wants psychiatric evaluation
Denies SI or HI

O: VSS, NAD
Psych: Anxious, frustrated. Sitting with arms crossed, mostly looking at desk phone. Some eye contact.

A/P:
# Anxiety/depression/insomnia. In China, was using sertraline, zolpidem for insomnia, and benzos for anxiety.  In July when pt est care here, was advised to increase sertraline, start buspar, and trial trazodone; he was not given benzos. Taking sertraline and trazodone. On 7/27 in UCC, pt was advised to increase trazodone to 100mg qhs, but he declined. Couldn't get buspar from pharmacy for some reason. Saw BHT twice in last month and hasn't found it helpful. Psychiatry referral still pending. No current SI or HI. Does not trust that phone interpreters are accurately interpreting his sx.
- called BHC today to try to help connect pt with CNBMHC (for language/cultural concordance), and they recommended we give pt address/phone of CNBMHC to arrange intake himself
- showed pt CNBMHC website, hours, address, phone and advised him to go there or call them today to arrange intake
- re-sent consult to SFGH psychiatry that was initially sent in July
- has f/u BHT 8/19, but pt does not want to attend since not finding it helpful; we advised that it may help with connection with SFGH pyschiatry services if that is still needed
- PCP plans to call pt next week to check on progress

Naomi Wortis, MD

## Tri Tran at 8/6/2024  8:00 AM

Subjective

**Patient Id:** Yun Peng
**Patient's Primary Language** Mandarin (can speak mandarin or cantonese)
**PCP:**Tri Nha Tran, MD
No chief complaint on file.

**HPI**
Yun Peng is a 34 y.o. male with anxiety and insomnia presenting to establish care. He just moved here as a refugee within the past few months from China and does not know how to navigate the US healthcare system. He recently went to ED for medication refill and does not know the difference between clinic, BHT, Psychiatry, Urgent care or ED. He received benadryl for insomnia and has not been able to get in touch with medical care.

He mentions that he was taking zolpidem for insomnia in the past and oxazepam or alprazolam for anxiety in China. He understands that those medications are highly regulated here and wishes to be evaluated by a Psychiatrist with hopes of getting onto stable medication. He has been taking Sertraline and Trazodone as prescribed and unclear about

#Anxiety
- increase sertraline to 100mg per day
- buspirone 15mg BID
- BHT referral
- Psychiatry referral

#Insomnia
- trazodone 50mg bedtime PRN

Objective
**Vitals:**
|  | 08/06/24 0809 |
| --- | --- |
| BP: | 113/79 |
| Pulse: | 71 |
| SpO2: | 100% |

Physical Exam

Assessment/Plan
Yun Peng is a 34 y.o. male with history of anxiety and insomnia presenting to establish care.
**Problem List Items Addressed This Visit**

**Anxiety**
Overview
He reports taking oxazepam back in China for anxiety. He also says he takes

100mg sertraline and was prescribed 50mg on 6/17/24. He has been taking 100mg daily. He has not began taking buspirone 15mg BID that was also prescribed on 6/17/24

Relevant Medications
   busPIRone (BUSPAR) 15 mg tablet

Other Relevant Orders
    E-Consult to Chinatown Public Health Center PCBH Psychiatry
    E-Consult to Family Health Center PCBH Psychiatry

### Insomnia - Primary
Overview
   He says he takes zolpidem for insomnia back in China. He has not tried trazodone that was prescribed 6/17/24.

Relevant Orders
    E-Consult to Chinatown Public Health Center PCBH Psychiatry
    E-Consult to Family Health Center PCBH Psychiatry

### Other Visit Diagnoses

**Refugee health examination**
**Depression, unspecified depression type**
Relevant Medications
   busPIRone (BUSPAR) 15 mg tablet

Other Relevant Orders
    E-Consult to Chinatown Public Health Center PCBH Psychiatry
    E-Consult to Family Health Center PCBH Psychiatry

**Future Appointments**

| Date | Time | Provider | Department | Center |
|---|---|---|---|---|
| 8/19/2024 | 9:00 AM | Michaelo Rosso-Balcazar | NSBH81FHC | FHC |

Provider Counseling: counseled on Depression

Electronically signed by Tri Nha Tran, MD at 8:59 AM on 8/6/2024

# Patient Instructions

Tri Tran at 8/6/2024  8:00 AM
Address: 729 Filbert St, San Francisco, CA 94133
Hours:
**Tuesday        8:30 AM–5 PM**

| Wednesday | 8:30 AM–5 PM |
| Thursday | 8:30 AM–5 PM |
| Friday | 8:30 AM–5 PM |
| Saturday | Closed |
| Sunday | Closed |
| Monday | 8:30 AM–5 PM |

Suggest new hours

Phone: (415) 352-2000

MyChart® licensed from Epic Systems Corporation © 1999 - 2024

Name: Yun Peng | DOB: 5/16/1990 | MRN: 200402738 | PCP: Tri Nha Tran, MD | Legal Name: Yun Peng

# Progress Notes

## Dixie Sartorio at 8/13/2024  9:15 AM

**P**: Yun Peng is a 34 year old male who presents as a drop-in, in an unscheduled visit, to Westside Crisis for medication and mental health support. Client does not have access to psychiatric care and needs support in getting medication to help him sleep. Assessment and treatment are medically recommended, in a timely manner, in order to improve level of function and prevent decompensation/hospitalization.
**I**: Assessed for risk. Risk low as client denies Suicidal ideations and homicidal ideations, at time of triage. Checked financial eligibility, client has- medi-cal. Provided active listening and reassurance as client talked about their mental state. Vital signs taken.  This writer met with provider to present chief complaint and pt information.
**R**: Client agrees to meet with provider. Client currently denies SI/HI. No agitation or aggression observed. Able to make needs known. Able to utilize services. Client was appreciative of the services received, saying "thank you" at the end of triage.
**P**: Clt met with provider and left W.S.clinic without incident.

## Whitney Bagby at 8/13/2024  9:15 AM

See Assessment Note

# BHS  Assessment

## Whitney Bagby at 8/13/2024  9:15 AM

**PSYCHIATRIC INTAKE ASSESSMENT**

*English/Mandarin interpreter services utilized during visit.

CC: "I can't sleep."

HPI: Client is a Chinese man with a history of depression, anxiety, insomnia, and impulsivity, seen today at Westside Crisis for psych evaluation and medication management. Client presents to the Crisis Clinic today requesting support with ongoing sleep disturbance sharing that he has only been able to get a few hours of sleep each night, is feeling "exhausted and tormented" by his current symptoms, and shared that he has been waiting to get connected to a psychiatrist, but cannot wait any longer for help. Client reports ongoing AH sharing that he hears "frogs croaking and other noises," stating that they worse at night, and a past history of impulsivity and risk-taking behavior. Client also endorsed recent emergence of passive-SI, without intent, plan, or means due to ongoing feelings of exhaustion.

Client denies lack of concentration or changes in psychomotor function, during visit today client denies distractibility, impulsivity, grandiosity, activity increase, or increased talkativeness. Client denies active-SI/HI/VH, and verbalizes ability to contract for safety while in the community during this encounter. C-SSRS administered during visit today with a negative score, low risk.

Past psych history: Client denies past SA history, denies emergency or inpatient psychiatric hospitalizations, diagnostic history of depression and anxiety.

Current psychotropic medication regimen, prescribed through outside provider (PCP):
1. Sertraline (Zoloft) 100mg PO QAM
2. Buspirone (Buspar) 15mg PO BID
3. Trazadone 50mg PO QHS PRN for insomnia

Past medication trials:
-Mirtazapine (Remeron) – dose and schedule unknown, reports adverse side effects sharing, "after I take this medicine I feel confused. I feel foggy."

Substance Use:
-EtOH: Endorsed occasional use.
Last use: "one month ago"

-Tobacco: Repots past history of use, denies current.
Last use: "10 years ago"

-Caffeine: Endorsed one cup of coffee daily.

-Hallucinogens: Endorsed occasional use of psilocybin – "golden top mushroom," in an effort to improve sleep sharing, "I just started recently because I was unable to get the sleeping medicine. It didn't help me with sleeping, but it helped me with relaxing my mind."
First use: "2-weeks ago "
Last use: "yesterday night"

-Denies all other substance use including: marijuana, methamphetamines, opioids, heroin, fentanyl, crack, and cocaine.

Family history: Father (+) depression

Trauma history: Endorsed physical abuse in adolescence.

Social history: Client was born and raised in China by his father, moved to the United States in April 2024 due to persecution resulting in physical assault while being detained by authorities, is currently seeking political asylum, married, has one 2yo child, remains in contact with wife and child daily, vulnerably housed in a hostel, unemployed, previous work experience as a "businessman."

Past medical history:
-History of gonorrhea, currently treated and resolved, "10 years ago"
-OTC meds/supplements: Vitamin D3
-Denies PMH, denies recent medical hospitalizations, recent head trauma, Sz, HIV, HEP A/B/C, thyroid issues, COVID-19 dx (vaccinated), major illness/med history, anemia, asthma, COPD, DM, HTN, CA, hyperlipidemia, and/or blood disorders.

Allergies: NKDA
Vitals: BP: 107/72; HR: 83; Height: 5'7"; Weight: 133; Temp: 97.9

Review of Systems:

- Constitutional: Endorsed episodes of fatigue, shortness of breath, and heart palpitations due to ongoing insomnia and anxiety. Denies weight loss, fever, rash, chills, change in vision, ear pain, sinus problems, sore throat, leg swelling, cough
- Neurological: Denies muscle weakness, seizure, numbness, tremor, ataxia, vertigo, headache
- Gastrointestinal: Denies nausea, vomiting, diarrhea, constipation, painful urination, polydipsia, polyphagia, polyuria
- Psychiatric: See above.

MSE:
-Orientation: A&Ox4
-Appearance/Behavior: Well-groomed, well-developed Chinese man in no acute distress, psychomotor neutral, normal gait/balance, no tremor/abnormal movements, appropriate eye contact, good rapport.
-Speech: Spontaneous with normal rate, rhythm, volume, tone, and prosody.
-Mood: "I feel bad if I can't have a good night's sleep."
-Affect: Congruent with mood
-Thought Process: Linear and organized
-Thought Content: Unremarkable- no delusions, denies SI/HI
-Insight/Judgment: Fair/Fair
-Cognition: Intact for recent/remote memory, attention and concentration, not formally tested.

Strengths: Supportive family, motivated for treatment, and resilience.

Assessment: Client endorses Unspecified Major Depressive Disorder (F33.9) given presenting with low mood, low energy, sleep disturbance, and self-reported history of depression, anxiety, and insomnia, though further diagnostic clarity needed to rule out Bipolar Disorder given history of impulsivity, disordered thought, and risk-taking behavior. Client would benefit from trial of neuroleptic medication to support mood stabilization and improve current sleep struggles. Will initiate trial of Quetiapine (Seroquel) to target mood, impulsivity, and insomnia, in order to improve level of function and prevent decompensation while in the community. Patient education provided regarding risks v benefits to use of psychotropic medications, possible adverse effects, and alternatives to treatments. Obtained I/C for treatment.

Risk assessment:
Acute risk of DTS/DTO *LOW* due to absence of SI/HI, intent, plan, or means. Chronic risk of DTS *low* due to protective factors of lack of SA history, engagement with care, help-seeking, future-oriented, and strong family connection. Chronic risk of DTO *low* due to lack of known history of violence. Does not meet 5150 criteria. Treatment is medically recommended at this time in order to improve/maintain level of function and prevent decompensation while in the community.

Dx: Unspecified Major Depressive Disorder (F33.9)

Plan:
1. CURES check: No records indicated in the last 12 months

2. Discussed risks/benefits ratio of meds including not taking any meds

3. Medications: Client chose option to fill medications at Genoa Pharmacy on the premises

START the following:
a) Quetiapine (Seroquel) 100mg PO QHS to target mood and insomnia
-Provided 30-day supply of all medication, zero refills

4. Possible side effects of meds prescribed: **Quetiapine** (EPS/TD/Metabolic syndrome, sedation, GI effects, increased appetite, akathisia, HA, and xerostomia).

5. Naloxone offered: Declined during this encounter

6. Electronic consent signed: Client provided verbal consent, signed paper consent, and medication consent documented in EMR.

7. Given follow up referral information to local, low-cost mental health outpatient clinics.

8. RTC within 30 days or sooner if needed. 911/ED if SI/HI.

MyChart® licensed from Epic Systems Corporation © 1999 - 2024

Name: Yun Peng | DOB: 5/16/1990 | MRN: 200402738 | PCP: Tri Nha Tran, MD | Legal Name: Yun Peng

## Progress Notes

### Pan Gu at 8/19/2024  1:30 PM

FTF assessment and dx; scheduled with Sareen Li, NP for psy eval on 8/27 @10:30am

MyChart® licensed from Epic Systems Corporation © 1999 - 2024

Name: Yun Peng | DOB: 5/16/1990 | MRN: 200402738 | PCP: Tri Nha Tran, MD | Legal Name: Yun Peng

# Progress Notes

## Sareen Li at 8/27/2024 10:00 AM

Patient late to intake appt; called patient, who reported that he overslept and would be there soon. Arrived 30 minutes late. Informed that we will need to reschedule to complete full intake assessment.

No acute issues. Reports that he has been taking sertraline and quetiapine. Insomnia no longer an issue, but feels very groggy in the morning. Willing to continue current medications until next appt when there is more time to discuss medication changes. Has enough medication to last until new appt.

F/U scheduled 8/29/24 1pm

MyChart® licensed from Epic Systems Corporation © 1999 - 2024

Name: Yun Peng | DOB: 5/16/1990 | MRN: 200402738 | PCP: Tri Nha Tran, MD | Legal Name: Yun Peng

# Progress Notes

## Zhimin Xu at 8/29/2024  1:00 PM

**What service did I provide?**

This clinician provided case management service in person in Cantonese and Mandarin.

**How did the service address the client's needs?**

Client is scheduled for psychiatric evaluation today with NP. Clinician provided linkage for clt to meet with NP. Clinician provided support for clt to communicate concerns and describe symptoms to NP. Clinician assisted the assessment process by asking clarifying questions, providing emotional support and provide redirections. Clinician assisted NP to provide psychoeducation on medications.

**What is the plan?**

This clinician will continue to build rapport with client, provide linkage and case management services as needed.

**Problem List Items Addressed This Visit**

None

Direct Service Time: 70 minutes

# BHS Care Plan

## Zhimin Xu at 8/29/2024  1:00 PM

**MH OP TCM/ICC CAREPLAN**

**Initial**

**GOAL(s):** What are the goals to address the identified medical, social, educational, vocational, rehabilitative, and other community services needed by the client? Psychiatric stabilization and linkage to community resources.

**COURSE OF ACTION:** What are the interventions, service activities, and assistance to address the goals above?
Depending on acuity level, meet with psychiatric prescriber once every month to once every three months. At least twice a month engagements with psychosocial provider. Psychiatric medication support, individual psychotherapy and psychosocial rehabilitation services, targeted case management and community wrap around services. Socialization groups as needed.

**CLIENT PARTICIPATION:** The client and/or caregiver actively participated in these

goals/objectives as evidenced by provider observation and client self report.

**NEXT STEPs:** Describe transition plan or next steps for when client has achieved goals.
Treatment goals will be reviewed regularly to ensure treatment needs are met in the least restrictive level of care. When client achieves goals, transition clt to lower level of care will be discussed.

MyChart® licensed from Epic Systems Corporation © 1999 - 2024

Name: Yun Peng | DOB: 5/16/1990 | MRN: 200402738 | PCP: Tri Nha Tran, MD | Legal Name: Yun Peng

# Progress Notes

## Sareen Li at 8/29/2024  1:00 PM

**BHS Psychiatric/Psychotropic Medication Consent in Ambulatory Care**

Provided in client's preferred language:  Yes - Language: Cantonese

Reviewed diagnosis, prognosis, and symptoms the medication(s) will address and the likelihood the medications(s) will be effective, including the chances of getting better without medication(s). Discussed reasonable other medication options and alternatives to taking medication(s), the right to refuse or accept medication(s), and that consent can be withdrawn at any time by notifying the treatment team.

Provided additional medication education and offered ample opportunities to ask questions:

- Medication(s) indications including FDA approval and any off-label use, risks, benefits, common side effects, concerning side effects to be reported to the treatment team, and risk of respiratory depression and/or death if mixing with other sedating meds or street drugs.
- Medication(s) name, type or class, dose, dose range, route and frequency of administration, duration, and any additional special instructions.
- Reviewed common side effects, including possible additional side effects which may occur beyond 3 months (long term) and be potentially irreversible. For any antipsychotic medications prescribed, education provided that this class may cause additional side effects in some persons, including persistent involuntary movements that are potentially irreversible and may continue after the medication has been stopped.

Client and/or guardian provides verbal feedback that indicates understanding of the nature and effect of medication(s) and indicates consent to the following medications:

Risperidone 0-8mg/24hours
Sertraline 0-200mg/24hours

Additional information: none

Direct Service Time: 67 minutes

# BHS  Assessment

## Sareen Li at 8/29/2024  1:00 PM

## I. IDENTIFYING INFORMATION, PRESENTING PROBLEM AND HISTORY
Referral Source: Self

Source of Information: drop down multiselect:patient

DPH BH INITIAL EVAL REASSESSMENT: Initial evaluation

Use of Interpreter: Yes
If interpreter use, select language.: Cantonese (Chinese)


Identifying Information: Yun Peng is a 34 y.o. with a history of anxiety disorder.
Presenting Problem(s): Insomnia; Irritable

History of Presenting Problem(s):  Patient was seen by Westside Crisis (referred by
PCP?) for symptom of insomnia, requesting medication that he was previously
prescribed in China. Patient was previously taking sertraline, alprazolam, zolpidem.
He was diagnosed in China with an anxiety disorder about 3 years ago, that started
when patient became bankrupt with his Human Resources/Recruiting business.

At Westside Crisis, patient restarted on sertraline and started on quetiapine 100mg
to help with sleep. He reports that quetiapine has helped with sleep and mood, but
leaves him groggy and confused in the morning; requesting a different medication.
(Tried buspirone, trazodone, pregablin from PCP)

Patient reports that he came to the U.S. 4 months ago from China after being
imprisoned in China for 5 days; has applied for political asylum and denied twice.
Also reports that upon arrival, all of his belongings were stolen twice, his
Amazon.com account was canceled making his giftcards no longer usable (he
wanted to buy a laptop), and he was kicked out of Apple stores when he tried to
use the display computers. Now he wants to sue both Amazon and Apple. A
culmination of these events led him to start feeling discouraged and hopeless,
having thoughts of suicide. No feasible suicidal plan/means; no intent; wants to stay
alive for his wife and 2yo daughter.

Patient reports history of mood fluctuations. He says that his depressed moods
never got to the point of suicidal thoughts before these past 4 months; they
presented as poor sleep, irritability, isolation. He has experienced periods of
"happy" moods, being able to function and "get a lot done" on very little sleep. He
has a lot of thoughts related to coming up with solutions r/t his problems. Denies
any incidences of spending "too much" or interpersonal relationship problems. He
reports that he has "normal" arguments with his wife; she initially thought that him
coming to U.S. was "too sudden", but now is supportive. They video chat
daily.

Patient reports hearing AH of frogs croaking "all my life" but has not heard them
since starting quetiapine.

## II. PAST PSYCHIATRIC AND MEDICAL HISTORY

Past Psychiatric History:   Saw outpatient psychiatrist in China; diagnosed with
anxiety disorder and prescribed sertraline, alprazolam, zolpidem.
 No psychiatric hospitalizations.

### Please refer to MHS 140 in Media Section for more details of  Past Psychiatric History

Suicide Attempts and Self-injurious behavior (non-suicidal and suicidal): Denies

Violence/Aggression: Denies

Traumatic Events/Abuse and Reactions: None reported

Substance Use: (quantity, frequency, route, date of last use, any current or past withdrawal, treatment efficacy and/or response, including MAT)

**Substance Use Details**

| Questions | Responses |
|---|---|
| Hallucinogen frequency | Past occasional use |

**Tobacco History**                                                          2 items

| | |
|---|---|
| Smoking Status | Never |
| Smokeless Tobacco Status | Never |

Reviewed by Lisda Y Mazariegos on 8/6/2024

**E-Cigarettes**

| Questions | Responses |
|---|---|
| E-Cigarette Use | Never User |

Alcohol: (include withdrawal, dt's, seizures, medical or ICU admissions) Denies
Tobacco: Denies
Cannabis: Denies
Opioids: Denies
Cocaine: Denies
Methamphetamine: Denies
Sedative-hypnotics: Denies
Hallucinogens/Psychedelics: Use psilocybin to help with sleep when came to U.S.
Has not used in past 10 days since starting quetiapine
Prescription: Denies
Other: Denies

Medical/Surgical: (include TBI, LOC, seizures)
**Past Medical History:**
Diagnosis                                        Date
  • Anxiety

No past surgical history on file.

Risk of Pregnancy:YES/NO (DEF)/ NA: N/A

Date of last physical exam (appointment?) 8/6/2024
Current or last known PCP: Tri Nha Tran, MD

Current Medications: (all, including OTC and supplements)

Current Outpatient Medications:
• busPIRone (BUSPAR) 15 mg tablet, Take 1 tablet (15 mg total) by mouth 2 (two) times a day. (Patient not taking: Reported on 8/27/2024), Disp: 180 tablet, Rfl: 3
• diphenhydrAMINE (BENADRYL) 25 mg capsule, Take 25 mg by mouth every 6 hours as needed., Disp: , Rfl:
• hydrocortisone 2.5 % ointment, Apply topically 2 times daily., Disp: , Rfl:
• risperiDONE (RisperDAL) 1 mg tablet, Take 1 tablet (1 mg total) by mouth at bedtime., Disp: 30 tablet, Rfl: 0
• sertraline (ZOLOFT) 100 mg tablet, Take 1 tablet (100 mg total) by mouth 1 (one) time each day., Disp: 30 tablet, Rfl: 1
• sertraline (ZOLOFT) 100 mg tablet, Take 1 tablet (100 mg total) by mouth 1 (one) time each day., Disp: 90 tablet, Rfl: 3
• traZODone (DESYREL) 50 mg tablet, Take 1 tablet (50 mg total) by mouth at bedtime if needed for sleep. (Patient not taking: Reported on 8/27/2024), Disp: 30 tablet, Rfl: 1
Herbs/Supplements/Other:

Allergies: (food, meds, other) No Known Allergies

Past Medication Trials:
- alprazolam (in China; effective)
- zolpidem (in China; effective)
- Remeron - "foggy"
- Quetiapine 100mg - groggy in AM, unclear thoughts
- trazodone - not effective
- buspirone 15mg BID - not effective

Developmental History: (include pregnancy and birth history, milestones, any testing or special education, or regional center involvement)  Need further assessment

Family History: (include medical, psychiatric and substance use):
No family history on file.
Other Family History: Father - depression

## III. PSYCHOSOCIAL HISTORY

Pertinent Social Information : Patient born in China; came to U.S. 4 months ago on a travel Visa and is currently appealing his application for political asylum. Has wife and 2yo daughter home in China.

Education/School/Work: Past work hx includes "ran a business as a head hunter", "investor". Filed bankruptcy 3 years ago.

Legal/Justice and/or other systems involvement : States that he was in jail for 5 days in China prior to immigrating, but does not give reason

Legal Status: Came to U.S. on travel visa, overstayed length and currently applying

for political asylum

Other Pertinent Psychosocial HIstory: Currently living in hostels, can only stay for certain period of days per policy and then moves to a different hostel.  Supported by relatives/friends in China sending him money.


## IV. MENTAL STATUS EXAM AND OTHER PERTINENT EXAM INFORMATION

Appearance: MSE Appearance: normal grooming/hygiene; new clothes, new backpack, laptop/iphone
Behavior: able to engage
Cognition: alert and oriented to person, place, day/date/time/situation
Motor: ambulatory with normal motor function, no abnormal movements, no clear focal deficits on gross observation
Speech: normal rate, rhythm, volume, and prosody
Mood: " my mind is messy "
Affect: congruent with mood
Thought Content:MSE Thought Content: thought of death, but no active SI, no homicidal ideation, and distortion of reality
Perceptions: no evidence of any response to internal stimuli
Thought (Form) Process:grossly linear and perseverative
Insight: impaired
Judgment: fair/impaired
Impulse Control: MSE Impulse Control: impaired

Observed medication SE (akathisia, eps, TD, AIMS score if relevant): None


Most Recent VS:  There were no vitals filed for this visit.

Pertinent ROS: Findings; ROS psychiatric: negative

Pertinent Labs/Studies/Imaging: None obtained


V. CLINICAL ASSESSMENT/FORMULATION AND PLAN include risk, protective factors, and safety plan: :No acute risk for harm to self or others. Patient has had thoughts of death but without intent or plan. He is future oriented, seeking treatment, and acknowledges symptom improvement.

Assessment/Formulation:  34 yo Chinese married male, presents to clinic for connection to outpatient mental health services with CC of insomnia and request for medications that he was previously prescribed in China for anxiety disorder. Patient presents with low mood characterized by insomnia, irritability, passive SI. Some past report of functioning on very little sleep, racing thoughts, impulsivity, +AH sounds of frogs croaking. Symptoms began about 3 years ago when his company went bankrupt. He impulsively immigrated to the U.S. 4 months ago, leaving wife and 2 yo daughter behind. Patient with plans to sue Amazon for wrongly closing his account and Apple because he was kicked out of stores for using their computers for extended period of time. He is currently living in hostels and financially supported by friends/family sending him money from China. He hopes to get a SSN after appealing his asylum application with plans to bring his family over. Patient has been on quetiapine 100mg in addition to sertraline 100mg

for the past 10days; he reports improvement in sleep and mood but has SE of grogginess and wanting to try a different medication. No current SI/HI. Able to provide for food and clothing.

Diagnosis: Bipolar II Disorder

Risk:

Acute Risk: DPH BHS Acute Risk: no acute risk factors for harm to self , no acute risk factors for harm to others , no evidence of grave disability , and able and willing to seek needed medical care

Chronic Risk: psychiatric disorder , recents stressors , lack of support , isolation , recent rejection , poor coping skills , and impaired insight

Strengths and Protective Factors:DPH BHS Strengths and Protective Factors: future oriented towards reuniting with family , no past suicide attempts , no active substance use , treatment motivated , resilience , resourcefulness , family strengths, natural supports , demonstrates ability and willingness to seek care when needed , demonstrates ability to meet basic needs , and demonstrates ability to attend to health and safety

Mitigating Factors: DPH BHS Mitigating Factors Outpatient: accepts medication to help address symptoms , experience of relief from therapeutic interventions , and demonstrates ability and willingness to seek care when needed

Plan:- Start risperidone 1mg PO QHS
- Discontinue quetiapine 100mg PO QHS
- Continue sertraline 100mg PO QD
- Rapport building
- Supportive therapy


Author: Sareen Janna Li, NP as of: 8/29/2024 at 3:09 PM.
Psychiatric assessment complete

MyChart® licensed from Epic Systems Corporation © 1999 - 2024

1  YOUR NAME：Yun Peng
2  Street Address：965 Hutchinson Ave
3  City, State, Zip ： Palo Alto CA 94301
4  Phone Number (669)3297691
5  Fax Number:   N/A
6  Email:msma529370228@gmail.com
7
8
9  Yun Peng, IN PRO PER
10
11

ELECTRONICALLY
F I L E D
Superior Court of California,
County of San Francisco

10/21/2024
Clerk of the Court
BY: AUSTIN LAM
Deputy Clerk

12

13                **SUPERIOR COURT OF THE STATE OF**

14                **CALIFORNIA FOR THE COUNTY OF SAN**

15                            **FRANCOSCO**

| | |
|---|---|
| NAME OF PLAINTIFF(S)：YUN PENG | Case No.: CGC-24-617965 |
| Plaintiff(s), | **DOCUMENT TITLE ： (FRIST AMENDED COMPLAINT)** |
| vs. | |
| NAME OF DEFENDANT(S), | **DATE:   (Feb/19/2025)** **TIME:   (10:30AM)** **DEPT:   (610)** |
| ACI Gift Cards LLC | |
| Amazon.com Services LLC: | Judge:   (N/A) Dept:   (610) |
| Amazon.com Inc. | Action Filed:   (Otc/82024) Trial Date:   (N/A) |
| Apple Inc. | |
| Defendant(s). | |

16 DETAIL：

17 Since the Plaintiff has not served the
summons to the Defendants, and the
Defendants have not filed any answers
or demurrers, the Plaintiff, upon further
review of the case, discovered errors in
the identification of parties and the
omission of one defendant. Therefore,
the complaint is being updated.
According to California law,
specifically California Code of Civil
Procedure § 472, the Plaintiff is
permitted to amend the complaint once,
without court approval, as long as the
Defendants have not yet filed an answer
or demurrer. The amended complaint is
hereby submitted, and the Plaintiff
requests the issuance of a new
summons.

*signature*
NAME
In Pro Per

INSERT DOCUMENT TITLE (COMPLAINT)

# 目录

1   I.   Introduction or Preliminary Statement ..................................................................11

2   II.   Parties Information ..........................................................................................12

3        A. Plaintiff ...................................................................................................12

4        B. Defendants ..............................................................................................12

5            B.1. ACI Gift Cards LLC: ...........................................................................12

6            B.2. Amazon.com Services LLC: ................................................................13

7            B.3. Amazon.com Inc.: ..............................................................................13

8            B.4. Apple Inc.: .......................................................................................13

9   III.   Jurisdiction Statement .....................................................................................14

10  IV.   Litigation Background and Key Events .............................................................15

11        A. Background of the Case: ..........................................................................15

12        B. Key Events: ...........................................................................................16

1   V.   Statement of Facts ..................................................................................................18

2        A. Entry into the United States: ............................................................................18

3        B. Thefts: ..............................................................................................................18

4            B.1. Stanford University (May 21, 2024): ..........................................................18

5            B.2. FedEx Store (June 24, 2024): ......................................................................19

6        C. Identity Crisis: .................................................................................................19

7        D. Health Deterioration: ......................................................................................19

8        E. Gift Card Purchase and Use: ...........................................................................20

9        F. Account Suspensions and Bans ........................................................................20

10           F.1. First Suspension (June 26, 2024) ................................................................21

11           F.2. Second Suspension (June 28, 2024) ............................................................22

12           F.3. Third Ban (July 20-29, 2024) ......................................................................27

13           F.4. Fourth Ban (August 1, 2024) .......................................................................28

1    G. Eviction Incidents: ...........................................................................................30

2        G.1. First Eviction (July 27, 2024) .......................................................32

3        G.2. Second Eviction (July 31, 2024).....................................................34

4    H. Subsequent Events: ...........................................................................................35

5        H.1. Background Description: ................................................................35

6        H.2. Health Deterioration (August 13, 2024) .........................................36

7        H.3. Issues with ACI Issued Amazon Gift Cards：................................37

8        H.4. Amazon Services LLC's False Advertising：................................39

9        H.5. Unfair and Unreasonable Discretion Granted by Amazon.com Services LLC ............41

10        H.6. Amazon.com, Inc. is facing numerous lawsuits：........................42

11        H.7. The relationship between Amazon group and its subsidiaries is unclear......................45

12    VI.    Causes of Action and Legal Violations.......................................................52

13        A. Legal Violations by ACI Gift Cards LLC ...........................................52

1        A.1. Fraud. ................................................................................................52

2        A.2. ACI GIFT CARDS, LLC's Intentional Fraud and Punitive Damages ..........................68

3    B. Legal Violations by Amazon.com Services LLC ......................................................83

4        B.1. Contract Invalidity ...............................................................................83

5        B.2. False Advertising..................................................................................90

6        B.3. Unjust Enrichment ...............................................................................94

7        B.4. Violation of Consumer Protection Laws .......................................................97

8        B.5. Tortious Conduct and Privacy Violations....................................................101

9        B.6. Fraudulent Conduct............................................................................108

10       B.7. Deprivation of Basic Survival Rights and Violation of Humanitarian Principles .......112

11       B.8. Unfair and Deceptive Business Practices....................................................116

12       B.9. Malicious Inference and Punitive Damages Request...................................120

13   C. Amazon.com, Inc. ..............................................................................126

1          C.1. Monopolizing the Market in Violation of the Sherman Act (15 U.S.C. § 2) ...............126

2          C.2. Legal Basis for Piercing the Corporate Veil...................................................141

3      D. Legal Violations by Apple .............................................................................148

4          D.1. Breach of Contract...................................................................................149

5          D.2. Defamation.............................................................................................152

6          D.3. Violation of the Americans with Disabilities Act (ADA) ...........................155

7          D.4. Discrimination .......................................................................................159

8          D.5. Punitive Damages ..................................................................................163

9   VII.   Prayer for Relief............................................................................................169

10     A. Request for Judgment Declaring the Contract Void ............................................169

11         A.1. Lack of Capacity:...................................................................................169

12         A.2. Material Misunderstanding: ....................................................................170

13         A.3. Unfair Contract Terms: ..........................................................................170

1       B. Request for Judgment Declaring Defendants' Actions Unlawful..........................................171

2       C. Request for Economic Damages ........................................................................................171

3              C.1. Amazon.com Services LLC: .................................................................................172

4              C.2. Joint Responsibility of All Four Defendants:........................................................172

5       D. Injunctive Relief for Systemic Issues ...............................................................................177

6       E. Reinstatement of Plaintiff's Amazon Accounts ................................................................179

7       F. Public Apology ..................................................................................................................179

8       G. Other Equitable and Appropriate Relief ..........................................................................180

9    VIII.    Declaration Under Penalty of Perjury.............................................................................180

10   IX.    Conclusion........................................................................................................................181

11   X.    Demand for Jury Trial.........................................................................................................181

12   XI.    Anticipated Defenses and Rebuttals ................................................................................182

13       A. Contractual Authorization Defense..................................................................................182

1       A.1. Defendants' Potential Argument ...................................................................183

2       A.2. Plaintiff's Rebuttal.................................................................................183

3       B. Applicability of User Agreement ......................................................................185

4       B.1. Defendants' Potential Argument ...................................................................185

5       B.2. Plaintiff's Rebuttal.................................................................................186

6       C. Reasonableness and Fairness Defense ..................................................................187

7       C.1. Defendants' Potential Argument ...................................................................187

8       C.2. Plaintiff's Rebuttal.................................................................................188

9       C.3. Defendants' Potential Argument ...................................................................191

10       C.4. Plaintiff's Rebuttal.................................................................................192

11       D. Unintentional Conduct Defense......................................................................194

12       D.1. Defendants' Potential Argument ...................................................................194

13       D.2. Plaintiff's Rebuttal.................................................................................194

1    E. Defense of Provision of Terms ................................................................196

2        E.1. Defendants' Potential Argument ...................................................196

3        E.2. Plaintiff's Rebuttal ...............................................................196

4    F. All Relevant Information Provided via Link Defense ...............................198

5        F.1. Defendants' Potential Argument ...................................................198

6        F.2. Plaintiff's Rebuttal .................................................................198

7    G. Defense Against Legitimacy and Reasonableness of Account Suspension and Process ........201

8        G.1. Defendants' Potential Argument ..................................................201

9        G.2. Plaintiff's Rebuttal ...............................................................203

10    H. Apple's Reasonable Business Judgment Defense ................................207

11        H.1. Defendants' Potential Argument ................................................207

12        H.2. Plaintiff's Rebuttal ..............................................................207

13    I. Apple's Safety Policy Enforcement Defense ......................................210

1

I.1. Defendants' Potential Argument ......................................................................210

2

I.2. Plaintiff's Rebuttal ........................................................................................210

3

J. Apple's Non-Discrimination Defense ...................................................................213

4

J.1. Defendants' Potential Argument ......................................................................213

5

J.2. Plaintiff's Rebuttal ........................................................................................213

6

J.3. Defendants' Potential Argument ......................................................................216

7

J.4. Plaintiff's Rebuttal ........................................................................................216

8

XII.   Exhibits or Appendices .....................................................................................219

# I.   Introduction or Preliminary Statement

1.  This complaint is filed by Plaintiff Yun Peng against Defendants ACI GIFT CARDS,

LLC, Amazon.com Services LLC, Amazon.com, Inc., and Apple Inc., seeking legal

remedies for fraud, torts, and unfair practices. Plaintiff alleges that the Defendants

violated multiple California state and federal laws, resulting in economic loss and

emotional distress. The Plaintiff requests that the court declare the contracts void,

award damages, and address systemic issues. The Plaintiff further points out that

Amazon.com Services LLC is the entity responsible for actions like account

suspension and order cancellations, while Amazon.com, Inc. continues to be held

responsible for monopolistic behavior due to its market power and anticompetitive

practices.

# II.   Parties Information

## A. Plaintiff

**Name:** Yun Peng

**Address:** 965 Hutchinson Ave, Palo Alto, CA 94301

**Contact Information:** +1 6693297691

**Jurisdiction:** Although the Plaintiff's mailing address is in Palo Alto, all events occurred in San Francisco. Therefore, the Superior Court of San Francisco has jurisdiction over this case.

## B. Defendants

### B.1. ACI Gift Cards LLC:

Address: 410 Terry Ave N, Seattle, WA 981095210

Contact: (800) 9279800

Principal Officer: Michael D. Deal

1    **B.2. Amazon.com Services LLC:**

2    Address: 410 Terry Ave N, Seattle, WA 981095210

3    Contact: (206) 2661000

4    Principal Officer: Andy Jassy (CEO)

5    Registered Agent: Corporation Service Company, 300 Deschutes Way SW, Suite 208,

6    Tumwater, WA 98501

7    **B.3. Amazon.com Inc.:**

8    Address: 410 Terry Ave N, Seattle, WA 981095210

9    Contact: (206) 2661000

10   Principal Officer: Andy Jassy (CEO)

11   Registered Agent: Corporation Service Company, 300 Deschutes Way SW, Suite 208,

12   **B.4. Apple Inc.:**

13   Address 1 Infinite Loop, Cupertino, CA 95014

1    Contact (408) 996-1010

2    Principal Officer Tim Cook (CEO)

3    Registered Agent: CT Corporation System, 28 Liberty St, New York, NY 10005

4    # III.  Jurisdiction Statement

5    **Business Activities of Defendants:**

6    2.    **ACI Gift Cards:** ACI Gift Cards sells gift cards to consumers in California,

7    involving malicious fraud. Therefore, California courts have jurisdiction over ACI Gift Cards.

8    3.    **Amazon.com Services LLC:** Responsible for actions such as account suspension,

9        order cancellations, and customer service operations on the Amazon platform.

10       Amazon conducts extensive business in California through its logistics centers and

11       warehouses, delivering goods to California consumers. Thus, California courts have

12       longarm jurisdiction over Amazon.com Services LLC.

13    4.    **Amazon.com, Inc.:** Amazon operates extensive business activities in California,

14    including multiple fulfillment centers and warehouses, and delivers goods to California

1    consumers through its logistics network. These activities grant California courts long-arm

2    jurisdiction over Amazon.

3        5.    **Apple Inc.:** Apple is headquartered in Cupertino, California, and conducts its

4    primary business operations in the state. The plaintiff's eviction incidents at the Apple Store in

5    San Francisco further support California courts' jurisdiction over Apple Inc.

6        6.    **Legal Basis:** According to International Shoe Co. v. Washington, 326 U.S. 310

7    (1945), if the defendant has "minimum contacts" within the jurisdiction and those contacts are

8    directly related to the lawsuit, the court has jurisdiction.

9    # IV.   Litigation Background and Key Events

10   ## A. Background of the Case:

11       7.    On April 25, 2024, the plaintiff entered the United States on a B2 visa, seeking

12   asylum due to political persecution in China. The plaintiff had already been suffering from

13   anxiety before the persecution, and the condition worsened afterward. Due to language barriers

14   and two theft incidents after arriving in the U.S., the plaintiff was forced to purchase ACI Gift

1    Cards to buy essential goods on Amazon.com Services LLC, as only Chinese electronic

2    payment methods were available. However, Amazon.com Services LLC repeatedly suspended

3    the plaintiff's account and canceled orders, severely affecting the plaintiff's livelihood.

4    Additionally, the plaintiff experienced discriminatory treatment at the Apple Store in San

5    Francisco, further exacerbating psychological stress. These events directly led to the filing of

6    this lawsuit, with the plaintiff alleging that the defendants' actions violated contractual

7    obligations and multiple laws, seeking compensation for economic losses and emotional

8    distress.

9    **B. Key Events:**

10    8.    June 26, 2024: The plaintiff's Amazon.com Services LLC account was suspended

11    due to "detection of unusual payment activity" without specific explanations. Although the

12    required documents were submitted, the account was only temporarily restored.

13    9.    June 28, 2024: Two days after the initial restoration, Amazon.com Services LLC

14    suspended the account again and canceled orders for essential items, including food, an iPhone

1   15 Max, and a 2019 MacBook Pro. This action severely threatened the plaintiff's survival needs

2   and legal residency, exacerbating mental health issues, and initiated long-term medical

3   treatment.

4       10.   July 20-29, 2024: Facing language barriers and unfamiliarity with transportation,

5   the plaintiff, out of necessity, registered a new account. However, after using the gift cards,

6   Amazon.com Services LLC suspended the account again without providing an appeal process,

7   leading to further deterioration of the plaintiff's condition.

8       11.   August 1, 2024: One day after the account was restored, it was suspended again.

9   Amazon.com Services LLC determined that the two accounts were used by the same person

10   by comparing personal information, infringing on the plaintiff's privacy. The suspension

11   prevented online shopping, depriving the plaintiff of shopping convenience. The repeated

12   suspensions and daily inconveniences continuously worsened the plaintiff's mental state.

13       12.   July 27, 2024: The plaintiff was unjustifiably evicted from the Apple Store in San

14   Francisco while using in-store equipment, and the staff called the police. A few days later, on

1    July 31, 2024, the plaintiff was evicted again after clearly expressing the intention to make a

2    purchase. This shattered the plaintiff's dignity, leading to suicidal thoughts, and ultimately

3    resulted in the plaintiff being diagnosed with Post-Traumatic Stress Disorder (PTSD).

# V.   Statement of Facts

## A. Entry into the United States:

6    **13.**   Before entering the United States, the plaintiff already suffered from severe anxiety,

7    which worsened due to persecution in China because of their political beliefs. On

8    April 25, 2024, the plaintiff entered the United States with a B2 visa to seek asylum.

9    Due to persecution, language barriers, and being completely isolated with no family

10   or friends, the plaintiff's mental condition continued to deteriorate in the United States.

## B. Thefts:

### B.1. Stanford University (May 21, 2024):

13   14.   The plaintiff experienced theft in a conference room at Stanford University, losing all

1    belongings except for a backpack and wallet. This incident shocked the plaintiff and

2    significantly impacted their sense of security.

3    **B.2. FedEx Store (June 24, 2024):**

4    15. The plaintiff was again a victim of theft at a FedEx store across from the USCIS

5        building, losing all cash and bank cards. This further eroded their trust in public safety

6        in the United States.

7    # C. Identity Crisis:

8    **16.** On June 25, 2024, USCIS issued a Notice of Intent to Deny (NOID) to the plaintiff,

9        requiring a response within a limited time frame.

10    # D. Health Deterioration:

11    17. Due to the cumulative impact of the above events, the plaintiff frequently experienced

12        extreme psychological stress, including severe insomnia, anxiety, panic, helplessness,

13        isolation, depression, and frustration. The plaintiff's condition worsened significantly.

1      On June 17, 2024, under a doctor's recommendation, the plaintiff began taking the

2      sedative Trazodone in addition to existing antianxiety and sleep medications. The

3      sedative impaired the plaintiff's ability to understand and judge situations clearly.

4      This serves as a key argument for the plaintiff's claim that the contract is invalid, as

5      the plaintiff lacked full legal capacity.

## E. Gift Card Purchase and Use:

7    **18.** After the theft incidents, the plaintiff could only use Alipay from China and was

8      forced to purchase ACI Gift Cards, LLC gift cards worth $1,800 through Alibaba to

9      buy necessities on Amazon.com Services LLC. The plaintiff registered with the email

10     msma529370228@gmail.com and was unaware of any thirdparty purchase

11     restrictions or terms and conditions on the gift cards, as these were not disclosed

12     during the registration and purchase process.

## F. Account Suspensions and Bans

1    **F.1. First Suspension (June 26, 2024)**

2    19.   **Unclear Reasons for Suspension:** Amazon.com Services LLC suspended the

3    plaintiff's account citing "detection of unusual payment activity" but did not provide details

4    such as the definition of "unusual," the specific transaction order number, transaction time, or

5    amount, leaving the plaintiff confused and anxious.

6    20.   **Difficulty in Providing Evidence:** Amazon.com Services LLC required the

7    plaintiff to upload a limited number of screenshots and text (5 images and 200 words) but did

8    not explain the purpose of the information or how it would be handled afterward. This restricted

9    the plaintiff's ability to provide evidence, making it more challenging.

10   21.   **Lack of Appeal Channels:** After the account was suspended, Amazon did not offer

11   any way to appeal, depriving the plaintiff of the right to contest the account suspension and

12   leading to feelings of helplessness and psychological stress.

13   22.   **Submission of Documents and Temporary Restoration:** Despite the unclear

14   reasons for the suspension, the plaintiff complied with Amazon.com Services LLC's

1    requirements by submitting photos of the gift cards as proof, and the account was temporarily

2    restored. This restoration provided some relief to the plaintiff, who believed the issue had been

3    resolved.

4    **F.2. Second Suspension (June 28, 2024)**

5        23.  **Helplessness in Facing Repeated Bans:** On June 28, 2024, Amazon notified the

6    plaintiff that the evidence previously submitted was insufficient to lift the ban. The lack of

7    consistency and standards in Amazon's actions infuriated the plaintiff, as they had already

8    provided all requested photos of the gift cards, further exacerbating emotional distress.

9        24.  **Ongoing Violations:** Similar to the first suspension, the insufficient information

10   provided by Amazon.com Services LLC, the lack of appeal channels, and the absence of

11   immediate customer support violated the plaintiff's right to information and participation,

12   forcing the plaintiff to anxiously wait.

13       25.  **Nominal Suspension but Actual Ban:** Although the account was nominally

14   suspended, the plaintiff was restricted from logging in and unable to access personal data such

1  as viewing and accessing historical orders, delivery status, and billing information. The

2  plaintiff considers this an actual ban.

3      26.  **Personal Information Request:** During the second suspension, Amazon demanded

4  that the plaintiff provide all personal details, including full name, phone number, email, and

5  address, infringing on the plaintiff's privacy rights, especially given that sufficient information

6  had already been provided. However, the plaintiff was forced to resubmit all the information.

7      27.  **Complete Explanation and Warning:** After submitting personal information, the

8  plaintiff provided additional documentation such as payment proofs and purchase records. The

9  plaintiff also detailed their special circumstances, including but not limited to being a tourist

10  with language barriers and explained that the purchases were forced due to theft, pointing out

11  potential violations of laws and procedural unfairness by Amazon. Despite multiple warnings,

12  Amazon.com Services LLC continued to ban the account.

13      28.  **Cancellation of Essential Orders:** During the account ban, Amazon canceled three

14  critical orders for the plaintiff:

1      29.   Basic Food: After the theft of the wallet and cash, and the cancellation of the food

2   order, combined with the account suspension, the plaintiff was unable to obtain basic survival

3   necessities through any other means.

4      30.   iPhone 15 Max: Used for daily communication, language translation, and recording

5   important information.

6      31.   MacBook Pro 2019: Essential equipment for responding to USCIS's NOID, learning

7   English, and researching legal information.

8      32.   **Losses and Psychological Impact:** The cancellation of these orders directly

9   threatened the plaintiff's survival needs and legal status, particularly during the critical period

10   of responding to the USCIS NOID. This nearly deprived the plaintiff of the right to legally

11   reside and survive in the U.S. The plaintiff's quality of life declined, mental health worsened,

12   and anxiety and insomnia symptoms intensified, leading to auditory hallucinations.

13      33.   **Disappointment in Anticipated Restoration:** After submitting all personal

14   information and evidence, the plaintiff expected Amazon.com Services LLC to lift the ban, but

1    Amazon continued to refuse to restore the account.

2        34.  **Humanitarian Request:** After warning Amazon of its violations and the invalidity

3    of its actions, and submitting all required materials as requested, Amazon still refused to restore

4    the account. Faced with a food shortage crisis, the plaintiff requested Amazon to at least retain

5    the food orders, even if only on humanitarian grounds, but this request was also rejected.

6        35.  **Start of Long-term Medical Treatment:** These events led to a worsening of the

7    plaintiff's condition, resulting in multiple medical visits on July 2, July 5, July 15, July 27,

8    August 6, August 13，August 19, August 27，August 29，Sep 4，Sep 19，Sep 23，2024.

9    This not only caused immense emotional distress at the time but also necessitates ongoing

10   psychological treatment in the future.

11       36.  **Permanent Account Closure:** Amazon ignored all requests and officially closed

12   the account on July 12, 2024, completely cutting off the plaintiff's convenient access to basic

13   living supplies.

14       37.  **Deficient Customer Support System:** After the account was suspended, the plaintiff

1        made multiple attempts to contact Amazon.com Services LLC through the phone

2        number (669) 3297691 to seek Chinese language support, but all attempts failed. This

3        demonstrates systemic issues with Amazon.com Services LLC's lack of language

4        support.

5    38. **Extreme survival pressure：** The plaintiff had not slept for two nights, and their hair

6        began to turn gray. During this time, they kept thinking about how to survive.

7        Suddenly, they remembered that they had previously bought a MacBook at the Apple

8        Store. After checking the return policy, they realized it was still within the final return

9        period, so they decided to return the MacBook.

10   39. **Forced to Return Personal Computer:** Due to the theft and cancellation of three

11   critical orders, the plaintiff was forced to return the previously purchased MacBook on June

12   28, the last day of the twoweek return period, in order to obtain cash for survival. Since then,

13   the plaintiff has been without a computer and has had to use instore equipment at Apple Stores

14   and Hilton hotels to handle important matters, further increasing the risk of privacy exposure

1    and psychological stress. Each time the plaintiff used these customeronly computers, they felt

2    deep shame, which laid the groundwork for the two subsequent eviction incidents.

3    **F.3. Third Ban (July 20-29, 2024)**

4    40.    **Reluctant Reregistration:**    Although the first account was ultimately banned, this

5    frustrated the plaintiff. Due to not knowing any English, being unfamiliar with the local

6    environment, and facing more uncertainties during the offline shopping process, the plaintiff

7    found it difficult to adapt to offline shopping and had no choice but to register a second account

8    using the email 529370228@qq.com.

9    41.    **Gift Card Purchase Again:** The plaintiff purchased multiple gift cards through

10   several designated channels, such as CVS, USPS, Walgreens, etc., and found that even when

11   purchased through designated channels, important terms were still not disclosed, and there was

12   no process for accepting the terms, failing to protect the user's right to informed consent.

13   42.    **Repeated Bans and Systemic Issues:** T After using the purchased gift cards to place

14   an order, Amazon.com Services LLCn once again suspended the plaintiff's account, citing

27

1    "unusual payment activity." This repeated banning occurred without providing any clear

2    explanation or appeal process, highlighting systemic issues with Amazon.com Services LLC's

3    risk control system.

4        43.    **Firm Belief:** Since the purchase occurred in the U.S. and was made through

5    designated channels, the plaintiff still believed that Amazon.com Services LLC's actions were

6    a misjudgment and submitted complete proof materials as required.

7    **F.4. Fourth Ban (August 1, 2024)**

8        44.    **Complete Breakdown:** The account was banned again just one day after it was

9    restored, still due to insufficient evidence. This repeated banning pushed the plaintiff's

10   disappointment and anger to the extreme. The plaintiff was forced to shop offline, and due to

11   unfamiliarity with transportation and language barriers, it took a lot of time and effort, causing

12   great inconvenience. After a series of events, the plaintiff began to have suicidal thoughts.

13       45.    **Fortunate and Unfortunate:** This time, Amazon required the plaintiff to upload the

14   gift card and receipt, including the last four digits of the bank card used. Fortunately, the

1    plaintiff paid with a bank card, but unfortunately, the receipt had already been discarded.

2    46. **Helpless Evidence Submission:** To meet Amazon.com Services LLC's requirements,

3    the plaintiff had to go to CVS to reprint the receipt, but faced significant difficulties due to the

4    language barrier, taking about an hour and being rudely treated by the clerk during the process,

5    further increasing the plaintiff's emotional distress.

6    47. **Invalid Evidence and Lack of Support:** Despite the plaintiff submitting photos of

7    the gift cards purchased through designated channels in the U.S. and reprinted receipts,

8    Amazon.com Services LLC's still refused to lift the ban.

9    48. **Significance of Reprinting the Receipt:** This incident confirmed that if the card

10    had been purchased with cash and the receipt was not saved, it would be impossible to prove

11    the legality of the purchase.

12    49. **Further Violation of Privacy:** In a subsequent notification email, Amazon

13    determined that the two accounts were used by the same person by cross-referencing the

14    plaintiff's personal information.

29

1    50.  **Suspicions of Malicious Actions by Amazon:** After spending an hour reprinting

2    the receipt, Amazon.com Services LLC still refused to restore the account, leading the plaintiff

3    to suspect that Amazon.com Services LLC's banning actions might be malicious. This

4    completely destroyed the plaintiff's trust in Amazon.com Services LLC and led to the decision

5    to sue Amazon.com Services LLC to defend their rights.

6    51.  **Rapid Deterioration of Mental Health:** With the first account ban and order

7    cancellation as the foundation, the second account was banned, further degrading the plaintiff's

8    quality of life and worsening mental health, leading to continuous severe insomnia, tension,

9    and fear.

10   ## G. Eviction Incidents:

11   **52.  Previous Complaints（May 23, 2024）：**:After entering the United States, the plaintiff

12   formally filed a complaint and claim against Apple China with Apple Inc. in the U.S.

13   regarding unresolved issues during the service process. Dayse Espindola, a

14   representative from Apple's Corporate Relations Department, conducted an internal

30

1    investigation and confirmed the problems that occurred during the service period in

2    China. On May 23, 2024, Apple committed to compensating the plaintiff with a pair

3    of AirPods Pro 2. However, as of September 21, 2024, Apple has yet to fulfill this

4    compensation promise. Additionally, the plaintiff sent two followup emails during

5    this period, neither of which received any response.

6    53. **Refusal of Reasonable Accommodation：**

7    On either July 25 or July 26, the plaintiff visited the Apple Store in Union Square and

8    requested oral translation assistance from a Cantonesespeaking staff member. This

9    request was denied by the staff member on the grounds that they could not handle

10   nonworkrelated matters during working hours. Despite the plaintiff suffering from

11   anxiety disorder and bipolar disorder, the ADA grants the plaintiff the right to request

12   reasonable accommodations from businesses. However, the plaintiff did not insist on

13   exercising this right. The plaintiff did commend the staff member for maintaining

14   strong professional principles.

1    **G.1. First Eviction (July 27, 2024)**

2        54.    **Background Description:** On July 27, 2024, after the plaintiff's computer order

3    was canceled by Amazon, the plaintiff went to the Apple Store located in Union Square. Despite

4    the plaintiff's polite and decent demeanor, Apple's employees and security personnel forcibly

5    attempted to evict the plaintiff from the store without providing a clear explanation.

6        55.    **Unexplained Reason：** The plaintiff requested an explanation for the eviction.

7    Through a translator, the plaintiff learned that Apple accused them of harassing employees. The

8    plaintiff asked for evidence, but Apple refused to explain or provide evidence, insisting on the

9    eviction.

10       56.    **Defamation Facts：** The defendant fabricated the fact that the plaintiff harassed its

11            employees and publicly disseminated this false information. After the plaintiff

12            inquired, the defendant not only failed to conduct a reasonable investigation but also

13            refused to provide any explanation, insisting on forcibly evicting the plaintiff. This

14            publicly subjected the plaintiff to humiliation and mental anguish. The plaintiff

1    believes this constitutes defamation.

2    57. **Reasonable Inference:**Based on the above facts, the plaintiff infers that this action

3    is retaliation by the defendant due to the plaintiff's prolonged unresolved complaints

4    in China, subsequent complaints at the U.S. headquarters, and claims for

5    compensation. Apple instructed its employees to refuse providing oral translation

6    assistance and fabricated justifiable reasons to evict the plaintiff, demonstrating the

7    defendant's severe malicious behavior.

8    58. **Great Disappointment：** Despite the plaintiff's repeated visits to the Apple Store to

9    use instore computers after the order was canceled—each time acting with dignity

10    and politeness, and even assisting elderly Cantonesespeaking customers with Apple

11    devices two to three times—Apple baselessly accused the plaintiff of harassing

12    employees and carried out severe eviction actions, leaving the plaintiff deeply

13    heartbroken.

14    59. **Psychological and Emotional Impact：** Being publicly evicted and involving the

1    police severely damaged the plaintiff's selfesteem and mental health, increased

2    feelings of loneliness and helplessness, and exacerbated suicidal thoughts.

3    **G.2. Second Eviction (July 31, 2024)**

4    60. **Urgent Need for Equipment:**Due to Apple's refusal to provide any accommodations,

5    the plaintiff urgently needed a computer to handle litigation, organize asylum

6    materials, and other matters. The plaintiff was compelled to visit the Apple Store in

7    Union Square again on July 31, 2024, with the intention of purchasing a computer.

8    Despite the plaintiff repeatedly expressing the intent to purchase equipment, Apple's

9    staff and security personnel chose to evict the plaintiff in a public setting, summoning

10   the police again to intervene and further humiliate the plaintiff in front of the public.

11   61. **Retaliatory and Discriminatory Behavior:**  While other customers were allowed to

12   experience and purchase Apple products, the plaintiff was forcibly evicted without

13   cause, and Apple failed to provide any reasonable explanation. The plaintiff believes

14   this behavior is retaliatory for previous complaints and constitutes discrimination

1   based on the plaintiff's anxiety disorder and bipolar disorder, further confirming that

2   Apple's actions were in retaliation for the plaintiff's complaints and claims.

3   62. **Devastating Impact**：These two public eviction incidents and police involvement

4   dealt a "fatal blow" to the plaintiff's mental health and emotional state, destroying

5   the plaintiff's dignity and selfesteem.

6   63. **Longterm Impact**：The cumulative effects of these two eviction incidents have

7   continuously worsened the plaintiff's mental health. The previously used sedatives

8   became ineffective, leading to increased anxiety and depression, as well as multiple

9   nights of insomnia. This further necessitated ongoing medical treatment and the use

10   of stronger sedatives such as Quetiapine and Risperidone.

11   # H. Subsequent Events:

12   ## H.1. Background Description:

1    64. Due to Amazon's order cancellations and Apple's evictions, the plaintiff no longer

2        dared to use Hilton's computers. Faced with the urgent need to prepare for litigation,

3        study, and respond to USCIS, the plaintiff was forced to go to Costco to purchase

4        equipment. The plaintiff had to pay $60 for a membership card and spent $873 on an

5        Apple computer. This purchase was not the plaintiff's first choice but a decision made

6        out of necessity, increasing psychological stress and financial burden, highlighting

7        the severe impact of Amazon's and Apple's unfair actions on the plaintiff's life.

8    **H.2. Health Deterioration (August 13, 2024)**

9    65. **Worsening Condition:** As the plaintiff's condition continued to deteriorate and the

10       previous sedatives became ineffective, the plaintiff could not sleep. During a medical

11       visit on August 13, the doctor prescribed a stronger sedative, Quetiapine, at a dosage

12       of 100mg. After taking this medication, the plaintiff could barely sleep, but upon

13       waking, experienced grogginess, memory decline, logical confusion, and further

14       deterioration in quality of life and mental state. And ultimately, due to the mental

1     torment caused by the actions of the four defendants, plaintiff was diagnosed with

2     PTSD on September 23.

3    **H.3. Issues with ACI Issued Amazon Gift Cards：**

4    66. During the plaintiff's purchase and use of gift cards issued by ACI Gift Cards LLC,

5    significant deficiencies were identified in terms of terms confirmation, card design,

6    and information disclosure. The specific issues are as follows:

7    **H.3.1.  Unattended Sale of Gift Cards and Lack of Terms Confirmation:**

8    67. Gift cards are typically displayed on unattended shelves, and consumers are not

9    required to confirm or accept any terms during the purchase and checkout process.

10    **H.3.2. Card Design:**

11    68.  **Font Size and Lack of Visibility:**The terms related to consumers' rights and gift

12    card usage rules are not prominently displayed. Instead, important information such

13    as "See full terms: amazon.com/gclegal" is printed in small font at the bottom of the

1    card in easily overlooked locations.

2    69. **Reliance on External Links for Key Information:**Critical details regarding the

3    usage of gift cards, such as balance redemption policies and restrictions, are not

4    displayed directly on the card. Instead, consumers must visit external links (e.g.,

5    amazon.com/gclegal) to view the full terms.

6    **H.3.3. Lack of Transparency**

7    70. The gift cards do not directly indicate how to redeem the balance, whether any fees

8    apply, or what usage restrictions exist.

9    **Inadequate Information Disclosure:**

10    71. A. Cash Redemption Policy: Amazon does not clearly inform consumers of their right

11    to redeem cash for balances under $10 in California.

12    72.  B. Restrictions on the Use of Gift Cards: The restrictions on using the gift card for

13    certain products or services are not prominently displayed on the card.

73.   C. Liability for Lost or Stolen Cards: The terms stating that Amazon is not liable for lost or stolen gift cards are not prominently displayed on the card, which may mislead consumers.

**Lack of Clear Disclosure：**

74.   A. Vague Usage Restrictions: Amazon does not clearly inform consumers about which products or services are restricted, and the scope of the gift card's applicability may change at any time without the consumer's awareness.

75.   B. Right to Modify Terms: Amazon does not clearly inform consumers that it reserves the right to modify the terms at any time. These terms may change at any time, affecting consumers' rights.

## H.4. Amazon Services LLC's False Advertising：

**Account Transparency:**

76. Amazon heavily promotes its "Account Transparency Log" in its advertisements, claiming that users can clearly understand and control sensitive operations on their

39

1    accounts. However, the plaintiff never experienced the promised security during the

2    account suspension process. Instead, the plaintiff encountered opacity, unfairness,

3    and despair. Amazon limited the plaintiff's access to any transparency logs, which

4    was entirely contrary to its advertisements.

5    **Privacy and Data Security:**

6    77. Amazon emphasizes that its products, services, and systems are designed with

7    privacy and security at their core and that it employs numerous professionals to

8    ensure the integrity and security of user data. However, the plaintiff found that during

9    the suspension, Amazon used crossreferencing of personal information to determine

10   if multiple accounts belonged to the same person. This action clearly violated the

11   plaintiff's privacy rights. The plaintiff felt that their privacy had been ruthlessly

12   violated, making Amazon's security promises meaningless, further increasing the

13   plaintiff's anger and disappointment.

1    **H.5. Unfair and Unreasonable Discretion Granted by Amazon.com Services**

2    **LLC**

3    **Excessive Discretion to Unilaterally Terminate Services and Cancel Orders:**

4    78. Amazon's contract terms state: "Amazon.com Services LLC reserves the right to

5    refuse service, terminate accounts, terminate your rights to use Amazon.com Services

6    LLC Services, remove or edit content, or cancel orders in its sole discretion." This

7    means Amazon can unilaterally terminate services or cancel orders without any

8    warning or reasonable explanation. These terms give Amazon excessive power,

9    allowing it to take actions detrimental to users without notifying or explaining to them,

10    seriously infringing on consumer rights.

11    **Unfair Fees and Usage Restrictions:**

12    79. Amazon's contract terms also include hidden fees and unreasonable usage restrictions.

13    For example, the contract terms use complex legal jargon such as "nonexclusive,

14    nontransferable, nonsublicensable license," which is difficult for ordinary consumers

1        to understand and is not prominently disclosed to consumers. This complex contract

2        design prevents ordinary consumers from fully understanding the contract terms

3        when signing, putting them at a disadvantage during the service usage process.

4    **H.6. Amazon.com, Inc. is facing numerous lawsuits：**

5       80. During a review and investigation of the matter, the plaintiff discovered that

6        Amazon.com, Inc. is facing numerous lawsuits. This realization made the plaintiff

7        aware that the injustice they experienced is only the tip of the iceberg of Amazon's

8        illegal activities. The FTC's lawsuit has given the plaintiff confidence, while also

9        helping more consumers avoid falling victim to Amazon.com, Inc.'s fraudulent and

10       unfair trade practices.

11   **H.6.1. CGC22601826 (California case, filed on July 13, 2022):**

12      81. Alleged Behavior: California accuses Amazon of using price parity provisions, which

13        restrict thirdparty sellers from offering lower prices on other platforms than they do

1    on Amazon. This practice prevents sellers from providing lower prices and raises

2    overall market prices, limiting competition. California believes this behavior is

3    anticompetitive and violates California's antitrust and consumer protection laws.

4    **Consequences:**

5    82. Due to Amazon's policy, sellers on other platforms are unable to attract consumers

6    with competitive prices, meaning consumers on other platforms cannot benefit from

7    lower prices, harming fair competition and consumer interests.

8    **H.6.2. 2:22CV00965 (Federal case in Seattle, filed on May 25, 2022):**

9    83. Alleged Behavior: Similar to the California case, this lawsuit also involves Amazon's

10    agreements with thirdparty sellers, including price parity provisions and related

11    market control measures. This case accuses Amazon of manipulating market prices

12    through these agreements, weakening the competitiveness of other ecommerce

13    platforms and causing consumers to pay unfairly high prices.

14    **Consequences:**

1    84.  By engaging in such behavior, Amazon consolidates its dominant position in the

2        ecommerce market, restricts competition, and violates the fundamental purpose of

3        antitrust laws, which are intended to protect fair market competition and prevent

4        monopolistic practices from harming consumers.

5    **H.6.3. FTC Lawsuit (Case No. 2:23cv01495, filed on September 26, 2023) Alleged**

6    **Behavior:**

7    **H.6.3.1 Price restriction measures:**

8    85.  Amazon prevents thirdparty sellers from offering lower prices on other platforms than

9        on Amazon, thereby maintaining high price levels and weakening the

10       competitiveness of other platforms.

11   **H.6.3.2 Forcing the use of Amazon services:**

12   86.  Amazon requires sellers to use its expensive Fulfillment by Amazon (FBA) service

13       and ties "Prime" eligibility to this service, making it more expensive and inconvenient

1       for sellers to offer their products on other platforms.

2   **H.6.3.3 Monopoly rents:**

3       87. Amazon charges exorbitant fees to thirdparty sellers dependent on its platform,

4       resulting in sellers paying nearly 50% of their revenue to Amazon. This practice

5       harms both sellers and consumers, who end up paying higher prices.

6   **H.7. The relationship between Amazon group and its subsidiaries is unclear**

7       88. Based on existing cases and Amazon's own statements, it is evident that Amazon.com,

8       Inc. is not only responsible for strategic design and decisionmaking but also that its

9       subsidiaries, such as Amazon Services LLC and ACI Gift Cards LLC, carry out those

10      decisions. This operational and responsibility overlap supports the piercing of the

11      corporate veil, proving that the parent company should bear legal responsibility for

12      the actions of its subsidiaries.

13  **H.7.1. The Parent Company Directs Market Strategy Design and Execution**

45

1    **H.7.1.1  External Case Support:**

2    89.  FTC and Multiple States v. Amazon.com, Inc. (2:23cv01495):

3    90.  In this antitrust case, the FTC accused Amazon.com, Inc. of maintaining its market

4         monopoly through price manipulation algorithms, specifically Project Nessie.

5         Although Amazon Services LLC executed these strategies, the FTC highlighted that

6         the core decisions were directed by the parent company.

7    91.  Brown et al v. Amazon.com, Inc. (2:22cv00965)

8    92.  This case accuses Amazon.com, Inc. of controlling the pricing and policy of its

9         marketplace platform, undermining the competitiveness of thirdparty sellers. While

10        Amazon Services LLC executed these actions, decisionmaking power rested with the

11        parent company.

12   93.  California Attorney General v. Amazon.com, Inc. (CGC22601826)

13   94.  The California Attorney General charged Amazon with using exclusive agreements

14        and market manipulation to maintain market dominance. Though subsidiaries

1    participated in the execution, the design and supervision of the core strategies were

2    controlled by the parent company.

3    **H.7.1.2  Amazon's Own Statements**

4    95.  In the Amazon CEO Andy Jassy's 2023 Letter to Shareholders, the CEO emphasized

5        that Amazon.com, Inc. was responsible for longterm strategies involving AWS, Prime,

6        and logistics. Although there was no direct mention of Amazon Services LLC and

7        ACI Gift Cards LLC, the parent company's role in creating these strategies was clear.

8    96.  Amazon's Operations Management Documents further show that the strategic

9        decisions related to supply chain and automation were set by the parent company,

10       with subsidiaries simply executing the decisions.

11   **H.7.2. Financial Control and Consolidated Reporting Prove Parent Company Control：**

12   97.  Amazon.com, Inc. exhibits comprehensive control over its subsidiaries Amazon

13       Services LLC and ACI Gift Cards LLC through consolidated financial reports.

1    According to Amazon's 2023 10K report, all subsidiary financial data, including

2    operating costs, profits, and capital expenditures, are consolidated under the parent

3    company. This shows that Amazon.com, Inc. not only legally owns its subsidiaries

4    but also exercises managerial and financial decisionmaking power.

5    98. This consolidation indicates that the subsidiaries lack independent financial

6    decisionmaking authority, as significant financial decisions, such as capital

7    expenditures and resource allocations, are controlled by the parent company. This

8    centralized financial control underscores the parent company's practical control over

9    subsidiary operations, strengthening the argument for piercing the corporate veil.

10   99. Through this structure, Amazon.com, Inc. ensures that its subsidiaries' operations

11   align with the overall corporate strategy. This structure proves that the subsidiaries

12   do not operate independently and further supports the argument for piercing the

13   corporate veil.

1    **H.7.2.1 Technical Dependence and Operational Integration Show Subsidiaries Lack**

2    **Independent Operations：**

3    100.  ACI Gift Cards, Inc. relies on the parent company's technical platform, particularly

4         for executing the Amazon Gift Codes On Demand service, with all technical

5         operations dependent on the API systems provided by the parent company. This

6         reveals a deep reliance on the parent company for core business functions.

7         **Shared Technology Platforms:**

8    101.  Amazon.com Services LLC also leverages the parent company's core technical

9         platform and data management systems in several cases, including FTC v.

10        Amazon.com, Inc.. For example, in cases involving Alexa, the parent and subsidiary

11        share the technical platform and data management systems. Case number

12        2:23cv01495 confirmed that the parent company controls the technical platform,

13        while the subsidiary executes operations.

1    **H.7.2.2  Contract Ambiguity Leading to Blurred Responsibility**

2    102.  Amazon.com Services LLC's user agreements exhibit significant contract ambiguity.

3    The agreements fail to distinguish the specific responsibilities of Amazon.com

4    Services LLC and other affiliates, making it difficult for consumers to identify which

5    entity is providing services. This ambiguity allows the parent company to implement

6    its strategies through its subsidiaries while avoiding direct responsibility.

7    103.  The contract text vaguely refers to "Amazon.com Services LLC and its affiliates"

8    providing services without specifying the exact roles of these affiliates. Additionally,

9    contract clauses like "Amazon reserves the right to refuse service or terminate

10    accounts" do not clarify which entity is responsible for such actions.

11    104.  This ambiguity not only disadvantages consumers in legal accountability but also

12    further blurs the lines of responsibility between the parent and subsidiary companies,

13    supporting the argument for piercing the corporate veil. Amazon.com, Inc. should

14    share responsibility with its subsidiaries for these actions.

1    **H.7.2.3  Legal Precedents Supporting the Piercing of the Corporate Veil**

2    105. Enterprise RentACar Wage and Hour Employment Practices Litigation (MDL No.

3        2056): In this case, the court found that the parent company exercised control over its

4        subsidiary's policies and operations, making the parent liable for the subsidiary's

5        actions. A similar pattern exists between Amazon.com, Inc. and its subsidiaries.

6    106. Frigidaire Sales Corp. v. Union Properties, Inc. (88 Wash. 2d 400): The court ruled

7        that when a parent company exerts sufficient control over a subsidiary, it should bear

8        responsibility for the subsidiary's actions. This precedent supports the argument that

9        Amazon.com, Inc. should be liable for its subsidiaries' actions.

10    **H.7.2.4  Conclusion:**

11    107. Through analysis of strategic design, technical dependency, contractual ambiguity,

12        and financial control, Amazon.com, Inc. has comprehensive control over the

13        operations of its subsidiaries Amazon Services LLC and ACI Gift Cards LLC. Both

14        external cases and Amazon's own statements demonstrate that the subsidiaries do not

1    operate independently but are merely tools for executing the parent company's

2    strategies. This overlap supports the argument for piercing the corporate veil and

3    holding the parent company responsible for the actions of its subsidiaries.

4    # VI.   Causes of Action and Legal Violations

5    ## A. Legal Violations by ACI Gift Cards LLC

6    ### A.1. Fraud.

7    108. Based on the plaintiff's findings of significant deficiencies in terms confirmation, card

8         design, and information disclosure, the plaintiff accuses ACI GIFT CARDS, LLC of

9         fraud.

10   **A.1.1. Lack of Terms Confirmation during Purchase**

11        **Agreement Content:**

12   109. Throughout the process of purchasing gift cards, consumers are never asked to

13        explicitly agree to or confirm any terms. The gift cards are typically displayed

1    unattended on shelves, and consumers neither see the terms during the purchase nor

2    are they required to confirm their agreement to these terms. This means that

3    consumers have not entered into a valid contract.

4    **Significance:**

5    110. The lack of a terms confirmation step directly impacts the validity of the contract.

6    According to basic principles of contract law, a contract is formed through clear offer

7    and acceptance, and both parties must be informed. In this case, consumers have

8    neither confirmed nor agreed to any terms, and they are unaware of the limitations

9    and terms imposed at the time of purchase. Therefore, the validity of all terms related

10   to the gift cards is questionable.

11   **Reasonable Reliance:**

12   111. Consumers reasonably believe that, when purchasing a gift card, all relevant terms

13   should be clear, and they should be asked to confirm or agree to these terms. However,

14   since ACI GIFT CARDS, LLC does not provide such a confirmation process,

1    consumers cannot fully understand the terms, undermining their reasonable reliance

2    on the validity of the contract and their rights under it.

3    **Specific Damages:**

4    112.  Consumers may purchase gift cards without fully understanding their rights and

5    obligations, leading to unforeseen issues during use. This not only damages the

6    consumer's purchase experience but may also result in direct financial losses.

7    **A.1.2. Unreasonable Card Design (Information Disclosure Issues)**

8    **Design Flaws:**

9    113. Important information related to gift cards (such as usage restrictions, cash

10    redemption rights, and liability for lost or stolen cards) is presented in very small font

11    or in inconspicuous locations, making it difficult for consumers to notice these critical

12    terms when purchasing the card. Consumers must visit external links (such as

13    amazon.com/gclegal) to view the full terms, further complicating their ability to

14    access essential information.

1      **Significance:**

2      114.  The unreasonable disclosure method directly affects the consumer's right to be

3            informed. Key terms are not visually prominent, and even if consumers thoroughly

4            examine the gift card, they may miss these critical terms. The insufficient disclosure

5            further weakens consumers' understanding of the gift card's usage and rights, putting

6            them at a disadvantage when making purchasing decisions.

7      **Reasonable Reliance:**

8      115. Consumers reasonably expect that ACI GIFT CARDS, LLC will clearly and

9            prominently disclose their rights and usage restrictions, particularly for terms

10           involving legal obligations and property risks. However, ACI GIFT CARDS, LLC's

11           failure to reasonably design the card to ensure consumers can easily access this

12           information undermines their reasonable reliance on the adequacy of the information

13           disclosed.

14     **Specific Damages:**

1      116. Consumers may experience unnecessary limitations or losses when using gift cards

2      due to their inability to see key terms, resulting in wasted time, money, or even

3      financial losses.

4      **A.1.3. Cash Redemption Policy Not Adequately Disclosed (Inadequate Information**

5      **Disclosure)**

6      **Agreement Content:**

7      117. The agreement does not clearly state that consumers may request cash redemption

8      under California law when the gift card balance is less than $10. While the agreement

9      mentions, "Gift Cards cannot be redeemed for cash, returned for a cash refund (except

10      to the extent required by law)," it only generally references "as required by law"

11      without specifically informing consumers of their rights, particularly in states like

12      California, which have special legal provisions.

13      **Significance:**

118. California law explicitly grants consumers the right to request cash redemption when a gift card balance is below $10. This is a crucial statutory right for consumers, especially when the remaining balance is small. If consumers are aware of their right to redeem cash instead of continuing to use the remaining balance, they may make different decisions about how to use the card. This right is essential to protect consumers' financial interests, particularly when the balance on the card is nearly exhausted.

119. Reasonable Reliance: Consumers reasonably expect that ACI GIFT CARDS, LLC will clearly disclose their rights, especially rights mandated by law. However, since the agreement only vaguely mentions "as required by law" and does not explicitly address California's cash redemption policy, consumers cannot fully understand their rights, undermining their reasonable reliance on the terms of the gift card.

**Specific Damages:**

1    120. Consumers may be unaware of their right to redeem cash when the balance is under

2         $10, leading them to continue using small remaining balances, which may ultimately

3         result in ineffective use or an inability to spend the remaining balance. This causes

4         direct financial harm to the consumer, as they miss the opportunity to redeem cash,

5         and the balance may go to waste.

6    **A.1.4. Gift Card Usage Restrictions Not Fully Disclosed (Inadequate Information**

7    **Disclosure)**

8         **Agreement Content:**

9    121. The agreement states, "Your ACI GIFT CARDS, LLC Balance cannot be used to

10        purchase other Gift Cards, prepaid open loop cards, or certain thirdparty gift cards…"

11        However, these restrictions are not prominently displayed on the gift card, and

12        consumers must visit external links to find this information.

13        **Significance:**

122. The scope of a gift card's applicability is a key factor in consumers' purchasing decisions. If consumers knew that the gift card could not be used for certain products or services, they might choose not to purchase the gift card or select other payment methods. These restrictions directly affect the card's usage and flexibility, significantly impacting the consumer experience.

**Reasonable Reliance:**

123. Consumers have reason to believe that gift cards can be used for almost all products on the ACI GIFT CARDS, LLC platform, especially when no usage restrictions are prominently displayed on the card. Consumers reasonably rely on this insufficiently disclosed information when making purchasing decisions, unable to anticipate the card's usage limitations, which undermines their reasonable reliance on the card's scope.

**Specific Damages:**

1    124. Consumers may attempt to use the gift card for restricted products or services without

2         realizing the limitations, leading to failed transactions or the need to pay additional

3         cash to complete the purchase. This not only wastes time but may also cause

4         unnecessary financial harm to consumers, as they might have to pay additional fees

5         to complete the transaction.

6    **A.1.5. Liability for Lost or Stolen Cards Not Fully Disclosed (Inadequate Information**

7    **Disclosure)**

8         **Agreement Content:**

9    125. The agreement states, "ACI GIFT CARDS, LLC is not responsible if any Gift Card

10        is lost, stolen, or destroyed…" However, this key information is only presented in the

11        agreement and is not prominently displayed on the gift card. Consumers are not

12        clearly informed of this term when purchasing and using the card.

13        **Significance:**

126. Lost or stolen gift cards may result in significant financial loss, particularly with

highervalue cards. If consumers were informed upfront about the liability for lost or

stolen cards, they might take additional precautions or choose not to purchase the

card. This term has a direct impact on consumers' financial security, making it a

significant issue.

**Reasonable Reliance:**

127. Consumers reasonably assume that gift cards are protected in a manner similar to

credit cards, especially since ACI GIFT CARDS, LLC does not clearly disclose the

noliability clause for lost or stolen cards. Because these important terms are not

sufficiently disclosed, consumers cannot anticipate that they will bear full financial

responsibility for the loss or theft of the card, undermining their reasonable reliance

on the security of the gift card.

**Specific Damages:**

1    128. Consumers who lose or have their gift cards stolen receive no compensation from

2        ACI GIFT CARDS, LLC, resulting in direct financial loss. In cases involving

3        highvalue gift cards, consumers may suffer substantial economic harm that could

4        have been mitigated or prevented with proper disclosure.

5    **A.1.6. Vague Usage Restrictions (Lack of Clear Disclosure)**

6        **Agreement Content:**

7    129. The agreement states, "Eligible goods and services are subject to change in our sole

8        discretion. Redemption of Gift Cards at any affiliated property is subject to change

9        in our sole discretion." This means that ACI GIFT CARDS, LLC reserves the right

10       to change the scope of gift card applicability at any time without clearly informing

11       consumers of which products or services are restricted or when these restrictions may

12       change.

13       **Significance:**

1    130. Usage restrictions directly affect consumers' purchasing and usage decisions. If

2        consumers are fully aware of the gift card's scope and the possibility of restrictions

3        changing at any time, they might reconsider purchasing the card or choose alternative

4        payment methods. This information is crucial for consumers deciding how to use the

5        card and whether to purchase it in the first place.

6    **Reasonable Reliance:**

7    131.  Consumers reasonably believe that the scope of the gift card's applicability is fixed

8        and that it can be used for most products on the ACI GIFT CARDS, LLC platform.

9        However, because ACI GIFT CARDS, LLC reserves the right to change the scope at

10        any time, consumers cannot predict when these restrictions will take effect,

11        preventing them from fully understanding the card's scope and undermining their

12        reasonable reliance.

13    **Specific Damages:**

1    132. Consumers may find that they cannot purchase certain products due to vague usage

2    restrictions on the gift card, leading to failed transactions or wasted time. Furthermore,

3    consumers may have to pay additional fees to complete transactions they initially

4    believed were covered by the gift card, causing direct financial loss and

5    inconvenience.

6    **A.1.7. Right to Modify Terms (Lack of Clear Disclosure)**

7        **Agreement Content:**

8    133. The agreement states, "ACI GIFT CARDS, LLC reserves the right to change these

9    terms and conditions at any time in our sole discretion." This means that ACI GIFT

10    CARDS, LLC reserves the right to modify the gift card's terms at any time. However,

11    this term is not clearly displayed on the gift card or in a prominent location, and

12    consumers may not be aware that the terms can change at any time, which may affect

13    their usage experience and rights.

14        **Significance:**

1    134. ACI GIFT CARDS, LLC's right to change the gift card's terms has a significant

2         impact on consumers' usage experience and rights. If consumers are unaware of this

3         term, they may be affected by new restrictions or changes during the card's usage

4         period, making it impossible to use the gift card as originally planned. The ability to

5         change terms at will raises concerns about the protection of consumers' rights.

6    **Reasonable Reliance:**

7    135. Consumers reasonably believe that the terms they agreed to at the time of purchase

8         are fixed, particularly when the agreement does not prominently mention that the

9         terms may change. Consumers rely on these terms when planning to use the gift card,

10        but ACI GIFT CARDS, LLC's failure to clearly disclose this right undermines

11        consumers' reasonable reliance on the contract.

12   **Specific Damages:**

13   136. Consumers may discover that the gift card is no longer valid for certain products or

14        services due to changes in the terms, resulting in limitations on the card's use. They

1    may be unable to complete transactions as planned, leading to wasted time and

2    financial loss. Consumers may need to pay additional fees to cover the shortfall

3    caused by the gift card's limitations.

4    **A.1.8. Violation of Statutory Law**

5    137. According to Section 1770 of the California Consumer Legal Remedies Act (CLRA),

6    deceptive or misleading business practices in consumer transactions are prohibited.

7    These practices include, but are not limited to, the following:

8    138. False Representation: Providing false or misleading information.

9    139. Omission of Material Information: Intentionally withholding information that

10    significantly impacts consumer decisions.

11    **Conduct:**

12    140. ACI GIFT CARDS, LLC failed to prominently disclose its cash redemption policy,

13    usage restrictions, and lost or stolen card liability on its gift cards. This insufficient

1       disclosure constitutes a misleading business practice, violating Section 1770 of the

2       CLRA.

3       **Impact:**

4       141.  Consumers were unable to clearly understand their rights and obligations when

5            purchasing gift cards, leading to unnecessary financial losses and usage restrictions.

6       142. California Civil Code Section 1749.5

7       143. Explanation of Specific Provisions: Section 1749.5: Requires that consumers have

8            the right to request cash redemption when a gift card balance falls below $10. The

9            gift card issuer must clearly inform consumers of this right on the card or related

10           promotional materials.

11      **Conduct:**

12      144. ACI GIFT CARDS, LLC failed to clearly inform consumers, in a prominent manner,

13           of their right to request cash redemption when the balance is below $10. This

1    violation of Section 1749.5 deprived consumers of their lawful right to exercise this

2    option.

3    145. Federal Law：Federal Trade Commission Act (FTC Act)

4    146.  Explanation of Specific Provisions: Section 5: Prohibits "unfair or deceptive acts or

5    practices." The Federal Trade Commission (FTC) is responsible for enforcing this

6    provision to ensure fairness and transparency in business practices.

7    **Conduct:**

8    147. ACI GIFT CARDS, LLC failed to adequately disclose critical terms of its gift cards,

9    such as cash redemption policies and usage restrictions, which may be considered

10    deceptive behavior, violating Section 5 of the FTC Act.

11    **Impact:**

12    148. This behavior misled consumers, impacting their purchasing decisions and causing

13    financial losses, fitting the definition of "deceptive acts" under the FTC Act.

14    **A.2. ACI GIFT CARDS, LLC's Intentional Fraud and Punitive Damages**

1    **A.2.1. Intentional Design of Cards That Do Not Meet Disclosure Requirements:**

2        **Font Size and Visibility Issues:**

3    149. Analysis: Critical information on the gift cards (e.g., "See full terms:

4        amazon.com/gclegal") is displayed in the same size, color, and style as the main text

5        and is positioned at the bottom of the card, making it easy to overlook. This design

6        deliberately reduces the visibility of key information, preventing consumers from

7        obtaining necessary information.

8        **Fraudulent Intent:**

9    150. By hiding essential terms in plain text and in inconspicuous locations, ACI GIFT

10        CARDS, LLC intentionally reduces consumers' attention to critical information,

11        increasing the likelihood of deception and boosting gift card sales.

12    **A.2.2. Reliance on External Links for Key Information**

13        **Analysis:**

1    151. The gift card itself does not directly display detailed information about balance

2         redemption policies and usage restrictions. Consumers must visit an external link

3         (such as amazon.com/gclegal) to access the full terms. This makes it harder for

4         consumers to obtain the necessary information.

5         **Fraudulent Intent:**

6    152. By relying on external links for key information, ACI GIFT CARDS, LLC makes it

7         more difficult for consumers to fully understand their rights and restrictions when

8         purchasing and using gift cards, misleading consumers' purchasing decisions.

9    **A.2.3. Intentional Concealment of Key Information**

10        **Contract Design:**

11   153. Concealing Key Information: ACI GIFT CARDS, LLC hides critical information

12        (such as the cash redemption policy, usage restrictions, and lost or stolen card liability)

13        in lengthy and complex terms, and does not display these terms prominently on the

1    gift card itself. This indicates ACI GIFT CARDS, LLC's intent to conceal important

2    information and mislead consumers.

3    **Ambiguous Terms:**

4    154. Section 7 "General Terms" states, "...we reserve the right to change these terms and

5    conditions without notice..." The vagueness and concealment demonstrate ACI GIFT

6    CARDS, LLC's intent to evade legal responsibility through unclear contract terms.

7    **A.2.4. Pattern of Behavior：**

8    **Systemic Issues:**

9    155. Multiple Insufficient Disclosures: The lack of disclosure regarding cash redemption

10    policies, usage restrictions, and lost card liability demonstrates systemic deficiencies

11    in ACI GIFT CARDS, LLC's information disclosure practices.

12    156. These gift cards, with insufficient and unclear information disclosure, are widely

13    issued and sold at high volumes in the market. This shows that the issue is not an

1    isolated incident but rather a common practice of ACI GIFT CARDS, LLC, further

2    proving its fraudulent intent.

3    **A.2.5. Commercial Motivation**

4        **Increasing Sales and Usage:**

5    157. Reducing Consumer Concerns: By failing to disclose information adequately, ACI

6        GIFT CARDS, LLC reduced consumers' concerns when purchasing and using gift

7        cards, thus increasing the sales and usage frequency of the gift cards, boosting

8        company profits.

9        **Specific Example:**

10   158. The failure to prominently disclose the cash redemption policy prevents consumers

11       from redeeming low balances effectively, reducing consumers' concerns about gift

12       card limitations and increasing their use.

13   **A.2.6. Analysis of the Legal Elements of Fraud**

1      159. Under California and federal law, fraudulent behavior must meet the following

2           elements:

3   **A.2.6.1  False Representation:**

4      160. ACI GIFT CARDS, LLC failed to provide sufficient key information through

5           unreasonable card design and information disclosure practices, constituting false or

6           misleading representations.

7   **A.2.6.2  Knowledge of Falsity:**

8      161. The plaintiff asserts that ACI GIFT CARDS, LLC, in designing its cards and

9           disclosures, was aware of existing issues and intentionally failed to correct them.

10          Detailed arguments are provided in paragraphs 193 and 194.

11  **A.2.6.3  Intent to Deceive:**

12     162. ACI GIFT CARDS, LLC intentionally concealed important information to mislead

13          consumers and promote gift card sales, clearly indicating fraudulent intent.

1    **A.2.6.4  Justifiable Reliance:**

2    163. Consumers reasonably relied on ACI GIFT CARDS, LLC's statements and

3        disclosures when making purchasing decisions based on this information.

4    **A.2.6.5  Damages:**

5    164. Consumers suffered financial losses or usage inconveniences due to not fully

6        understanding the limitations, cash redemption policies, and other important terms of

7        the gift cards.

8    **A.2.7. Supporting Case Law**

9    **A.2.7.1  Kwikset Corp. v. Superior Court (2011)**

10   165. Key Ruling: Failing to properly disclose product information that misleads

11       consumers constitutes fraud.

12   166.  Conduct:   Similar to ACI GIFT CARDS, LLC's failure to properly disclose key

13       terms of the gift cards, misleading consumers in their purchasing decisions constitutes

1          fraud.

2    **A.2.7.2  Williams v. Gerber Products Co. (2008)**

3          167. Key Ruling: Failing to fully disclose product attributes that mislead consumers into

4                purchasing constitutes fraud.

5          168.  Conduct: ACI GIFT CARDS, LLC failed to fully disclose the gift card usage

6                restrictions and legal rights, leading to consumers misunderstanding the scope of the

7                gift card's applicability, constituting fraud.

8    **A.2.7.3  Lovejoy v. AT&T Corp. (2004)**

9          169.  Key Ruling: Failing to clearly disclose service fees that caused consumers to

10               misunderstand service terms constitutes fraud.

11         170. Conduct: ACI GIFT CARDS, LLC failed to clearly disclose consumer liability for

12               lost or stolen cards, misleading consumers about the security of their gift cards,

13               constituting fraud.

1      **A.2.8. Conclusion and Requests**

2      171. Based on the legal analysis and supporting case law, ACI GIFT CARDS, LLC failed

3           to adequately disclose and clearly communicate the essential terms and conditions of

4           its gift cards. These issues have directly impacted consumers' purchasing decisions

5           and user experience, constituting fraudulent business practices in violation of

6           California and federal consumer protection laws.

7      172. Therefore, the court is requested to:

8      173. 1. Find the defendant in violation of Section 1770 of the California Consumer Legal

9           Remedies Act (CLRA).

10     174. 2. Find the defendant in violation of Section 1749.5 of the California Civil Code for

11          failing to disclose consumers' rights to cash redemption for gift card balances under

12          $10.

13     175. 3. Find the defendant in violation of Section 5 of the Federal Trade Commission Act

14          (FTC Act) for engaging in unfair or deceptive business practices.

1    176. 4. Find the defendant guilty of fraudulent conduct.

2    177. 5. Order the defendant to revise its disclosure policies to ensure that all critical

3         information is displayed prominently and in an easily understandable manner.

4    178. 6. Order the defendant to compensate consumers for the financial losses incurred due

5         to inadequate disclosures.

6    179. 7. Award punitive damages against the defendant for its malicious behavior as a

7         deterrent.

8    180. 2.Request for Punitive Damages

9    181.  Legal Basis for Punitive Damages

10   182. Punitive damages are intended to punish the defendant for malicious, fraudulent, or

11        egregiously improper conduct and to serve as a deterrent against similar actions in

12        the future. Under California law, punitive damages are typically awarded when the

13        defendant's actions exhibit "malice, fraud, or oppression."

14   183.  ACI GIFT CARDS, LLC's Conduct Meets the Standards for Punitive Damages

1    184. Based on the detailed analysis of ACI GIFT CARDS, LLC's fraudulent behavior, their

2        conduct satisfies multiple legal standards for punitive damages:

3    185. i. Malicious and Fraudulent Conduct

4    186. Intentional Concealment of Key Information:

5    187. ACI GIFT CARDS, LLC deliberately hid important terms (such as cash redemption

6        policies, usage restrictions, and liability for lost or stolen cards) by using very small

7        fonts and placing them in inconspicuous areas, clearly demonstrating fraudulent

8        intent.

9    **Systemic Issues:**

10   188. The widespread issuance and sale of gift cards with insufficient and unclear

11       information disclosure indicate that these actions were not isolated incidents but part

12       of the company's common business practices, further proving its ongoing fraudulent

13       behavior.

14   **Knowledge and Intent:**

1    189. Strong Legal and Compliance Teams: Publicly available information shows that as

2    early as 2017, Amazon Services LLC had a large legal department composed of over

3    800 personnel, including more than 400 lawyers. These legal professionals, located

4    in 15 different countries, specialize in areas such as corporate governance, intellectual

5    property, regulatory compliance, and litigation. After 7 years of growth, Amazon's

6    legal team has likely become even larger and more specialized.

7    **Shared Resources:**

8    190. Since ACI GIFT CARDS, LLC shares significant resources with Amazon Services

9    LLC and is not fully independent, it benefits from the parent company's vast legal

10   resources and ensures global compliance. This indicates that when designing and

11   issuing its gift cards, the company was fully aware of legal requirements and risks.

12   Nevertheless, ACI GIFT CARDS, LLC chose to intentionally conceal key

13   information, demonstrating disregard for legal responsibilities and fraudulent intent.

14   191. ii. Egregious Misconduct

1      192. Economic Motivation:

2      193. By reducing information disclosure, ACI GIFT CARDS, LLC significantly increased

3           the sales and usage frequency of its gift cards, boosting company profits. This

4           behavior not only violated consumer trust but also caused significant financial harm

5           to consumers.

6      194. Widespread Negative Impact: Consumers, unaware of the full terms and limitations

7           of the gift cards, suffered direct financial losses and usage inconveniences,

8           threatening their financial security.

9      195. iii. Legal Support

10     196. Relevant Case Law: Cases such as Kwikset Corp. v. Superior Court (2011), Williams

11          v. Gerber Products Co. (2008), Lovejoy v. AT&T Corp. (2004), and FTC v. Wyndham

12          Worldwide Corporation (2014) have established that similar fraudulent behavior

13          warrants punitive damages to punish the defendant and protect consumer rights.

14     197. 3. Detailed Argument

1     198. Malice and Fraudulent Conduct

2     199. Intentional Concealment: ACI GIFT CARDS, LLC knowingly used small fonts and

3          inconspicuous placements to obscure critical terms on its gift cards, deliberately

4          reducing the visibility of this information to mislead consumers. This behavior goes

5          beyond ordinary negligence and demonstrates clear malice and fraudulent intent.

6     200. Strong Legal Team: As a wholly owned subsidiary of Amazon, ACI GIFT CARDS,

7          LLC had access to Amazon's extensive legal and compliance teams, fully capable of

8          understanding and adhering to legal requirements. Despite having these resources,

9          the company chose to violate legal standards, further demonstrating its fraudulent

10        intent.

11    201. Systemic and Ongoing Misconduct

12    202. Common Practice: ACI GIFT CARDS, LLC's widespread issuance and sale of gift

13        cards with insufficient and unclear disclosures, along with high sales volumes,

14        demonstrate that these actions were systemic and ongoing rather than isolated

1    incidents. This persistent fraudulent behavior strengthens the case for punitive

2    damages.

3    203. Economic Motivation and Severe Consequences

4    204. Motivation: By minimizing information disclosure, ACI GIFT CARDS, LLC sought

5    to reduce consumer concerns during the purchase and use of gift cards, thereby

6    increasing sales and usage frequency and boosting company profits.

7    205. Consequences: Consumers, misled by insufficient disclosures, faced financial losses

8    and usage restrictions, significantly impacting their financial security and consumer

9    experience.

10    206. Legal Precedent and Support

11    207. Case Law: Based on precedents like Lovejoy v. AT&T Corp. (2004) and FTC v.

12    Wyndham Worldwide Corporation (2014), courts have recognized that similar

13    fraudulent and unfair business practices warrant punitive damages.

14    208. 4. Conclusion and Request

1    209. Based on the above legal analysis and supporting case law, ACI GIFT CARDS, LLC

2          failed to adequately disclose and clearly communicate the critical terms and

3          conditions of its gift cards. These issues directly impacted consumers' purchasing

4          decisions and user experience, constituting fraudulent business practices in violation

5          of California and federal consumer protection laws.

6    210. Therefore, the court is requested to:

7    211. Order the defendant to pay the plaintiff punitive damages in a proportionate amount

8          to punish its malicious conduct and serve as a deterrent.

9    ## B. Legal Violations by Amazon.com Services LLC

10   ## B.1. Contract Invalidity

11   ### B.1.1. Contract Invalidity Due to Language Barrier:

12   212. Under California Civil Code Section 1633.7, for a contract to be valid, both parties

13          must clearly understand its terms. If one party cannot comprehend the contract due

1    to a language barrier, the agreement may be deemed invalid or partially invalid due

2    to the lack of informed consent.

3    213. Case Law Support: In Specht v. Netscape Communications Corp. (2002), the court

4    found that when contract terms are not clearly presented to one party, especially in a

5    language they understand, the contract may be deemed invalid. This applies when

6    essential terms are hidden or not conspicuous, affecting the party's ability to give

7    informed consent.

8    214. In Doe v. Internet Brands, Inc. (2016), the court further clarified this principle,

9    holding that online service providers have a duty to ensure that users are fully

10   informed of significant terms, especially those related to privacy and security. The

11   failure to clearly disclose such terms can lead to a contract being unenforceable,

12   underscoring the importance of transparency and user awareness in contractual

13   agreements.

1    215. In This Case: When signing the defendant Amazon's user agreement, the plaintiff was

2    unable to understand the specific terms and conditions due to a language barrier.

3    These terms pertained to account management, order processing, and all significant

4    interactions with Amazon. However, the defendant did not provide any translation or

5    explanation, leading to a lack of informed consent when the plaintiff signed the

6    agreement. Under California Civil Code and related case law, the plaintiff argues that

7    the contract is invalid or certain clauses are void due to the absence of informed

8    consent, which is a crucial factor for contract validity.

9    **B.1.2. Impact of Mental State and Medication on Contract Validity**

10   216. Legal Basis: Under California Civil Code Section 38, if a party is mentally

11   incapacitated (due to medication, severe anxiety, etc.) at the time of signing, the

12   contract may be considered void. This statute specifies that mental abnormalities or

13   medication influence may prevent the formation of a valid contractual intent.

217. Case Law Support:In Hagen v. Hagen (2002), the court ruled that contracts entered

into under impaired mental capacity can be invalidated due to the lack of clear

contractual intent.

218. In This Case:At the time of signing the defendant Amazon's user agreement, due to

severe anxiety and the effects of longterm medication, the plaintiff's judgment and

comprehension were impaired. Under these circumstances, the plaintiff was unable

to fully understand or agree to the contract's content. According to California Civil

Code Section 38 and relevant case law, the plaintiff argues that the contract is invalid

because the plaintiff's mental state and medication influence rendered them incapable

of forming a valid contractual intent when signing the agreement.

**B.1.3. Unconscionability of Standard Form Contract**

219. Legal Basis:Under California Civil Code Section 1670.5, courts can invalidate or

refuse to enforce contracts, or specific terms within them, that are deemed

1    unconscionable at the time of signing. Unconscionability can arise from onesided and

2    oppressive terms, especially in standard form contracts.

3    220. Case Law Support: In Armendariz v. Foundation Health Psychcare Services Inc.

4    (2000), the court discussed the unenforceability of grossly unfair terms, while in

5    Graham v. ScissorTail, Inc. (1981), the court further reinforced that when a contract

6    is presented in a takeitorleaveit manner and contains overly onesided terms, the courts

7    may find it unconscionable and refuse enforcement.

8    221. In This Case:The defendant Amazon's user agreement is a typical standard form

9    contract, drafted unilaterally by the defendant, leaving the plaintiff with no real

10    opportunity for negotiation. This onesided standard form contract places the

11    defendant in a position of absolute advantage, especially in clauses related to account

12    suspension and order cancellation, granting the defendant unilateral power.

13    According to California Civil Code Section 1670.5 and relevant case law, the plaintiff

1      argues that these terms are grossly unfair and requests the court to declare them void

2      or unenforceable.

3  **B.1.4. Duress Due to Survival Pressure**

4      222. Legal Basis:Under California Civil Code Section 1569, duress involves the use of

5          unlawful threats or compulsion that forces another party to enter into a contract

6          without free will.

7      223. Case Law Support:In Totem Marine Tug & Barge, Inc. v. Alyeska Pipeline Service

8          Co. (1978), the court recognized that contracts signed under economic duress, where

9          one party exploits the pressing need of the other, can be invalidated as they lack

10         genuine consent.

11     224. In This Case:When signing the defendant Amazon's user agreement, due to two theft

12         incidents that left the plaintiff without cash or credit cards, the plaintiff was plunged

13         into a desperate situation. The plaintiff lacked sufficient funds to purchase food or

14         other basic necessities, and the only available payment method was Alipay from the

1    plaintiff's home country, which is not widely accepted in the United States. Facing

2    such survival pressure, the plaintiff had no choice but to accept the defendant's user

3    agreement and related terms to obtain essential goods. This duress, caused by survival

4    needs, deprived the plaintiff of free will when signing the agreement. Under

5    California Civil Code Section 1569 and relevant case law, the plaintiff argues that the

6    contract is void because it was signed under duress.

7    **B.1.5. Legal Basis and Support:**

8    225. Legal Basis: California Civil Code Section 1670.5 further supports the plaintiff's

9    argument. California law permits courts to review and declare void those contract

10   terms that are grossly unfair at the time of signing.

11   226. California Consumer Legal Remedies Act (CLRA) and Unfair Competition Law

12   (UCL): These laws protect consumers from unfair business practices and fraud. The

13   defendant Amazon's user agreement and conduct may violate these laws, particularly

14   concerning the unfair terms in the standard form contract.

89

1    **B.1.6. Conclusion & Summary：**

2    227. Under California Civil Code and related case law, the defendant Amazon has multiple

3    issues in the signing process of the user agreement, including contract invalidity due

4    to language barrier, contract invalidity due to mental state and medication influence,

5    unconscionability of the standard form contract, and duress due to survival pressure.

6    These issues resulted in the plaintiff lacking informed consent and free will when

7    signing the contract, the contract terms being overly onesided and unfair, and further

8    infringing upon the plaintiff's rights. Therefore, the plaintiff has sufficient legal

9    grounds to request the court to declare the user agreement signed with Amazon void.

10   **B.2. False Advertising**

11   **B.2.1. Definition and Legal Basis**

1    228. False advertising refers to the use of deceptive or misleading statements in marketing

2         to attract or influence consumers. According to California Business and Professions

3         Code Section 17500, any form of false or misleading advertising is prohibited.

4    **B.2.2. Amazon.com Services LLC's False Privacy Promises**

5    229. Amazon.com Services LLC has repeatedly promised to "protect user privacy" in its

6         advertisements and promotional materials. Its core claims include:

7    230.  User Control: Users can fully control the use of their personal data through privacy

8         settings.

9    231.  Data  Security:  Amazon.com  Services  LLC  employs  advanced  encryption

10        technologies and a professional security team to ensure the safety and integrity of

11        user data.

12   232.  Account Transparency: Users can view all sensitive operations on their accounts

13        through the "Account Transparency Log," clearly understanding how their personal

14        data is accessed and us

1    **B.2.3. Contradiction Between Actual Behavior and Advertising Promises**

2    **B.2.3.1  Inability to Access Privacy Settings and Data Control**

3    233.  Details: During the suspension period of the account, the plaintiff was unable to log

4    in  and  use  any  privacy  settings  to  manage  personal  data.  This  contradicts

5    Amazon.com Services LLC's promise that "users can control the use of their personal

6    data through privacy settings."

7    **B.2.3.2  Lack of Account Transparency**

8    234.  Details: Amazon.com Services LLC's promise of an "Account Transparency Log"

9    is intended to allow users to view all sensitive operations on their accounts. However,

10    during  the  account  suspension  period,  the  plaintiff  could  not  access  any

11    accountrelated  operation  records,  including  order  history,  search  history,  billing

12    information, etc. This prevented the plaintiff from understanding the actual use of the

13    account, contrary to Amazon.com Services LLC's transparency promise.

1    **B.2.3.3 Unauthorized Use of Personal Data**

2    235.  Details: Without the plaintiff's authorization, Amazon.com Services LLC used

3        personal information (such as name, email, address, phone number, etc.) to perform

4        crosschecks between accounts to confirm the existence of multiple accounts. This

5        behavior violates Amazon.com Services LLC's advertised commitments to "protect

6        user privacy" and "data security."

7    **B.2.4. Resulting Damages**

8    236.  Invasion of Privacy: The plaintiff's personal information was used without

9        authorization, infringing upon their privacy rights.

10   237.  Psychological Stress: The invasion of privacy caused the plaintiff to feel anxious

11       and uneasy, exacerbating their mental health issues.

12   **B.2.5. Case Law Support**

13   238.  Lovejoy v. AT&T Corp., 92 Cal.App.4th 85 (2001): This case established that if a

1    company makes certain promises in its advertising but its actual behavior does not

2    align, resulting in consumer harm, it constitutes false advertising. Amazon.com

3    Services LLC's actions are similar, as its advertising promises do not match its actual

4    behavior, causing harm to the plaintiff.

5    **B.2.6. Conclusion and Requests**

6    239.  Legal Determination: Request the court to recognize Amazon.com Services LLC's

7    actions as constituting false advertising, violating California Business and

8    Professions Code Section 17500.

9    240.  Compensation for Economic Loss: Request compensation for the plaintiff's invasion

10    of privacy and the resulting psychological and emotional damages.

11    241.  Punitive Damages: Given Amazon.com Services LLC's repeated and systemic

12    violations, request the court to award punitive damages to deter similar future

13    behavior.

14    **B.3. Unjust Enrichment**

1    **B.3.1.   Definition and Legal Basis：**

2    242. Unjust enrichment occurs when one party benefits without a legitimate reason,

3    causing a corresponding loss to another party. California Civil Code Section 3274

4    stipulates that benefits obtained without legal justification must be returned to the

5    injured party.

6    **B.3.2. Description of Amazon.com Services LLC's Conduct：**

7    243. During the suspension period of the plaintiff's account, Amazon.com Services LLC

8    retained the $1,800 gift card amount paid by the plaintiff but did not deliver the

9    corresponding goods or services.

10   **B.3.3.   How Amazon.com Services LLC's Conduct Constitutes Unjust Enrichment：**

11   244. Amazon.com Services LLC retained the plaintiff's payment without providing the

12   agreedupon goods or services, resulting in the plaintiff's economic loss. In this

13   process, Amazon.com Services LLC was unjustly enriched.

1    **B.3.4.   Violated Regulations:**

2    245. California Civil Code Section 3274: Requires that benefits obtained without legal

3    justification must be returned to the injured party.

4    **B.3.5. Damages to the Plaintiff:**

5    246.  Economic Loss: The plaintiff's payment of $1,800 did not result in the receipt of

6    corresponding goods or services, causing financial loss.

7    247.  Emotional and Psychological Harm: The unjust enrichment behavior undermined

8    the plaintiff's trust in Amazon.com Services LLC, increasing psychological stress and

9    emotional distress.

10    **B.3.6. Case Law Support:**

11    248.  Nelsen v. Nelsen, 59 Cal.App.4th 1042 (1997): The court ruled that benefits

12    obtained without legal justification must be returned, supporting the claim of unjust

13    enrichment.

1    **B.3.7. Summary of Legal Claims：**

2    249. Amazon.com Services LLC, by retaining the plaintiff's $1,800 payment without

3    delivering goods or services, constitutes unjust enrichment, violating California Civil

4    Code Section 3274.

5    **B.3.8. Requests：**

6    250.  Legal Determination: Request the court to recognize Amazon.com Services LLC's

7    actions as constituting unjust enrichment.

8    251.  Return of Funds: Request the return of the $1,800 paid by the plaintiff.

9    252.  Compensation for Economic Loss: Request compensation for additional economic

10    losses resulting from the unjust enrichment.

11    253.  Punitive Damages: Given Amazon.com Services LLC's intentional retention of

12    funds without providing services, request the court to award punitive damages.

13    **B.4. Violation of Consumer Protection Laws**

1    **B.4.1.  Definition and Legal Basis：**

2    254. Consumer protection laws aim to safeguard consumers from fraud, deception, and

3    unfair business practices. In California, the primary laws include:

4    255.  Consumer Legal Remedies Act (CLRA): Prohibits making false statements or

5    concealing important facts in transactions (California Civil Code Sections 1770(a)(5)

6    and (a)(7)).

7    256.  Unfair Competition Law (UCL): Prohibits any unfair, deceptive, or unlawful

8    business practices (California Business and Professions Code Section 17200).

9    **B.4.2.  Amazon.com Services LLC's Illegal Conduct**

10   **B.4.2.1  False Statements and Information Concealment:**

11   257.     Details: Amazon.com Services LLC failed to provide specific reasons for the

12   account suspension, concealing important information, which prevented the plaintiff

13   from resolving the issue.

1    **B.4.2.2  Deprivation of Right to Redress:**

2    258.    Details: Amazon.com Services LLC did not provide effective customer support

3    or appeal channels, limiting the plaintiff's ability to submit evidence (only allowing

4    the upload of five images and 200 words of text). The plaintiff made multiple attempts

5    to contact Chinese customer service but did not receive effective assistance,

6    increasing communication difficulties.

7    **B.4.2.3  Unreasonable Business Practices:**

8    259.    Details: Amazon.com Services LLC repeatedly suspended the account and

9    canceled orders without providing reasonable explanations, ignoring the plaintiff's

10   special circumstances and humanitarian requests, constituting unreasonable and

11   malicious business practices.

12   **B.4.3.   Resulting Damages**

13   260.  Economic Loss: Inability to receive paid goods resulted in direct financial loss;

1    additional expenses for purchasing essential items increased economic burden.

2    261.  Emotional Distress: Being deprived of the right to redress and inability to resolve

3         issues led to impaired mental health.

4    **B.4.4.  Case Law Support**

5    262.  Kasky v. Nike, Inc., 27 Cal.4th 939 (2002): This case established that false or

6         misleading statements in business constitute consumer fraud. Amazon.com Services

7         LLC's behavior meets this standard.

8    263.  CelTech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th

9         163 (1999): This case defines unfair competition, including unreasonable and

10        malicious business practices. Amazon.com Services LLC's actions align with this

11        definition.

12   **B.4.5.  Conclusion and Requests**

1    264. Compensation for Economic Loss: Request compensation for economic losses

2        resulting from Amazon.com Services LLC's unfair business practices.

3    265. Compensation for Emotional Distress: Request compensation for emotional and

4        psychological harm caused by Amazon.com Services LLC's unreasonable and

5        malicious actions.

6    266. Punitive Damages: Given Amazon.com Services LLC's systemic and malicious

7        violations, request the court to award punitive damages.

8  ## B.5. Tortious Conduct and Privacy Violations

9  ### B.5.1. Definition and Legal Basis

10   267. Tortious conduct refers to the unlawful infringement of another person's rights,

11       resulting in actual damage. Under California law, tortious conduct includes:

1    268.  Intentional Infliction of Emotional Distress (IIED): Causing severe emotional pain

2         through extreme and outrageous conduct, either intentionally or recklessly

3         (California Civil Code Section 46).

4    269. Negligence Leading to Economic Loss: Failing to exercise reasonable care,

5         resulting in economic loss to another party (California Civil Code Section 1714).

6    270.  Invasion of Privacy: Unauthorized use or disclosure of another person's private

7         information, infringing upon their privacy rights (California Constitution Article 1,

8         Section 1; California Consumer Privacy Act (CCPA); California Privacy Rights Act

9         (CPRA)).

10    271.  Malicious Conduct or Intentional Harm: Deliberately causing harm to another

11         through malicious actions (California Civil Code Section 3294).

12    **B.5.2.   Specific Tortious Conduct**

13    **B.5.2.1 Intentional Infliction of Emotional Distress**

14         **Description of Conduct:**

1    272.  Multiple Account Suspensions and Order Cancellations:As a visitor newly arrived

2         in the United States, the plaintiff was forced to rely on ACI gift cards to obtain basic

3         living necessities after being robbed twice. Amazon.com Services LLC repeatedly

4         and without reason suspended the plaintiff's account and canceled important orders,

5         including food, an iPhone 15 Pro Max, and a MacBook Pro 2019. These items were

6         crucial for the plaintiff's basic survival and handling important legal matters (e.g.,

7         responding to USCIS's Notice of Intent to Deny (NOID)).

8    **273.**Lack of Explanation for "Abnormal Payment Activity": Amazon.com Services LLC

9         did not provide any specific explanations, leaving the plaintiff completely unaware

10        of why the account was suspended.

11   274.Repeated Submission of Materials Without Success: The plaintiff repeatedly

12        submitted gift card photos and purchase proofs as required, but the account was never

13        restored.

275. Inability to Access Chinese Customer Support: The plaintiff made multiple attempts to contact Amazon.com Services LLC's Chinese customer service but received no effective assistance, increasing communication difficulties and emotional stress.

276. Ignoring Humanitarian Requests: The plaintiff repeatedly requested Amazon.com Services LLC to consider their special circumstances, including visitor status, being robbed twice, language barriers, mental health issues, and the reliance on online shopping for basic survival supplies. However, Amazon.com Services LLC ignored these requests, continued to freeze the account, and canceled orders, placing the plaintiff in a survival crisis.

**B.5.2.2 Invasion of Privacy**

**Unauthorized Data Processing:**

277.     Description of Conduct: During the account suspension period, Amazon.com Services LLC required the plaintiff to provide detailed personal information without

1       consent and used crossreferencing of this information to identify multiple accounts.

2       This violated Amazon.com Services LLC's promises regarding privacy protection.

3       278.    Misuse of Personal Information: Amazon.com Services LLC used the plaintiff's

4       personal information (such as name, email, address, etc.) to perform unauthorized

5       crossreferencing between accounts, constituting a severe invasion of privacy rights.

6    **B.5.3. Damages to the Plaintiff:**

7       279.  Emotional Distress: Inability to obtain basic necessities like food caused extreme

8       fear, helplessness, and despair. Account suspension significantly affected the

9       plaintiff's longterm life, worsening mental health.

10      280.  Mental Health Issues: The plaintiff's condition deteriorated, experiencing insomnia,

11      auditory hallucinations, suicidal thoughts, and was ultimately diagnosed with

12      PostTraumatic Stress Disorder (PTSD).

281.  Invasion of Privacy: Unauthorized processing of personal data infringed upon the plaintiff's privacy rights, further increasing psychological stress and emotional distress.

282.  Economic Loss: Account suspension and order cancellations prevented the plaintiff from obtaining paid goods or services, resulting in direct economic loss.

**B.5.4.  Case Law Support**

283.  Christensen v. Superior Court, 54 Cal.3d 868 (1991): This case established that intentional infliction of emotional distress requires extreme conduct that causes severe emotional pain. Amazon.com Services LLC's repeated account suspensions and order cancellations meet this standard.

284.  Hill v. National Collegiate Athletic Assn., 7 Cal.4th 1 (1994): The court affirmed the reasonable expectation of privacy, supporting the claim of invasion of privacy.

**Summary of Legal Claims**

1    285. Amazon.com Services LLC, through repeated account suspensions, order

2         cancellations, and unauthorized processing of personal information, has committed

3         intentional infliction of emotional distress and invasion of privacy, violating relevant

4         California laws and causing the plaintiff significant emotional pain, economic loss,

5         and invasion of privacy rights.

6    **B.5.5.  Requests**

7    286.  Compensation for Emotional Distress: Req (3) Unauthorized Use of Personal Data

8    287. uest compensation for emotional distress and mental health issues caused by

9         Amazon.com Services LLC's tortious conduct.

10   288.  Compensation for Economic Loss: Request compensation for economic losses

11        resulting from account suspension and order cancellations.

12   289.  Compensation for Invasion of Privacy: Request compensation for the invasion of

13        privacy resulting from unauthorized processing of personal information.

1    290.  Punitive Damages: Given Amazon.com Services LLC's malicious and intentional

2         actions, request the court to award punitive damages.

3    291.  Injunctive Relief: Request the court to order Amazon.com Services LLC to take

4         measures to prevent future tortious conduct and strengthen privacy protection policies

5         to ensure user data security.

6    **B.6.   Fraudulent Conduct**

7    **B.6.1.  Definition and Legal Basis**

8    292. Fraud refers to the intentional deception of another party through false statements,

9         withholding important facts, or other deceptive means, causing the victim to rely on

10        the misinformation and suffer damages. According to California Civil Code Section

11        1709, the elements of fraud include:

12   293.  False Statements or Withholding Important Facts；

13   294.  Intent to Deceive；

1    295.  Victim's Reasonable Reliance；

2    296.  Damages Resulting from Reliance on False Information。

3   **B.6.2.   Amazon.com Services LLC's Fraudulent Conduct**

4        **False Statements and Concealment of Facts:**

5    297.  Amazon.com Services LLC suspended the plaintiff's account citing "detection of

6        abnormal payment activity" but did not provide any specific details, such as the

7        definition of "abnormal payment," involved order numbers, transaction times, or

8        amounts.

9        **Repeated Submission of Materials Without Success:**

10   298. The plaintiff repeatedly submitted gift card photos and other proof materials as

11       required by Amazon.com Services LLC, but the account was never restored.

12       Amazon.com Services LLC did not clearly inform the plaintiff of what specific

13       information was needed or how the submitted information would be used.

1    299.  No Appeal Channels: In the email notifying the account suspension, Amazon.com

2         Services LLC did not provide any appeal channels or customer support, and even

3         labeled the email subject as "Do Not Reply," preventing the plaintiff from effectively

4         appealing.

5         **Inference of Deceptive Intent:**

6    300.  Amazon.com Services LLC repeatedly requested the plaintiff to submit the same or

7         similar materials but never provided a clear solution, indicating an intent to

8         deliberately mislead.

9         **Victim's Reasonable Reliance:**

10   301. The plaintiff relied on Amazon.com Services LLC's guidance, believing that by

11        submitting the required materials, the account issues would be resolved. However,

12        Amazon.com Services LLC's repeated actions proved that its initial promises were

13        deceptive.

14   **B.6.3.  Resulting Damages**

1    302.  Economic Loss: Inability to obtain paid goods resulted in direct economic loss.

2    303.  Emotional Distress: Repeated deception and denial caused the plaintiff severe

3         psychological harm.

4    **B.6.4.  Case Law Support：**

5    304.  Lazar v. Superior Court, 12 Cal.4th 631 (1996): This case established that fraudulent

6         conduct includes false statements or withholding important facts, leading to

7         reasonable reliance and resulting in damages. Amazon.com Services LLC's actions

8         meet this standard.

9    **B.6.5.  Conclusion and Requests**

10   305.  Compensation for Economic Loss: Request compensation for economic losses

11        resulting from fraudulent conduct.

12   306.  Compensation for Emotional Distress: Request compensation for emotional and

13        psychological damages caused by fraudulent conduct.

1    307. Punitive Damages: Given Amazon.com Services LLC's intent to deceive and

2       malicious conduct, request the court to award punitive damages.

3    **B.7.   Deprivation of Basic Survival Rights and Violation of Humanitarian**

4    **Principles**

5    **B.7.1. Overview**

6    308. After being informed of the plaintiff's special circumstances, Amazon.com Services

7       LLC still canceled critical food orders, refused to restore the account, deprived the

8       plaintiff of basic survival rights, and violated humanitarian principles.

9    **B.7.2. Legal Basis**

10   309. Basic Survival Rights: Protected under the U.S. Constitution and international

11      human rights law.

1    310.  Goldberg v. Kelly, 397 U.S. 254 (1970): This case established that depriving an

2         individual of basic living conditions without due process constitutes an infringement

3         of fundamental rights.

4    311.  Olmstead v. L.C., 527 U.S. 581 (1999): This case ruled that public service providers

5         must offer necessary accommodations for individuals with disabilities or health

6         conditions. Amazon.com Services LLC did not consider the plaintiff's special

7         circumstances, violating this principle.

8    **B.7.3. Amazon.com Services LLC's Conduct**

9    **B.7.3.1  Cancellation and Refusal to Restore Food Orders:**

10    312.    Details: On June 28, 2024, Amazon.com Services LLC canceled the plaintiff's

11         food orders despite knowing that the plaintiff depended on these items for survival.

12         The cancellation of the order directly placed the plaintiff in a lifethreatening situation.

**B.7.3.2  Ignoring Humanitarian Requests:**

313.  Details: The plaintiff repeatedly informed Amazon.com Services LLC of their special circumstances, including:

314.  Visitor Status: Language barriers, unfamiliarity with local transportation, and lack of family or friends for support.

315.  Being Robbed Twice: Loss of all cash and bank cards, forced reliance on Amazon.com Services LLC for essential purchases.

316.  Mental Health Issues: Severe anxiety exacerbated by Amazon.com Services LLC's actions.

**B.7.4.  Resulting Damages**

317.  Survival Pressure: Inability to obtain basic food caused immense stress, fear, and anxiety.

318.  Worsening Mental Health: Increased anxiety and depressive symptoms led to insomnia and auditory hallucinations, culminating in a diagnosis of PTSD.

319.  Increased Economic Burden: To obtain necessary living supplies and handle legal matters, the plaintiff had to incur additional expenses, such as purchasing a Costco membership and a computer, further increasing economic stress.

**B.7.5.  Case Law Support**

320.  Goldberg v. Kelly, 397 U.S. 254 (1970): This case established that depriving an individual of basic living conditions without due process constitutes an infringement of fundamental rights. Amazon.com Services LLC's actions are similar, depriving the plaintiff of basic survival rights.

321.  Olmstead v. L.C., 527 U.S. 581 (1999): This case ruled that service providers must offer necessary accommodations for individuals with disabilities or health conditions. Amazon.com Services LLC failed to consider the plaintiff's special circumstances, violating this principle.

**B.7.6.  Conclusion and Requests**

322.  Protection of Survival Rights: Request the court to recognize that Amazon.com

Services LLC's actions infringe upon the plaintiff's basic survival rights, violating

humanitarian principles.

323.  Compensation Requests: Request compensation for psychological and emotional

damages resulting from the deprivation of survival rights.

324.  Punitive Damages: Given Amazon.com Services LLC's disregard for fundamental

human rights, request the court to award punitive damages.

## B.8.   Unfair and Deceptive Business Practices

### B.8.1. Definition and Legal Basis

325. Unfair and deceptive business practices refer to companies conducting business

activities through unfair, deceptive, or misleading methods, thereby harming

consumer rights. Both the Federal Trade Commission Act (FTC Act) and the

California Consumer Legal Remedies Act (CLRA) prohibit such behaviors.

1    **B.8.2. Description of Amazon.com Services LLC's Conduct**

2    326. Amazon.com Services LLC has repeatedly suspended the plaintiff's account citing

3    "detection of abnormal payment activity" without providing specific details or

4    reasonable explanations, leading to a lack of transparency. Additionally, Amazon.com

5    Services LLC's advertised "Account Transparency Log" promises users the ability to

6    monitor sensitive activities within their accounts but has failed to deliver on this

7    promise.

8    **B.8.3. How Amazon.com Services LLC's Conduct Constitutes Unfair and Deceptive**

9    **Business Practices**

10    327. By using vague account management policies and false advertising, Amazon.com

11    Services LLC misleads consumers about the nature of its services. This creates an

12    unfair and deceptive business environment, violating the FTC Act and CLRA

13    regulations.

117

1    **B.8.4. Violated Regulations**

2    328.  Federal Trade Commission Act (FTC Act): Prohibits unfair or deceptive business

3    practices, protecting consumers from misleading advertisements and unfair

4    transactions.

5    329.  California Consumer Legal Remedies Act (CLRA): California Civil Code Section

6    1750 and subsequent sections further protect consumers from unfair business

7    practices.

8    **B.8.5. Damages to the Plaintiff**

9    330.  Economic Loss: Due to the arbitrary suspension of the account, the plaintiff was

10    unable to receive paid goods or services, resulting in direct financial loss.

11    331.  Emotional and Psychological Harm: The lack of transparency and deceptive

12    practices increased the plaintiff's psychological stress and emotional distress.

13    **B.8.6. Case Law Support**

1    332. Lewis v. Sears, Roebuck & Co., 16 Cal.App.4th 1 (1993): The court recognized that

2        misleading business practices constitute unfair and deceptive business practices,

3        supporting such claims.

4    **B.8.7. Summary of Legal Claims**

5    333. Amazon.com Services LLC, through vague account management policies and false

6        advertising, engaged in unfair and deceptive business practices, violating the FTC

7        Act and CLRA, and harming the plaintiff's economic interests and mental health.

8    **B.8.8. Requests**

9    334. Legal Determination: Request the court to recognize Amazon.com Services LLC's

10       actions as constituting unfair and deceptive business practices, violating the FTC Act

11       and CLRA.

12   335. Compensation for Economic Loss: Request compensation for economic losses and

13       emotional distress caused by Amazon.com Services LLC's deceptive conduct.

1    336. Punitive Damages: Given Amazon.com Services LLC's repeated and systemic

2        violations, request the court to award punitive damages to deter similar future

3        behavior.

4    337.  Injunctive Relief: Request the court to order Amazon.com Services LLC to improve

5        its business practices, ensuring transparency and fairness.

## 6    B.9. Malicious Inference and Punitive Damages Request

### 7    B.9.1.    Basis for Malicious Inference

8    338. Amazon.com Services LLC's actions not only violate multiple legal provisions but

9        also demonstrate clear malice and intentional misconduct. The specific grounds

10        include:

### 11    B.9.2. Systematic and Ongoing Misconduct：

12    339.    Details: Amazon.com Services LLC has repeatedly suspended the plaintiff's

13        account, canceled critical orders, and refused to provide clear reasons or appeal

1    channels. Despite the plaintiff's multiple submissions of necessary materials and

2    requests for assistance, the issues remain unresolved. This persistent behavior

3    indicates a systematic approach to misconduct towards the plaintiff.

4    **B. 9. 3.    Disregard and Neglect of Plaintiff's Special Circumstances：**

5    340.  Details: The plaintiff repeatedly informed Amazon.com Services LLC of their

6    special circumstances, including visitor status, being robbed twice, language barriers,

7    mental health issues, and urgent food needs. However, Amazon.com Services LLC

8    not only failed to provide effective assistance but also continued to take adverse

9    actions against the plaintiff, demonstrating indifference and neglect of the plaintiff's

10   plight.

11   **B.9.4.   Invalidation of Warnings, Potential Retaliation or Discriminatory Motives**

12   341.     Details: The plaintiff warned Amazon.com Services LLC that its actions might

13   violate laws and constitute procedural injustice. Nonetheless, Amazon.com Services

1    LLC ignored these warnings and continued its conduct. Additionally, the plaintiff

2    made multiple attempts to contact Chinese customer service without effective help,

3    suggesting possible language discrimination.

4    **B.9.5.   Severity and Consequences of Conduct**

5    342.    Details: Amazon.com Services LLC's actions directly prevented the plaintiff from

6    obtaining basic survival items, severely deteriorated their mental health, and

7    ultimately led to a diagnosis of PostTraumatic Stress Disorder (PTSD). At critical

8    moments (e.g., responding to USCIS's NOID), the plaintiff lost essential tools and

9    resources, nearly depriving them of legal residency and survival rights in the United

10   States.

11   **B.9.6.   Case Law Support**

12   343.  Taylor v. Superior Court, 24 Cal.3d 890 (1979): This case established that when a

13   defendant's actions exhibit malice or fraudulent intent, the court may award punitive

1    damages. Amazon.com Services LLC's actions demonstrate clear malice, meeting the

2    criteria of this precedent.

3    344.  Speakers of Sport, Inc. v. ProServ, Inc., 178 F.3d 862 (7th Cir. 1999): This case

4    confirmed that systematic tortious conduct can support claims for punitive damages.

5    Amazon.com Services LLC's ongoing improper behavior aligns with this standard,

6    supporting the plaintiff's request for punitive damages.

7    **B.9.7.  Damages to the Plaintiff**

8    **Economic Loss**

9    345.     Details: Due to the arbitrary suspension of the account, the plaintiff was unable

10    to access their account, leading to an inability to receive paid goods or services,

11    resulting in direct economic loss. Additionally, the plaintiff was forced to incur extra

12    expenses to obtain necessary living supplies, further increasing economic burdens.

13    **B.9.8.  Emotional and Psychological Harm：**

1    346.    Details: The suspension of the account not only disrupted the plaintiff's daily life

2         but also caused severe psychological stress and emotional distress. The inability to

3         access basic necessities led to extreme anxiety and helplessness, significantly

4         deteriorating the plaintiff's mental health, ultimately resulting in a diagnosis of PTSD.

5    **B.9.9.   Invasion of Privacy：**

6    347.    Details: Unauthorized use and processing of the plaintiff's personal information

7         infringed upon their privacy rights, further exacerbating psychological stress and

8         emotional distress.

9    **B.9.10.   Conclusion and Requests**

10    348. Based on the above analysis, Amazon.com Services LLC's actions not only violate

11         multiple legal provisions but also demonstrate clear malice and intentional tortious

12         conduct, causing significant economic and psychological harm to the plaintiff. In

13         light of Amazon.com Services LLC's malicious and systematic misconduct, the

1    plaintiff requests the court to award punitive damages to punish the defendant and

2    prevent similar conduct in the future.

3    **B.9.11.  Conclusion：**

4    349. In  summary,  Amazon.com  Services  LLCactions  involve  false  advertising,  unjust

5    enrichment,  violation  of  consumer  protection  laws,  tortious  conduct,  fraudulent

6    behavior, deprivation of basic survival rights, unfair and deceptive business practices,

7    and  malicious  inference  and  punitive  damages  requests.  These  actions  demonstrate

8    clear  malice  and  disregard  for  the  plaintiff's  rights.  The  plaintiff  has  repeatedly

9    submitted  materials  without  the  account  being  restored  and  has  made  multiple

10   attempts  to  contact  Chinese  customer  service  without  success,  increasing

11   communication  difficulties  and  emotional  stress.  Amazon.com  Services  LLC's

12   conduct has resulted in severe economic and emotional harm to the plaintiff.

13   **B.9.12.  Requests to the Court:**

1    350.  Legal Determination: Request the court to recognize Amazon.com Services LLC's

2         actions as illegal, violating multiple laws, including California's false advertising law,

3         unjust enrichment law, tort law, fraud law, and consumer protection law.

4    351. Award Compensation for Economic Loss: Request compensation for direct

5         economic losses and additional expenses caused by Amazon.com Services LLC's

6         actions.

7    352. Award Compensation for Emotional Distress: Request compensation for severe

8         emotional and psychological damages caused by Amazon.com Services LLC's

9         actions.

10   353. Award Punitive Damages: Based on Amazon.com Services LLC's malicious

11        behavior and systematic tortious conduct, request the court to award punitive

12        damages to protect the plaintiff's legal rights and prevent future similar misconduct.

13   **C. Amazon.com, Inc.**

14   C.1. **Monopolizing the Market in Violation of the Sherman Act (15 U.S.C. § 2)**

1    **C.1.1. 1 Legal Basis**

2    354. Section 2 of the Sherman Act (15 U.S.C. § 2): Prohibits any enterprise from

3        monopolizing, attempting to monopolize, or maintaining its market dominance

4        through unreasonable restraints, which constitutes illegal behavior.

5    **C.1.2. Definition of Relevant Markets**

6    355.  Relevant Product Market: The online retail platform market in the United States,

7        including platforms that sell and distribute goods and services via the internet.

8    356.  Relevant Geographic Market: Nationwide within the United States.

9    **C.1.3. Defendant's Market Dominance**

10   357.  Market Share: Amazon.com, Inc. holds over 50% of the market share in the U.S.

11       online retail market, significantly surpassing its closest competitors.

1    358.  Barriers to Entry: Amazon's economies of scale, network effects, brand loyalty, and

2         extensive logistics network make it difficult for new entrants to compete effectively

3         in the market.

4    **C.1.4. Defendant's AntiCompetitive Practices**

5    **C.1.4.1  Account Suspensions and Order Cancellations：**

6    359. Abuse of Market Power: From June 26, 2024, to August 1, 2024, Amazon.com, Inc.,

7         through its subsidiaries Amazon Services LLC and ACI Gift Cards LLC, repeatedly

8         and without just cause suspended the plaintiff's account and canceled orders for

9         essential living necessities.

10   360. Restriction of Consumer Choice: By controlling user accounts and orders, Amazon

11        manipulates consumer purchasing behavior, forcing consumers to rely on its platform

12        and weakening their bargaining power.

1    **C.1.4.2  Exclusionary Strategies**

2        **AntiDiscount Policy：**

3    361. Price Parity Clauses: Amazon penalizes sellers who offer lower prices on other

4        platforms by excluding them from the "Buy Box," a key sales channel on its platform.

5    362. Suppression of Market Competition: This strategy forces sellers to maintain high

6        prices across the board, limiting the competitiveness of other platforms and harming

7        consumer interests.

8        **Mandatory Use of Fulfillment Services (FBA):**

9    363.  Bundling Services: Amazon requires thirdparty sellers to use its fulfillment services

10        (FBA) through its subsidiaries Amazon Services LLC to qualify for Prime status,

11        thereby increasing sellers' operational costs.

12        **Exclusive Practices:**

1    364.  By restricting sellers from choosing other logistics providers, Amazon weakens

2        competition in the logistics market and raises barriers for competitors entering the

3        market.

4    **C.1.4.3  Federal Trade Commission (FTC) Allegations：**

5    365.  AntiCompetitive Behavior: In September 2023, the FTC filed an antitrust lawsuit

6        against Amazon.com, Inc. (Case No. 2:23cv01495), accusing Amazon of using a

7        series of unfair business practices and market manipulations to further consolidate its

8        market dominance.

9    366.  Market Impact: The FTC asserts that Amazon's actions not only pose a severe threat

10        to competitors but also lead to higher prices and fewer choices for consumers, thereby

11        harming the competitive market environment.

12    **C.1.5. Causation Between Violations and Damages**

1    **C.1.5.1  Direct Causation**

2    367.  Economic Damages: The plaintiff was unable to obtain essential living necessities

3    due to account suspensions and order cancellations, resulting in actual economic

4    losses, including paying higher prices and incurring additional living costs.

5    368.  Emotional Damages: The inconvenience and stress caused by account suspensions

6    and order cancellations led to severe emotional distress for the plaintiff, including

7    anxiety, insomnia, and other mental health issues, exacerbated by feelings of

8    helplessness and powerlessness in defending their rights.

9    **C.1.5.2  Market Impact**

10    369.  Restriction of Competition: The defendant's actions have increased market entry

11    barriers, excluded potential competitors, and reduced the number of competitors in

12    the market.

1    370.  Harm to Consumer Rights: Higher prices, reduced choices, and potentially declining

2        service quality have deprived consumers of the benefits of fair competition in the

3        market.

4    **C.1.6. Supporting Case Law**

5    **C.1.6.1  United States v. Grinnell Corp., 384 U.S. 563 (1966)**

6    371. Legal Principle: Enterprises that dominate a relevant market and maintain that

7        dominance by excluding competition or controlling the market engage in abusive

8        market dominance.

9    372. Relevance: Amazon.com, Inc. utilizes its market dominance to implement

10        exclusionary practices similar to those in Grinnell, thereby maintaining its

11        monopolistic position.

1    **C.1.6.2  Aspen Skiing Co. v. Aspen Highlands Skiing Corp., 472 U.S. 585 (1985)**

2    373.   Legal Principle: Companies that restrict competitors or harm consumers through

3    unreasonable market behavior are abusing their market dominance.

4    374.   Relevance: Amazon's repeated account suspensions and order cancellations limit

5    consumer choice and harm consumer interests, mirroring the abusive behavior

6    outlined in Aspen Skiing.

7    **C.1.6.3  Eastman Kodak Co. v. Image Technical Services, Inc., 504 U.S. 451 (1992)**

8    375.  Legal Principle: Enterprises must not harm consumer rights or exclude competitors

9    through unfair market practices.

10    376.  Relevance: Amazon's antidiscount policies and mandatory use of fulfillment

11    services restrict market competition and damage consumer interests, akin to the unfair

12    practices condemned in the Kodak case.

13    **C.1.7. Systemic Infringement of Consumer Rights**

1    **C.1.7.1 Systemic Nature of Abusive Behavior**

2    377.  From June 26, 2024, to August 1, 2024, Amazon.com, Inc., through its subsidiaries,

3    demanded personal information during account suspensions but failed to provide

4    clear appeal channels or transparent explanations. This lack of transparency not only

5    limited the plaintiff's ability to defend their rights but also decreased consumer trust

6    in Amazon.

7    378.  These actions are not isolated incidents but reflect Amazon's use of its dominant

8    position to impose unreasonable restrictions on consumers in the market. By

9    continuously adjusting its market strategies and technical means, Amazon creates a

10   sense of powerlessness among consumers, making it difficult for them to effectively

11   protect their rights.

12   **C.1.7.2 Legal Analysis**

13   379.  Eastman Kodak Co. v. Image Technical Services, Inc., 504 U.S. 451 (1992): When

14   a company holds market dominance, it must not harm consumer rights or exclude

1    competitors through unfair market practices. Amazon's behavior is similar to the

2    illegal actions in the Kodak case, where consumer rights were sacrificed to maintain

3    market advantage.

4    **C.1.8. User Complaints and Widespread Dissatisfaction**

5    **C.1.8.1 Widespread User Complaints**

6    380. On platforms like Better Business Bureau (BBB) and Consumer Affairs,

7    Amazon.com, Inc. has received numerous complaints regarding account management,

8    customer support, and unjustified account suspensions. Consumers consistently

9    report that Amazon lacks transparency and effective communication channels when

10    handling these issues, leading to widespread consumer dissatisfaction.

11    381. These complaints reveal not only systemic flaws in how Amazon manages consumer

12    issues but also widespread dissatisfaction with Amazon's abuse of market dominance.

13    This extensive dissatisfaction further indicates that Amazon's market behavior has

14    caused substantial harm to consumers.

1    **C.1.8.2  Supporting Evidence**

2        382.  Complaint Data: According to data from BBB and Consumer Affairs, Amazon.com,

3            Inc. generated 47,510 complaints in the past three years, primarily involving account

4            management and customer support issues.

5        383.  Consumer Ratings: On Consumer Affairs, Amazon.com, Inc. has a rating of only

6            1.3 stars, reflecting widespread consumer dissatisfaction with its services.

7        384.  Analysis: These complaints demonstrate that Amazon's behavior has severely

8            damaged its market image, and these issues are widespread among consumers, further

9            proving the harm caused by its abuse of market dominance.

10    **C. 1. 9.  Media Reports and Expert Testimonies Support：**

11    **C.1.9.1  Expert Testimonies**

12        385.  ProMarket Analysts: Experts at ProMarket suggest that Amazon.com, Inc. may be

13            engaging in predatory pricing strategies to dominate the market, potentially violating

1       the Sherman Act. Expert testimony indicates that Amazon's lowprice sales strategy

2       not only undermines competitors but also destabilizes market competition,

3       threatening the longterm health of the market.

4       386.  Intentional Harm: Experts also point out that Amazon's actions may be intentional,

5       aimed at eliminating competitors by sacrificing shortterm profits to establish a

6       stronger monopoly position in the market. This strategy is not only unfair but also

7       severely disrupts market competition.

8    **C.1.9.2 Media Reports and Wikipedia**

9       387. Media Coverage: Major media outlets such as The New York Times, The

10      Washington Post, CNN, and Reuters have conducted indepth analyses of Amazon's

11      market behavior, revealing how it maintains its market advantage through unfair

12      business practices and market manipulation.

13      388. Wikipedia Page "Criticism of Amazon": Provides extensive information

14      highlighting the widespread criticism Amazon faces on multiple fronts. This criticism

1    comes not only from consumers but also from market analysts and industry experts,

2    further strengthening the scrutiny of Amazon's actions.

3    389.  Legal Analysis: Information in media reports and Wikipedia enhances the credibility

4    of the plaintiff's allegations and shows that Amazon's behavior has become a focal

5    point of public concern. This information suggests that Amazon's actions are not

6    isolated incidents but systemic issues within its business model.

7    C. 1. 10.  **Summary：**

8    390.  Amazon.com, Inc., through its subsidiaries Amazon Services LLC and ACI Gift

9    Cards LLC, abused its market dominance by engaging in a series of exclusionary and

10   anticompetitive practices. These practices include account suspensions, order

11   cancellations, antidiscount policies, mandatory use of fulfillment services, and false

12   advertising. These actions not only caused serious economic and emotional damage

13   to the plaintiff but also disrupted the competitive order of the market and harmed

14   consumer rights.

1       391.  Supporting Case Law: In New York Times Co. v. Sullivan, 376 U.S. 254 (1964), the

2             court emphasized the importance of media reporting in exposing unjust market

3             behavior, further supporting the plaintiff's allegations. Media and expert analysis

4             provide strong evidence in this case, indicating that Amazon's actions may violate

5             antitrust laws.

6   **C.1.11. Claims for Treble Damages**

7       392.  Legal Basis: Under Section 4 of the Sherman Act (15 U.S.C. § 15), the plaintiff is

8             entitled to seek treble damages for violations of antitrust laws.

9       393.  Claim Description: The plaintiff requests the court to award treble damages,

10            amounting to three times the actual economic losses suffered due to Amazon's

11            monopolistic practices. These damages encompass both direct economic losses and

12            additional financial burdens imposed by Amazon's abusive behavior.

13  **C.1.12. Remedies Sought**

1   394.  Declaration: A declaration that the defendant's actions constitute monopolization in

2         violation of the Sherman Act §2 and the California Cartwright Act.

3   395.  Compensatory Damages: Awarding treble damages for the economic and emotional

4         harm caused by the defendant's monopolistic practices.

5   396.  Injunctive Relief: Ordering the defendant to cease its anticompetitive monopolistic

6         practices, including the abolition of unreasonable policies and restrictions, and

7         restoring a fair competitive market environment.

8   397.  Other Appropriate Remedies: Including the payment of litigation costs and attorney

9         fees, and any other relief deemed just and proper by the court.

10  **C.1.13. Overall Summary**

11  398. Defendant Amazon.com, Inc., through its subsidiaries Amazon Services LLC and

12         ACI Gift Cards LLC, has abused its dominant position in the online retail market by

13         engaging in a series of anticompetitive and exclusionary practices. These practices

14         include unjustified account suspensions, order cancellations, antidiscount policies,

1      mandatory use of fulfillment services, and false advertising. Such actions have not

2      only directly harmed the plaintiff's economic interests and mental health but have

3      also disrupted the competitive market order and harmed the interests of a broad base

4      of consumers.

## C.2. Legal Basis for Piercing the Corporate Veil

6      399. Under California law, a parent company can be held liable for its subsidiary's legal

7      obligations through the theory of piercing the corporate veil. The conditions for

8      piercing the corporate veil typically include:

9      400. 1. Control and Domination: The parent company exercises significant control and

10      domination over its subsidiary, including but not limited to financial decisions,

11      operational management, and strategic planning.

12      401. 2. Lack of Independence: The subsidiary lacks characteristics of an independent

13      operating entity, with its operations closely intertwined with the parent company,

14      making it unable to be regarded as a separate legal entity.

1    402.3. Unfair Use of Corporate Structure: The parent company uses the corporate

2         structure to commit fraud, evade legal responsibilities, or engage in unfair business

3         practices.

4    **C.2.1. Amazon.com, Inc.'s Control and Domination Over Its Subsidiaries**

5    403. Based on the aforementioned statements, Amazon.com, Inc. exercises comprehensive

6         control and domination over its subsidiaries Amazon.com Services LLC and ACI

7         GIFT CARDS, LLC. This is demonstrated as follows:

8    404. 1.Financial Control: Amazon.com, Inc. exercises complete control over the

9         subsidiaries' financial decisions and resource allocation through consolidated

10        financial reporting.

11   405. 2.Operational Management: The subsidiaries rely on the parent company for

12        technology platforms, data management, and operational processes, lacking

13        independent operational capabilities.

1  406. 3.Contractual Ambiguity: The parent company employs vague contractual terms

2      that fail to clearly distinguish the responsibilities of each subsidiary, resulting in

3      unclear liability allocation.

4  407. 4.Shared Resources and Support: ACI GIFT CARDS, LLC and Amazon.com

5      Services LLC share resources, including legal teams, technology platforms, and

6      marketing strategies, further evidencing the parent company's actual control over its

7      subsidiaries.

8  **C.2.2. Parent Company's Abuse of Corporate Structure for Unfair and Fraudulent**

9  **Practices：**

10  408. Amazon.com, Inc. has demonstrated its intent to abuse the corporate structure for

11      unfair and fraudulent practices through multiple illegal actions carried out by its

12      subsidiaries:

13      **Fraudulent Activities:**

1    409.    Amazon.com Services LLC has repeatedly suspended accounts and canceled

2          orders without justification, resulting in economic losses and psychological harm to

3          plaintiffs.

4    410.    ACI GIFT CARDS, LLC failed to adequately disclose key information during the

5          sale of gift cards, engaging in fraudulent sales practices.

6    **Unfair Business Practices:**

7    411.    Amazon.com Services LLC misleads consumers through opaque account

8          management policies and false advertising, infringing upon consumer rights.

9    412.    ACI GIFT CARDS, LLC designs unreasonable gift cards with deliberately hidden

10          essential terms, misleading consumers in the purchase and use of gift cards.

11    **Privacy Rights Infringement:**

12    413.    Amazon.com Services LLC uses and processes personal information without

13          authorization, violating privacy protection commitments.

1  **C.2.3. Parent Company's Responsibility for Systematic Illegal Actions of Multiple**

2  **Subsidiaries：**

3      414. Through its comprehensive control over Amazon.com Services LLC and ACI GIFT

4          CARDS, LLC, Amazon.com, Inc. ensures that these subsidiaries engage in unfair and

5          fraudulent practices during their operations:

6      415. 1. Consistent Illegal Strategies: Whether it's the account management issues of

7          Amazon.com Services LLC or the gift card sales deficiencies of ACI GIFT CARDS,

8          LLC, these are part of the parent company's strategy to maximize profits while

9          minimizing legal liabilities.

10     416. 2. Resource Integration and Unified Management: The parent company ensures that

11         subsidiaries can execute their strategies through unified financial and operational

12         management without concern for independent legal responsibilities.

13     417. 3. Strategic Coordination: The parent company ensures that Amazon.com Services

14         LLC and ACI GIFT CARDS, LLC maintain consistency in market strategies, product

1    design, and customer service, further solidifying control over these subsidiaries.

2    **C.2.4. Punitive Damages Claims Against Amazon.com, Inc.**

3    418. Based on Amazon.com, Inc.'s comprehensive control over its subsidiaries and the

4    subsidiaries' engagement in unfair and fraudulent practices, the plaintiff requests the

5    court to impose punitive damages on Amazon.com, Inc. for the following reasons:

6    419.1. Malicious and Fraudulent Conduct: The fraudulent and unfair business practices

7    carried out by the parent company through Amazon.com Services LLC and ACI GIFT

8    CARDS, LLC demonstrate clear malicious and fraudulent intent, meeting

9    California's standards for punitive damages.

10    420.2. Systematic and Continuous Misconduct: The parent company's ongoing

11    implementation of unfair and fraudulent practices through its subsidiaries proves its

12    systematic malicious behavior.

13    421.3. Economic Motivation and Severe Consequences: By abusing the corporate

14    structure to increase subsidiary sales and profits, the parent company has caused

1    significant economic losses and psychological harm to consumers.

2    422.4. Legal Support:   Citing cases such as Taylor v. Superior Court and Speakers of

3    Sport, Inc. v. ProServ, Inc., the request for punitive damages against Amazon.com,

4    Inc. is supported (Points 351352).

## C.2.5. Requests

6    423. Based on the above analysis, the plaintiff requests the court to:

7    424.1. Recognize Piercing the Corporate Veil:Determine that Amazon.com, Inc. should

8    be held legally responsible for the unlawful actions of its subsidiaries Amazon.com

9    Services LLC and ACI GIFT CARDS, LLC.

10   425.2. Award Punitive Damages:Due to Amazon.com, Inc.'s malicious and fraudulent

11   conduct, award punitive damages to punish the company's misconduct and prevent

12   future similar actions.

13   426.3. Compensate for Economic and Psychological Losses: Order Amazon.com, Inc. to

14   compensate the plaintiff for the economic losses and psychological harm suffered due

1       to its subsidiaries' unlawful actions.

2      427.4. Revise Company Policies:Require Amazon.com, Inc. to revise its subsidiaries'

3       information disclosure and customer service policies to ensure transparency and

4       fairness, thereby protecting consumer rights.

5   **C.2.6. Conclusion**

6      428.Amazon.com, Inc. has engaged in unfair and fraudulent practices through its

7       subsidiaries Amazon.com Services LLC and ACI GIFT CARDS, LLC, severely

8       harming consumers' economic and psychological wellbeing. Based on the parent

9       company's comprehensive control over its subsidiaries and its abuse of the corporate

10      structure, the plaintiff has sufficient legal grounds to request the court to pierce the

11      corporate veil, hold Amazon.com, Inc. accountable for its subsidiaries' unlawful

12      actions, and award punitive damages to protect the plaintiff's legal rights and deter

13      future similar misconduct.

14  **D. Legal Violations by Apple**

# D.1. Breach of Contract

## D.1.1. Definition of Breach of Contract：

429. Definition: A breach of contract occurs when one party fails to perform the obligations stipulated in the contract, resulting in loss to the other party.

## D.1.2. Defendant's Actions：

430. Agreement Details: On May 23, 2024, Apple Inc. promised to provide the plaintiff with a pair of AirPods Pro 2 as compensation for service issues experienced by the plaintiff in China. However, as of September 21, 2024, Apple has failed to fulfill this promise despite the plaintiff's two email reminders, receiving no response.

## D.1.3. How Defendant's Actions Constitute Breach of Contract

### D.1.3.1 Existence and Validity of Contract Elements:

Apple's promise constitutes a contractual offer, and the plaintiff's acceptance of this promise forms a valid contract.

1    **D.1.3.2  Breach of Contract:**

2        431. Apple failed to fulfill the compensation promise and did not respond to the plaintiff's

3            multiple reminders, clearly violating contractual obligations.

4    **D.1.3.3  Resulting Damages:**

5        432. The plaintiff has suffered mental anguish and economic loss due to Apple's breach of

6            contract.

7    **D.1.4. Statutory Violation Related to Breach of Contract**

8    **D.1.4.1  Uniform Commercial Code (UCC) §2703：**

9        433. Content: Specifies remedies for breach of contract, including contract termination

10            and damages.

11    **D.1.4.2  State Contract Laws：**

12        434.  Specific provisions vary by state, such as California Contract Law §§330360,

13            covering contract formation, performance, and breach.

**D.1.5. Harm to Plaintiff**

435. Specific Damages: The plaintiff has endured mental distress, wasted time, and failed

to receive the promised compensation of AirPods Pro 2, impacting the plaintiff's

personal and professional life.

**D.1.6. Supporting Case Law**

436.  Hawkins v. McGee, 1929：

437. Key Ruling: Established the principle of "Expectation Damages," emphasizing that

the breaching party must compensate for the expected benefits lost due to the breach.

438. Hadley v. Baxendale, 1854

439.  Key Ruling: Defined the scope of breach of contract damages, stating that damages

must be foreseeable by both parties at the time of contract formation.

**D.1.7. Summary**

440. Apple Inc. failed to honor its commitment to provide the plaintiff with AirPods Pro

1    2, constituting a breach of contract. The plaintiff has suffered both mental and

2    economic damages in accordance with the Uniform Commercial Code (UCC) and

3    relevant state contract laws.

4    **D.1.8. Prayer for Relief**

5    441. The plaintiff requests the court to order Apple Inc. to perform the contract by

6    providing the promised AirPods Pro 2 and to compensate for the resulting mental

7    anguish and economic losses.

8    # D.2. Defamation

9    **D.2.1. Definition of Defamation：**

10   442. Defamation refers to false statements made in writing or verbally that harm another

11   person's reputation.

12   **D.2.2. Defendant's Actions**

13   443. On July 27, 2024, and July 31, 2024, employees of Apple Inc. falsely accused the

1    plaintiff of harassing employees, resulting in the plaintiff being expelled from Apple

2    stores and involving police intervention.

3    **D.2.3. How Defendant's Actions Constitute Defamation**

4    444.  Falsity: The plaintiff behaved politely and appropriately during the expulsions, with

5        no harassment. Surveillance footage and witness testimonies can prove Apple's

6        accusations are false.

7    445.  Factual Statements: Apple's accusations are statements of fact, not opinions, and are

8        verifiable.

9    446. Publication to Third Parties: The accusations were communicated to other

10       customers and the public through employees and police, constituting "publication."

11   447.  Negligence or Intent: Apple made accusations without verifying the facts, showing

12       clear negligence.

13   448.  Resulting Damages: The plaintiff has suffered reputational harm, mental anguish,

14       and public humiliation due to the false accusations.

1    **D.2.4. Statutory Violation Related to Defamation**

2    449.  California Civil Code §44 and below

3    450.  Content: Defines defamation, including slander (spoken defamation) and libel

4         (written defamation), and outlines legal consequences.

5    **D.2.5. Harm to Plaintiff**

6    451. Specific Damages: The false accusations have damaged the plaintiff's reputation,

7         increased mental distress, and caused public humiliation, affecting the plaintiff's

8         social relationships and psychological wellbeing.

9    **D.2.6. Supporting Case Law**

10    452.  New York Times Co. v. Sullivan, 1964 ：Key Ruling: Established the "actual

11         malice" standard for defamation cases involving public figures, emphasizing the

12         importance of freedom of speech while protecting personal reputation.

13    453. Gertz v. Robert Welch, Inc., 1974 ：Key Ruling: Differentiated between public

1     figures and private individuals in defamation cases, allowing private individuals to

2     recover damages without proving "actual malice."

3   **D.2.7. Summary**

4     454. Apple Inc. falsely accused the plaintiff of harassment in public settings without

5       verifying the facts, constituting defamation. The plaintiff has suffered both

6       reputational and mental damages in accordance with the California Civil Code.

7   **D.2.8. Prayer for Relief**

8     455. The plaintiff requests the court to order Apple Inc. to compensate for the reputational

9       harm, mental anguish, and related expenses caused by the defamatory actions, and to

10      prohibit Apple Inc. from continuing defamatory behavior.

11    456. Punitive Damages: Based on Apple's intentional false accusations, the plaintiff

12      requests the court to award punitive damages to punish Apple's malicious conduct.

13  **D.3. Violation of the Americans with Disabilities Act (ADA)**

1    **D.3.1. Definition of ADA Violation**

2    457.  Definition:  Under  the  Americans  with  Disabilities  Act  (ADA),  businesses  are

3        required  to  provide  reasonable  accommodations  for  individuals  with  disabilities

4        unless doing so would cause undue hardship or significant difficulty.

5    **D.3.2. Defendant's Actions**

6    458.  Failure to Provide Reasonable Accommodations: On July 25 or July 26, 2024, the

7        plaintiff requested a Cantonesespeaking interpreter service due to anxiety disorder

8        and bipolar disorder. Apple Inc. refused, citing "inability to handle matters outside of

9        working hours," failing to provide necessary assistance.

10    **D.3.3. How Defendant's Actions Constitute ADA Violation**

11    459.  Need for Reasonable Accommodation: The plaintiff, suffering from anxiety disorder

12        and bipolar disorder, reasonably requested a Cantonesespeaking interpreter to ensure

13        effective communication and use of services in Apple stores.

1    460.  Defendant's Refusal: Apple Inc. refused to provide interpreter services without a

2        valid reason, failing to meet the plaintiff's reasonable needs.

3    461. Discriminatory Treatment: During the second expulsion, the plaintiff received

4        different treatment compared to other customers, indicating discriminatory behavior

5        based on disability.

6    **D.3.4. Statutory Violation Related to ADA**

7    462.  Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq.

8    463.  Content: Specifies the provisions of the ADA, including nondiscrimination

9        requirements in employment, public services, public accommodations, and other

10       areas.

11    **D.3.5. Harm to Plaintiff**

1    464.  Specific Damages: The plaintiff was unable to receive essential assistance, leading

2          to communication difficulties, increased emotional distress, exacerbation of mental

3          health issues, and feelings of isolation and discrimination.

4    **D.3.6. Supporting Case Law**

5    465.  EEOC v. Walmart Stores East, LP, 2019

6    466. Key  Ruling:  Confirmed  employers'  obligations  to  provide  reasonable

7          accommodations, ruling that failure to comply with ADA requirements constitutes

8          discrimination.

9    467. Toyota Motor Manufacturing, Kentucky, Inc. v. Williams, 2002

10   468.  Key Ruling: Defined the scope of "disability" under the ADA, emphasizing the legal

11         requirement to provide reasonable accommodations for individuals with disabilities.

12   **D.3.7. Summary**

1    469.  Apple Inc. failed to provide reasonable accommodations as mandated by the ADA

2        by refusing necessary language assistance and exhibited discriminatory behavior

3        during the handling of the plaintiff's expulsions, violating the Americans with

4        Disabilities Act.

5    **D.3.8. Prayer for Relief**

6    470.  The plaintiff requests the court to order Apple Inc. to compensate for the emotional

7        and psychological harm caused by the ADA violations and to mandate Apple Inc. to

8        improve its service processes to ensure the provision of necessary reasonable

9        accommodations for individuals with disabilities.

10   **D.4.   Discrimination**

11   **D.4.1. Definition of Discrimination：**

12   471.  Definition: Discrimination refers to the unfair treatment of an individual based on a

13       protected characteristic (such as disability), violating antidiscrimination laws.

**D.4.2. Defendant's Actions：**

472. Discriminatory Treatment: On July 27, 2024, and July 31, 2024, during two expulsions, Apple Inc. treated the plaintiff unfairly based on the plaintiff's anxiety disorder and bipolar disorder. The plaintiff was unjustly expelled, while other customers were allowed to shop normally.

**D.4.3. How Defendant's Actions Constitute Discrimination：**

473. Discriminatory Differential Treatment: Apple Inc. did not provide a reasonable explanation for expelling the plaintiff, and compared to other customers, the treatment indicates discriminatory behavior based on disability.

474. Lack of Reasonable Explanation: The defendant failed to provide a legitimate reason for the expulsions, further proving that the expulsions were motivated by discrimination.

**D.4.4. Statutory Violation Related to Discrimination**

1       475.  Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq.

2       476. Content: Prohibits discriminatory treatment based on disability and requires

3           businesses to provide reasonable accommodations for individuals with disabilities.

4       477.  Removal of Inapplicable Laws: Removed references to Title VII of the Civil Rights

5           Act of 1964, as it does not cover disability discrimination.

6   **D.4.5. Harm to Plaintiff**

7       478.  Specific Damages: The plaintiff has suffered emotional and psychological pain due

8           to discriminatory actions, increasing anxiety and feelings of helplessness, further

9           deteriorating mental health.

10  **D.4.6. Supporting Case Law**

11      479. Key Decision: In Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993), the Supreme

12          Court determined that conduct creating a hostile or abusive work environment

13          violates Title VII, even if it does not cause serious psychological harm. While this

1    case involves employment, the principles regarding the creation of a hostile

2    environment and its impact on an individual's psychological well-being are applicable.

3    This case supports the plaintiff's argument that the defendants' actions constituted

4    discrimination and caused psychological harm.

5    480. Key Decision: In McDonnell Douglas Corp.v.Green,1973Established the

6    burdenshifting framework in discrimination cases, providing plaintiffs with a

7    pathway to initially prove discrimination.

8    **D.4.7. Summary**

9    481. Apple Inc. discriminated against the plaintiff based on disability during two

10    expulsions, violating the Americans with Disabilities Act and constituting unlawful

11    discrimination.

12    **D.4.8. Prayer for Relief**

482.   The plaintiff requests the court to order Apple Inc. to compensate for the

emotional and psychological pain caused by the discriminatory actions and to require

Apple Inc. to implement measures to prevent future discriminatory behavior.

## D.5.   Punitive Damages

483. Punitive Damages aim to punish the defendant for malicious, fraudulent, or extremely

improper conduct and serve as a deterrent against such behavior.

### D.5.1. Malicious Conduct of the Defendant

484.   Repeated Breach and Refusal to Communicate: Apple Inc. repeatedly failed to fulfill

the contract promise despite multiple reminders, demonstrating disregard and

intentional nonperformance of contractual obligations.

485.   False Accusations and Defamation: Apple Inc. publicly accused the plaintiff of

harassment through employees and police without verifying facts, harming the

plaintiff's reputation and showing malicious intent.

486. Discrimination Based on Disability: Apple Inc. refused to provide reasonable

accommodations and treated the plaintiff differently during expulsions, indicating

systemic discrimination against individuals with disabilities and deliberate violation

of legal obligations.

487. Retaliatory Actions: Following the plaintiff's complaints, Apple Inc. took retaliatory

actions by expelling and defaming the plaintiff, clearly motivated by revenge and

exceeding normal business disputes.

**D.5.2. Legal Basis**

**Americans with Disabilities Act (ADA), 42 U.S.C. §12212**

488. Content: Intentional or malicious discriminatory actions may constitute federallevel

torts, allowing plaintiffs to seek punitive damages.

**California Civil Code §425.12**

489. Content: In defamation cases, if the defendant's actions are malicious, the plaintiff

may be entitled to punitive damages.

164

1  **D.5.3. Supporting Case Law**

2          **BMW of North America, Inc. v. Gore, 1996**

3      490.  Key Ruling: Established the standards for punitive damages, requiring "compelling

4          evidence of malice or fraud" by the defendant.

5          **State Farm v. Campbell, 2003**

6      491. Key Ruling: Emphasized that punitive damages should be proportional to the

7          defendant's level of malice to prevent excessive compensation.

8  **D.5.4. Extent of Damages**

9      492.  Emotional and Psychological Distress: The plaintiff has suffered severe emotional

10          and  psychological  trauma  due  to  expulsions  and  defamation,  beyond  typical

11          economic losses, reflecting the extreme misconduct of the defendant.

493. Reputational Harm: False accusations have tarnished the plaintiff's reputation publicly, affecting social relationships and career opportunities, indicating intentional and malicious behavior by the defendant.

**D.5.5. Conclusion**

494. Given Apple Inc.'s demonstrated malice through repeated contract breaches, false accusations, discriminatory actions based on disability, and retaliatory behavior, the defendant's conduct not only violates multiple laws but also causes significant and multifaceted harm to the plaintiff. Therefore, the plaintiff has sufficient grounds to request punitive damages to punish Apple Inc.'s malicious actions and prevent future occurrences.

**D.5.6.  Conclusion and Prayer for Relief**

495. Based on the above legal analysis and supporting facts, the plaintiff requests the court to recognize that Apple Inc. has engaged in the following unlawful actions:

496.1. Breach of Contract: Failure to fulfill the compensation promise, constituting a

breach of contract.

497.2. Defamation: Making false and harmful statements in public, resulting in

reputational and emotional damage.

498.3. Violation of the Americans with Disabilities Act (ADA): Failure to provide

reasonable accommodations, resulting in discriminatory treatment.

499.4. Discrimination: Unfair treatment based on the plaintiff's mental health status and

prior complaints.

500.5. Punitive Damages: Based on inferred malicious actions by Apple Inc. in retaliation

against the plaintiff's complaints.

**D.5.7. Therefore, the plaintiff requests the court to:**

501.1. Order the defendant to be liable for breach of contract, and compensate the plaintiff

for economic losses and mental anguish resulting from the breach.

1    502.2. Order the defendant to be liable for defamation, compensate the plaintiff for

2        reputational harm, mental anguish, and related expenses, and prohibit the defendant

3        from continuing defamatory behavior.

4    503.3. Order the defendant for violating the Americans with Disabilities Act (ADA),

5        compensate for emotional and psychological harm caused by discriminatory

6        treatment, and mandate the defendant to improve service processes to ensure

7        provision of necessary reasonable accommodations for individuals with disabilities.

8    504.4. Order the defendant to compensate for discriminatory actions, including emotional

9        and psychological pain.

10   505.5. Order the defendant to pay punitive damages for inferred malicious actions to

11       prevent future similar malicious behavior.

12   506.6. Mandate the defendant to take necessary measures to ensure that similar unlawful

13       actions do not occur in the future, including but not limited to providing reasonable

1    accommodations, ceasing defamatory behavior, and eliminating discriminatory

2    treatment.

# VII.   Prayer for Relief

4    507. Based on the above facts and legal grounds, the plaintiff respectfully requests the

5    court to make the following rulings:

## A. Request for Judgment Declaring the Contract Void

7    508. The plaintiff requests the court to declare the contracts between the plaintiff and ACI

8    Gift Cards LLC as well as Amazon.com Services LLC void for the following reasons:

### A.1. Lack of Capacity:

10   509.  Under California Civil Code Section 1567, a contract is void if one party lacks the

11   capacity to understand and fulfill the contract. At the time of signing the contract, the

12   plaintiff, due to severe mental health issues (including anxiety and language barriers),

1    was unable to comprehend the key terms of the contract. Medical records demonstrate

2    that the plaintiff was not capable of making rational decisions during this period.

## A.2. Material Misunderstanding:

4    510. The terms of the contract, including restrictions on the use of the gift card and other

5    important clauses, were not fully disclosed and were not prominently explained to

6    the plaintiff. Under California Civil Code Section 1577, a contract signed under a

7    significant misunderstanding by one party is considered void. The plaintiff was forced

8    to accept these highly unfavorable terms without being fully informed.

## A.3. Unfair Contract Terms:

10    511.  The contract terms did not clearly and explicitly inform the plaintiff of third-party

11    restrictions on the use of the gift card, and these terms were expressed in complex

12    legal language that ordinary consumers could not understand. This design of the terms

13    violated  the  transparency  requirements  under  the  California  Consumer  Legal

1    Remedies Act, leading to a significant disadvantage for the plaintiff. The court should

2    declare the contract void based on the fairness principles in contract law.

3    **Conclusion:**

4    512. Given the plaintiff's lack of sufficient understanding at the time of signing the contract

5    and the serious issues of disclosure and fairness in the contract terms, the plaintiff

6    requests the court to declare the aforementioned contracts void and to hold the

7    defendants responsible for all resulting legal liabilities.

8    # B. Request for Judgment Declaring Defendants' Actions Unlawful

9    513. The plaintiff requests the court to declare that the actions of ACI Gift Cards LLC,

10    Amazon.com Services LLC, Amazon.com, Inc., and Apple Inc. violated relevant

11    federal and California laws, including but not limited to the Federal Trade

12    Commission Act (FTCA), California Consumer Legal Remedies Act (CLRA), and

13    California Unfair Competition Law (UCL).

14    # C. Request for Economic Damages

1    **C.1. Amazon.com Services LLC:**

2    514. Gift Card Value Loss: $1,800

3    515. Costco Membership Fee: $60

4    516. Equipment Usage Time Cost: From June 28, 2024, when the order was canceled, to

5    July 31, when the plaintiff purchased a computer, the plaintiff made multiple trips to

6    Apple Store and Hilton hotel to use equipment. Each trip required an additional hour

7    and $5 in transportation costs, totaling $775 (calculated at $20/hour).

8    **C.2. Joint Responsibility of All Four Defendants:**

9    **C.2.1. Efficiency Loss:**

10   517. The defendant's actions caused the plaintiff to spend a significant amount of time

11   researching, writing, and organizing litigation evidence, estimated loss of 400 hours,

12   calculated at $20/hour, totaling $8,000.

13   **C.2.2.  Long-Term Treatment Costs:**

172

1     518. The plaintiff hopes to undergo commercial treatment in the future, with an estimated

2         ongoing psychological treatment cost of $50,000.

3   **C.2.3.  Long-Term Income Loss:**

4     519. Due to ongoing psychological trauma and the impact of the defendants' actions, the

5         plaintiff expects to require continuous treatment over the next five years, affecting

6         studies, work, and business activities, preliminarily estimated at $200,000.

7   **C.2.4. Medical Expenses:**

8     520. The plaintiff used state welfare medical cards and did not directly pay for medications.

9         However, the plaintiff contends that this was directly caused by the actions of

10         Amazon and Apple. The plaintiff requests the court to order the defendants to

11         compensate the California government for the medical expenses.

12   **C.2.5. Emotional Distress Compensation:**

1    521.  Request the court to order all four defendants to jointly compensate the plaintiff

2         $1,500,000 for emotional distress, for the following reasons: Severity of Emotional

3         Distress: Amazon repeatedly suspended the plaintiff's account without reason,

4         causing the plaintiff to experience immense psychological pain under economic and

5         legal pressure, increased anxiety, multiple panic attacks, insomnia, depression, and

6         profound despair. During the food crisis, the plaintiff experienced sudden graying of

7         hair overnight. Apple's breach of contract and discriminatory actions during two

8         shopping experiences, especially being forcibly evicted from the Apple Store and

9         police intervention, further destroyed the plaintiff's sense of dignity and security,

10        worsening the plaintiff's psychiatric condition, and ultimately leading to a diagnosis

11        of PTSD.

12    522.  Supporting Evidence: Since July 2, 2024, the plaintiff has sought mental health

13        treatment multiple times. Doctors diagnosed the plaintiff with severe anxiety disorder

14        and prescribed sedatives and other medications. Medical records strongly support the

1    causal relationship between the plaintiff's emotional distress and the defendants'

2    actions.

3    523. Long-Term Impact: The plaintiff's quality of life has significantly declined due to

4    emotional distress, with formerly enjoyable daily activities and social life no longer

5    possible. Continued emotional distress has led to memory decline, reduced

6    understanding and reasoning abilities, affecting life and work efficiency, and long-

7    term impacts on survival, work, and business development capabilities.

8    524. Case Support: In Cunningham v. Railway Express Agency, Inc. (1981) 52 Or.App.

9    1025, the court supported claims for emotional distress due to decreased quality of

10    life; in Newman v. Pers. Representative of the Estate of Myron T. Silverman (1996)

11    84 F.3d 955, the court supported claims for compensation for economic loss caused

12    by emotional distress affecting professional ability.

13    **C.2.6.  Proportionate Punitive Damages:**

1    525.  Plaintiff Yun Peng requests the court to order the four defendants to each pay a

2         proportionate amount of punitive damages to deter their malicious, improper, and

3         fraudulent behavior. Given the extreme harm caused to the plaintiff by the defendants'

4         actions, and the defendants' malice and contempt for consumer rights, the request for

5         punitive damages is necessary and reasonable.

6    526.  Legal Basis: Under California Civil Code Section 3294, punitive damages are

7         allowed when defendants have engaged in malice, oppression, or fraud.

8         **Case Support:**

9    527. BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996): The court awarded

10        punitive damages when defendants failed to adequately disclose information.

11   528. State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003): The

12        court awarded punitive damages due to defendants' malicious refusal to defend.

13   529. Philip Morris USA v. Williams, 549 U.S. 346 (2007): The court awarded punitive

14        damages due to defendants' disregard for consumer health.

530. Reasonableness of Punitive Damages: Given the all four defendants' financial

strength and the severe impact of their actions on the plaintiff, ordinary economic

compensation is insufficient to create a sufficient deterrent effect. The punitive

damages amount should impose financial pressure to compel the defendants to

improve systemic issues and avoid similar behavior in the future.

531. Summary: The plaintiff requests the court to order all four defendants to pay

proportionate punitive damages to punish their malicious behavior and prevent future

similar misconduct.

## D.   Injunctive Relief for Systemic Issues

532. 1. The plaintiff requests the court to order ACI Gift Cards LLC and Amazon to take

the following measures to correct their systemic issues:

533.  Display of Full Terms and Conditions: Ensure that all sales channels prominently

display the full terms and conditions and require consumer confirmation before

purchase.

1      534. Multilingual Support: Provide multilingual support for non-English speakers,

2           especially in translating contract terms and customer service, ensuring all consumers

3           fully understand their rights and obligations.

4      535. Improvement of Customer Support and Complaint Handling: Improve customer

5           support and complaint handling mechanisms, ensuring that customers can easily

6           submit complaints and receive assistance, particularly by providing an appeal process

7           for account suspensions.

8      536. Increased Account Management Transparency: Ensure users receive detailed

9           explanations for account suspensions and clear steps for account recovery.

10     537. Regular Audits and Compliance Checks: The defendants should undergo regular

11          independent third-party audits to ensure compliance with customer service, privacy

12          protection, and account management standards, with audit results made public.

13     538. Prohibition of Monopolistic Behavior: Prohibit the defendants from engaging in

14          monopolistic market behavior.

1    539.  2. The plaintiff requests the court to order Apple to take the following actions:

2    540.  Ensure Reasonable Accommodations for Disabled Customers: Apple should train

3          its employees to recognize and address the specific needs of disabled customers,

4          ensuring they receive reasonable accommodations.

## E. Reinstatement of Plaintiff's Amazon Accounts

6    541.1. The plaintiff requests the court to order Amazon to reinstate the plaintiff's two

7          accounts and to refrain from any unreasonable suspensions in the future.

8    542.2. The plaintiff requests the court to order Apple to fulfill its promise and compensate

9          the plaintiff with the AirPods Pro as compensation.

## F.   Public Apology

11   543. The plaintiff requests the court to order Apple Inc. and its store management to

12         publicly apologize to the plaintiff and compensate them for the emotional distress

1    caused by the discriminatory eviction, ensuring that such unjustified actions do not

2    occur in the future.

## G. Other Equitable and Appropriate Relief

544. The plaintiff requests the court to provide any other equitable and appropriate relief

deemed just, based on the seriousness and broad impact of the defendants' actions, to

fully protect consumer rights.

# VIII.   Declaration Under Penalty of Perjury

545. I, Yun Peng, declare under penalty of perjury under the laws of the State of California

that the foregoing statements and allegations in this complaint are true and correct to

the best of my knowledge, information, and belief. I understand that if any of the

foregoing is found to be false, I will be subject to legal penalties, including but not

limited to charges of perjury.

546. Executed on this 29 day of Sep , 2024, at Sant Monica , California.

547. Signature: _____

548. Yun Peng

# IX.   Conclusion

549.  1. Plaintiff Yun Peng has suffered severe economic and non-economic losses directly

resulting from the improper actions of the defendants, ACI Gift Cards, and Amazon. The

defendants' actions not only violate multiple California laws but also significantly harm

consumer rights, especially those of vulnerable consumers.

550.  2. This case involves not only the plaintiff's personal rights but also the vital interests

of a broad consumer base. As industry giants, the defendants' actions have a far-reaching

impact on the entire e-commerce sector.

551. 3. The plaintiff respectfully urges the court to consider the uniqueness and

significance of this case and to deliver a just judgment that upholds the law's integrity, protects

consumer rights, and promotes the healthy development of the e-commerce industry.

# X.   Demand for Jury Trial

1    552.  Pursuant to the Seventh Amendment of the United States Constitution and relevant

2    state laws, the plaintiff hereby formally requests a jury trial in this case. The plaintiff believes

3    that the factual issues involved in this case, particularly those concerning breach of contract,

4    unfair business practices, fraud, emotional distress, and punitive damages claims, are best

5    decided by a jury. These issues are easily understandable to ordinary citizens, and a jury is

6    better positioned to evaluate the evidence and deliver a fair verdict.

7    553.  Therefore, the plaintiff respectfully requests that a jury trial be granted for all issues

8    in this case.

9    # XI.   Anticipated Defenses and Rebuttals

10    554.  Plaintiff anticipates that the defendants may present several defenses to justify their

11    actions. The plaintiff provides the following preemptive responses to rebut the potential

12    defenses raised by the defendants.

13    ## A. Contractual Authorization Defense

182

## A.1. Defendants' Potential Argument

555.  The defendants may argue that their actions were authorized under the terms of the user agreements, particularly those concerning account suspensions and order cancellations. The defendants may claim that these provisions grant them the right to act in certain situations, making their actions lawful and justified.

## A.2. Plaintiff's Rebuttal

### A.2.1. Language Barrier

556. The plaintiff did not understand English and found it difficult to comprehend complex legal terms at the time of signing the user agreement. Therefore, the plaintiff could not fully understand the relevant provisions of the contract, particularly those related to account suspensions and order cancellations. In such a case, the plaintiff could not give informed consent, rendering the contract terms invalid due to the lack of genuine intent.

557.  **Case Law Support: In** Specht v. Netscape Communications Corp., 306 F.3d 17 (2d

Cir. 2002), the court ruled that if a consumer cannot clearly understand the contract terms, those

terms may not be enforceable. This supports the plaintiff's argument that the contract terms are

invalid due to the language barrier.

**A.2.2. Mental State**

558.  The plaintiff was suffering from severe anxiety and was on long-term medication,

including sedatives, at the time of signing the contract. This psychological and physiological

state further impaired the plaintiff's ability to understand and evaluate the contract terms,

raising questions about the contract's validity.

559.  **Case Law Support: In** Hawkins v. McGee, 84 N.H. 114 (1929), the court

recognized that psychological and emotional factors can play a significant role in contract

disputes, particularly when these factors affect a party's judgment. This supports the plaintiff's

claim that their mental state at the time of signing the contract should be considered in

evaluating its validity.

1    **A.2.3. Unfair and Unilateral Terms**

2    560.  Even if the user agreement did include terms regarding account suspensions and

3    order cancellations, these terms are inherently unfair and unilateral, violating California law.

4    Under California Civil Code §1670.5, a contract with unconscionable or one-sided terms may

5    be deemed invalid. The defendants' unilateral right to suspend accounts lacks transparency and

6    reasonableness, making it highly unfair to the plaintiff.

7    561. **Case Law Support: In** A & M Produce Co. v. FMC Corp., 135 Cal. App. 3d 473

8    (1982), the court held that if contract terms are overly unreasonable and difficult to fulfill, those

9    terms may be considered invalid. This case supports the plaintiff's claim that the unfair terms

10   should be invalidated.

11   # B. Applicability of User Agreement

12   ## B.1. Defendants' Potential Argument

1    562.  The defendants may argue that the provisions of the user agreement apply to all of

2    the plaintiff's actions, and that the plaintiff explicitly agreed to and accepted these terms when

3    purchasing the gift cards and using the defendants' platforms.

4    **B.2. Plaintiff's Rebuttal**

5    **B.2.1. Failure to Fully Disclose Contract Terms**

6    563.  When the plaintiff purchased the ACI Gift Cards, the full user agreement and key

7    terms were not provided. The relevant terms were not clearly presented at the time of purchase,

8    forcing the plaintiff to accept these terms without knowledge. This violates the California

9    Consumer Legal Remedies Act (CLRA) and the California Unfair Competition Law (UCL).

10    564. **Case Law Support: In** Nguyen v. Barnes & Noble Inc., 763 F.3d 1171 (9th Cir.

11    2014), the court ruled that terms and conditions hidden in a hyperlink do not ensure informed

12    consent, and merchants have a duty to clearly display all important terms. This precedent

13    supports the plaintiff's argument that the contract terms were not fully disclosed.

**B.2.2. Defects in Consent**

565. The plaintiff made transactions under high tension and anxiety, with significant language barriers. The plaintiff's consent was not given freely or voluntarily but was compelled by the circumstances. Therefore, the consent clause in the contract is invalid, and the applicability of the user agreement should be questioned.

566. **Case Law Support: In** Doe v. Roman Catholic Archdiocese of Indianapolis, Inc., 77 N.E.3d 821 (Ind. Ct. App. 2017), the court ruled that if one party is coerced into signing a contract under psychological pressure, the contract may be deemed invalid. This case supports the plaintiff's argument that their consent was invalid due to the stressful circumstances and language barriers.

# C. Reasonableness and Fairness Defense

## C.1. Defendants' Potential Argument

1    567.  The defendants may argue that their actions in suspending accounts and canceling

2    orders were reasonable, based on legitimate business judgment, and were intended to prevent

3    fraud or other misconduct.

## C.2. Plaintiff's Rebuttal

### C.2.1. Lack of Transparency and Due Process

6    568.  When the defendants suspended accounts and canceled orders, they did not provide

7    specific transaction details, times, amounts, or other relevant information, only vaguely

8    mentioning "unusual payment activity." This vague accusation prevented the plaintiff from

9    fully understanding the nature of the problem and from defending themselves. Such lack of

10   transparency and due process violates the principles of fair dealing and infringes on the

11   plaintiff's basic rights. Under California Civil Code §1572, all parties to a contract are obligated

12   to perform in good faith and fairness, which the defendants' actions clearly do not meet.

1    569. **Case Law Support: In** Outboard Marine Corp. v. Superior Court, 52 Cal. App. 3d

2    30 (1975), the court held that if a company withholds or obscures important information, it

3    may constitute fraud or unfair business practices. This precedent supports the plaintiff's

4    argument about the lack of transparency.

5    **C.2.2. Unfair Restrictions on Evidence Submission**

6    570. During the process of requiring the plaintiff to submit proof documents, the

7    defendants imposed strict limits on the number of images and text explanations the plaintiff

8    could submit. This restriction severely impaired the plaintiff's ability to provide evidence,

9    preventing them from adequately defending their legitimate actions. Such unilateral restrictions

10   are clearly unfair and violate California consumer protection laws.

11   571. **Case Law Support:** Foundation Health Psychcare Services, Inc., 24 Cal. 4th 83

12   (2000), the court stated that when contract terms are procedurally or substantively

13   unconscionable, those terms may be deemed unenforceable. Overly restricting one party's

1    rights or remedies is considered procedurally unconscionable. This case supports the plaintiff's

2    argument that the defendants' unfair restrictions violate principles of fairness.

3    **C.2.3. Unreasonableness of Multiple Account Suspensions**

4         572. The defendants repeatedly suspended the plaintiff's accounts without reasonable

5    explanation and repeatedly requested the plaintiff to submit the same proof documents. Even

6    after the plaintiff provided all requested documents, the defendants continued to suspend the

7    accounts. This repetitive behavior shows a lack of reasonableness and fairness in handling the

8    plaintiff's account issues. Under the California Unfair Competition Law (UCL), such unfair

9    business practices should be subject to legal sanctions.

10        573. **Case Law Support: In** Cel-Tech Communications, Inc. v. Los Angeles Cellular

11   Telephone Co., 20 Cal. 4th 163 (1999), the court confirmed that unfair business practices

12   should be constrained by the UCL and may lead to legal sanctions. This case supports the

13   plaintiff's argument about the unreasonableness of multiple account suspensions.

14   **C.2.4. Disregard for Plaintiff's Special Circumstances**

574.  The plaintiff had clearly communicated their language barriers and mental health

issues in multiple communications with the defendants and requested humanitarian

consideration to reinstate the orders. However, the defendants ignored these requests and

continued to take severe suspension measures against the plaintiff. Such actions not only lack

compassion but also violate basic business ethics and legal requirements.

575.  **Case Law Support:** In Armendariz v. Foundation Health Psychcare Services, Inc.,

24 Cal. 4th 83 (2000), the court emphasized that parties to a contract are bound by the implied

covenant of good faith and fair dealing. When one party exercises their contractual rights in a

manner that deprives the other party of the benefits of the agreement, especially without

considering their special circumstances, it may constitute a breach of this covenant. This case

supports the plaintiff's argument that the defendants' disregard for their special circumstances

and unfair measures violate the obligation of good faith and fair dealing.Breach of Contract

and Damages Defense

## C.3. Defendants' Potential Argument

1   576.  The defendants may argue that even if their actions constitute a breach of contract,

2   the plaintiff's claimed damages are excessive and disproportionate to the actual losses incurred.

3   ## C.4. Plaintiff's Rebuttal

4   ### C.4.1. Specificity of Actual Damages

5   577.  The plaintiff's claims for damages are based on specific economic losses, emotional

6   distress, and other related expenses. The plaintiff's damages include multiple medical visits,

7   long-term insomnia, and severe mental anguish, all of which are quantifiable losses.

8   Additionally, the plaintiff faced further economic difficulties due to the inability to access

9   essential goods because of the account suspensions. These losses are supported by clear

10  evidence and are consistent with California law regarding damages.

11  578.  **Case Law Support: In** Hadley v. Baxendale, 156 Eng. Rep. 145 (1854), the court

12  established the principle of foreseeability in damages, stating that losses resulting from a breach

1    of contract should be compensated if they were foreseeable. This case supports the plaintiff's

2    claim for actual damages.

3    **C.4.2. Reasonableness of Emotional Distress Damages**

4    579.  The defendants' repeated unfair actions have had a severe impact on the plaintiff's

5    mental health. The plaintiff has endured long-term emotional distress, leading to a significant

6    decline in quality of life. Under California Civil Code §3333, all direct damages resulting from

7    a tortious act are compensable. Emotional distress damages are intended to compensate the

8    plaintiff for the pain and suffering experienced due to the defendants' actions, and this claim is

9    both reasonable and necessary.

10    580. **Case Law Support: In** Molien v. Kaiser Foundation Hospitals, 27 Cal. 3d 916

11    (1980), the court ruled that emotional distress can be claimed as an independent damage,

12    supporting the plaintiff's argument for emotional distress damages.

13    **C.4.3. Necessity of Punitive Damages:**

1      581. Given the defendants' malicious, repetitive, and systemic behavior, the plaintiff's

2    claim for punitive damages is necessary to deter the defendants and similar companies from

3    committing similar errors in the future. Punitive damages are not only meant to compensate

4    the plaintiff but also to serve as an effective deterrent against wrongful conduct.

5      582. **Case Law Support: In** BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996),

6    the court established the standards for punitive damages, stating that punitive damages should

7    be proportional to the egregiousness of the conduct to serve as both a warning and a punishment.

8    This case supports the plaintiff's argument for the necessity of punitive damages.

9    # D. Unintentional Conduct Defense

10   ## D.1. Defendants' Potential Argument

11     583. The defendants may argue that their actions were unintentional, resulting from

12   system errors or misjudgments.

13   ## D.2. Plaintiff's Rebuttal

1    **D.2.1. Unintentional Conduct Does Not Exempt Liability**

2    584.   Even if the defendants' actions were initially unintentional, once the plaintiff

3    informed them of their special circumstances and the impact of the actions, the defendants'

4    continued refusal to take corrective measures cannot be considered unintentional. The

5    defendants' persistent errors and refusal to correct them should result in legal liability.

6    585. **Case Law Support: In** Ford v. Revlon, Inc., 153 Ariz. 38 (1987), the court

7    confirmed that even if the initial conduct was unintentional, continued improper conduct could

8    result in legal liability. This case supports the plaintiff's argument that unintentional conduct

9    does not exempt the defendants from responsibility.

10    **D.2.2. Systemic Behavior Liability**

11    586.  If the defendants claim that system errors caused the problems, then the systemic

12    behavior itself should be scrutinized, and system deficiencies cannot serve as an excuse to

1    exempt them from liability. The defendants should pay punitive damages for systemic issues

2    to ensure that similar situations do not occur again.

3        587.  **Case Law Support: In** In re Apple Inc. Device Performance Litigation, 386 F. Supp.

4    3d 1155 (N.D. Cal. 2019), the court ruled that companies should be held liable and pay

5    corresponding compensation for consumer losses caused by systemic issues. This case supports

6    the plaintiff's argument for liability due to systemic behavior.

# 7  E. Defense of Provision of Terms

## 8  E.1. Defendants' Potential Argument

9        588.  The defendants may argue that they disclosed important terms through appropriate

10   means and that users agreed to these terms when using the products, such as providing the "See

11   full terms: amazon.com/gc-legal" link.

## 12  E.2. Plaintiff's Rebuttal

### 13  E.2.1. Amazon Should Have Fully Disclosed Important Terms and User Agreements:

1    589.  Even if Amazon used the "See full terms: amazon.com/gc-legal" link, it should have

2    been displayed in a prominent manner, including but not limited to:

3    590.  **Font Size and Style:** Information should be presented in a sufficiently large font,

4    usually at least as large as other important information, and should use a clear and readable

5    style to attract consumer attention.

6    591.  **Placement:** Information should be placed in a conspicuous location, such as the

7    front of the gift card or with a large heading.

8    592.  **Contrast and Color:** High contrast color combinations should be used, such as

9    black text on a white background, to ensure readability.

10    593. **Clarity and Simplicity:** Clear and straightforward language should be used to

11    ensure the information is easy to understand.

12    594.   In this case, although the defendants used contrasting colors and concise language,

13    the overall font size used by the defendants was small, the "See full terms: amazon.com/gc-

14    legal" link was placed at the very bottom of the back and was accompanied by other

1    information, ultimately making it difficult to attract consumer attention and be noticed, which

2    does not meet the standard for conspicuous disclosure.

3    **E.2.2. Case Law Support**

4        595.  In Specht v. Netscape Communications Corp., 306 F.3d 17 (2d Cir. 2002), the court

5    ruled that if contract terms are not disclosed in a conspicuous manner, those terms may not be

6    enforceable. This case supports the plaintiff's argument that the terms were not conspicuously

7    disclosed.

8    # F. All Relevant Information Provided via Link Defense

9    ## F.1. Defendants' Potential Argument

10       596.  The defendants may argue that all essential contractual terms and information were

11   provided to the plaintiff through a link on the gift card, ensuring that the plaintiff had access to

12   all relevant information at the time of purchase.

13   ## F.2. Plaintiff's Rebuttal

**F.2.1. Legal Requirements and Definition of Material Terms:**

597.  **Legal Requirements:** Under the California Consumer Legal Remedies Act (CLRA),

the Federal Trade Commission Act (FTC Act), and the California Unfair Competition Law

(UCL), merchants are prohibited from concealing, suppressing, or failing to disclose material

facts. Material terms include, but are not limited to, non-refundable policies, lost or stolen

disclaimers, and dispute resolution clauses, all of which directly affect consumer rights and

must be prominently disclosed by law.

598. **Case Law Support:** In Nguyen v. Barnes & Noble Inc., 763 F.3d 1171 (9th Cir.

2014), the court ruled that terms hidden in a link do not guarantee informed consent from the

consumer, and merchants have a responsibility to prominently display all essential terms.

599. **Definition of Material Terms:** Material terms refer to those that significantly

impact consumer rights, such as refund policies, liability for security, and methods of dispute

resolution. Amazon gift cards, due to these terms being directly related to the security of

consumer property and rights protection, are considered typical material terms.

1    **F.2.2. Visibility and Prominence of Information:**

2        600. **Necessity of Prominent Disclosure:** According to the aforementioned laws,

3    merchants are obligated to disclose material terms in a prominent and clear manner. Simply

4    providing a link does not ensure that all consumers will see and understand these essential

5    terms.

6        601. **Practical Limitations:** In practical purchasing scenarios, consumers typically do

7    not immediately visit a link to review detailed terms. Merchants have an obligation to ensure

8    that material terms are directly displayed at the time of purchase, allowing consumers to make

9    informed decisions.

10        602. **Case Law Support: In** Specht v. Netscape Communications Corp., 306 F.3d 17 (2d

11    Cir. 2002), the court emphasized the importance of informed consent, stating that if consumers

12    cannot clearly understand the contract terms, those terms may not be enforceable.

13    **F.2.3. Principle of Informed Consent:**

1      603.  **Importance of Informed Consent:** The principle of informed consent requires that

2  consumers have the right to know all material terms and conditions when purchasing a product.

3  Amazon's failure to directly display key terms on the gift card and its failure to clearly state

4  "use constitutes acceptance of terms" prevented consumers from fully understanding these

5  terms at the time of purchase, violating the principle of informed consent.

6      604.  **Case Law Support:** Again, in Nguyen v. Barnes & Noble Inc., 763 F.3d 1171 (9th

7  Cir. 2014), the court ruled that terms hidden in a link do not ensure informed consent from the

8  consumer, and merchants have a responsibility to prominently display all essential terms.

# G. Defense Against Legitimacy and Reasonableness of Account Suspension and Process

## G.1. Defendants' Potential Argument

### G.1.1. Detailed Instructions and Process Defense

1    605.  Amazon may argue that they provided users with detailed explanations through pop-

2    up windows and instructions on the website, clearly explaining why the information was

3    needed and offering a comprehensive process to resolve account suspensions. The defendants

4    may claim that these explanations were sufficiently clear for users to understand and comply

5    with the required document submissions.

6    **G.1.2. Reasonable Security Measures Defense**

7        606. Amazon might argue that their actions were justified as reasonable security

8    measures aimed at protecting user accounts. Temporarily suspending accounts and requiring

9    verification in response to "unusual payment activity" are reasonable steps to prevent potential

10   fraud.

11   **G.1.3. Standardized Process Reasonableness Defense**

12       607. Amazon might further argue that their standardized processes and requirements,

13   such as limiting users to five images and 200 words, are designed to ensure that all users are

1    treated equally when addressing account issues. They may claim that this standardized process

2    is necessary to maintain system efficiency and consistency, rather than intentionally causing

3    inconvenience to users.

4    **G.1.4. Failure to Fulfill User Responsibilities Defense**

5        608. Amazon may argue that the plaintiff failed to submit sufficient or compliant

6    documents as required, which is why the account suspension issue was not resolved promptly.

7    The defendants may claim that the continued problem lies in the plaintiff's failure to fulfill their

8    burden of proof.

9    **G.2. Plaintiff's Rebuttal**

10   **G.2.1. Instructions Were Insufficiently Specific**

11       609.  Although Amazon provided basic explanations regarding the need for information,

12   these explanations were too vague and did not clearly specify which payment activities were

13   considered unusual or what specific documents were required to lift the suspension. The lack

1    of clear guidance made it difficult for users to provide the necessary evidence effectively. This

2    vagueness increased the burden on users to prove their case and did not meet the legal standard

3    for information transparency.

4        610.  **Case Law Support: In** Outboard Marine Corp. v. Superior Court (1975), the court

5    ruled that if a company withholds or obscures important information, it may constitute fraud

6    or unfair business practices. Similarly, Amazon's failure to provide sufficiently specific

7    information could be seen as lacking transparency.

8    **G.2.2. Balancing Security Measures with Information Transparency**

9        611.  While Amazon's temporary suspension measures may have been intended to protect

10   account security, these measures must be balanced with the user's right to information and equal

11   treatment. Amazon's failure to provide detailed guidance put users at an unfair disadvantage

12   when dealing with account suspensions. The law requires companies to provide sufficient

13   explanations and support to ensure users can effectively protect their rights while ensuring

14   security.

1    612. **Case Law Support:** In FTC v. Wyndham Worldwide Corp., 799 F.3d 236 (3d Cir.

2    2015), the court held that companies have an obligation to implement reasonable security

3    measures and to provide transparent information about their data security practices. Failure to

4    protect consumer information and adequately disclose information can constitute unfair or

5    deceptive business practices under the FTC Act. This case supports the plaintiff's argument that

6    Amazon needs to balance security measures with information transparency.

7    **G.2.3. Conflict Between Standardized Processes and Individual Cases**

8    613.    Although Amazon's standardized processes are generally intended to improve

9    efficiency, the rigidity of these processes may overlook the specific needs of individual users

10    in complex or sensitive situations. The limitations of five images and 200 words were

11    inadequate for presenting all relevant evidence, restricting the user's ability to prove the

12    legitimacy of their payments. This restriction resulted in an unfair outcome, as the user was

13    unable to fully present their case.

1    614. **Case Law Support: In** A & M Produce Co. v. FMC Corp., 135 Cal. App. 3d 473

2    (1982), the court ruled that if contract terms are overly unreasonable and difficult to fulfill,

3    those terms may be deemed invalid. While Amazon's standardized process may be suitable for

4    most cases, it may be considered unreasonable when it comes to special circumstances.

5    **G.2.4. Plaintiff Fulfilled Reasonable Burden of Proof:**

6    615.    The plaintiff submitted all requested documents within the system's allowed limits

7    and made every effort to explain the legitimacy of the payments. However, due to Amazon's

8    system limitations and lack of feedback, the account suspension issue remained unresolved

9    despite the plaintiff fulfilling their burden of proof. The responsibility does not lie with the

10    plaintiff but with Amazon, which failed to provide a reasonable and sufficient resolution path.

11    616. **Case Law Support:** In Egan v. Mutual of Omaha Ins. Co., 24 Cal. 3d 809 (1979),

12    the court emphasized that parties to a contract must act in good faith and not hinder the other

13    party's rights under the contract. When one party's actions prevent the other from receiving the

14    benefits of the agreement, it constitutes a breach of the implied covenant of good faith and fair

1   dealing. This case supports the plaintiff's argument that the defendants failed to act in good

2   faith by not providing sufficient support and guidance.

3   # H. Apple's Reasonable Business Judgment Defense

4   ## H.1. Defendants' Potential Argument

5       617.   Apple may argue that their decision to remove the plaintiff from the store was based

6   on reasonable business judgment, aiming to maintain order in the store and ensure the safety

7   of other customers and employees. The defendants may further argue that store staff and

8   security have the discretion to determine appropriate measures, making the removal legitimate

9   and justified.

10   ## H.2. Plaintiff's Rebuttal

11   ### H.2.1. Lack of Reasonable Explanation

12       618.  The plaintiff repeatedly requested a reasonable explanation and specific evidence

13   during the removal but was not provided with a clear explanation of how the plaintiff's behavior

1    threatened store order or safety. The removal appeared arbitrary and excessive, lacking

2    justifiable reasons and supporting evidence.

3        619. **Case Law Support: In** Brown v. Board of Education of Topeka, 347 U.S. 483

4    (1954), the court found that actions lacking reasonable explanation and evidence could

5    constitute discrimination or unfair practices. While this case is related to racial segregation in

6    schools, the principle of reasonableness and evidence is applicable here.

7    **H.2.2. Discriminatory Treatment**

8        620. The plaintiff clearly expressed an intent to purchase and behaved appropriately

9    within the store, without causing any disruption or threat. However, the defendants chose to

10   remove the plaintiff while not taking the same action against other customers, indicating

11   discriminatory treatment, particularly based on the plaintiff's status as a person with a disability.

12   This behavior violates the Americans with Disabilities Act (ADA).

621. **Case Law Support: In** EEOC v. Abercrombie & Fitch Stores, Inc., 575 U.S. 768

(2015), the court ruled that a company could be in violation of anti-discrimination laws if it

treated customers differently without reasonable cause.

**H.2.3. Psychological Harm**

622. The defendants' removal not only occurred without justifiable reasons but also

caused significant psychological harm to the plaintiff. The plaintiff had already endured

multiple instances of unfair treatment, and this removal exacerbated their anxiety and

depression, further affecting their quality of life and mental health.

**Case Law Support:** In Bragdon v. Abbott, 524 U.S. 624 (1998), the Supreme Court recognized

that individuals with disabilities are protected under the ADA and that discrimination against

them can cause significant psychological and emotional harm. Although the case involved

denial of dental services to an HIV-positive patient, the principles regarding discrimination and

its impact on mental health are applicable here. This case supports the plaintiff's argument that

the defendants' actions adversely affected their psychological well-being.

# I. Apple's Safety Policy Enforcement Defense

## I.1. Defendants' Potential Argument

623.  Apple may argue that the decision to remove the plaintiff was in line with company

policies and aimed at ensuring store safety. The defendants might argue that store staff and

security believed the plaintiff's actions could pose a threat to store safety, and thus, took

necessary measures to protect other customers and employees.

## I.2. Plaintiff's Rebuttal

### I.2.1. Lack of Factual Basis

624.  At the time of removal, the plaintiff did not exhibit any threatening behavior nor

violated any store rules. The defendants did not provide any actual evidence, such as

surveillance footage or employee reports, to substantiate the claim that the plaintiff's behavior

posed a safety threat. Therefore, the removal lacks a factual basis.

625.  **Case Law Support:** In Robinson v. Jacksonville Shipyards, Inc., 760 F. Supp. 1486

1   (M.D. Fla. 1991), the court held that employers have a duty to take action based on reasonable

2   and factual evidence when addressing complaints. Although the case dealt with a hostile work

3   environment, the principle that actions must be based on factual evidence applies to service

4   providers as well. This case supports the plaintiff's argument that the defendants' excessive

5   actions were taken without a factual basis.

6   **I.2.2. Unfair Treatment**

7        626.  The defendants' removal of the plaintiff was clearly unfair, especially when other

8   customers were allowed to use the store facilities without issue. The plaintiff was removed

9   solely due to unreasonable safety concerns, and this unfair treatment violates the principle of

10  equal treatment.

11       627.  **Case Law Support:** In Jones v. Alfred H. Mayer Co., 392 U.S. 409 (1968), the

12  Supreme Court held that private entities are prohibited from engaging in racial discrimination

13  in the sale or rental of property under 42 U.S.C. § 1982. While the case involved racial

14  discrimination in housing, the principle that private entities cannot engage in discriminatory

1    practices applies here. This case supports the plaintiff's argument that the defendants' unfair

2    treatment constitutes unlawful discrimination.

3    **I.2.3. Violation of Reasonable Accommodation Obligations:**

4       628.  As a person with disabilities, the plaintiff has the right to reasonable accommodation

5    to ensure equal participation in and enjoyment of services provided by the defendants. When

6    handling the plaintiff's request, the defendants failed to provide any reasonable accommodation,

7    such as language support or privacy protection, and instead chose to remove the plaintiff,

8    violating the reasonable accommodation obligations outlined in the Americans with

9    Disabilities Act (ADA).

10       629.  **Case Law Support:** In EOC v. Walmart Stores, Inc., 477 F.3d 561 (8th Cir. 2007),

11    the court held that the employer's failure to provide reasonable accommodations to an employee

12    with disabilities violated the ADA. Although the case involved an employment relationship,

13    the principle of providing reasonable accommodations applies equally to service providers in

1    public accommodations. This case supports the plaintiff's argument that the defendants failed

2    to fulfill their reasonable accommodation obligations.

## J. Apple's Non-Discrimination Defense

### J.1. Defendants' Potential Argument

5        630.  Apple may argue that their removal of the plaintiff was not based on discrimination

6    but on maintaining order and safety in the store, and that they applied the same standards and

7    procedures to all customers.

### J.2. Plaintiff's Rebuttal

#### J.2.1. Inconsistency in Actions:

10       631.   Apple did not apply the same removal measures to other customers in similar

11   situations but instead treated the plaintiff differently in this specific instance. This inconsistency

12   in behavior can serve as indirect evidence of discrimination.

13       632.  **Case Law Support:** In Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248

1    (1981), the Supreme Court clarified the burden-shifting framework in discrimination cases,

2    stating that once the plaintiff establishes a prima facie case of discrimination, the burden shifts

3    to the defendant to articulate a legitimate, non-discriminatory reason for the disparate treatment.

4    This case aids in establishing the plaintiff's initial case and supports the argument that the

5    defendant's inconsistent actions may constitute discrimination.Overreaction:

6        633.  Even if Apple claims their actions were to maintain order or safety, Apple's response

7    was excessive and unnecessary. For example, removing the plaintiff without a clear threat or

8    actual issue is disproportionate, indicating potential bias or stereotypes.

9        634. **Case Law Support: In** Brown v. Board of Education, 347 U.S. 483 (1954), the

10   court noted that unreasonable overreaction might reflect underlying discriminatory motives,

11   even if it is claimed to be for other legitimate purposes.

12   **J.2.2. Failure to Provide Reasonable Accommodations:**

13       635. Even if Apple argues that their actions were not discriminatory, Apple failed to

14   provide reasonable accommodations for the plaintiff, especially when the plaintiff clearly

1   expressed their intent to purchase and their special needs. Under the Americans with

2   Disabilities Act (ADA), Apple is required to provide necessary accommodations to ensure that

3   persons with disabilities can enjoy services on equal terms.

4       636. **Case Law Support: In** EEOC v. Abercrombie & Fitch Stores, Inc., 575 U.S. 768

5   (2015), the court ruled that if an employer fails to provide reasonable accommodations and

6   their actions have an adverse impact on a particular group, it may constitute unlawful conduct

7   even if it was not directly motivated by discriminatory intent.

8   **J.2.3. Subjective Intent vs. Objective Effect:**

9       637.  Even if Apple claims that they had no discriminatory intent, the objective effect of

10  their actions still resulted in actual discrimination against the plaintiff.

11      638. **Case Law Support:** In Griggs v. Duke Power Co., 401 U.S. 424 (1971), the

12  Supreme Court established the "disparate impact" theory, holding that neutral employment

13  practices that disproportionately affect protected groups can be deemed discriminatory if not

14  job-related and consistent with business necessity. While the case involves employment

1    discrimination, the principle that neutral actions resulting in discriminatory effects are unlawful

2    applies here. This case supports the plaintiff's argument that the defendants' actions had an

3    objectively discriminatory effect.Apple's Contract Performance Defense

## J.3. Defendants' Potential Argument

5        639.  Apple may argue that the promise of compensating the plaintiff with earphones was

6    not legally binding, suggesting that it was merely a "goodwill" gesture rather than a legally

7    enforceable contract.

## J.4. Plaintiff's Rebuttal

### J.4.1. Legal Binding Nature of a Clear Promise:

10       640.  Apple's representative made a clear promise to compensate the plaintiff with a pair

11    of earphones, and the plaintiff accepted this offer. This promise meets the requirements for

12    contract formation and is legally binding. Apple's failure to fulfill the promise constitutes a

13    breach of contract.

1    641. **Case Law Support: In** Lucy v. Zehmer, 196 Va. 493 (1954), the court ruled that a

2    clear verbal promise, if accepted and meeting the requirements for a contract, is legally binding.

3    **J.4.2. Protection of Reliance Interests:**

4    642. The plaintiff made reasonable reliance decisions based on Apple's promise,

5    expecting that the earphone compensation would be fulfilled. This reliance interest should be

6    legally protected. Apple's failure to fulfill the promise caused economic and emotional harm

7    to the plaintiff, and they should be held legally accountable.

8    643. **Case Law Support: In** Ricketts v. Scothorn, 77 N.W. 365 (Neb. 1898), the court

9    ruled that even a goodwill promise can result in contractual liability if reasonable reliance leads

10   to an obligation.

11   **J.4.3. Further Damages:**

1    644. Due to Apple's failure to fulfill this promise, the plaintiff's trust and expectations

2    were damaged, leading to further emotional distress and anxiety. The plaintiff is entitled to

3    compensation for the losses incurred.

4    645. **Case Law Support: In** Hawkins v. McGee, 84 N.H. 114 (1929), the court

5    recognized emotional distress as part of the compensation for contract breaches.

1

# XII.   Exhibits or Appendices

646.  Attached are all the pieces of evidence supporting the complaint, such as contracts,

communication records, medical bills, and more.

647.  Evidence List

| Evidence No. | Description | Status | Remarks |
|---|---|---|---|
| Evidence 1 | Purchase receipts from Amazon showing the dates and items purchased, including iPhone 15 Max and MacBook Pro 2019. | | |
| Evidence 2 | Records of canceled orders, including food and electronics, showing the dates and reasons for cancellation. | | |
| Evidence 3 | ACI gift card purchase receipts and transaction records, showing the purchase time and amount ($1800). | | |
| Evidence 4 | Screenshots of Amazon account suspension notices, including dates and reasons for the suspensions on June 26, 2024, and subsequent dates. | | |
| Evidence 5 | Communication records with Amazon requesting personal information and proof of purchase. | | |
| Evidence 6 | Communication logs with Amazon customer service, including emails and uploaded documents showing proof of purchase and Amazon's responses. | | |
| Evidence 7 | Records of the humanitarian request submitted to Amazon by the plaintiff, requesting the restoration of orders after account suspension. | | |
| Evidence 8 | Medical records from [Hospital Name], documenting plaintiff's visits on July 2, July 5, July 15, July 27, August 6, August 13, and August 19, 2024. | | |

| Evidence 9 | Doctor's diagnosis notes, detailing the impact of account suspension on the plaintiff's mental health, including the use of medication such as Trazodone. | | |
|---|---|---|---|
| Evidence 10 | Police reports related to incidents at the Apple Store in San Francisco on July 27 and July 31, 2024. | | |
| Evidence 11 | Surveillance footage from the Apple Store incidents or other related evidence (if available). | | |
| Evidence 12 | NOID (Notice of Intent to Deny) issued by USCIS on June 25, 2024. | | |
| Evidence 13 | Communication records with Apple showing the company's promise to provide AirPods Pro 2. | | |
| Evidence 14 | Testimony from a psychology expert describing the psychological harm suffered by the tiff due to actions by Amazon and Apple. | | |
| Evidence 15 | Expert analysis report on economic losses, assessing the indirect financial impact of account suspension and order cancellation. | | |
| Evidence 16 | Complaint records from BBB and Consumer Affairs regarding Amazon, showing widespread customer dissatisfaction with Amazon's account management and customer service. | | |
| Evidence 17 | Media reports and industry analysis articles supporting allegations of systemic issues with Amazon and Apple. | | |
| Evidence 18 | Plaintiff's personal statement describing the emotional distress and decline in quality of life during the events. | | |
| Evidence 19 | Costco membership purchase receipt and proof of Apple computer purchase by the plaintiff. | | |
| Evidence 20 | | | |
| Evidence 21 | | | |
| Evidence 22 | | | |

| | | | |
|---|---|---|---|
| Evidence 23 | | | |
| Evidence 24 | | | |
| Evidence 25 | | | |
| Evidence 26 | | | |
| Evidence 27 | | | |
| Evidence 28 | | | |
| Evidence 29 | | | |
| Evidence 30 | | | |

648.  Usage Notes:

649.  Links: Each evidence item includes a cloud link directly embedded within the

description for easy access.

650.  Reserved Spaces:

651.  Five additional slots have been reserved for any future evidence you might need to

add later.

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**yun peng**
**965 Hutchinson Ave, CA**
**Palo Alto, CA 94301**
TELEPHONE NO.: **(669) 329-7691**          FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:          **Self Represented**

ELECTRONICALLY
F I L E D
*Superior Court of California,*
*County of San Francisco*
**12/04/2024**
**Clerk of the Court**
BY: YOLANDA TABO
**Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO - CENTRAL (EFILING)**
STREET ADDRESS: 400 McAllister St
MAILING ADDRESS: 400 McAllister St
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO - CENTRAL (EFILING)

PLAINTIFF/PETITIONER: Yun Peng

DEFENDANT/RESPONDENT: AMAZON.COM, INC.

| | CASE NUMBER: CGC-24-617965 |
|---|---|

| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.: 216685 |
|---|---|

(Separate proof of service is required for each party served.)

1.   At the time of service I was at least 18 years of age and not a party to this action.          BY FAX

2.   I served copies of: ***Complaint; Summons; Plaintiff's Mandatory Cover Sheet and Supplemental Allegations - Unlawful Detainer; Notice of Case Assignment***

3.   a.  Party served *(specify name of party as shown on documents served)*: **ACI Gift Cards LLC**

     b.  ☒   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*: **Maddie Bright, Agent for CSC**

4.   Address where the party was served: ***2710 Gateway Oaks Dr Sacramento, CA 95833***

5.   I served the party *(check proper box)*
     a.  ☒   **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **12/2/2024** (2) at: **01:23 PM**
     b.  ☐   **by substituted service.** On: at:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

     (1)  ☐   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

     (2)  ☐   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

     (3)  ☐   **(physical address unknown)** a person at least 18 years of  age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

     (4)  ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
          *on*:          *from*:          **or** ☐ a declaration of mailing is attached.

**Page 1 of 3**

| POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | |
|---|---|---|

| PLAINTIFF/PETITIONER: Yun Peng | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AMAZON.COM, INC. | CGC-24-617965 |

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on*:*                         (2) from*:*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* **ACI Gift Cards LLC**
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☒ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                              ☐ other:

7. **Person who served papers**
  a. Name: **Mark Dingman**
  b. Address: **P.O. Box 740 , Penryn, CA 95663**
  c. Telephone number: **909-664-9577**
  d. **The fee** for service was: **$218.50**
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered California process server:
      (i) ☐ owner   ☐ employee   ☒ independent contractor.
      (ii) Registration No.: **15-009**
      (iii) County: **0**

| PLAINTIFF/PETITIONER: Yun Peng | CASE NUMBER: |
| DEFENDANT/RESPONDENT: AMAZON.COM, INC. | CGC-24-617965 |

8.   ☒   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____

**Mark Dingman**           Date: **12/03/2024**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **yun peng**<br>**965 Hutchinson Ave, CA**<br>**Palo Alto, CA 94301**<br><br>TELEPHONE NO.:  **(669) 329-7691**       FAX NO. *(Optional)*:<br><br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:     **Self Represented** | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**12/05/2024**<br>**Clerk of the Court**<br>BY: YOLANDA TABO<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO - CENTRAL (EFILING)
STREET ADDRESS: 400 McAllister St
MAILING ADDRESS: 400 McAllister St
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO - CENTRAL (EFILING)

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Yun Peng<br><br>DEFENDANT/RESPONDENT:  AMAZON.COM, INC. | CASE NUMBER:<br>CGC-24-617965 |
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>216685 |

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.                    BY FAX

2. I served copies of: ***Complaint; Summons; Plaintiff's Mandatory Cover Sheet and Supplemental Allegations - Unlawful Detainer; Notice of Case Assignment***

3. a. Party served *(specify name of party as shown on documents served)*: ***Amazon.com Inc.***

   b. ☒  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Maddie Bright, Agent for CSC**

4. Address where the party was served: ***2710 Gateway Oaks Dr Sacramento, CA 95833***

5. I served the party *(check proper box)*
   a. ☒  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **12/2/2024** (2) at: **01:23 PM**
   b. ☐  **by substituted service.** On: at: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

       (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

       (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
       *on:*    *from:*    **or** ☐ a declaration of mailing is attached.

**Page 1 of 3**

| PLAINTIFF/PETITIONER: Yun Peng<br>DEFENDANT/RESPONDENT: AMAZON.COM, INC. | CASE NUMBER:<br>CGC-24-617965 |
|---|---|

    (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.   c. ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on:                          (2) from:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐   **by other means** *(specify means of service and authorizing code section):*

     ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* **Amazon.com Inc.**
     under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: **Mark Dingman**
  b. Address: **P.O. Box 740 , Penryn, CA 95663**
  c. Telephone number: **909-664-9577**
  d. **The fee** for service was: **$218.50**
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered California process server:
        (i) ☐ owner    ☐ employee    ☒ independent contractor.
        (ii)   Registration No.: **15-009**
        (iii)   County: **0**

**PROOF OF SERVICE OF SUMMONS**

Invoice#: 10859855-03

| PLAINTIFF/PETITIONER: Yun Peng | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AMAZON.COM, INC. | CGC-24-617965 |

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



**Mark Dingman**                    Date: **12/03/2024**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**yun peng**
**965 Hutchinson Ave, CA**
**Palo Alto, CA 94301**
TELEPHONE NO.: **(669) 329-7691**          FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:          **Self Represented**

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**12/05/2024**
**Clerk of the Court**
**BY: YOLANDA TABO**
**Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO - CENTRAL (EFILING)**
STREET ADDRESS:  400 McAllister St
MAILING ADDRESS:  400 McAllister St
CITY AND ZIP CODE:  San Francisco, CA 94102
BRANCH NAME:  SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO -
CENTRAL (EFILING)

PLAINTIFF/PETITIONER:  Yun Peng

DEFENDANT/RESPONDENT:  AMAZON.COM, INC.

| | CASE NUMBER:<br>CGC-24-617965 |
|---|---|
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>216685 |

(Separate proof of service is required for each party served.)

1.   At the time of service I was at least 18 years of age and not a party to this action.                    BY FAX

2.   I served copies of:  ***Complaint; Summons; Plaintiff's Mandatory Cover Sheet and Supplemental Allegations - Unlawful***
***Detainer; Notice of Case Assignment***

3.   a.  Party served *(specify name of party as shown on documents served)*: **Amazon.com Services LLC**

   b.  ☒  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
        under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
        **Maddie Bright, Agent for CSC**

4.   Address where the party was served: ***2710 Gateway Oaks Dr Sacramento, CA 95833***

5.   I served the party *(check proper box)*
   a.  ☒  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
        service of process for the party (1) on: **12/3/2024** (2) at: **11:59 AM**
   b.  ☐  **by substituted service.** On: at:  I left the documents listed in item 2 with or in the presence of *(name and title or
        relationship to person indicated in item 3)*:

        (1)  ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
             of the person to be served. I informed him or her of the general nature of the papers.
        (2)  ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
             place of abode of the party. I informed him or her of the general nature of the papers.
        (3)  ☐  **(physical address unknown)** a person at least 18 years of  age apparently in charge at the usual
             mailing address of the person to be served, other than a United States Postal Service post office box. I
             informed him or her of the general nature of the papers.
        (4)  ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at
             the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
             *on:*          *from:*          **or** ☐ a declaration of mailing is attached.

Page 1 of 3

POS-010 [Rev. January 1, 2007]          **PROOF OF SERVICE OF SUMMONS**          Invoice # 10859855-02

| PLAINTIFF/PETITIONER: | Yun Peng | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | AMAZON.COM, INC. | CGC-24-617965 |

     (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.   c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

     (1) on*:*                        (2) from*:*

     (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

     (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

       ☐  Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:

   a.  ☐  as an individual defendant.

   b.  ☐  as the person sued under the fictitious name of *(specify):*

   c.  ☐  as occupant.

   d.  ☒  On behalf of *(specify):* **Amazon.com Services LLC**
       under the following Code of Civil Procedure section:

      ☐ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)

      ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)

      ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

      ☒ 416.40 (association or partnership)   ☐ 416.90 (authorized person)

      ☐ 416.50 (public entity)         ☐ 415.46 (occupant)

                                ☐ other:

7.  **Person who served papers**
   a. Name: **Robert J. Mason**
   b. Address: **P.O. Box 740, Penryn, CA 95663**
   c. Telephone number: **909-664-9577**
   d. **The fee** for service was: **$218.50**
   e. I am:

     (1) ☐ not a registered California process server.

     (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

     (3) ☒ a registered California process server:

       (i)  ☐ owner   ☐ employee   ☒ independent contractor.

       (ii)  Registration No.: **03-007**

       (iii) County: **Placer**

| PLAINTIFF/PETITIONER: | Yun Peng | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | AMAZON.COM, INC. | CGC-24-617965 |

8.  [ x ]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
Robert J.  Mason                    Date: **12/03/2024**

**PROOF OF SERVICE OF SUMMONS**

Invoice#: 10859855-02

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| **yun peng**<br>**965 Hutchinson Ave, CA**<br>**Palo Alto, CA 94301**<br><br>TELEPHONE NO.: **(669) 329-7691**      FAX NO. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*    **Self Represented** | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**12/06/2024**<br>**Clerk of the Court**<br>**BY: YOLANDA TABO**<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO - CENTRAL (EFILING)
  STREET ADDRESS:  400 McAllister St
  MAILING ADDRESS:  400 McAllister St
  CITY AND ZIP CODE:  San Francisco, CA 94102
  BRANCH NAME:  SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO -
    CENTRAL (EFILING)

| PLAINTIFF/PETITIONER:  Yun Peng | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  AMAZON.COM, INC. | CGC-24-617965 |

| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>216685 |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.                    BY FAX

2.  I served copies of: ***Complaint; Summons; Plaintiff's Mandatory Cover Sheet and Supplemental Allegations - Unlawful Detainer; Notice of Case Assignment***

3.  a.  Party served *(specify name of party as shown on documents served):* ***Apple Inc.***

    b.  [✗]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
        **Maddie Bright, Agent for CSC**

4.  Address where the party was served: ***2710 Gateway Oaks Dr Sacramento, CA 95833***

5.  I served the party *(check proper box)*
    a.  [✗]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **12/2/2024** (2) at: **01:23 PM**
    b.  [ ]  **by substituted service.** On: at:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [ ]  **(physical address unknown)** a person at least 18 years of  age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
            *on:*      *from:*      **or** [ ]  a declaration of mailing is attached.

**Page 1 of 3**

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Yun Peng<br>DEFENDANT/RESPONDENT:  AMAZON.COM, INC. | CASE NUMBER:<br>CGC-24-617965 |

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on:                     (2) from:

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify):* **Apple Inc.**
under the following Code of Civil Procedure section:

☒ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)

☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)

☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)

☐ 416.50 (public entity)         ☐ 415.46 (occupant)

                            ☐ other:

7. **Person who served papers**

a. Name: **Mark Dingman**

b. Address: **P.O. Box 740 , Penryn, CA 95663**

c. Telephone number: **909-664-9577**

d. **The fee** for service was: **$218.50**

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☒ a registered California process server:

(i) ☐ owner   ☐ employee   ☒ independent contractor.

(ii) Registration No.: **15-009**

(iii) County: **0**

**PROOF OF SERVICE OF SUMMONS**

**Invoice#: 10859855-04**

| PLAINTIFF/PETITIONER: Yun Peng | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AMAZON.COM, INC. | CGC-24-617965 |

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



Mark Dingman                     Date: **12/03/2024**

YUN PENG
Street Address:  2822 santq monica blvd Apt301
City, State, Zip:  Santa Monica CA 90404
Phone Number:  669 329 7691
Fax Number:
Email:  msma529370228@gmail.com

Yun Peng, IN PRO PER

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*

**12/23/2024**
**Clerk of the Court**
BY: VERA MU
**Deputy Clerk**

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| NAME OF PLAINTIFF(S):  Yun Peng | ) Case No.: CGC24617965 |
| Plaintiff(s), | ) **DOCUMENT TITLE (Evidence No. 24:** |
| | ) Amazon cross-checked my personal |
| vs. | ) information and banned my account.) |
| NAME OF DEFENDANT(S),: | ) **DATE:  (Feb/19/2025)** |
| ACI Gift Cards LLC | ) **TIME:  (10:30 AM)** |
| | ) **DEPT:  (610)** |
| Amazon.com Services LLC | ) |
| Amazon.com Inc. | ) Judge:  (Unknown) |
| | ) Dept:  (610) |
| Apple Inc. | ) Action Filed:  (Sep/9/2024) |
| Defendant(s). | ) Trial Date:  (Unknown) |

The text of your document begins here.

DATE: December 22, 2024

_Your signature_
Yun Peng
In Pro Per

 QQ邮箱
mail.qq.com

## Your Amazon.com account

**no-reply** <no-reply@amazon.com>

Share 20240731152103c473e55f442d47e48d3976761630p0na–c3eih8gcgtu6ws@bounces.amazon.com Sender

| From | no-reply |
|------|----------|
| To | 529370228 <529370228@qq.com> |
| Size | 4K |
| Date | 2024-07-31- 08:21 |

Hello,

We have removed access to this Amazon.com account and canceled all open orders.

We took these actions because our records show that this account is related to another account that was closed by Amazon. You will not be able to access your account, or place any orders. We also advise you not to open more Amazon accounts, because they will be closed automatically.

Due to the proprietary nature of our business, we are unable to discuss other accounts with you.

Account Specialist
Amazon.com
https://www.amazon.com

YUN PENG
Street Address:   2822 santq monica blvd Apt301
City, State, Zip:   Santa Monica CA 90404
Phone Number:   669 329 7691
Fax Number:
Email:  msma529370228@gmail.com

Yun Peng, IN PRO PER

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**12/23/2024**
**Clerk of the Court**
BY: VERA MU
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

NAME OF PLAINTIFF(S):   Yun Peng

                              Plaintiff(s),

        vs.

NAME OF DEFENDANT(S),:

ACI Gift Cards LLC

Amazon.com Services LLC

Amazon.com Inc.

Apple Inc.
                              Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: CGC24617965

**DOCUMENT TITLE (Evidence No. 25:
Made multiple calls to Amazon seeking a
conversation and Mandarin-speaking
service.)**

**DATE:  (Feb/19/2025)**
**TIME:  (10:30 AM)**
**DEPT:  (610)**

Judge:  (Unknown)
Dept:     (610)
Action Filed: (Sep/9/2024)
Trial Date:  (Unknown)

_____

The text of your document begins here.

DATE: December 22, 2024

_____
*Your signature*
Yun Peng
In Pro Per

Usage for                6693297691

LOCAL AIRTIME LONG DISTANCE and INTERNATIONAL CHARGES

Total usage t|495 Minutes

| Date | Time | Number | Minutes |
|------|------|--------|---------|
| 2007/7/24 | 7:45 下午 | ███████████████ | 5 |
| 2007/7/24 | 1:41 下午 | ███████████████ | 1 |
| 2007/7/24 | 1:06 下午 | ███████████████ | 1 |
| 2007/5/24 | 7:32 下午 | (888) 280-4331 | 30 |
| 2007/5/24 | 7:27 下午 | ███████████████ | 5 |
| 2007/5/24 | 3:50 下午 | ███████████████ | 1 |
| 2007/5/24 | 3:36 下午 | ███████████████ | 2 |
| 2007/5/24 | 3:35 下午 | ███████████████ | 2 |
| 2007/5/24 | 2:50 下午 | ███████████████ | 1 |
| 2007/5/24 | 2:40 下午 | (888) 280-4331 | 7 |
| 6/19/24 | 9:05 下午 | ███████████████ | 15 |
| 6/19/24 | 5:39 下午 | ███████████████ | 9 |
| 6/19/24 | 5:14 下午 | ███████████████ | 1 |
| 6/19/24 | 4:01 下午 | ███████████████ | 1 |
| 6/19/24 | 2:50 下午 | (888) 280-4331 | 11 |
| 6/19/24 | 2:02 下午 | ███████████████ | 1 |
| 6/19/24 | 1:52 下午 | ███████████████ | 1 |

| Fee | | Destination | Type |
|---|---|---|---|
| $0 | 00 | undefined-undefined | Voice |
| $0 | 00 | undefined-undefined | Voice |
| $0 | 00 | undefined-undefined | Voice |
| $0 | 00 | undefined-undefined | Voice |
| $0 | 00 | undefined-undefined | Voice |
| $0 | 00 | SNFC CNTRL-CA | Voice |
| $0 | 00 | undefined-undefined | Voice |
| $0 | 00 | undefined-undefined | Voice |
| $0 | 00 | undefined-undefined | Voice |
| $0 | 00 | undefined-undefined | Voice |
| $0 | 00 | undefined-undefined | Voice |
| $0 | 00 | undefined-undefined | Voice |
| $0 | 00 | undefined-undefined | Voice |
| $0 | 00 | SNFC CNTRL-CA | Voice |
| $0 | 00 | undefined-undefined | Voice |
| $0 | 00 | SNFC CNTRL-CA | Voice |
| $0 | 00 | SNFC CNTRL-CA | Voice |

1  YUN PENG
   Street Address：2822 santq monica blvd Apt301
2  City, State, Zip：Santa Monica CA 90404
   Phone Number：669 329 7691
3  Fax Number:
   Email: msma529370228@gmail.com
4

5  Yun Peng, IN PRO PER

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*

**12/23/2024**
**Clerk of the Court**
**BY: ERNALYN BURA**
**Deputy Clerk**

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF SAN FRANCISCO**

10

11  NAME OF PLAINTIFF(S)：Yun Peng          )  Case No.: CGC24617965
                                           )
12                        Plaintiff(s),     )  **DOCUMENT TITLE (Evidence No. 26：**
                                           )  In Amazon's emails, it was explicitly stated
13           vs.                           not to reply, and no appeal channels were
                                           provided..**)**
14  NAME OF DEFENDANT(S),                   )
                                           )
15  ACI Gift Cards LLC                      )  **DATE:  (Feb/19/2025)**
                                           )  **TIME:  (10:30 AM)**
16  Amazon.com Services LLC:                )  **DEPT:  (610)**
                                           )
17  Amazon.com Inc.                         )  Judge:   (Unknown)
                                           )  Dept:    (610)
18  Apple Inc.                              )  Action Filed: (Sep/9/2024)
                           Defendant(s).    )  Trial Date: (Unknown)
19                                          )

20  _____

21  Evidence No. 26

22  In Amazon's emails, it was explicitly stated not to reply, and no appeal channels were provided.

23  Although this evidence only lists two emails as examples, all other notification emails were the

    same. For further details, please refer to Evidence No. 2 and No. 4.
24

25

26  DATE: December 23, 2024

27                                          *Your signature*   [signature]
                                           Yun Peng
28                                          In Pro Per

 Gmail

彭云 <msma529370228@gmail.com>

## Your Amazon account is temporarily on hold.

1 封邮件

**no-reply@amazon.com** <no-reply@amazon.com>                                    2024年6月26日 01:26
回复：no-reply@amazon.com
收件人：msma529370228@gmail.com

> Prohibited from responding, with no way to file a complaint.

> Prohibited from responding, with no way to file a complaint.

Hello,

We have detected unusual payment activity on your Amazon account. For your protection, we have temporarily placed your account on hold and placed any pending orders or subscriptions on hold as well.

If we are unable to confirm your payment information within 72 hours, your pending orders will be canceled. Your account will remain on hold until we are able to confirm that you are the authorized owner of the payment method used in the recent transaction.

To restore access to your account, sign in and follow the on-screen instructions. You will have the option to upload a document with the required information to verify your account. Once you have provided this document, we will review it and respond within 24 hours.

When uploading a document to verify the ownership of a payment method, be sure that the name, address, payment type, and relevant transaction information are clearly visible. For your security, only display the last 4 digits of the payment method number.

Please complete our survey to rate your experience and help us improve this process. This survey is hosted by Qualtrics, an external survey platform, so the following link does not lead to an Amazon page:
https://amazoninteu.qualtrics.com/jfe/form/SV_cO6jE5FVbTBvLAq

Your responses are subject to the Amazon Privacy Notice:
https://www.amazon.com/gp/help/customer/display.html?nodeId=468496

If you have any concerns about the authenticity of this email, or to find out more about the Amazon survey program, please visit the Amazon Consumer Survey Emails help page:
https://www.amazon.com/gp/help/customer/display.html?ref=help_search_1-1?ie=UTF8&nodeId=201909060&qid=1512682210&sr=1-1

How can I verify if this email is from Amazon?
Amazon emails are always sent from @amazon.com.

Account Specialist
Amazon.com
https://www.amazon.com

 Gmail

彭云 <msma529370228@gmail.com>

---

## Your Amazon.com account has been closed

1 封邮件

---

**no-reply@amazon.com** <no-reply@amazon.com>                          2024年7月12日 00:56
回复：no-reply@amazon.com
收件人：msma529370228@gmail.com

Prohibited from responding, with no way to file a complaint.

Hello,

We have closed your Amazon.com account and canceled all open orders.

We have taken these actions because you are attempting to use Amazon gift cards that are in violation of our Terms and Conditions. We cannot reissue the gift cards or reimburse you for these funds.

You can find more information on the Amazon Help page:
www.amazon.com/gc-legal

Prohibited from responding, with no way to file a complaint.

Sincerely,

Account Specialist
Amazon.com
https://www.amazon.com
================

YUN PENG
Street Address:   2822 santq monica blvd Apt301
City, State, Zip:   Santa Monica CA 90404
Phone Number:   669 329 7691
Fax Number:
Email:  msma529370228@gmail.com

Yun Peng, IN PRO PER

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**12/23/2024**
**Clerk of the Court**
BY: ERNALYN BURA
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| NAME OF PLAINTIFF(S):   Yun Peng | ) Case No.: CGC24617965 |
| Plaintiff(s), | ) |
| | ) **DOCUMENT TITLE (Evidence No. 27:** |
| vs. | ) Purchase records from Taobao, payment |
| | ) receipts, and photos of the purchased |
| NAME OF DEFENDANT(S), | ) gift cards.) |
| | ) |
| ACI Gift Cards LLC | ) **DATE:  (Feb/19/2025)** |
| | ) **TIME:  (10:30 AM)** |
| Amazon.com Services LLC: | ) **DEPT:  (610)** |
| | ) |
| Amazon.com Inc. | ) Judge:  (Unknown) |
| | ) Dept:  (610) |
| Apple Inc. | ) Action Filed: (Sep/9/2024) |
| Defendant(s). | ) Trial Date: (Unknown) |

Apart from the purchase records from Taobao, the photos of the purchased gift cards and the payment records via Alipay have already been submitted to Amazon previously.

DATE: December 23, 2024

*Your signature*
Yun Peng
In Pro Per



To redeem, visit **amazon.com/redeem**

## AQTM-2LTQXN-BU6AC

▲ CLAIM CODE ▲

Never use Amazon.com Gift Cards for payment outside of Amazon.
Other payment requests may be a scam — visit amazon.com/giftcardalerts

Redeemable only for eligible items on Amazon.com or certain US affiliates. Other restrictions apply.
No resale, replacements, or refunds, except as required by law. See full terms: amazon.com/gc-legal.
No expiration date or service fees.



0767501606100063003447750532999

Card #: 6300 3447 7503 2999

0223        25-500BHN            0-76750-16061



To redeem, visit **amazon.com/redeem**

## AQDU-NS7ATX-RKYA7

▲ CLAIM CODE ▲

Never use Amazon.com Gift Cards for payment outside of Amazon.
Other payment requests may be a scam — visit **amazon.com/giftcardalerts**

Redeemable only for eligible items on Amazon.com or certain US affiliates. Other restrictions apply.
No resale, replacements, or refunds, except as required by law. See full terms ————— legal.
No expiration date or service fee.

To redeem, visit **amazon.com/redeem**

## AQ4F-RFJWGM-M3DAV

▲ CLAIM CODE ▲

Never use Amazon.com Gift Cards for payment outside of Amazon
Other payment requests may be a scam — visit **amazon.com/giftcardalerts**

Redeemable only for eligible items on Amazon.com or certain US affiliates. Other restrictions apply.
No resale, replacements, or refunds, except as required by law. See full terms: www.amazon.com/gc-legal.
No expiration date or service fees.

12313158287



799366 53722 6058120018415032183

Card #: 6183 0939 9748 4768

20008A

To redeem, visit **amazon.com/redeem**

# AQJZ-U68BYX-BJQAU

▲ CLAIM CODE ▲

Never use Amazon.com Gift Cards for payment outside of Amazon.
Other payment requests may be a scam — visit **amazon.com/giftcardalerts**

Redeemable only for eligible items on Amazon.com or certain US affiliates. Other restrictions apply.
No resale, replacements, or refunds, except as required by law. See full terms: amazon.com/gc-legal.
No expiration date or service fees.

0767501606100063000040509750 14

Card #: 6300 0040 5097 5014

7404501303547

25-500BHN

0-76750-16061

1223

# Walgreens

#12822 1790 W GOVERNMENT ST
BRANDON, MS 39042
601-825-3473

111    3594    0022    06/27/2024 3:17 PM

AMAZON GIFT CARD
6058120045981125406         N/D         500.00

TOTAL                                   500.00
MASTERCARD ACCT 1039                    500.00
AUTH CODE                               302243B
CHANGE                                  .00

THANK YOU FOR JOINING MYWALGREENS!
BE SURE TO USE YOUR MEMBERSHIP FOR ALL OF
YOUR PURCHASES. RESTRICTIONS APPLY. FOR
FULL DETAILS, SEE MYWALGREENS.COM.

RFN# 1282-2223-5948-2406-2703

*************1676

myW

---

No value until activated by cashier
Fastcard® is a registered trademark
of InComm.® Patents Pending. PB-12

104058569441

Card #:6206 6745 0829 5384 1495411497

799366 79307 6058120045981125406

To redeem, visit **amazon.com/redeem**

AQ3Q·J6†XLN·B29AC

▶ CLAIM CODE ◀

Never use Amazon.com Gift Cards for payment outside of Amazon.
Other payment requests may be a scam — visit **amazon.com/giftcardal**
Redeemable only for eligible items on Amazon.com or certain US affiliates. Other rest
No resale, replacements, or refunds, except as required by law. See full terms: amazon.
expiration date or service fees.

编号：20240628000850007028646676026000031856955

币种：人民币 / 单位：元

## 支付宝交易电子回单

回单生成时间：2024-06-28 07:44:16

| | |
|---|---|
| 付款方 | 账户名：彭云<br>账号：13336486287<br>账户类型：支付宝账户<br>开户机构：支付宝（中国）网络技术有限公司 |
| 收款方 | tb80409430 |
| 支付宝交易号 | 20240628220011676014053337702 |
| 交易状态 | 交易成功 |
| 付款时间 | 2024-06-28 01:26:43 |
| 付款金额 | 小写：1260.00<br>大写：壹仟贰佰陆拾元整 |
| 摘要 | 正规卡图　收据　美国亚马逊礼品卡　充值代金卷 100美金 |

注：
1.本《支付宝电子回单》仅证明用户在申请该电子回单时间之前通过其支付宝账户的支付行为。
2.本《支付宝电子回单》有任何修改或涂改的，均为无效证明。
3.本《支付宝电子回单》仅供参考，如与用户支付宝账户记录不一致的，以支付宝账户记录为准。

支付宝（中国）网络技术有限公司

业务凭证专用章盖章处

编号：20240628000850007028646676026000031921742

币种：人民币 / 单位：元

## 支付宝交易电子回单

回单生成时间：2024-06-28 07:45:21

| | |
|---|---|
| 付款方 | 账户名：彭云<br>账号：13336486287<br>账户类型：支付宝账户<br>开户机构：支付宝（中国）网络技术有限公司 |
| 收款方 | tb80409430 |
| 支付宝交易号 | 20240628220011676014030 59542 |
| 交易状态 | 交易成功 |
| 付款时间 | 2024-06-28 00:59:07 |
| 付款金额 | 小写：840.00<br>大写：捌佰肆拾元整 |
| 摘要 | 正规卡图　收据　美国亚马逊礼品卡　充值代金卷 100美金 |

注：

1.本《支付宝电子回单》仅证明用户在申请该电子回单时间之前通过其支付宝账户的支付行为。

2.本《支付宝电子回单》有任何修改或涂改的，均为无效证明。

3.本《支付宝电子回单》仅供参考，如与用户支付宝账户记录不一致的，以支付宝账户记录为准。

支付宝（中国）网络技术有限公司

业务凭证专用章盖章处

编号：20240628000850007028646676026000031781153

币种：人民币 / 单位：元

## 支付宝交易电子回单

回单生成时间：2024-06-28 07:43:01

| | |
|---|---|
| 付款方 | 账户名：彭云<br>账号：13336486287<br>账户类型：支付宝账户<br>开户机构：支付宝（中国）网络技术有限公司 |
| 收款方 | tb80409430 |
| 支付宝交易号 | 2024062822001167601406289685 |
| 交易状态 | 交易成功 |
| 付款时间 | 2024-06-28 03:52:26 |
| 付款金额 | 小写：1900.00<br>大写：壹仟玖佰元整 |
| 摘要 | 正规卡图　收据　美国亚马逊礼品卡　充值代金卷 100美金 |

注：
1.本《支付宝电子回单》仅证明用户在申请该电子回单时间之前通过其支付宝账户的支付行为。
2.本《支付宝电子回单》有任何修改或涂改的，均为无效证明。
3.本《支付宝电子回单》仅供参考，如与用户支付宝账户记录不一致的，以支付宝账户记录为准。

支付宝（中国）网络技术有限公司

业务凭证专用章盖章处

编号：20240628000850007028646676026000031834057

币种：人民币 ／ 单位：元

## 支付宝交易电子回单

回单生成时间：2024-06-28 07:43:54

| | |
|---|---|
| 付款方 | 账户名：彭云<br>账号：13336486287<br>账户类型：支付宝账户<br>开户机构：支付宝（中国）网络技术有限公司 |
| 收款方 | tb80409430 |
| 支付宝交易号 | 2024062822001167601405165334 |
| 交易状态 | 交易成功 |
| 付款时间 | 2024-06-28 01:58:00 |
| 付款金额 | 小写：1140.00<br>大写：壹仟壹佰肆拾元整 |
| 摘要 | 正规卡图　收据　美国亚马逊礼品卡　充值代金卷 100美金 |

注：
1.本《支付宝电子回单》仅证明用户在申请该电子回单时间之前通过其支付宝账户的支付行为。
2.本《支付宝电子回单》有任何修改或涂改的，均为无效证明。
3.本《支付宝电子回单》仅供参考，如与用户支付宝账户记录不一致的，以支付宝账户记录为准。

支付宝（中国）网络技术有限公司

业务凭证专用章盖章处

1   Michael J. Stortz (SBN 139386)
2   Michael.Stortz@klgates.com
    K. Taylor Yamahata (SBN 347192)
3   Taylor.Yamahata@klgates.com
    K&L GATES LLP
4   Four Embarcadero Center, Suite 1200
    San Francisco, CA 94111
5   Telephone: (415) 882-8200
    Facsimile: (415) 882-8220
6

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**01/02/2025**
**Clerk of the Court**
BY: TIFFANY WADA
Deputy Clerk

7   *Attorneys for Defendants*
    ACI GIFT CARDS LLC, AMAZON.COM
8   SERVICES LLC and AMAZON.COM INC.

9

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                         COUNTY OF SAN FRANCISCO

12

| | |
|---|---|
| 13  YUN PENG, | Case No. CGC-24-617965 |
| 14          Plaintiff, | |
| 15      v. | **STIPULATION TO GRANT DEFENDANTS ACI GIFT CARDS LLC, AMAZON.COM SERVICES LLC, AMAZON.COM INC. A 15-DAY EXTENSION OF TIME TO RESPOND TO COMPLAINT UNDER CRC 3.110(D)** |
| 16  ACI GIFT CARDS LLC, AMAZON.COM SERVICES LLC, AMAZON.COM INC., | |
| 17  APPLE INC., | |
| 18          Defendants. | |
| 19 | |
| 20 | Complaint Filed:    June 24, 2024 Trial Date:         None Set |
| 21 | |

22

23

24

25

26

27

28

508851.0811.1
STIPULATION TO GRANT EXTENSION TO RESPOND TO COMPLAINT UNDER CRC 3.110(D); CASE NO.
CGC-24-617965

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Per California Rules of Court, Rule 3.110(d), Plaintiff Yun Peng and Defendants ACI Gift Cards LLC, Amazon.com Services LLC, and Amazon.com, Inc. (collectively "Amazon"), acting by and through their respective counsel, hereby enter into this stipulation with reference to the following facts:

WHEREAS, Plaintiff served ACI Gift Cards LLC and Amazon.com, Inc. with a Complaint in this action on December 2, 2024;

WHEREAS, Plaintiff served Amazon.com Services LLC with a Complaint in this action on December 3, 2024;

WHEREAS, Amazon's deadline to respond to Plaintiff's Complaint, by statute, would be due 30 days after service, on January 2, 2025;

WHEREAS, given the proximity to the holiday season, pursuant to California Rules of Court, Rule 3.110(d), the Parties stipulate that Amazon shall have an additional 15 days up to and including January 17, 2025 to answer or otherwise respond to the Complaint.

NOW, THEREFORE, the Parties stipulate as follows:

1. Amazon shall be granted a 15-day extension of time to file an Answer or otherwise respond to Plaintiff's Complaint.

2. Amazon's Answer or response to Plaintiff's Complaint shall be due on January 17, 2025.

Dated: December 27, 2024                      K&L GATES LLP


                                              By: _/s/ Taylor Yamahata_____
                                                  Michael J. Stortz
                                                  K. Taylor Yamahata

                                                  *Attorneys for Defendants*
                                                  ACI GIFT CARDS LLC, AMAZON.COM
                                                  SERVICES LLC and AMAZON.COM
                                                  INC.

**RECYCLED PAPER**

508851881

STIPULATION TO GRANT EXTENSION TO RESPOND TO COMPLAINT UNDER CRC 3.110(D); CASE
NO. CGC-24-617965

1   Dated: December 27 , 2024

2

3                                            By: _____
                                                 Yun Peng
4

5                                                *Plaintiff, In Pro Per*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RECYCLED PAPER**

508851881.1

STIPULATION TO GRANT EXTENSION TO RESPOND TO COMPLAINT UNDER CRC 3.110(D); CASE NO. CGC-24-617965

# PROOF OF SERVICE

I am employed in the county of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is K&L GATES LLP, Four Embarcadero Center, Suite 1200, San Francisco, CA 94111.

On **January 2, 2025**, I served the document(s) described as:

**STIPULATION TO GRANT DEFENDANTS ACI GIFT CARDS LLC, AMAZON.COM SERVICES LLC, AMAZON.COM INC. A 15-DAY EXTENSION OF TIME TO RESPOND TO COMPLAINT UNDER CRC 3.110(D)**

together with an unsigned copy of this declaration on the interested parties in this action by delivering a true copy thereof as follows:

Yun Peng                                              ***Plaintiff, In Pro Per***
965 Hutchinson Ave.
Palo Alto, CA 94301
Tel:  (669) 329-7691
Email:  msma529370228@gmail.com

☒    **BY ELECTRONIC SERVICE:**  I transmitted a true copy of the document(s) listed above to the e-mail addresses of the addressee(s) as indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **January 2, 2025**, San Francisco, California.

*Carol Ridgeway*
Carol Ridgeway

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| YUN PENG | **Case Management Department 610** |
| | **Case Management Order** |
| PLAINTIFF (S) | |
| VS. | **NO.: CGC-24-617965** |
| ACI GIFT CARDS, LLC et al | |
| | **Order Continuing Case** |
| | **Management Conference** |
| DEFENDANT (S) | |

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Feb-19-2025 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on Apr-23-2025 in Department 610 at 10:30 am.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed and served twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED:  JAN-24-2025

ROCHELLE EAST

JUDGE OF THE SUPERIOR COURT

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on JAN-24-2025 I served the attached Order Continuing Case Management Conference by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  JAN-24-2025                              By: DANIEL DIAZ


KATHERINE TAYLOR YAMAHATA (347192)
K&L GATES LLP
4 EMBARCADERO CTR
SUITE 1200
SAN FRANCISCO, CA  94111

YUN PENG
965 HUTCHINSON AVE
PALO ALTO, CA  94301

CERTIFICATE OF SERVICE BY MAIL
Form 000001

1    Michael J. Stortz (SBN 139386)
2    Michael.Stortz@klgates.com
     K. Taylor Yamahata (SBN 347192)
3    Taylor.Yamahata@klgates.com
     K&L GATES LLP
4    Four Embarcadero Center, Suite 1200
     San Francisco, CA 94111
5    Telephone: (415) 882-8200
     Facsimile: (415) 882-8220
6

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**01/30/2025**
**Clerk of the Court**
BY: AUSTIN LAM
**Deputy Clerk**

7    *Attorneys for Defendants*
8    ACI GIFT CARDS LLC, AMAZON.COM
     SERVICES LLC and AMAZON.COM INC.

9

10               SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF SAN FRANCISCO

12

13   YUN PENG,                            | Case No. CGC-24-617965

14              Plaintiff,

15        v.                              | **STIPULATION REGARDING THE
                                          | FILING OF PLAINTIFF YUN PENG'S**
16   ACI GIFT CARDS LLC, AMAZON.COM       | **SECOND AMENDED COMPLAINT AND**
     SERVICES LLC, AMAZON.COM INC.,       | **DEFENDANTS ACI GIFT CARDS LLC,**
17   APPLE INC.,                          | **AMAZON.COM SERVICES LLC,
                                          | AMAZON.COM INC.'S RESPONSE**
18              Defendants.               | **DEADLINE**

19

20                                        | Complaint Filed:    June 24, 2024
                                          | Trial Date:         None Set
21

22

23

24

25

26

27

28

508951086.2

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Yun Peng and Defendants ACI Gift Cards LLC, Amazon.com Services LLC, and Amazon.com, Inc. (collectively "Amazon"), acting by and through their respective counsel, hereby enter into this stipulation with reference to the following facts:

WHEREAS, Plaintiff served ACI Gift Cards LLC and Amazon.com, Inc. with the First Amended Complaint ("FAC") in this action on December 2, 2024;

WHEREAS, Plaintiff served Amazon.com Services LLC with the FAC in this action on December 3, 2024;

WHEREAS, Amazon's deadline to respond to the FAC, by statute, was 30 days after service, on January 2, 2025;

WHEREAS, given the proximity to the holiday season, pursuant to California Rules of Court, Rule 3.110(d), the Parties entered into a stipulation that Amazon would have an additional 15 days up to and including January 17, 2025 to answer or otherwise respond to the FAC;

WHEREAS, the Parties met and conferred, pursuant to Code of Civil Procedure section 430.41, on January 8, 2025, and the Plaintiff agreed to amend the FAC by January 17, 2025;

WHEREAS, Plaintiff informally provided Amazon with a copy of the Second Amended Complaint on January 16, 2025 and informed Amazon he would file it the next day;

WHEREAS, Plaintiff filed his Motion for Leave to File a Second Amended Complaint ("SAC"), on January 17, 2025;

WHEREAS, Plaintiff informed Amazon that the filing of the SAC was rejected because it was submitted to the wrong department and that Plaintiff intended to submit the SAC to Department 301 as soon as possible, on January 23, 2025;

WHEREAS, Plaintiff informed Amazon that the SAC was filed on January 28, 2025, but did not serve the SAC on Amazon and the filing was not reflected on the docket.

NOW, THEREFORE, the Parties stipulate as follows:

1. Plaintiff's SAC, attached hereto as Exhibit A, may be filed in this action, effective as of the date of the Court's Order approving this stipulation.

2

STIPULATION REGARDING THE FILING OF PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEFENDANTS' RESPONSE DEADLINE; CASE NO. CGC-24-617965

2.   Amazon's responsive pleading shall be due thirty (30) days from the entry of the Court's
order approving this stipulation.

Dated: January 29, 2025                    K&L GATES LLP


                                           By: /s/ Taylor Yamahata
                                               Michael J. Stortz
                                               K. Taylor Yamahata

                                               *Attorneys for Defendants*
                                               ACI GIFT CARDS LLC, AMAZON.COM
                                               SERVICES LLC and AMAZON.COM
                                               INC.


Dated: January 29, 2025


                                           By: _____
                                               Yun Peng

                                               *Plaintiff, In Pro Per*


508951086.2
**RECYCLED PAPER**
STIPULATION REGARDING THE FILING OF PLAINTIFF'S SECOND AMENDED COMPLAINT AND
DEFENDANTS' RESPONSE DEADLINE; CASE NO. CGC-24-617965

# EXHIBIT A

YUN PENG
Street Address:
425 W Valley Blvd #104 APT 153 San Gabriel, CA 91776
Phone Number:  669 329 7691
Fax Number:
Email:  msma529370228@gmail.com


Yun Peng, IN PRO PER



## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO


| | |
|---|---|
| NAME OF PLAINTIFF(S):  Yun Peng | Case No.: CGC24617965 |
| Plaintiff(s), | |
| vs. | **DOCUMENT TITLE (**SECOND AMENDED COMPLAINT**)** |
| NAME OF DEFENDANT(S), | |
| ACI Gift Cards LLC | **DATE:  (Feb/19/2025)** |
| Amazon.com Services LLC: | **TIME:  (10:30 AM)** |
| | **DEPT:  (610)** |
| Amazon.com Inc. | Judge:  (Unknown) |
| Defendant(s). | Dept:  (610) |
| | Action Filed:  (Sep/9/2024) |
| | Trial Date:  (Unknown) |

DATE: January 28, 2025                    Yun Peng

~~Your signature~~

In Pro Per

- 1 -

INSERT DOCUMENT TITLE (e.g., MOTION TO STRIKE)

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

# Catalogue

I.   INTRODUCTION AND PRELIMINARY STATEMENT  ................................................. 4

A.  PARTIES ................................................................................................................ 5

1.  PLAINTIFF ............................................................................................................. 5

2.  DEFENDANTS  ....................................................................................................... 5

II.  JURISDICTION STATEMENT  ................................................................................. 6

A.  ACI GIFT CARDS, LLC ....................................................................................... 6

B.  AMAZON.COM SERVICES LLC  .......................................................................... 6

C.  AMAZON.COM, INC. ............................................................................................ 6

III.   BACKGROUND AND KEY EVENTS...................................................................... 7

IV.   STATEMENT OF FACTS  ..................................................................................... 8

V.   CAUSES OF ACTION  ......................................................................................... 14

A.  CAUSES OF ACTION AGAINST ACI GIFT CARDS LLC ...................................... 14

1.  FIRST COA: VIOLATION OF CALIFORNIA CIVIL CODE § 1749.5 - GIFT CARD LAW ......................... 14

Tittle: Second Amended Complaint      Case number: CGC-24-617965      SUPERIOR COURT OF SAN FRANCISCO

1    2.    COA: VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT (CLRA), CIVIL CODE § 1770 ET

2    SEQ. ................................................................................................................ 17

3    3.    COA: VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION

4    LAW) ................................................................................................................ 20

5    4.    COA: VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17500 (FALSE ADVERTISING)

6        24

7    5.    COA: FRAUD AND PUNITIVE DAMAGES (CALIFORNIA CIVIL CODE § 1572) ...................................... 28

8    B.    CAUSES OF ACTION AGAINST AMAZON.COM SERVICES LLC ........................................ 31

9    1.    FIRST COA - DECLARATORY RELIEF  ........................................................................ 31

10   2.    SECOND COA - FALSE ADVERTISING ...................................................................... 32

11   3.    COA: UNJUST ENRICHMENT (CALIFORNIA CIVIL CODE § 3274) ........................................... 35

12   4.    FOUETHLY COA: VIOLATION OF CALIFORNIA CONSUMER PRIVACY ACT (CCPA) AND CALIFORNIA

13   PRIVACY RIGHTS ACT (CPRA) ................................................................................ 38

14   5.    FIFTH COA: VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT AND UNFAIR COMPETITION

15   LAW ............................................................................................................... 41

16   6.    SIXTH COA: VIOLATION OF FEDERAL TRADE COMMISSION ACT AND CALIFORNIA BUSINESS AND

17   PROFESSIONS CODE § 17200 ................................................................................. 45

18   7.    SEVENTH COA: FRAUD AND PUNITIVE DAMAGES (CALIFORNIA CIVIL CODE § 1572) ..................... 50

Tittle: Second Amended Complaint        Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1   **C.   CAUSES OF ACTION AGAINST AMAZON.COM, INC.** ........................................ 56

2   1.    COA: PIERCING THE CORPORATE VEIL AND PUNITIVE DAMAGES .......................................... 56

3   **VI.    JURY DEMAND** ...................................................................................................... 63

4   **VII.    VERIFICATION** ..................................................................................................... 63

5   **VIII.    EXHIBITS LIST** ................................................................................................... 63

6

7   # Second Amended Complaint

8   # I. INTRODUCTION AND PRELIMINARY

9   # STATEMENT

10   1.    This complaint is filed by Plaintiff Yun Peng against Defendants ACI Gift Cards, LLC, Amazon.com

11   Services LLC, and Amazon.com, Inc., seeking legal remedies related to fraud, tort, and unfair

12   practices. The Plaintiff alleges that the Defendants have violated multiple California state and federal

13   laws, resulting in economic losses and emotional distress. The Plaintiff requests the Court to declare

14   the contract void and award damages.

1    ## A.   PARTIES

2    ## 1.   Plaintiff

3    2.    Name: Yun Peng

4    3.     Address: 425 W Valley Blvd #104 APT 153 San Gabriel, CA 91776

5    4.    Contact: +1 6693297691

6    5.    Jurisdiction: Although the Plaintiff has changed residence, all events occurred in San Francisco.

7         Therefore, the Superior Court of San Francisco has jurisdiction over this case.

8    ## 2.   Defendants

9    ### 1)   ACI Gift Cards LLC (hereinafter referred to as "Gift Cards")

10   6.    Address: 410 Terry Ave N, Seattle, WA 98109

11   7.    Contact: (800) 927-9800

12   8.     Principal: Michael D. Deal

13   ### 2)   Amazon.com Services LLC (hereinafter referred to as "Amazon

14   Services")

15   9.    Address: 410 Terry Ave N, Seattle, WA 98109

16   10.   Contact: (206) 266-1000

17   ### 3)   Amazon.com, Inc. (hereinafter referred to as "Parent Company")

18   11.   Address: 410 Terry Ave N, Seattle, WA 98109

1    12.    Contact: (206) 266-1000

# II.    JURISDICTION STATEMENT

## A.  ACI Gift Cards, LLC

13.    ACI Gift Cards conducts business in California through the sale of its gift card products and is involved in activities that violate consumer protection laws. Therefore, California courts have jurisdiction over ACI Gift Cards.

## B.  Amazon.com Services LLC

14.    Responsible for account suspensions, order cancellations, and customer service operations on the Amazon platform. Amazon.com Services LLC conducts extensive business in California through its logistics centers and warehouses, delivering goods to California consumers. Therefore, California courts have long-arm jurisdiction over Amazon.com Services LLC.

## C.  Amazon.com, Inc.

15.    Amazon conducts extensive business activities in California, including multiple fulfillment centers and warehouses, delivering goods to California consumers through its logistics network. These activities subject Amazon.com, Inc. to the long-arm jurisdiction of California courts.

16.    Legal Basis: According to International Shoe Co. v. Washington, 326 U.S. 310 (1945), courts have jurisdiction over defendants who have "minimum contacts" within the jurisdiction when these

1    contacts are directly related to the litigation.

# III.    BACKGROUND AND KEY EVENTS

3    17.   On April 25, 2024, the Plaintiff entered the United States seeking political asylum. After entry, the

4    Plaintiff's cash and bank cards were stolen, severely limiting their survival means. The Plaintiff was

5    forced to purchase Amazon gift cards issued by Gift Cards through Alipay (similar to PayPal in the

6    US) on Taobao (similar to Amazon) to purchase food and other necessities on Amazon Services.

7    18.   During the Plaintiff's use of gift cards on Amazon Services, Amazon Services repeatedly canceled

8    orders and froze gift card balances citing "unusual payment activity," and subsequently closed two of

9    the Plaintiff's accounts. The Plaintiff attempted to communicate through the e-commerce company's

10   only provided appeal channel - email. However, the e-commerce company imposed unreasonable

11   restrictions on the appeal process, including allowing only up to 5 images and no more than 200

12    characters of text explanation.

13   19.   Nevertheless, the Plaintiff provided all evidence capable of proving the legitimate purchase and use of

14    gift cards as required by the e-commerce company.

15   20.   Even with sufficient evidence, the e-commerce company still refused to unfreeze the Plaintiff's

16   account balance. Meanwhile, without the Plaintiff's consent, the e-commerce company illegally used

17   the Plaintiff's personal information for identity cross-referencing. This action further violated the

18   Plaintiff's right to privacy.

1    21.  After multiple unsuccessful communications, the Plaintiff warned Amazon Services about their illegal

2         behavior; after failure, they also made a humanitarian request to restore food-related orders. These

3         were also ignored.

4    22.  The above actions caused serious physical and mental harm to the Plaintiff, not only causing life

5         difficulties but also leading to severe deterioration of mental health, worsening of conditions, and

6         ultimately resulting in Post-Traumatic Stress Disorder (PTSD).

7  # IV.   STATEMENT OF FACTS

8    23.  The Plaintiff suffers from anxiety and has long been taking anti-anxiety and sleeping medications. On

9         April 25, 2024, the Plaintiff entered the United States on a B2 visa seeking asylum. The Plaintiff does

10        not speak English.

11   24.   On May 21, 2024, the Plaintiff was robbed and only their wallet remained.

12   25.  On June 17, 2024, due to anxiety, the Plaintiff began taking the sedative Trazodone. The sedative

13        impaired the Plaintiff's ability to understand and judge contracts.

14   26.  On June 24, 2024, the Plaintiff was robbed again, with their wallet and all cash stolen. Due to the

15        theft and having no friends or family in the United States, the Plaintiff faced a survival crisis.

16   27.  The Plaintiff was thus forced to use Alipay (similar to PayPal in the US) to purchase Amazon

17        Services gift cards issued by Gift Cards on Taobao (similar to Amazon). Using the account

18        msma529370228@gmail.com, they purchased food and other necessities on Amazon Services.

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1  28.  On June 25, 2024, the United States Citizenship and Immigration Services (USCIS) issued a Notice

2     of Intent to Deny (NOID) to the Plaintiff, requiring a time-sensitive response. Facing both a survival

3     crisis and an identity crisis simultaneously caused the Plaintiff's psychological condition to deteriorate.

4     To organize materials for responding to USCIS, the Plaintiff purchased a MacBook on Amazon

5      Services.

6  29.  On June 26, 2024, Amazon.com Services suspended the Plaintiff's account citing the vague reason of

7     "detected unusual payment activity." No detailed information was provided, such as the definition of

8     "unusual activity," specific order numbers, transaction times, or amounts. This made it impossible for

9     the Plaintiff to determine the cause of the unusual payment.

10  30.  In Amazon Services' appeal link, the company restricted the Plaintiff's right to provide detailed

11     explanations about the incident, allowing only 5 images and 200 characters. Besides email, the

12      defendant also did not provide any other appeal methods or channels.

13  31.  After the Plaintiff submitted photographs of the purchased gift cards as requested, the account was

14      briefly restored.

15  32.  On June 28, 2024, Amazon Services notified the Plaintiff that the previously submitted evidence was

16     insufficient to lift the ban and blocked the account again. Like the first account suspension, the

17     defendant only vaguely cited unusual payment without providing specific information about the

18     irregularities. Subsequently, the Plaintiff was restricted from logging in and could not access personal

19      data such as order history, delivery status, and billing information.

Tittle: Second Amended Complaint        Case number: CGC-24-617965      SUPERIOR COURT OF SAN FRANCISCO

1    33.    The Plaintiff made multiple submissions according to the defendant's requirements, providing:

2          payment records, name, phone number, email and address, more gift card photos, and other detailed

3           information. However, the account was not restored.

4    34.    On July 2, the defendant canceled the Plaintiff's food and MacBook orders.

5    35.    Subsequently, the Plaintiff pointed out Amazon's illegal actions and procedural unfairness, explained

6          their language barrier, and made humanitarian requests. All of these were ignored and rejected by the

7          defendant.

8    36.    On July 12, the defendant froze approximately $1,600 worth of assets in the Plaintiff's account and

9           permanently closed the Plaintiff's account.

10   37.    Due to the Plaintiff's inability to speak English and unfamiliarity with transportation and other factors,

11          it was difficult to adapt to shopping at physical stores. The closing of the account brought many

12          inconveniences to the Plaintiff's life. On July 17, 19, 26, and 27, the Plaintiff purchased gift cards

13          issued by Gift Cards again at designated retail stores including Walgreens, CVS, and Whole Foods

14          Market.

15   38.    During the process of purchasing cards, the Plaintiff discovered numerous issues with the defendant's

16           design and sales approach:

17   39.     No terms confirmation process.

18   40.     Card design issues:

19   41.    Important usage restriction terms ("Redeemable only for eligible items...") were placed at the bottom

10

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1        of the card in small font

2    42.   Key terms content needed to be viewed through an external link (amazon.com/gclegal) rather than

3        directly displayed on the card

4    43.   Only one important term used orange font ("Never use Amazon.com Gift Cards for payment outside

5        of Amazon") while other important restriction terms used smaller white font

6    44.    Insufficient information disclosure:

7    45.   Did not directly state California law's right to cash redemption for balances under $10, instead

8        vaguely stating "except as required by law"

9    46.    Used vague phrasing like "Other restrictions apply" without specifically listing important restrictions

10    47.   Did not clearly state responsibility in case of loss or theft

11    48.   "Redeemable only for eligible items" did not specifically explain which items were ineligible

12    49.    Unclear usage restrictions:

13    50.   "Certain US affiliates" not specifically defined

14    51.    "Eligible items" not clearly defined

15    52.   Complete terms only viewable through external link (amazon.com/gclegal)

16    53.    Insufficient consumer rights protection:

17    54.    The statement "No resale, replacements, or refunds" deprives consumers of basic rights

18    55.   Lack of clear explanation for content involving consumer statutory rights such as "except as required

19        by law"

Tittle: Second Amended Complaint        Case number: CGC-24-617965      SUPERIOR COURT OF SAN FRANCISCO

1    56.   The Plaintiff used these gift cards with the account 529370228@qq.com on Amazon Services.

2    57.   On July 29, Amazon Services blocked the Plaintiff's 529370228@qq.com account, which was the

3           third suspension. After the Plaintiff submitted gift card photos as requested, the account was briefly

4            restored.

5    58.   On August 1, two days after restoration, the account was suspended again. The Plaintiff again

6           provided as requested by the defendant: payment records, purchase receipts, name, phone number,

7            email and address, more gift card photos, and other detailed information.

8    59.   Amazon Services used this information to compare personal information and determined that the two

9           accounts belonged to the same person, violating the Plaintiff's right to privacy. This again caused and

10           exacerbated the Plaintiff's mental distress.

11   60.   On September 23, due to the defendant's series of actions, the Plaintiff's condition continued to

12           deteriorate and was diagnosed with Post-Traumatic Stress Disorder (PTSD).

13   61.   During this period, the Plaintiff learned that defendant Amazon Services made the following public

14           promises and commitments:

15   62.    Privacy Protection Promise

16   63.   "We take the privacy of your data seriously and work every day to earn your trust."

17   64.   Transparency Promise

18   65.   "We always strive to be clear about how Amazon is collecting, using, or sharing your personal data."

19   66.   User-Friendly Promise

Tittle: Second Amended Complaint        Case number: CGC-24-617965     SUPERIOR COURT OF SAN FRANCISCO

1    67.   "You can easily view all your shipping addresses, digital content purchases, and device information,

2          and manage your payment methods directly from Your Account."

3    68.    User Control Promise

4    69.   "We know that customers want a choice in how their personal data is used. That's why we make it

5          easy for you to choose the privacy options that make the most sense for you and your family."

6    70.    Data Security Promise

7    71.   "We design all of our products, services, and systems with privacy and security in mind, and we

8          employ thousands of professionals whose sole mission is to ensure the integrity and security of

9          customer data."

10   72.    Account Transparency Log

11   73.   "Users can view all sensitive operations on their accounts through the 'Account Transparency Log,'

12           clearly understanding how their personal data is accessed and used."

13   74.    However, the defendant's above promises were not fulfilled in actual operations.

# V.    CAUSES OF ACTION

## A.  CAUSES OF ACTION AGAINST ACI GIFT CARDS LLC

### 1.  FIRST COA: Violation of California Civil Code § 1749.5 - Gift Card Law

### 1)   Legal Basis

**Statutory Basis**

75.   California Civil Code § 1749.5 stipulates:

76.   Consumers have the right to redeem gift cards for cash when the balance is less than $10

77.    Issuers must clearly and conspicuously display this statutory right

78.    Issuers must clearly disclose primary terms and restrictions of gift card use

**Case Law**

79.    Meyer v. Sprint Spectrum L.P. (2009) 45 Cal.4th 634

80.   Court established: Businesses have a duty to clearly and prominently disclose important statutory rights

81.    Application: Defendant failed to clearly disclose cash redemption rights

82.    Kasky v. Nike, Inc. (2002)

83.    Court established: Font size and placement of important information must ensure consumer notice

84.    Application: Defendant placed important information in small print in inconspicuous locations

14

1  **2)   Defendant's Conduct**

2  **Concealment of Cash Redemption Rights  :**

3  85.   Only vaguely stated "except as required by law" in small print at card bottom

4  86.   Did not directly state California consumers' cash redemption rights

5  87.   Hid specific rights information in external link (amazon.com/gclegal)

6  **Vague Expression of Usage Restrictions  :**

7  88.   Used vague phrase "Redeemable only for eligible items"

8  89.   "Certain US affiliates" without specifying exact scope

9  90.   Complete usage restrictions only accessible through external link

10  **Display Method of Important Information**

11  91.   Important restriction terms printed in small white font on black background

12  92.   Complete terms placed on external website, increasing difficulty of information access

13  93.  Key limitations and conditions not prominently displayed

14  **3)   Legal Violations**

15  94.   Violation of Clear Disclosure Obligation

16  95.   Failed to clearly disclose cash redemption rights as required by law

17  96.   Used vague statements instead of specific rights descriptions

18  97.   Evaded direct disclosure obligation through external links

Tittle: Second Amended Complaint        Case number: CGC-24-617965        SUPERIOR COURT OF SAN FRANCISCO

1    **Violation of Prominent Display Requirement**

2    98.   Font size and placement of important information fail to meet prominence requirements

3    99.   Adopted color contrast and layout design unfavorable for reading

4    100.  Key restriction terms not displayed prominently

5    **4)  Damages**

6    101.  Infringement of Right to Know

7    102.  Unable to directly learn about statutory rights such as cash redemption

8    103.  Required additional steps to understand complete terms of use

9    104.  May miss opportunities to exercise statutory rights

10   105.  Led to incorrect purchasing decisions

11   106.  Property Rights Damages

12   107.  Potential loss of small balances due to lack of knowledge about cash redemption rights

13   108.  Fund utilization restricted due to usage limitations

14   109.  Additional time and effort required to obtain complete information

15   **5)  Relief Requested**

16   110.  Require defendant to modify card design to directly display cash redemption rights

17   111.  Correct misleading statements and clearly explain usage restrictions

18   112.  Display complete important terms on the card

1    **Damages Request**

2    113. Compensate for losses incurred due to misleading the plaintiff into purchasing the gift card.

3    114.  Compensate for direct and indirect expenses incurred in the course of rights protection.

4    ## 2.  COA: Violation of California Consumer Legal Remedies Act

5    ## (CLRA), Civil Code § 1770 et seq.

6    ### 1)   Legal Basis

7    **Statutory Basis**

8    115.  The Consumer Legal Remedies Act (CLRA) Section 1770 stipulates:

9    116.  Section (a)(5) prohibits false or misleading statements about goods' characteristics, uses, or qualities

10    117.   Section (a)(14) prohibits misleading or false advertising methods for goods or services

11    118.   Section (a)(19) prohibits insertion of unconscionable terms in consumer contracts

12    **Case Law**

13    119.  Wang v. Massey Chevrolet (2002) 97 Cal.App.4th 856

14    120.  Court established: Businesses must disclose important product limitations clearly and accurately

15    121.   Application: Defendant used vague terms to obscure actual restrictions

16    122.  McAdams v. Monier, Inc. (2010) 182 Cal.App.4th 174

17    123.  Court established: Concealment of important product features constitutes misleading representation

18    124.   Application: Defendant concealed important gift card usage restrictions

1    **2)   Defendant's Conduct**

2    **Misleading Representations**

3    125.  "Certain US affiliates" without clear explanation of specific usage scope

4    126.   "No expiration date or service fees" emphasizes no expiration while downplaying usage restrictions

5    **Information Display Method**

6    127.   Prominently displays company logo on front

7    128.   Prints restriction terms in small white font on black background at card bottom

8    129.  Complete terms require access through external link (amazon.com/gclegal)

9    **Unfair Terms**

10   130.  "No resale, replacements, or refunds" deprives consumers of basic rights

11   131.   Conceals important rights in vague statement "except as required by law"

12   132.  Evades direct notification obligation through external links

13   **3)   Legal Violations**

14   133.  Violation of CLRA Section 1770(a)(5)

15   134.  Makes misleading descriptions about gift card usability scope

16   135.  Uses vague terms to obscure actual restrictions

17   136.  Fails to clearly state conditions of use

18   137.   Violation of CLRA Section 1770(a)(14)

19   138.  Adopts misleading methods to display important information

1   139.  Weakens restriction terms through layout design

2   140.  Increases difficulty in obtaining complete information

3   141.  Violation of CLRA Section 1770(a)(19)

4   142.  Includes unfair restrictions in card terms

5   143.  Deprives consumers of legitimate rights

6   144.  Evades statutory notification obligations

7   **4)   Causation**

8   145.  Defendant's misleading representations directly affect consumer purchasing decisions

9   146.  Information display method prevents consumers from fully understanding product restrictions

10   147.  Unfair terms directly harm consumer rights

11   **5)   Damages**

12   **Direct Economic Loss**

13   148.  Unable to use gift card as expected due to unknown usage restrictions

14   149.   Potential loss of small balances due to lack of knowledge about cash redemption rights

15   150.  Additional expenses required to obtain or verify complete information

16   151.  Led to incorrect purchasing decisions

17   **Indirect Losses**

18   152.  Time and effort losses

19   153. Additional costs due to usage inconvenience

1    154.  Increased rights protection costs

2    **6)    Relief Requested**

3    **Injunctive Relief**

4    155.  Require defendant to modify misleading representations

5    156.   Correct unfair term design

6    157.  Establish transparent information disclosure mechanism

7    **Damages Request**

8    158.  Compensate for losses incurred due to misleading the plaintiff into purchasing the gift card.

9    159.   Compensate for direct and indirect expenses incurred in the course of rights protection.

10   **3.   COA: Violation of California Business and Professions Code §**

11   **17200 (Unfair Competition Law)**

12   **1)    Legal Basis**

13   **Statutory Basis**

14   160. California Business and Professions Code § 17200 prohibits all "unlawful," "unfair," or

15       "fraudulent"business conduct.

16   161.  UCL's three-pronged violation standards:

17   162.  "Unlawful": violation of any law constitutes illegality

18   163.   "Unfair": business conduct that violates public policy

1    164.  "Fraudulent": conduct likely to deceive reasonable consumers

2    **Case Law**

3    165. Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co. (1999)

4    166. Court established: Violation of any law constitutes "unlawful" conduct under UCL

5    167. Application: Defendant violated multiple consumer protection laws

6    168.  Wilner v. Sunset Life Ins. Co. (2000)

7    169. Court established: Business practices designed to conceal important information constitute unfair

8        competition

9    170. Application: Defendant's card design deliberately conceals key information

10   **2)   Defendant's Conduct**

11   **Unlawful Conduct**

12   171.  Violates California Civil Code § 1749.5: Failed to prominently disclose cash redemption rights

13   172.  Violates CLRA: Uses misleading statements and unfair terms

14   173.  Evades statutory disclosure obligations: Hides important information in external links

15   **Unfair Conduct**

16   174. Card design: "To redeem, visit amazon.com/redeem" prominently displayed while restriction terms in

17       small print

18   175. Information display: Important restriction terms printed in white small font on black background

19   176.  External links: Key information requires visiting "amazon.com/gclegal" to access

1    **Fraudulent Conduct**

2    177. Uses vague terms like "eligible items" to obscure actual restrictions

3    178.  "Certain US affiliates" without clear scope definition

4    179. Vaguely handles statutory rights with "except as required by law"

5    **3)  Legal Violations**

6    180. Violation of "Unlawful" Standard

7    181.  Direct violation of multiple statutory provisions

8    182.  Evasion of statutory information disclosure obligations

9    183.  Violation of basic consumer protection law principles

10   184. Violation of "Unfair" Standard

11   185.  Card design unfair to consumers

12   186. Increases consumer difficulty in obtaining information

13   187.  Restricts consumers from exercising legal rights

14   188.  Violation of "Fraudulent" Standard

15   189. Design and sales methods are misleading

16   190.  Likely to mislead reasonable consumers' judgment

17   191. Conceals important usage restrictions

18   **4)  Causation**

19   192.  Defendant's illegal design directly results in consumer rights violations

22

1    193. Unfair practices directly impact consumer experience

2    194. Fraudulent conduct directly leads to incorrect purchasing decisions

3    ## 5)  Damages

4    **Direct Damages**

5    195. Cash redemption and other rights cannot be exercised

6    196. Usage scope unexpectedly restricted

7    197. Must bear additional costs for information access

8    198. Led plaintiff to make incorrect purchasing decisions

9    **Indirect Damages**

10    199.  Waste of time and effort

11    200. Increased rights protection costs

12    ## 6)  Relief Requested

13    **Cease Illegal Conduct**

14    201. Require correction of illegal card design

15    202. Establish fair information disclosure mechanism

16    203.  Clearly display consumer rights

17    **Damages Compensation**

18    204. Compensate for losses incurred due to misleading the plaintiff into purchasing the gift card.

19    205.  Compensate for direct and indirect expenses incurred in the course of rights protection.

## 4.  COA: Violation of California Business and Professions Code §

## 17500 (False Advertising)

### 1)    Legal Basis

**Statutory Basis**

206.  California Business and Professions Code § 17500 stipulates:

207.  Prohibits dissemination of false or misleading statements in advertising, promotion, packaging, or

marketing

208.  Prohibits concealment of information that may affect consumer decisions

209.  Prohibits use of vague or deceptive expression methods

**Case Law**

210.  People v. Superior Court (Olson) (1979) 96 Cal.App.3d 181:

211.  Court established: Overall presentation effect of advertising information must not mislead consumers

212.  Application: Defendant's gift card design has overall misleading effect

213.  Chern v. Bank of America (1976) 15 Cal.3d 866:

214.  Court established: Concealment or obscuration of key information constitutes false advertising

215.  Application: Defendant displays important restrictions in inconspicuous manner

Tittle: Second Amended Complaint        Case number: CGC-24-617965        SUPERIOR COURT OF SAN FRANCISCO

1  **2)  Defendant's Conduct**

2    **False or Misleading Statements**

3    216.  Front prominently displays "Shopping Gift Card" suggesting universal use

4    217.  Uses "No expiration date and service fees" to highlight favorable information

5    218.  "Can be used at participating merchants" suggests broad acceptance

6    **Concealment of Important Information**

7    219. Places usage restriction terms on external website

8    220.  Displays important rights limitations in small font

9    221. Uses technical terminology to obscure actual restrictions

10   **Improper Promotion Methods**

11   222. Shelf displays emphasize promotional phrases like "widely usable"

12   223.  Package design downplays important restriction information

13   224. Promotional materials fail to fully disclose usage conditions

14 **3)  Legal Violations**

15   225.  Violation of Information Disclosure Obligation

16   226.  Failed to fully disclose gift card usage restrictions

17   227.  Failed to clearly display consumer rights information

18   228.  Failed to properly present important transaction conditions

1   **Violation of Truthfulness Requirement**

2   229.  Used misleading statements to describe product features

3   230.  Exaggerated product usage scope and convenience

4   231.  Downplayed important limitations and risk warnings

5   **Violation of Fairness Requirement**

6   232. Display method unfair to consumers

7   233. Information access mechanism sets unreasonable barriers

8   234. Promotional focus choices are misleading

9   **4)   Causation**

10   **Causation of False Statements**

11   235. Misleading descriptions directly affect purchasing decisions

12   236.  False advertising leads to incorrect expectations

13   237. Exaggerated statements cause consumer losses

14   **Causation of Information Concealment**

15   238.  Concealment of important information leads to judgment errors

16   239. Improper display method prevents rights from being exercised

17   240.  Information access barriers create additional burdens

18   **Causation of Overall Promotional Effect**

19   241. Misleading promotion leads to incorrect purchase decisions

1    242. Improper marketing causes consumer losses

2    243.  Deceptive display affects legitimate rights

3    **5)  Damages**

4       **Direct Economic Loss**

5    244.  Losses caused by misunderstanding product scope

6    245.  Value depreciation due to usage restrictions

7    246.  Additional costs for obtaining information

8    247. Expected Interest Loss

9    248.  Unable to use gift card as expected

10   249.  Actual usage value lower than expected

11   250. Loss of better purchasing opportunities

12   **Other Related Losses**

13   251. Additional expenditure of time and effort

14   252. Expenses incurred in rights protection process

15   253. Mental damages from being misled

16   **6)   Relief Requested**

17      **Cease Illegal Conduct**

18   254. Request to stop false or misleading advertising

19   255.  Correct improper display methods

1    256.  Establish complete information disclosure mechanism

2    **Damages Compensation Request**

3    257.  Compensate for direct losses caused by false advertising

4    258.  Reimburse reasonable rights protection expenses

5    259.  Compensate for other related damages

6    **Corrective Measures Request**

7    260.  Compensate for losses incurred due to misleading the plaintiff into purchasing the gift card.

8    261.   Compensate for direct and indirect expenses incurred in the course of rights protection.

9    262.  Other relief measures the Court deems appropriate and equitable.

10

11    # 5.   COA: Fraud and Punitive Damages (California Civil Code § 1572)

12    ## 1)   Legal Basis

13    263.  The defendant's conduct violated the following legal provisions:

14    264.  California Civil Code § 1572 (Fraud):

15    265.  Defendant misled consumers through concealment of important information and false statements,

16          inducing consumers to make incorrect decisions, satisfying all elements of fraud.

17    266.  California Consumer Legal Remedies Act (CLRA, Civ. Code § 1770(a)(5) and (a)(14)):

18    267.  Defendant made false or misleading statements about gift card characteristics and usage scope,

1      violating Section 1770(a)(5)

2    268. Defendant concealed consumer rights and liability terms, violating Section 1770(a)(14)'s prohibition

3      on concealing important information

4    269. California Civil Code § 1749.5 (Gift Card Balance Redemption Provision):

5    270. Defendant failed to prominently disclose consumers' right to redeem balances under $10 for cash,

6      violating the statutory disclosure obligation.

7    **2)  The defendant company committed fraud through the following**

8    **methods:**

9    271.  Intentionally using small font to hide important terms and restrictions

10   272. Concealing key information in external links, making it difficult for consumers to access

11   273.  Failing to fully disclose gift card usage restrictions and risks

12   274.  Vague expression about cash redemption rights constitutes concealment of statutory rights

13   **3)  Intent:**

14   275.  The defendant's actions demonstrate clear intentionality:

15   276.  Carefully designed card layout presenting important information inconspicuously

16   277. Establishing complex terms access mechanism increasing difficulty for consumers to understand true

17      situation

18   278.  Systematically evading clear disclosure obligations for important terms

1    **4)   Reasonable Reliance:**

2    279.  Believing gift cards disclosed all major restrictions

3    280.  Trusting gift cards have protection mechanisms similar to credit cards

4    281.  Expecting to be able to conveniently understand and exercise their rights

5    **5)   Harm to Plaintiff**

6    282.  Led to incorrect purchasing decisions

7    283.  Encountered unexpected restrictions when using gift cards

8    284.  Bore undisclosed risks and losses

9    285.  Emotional distress from being defrauded

10   **6)   Request for Relief:**

11   286.  Confirmation of Fraud.

12   287.  Establish fraudulent conduct.

13   288. Confirm elements of fraud. - Clarify fraud liability.

14   **7)   Judgment for Compensation**

15   289. Compensate for losses incurred due to misleading the plaintiff into purchasing the gift card.

16   290.  Compensate for direct and indirect expenses incurred in the course of rights protection.

17   291. Compensate for emotional damages caused to the Plaintiff.

18   292. Pay punitive damages to punish fraudulent conduct and prevent similar conduct.

19   293. Other relief measures the Court deems appropriate and equitable.

1

## B.  CAUSES OF ACTION AGAINST AMAZON.COM

## SERVICES LLC

## 1.   FIRST COA - DECLARATORY RELIEF

### 1)   Legal Basis:

294.  - California Civil Code §1550: Valid contracts require free consent

295. - California Civil Code §1575: Contract formation must be free from undue influence

296. - Relevant case law regarding freedom of consent

### 2)   Factual Background:

#### A. Circumstances of Duress:

297.  - On April 25, 2024, Plaintiff entered the United States on a B2 visa seeking political asylum

298.   - On May 21, 2024, Plaintiff was victim of theft, with only wallet remaining

299. - On June 24, 2024, Plaintiff was victim of another theft, with wallet and all cash stolen

300.   - Plaintiff had no friends or family in the United States and faced a survival crisis

301.  - Under these circumstances, Plaintiff had to purchase food and other necessities through Amazon

#### B. Lack of Free Consent:

302. - Plaintiff does not speak English

303. - On June 17, 2024, Plaintiff began taking the sedative Trazodone which impaired judgment ability

31

1    304. **-** On June 25, 2024, Plaintiff received a NOID notice from USCIS, exacerbating psychological

2    distress

3    305. **-** Plaintiff simultaneously faced both survival crisis and identity crisis

4    **3)    Relief Requested:**

5    306.  WHEREFORE, Plaintiff requests the Court to declare that:

6    307.  **-** Based on the above facts, there was no valid contract between Plaintiff and Amazon Services LLC

7    308.  **-** The account usage terms are void

8    309.  **-** Other restrictive terms are void

9    **2.    SECOND COA - FALSE ADVERTISING**

10    **1)    Legal Basis:**

11    **A. Statutory Basis:**

12    310.  **-** California Business and Professions Code §17500

13    311.  **-** Federal Trade Commission Act Section 5

14    312.  **-** Consumer Legal Remedies Act

15    **B. Case Law:**

16    313. **-** Lovejoy v. AT&T Corp. (2001): Company's advertised promises inconsistent with actual conduct

17    constitutes false advertising

18    314. **-** Kasky v. Nike, Inc. (2002): Concealment of material restrictions constitutes deceptive advertising

1  **2)  Defendant's False or Misleading Representations:**

2    **A. Privacy Protection Promise:**

3  315.  "We take the privacy of your data seriously and work every day to earn your trust"

4  316.  Actual conduct:

5  317.  - Used personal information for account association without authorization

6  318.  - Processed user personal data without notification

7  319.  - Refused to provide transparent explanation of data usage

8    **B. Data Use Transparency Promise:**

9  320.  "We always strive to be clear about how Amazon is collecting, using, or sharing your personal data"

10  321.  Actual conduct:

11  322.  - Only cited "detected unusual payment activity" when freezing account

12  323.  - Refused to explain specific methods of personal information use

13  324.  - Failed to provide specific reasons for fund freezing

14    **C. User Data Control Promise:**

15  325.  "We make it easy for you to choose the privacy options that make the sense for you"

16  326.  Actual conduct:

17  327.  - Completely unable to access personal data during account freeze

18  328.  - Unable to manage any privacy settings

19  329.  - Unable to control or delete personal data

1   **3)   Elements of False Advertising:**

2   **A. False Statements**

3   330.   **-** Made privacy protection promises inconsistent with actual conduct

4   331. **-** Advertised data control capabilities that did not match reality

5   332.   **-** Concealed important information about service restrictions

6   **B. Consumer Deception**

7   333. **-** Consumers chose to use services based on privacy promises

8   334. **-** Discovered promised functions could not be realized in actual use

9   335. **-** Important restrictions not disclosed in advertising

10   **4)   Damages:**

11   **A. Direct Damages**

12   336. **-** Personal information used without authorization

13   337.   **-** Unable to control personal data as promised

14   338. **-** Account and funds arbitrarily frozen

15   **B. Consequential Damages**

16   339. **-** Increased costs for rights protection

17   340. **-** Aggravation of mental illness

18   341.   **-** Privacy rights violated

1    **5)   Relief Requested:**

2    342.  WHEREFORE, Plaintiff requests that this Court:

3    **A. Issue injunctive relief:**

4    343.  - Order defendant to cease false advertising

5    344.  - Require fulfillment of privacy promises

6    345.  - Mandate improvement of information disclosure

7    **B. Award damages:**

8    346.  - Compensate for direct and indirect expenses

9    347.  - Compensate for emotional damages

10   348.  - Award other appropriate relief

11   **3.   COA: Unjust Enrichment (California Civil Code § 3274)**

12   **1)   Legal Basis**

13   **Statutory Basis**

14   349.  California Civil Code § 3274 stipulates:

15   350.  Prohibits obtaining property of others without just cause

16   351.  Requires return of unjust enrichment

17   352.  Must bear losses caused thereby

1    **Case Law**

2    353.  First Nationwide Savings v. Perry (1992)

3    354.  Court held: Retaining others' property without providing consideration constitutes unjust enrichment

4    355.  Application: Defendant retained gift card amounts without providing services

5    **2)    Defendant's Conduct**

6    356.  Retention of Funds Without Just Cause

7    357.   Retained approximately $1,800 in gift card value during account freeze

8    358.  Canceled paid orders but refused to refund funds

9    359.   Retained customer funds without providing any service

10    **3)    Refusal of Reasonable Refund Requests**

11    360.  Defendant indicated it would not refund paid amounts

12    361.   Elements of Unjust Enrichment

13    362.   Obtaining Property

14    363.  Actually controlled consumer's gift card amounts

15    364.  Received order payments but did not provide goods

16    365.   Possessed others' property without just cause

17    **4)    Damages**

18    **Direct Economic Loss**

19    366.  Gift card amount loss: $1,800

1    367.  Order cancellation losses

2    368.  Rights protection costs

3    **Indirect Damages**

4    369.  Unable to purchase necessities

5    370.   Forced to seek alternative shopping channels

6    371.  Loss of time and energy

7    **5)   Relief Requested**

8    **Conduct Correction**

9    372. Establish reasonable fund handling mechanism

10   373.   Improve refund process

11   **Judgment for Compensation**

12   374.  Return all unjustly retained funds.Return

13   375.   Compensate for direct and indirect expenses incurred in the course of rights protection.

14   376.  Compensate for emotional damages caused to the Plaintiff.

15   377.  Other relief measures the Court deems appropriate and equitable.

# 4.   FOUETHLY COA: Violation of California Consumer Privacy Act (CCPA) and California Privacy Rights Act (CPRA)

## 1)   Legal Basis

### Statutory Basis

378.   California Consumer Privacy Act (CCPA):

379. Grants consumers control over their personal information

380. Requires businesses to disclose data usage purposes

381. Protects consumers' right to withdraw consent

382. California Privacy Rights Act (CPRA) supplementary provisions

383. California Constitution Article 1 explicitly provides for privacy rights

### Case Law

384.  Hill v. National Collegiate Athletic Assn. (1994)

385.  Court established: Individuals have reasonable privacy expectations regarding their information

386. Application: Defendant violated privacy rights by using personal information without authorization

## 2)   Defendant's Conduct

### Unauthorized Use of Personal Information

387.   Unauthorized account association:

388. Used personal name

1    389.  Used email address

2    390.  Used contact phone

3    391.  Used address information

4    **Data use exceeded authorization scope:**

5    392.  Failed to inform data usage purpose

6    393.  Did not obtain additional authorization consent

7    394.  Used for account association analysis

8    **Deprivation of Data Control Rights**

9    395.  During account freeze:

10   396.  Unable to access personal data

11   397.  Unable to modify privacy settings

12   398.  Unable to delete personal information

13   **Lack of information transparency:**

14   399.  Did not inform data processing methods

15   400.  Refused to provide data usage explanation

16   401.  Concealed data analysis process

17   **3)  Elements of Infringement**

18   **Violation of Informed Consent Principle**

19   402.  Failed to inform data usage purpose

1    403.  Used data beyond authorized scope

2    404.  Deprived right to withdraw consent

3    **Violation of Data Control Rights**

4    405.   Restricted data access permissions

5    406.  Blocked data deletion requests

6    407.  Refused to provide data copies

7    **4)  Damages**

8    **Privacy Rights Damages**

9    408.  Personal information misused

10   409.   Loss of data control rights

11   410.  Information autonomy rights damaged

12   **Derivative Damages**

13   411.   Mental distress aggravated

14   412.  Privacy anxiety generated

15   413.  Loss of personal information security

16   **5)  Relief Requested**

17   **Cease Infringement**

18   414.  Stop unauthorized data use

19   415.   Restore data control rights

1    416.  Provide data access channels

2    **Mechanism Improvement**

3    417.  Establish data protection system

4    418.  Provide transparent data processing explanation

5    419.  Ensure user control rights

6    **Damages Compensation**

7    420.  Compensate for direct and indirect expenses incurred in the course of rights protection.

8    421.  Compensate for emotional damages caused to the Plaintiff.

9    422.  Other relief measures the Court deems appropriate and equitable.

10    ## 5.  FIFTH COA: Violation of California Consumer Legal Remedies

11    ## Act and Unfair Competition Law

12    **1)  Legal Basis**

13    **Statutory Basis**

14    423.  California Consumer Legal Remedies Act (CLRA):

15    424.  Section 1770 prohibits unfair or deceptive business practices by merchants

16    425.  Requires merchants to provide reasonable appeal channels

17    426.  Protects consumers' right to know and right to fair trading

18    427.  Unfair Competition Law (UCL): Prohibits unfair or deceptive business practices

Tittle: Second Amended Complaint     Case number: CGC-24-617965     SUPERIOR COURT OF SAN FRANCISCO

1    **Case Law**

2    428.  Meyer v. Sprint Spectrum L.P. (2009)

3    429.  Court established: Merchants must provide reasonable channels for rights protection

4    430.  Application: Defendant's appeal restrictions constitute violation of consumer rights

5    **2)   Defendant's Conduct**

6    **Setting Unreasonable Rights Protection Barriers**

7    431.  Appeal material restrictions:

8    432.   Only allows upload of 5 images

9    433.  Text description cannot exceed 200 characters

10   434.   Unable to fully present evidence

11   435.  Restricts appeal channels to email only

12   436.   Lack of language services:

13   437.  Refused to provide translation assistance

14   438.  Lack of feedback mechanism:

15   439.  No clear feedback on appeal materials

16   440.   Refused to disclose specific review criteria

17   **Concealment of Important Information**

18   441.  Vague account freeze reasons:

19   442.  Only stated "detected unusual payment activity"

443. Did not explain specific abnormal situations

444. Refused to provide clear explanation

## 3)  Legal Violations

### Violation of Procedural Justice

445.  Set unreasonable evidence submission restrictions

446.  Deprived consumers of appeal rights

447.  Failed to provide necessary language assistance

### Violation of Right to Know

448.  Concealed important transaction information

449.  Refused to provide clear explanation

450. Vague handling standards

## 4)  Damages

### Rights Protection Barriers

451.  Rights damaged due to evidence submission restrictions

452.  Language barriers increase difficulty in protecting rights

453.  Lack of transparency in procedures creates additional burden

454. No appeal channels other than email

### Economic Loss

455.  Account funds unusable

1    456.  Increased rights protection costs

2    457.  Forced to bear additional expenses

3    ## 5)    Relief Requested

4    **Procedural Correction**

5    458.  Remove unreasonable appeal restrictions

6    459.  Provide necessary language services

7    460.   Establish transparent handling mechanism

8    **System Improvement**

9    461.  Establish fair appeal mechanism

10    462.   Provide multi-language service support

11    463.  Ensure procedural transparency and fairness

12    **Damages Compensation**

13    464.   Compensate for direct and indirect expenses incurred in the course of rights protection.

14    465.  Compensate for emotional damages caused to the Plaintiff.

15    466.  Other relief measures the Court deems appropriate and equitable.

1  # 6. SIXTH COA: Violation of Federal Trade Commission Act and

2  # California Business and Professions Code § 17200

3  ## 1)  Legal Basis

4  ### Statutory Basis

5  467. Federal Trade Commission Act Section 5: Prohibits unfair or deceptive practices in commerce

6  468. California Business and Professions Code Section 17200: Prohibits unfair competition

7  469. California Consumer Privacy Act (CCPA): Protects consumer data rights

8  470. California Civil Code Section 1670.5: Regulates unfair contract terms

9  ### Case Law

10  471. FTC v. Wyndham Worldwide Corp. (2015)

11  472. Court established: Failure to fulfill public commitments constitutes deceptive conduct

12  473. Application: Defendant breached its privacy and transparency promises

13  474. Cel-Tech Communications v. Los Angeles Cellular (1999)

14  475. Court established: Significantly unfair business practices violate UCL

15  476. Application: Defendant's unilateral restrictions are significantly unfair

16  ## 2)  Defendant's Conduct

17  ### Abuse of Platform Power

18  477. Repeatedly froze account without cause:

1    478.  First freeze on June 26, 2024

2    479.  Second freeze on June 28, 2024

3    480.  Third freeze on July 20, 2024

4    481.  Arbitrarily canceled orders, including necessities like food

5    482.  Restricted account access without providing specific reasons

6    **Violation of Transparency Commitment**

7    483. Public promise: "We always strive to be clear about how Amazon is collecting, using, or sharing your

8        personal data"

9    484.  Actual conduct:

10   485.  Used vague concept of "unusual payment activity"

11   486.  Refused to provide specific reasons for freezing

12   487.  Failed to explain how personal information was used

13   **Setting Unreasonable Restrictions**

14   488.  Appeal material limitations:

15   489.  Only allowed upload of 5 images

16   490.  Text description limited to 200 characters

17   491.  No other appeal channels

18   492.  Data access restrictions:

19   493. Unable to view order history

1   494. Unable to obtain transaction records

2   495. Personal data locked

## 3   3)  Legal Analysis

4   **Violation of FTC Act**

5   496.  Constitutes deceptive practices:

6   497. Breach of public commitments

7   498. Concealment of important information

8   499.  Misleading consumer expectations

9   **Violation of UCL**

10   500. Constitutes unfair competition:

11   501.  Abuse of market dominant position

12   502.  Setting unreasonable restrictions

13   503.  Harming consumer interests

## 14   4)  Causation

15   **Direct Causation**

16   504.  Account freezing leads to direct economic losses

17   505.  Order cancellation causes life difficulties

18   506.  Appeal restrictions prevent rights assertion

**Indirect Causation**

507.   Forced to seek alternative shopping methods

508.   Deterioration of mental health condition

509.   Significant decline in quality of life

## 5)  Damages

**Economic Damages**

510.   Gift card balance loss: approximately $1,600

511.   Additional transportation expenses

512.   Increased alternative shopping costs

**Non-Economic Damages**

513.   Anxiety symptoms worsened

514.   Diagnosed with PTSD

515.  Severe decline in quality of life

**Ongoing Impact**

516.   Requires long-term medical treatment

517.  Continued deterioration of mental state

518.  Social integration hindered

1    **6)    Relief Requested**

2    **Injunctive Relief**

3    519. Restore account access privileges

4    520. Remove unreasonable restrictions

5    521.  Establish transparent appeal mechanism

6    **Punitive Damages**

7    522. Considering defendant's conduct:

8    523.  Systematic violations

9    524. Severe harm to vulnerable groups

10   525. Breach of public commitments

11   526.  Request the Court to award appropriate punitive damages.

12   **Damages Compensation**

13   527.  Compensate for direct and indirect expenses incurred in the course of rights protection.

14   528. Compensate for emotional damages caused to the Plaintiff.

15   529. Other relief measures the Court deems appropriate and equitable.

# 7.   SEVENTH COA: Fraud and Punitive Damages (California Civil Code § 1572)

## 1)   Legal Basis

### Statutory Basis

530.  California Civil Code Section 1572:

531.  Elements of fraud: false representation, scienter, intent to induce reliance, actual reliance, damages

532.   Punitive damages applicable to fraudulent conduct

533.  California Civil Code Section 3294:

534.   Punitive damages available when fraudulent conduct is oppressive or malicious

### Case Law

535.   Lazar v. Superior Court (1996):

536.  Court held: Systematic false promises constitute fraud

537.   Application: Defendant's multiple promises contradicted actual conduct

## 2)   Intentional Concealment of Facts

### Concealing details of unusual payment activities:

538. Amazon failed to disclose detailed information behind account freezing, such as definition of unusual

    payment activity, involved order numbers or amounts, making it impossible for users to understand

    specific reasons for freezing

1    **Concealing privacy data usage conduct:**

2    539. Amazon failed to inform users that their personal information was used for account association

3        investigation, violating transparency and user privacy protection promises

4    **Concealing account management basis and standards:**

5    540. After freezing accounts, failed to provide processing basis or reference standards, leaving users

6        completely uninformed about freezing rules

7    **Intentionality:**

8    541. These concealment actions demonstrate clear subjective intent, namely restricting users' right to know

9        and ability to appeal through information opacity

10    **3)    Making False Promises**

11    **Implying possibility of account restoration:**

12    542.   Amazon implied users only needed to upload materials as requested to restore accounts

13    543. Actual: Even when users met all requirements, accounts remained unrestore

14    **False "transparency log" function:**

15    544.   Amazon claimed to provide transparency logs for users to understand account operation records

16    545. Actual: Function unusable after account frozen

17    **False privacy promises:**

18    546. Claimed to strictly protect user privacy

19    547. Actual: Processed personal information without user authorization for multi-account investigation

1    **False user support promises:**

2    548.    Amazon promised to provide convenient support

3    549.  Actual: No effective appeal channels after account frozen, and communication blocked through "do

4         not reply" emails

5    **Falsely claimed to fulfill account and data security promises ：**

6    550.  Actual: Failed to provide protection measures or prevent misoperation during account freezing,

7         contradicting public commitments

8    ## 4)  Abuse of Consumer Trust

9    **Trust in transparency log function:**

10   551.  Users trusted this function would explain freezing reasons, but no related information was available

11        after freezing

12   **Trust in submitting proof documents:**

13   552.  Users believed account would be unfrozen after submitting proof documents, but Amazon refused to

14        restore accounts

15   **Unauthorized use of information:**

16   553.  Users trusted personal information would not be used without permission, but Amazon used their

17        information for account investigation

18   **Trust in appeal process:**

19   554.  Users reasonably believed there would be clear appeal process after freezing, but appeal channels

1     were either non-existent or denied

2     **Trust in ordered goods delivery:**

3     555. Users believed account freezing would not affect ordered goods delivery and account data access, but

4          Amazon canceled orders and restricted data access

5     ## 5)   Losses Caused to Users

6     **Property Loss:**

7     556. Amazon retained user payments (such as gift card balances) after freezing accounts while

8          confiscating purchased goods

9      **Deprivation of Data Access Rights:**

10    557. During account freeze period, users were deprived of rights to access transaction history, order

11         records and account data, causing economic losses

12    **Mental Damage:**

13    558. Users faced mental unfair treatment due to inability to appeal, data restrictions and order

14         cancellations

15    ## 6)   Elements of Fraud

16    **False Statements**

17    559.  Multiple service promises inconsistent with actual conduct

18    560.  Intentionally misleading consumer expectations

19    561. Systematic false advertising

1      **Intentionality**

2      562. Preset unreasonable appeal restrictions

3      563. Repeated same deceptive patterns

4      564.  Refused to fulfill clear commitments

5      **7)   Causation**

6      565. Consumers made decisions based on promises

7      566.  Suffered foreseeable damages

8      567. Losses directly related to fraud

9      **8)   Grounds for Punitive Damages**

10     **Malicious Nature of Conduct**

11     568.  Systematic deception

12     569. Continuous misleading

13     570. Refusal to correct

14     **Severity of Damages**

15     571. Caused direct economic losses

16     572.  Violated multiple legal rights

17     573. Led to emotional distress

1    **9)    Relief Requested**

2    **Confirmation of Fraud**

3    574. Establish fraudulent conduct

4    575.  Confirm elements of fraud

5    576.  Clarify fraud liability

6    **Conduct Correction**

7    577.  Stop false advertising

8    578. Fulfill service commitments

9    579.  Establish effective supervision mechanism

10    **Judgment for Compensation**

11    580.  Income Loss Caused by PTSD

12    581.   Compensate for direct and indirect expenses incurred in the course of rights protection.

13    582.  Compensate for emotional damages caused to the Plaintiff.

14    583. Punitive Damages

15    584. Other relief measures the Court deems appropriate and equitable.

# C.  CAUSES OF ACTION AGAINST AMAZON.COM, INC.

## 1.    COA: Piercing the Corporate Veil and Punitive Damages

### 1)    Legal Basis

#### Statutory Basis

585. According to California court precedents, corporate veil may be pierced when the following

conditions are met:

586.  Parent company has substantial control and dominance over subsidiaries

587.   Subsidiaries lack independent operational entity characteristics

588.   Maintaining subsidiary's independent legal person status would lead to unfair results

#### Cases Law

589.  Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation (MDL No. 2056)

590.   Frigidaire Sales Corp. v. Union Properties, Inc. (88 Wash. 2d 400)

### 2)    Contract Subject Ambiguity

#### The following ambiguous terms exist in user agreements:

591. "Amazon.com Services LLC and its affiliates reserve the right to modify, suspend or terminate

services at any time"

592. "Amazon may use your information to improve services"

593. "Amazon reserves the right to take necessary actions regarding accounts"

1       **These terms share two common characteristics:**

2       594. Fail to specify concrete executing subject

3       595.  Mix use of "Amazon.com Services LLC" and "Amazon" expressions

4       **Mixed use of subjects:**

5       596.  Alternately using subsidiary's full name and "Amazon" abbreviation in same agreement

6       597. Making it difficult for consumers to identify actual contract counterparty

7       ## 3)   Amazon.com, Inc.'s Complete Control Over Subsidiaries

8       **Capital and Legal Control   :**

9       598.  100% Shareholding Control

10      599. Amazon Services LLC is parent company's wholly owned subsidiary (SEC subsidiary listing

11          document)

12      600.   ACI Gift Cards LLC is Amazon.com company's wholly owned subsidiary (2008 press release)

13      **Unified Legal Structure   :**

14      601. Joint use of Amazon brand and trademarks (ACI Gift Cards issuance press release: "ACI Gift Cards,

15          Inc., a subsidiary of Amazon.com, Inc.")

16      602. Centralized legal entity management (SEC subsidiary listing document shows unified registration

17          location choice)

18      **Strategic and Operational Control  :**

19      603. Centralized Strategic Decision-Making

57

1   604. Parent company uniformly sets decision standards (Corporate governance document: "We may make

2       decisions and weigh tradeoffs differently than some other companies")

3   605. Unified management policy (Corporate governance document: "understand our fundamental

4       management and decision-making approach")

5   606.  Mandatory Business Restrictions

6   607. ACI Gift Cards can only be used on Amazon platform (API documentation: "Gift Cards may only be

7       redeemed toward the purchase of eligible goods and services provided by Amazon.com Services LLC

8       and its affiliates")

9   608. Mandatory implementation of FBA policy (FTC litigation document: "Amazon conditions sellers'

10      ability to be 'Prime eligible' on their use of Amazon's order fulfillment service")

11   **Technology and Data Control :**

12   609. System Dependency

13   610. ACI Gift Cards completely relies on parent company's API system (API documentation shows all

14      requests must go through Amazon authentication system)

15   611. Amazon Services uses parent company's technology platform (API documentation shows unified

16      technical architecture)

17   612.  Data Management

18   613. Gift card transaction data uniformly managed by parent company (data flow shown in API

19      documentation)

1    614. Customer data centrally processed by parent company (FTC litigation: "Amazon used personal

2        information without authorization")

3    **Financial and Investment Control**

4    615.  Centralized Financial Management

5    616. Unified cash flow management (Corporate governance document: "Focus on cash")

6    617. Unified accounting policies (Corporate governance document: "When forced to choose between

7        optimizing the appearance of our GAAP accounting and maximizing the present value of future cash

8        flows")

9    **Investment Decision Control**

10    618. Parent company controls major investments (Corporate governance document: "Make bold

11        investment decisions in light of long-term leadership considerations")

12    619. Unified risk taking (Corporate governance document: "Some of these bold investments will pay off,

13        others will not")

14    **4)    Subsidiaries' Lack of Independence**

15    **Lack of Operational Independence**

16    620.  Business Dependency

17    621. ACI Gift Cards products completely dependent on parent company platform (technical dependency

18        relationship shown in API documentation)

19    622. Amazon Services must follow parent company policies (mandatory business rules described in FTC

1    litigation)

2    **Lack of Decision-Making Authority**

3    623. Key decisions controlled by parent company (FTC litigation: "Amazon leadership slowed or rejected

4        changes")

5    624. No independent operational rights (centralized management model shown in corporate governance

6        document)

7    **Lack of Personnel Independence**

8    625.  Unified Personnel Policy

9    626. Centralized recruitment standards (Corporate governance document: "Focus on hiring and retaining

10        versatile and talented employees")

11    627. Unified compensation system (Corporate governance document: "weight their compensation to

12        significant stock ownership")

13    **Maintaining Independent Legal Person Status Would Lead to Unfairness**

14    628.  Consumer Rights Damage

15    629.  Systematic Violations ：

16    630. Parent company participated in designing improper interface (FTC litigation: "Amazon used

17        manipulative, coercive, or deceptive user-interface designs")

18    631. Intentionally obstructed service cancellation (FTC litigation: "The primary purpose of its Prime

19        cancellation process was not to enable subscribers to cancel")

1    632.  Liability Evasion：

2    633.  Using Corporate Structure to Evade Responsibility

3    634. Attributing improper conduct to subsidiaries

4    635. Attempting to limit parent company liability

5    **5)    REQUEST FOR RELIEF**

6    636.  Based on the above facts and legal basis, Plaintiff requests the Court to:

7    **Declaratory Judgment  :**

8    637. Rule that Amazon.com, Inc. and its subsidiaries ACI Gift Cards LLC and Amazon Services LLC

9        constitute fully integrated operations

10   638. Confirm Amazon.com, Inc. should bear direct and joint liability for the two subsidiaries' conduct

11   639. Find that maintaining subsidiaries' independent legal person status would lead to unfair results for

12       consumers

13   **Substantive Relief  :**

14   640. Punitive Damages

15   641.  Given parent company's systematic fraud through subsidiaries

16   642.  Intentional design of obstacles to prevent service cancellation

17   643.   Knowingly allowing subsidiaries to harm consumer interests

18   644. Request Court to award appropriate punitive damages

19

Tittle: Second Amended Complaint     Case number: CGC-24-617965     SUPERIOR COURT OF SAN FRANCISCO

1  **Injunctive Relief :**

2  645.  Require Amazon.com, Inc. to reform its subsidiary management system:

3  646.  Establish transparent information disclosure mechanism

4  647.  Improve consumer protection system

5  648.  Provide reasonable appeal channels

6  **Prohibit continued use of improper methods:**

7  649.  Stop deceptive interface designs

8  650.  Cease unauthorized data usage

9  651. End unfair account restriction practices

10  **Other Relief**

11  652.  Require Amazon.com, Inc. to bear all litigation costs in this case

12  653.  Require public apology and commitment to correct improper conduct

13  654.  Other relief measures the Court deems appropriate

14  **6)    summarize**

15  655. These relief requests are based on the parent company's complete control over its subsidiaries,

16      reflecting that the parent company should bear full responsibility for the entire group's improper

17      conduct. Considering the parent company's size and influence, these relief measures are significant

18      for protecting consumer rights and maintaining market order.

Tittle: Second Amended Complaint        Case number: CGC-24-617965     SUPERIOR COURT OF SAN FRANCISCO

# VI.   JURY DEMAND

656.  PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

# VII. VERIFICATION

657. I, Yun Peng, verify under penalty of perjury under the laws of the United States of America and the

State of California that the foregoing Complaint is true and correct to the best of my knowledge and

belief.

658.  Date: January 28, 2025

659.

660.  YUN PENG

661.   Respectfully submitted,

# VIII.   EXHIBITS LIST

662.  Plaintiff's B2 Visa (April 25, 2024)

663.   First theft police report (May 21, 2024)

664.  Trazodone prescription and medical records (June 17, 2024)

665.   Second theft police report (June 24, 2024)

666.  Alipay transaction records of Gift Cards purchases through Taobao (June 2024)

1    667.  NOID notice from USCIS (June 25, 2024)

2    668. First Amazon account suspension notification email (June 26, 2024)

3    669.  Gift card photos provided by Plaintiff as requested (June 26, 2024)

4    670.  Second Amazon account suspension notification (June 28, 2024)

5    671.  Payment records and personal information provided by Plaintiff (after June 28, 2024)

6    672.  Amazon's notification of food and MacBook order cancellations (July 2, 2024)

7    673.  Amazon's notification of permanent account closure and fund freeze (July 12, 2024)

8    674.  Walgreens receipts for Gift Cards purchases (July 17, 2024)

9    675.  CVS receipts for Gift Cards purchases (July 19, 2024)

10   676.  Whole Foods receipts for Gift Cards purchases (July 26 and 27, 2024)

11   677.  Physical Gift Cards photos showing terms and restrictions

12   678.  Third Amazon account suspension notification (July 29, 2024)

13   679.  Fourth Amazon account suspension notification (August 1, 2024)

14   680.  PTSD diagnosis and treatment records (September 23, 2024)

15   681.  Screenshots of Amazon's public statements

16   682.  Screenshots showing appeal process restrictions

17   683.  All email communications with Amazon

18   684.  Screenshots of Amazon Services account management interface

19   685.  Public documents and SEC filings showing Amazon.com Inc.'s relationship with subsidiaries

1    686. Medical bills and receipts

2    687. Doctor's assessment report on necessity of future treatment

3    688. Doctor's evaluation report on Plaintiff's work capacity impairment

4    689. Expert evaluation report on Plaintiff's expected income

5    690. Plaintiff's sworn declaration

6    691. [Reserved]

7    692. [Reserved]

8    693. [Reserved]

9    694. [Reserved]

10    695. [Reserved]

11    696. [Reserved]

## PROOF OF SERVICE

I am employed in the county of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is K&L GATES LLP, Four Embarcadero Center, Suite 1200, San Francisco, CA 94111.

On **January 30, 2025**, I served the document(s) described as:

**STIPULATION REGARDING THE FILING OF PLAINTIFF YUN PENG'S SECOND AMENDED COMPLAINT AND DEFENDANTS ACI GIFT CARDS LLC, AMAZON.COM SERVICES LLC, AMAZON.COM INC.'S RESPONSE DEADLINE**

together with an unsigned copy of this declaration on the interested parties in this action by delivering a true copy thereof as follows:

Yun Peng                                        ***Plaintiff, In Pro Per***
965 Hutchinson Ave.
Palo Alto, CA 94301
Tel:  (669) 329-7691
Email:  msma529370228@gmail.com

☒    **BY ELECTRONIC SERVICE:**  I transmitted a true copy of the document(s) listed above to the e-mail addresses of the addressee(s) as indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **January 30, 2025**, San Francisco, California.

_____
T. Lianne Jitodai

CIV-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY | | FOR COURT USE ONLY |
|---|---|---|
| STATE BAR NUMBER: 139386<br>NAME: Michael J. Stortz, K. Taylor Yamahata (SBN 347192)<br>FIRM NAME: K&L Gates LLP<br>STREET ADDRESS: Four Embarcadero Center Suite 1200<br>CITY: San Francisco    STATE: CA    ZIP CODE: 94111<br>TELEPHONE NO.: (415) 882-8200    FAX NO.: (415) 882-8200<br>EMAIL ADDRESS: michael.stortz@klgates.com    taylor.yamahata@klgates.com<br>ATTORNEY FOR (name): Defs ACI Gift Cards LLC Amazon.com Services LLC Amazon.com Inc. | | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**02/14/2025**<br>**Clerk of the Court**<br>BY: YOLANDA TABO<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME: San Francisco

PLAINTIFF/PETITIONER: Yun Peng
DEFENDANT/RESPONDENT: ACI Gift Cards LLC et. al.

| NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER | CASE NUMBER:<br>CGC-24-617965 |
|---|---|
| *(Check one):*  [x] **UNLIMITED CASE**<br>(Amount demanded<br>exceeded $35,000)    [ ] **LIMITED CASE**<br>(Amount demanded was<br>$35,000 or less) | |

**TO ALL PARTIES :**

1.  A judgment, decree, or order was entered in this action on *(date):* February 13, 2025

2.  A copy of the judgment, decree, or order is attached to this notice.

Date: February 14, 2025

Michael J. Stortz
(TYPE OR PRINT NAME OF  [x] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)

▶                    (SIGNATURE)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CIV-130 [Rev. January 1, 2024]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

*www.courts.ca.gov*

**CIV-130**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☒ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

   a. on *(date):* **February 14, 2025**

   b. from *(city and state):* **San Francisco, CA**

4. The envelope was addressed and mailed as follows:

   a. Name of person served: **Yun Peng**

      Street address: **965 Hutchinson Ave.**
      City: **Palo Alto**
      State and zip code: **California 94301**

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached: **3**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **February 14, 2025**

**T. Lianne Jitodai**
(TYPE OR PRINT NAME OF DECLARANT)

*Lianne Jitodai*
(SIGNATURE OF DECLARANT)

**Page 2 of 2**

CIV-130 [Rev. January 1, 2024]

### NOTICE OF ENTRY OF JUDGMENT OR ORDER

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form

1    Michael J. Stortz (SBN 139386)
    Michael.Stortz@klgates.com
2    K. Taylor Yamahata (SBN 347192)
    Taylor.Yamahata@klgates.com
3    K&L GATES LLP
    Four Embarcadero Center, Suite 1200
4    San Francisco, CA 94111
    Telephone: (415) 882-8200
5    Facsimile: (415) 882-8220
6

F I L E D

Superior Court of California
County of San Francisco

FEB 13 2025

CLERK OF THE COURT

BY: _____
              Deputy Clerk

7    *Attorneys for Defendants*
    ACI GIFT CARDS LLC, AMAZON.COM
8    SERVICES LLC and AMAZON.COM INC.

9

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                 COUNTY OF SAN FRANCISCO

12

13    YUN PENG,

            Plaintiff,
14

15          v.

16    ACI GIFT CARDS LLC, AMAZON.COM
    SERVICES LLC, AMAZON.COM INC.,
17    APPLE INC.,

18             Defendants.

Case No. CGC-24-617965

[~~PROPOSED~~] ORDER REGARDING
THE FILING OF PLAINTIFF YUN
PENG'S SECOND AMENDED
COMPLAINT AND DEFENDANTS ACI
GIFT CARDS LLC, AMAZON.COM
SERVICES LLC, AMAZON.COM INC.'S
RESPONSE DEADLINE

Complaint Filed:    June 24, 2024
Trial Date:         None Set

19

20

21

22

23

24

25

26

27

28

## <u>ORDER</u>

Based on the stipulation executed by the parties on January 30, 2025, and for good cause shown, IT IS SO ORDERED. *Plaintiff's second amended complaint shall be filed within 10 days from notice of entry of this order and Defendant's shall file their response accordingly.*

Dated:                                              By: _____
                                                          Judge of the Superior Court

                                                          CHRISTINE VAN AKEN

RECYCLED PAPER

508953133.1
[PROPOSED] ORDER REGARDING FILING OF PLAINTIFF'S SECOND AMENDED COMPLAINT AND
DEFENDANTS' RESPONSE DEADLINE; CASE NO. CGC-24-617965

1  YUN PENG
   965 Hutchinson Ave, Palo Alto, CA
2  94301
    Phone Number (669 329 7691)
3  Email:  msma529370228@gmail.com

4  YUN PENG, IN PRO PER

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**03/06/2025**
**Clerk of the Court**
BY: VERA MU
Deputy Clerk

7       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8           **FOR THE COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| 10  YUN PENG | ) Case No.: CGC-24-617965 |
| 11              Plaintiff(s), | ) **SECOND AMENDED COMPLAINT** |
| 12       vs. | ) **DATE:** (Feb/26/2025) |
| 13  ACI GIFT CARDS LLC; | ) **TIME:** (t10:30AM) |
| 14  AMAZON.COM SERVICES LLC; | ) **DEPT:** (610) |
| 15  AMAZON.COM, INC., | ) Judge: |
|              Defendant(s). | ) Dept:    (610) |
| 16 | ) Action Filed:  (9/9/2024) |
| 17 | ) Trial Date: |
| 18 | ) |

25  *Your signature*

26  _____
    YOUR NAME
27  In Pro Per

- 1 -
INSERT DOCUMENT TITLE (e.g., MOTION TO STRIKE)

Titile: Second Amended Complaint      Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

# Catalogue

I.    INTRODUCTION AND PRELIMINARY STATEMENT  ............................................................. 5

A.   PARTIES ............................................................................................................. 6

1.   PLAINTIFF ........................................................................................................ 6

2.   DEFENDANTS  .................................................................................................. 6

II.   JURISDICTION STATEMENT  ................................................................................. 7

A.   ACI GIFT CARDS, LLC .......................................................................................... 7

B.   AMAZON.COM SERVICES LLC  .............................................................................. 7

C.   AMAZON.COM, INC. ............................................................................................. 7

III.   BACKGROUND AND KEY EVENTS ......................................................................... 8

IV.   STATEMENT OF FACTS  ..................................................................................... 9

V.   CAUSES OF ACTION  ........................................................................................ 15

A.   CAUSES OF ACTION AGAINST ACI GIFT CARDS LLC ........................................... 15

1.   FIRST COA: VIOLATION OF CALIFORNIA CIVIL CODE § 1749.5 - GIFT CARD LAW ......................... 15

2.   COA: VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT (CLRA), CIVIL CODE § 1770 ET SEQ. ................................................................................................................................... 18

3.   COA: VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (UNFAIR COMPETITION LAW) .............................................................................................................. 21

4.   COA: VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17500 (FALSE ADVERTISING) 25

5.   COA: FRAUD AND PUNITIVE DAMAGES (CALIFORNIA CIVIL CODE § 1572) ....................................... 29

B.   CAUSES OF ACTION AGAINST AMAZON.COM SERVICES LLC ......................................... 32

1.   FIRST COA - DECLARATORY RELIEF  ......................................................................... 32

2.   SECOND COA - FALSE ADVERTISING  ....................................................................... 33

3.   COA: UNJUST ENRICHMENT (CALIFORNIA CIVIL CODE § 3274) ......................................... 36

4.   FOUETHLY COA: VIOLATION OF CALIFORNIA CONSUMER PRIVACY ACT (CCPA) AND CALIFORNIA PRIVACY RIGHTS ACT (CPRA) ............................................................................ 39

5.   FIFTH COA: VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT AND UNFAIR COMPETITION LAW .............................................................................................................. 42

6.   SIXTH COA: VIOLATION OF FEDERAL TRADE COMMISSION ACT AND CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 ...................................................................... 46

7.   SEVENTH COA: FRAUD AND PUNITIVE DAMAGES (CALIFORNIA CIVIL CODE § 1572) ..................... 51

1   **C.    CAUSES OF ACTION AGAINST AMAZON.COM, INC.** ........................................... **57**

2   1.    COA: PIERCING THE CORPORATE VEIL AND PUNITIVE DAMAGES ........................................ 57

3   **VI.    JURY DEMAND** ........................................................................................ **64**

4   **VII.    VERIFICATION** ...................................................................................... **64**

5   **VIII.    EXHIBITS LIST** .................................................................................... **64**

6

# Second Amended Complaint

# I. INTRODUCTION AND PRELIMINARY STATEMENT

10  1.    This complaint is filed by Plaintiff Yun Peng against Defendants ACI Gift Cards, LLC, Amazon.com

11    Services LLC, and Amazon.com, Inc., seeking legal remedies related to fraud, tort, and unfair

12    practices. The Plaintiff alleges that the Defendants have violated multiple California state and federal

13    laws, resulting in economic losses and emotional distress. The Plaintiff requests the Court to declare

14    the contract void and award damages.

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

# A.  PARTIES

## 1.  Plaintiff

2.    Name: Yun Peng

3.     Address: 425 W Valley Blvd #104 APT 153 San Gabriel, CA 91776

4.    Contact: +1 6693297691

5.    Jurisdiction: Although the Plaintiff has changed residence, all events occurred in San Francisco.

Therefore, the Superior Court of San Francisco has jurisdiction over this case.

## 2.  Defendants

## 1)  ACI Gift Cards LLC (hereinafter referred to as "Gift Cards")

6.    Address: 410 Terry Ave N, Seattle, WA 98109

7.    Contact: (800) 927-9800

8.     Principal: Michael D. Deal

## 2)  Amazon.com Services LLC (hereinafter referred to as "Amazon Services")

9.    Address: 410 Terry Ave N, Seattle, WA 98109

10.   Contact: (206) 266-1000

## 3)  Amazon.com, Inc. (hereinafter referred to as "Parent Company")

11.   Address: 410 Terry Ave N, Seattle, WA 98109

1    12.    Contact: (206) 266-1000

# II.    JURISDICTION STATEMENT

## A.  ACI Gift Cards, LLC

13.    ACI Gift Cards conducts business in California through the sale of its gift card products and is involved in activities that violate consumer protection laws. Therefore, California courts have jurisdiction over ACI Gift Cards.

## B.  Amazon.com Services LLC

14.    Responsible for account suspensions, order cancellations, and customer service operations on the Amazon platform. Amazon.com Services LLC conducts extensive business in California through its logistics centers and warehouses, delivering goods to California consumers. Therefore, California courts have long-arm jurisdiction over Amazon.com Services LLC.

## C.  Amazon.com, Inc.

15.    Amazon conducts extensive business activities in California, including multiple fulfillment centers and warehouses, delivering goods to California consumers through its logistics network. These activities subject Amazon.com, Inc. to the long-arm jurisdiction of California courts.

16.    Legal Basis: According to International Shoe Co. v. Washington, 326 U.S. 310 (1945), courts have jurisdiction over defendants who have "minimum contacts" within the jurisdiction when these

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    contacts are directly related to the litigation.

# III.  BACKGROUND AND KEY EVENTS

3  17.  On April 25, 2024, the Plaintiff entered the United States seeking political asylum. After entry, the

4      Plaintiff's cash and bank cards were stolen, severely limiting their survival means. The Plaintiff was

5      forced to purchase Amazon gift cards issued by Gift Cards through Alipay (similar to PayPal in the

6      US) on Taobao (similar to Amazon) to purchase food and other necessities on Amazon Services.

7  18.  During the Plaintiff's use of gift cards on Amazon Services, Amazon Services repeatedly canceled

8      orders and froze gift card balances citing "unusual payment activity," and subsequently closed two of

9      the Plaintiff's accounts. The Plaintiff attempted to communicate through the e-commerce company's

10      only provided appeal channel - email. However, the e-commerce company imposed unreasonable

11      restrictions on the appeal process, including allowing only up to 5 images and no more than 200

12       characters of text explanation.

13  19.  Nevertheless, the Plaintiff provided all evidence capable of proving the legitimate purchase and use of

14       gift cards as required by the e-commerce company.

15  20.  Even with sufficient evidence, the e-commerce company still refused to unfreeze the Plaintiff's

16      account balance. Meanwhile, without the Plaintiff's consent, the e-commerce company illegally used

17      the Plaintiff's personal information for identity cross-referencing. This action further violated the

18      Plaintiff's right to privacy.

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1  21.  After multiple unsuccessful communications, the Plaintiff warned Amazon Services about their illegal

2        behavior; after failure, they also made a humanitarian request to restore food-related orders. These

3        were also ignored.

4  22.  The above actions caused serious physical and mental harm to the Plaintiff, not only causing life

5        difficulties but also leading to severe deterioration of mental health, worsening of conditions, and

6        ultimately resulting in Post-Traumatic Stress Disorder (PTSD).

# IV.   STATEMENT OF FACTS

8  23.  The Plaintiff suffers from anxiety and has long been taking anti-anxiety and sleeping medications. On

9        April 25, 2024, the Plaintiff entered the United States on a B2 visa seeking asylum. The Plaintiff does

10       not speak English.

11  24.   On May 21, 2024, the Plaintiff was robbed and only their wallet remained.

12  25.  On June 17, 2024, due to anxiety, the Plaintiff began taking the sedative Trazodone. The sedative

13       impaired the Plaintiff's ability to understand and judge contracts.

14  26.  On June 24, 2024, the Plaintiff was robbed again, with their wallet and all cash stolen. Due to the

15       theft and having no friends or family in the United States, the Plaintiff faced a survival crisis.

16  27.  The Plaintiff was thus forced to use Alipay (similar to PayPal in the US) to purchase Amazon

17       Services gift cards issued by Gift Cards on Taobao (similar to Amazon). Using the account

18       msma529370228@gmail.com, they purchased food and other necessities on Amazon Services.

Title: Second Amended Complaint      Case number: CGC-24-617965      SUPERIOR COURT OF SAN FRANCISCO

1    28.   On June 25, 2024, the United States Citizenship and Immigration Services (USCIS) issued a Notice

2          of Intent to Deny (NOID) to the Plaintiff, requiring a time-sensitive response. Facing both a survival

3          crisis and an identity crisis simultaneously caused the Plaintiff's psychological condition to deteriorate.

4          To organize materials for responding to USCIS, the Plaintiff purchased a MacBook on Amazon

5           Services.

6    29.   On June 26, 2024, Amazon.com Services suspended the Plaintiff's account citing the vague reason of

7          "detected unusual payment activity." No detailed information was provided, such as the definition of

8          "unusual activity," specific order numbers, transaction times, or amounts. This made it impossible for

9           the Plaintiff to determine the cause of the unusual payment.

10   30.   In Amazon Services' appeal link, the company restricted the Plaintiff's right to provide detailed

11          explanations about the incident, allowing only 5 images and 200 characters. Besides email, the

12           defendant also did not provide any other appeal methods or channels.

13   31.   After the Plaintiff submitted photographs of the purchased gift cards as requested, the account was

14           briefly restored.

15   32.   On June 28, 2024, Amazon Services notified the Plaintiff that the previously submitted evidence was

16          insufficient to lift the ban and blocked the account again. Like the first account suspension, the

17          defendant only vaguely cited unusual payment without providing specific information about the

18          irregularities. Subsequently, the Plaintiff was restricted from logging in and could not access personal

19           data such as order history, delivery status, and billing information.

Title: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    33.    The Plaintiff made multiple submissions according to the defendant's requirements, providing:

2            payment records, name, phone number, email and address, more gift card photos, and other detailed

3             information. However, the account was not restored.

4    34.    On July 2, the defendant canceled the Plaintiff's food and MacBook orders.

5    35.    Subsequently, the Plaintiff pointed out Amazon's illegal actions and procedural unfairness, explained

6            their language barrier, and made humanitarian requests. All of these were ignored and rejected by the

7            defendant.

8    36.    On July 12, the defendant froze approximately $1,600 worth of assets in the Plaintiff's account and

9             permanently closed the Plaintiff's account.

10   37.    Due to the Plaintiff's inability to speak English and unfamiliarity with transportation and other factors,

11           it was difficult to adapt to shopping at physical stores. The closing of the account brought many

12           inconveniences to the Plaintiff's life. On July 17, 19, 26, and 27, the Plaintiff purchased gift cards

13           issued by Gift Cards again at designated retail stores including Walgreens, CVS, and Whole Foods

14           Market.

15   38.    During the process of purchasing cards, the Plaintiff discovered numerous issues with the defendant's

16            design and sales approach:

17   39.     No terms confirmation process.

18   40.     Card design issues:

19   41.    Important usage restriction terms ("Redeemable only for eligible items...") were placed at the bottom

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1          of the card in small font

2    42.   Key terms content needed to be viewed through an external link (amazon.com/gclegal) rather than

3          directly displayed on the card

4    43.   Only one important term used orange font ("Never use Amazon.com Gift Cards for payment outside

5          of Amazon") while other important restriction terms used smaller white font

6    44.   Insufficient information disclosure:

7    45.   Did not directly state California law's right to cash redemption for balances under $10, instead

8          vaguely stating "except as required by law"

9    46.   Used vague phrasing like "Other restrictions apply" without specifically listing important restrictions

10   47.   Did not clearly state responsibility in case of loss or theft

11   48.   "Redeemable only for eligible items" did not specifically explain which items were ineligible

12   49.   Unclear usage restrictions:

13   50.   "Certain US affiliates" not specifically defined

14   51.   "Eligible items" not clearly defined

15   52.   Complete terms only viewable through external link (amazon.com/gclegal)

16   53.   Insufficient consumer rights protection:

17   54.   The statement "No resale, replacements, or refunds" deprives consumers of basic rights

18   55.   Lack of clear explanation for content involving consumer statutory rights such as "except as required

19          by law"

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    56.   The Plaintiff used these gift cards with the account 529370228@qq.com on Amazon Services.

2    57.   On July 29, Amazon Services blocked the Plaintiff's 529370228@qq.com account, which was the

3          third suspension. After the Plaintiff submitted gift card photos as requested, the account was briefly

4           restored.

5    58.   On August 1, two days after restoration, the account was suspended again. The Plaintiff again

6          provided as requested by the defendant: payment records, purchase receipts, name, phone number,

7          email and address, more gift card photos, and other detailed information.

8    59.   Amazon Services used this information to compare personal information and determined that the two

9          accounts belonged to the same person, violating the Plaintiff's right to privacy. This again caused and

10         exacerbated the Plaintiff's mental distress.

11   60.   On September 23, due to the defendant's series of actions, the Plaintiff's condition continued to

12         deteriorate and was diagnosed with Post-Traumatic Stress Disorder (PTSD).

13   61.   During this period, the Plaintiff learned that defendant Amazon Services made the following public

14         promises and commitments:

15   62.    Privacy Protection Promise

16   63.   "We take the privacy of your data seriously and work every day to earn your trust."

17   64.    Transparency Promise

18   65.   "We always strive to be clear about how Amazon is collecting, using, or sharing your personal data."

19   66.    User-Friendly Promise

1    67.    "You can easily view all your shipping addresses, digital content purchases, and device information,

2          and manage your payment methods directly from Your Account."

3    68.    User Control Promise

4    69.    "We know that customers want a choice in how their personal data is used. That's why we make it

5          easy for you to choose the privacy options that make the most sense for you and your family."

6    70.    Data Security Promise

7    71.    "We design all of our products, services, and systems with privacy and security in mind, and we

8          employ thousands of professionals whose sole mission is to ensure the integrity and security of

9          customer data."

10    72.    Account Transparency Log

11    73.    "Users can view all sensitive operations on their accounts through the 'Account Transparency Log,'

12          clearly understanding how their personal data is accessed and used."

13    74.    However, the defendant's above promises were not fulfilled in actual operations.

Tittle: Second Amended Complaint     Case number: CGC-24-617965     SUPERIOR COURT OF SAN FRANCISCO

# V.    CAUSES OF ACTION

## A.  CAUSES OF ACTION AGAINST ACI GIFT CARDS LLC

## 1.  FIRST COA: Violation of California Civil Code § 1749.5 - Gift Card Law

### 1)    Legal Basis

**Statutory Basis**

75.   California Civil Code § 1749.5 stipulates:

76.   Consumers have the right to redeem gift cards for cash when the balance is less than $10

77.    Issuers must clearly and conspicuously display this statutory right

78.    Issuers must clearly disclose primary terms and restrictions of gift card use

**Case Law**

79.    Meyer v. Sprint Spectrum L.P. (2009) 45 Cal.4th 634

80.   Court established: Businesses have a duty to clearly and prominently disclose important statutory

        rights

81.    Application: Defendant failed to clearly disclose cash redemption rights

82.    Kasky v. Nike, Inc. (2002)

83.    Court established: Font size and placement of important information must ensure consumer notice

84.    Application: Defendant placed important information in small print in inconspicuous locations

15

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1  **2)  Defendant's Conduct**

2    **Concealment of Cash Redemption Rights  :**

3    85.    Only vaguely stated "except as required by law" in small print at card bottom

4    86.    Did not directly state California consumers' cash redemption rights

5    87.    Hid specific rights information in external link (amazon.com/gclegal)

6    **Vague Expression of Usage Restrictions  :**

7    88.    Used vague phrase "Redeemable only for eligible items"

8    89.    "Certain US affiliates" without specifying exact scope

9    90.    Complete usage restrictions only accessible through external link

10    **Display Method of Important Information**

11    91.    Important restriction terms printed in small white font on black background

12    92.    Complete terms placed on external website, increasing difficulty of information access

13    93.    Key limitations and conditions not prominently displayed

14  **3)  Legal Violations**

15    94.    Violation of Clear Disclosure Obligation

16    95.    Failed to clearly disclose cash redemption rights as required by law

17    96.    Used vague statements instead of specific rights descriptions

18    97.    Evaded direct disclosure obligation through external links

16

1    **Violation of Prominent Display Requirement**

2    98.    Font size and placement of important information fail to meet prominence requirements

3    99.    Adopted color contrast and layout design unfavorable for reading

4    100.  Key restriction terms not displayed prominently

5    ## 4) Damages

6    101.  Infringement of Right to Know

7    102.  Unable to directly learn about statutory rights such as cash redemption

8    103.  Required additional steps to understand complete terms of use

9    104.  May miss opportunities to exercise statutory rights

10   105.  Led to incorrect purchasing decisions

11   106.  Property Rights Damages

12   107.  Potential loss of small balances due to lack of knowledge about cash redemption rights

13   108.  Fund utilization restricted due to usage limitations

14   109.  Additional time and effort required to obtain complete information

15   ## 5) Relief Requested

16   110.  Require defendant to modify card design to directly display cash redemption rights

17   111.  Correct misleading statements and clearly explain usage restrictions

18   112.  Display complete important terms on the card

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    **Damages Request**

2    113. Compensate for losses incurred due to misleading the plaintiff into purchasing the gift card.

3    114.  Compensate for direct and indirect expenses incurred in the course of rights protection.

4    ## 2.   COA: Violation of California Consumer Legal Remedies Act

5    ## (CLRA), Civil Code § 1770 et seq.

6    ### 1)   Legal Basis

7    **Statutory Basis**

8    115.  The Consumer Legal Remedies Act (CLRA) Section 1770 stipulates:

9    116.  Section (a)(5) prohibits false or misleading statements about goods' characteristics, uses, or qualities

10    117.   Section (a)(14) prohibits misleading or false advertising methods for goods or services

11    118.  Section (a)(19) prohibits insertion of unconscionable terms in consumer contracts

12    **Case Law**

13    119.  Wang v. Massey Chevrolet (2002) 97 Cal.App.4th 856

14    120.  Court established: Businesses must disclose important product limitations clearly and accurately

15    121.   Application: Defendant used vague terms to obscure actual restrictions

16    122.  McAdams v. Monier, Inc. (2010) 182 Cal.App.4th 174

17    123.  Court established: Concealment of important product features constitutes misleading representation

18    124.   Application: Defendant concealed important gift card usage restrictions

18

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    **2)   Defendant's Conduct**

2    **Misleading Representations**

3    125. "Certain US affiliates" without clear explanation of specific usage scope

4    126.  "No expiration date or service fees" emphasizes no expiration while downplaying usage restrictions

5    **Information Display Method**

6    127.  Prominently displays company logo on front

7    128.  Prints restriction terms in small white font on black background at card bottom

8    129.  Complete terms require access through external link (amazon.com/gclegal)

9    **Unfair Terms**

10   130. "No resale, replacements, or refunds" deprives consumers of basic rights

11   131.  Conceals important rights in vague statement "except as required by law"

12   132. Evades direct notification obligation through external links

13   **3)   Legal Violations**

14   133. Violation of CLRA Section 1770(a)(5)

15   134.  Makes misleading descriptions about gift card usability scope

16   135. Uses vague terms to obscure actual restrictions

17   136.  Fails to clearly state conditions of use

18   137.  Violation of CLRA Section 1770(a)(14)

19   138.  Adopts misleading methods to display important information

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    139.  Weakens restriction terms through layout design

2    140.  Increases difficulty in obtaining complete information

3    141.  Violation of CLRA Section 1770(a)(19)

4    142.  Includes unfair restrictions in card terms

5    143.  Deprives consumers of legitimate rights

6    144.  Evades statutory notification obligations

7    **4)  Causation**

8    145.  Defendant's misleading representations directly affect consumer purchasing decisions

9    146.  Information display method prevents consumers from fully understanding product restrictions

10   147.  Unfair terms directly harm consumer rights

11   **5)  Damages**

12   **Direct Economic Loss**

13   148.  Unable to use gift card as expected due to unknown usage restrictions

14   149.   Potential loss of small balances due to lack of knowledge about cash redemption rights

15   150.  Additional expenses required to obtain or verify complete information

16   151.  Led to incorrect purchasing decisions

17   **Indirect Losses**

18   152.  Time and effort losses

19   153. Additional costs due to usage inconvenience

20

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    154.  Increased rights protection costs

## 2    6)    Relief Requested

3    **Injunctive Relief**

4    155.  Require defendant to modify misleading representations

5    156.   Correct unfair term design

6    157.  Establish transparent information disclosure mechanism

7    **Damages Request**

8    158. Compensate for losses incurred due to misleading the plaintiff into purchasing the gift card.

9    159.   Compensate for direct and indirect expenses incurred in the course of rights protection.

# 10    3.   COA: Violation of California Business and Professions Code §
# 11    17200 (Unfair Competition Law)

## 12    1)    Legal Basis

13    **Statutory Basis**

14    160. California Business and Professions Code § 17200 prohibits all "unlawful," "unfair," or

15         "fraudulent"business conduct.

16    161.  UCL's three-pronged violation standards:

17    162.  "Unlawful": violation of any law constitutes illegality

18    163.  "Unfair": business conduct that violates public policy

21

1    164. "Fraudulent": conduct likely to deceive reasonable consumers

2    **Case Law**

3    165. Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co. (1999)

4    166. Court established: Violation of any law constitutes "unlawful" conduct under UCL

5    167. Application: Defendant violated multiple consumer protection laws

6    168.  Wilner v. Sunset Life Ins. Co. (2000)

7    169. Court established: Business practices designed to conceal important information constitute unfair

8      competition

9    170. Application: Defendant's card design deliberately conceals key information

10    **2)  Defendant's Conduct**

11    **Unlawful Conduct**

12    171.  Violates California Civil Code § 1749.5: Failed to prominently disclose cash redemption rights

13    172.  Violates CLRA: Uses misleading statements and unfair terms

14    173. Evades statutory disclosure obligations: Hides important information in external links

15    **Unfair Conduct**

16    174. Card design: "To redeem, visit amazon.com/redeem" prominently displayed while restriction terms in

17      small print

18    175. Information display: Important restriction terms printed in white small font on black background

19    176.  External links: Key information requires visiting "amazon.com/gclegal" to access

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    **Fraudulent Conduct**

2    177. Uses vague terms like "eligible items" to obscure actual restrictions

3    178.  "Certain US affiliates" without clear scope definition

4    179. Vaguely handles statutory rights with "except as required by law"

5    **3)  Legal Violations**

6    180. Violation of "Unlawful" Standard

7    181.  Direct violation of multiple statutory provisions

8    182.   Evasion of statutory information disclosure obligations

9    183.  Violation of basic consumer protection law principles

10    184. Violation of "Unfair" Standard

11    185.  Card design unfair to consumers

12    186. Increases consumer difficulty in obtaining information

13    187.  Restricts consumers from exercising legal rights

14    188.  Violation of "Fraudulent" Standard

15    189. Design and sales methods are misleading

16    190.  Likely to mislead reasonable consumers' judgment

17    191.  Conceals important usage restrictions

18    **4)  Causation**

19    192.  Defendant's illegal design directly results in consumer rights violations

23

1    193.  Unfair practices directly impact consumer experience

2    194.  Fraudulent conduct directly leads to incorrect purchasing decisions

3    ## 5)  Damages

4    ### Direct Damages

5    195.  Cash redemption and other rights cannot be exercised

6    196. Usage scope unexpectedly restricted

7    197. Must bear additional costs for information access

8    198. Led plaintiff to make incorrect purchasing decisions

9    ### Indirect Damages

10    199.  Waste of time and effort

11    200.  Increased rights protection costs

12    ## 6)  Relief Requested

13    ### Cease Illegal Conduct

14    201.  Require correction of illegal card design

15    202.  Establish fair information disclosure mechanism

16    203.  Clearly display consumer rights

17    ### Damages Compensation

18    204. Compensate for losses incurred due to misleading the plaintiff into purchasing the gift card.

19    205.  Compensate for direct and indirect expenses incurred in the course of rights protection.

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

# 4.  COA: Violation of California Business and Professions Code §

# 17500 (False Advertising)

## 1)  Legal Basis

### Statutory Basis

206.  California Business and Professions Code § 17500 stipulates:

207.  Prohibits dissemination of false or misleading statements in advertising, promotion, packaging, or

   marketing

208.  Prohibits concealment of information that may affect consumer decisions

209.  Prohibits use of vague or deceptive expression methods

### Case Law

210.  People v. Superior Court (Olson) (1979) 96 Cal.App.3d 181:

211.  Court established: Overall presentation effect of advertising information must not mislead consumers

212.  Application: Defendant's gift card design has overall misleading effect

213.  Chern v. Bank of America (1976) 15 Cal.3d 866:

214.  Court established: Concealment or obscuration of key information constitutes false advertising

215.  Application: Defendant displays important restrictions in inconspicuous manner

1  ## 2)   Defendant's Conduct

2  ### False or Misleading Statements

3  216.  Front prominently displays "Shopping Gift Card" suggesting universal use

4  217.  Uses "No expiration date and service fees" to highlight favorable information

5  218.  "Can be used at participating merchants" suggests broad acceptance

6  ### Concealment of Important Information

7  219.  Places usage restriction terms on external website

8  220.   Displays important rights limitations in small font

9  221.  Uses technical terminology to obscure actual restrictions

10  ### Improper Promotion Methods

11  222.  Shelf displays emphasize promotional phrases like "widely usable"

12  223.   Package design downplays important restriction information

13  224.  Promotional materials fail to fully disclose usage conditions

14  ## 3)   Legal Violations

15  225.   Violation of Information Disclosure Obligation

16  226.   Failed to fully disclose gift card usage restrictions

17  227.   Failed to clearly display consumer rights information

18  228.   Failed to properly present important transaction conditions

Tittle: Second Amended Complaint     Case number: CGC-24-617965     SUPERIOR COURT OF SAN FRANCISCO

1 **Violation of Truthfulness Requirement**

2 229. Used misleading statements to describe product features

3 230. Exaggerated product usage scope and convenience

4 231. Downplayed important limitations and risk warnings

5 **Violation of Fairness Requirement**

6 232. Display method unfair to consumers

7 233. Information access mechanism sets unreasonable barriers

8 234. Promotional focus choices are misleading

9 **4)   Causation**

10 **Causation of False Statements**

11 235. Misleading descriptions directly affect purchasing decisions

12 236. False advertising leads to incorrect expectations

13 237. Exaggerated statements cause consumer losses

14 **Causation of Information Concealment**

15 238. Concealment of important information leads to judgment errors

16 239. Improper display method prevents rights from being exercised

17 240. Information access barriers create additional burdens

18 **Causation of Overall Promotional Effect**

19 241. Misleading promotion leads to incorrect purchase decisions

1    242. Improper marketing causes consumer losses

2    243.  Deceptive display affects legitimate rights

## 3    5)  Damages

4    **Direct Economic Loss**

5    244.  Losses caused by misunderstanding product scope

6    245.  Value depreciation due to usage restrictions

7    246.  Additional costs for obtaining information

8    247. Expected Interest Loss

9    248.  Unable to use gift card as expected

10   249.  Actual usage value lower than expected

11   250. Loss of better purchasing opportunities

12   **Other Related Losses**

13   251.  Additional expenditure of time and effort

14   252.  Expenses incurred in rights protection process

15   253.  Mental damages from being misled

## 16   6)   Relief Requested

17   **Cease Illegal Conduct**

18   254. Request to stop false or misleading advertising

19   255.  Correct improper display methods

1    256. Establish complete information disclosure mechanism

2    **Damages Compensation Request**

3    257.  Compensate for direct losses caused by false advertising

4    258.  Reimburse reasonable rights protection expenses

5    259.  Compensate for other related damages

6    **Corrective Measures Request**

7    260. Compensate for losses incurred due to misleading the plaintiff into purchasing the gift card.

8    261.  Compensate for direct and indirect expenses incurred in the course of rights protection.

9    262. Other relief measures the Court deems appropriate and equitable.

10

# 11    5.  COA: Fraud and Punitive Damages (California Civil Code § 1572)

## 12    1)   Legal Basis

13    263.  The defendant's conduct violated the following legal provisions:

14    264.  California Civil Code § 1572 (Fraud):

15    265. Defendant misled consumers through concealment of important information and false statements,

16       inducing consumers to make incorrect decisions, satisfying all elements of fraud.

17    266.  California Consumer Legal Remedies Act (CLRA, Civ. Code § 1770(a)(5) and (a)(14)):

18    267. Defendant made false or misleading statements about gift card characteristics and usage scope,

1    violating Section 1770(a)(5)

2    268. Defendant concealed consumer rights and liability terms, violating Section 1770(a)(14)'s prohibition

3       on concealing important information

4    269. California Civil Code § 1749.5 (Gift Card Balance Redemption Provision):

5    270. Defendant failed to prominently disclose consumers' right to redeem balances under $10 for cash,

6       violating the statutory disclosure obligation.

## 7    2)    The defendant company committed fraud through the following

## 8       methods:

9    271.  Intentionally using small font to hide important terms and restrictions

10    272. Concealing key information in external links, making it difficult for consumers to access

11    273.   Failing to fully disclose gift card usage restrictions and risks

12    274.  Vague expression about cash redemption rights constitutes concealment of statutory rights

## 13    3)    Intent:

14    275.  The defendant's actions demonstrate clear intentionality:

15    276.   Carefully designed card layout presenting important information inconspicuously

16    277. Establishing complex terms access mechanism increasing difficulty for consumers to understand true

17       situation

18    278.  Systematically evading clear disclosure obligations for important terms

Tittle: Second Amended Complaint     Case number: CGC-24-617965     SUPERIOR COURT OF SAN FRANCISCO

1 **4)  Reasonable Reliance:**

2 279.  Believing gift cards disclosed all major restrictions

3 280.  Trusting gift cards have protection mechanisms similar to credit cards

4 281.  Expecting to be able to conveniently understand and exercise their rights

5 **5)  Harm to Plaintiff**

6 282.  Led to incorrect purchasing decisions

7 283.  Encountered unexpected restrictions when using gift cards

8 284.  Bore undisclosed risks and losses

9 285.  Emotional distress from being defrauded

10 **6)  Request for Relief:**

11 286.  Confirmation of Fraud.

12 287.  Establish fraudulent conduct.

13 288.  Confirm elements of fraud. - Clarify fraud liability.

14 **7)  Judgment for Compensation**

15 289.  Compensate for losses incurred due to misleading the plaintiff into purchasing the gift card.

16 290.  Compensate for direct and indirect expenses incurred in the course of rights protection.

17 291.  Compensate for emotional damages caused to the Plaintiff.

18 292.  Pay punitive damages to punish fraudulent conduct and prevent similar conduct.

19 293.  Other relief measures the Court deems appropriate and equitable.

31

1

## B.  CAUSES OF ACTION AGAINST AMAZON.COM SERVICES LLC

## 1.  FIRST COA - DECLARATORY RELIEF

### 1)  Legal Basis:

294.  - California Civil Code §1550: Valid contracts require free consent

295.  - California Civil Code §1575: Contract formation must be free from undue influence

296.  - Relevant case law regarding freedom of consent

### 2)  Factual Background:

**A. Circumstances of Duress:**

297.   - On April 25, 2024, Plaintiff entered the United States on a B2 visa seeking political asylum

298.   - On May 21, 2024, Plaintiff was victim of theft, with only wallet remaining

299.  - On June 24, 2024, Plaintiff was victim of another theft, with wallet and all cash stolen

300.   - Plaintiff had no friends or family in the United States and faced a survival crisis

301.  - Under these circumstances, Plaintiff had to purchase food and other necessities through Amazon

**B. Lack of Free Consent:**

302.  - Plaintiff does not speak English

303.  - On June 17, 2024, Plaintiff began taking the sedative Trazodone which impaired judgment ability

1    304. - On June 25, 2024, Plaintiff received a NOID notice from USCIS, exacerbating psychological

2        distress

3    305. - Plaintiff simultaneously faced both survival crisis and identity crisis

## 4    3)    Relief Requested:

5    306.  WHEREFORE, Plaintiff requests the Court to declare that:

6    307.   - Based on the above facts, there was no valid contract between Plaintiff and Amazon Services LLC

7    308.  - The account usage terms are void

8    309.  - Other restrictive terms are void

# 9    2.    SECOND COA - FALSE ADVERTISING

## 10    1)    Legal Basis:

### 11    A. Statutory Basis:

12    310.  - California Business and Professions Code §17500

13    311.   - Federal Trade Commission Act Section 5

14    312.  - Consumer Legal Remedies Act

### 15    B. Case Law:

16    313. - Lovejoy v. AT&T Corp. (2001): Company's advertised promises inconsistent with actual conduct

17        constitutes false advertising

18    314. - Kasky v. Nike, Inc. (2002): Concealment of material restrictions constitutes deceptive advertising

## 2) Defendant's False or Misleading Representations:

### A. Privacy Protection Promise:

315. "We take the privacy of your data seriously and work every day to earn your trust"

316. Actual conduct:

317. - Used personal information for account association without authorization

318. - Processed user personal data without notification

319. - Refused to provide transparent explanation of data usage

### B. Data Use Transparency Promise:

320. "We always strive to be clear about how Amazon is collecting, using, or sharing your personal data"

321. Actual conduct:

322. - Only cited "detected unusual payment activity" when freezing account

323. - Refused to explain specific methods of personal information use

324. - Failed to provide specific reasons for fund freezing

### C. User Data Control Promise:

325. "We make it easy for you to choose the privacy options that make the sense for you"

326. Actual conduct:

327. - Completely unable to access personal data during account freeze

328. - Unable to manage any privacy settings

329. - Unable to control or delete personal data

34

1    **3)  Elements of False Advertising:**

2    **A. False Statements**

3    330.   - Made privacy protection promises inconsistent with actual conduct

4    331.  - Advertised data control capabilities that did not match reality

5    332.   - Concealed important information about service restrictions

6    **B. Consumer Deception**

7    333.  - Consumers chose to use services based on privacy promises

8    334.  - Discovered promised functions could not be realized in actual use

9    335.  - Important restrictions not disclosed in advertising

10    **4)   Damages:**

11    **A. Direct Damages**

12    336.  - Personal information used without authorization

13    337.   - Unable to control personal data as promised

14    338.   - Account and funds arbitrarily frozen

15    **B. Consequential Damages**

16    339.   - Increased costs for rights protection

17    340.  - Aggravation of mental illness

18    341.   - Privacy rights violated

1    **5)  Relief Requested:**

2    342.  WHEREFORE, Plaintiff requests that this Court:

3    **A. Issue injunctive relief:**

4    343.  - Order defendant to cease false advertising

5    344.  - Require fulfillment of privacy promises

6    345.   - Mandate improvement of information disclosure

7    **B. Award damages:**

8    346.  - Compensate for direct and indirect expenses

9    347.   - Compensate for emotional damages

10   348.   - Award other appropriate relief

11   **3.  COA: Unjust Enrichment (California Civil Code § 3274)**

12   **1)  Legal Basis**

13   **Statutory Basis**

14   349.  California Civil Code § 3274 stipulates:

15   350.  Prohibits obtaining property of others without just cause

16   351.   Requires return of unjust enrichment

17   352.  Must bear losses caused thereby

1    **Case Law**

2    353.  First Nationwide Savings v. Perry (1992)

3    354.  Court held: Retaining others' property without providing consideration constitutes unjust enrichment

4    355.  Application: Defendant retained gift card amounts without providing services

5    **2)  Defendant's Conduct**

6    356.  Retention of Funds Without Just Cause

7    357.  Retained approximately $1,800 in gift card value during account freeze

8    358.  Canceled paid orders but refused to refund funds

9    359.  Retained customer funds without providing any service

10    **3)  Refusal of Reasonable Refund Requests**

11    360.  Defendant indicated it would not refund paid amounts

12    361.  Elements of Unjust Enrichment

13    362.  Obtaining Property

14    363.  Actually controlled consumer's gift card amounts

15    364.  Received order payments but did not provide goods

16    365.  Possessed others' property without just cause

17    **4)  Damages**

18    **Direct Economic Loss**

19    366.  Gift card amount loss: $1,800

1     367. Order cancellation losses

2     368. Rights protection costs

3     **Indirect Damages**

4     369. Unable to purchase necessities

5     370.  Forced to seek alternative shopping channels

6     371.  Loss of time and energy

7     **5)   Relief Requested**

8     **Conduct Correction**

9     372. Establish reasonable fund handling mechanism

10    373.  Improve refund process

11    **Judgment for Compensation**

12    374.  Return all unjustly retained funds.Return

13    375.  Compensate for direct and indirect expenses incurred in the course of rights protection.

14    376.  Compensate for emotional damages caused to the Plaintiff.

15    377. Other relief measures the Court deems appropriate and equitable.

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

# 4. FOUETHLY COA: Violation of California Consumer Privacy Act (CCPA) and California Privacy Rights Act (CPRA)

## 1) Legal Basis

### Statutory Basis

378. California Consumer Privacy Act (CCPA):

379. Grants consumers control over their personal information

380. Requires businesses to disclose data usage purposes

381. Protects consumers' right to withdraw consent

382. California Privacy Rights Act (CPRA) supplementary provisions

383. California Constitution Article 1 explicitly provides for privacy rights

### Case Law

384. Hill v. National Collegiate Athletic Assn. (1994)

385. Court established: Individuals have reasonable privacy expectations regarding their information

386. Application: Defendant violated privacy rights by using personal information without authorization

## 2) Defendant's Conduct

### Unauthorized Use of Personal Information

387. Unauthorized account association:

388. Used personal name

1    389.  Used email address

2    390.  Used contact phone

3    391.  Used address information

4    **Data use exceeded authorization scope:**

5    392.  Failed to inform data usage purpose

6    393. Did not obtain additional authorization consent

7    394.  Used for account association analysis

8    **Deprivation of Data Control Rights**

9    395.  During account freeze:

10   396.  Unable to access personal data

11   397. Unable to modify privacy settings

12   398.  Unable to delete personal information

13   **Lack of information transparency:**

14   399.  Did not inform data processing methods

15   400.   Refused to provide data usage explanation

16   401.   Concealed data analysis process

17   **3)  Elements of Infringement**

18   **Violation of Informed Consent Principle**

19   402.  Failed to inform data usage purpose

1    403.  Used data beyond authorized scope

2    404.  Deprived right to withdraw consent

3    **Violation of Data Control Rights**

4    405.  Restricted data access permissions

5    406.  Blocked data deletion requests

6    407.  Refused to provide data copies

7    **4)  Damages**

8    **Privacy Rights Damages**

9    408.  Personal information misused

10   409.  Loss of data control rights

11   410.  Information autonomy rights damaged

12   **Derivative Damages**

13   411.  Mental distress aggravated

14   412.  Privacy anxiety generated

15   413.  Loss of personal information security

16   **5)   Relief Requested**

17   **Cease Infringement**

18   414.  Stop unauthorized data use

19   415.  Restore data control rights

1    416.   Provide data access channels

2    **Mechanism Improvement**

3    417.  Establish data protection system

4    418.  Provide transparent data processing explanation

5    419. Ensure user control rights

6    **Damages Compensation**

7    420.   Compensate for direct and indirect expenses incurred in the course of rights protection.

8    421.   Compensate for emotional damages caused to the Plaintiff.

9    422.  Other relief measures the Court deems appropriate and equitable.

10   # 5.   FIFTH COA: Violation of California Consumer Legal Remedies

11   # Act and Unfair Competition Law

12   ## 1)   Legal Basis

13   **Statutory Basis**

14   423.  California Consumer Legal Remedies Act (CLRA):

15   424.  Section 1770 prohibits unfair or deceptive business practices by merchants

16   425.   Requires merchants to provide reasonable appeal channels

17   426.   Protects consumers' right to know and right to fair trading

18   427.  Unfair Competition Law (UCL): Prohibits unfair or deceptive business practices

1    **Case Law**

2    428.  Meyer v. Sprint Spectrum L.P. (2009)

3    429.  Court established: Merchants must provide reasonable channels for rights protection

4    430.  Application: Defendant's appeal restrictions constitute violation of consumer rights

5    **2)   Defendant's Conduct**

6    **Setting Unreasonable Rights Protection Barriers**

7    431.  Appeal material restrictions:

8    432.   Only allows upload of 5 images

9    433.  Text description cannot exceed 200 characters

10   434.  Unable to fully present evidence

11   435.  Restricts appeal channels to email only

12   436.   Lack of language services:

13   437.  Refused to provide translation assistance

14   438.  Lack of feedback mechanism:

15   439.  No clear feedback on appeal materials

16   440.  Refused to disclose specific review criteria

17   **Concealment of Important Information**

18   441.  Vague account freeze reasons:

19   442.  Only stated "detected unusual payment activity"

1    443. Did not explain specific abnormal situations

2    444.  Refused to provide clear explanation

## 3)  Legal Violations

### Violation of Procedural Justice

5    445.  Set unreasonable evidence submission restrictions

6    446.  Deprived consumers of appeal rights

7    447.  Failed to provide necessary language assistance

### Violation of Right to Know

9    448.  Concealed important transaction information

10   449.  Refused to provide clear explanation

11   450. Vague handling standards

## 4)  Damages

### Rights Protection Barriers

14   451.  Rights damaged due to evidence submission restrictions

15   452.  Language barriers increase difficulty in protecting rights

16   453.  Lack of transparency in procedures creates additional burden

17   454. No appeal channels other than email

### Economic Loss

19   455.  Account funds unusable

Tittle: Second Amended Complaint     Case number: CGC-24-617965     SUPERIOR COURT OF SAN FRANCISCO

1    456.  Increased rights protection costs

2    457.  Forced to bear additional expenses

## 5)    Relief Requested

### Procedural Correction

5    458.  Remove unreasonable appeal restrictions

6    459.  Provide necessary language services

7    460.  Establish transparent handling mechanism

### System Improvement

9    461.  Establish fair appeal mechanism

10   462.   Provide multi-language service support

11   463.  Ensure procedural transparency and fairness

### Damages Compensation

13   464.   Compensate for direct and indirect expenses incurred in the course of rights protection.

14   465.  Compensate for emotional damages caused to the Plaintiff.

15   466.  Other relief measures the Court deems appropriate and equitable.

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

## 6.  SIXTH COA: Violation of Federal Trade Commission Act and California Business and Professions Code § 17200

### 1)    Legal Basis

**Statutory Basis**

467. Federal Trade Commission Act Section 5: Prohibits unfair or deceptive practices in commerce

468. California Business and Professions Code Section 17200: Prohibits unfair competition

469. California Consumer Privacy Act (CCPA): Protects consumer data rights

470. California Civil Code Section 1670.5: Regulates unfair contract terms

**Case Law**

471.  FTC v. Wyndham Worldwide Corp. (2015)

472. Court established: Failure to fulfill public commitments constitutes deceptive conduct

473.  Application: Defendant breached its privacy and transparency promises

474.  Cel-Tech Communications v. Los Angeles Cellular (1999)

475. Court established: Significantly unfair business practices violate UCL

476. Application: Defendant's unilateral restrictions are significantly unfair

### 2)    Defendant's Conduct

**Abuse of Platform Power**

477.  Repeatedly froze account without cause:

1   478. First freeze on June 26, 2024

2   479. Second freeze on June 28, 2024

3   480. Third freeze on July 20, 2024

4   481. Arbitrarily canceled orders, including necessities like food

5   482. Restricted account access without providing specific reasons

6   **Violation of Transparency Commitment**

7   483. Public promise: "We always strive to be clear about how Amazon is collecting, using, or sharing your

8       personal data"

9   484. Actual conduct:

10   485. Used vague concept of "unusual payment activity"

11   486. Refused to provide specific reasons for freezing

12   487. Failed to explain how personal information was used

13   **Setting Unreasonable Restrictions**

14   488. Appeal material limitations:

15   489. Only allowed upload of 5 images

16   490. Text description limited to 200 characters

17   491. No other appeal channels

18   492. Data access restrictions:

19   493. Unable to view order history

1    494. Unable to obtain transaction records

2    495. Personal data locked

## 3    3)  Legal Analysis

4    **Violation of FTC Act**

5    496.   Constitutes deceptive practices:

6    497. Breach of public commitments

7    498. Concealment of important information

8    499.   Misleading consumer expectations

9    **Violation of UCL**

10    500. Constitutes unfair competition:

11    501.  Abuse of market dominant position

12    502.  Setting unreasonable restrictions

13    503. Harming consumer interests

## 4    4)  Causation

15    **Direct Causation**

16    504. Account freezing leads to direct economic losses

17    505.  Order cancellation causes life difficulties

18    506.  Appeal restrictions prevent rights assertion

1    **Indirect Causation**

2    507.  Forced to seek alternative shopping methods

3    508.  Deterioration of mental health condition

4    509.  Significant decline in quality of life

5    ## 5)  Damages

6    **Economic Damages**

7    510.  Gift card balance loss: approximately $1,600

8    511.  Additional transportation expenses

9    512.  Increased alternative shopping costs

10   **Non-Economic Damages**

11   513.  Anxiety symptoms worsened

12   514.  Diagnosed with PTSD

13   515. Severe decline in quality of life

14   **Ongoing Impact**

15   516.  Requires long-term medical treatment

16   517. Continued deterioration of mental state

17   518.  Social integration hindered

1  # 6)    Relief Requested

2  **Injunctive Relief**

3  519. Restore account access privileges

4  520. Remove unreasonable restrictions

5  521.  Establish transparent appeal mechanism

6   **Punitive Damages**

7  522. Considering defendant's conduct:

8  523.  Systematic violations

9  524. Severe harm to vulnerable groups

10  525. Breach of public commitments

11  526.  Request the Court to award appropriate punitive damages.

12   **Damages Compensation**

13  527.  Compensate for direct and indirect expenses incurred in the course of rights protection.

14  528.  Compensate for emotional damages caused to the Plaintiff.

15  529. Other relief measures the Court deems appropriate and equitable.

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

# 7.   SEVENTH COA: Fraud and Punitive Damages (California Civil Code § 1572)

## 1)   Legal Basis

### Statutory Basis

530.  California Civil Code Section 1572:

531.  Elements of fraud: false representation, scienter, intent to induce reliance, actual reliance, damages

532.   Punitive damages applicable to fraudulent conduct

533.  California Civil Code Section 3294:

534.   Punitive damages available when fraudulent conduct is oppressive or malicious

### Case Law

535.   Lazar v. Superior Court (1996):

536.  Court held: Systematic false promises constitute fraud

537.  Application: Defendant's multiple promises contradicted actual conduct

## 2)   Intentional Concealment of Facts

### Concealing details of unusual payment activities:

538. Amazon failed to disclose detailed information behind account freezing, such as definition of unusual

payment activity, involved order numbers or amounts, making it impossible for users to understand

specific reasons for freezing

1    **Concealing privacy data usage conduct:**

2    539. Amazon failed to inform users that their personal information was used for account association

3        investigation, violating transparency and user privacy protection promises

4    **Concealing account management basis and standards:**

5    540. After freezing accounts, failed to provide processing basis or reference standards, leaving users

6        completely uninformed about freezing rules

7    **Intentionality:**

8    541. These concealment actions demonstrate clear subjective intent, namely restricting users' right to know

9        and ability to appeal through information opacity

10    **3)    Making False Promises**

11    **Implying possibility of account restoration:**

12    542.  Amazon implied users only needed to upload materials as requested to restore accounts

13    543. Actual: Even when users met all requirements, accounts remained unrestore

14    **False "transparency log" function:**

15    544.  Amazon claimed to provide transparency logs for users to understand account operation records

16    545. Actual: Function unusable after account frozen

17    **False privacy promises:**

18    546. Claimed to strictly protect user privacy

19    547. Actual: Processed personal information without user authorization for multi-account investigation

1    **False user support promises:**

2    548.    Amazon promised to provide convenient support

3    549. Actual: No effective appeal channels after account frozen, and communication blocked through "do

4        not reply" emails

5    **Falsely claimed to fulfill account and data security promises ：**

6    550. Actual: Failed to provide protection measures or prevent misoperation during account freezing,

7        contradicting public commitments

8    ## 4)   Abuse of Consumer Trust

9    **Trust in transparency log function:**

10    551. Users trusted this function would explain freezing reasons, but no related information was available

11        after freezing

12    **Trust in submitting proof documents:**

13    552. Users believed account would be unfrozen after submitting proof documents, but Amazon refused to

14        restore accounts

15    **Unauthorized use of information:**

16    553. Users trusted personal information would not be used without permission, but Amazon used their

17        information for account investigation

18    **Trust in appeal process:**

19    554. Users reasonably believed there would be clear appeal process after freezing, but appeal channels

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    were either non-existent or denied

2    **Trust in ordered goods delivery:**

3    555. Users believed account freezing would not affect ordered goods delivery and account data access, but

4    Amazon canceled orders and restricted data access

5    ## 5)    Losses Caused to Users

6    **Property Loss:**

7    556. Amazon retained user payments (such as gift card balances) after freezing accounts while

8    confiscating purchased goods

9    **Deprivation of Data Access Rights:**

10    557. During account freeze period, users were deprived of rights to access transaction history, order

11    records and account data, causing economic losses

12    **Mental Damage:**

13    558. Users faced mental unfair treatment due to inability to appeal, data restrictions and order

14    cancellations

15    ## 6)    Elements of Fraud

16    **False Statements**

17    559.  Multiple service promises inconsistent with actual conduct

18    560.  Intentionally misleading consumer expectations

19    561. Systematic false advertising

54

**Intentionality**

562. Preset unreasonable appeal restrictions

563. Repeated same deceptive patterns

564.  Refused to fulfill clear commitments

## 7)  Causation

565. Consumers made decisions based on promises

566.  Suffered foreseeable damages

567. Losses directly related to fraud

## 8)  Grounds for Punitive Damages

**Malicious Nature of Conduct**

568.  Systematic deception

569. Continuous misleading

570. Refusal to correct

**Severity of Damages**

571. Caused direct economic losses

572.  Violated multiple legal rights

573. Led to emotional distress

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    **9)    Relief Requested**

2    **Confirmation of Fraud**

3    574. Establish fraudulent conduct

4    575.  Confirm elements of fraud

5    576.  Clarify fraud liability

6    **Conduct Correction**

7    577.  Stop false advertising

8    578. Fulfill service commitments

9    579.  Establish effective supervision mechanism

10    **Judgment for Compensation**

11    580. Income Loss Caused by PTSD

12    581.  Compensate for direct and indirect expenses incurred in the course of rights protection.

13    582.  Compensate for emotional damages caused to the Plaintiff.

14    583. Punitive Damages

15    584. Other relief measures the Court deems appropriate and equitable.

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

# C.  CAUSES OF ACTION AGAINST AMAZON.COM, INC.

## 1.  COA: Piercing the Corporate Veil and Punitive Damages

### 1)  Legal Basis

#### Statutory Basis

585. According to California court precedents, corporate veil may be pierced when the following

conditions are met:

586.  Parent company has substantial control and dominance over subsidiaries

587.   Subsidiaries lack independent operational entity characteristics

588.   Maintaining subsidiary's independent legal person status would lead to unfair results

#### Cases Law

589. Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation (MDL No. 2056)

590.   Frigidaire Sales Corp. v. Union Properties, Inc. (88 Wash. 2d 400)

### 2)  Contract Subject Ambiguity

#### The following ambiguous terms exist in user agreements:

591. "Amazon.com Services LLC and its affiliates reserve the right to modify, suspend or terminate

services at any time"

592. "Amazon may use your information to improve services"

593. "Amazon reserves the right to take necessary actions regarding accounts"

Tittle: Second Amended Complaint     Case number: CGC-24-617965     SUPERIOR COURT OF SAN FRANCISCO

1     **These terms share two common characteristics:**

2     594. Fail to specify concrete executing subject

3     595.  Mix use of "Amazon.com Services LLC" and "Amazon" expressions

4     **Mixed use of subjects:**

5     596.  Alternately using subsidiary's full name and "Amazon" abbreviation in same agreement

6     597.  Making it difficult for consumers to identify actual contract counterparty

7     **3)  Amazon.com, Inc.'s Complete Control Over Subsidiaries**

8     **Capital and Legal Control  :**

9     598.  100% Shareholding Control

10     599. Amazon Services LLC is parent company's wholly owned subsidiary (SEC subsidiary listing

11        document)

12     600.   ACI Gift Cards LLC is Amazon.com company's wholly owned subsidiary (2008 press release)

13     **Unified Legal Structure  :**

14     601. Joint use of Amazon brand and trademarks (ACI Gift Cards issuance press release: "ACI Gift Cards,

15        Inc., a subsidiary of Amazon.com, Inc.")

16     602. Centralized legal entity management (SEC subsidiary listing document shows unified registration

17        location choice)

18     **Strategic and Operational Control :**

19     603. Centralized Strategic Decision-Making

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1    604. Parent company uniformly sets decision standards (Corporate governance document: "We may make

2        decisions and weigh tradeoffs differently than some other companies")

3    605. Unified management policy (Corporate governance document: "understand our fundamental

4        management and decision-making approach")

5    606.  Mandatory Business Restrictions

6    607. ACI Gift Cards can only be used on Amazon platform (API documentation: "Gift Cards may only be

7        redeemed toward the purchase of eligible goods and services provided by Amazon.com Services LLC

8        and its affiliates")

9    608. Mandatory implementation of FBA policy (FTC litigation document: "Amazon conditions sellers'

10        ability to be 'Prime eligible' on their use of Amazon's order fulfillment service")

11    **Technology and Data Control ：**

12    609.  System Dependency

13    610. ACI Gift Cards completely relies on parent company's API system (API documentation shows all

14        requests must go through Amazon authentication system)

15    611. Amazon Services uses parent company's technology platform (API documentation shows unified

16        technical architecture)

17    612.   Data Management

18    613. Gift card transaction data uniformly managed by parent company (data flow shown in API

19        documentation)

Tittle: Second Amended Complaint     Case number: CGC-24-617965     SUPERIOR COURT OF SAN FRANCISCO

1    614. Customer data centrally processed by parent company (FTC litigation: "Amazon used personal

2        information without authorization")

3    **Financial and Investment Control**

4    615.  Centralized Financial Management

5    616. Unified cash flow management (Corporate governance document: "Focus on cash")

6    617. Unified accounting policies (Corporate governance document: "When forced to choose between

7        optimizing the appearance of our GAAP accounting and maximizing the present value of future cash

8        flows")

9    **Investment Decision Control**

10   618. Parent company controls major investments (Corporate governance document: "Make bold

11       investment decisions in light of long-term leadership considerations")

12   619. Unified risk taking (Corporate governance document: "Some of these bold investments will pay off,

13       others will not")

14   **4)    Subsidiaries' Lack of Independence**

15   **Lack of Operational Independence**

16   620.  Business Dependency

17   621. ACI Gift Cards products completely dependent on parent company platform (technical dependency

18       relationship shown in API documentation)

19   622. Amazon Services must follow parent company policies (mandatory business rules described in FTC

1  litigation)

2  **Lack of Decision-Making Authority**

3  623. Key decisions controlled by parent company (FTC litigation: "Amazon leadership slowed or rejected

4  changes")

5  624. No independent operational rights (centralized management model shown in corporate governance

6  document)

7  **Lack of Personnel Independence**

8  625. Unified Personnel Policy

9  626. Centralized recruitment standards (Corporate governance document: "Focus on hiring and retaining

10  versatile and talented employees")

11  627. Unified compensation system (Corporate governance document: "weight their compensation to

12  significant stock ownership")

13  **Maintaining Independent Legal Person Status Would Lead to Unfairness**

14  628. Consumer Rights Damage

15  629. Systematic Violations ：

16  630. Parent company participated in designing improper interface (FTC litigation: "Amazon used

17  manipulative, coercive, or deceptive user-interface designs")

18  631. Intentionally obstructed service cancellation (FTC litigation: "The primary purpose of its Prime

19  cancellation process was not to enable subscribers to cancel")

1  632. Liability Evasion：

2  633. Using Corporate Structure to Evade Responsibility

3  634. Attributing improper conduct to subsidiaries

4  635. Attempting to limit parent company liability

## 5) 5)  REQUEST FOR RELIEF

6  636. Based on the above facts and legal basis, Plaintiff requests the Court to:

7  **Declaratory Judgment ：**

8  637. Rule that Amazon.com, Inc. and its subsidiaries ACI Gift Cards LLC and Amazon Services LLC

9  constitute fully integrated operations

10  638. Confirm Amazon.com, Inc. should bear direct and joint liability for the two subsidiaries' conduct

11  639. Find that maintaining subsidiaries' independent legal person status would lead to unfair results for

12  consumers

13  **Substantive Relief ：**

14  640. Punitive Damages

15  641. Given parent company's systematic fraud through subsidiaries

16  642. Intentional design of obstacles to prevent service cancellation

17  643. Knowingly allowing subsidiaries to harm consumer interests

18  644. Request Court to award appropriate punitive damages

19

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

1  **Injunctive Relief :**

2  645. Require Amazon.com, Inc. to reform its subsidiary management system:

3  646. Establish transparent information disclosure mechanism

4  647.  Improve consumer protection system

5  648. Provide reasonable appeal channels

6  **Prohibit continued use of improper methods:**

7  649. Stop deceptive interface designs

8  650. Cease unauthorized data usage

9  651. End unfair account restriction practices

10  **Other Relief**

11  652. Require Amazon.com, Inc. to bear all litigation costs in this case

12  653. Require public apology and commitment to correct improper conduct

13  654. Other relief measures the Court deems appropriate

14  **6)    summarize**

15  655. These relief requests are based on the parent company's complete control over its subsidiaries,

16     reflecting that the parent company should bear full responsibility for the entire group's improper

17     conduct. Considering the parent company's size and influence, these relief measures are significant

18     for protecting consumer rights and maintaining market order.

Tittle: Second Amended Complaint    Case number: CGC-24-617965    SUPERIOR COURT OF SAN FRANCISCO

# VI.  JURY DEMAND

656.  PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.


# VII. VERIFICATION

657. I, Yun Peng, verify under penalty of perjury under the laws of the United States of America and the

State of California that the foregoing Complaint is true and correct to the best of my knowledge and

belief.

658.  Date: January 28, 2025

659.  _____

660.  YUN PENG

661.  Respectfully submitted,


# VIII.   EXHIBITS LIST

662.  Plaintiff's B2 Visa (April 25, 2024)

663.   First theft police report (May 21, 2024)

664.  Trazodone prescription and medical records (June 17, 2024)

665.   Second theft police report (June 24, 2024)

666.  Alipay transaction records of Gift Cards purchases through Taobao (June 2024)

Tittle: Second Amended Complaint        Case number: CGC-24-617965      SUPERIOR COURT OF SAN FRANCISCO

1    667.  NOID notice from USCIS (June 25, 2024)

2    668. First Amazon account suspension notification email (June 26, 2024)

3    669.  Gift card photos provided by Plaintiff as requested (June 26, 2024)

4    670. Second Amazon account suspension notification (June 28, 2024)

5    671. Payment records and personal information provided by Plaintiff (after June 28, 2024)

6    672.  Amazon's notification of food and MacBook order cancellations (July 2, 2024)

7    673.  Amazon's notification of permanent account closure and fund freeze (July 12, 2024)

8    674. Walgreens receipts for Gift Cards purchases (July 17, 2024)

9    675. CVS receipts for Gift Cards purchases (July 19, 2024)

10   676. Whole Foods receipts for Gift Cards purchases (July 26 and 27, 2024)

11   677.  Physical Gift Cards photos showing terms and restrictions

12   678. Third Amazon account suspension notification (July 29, 2024)

13   679. Fourth Amazon account suspension notification (August 1, 2024)

14   680.  PTSD diagnosis and treatment records (September 23, 2024)

15   681.  Screenshots of Amazon's public statements

16   682.  Screenshots showing appeal process restrictions

17   683.  All email communications with Amazon

18   684.  Screenshots of Amazon Services account management interface

19   685.  Public documents and SEC filings showing Amazon.com Inc.'s relationship with subsidiaries

Title: Second Amended Complaint     Case number: CGC-24-617965     SUPERIOR COURT OF SAN FRANCISCO

1    686. Medical bills and receipts

2    687. Doctor's assessment report on necessity of future treatment

3    688. Doctor's evaluation report on Plaintiff's work capacity impairment

4    689.  Expert evaluation report on Plaintiff's expected income

5    690. Plaintiff's sworn declaration

6    691. [Reserved]

7    692. [Reserved]

8    693. [Reserved]

9    694. [Reserved]

10    695. [Reserved]

11    696. [Reserved]

POS-050/EFS-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO:<br>NAME:  **Yun Peng**<br>FIRM NAME:<br>STREET ADDRESS:  965 Hutchinson Ave<br>CITY:  Palo Alto                    STATE:  CA     ZIP CODE:  94301<br>TELEPHONE NO.:  669 329 7691          FAX NO. :<br>E-MAIL ADDRESS:  msma529370228@gmail.com<br>ATTORNEY FOR (name):  Self-Represented | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**03/06/2025**<br>**Clerk of the Court**<br>**BY: VERA MU**<br>~~Deputy Clerk~~ |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco County
STREET ADDRESS:  400 McAllister St
MAILING ADDRESS:  400 McAllister St
CITY AND ZIP CODE:   San Francisco, CA 94102
BRANCH NAME:  Complex Civil Litigation

PLAINTIFF/PETITIONER: Yun Peng

DEFENDANT/RESPONDENT: ACI Gift Cards LLC, Amazon.com Services LLC, Amazon.co

| | |
|---|---|
| **PROOF OF ELECTRONIC SERVICE** | CASE NUMBER:<br>CGC-24-617965 |
| | JUDICIAL OFFICER: |
| | DEPARTMENT:<br>610 |

1.  I am at least 18 years old.

    a.  My residence or business address is *(specify):*
       965 Hutchinson Ave, Palo Alto, CA 94301

    b.  My electronic service address is *(specify):*
       msma529370228@gmail.com

2.  I electronically served the following documents *(exact titles):*
    Second Amended Complaint

    ☐  The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3.  I electronically served the documents listed in 2 as follows:

    a.  Name of person served:  Taylor Yamahata, Esq ; Michael J. Stortz, Esq.

       On behalf of *(name or names of parties represented, if person served is an attorney):*
       ACI Gift Cards LLC, Amazon.com Services LLC, Amazon.com Inc.

    b.  Electronic service address of person served *:*
       Taylor.Yamahata@klgates.com，Michael.Stortz@klgates.com

    c.  On *(date):*  January 30, 2025

    ☐  The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
       *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date:  Feb 21，2025

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Yun Peng
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

**Page 1 of 1**

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-050/EFS-050 [Rev. February 1, 2017] | **PROOF OF ELECTRONIC SERVICE**<br>**(Proof of Service/Electronic Filing and Service)** | Cal. Rules of Court, rule 2.251<br>*www.courts.ca.gov* |

**For your protection and privacy, please press the Clear
This Form button after you have printed the form.**

| Print this form | Save this form | Clear this form |

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| YUN PENG | **Case Management Department 610** |
| | **Case Management Order** |
| PLAINTIFF (S) | |
| VS. | **NO.: CGC-24-617965** |
| ACI GIFT CARDS, LLC et al | |
| | **Order Continuing Case** |
| | **Management Conference** |
| DEFENDANT (S) | |

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Apr-23-2025 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on Jun-25-2025 in Department 610 at 10:30 am.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference.  However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed and served twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED:  MAR-27-2025

ROCHELLE EAST
JUDGE OF THE SUPERIOR COURT

Order Continuing Case Management Conference
Form 000001

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on MAR-27-2025 I served the attached Order Continuing Case Management Conference by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  MAR-27-2025                           By: DANIEL DIAZ


KATHERINE TAYLOR YAMAHATA (347192)
K&L GATES LLP
4 EMBARCADERO CTR
SUITE 1200
SAN FRANCISCO, CA  94111

YUN PENG
965 HUTCHINSON AVE
PALO ALTO, CA  94301

1  Michael J. Stortz (SBN 139386)
2  Michael.Stortz@klgates.com
   K. Taylor Yamahata (SBN 347192)
3  Taylor.Yamahata@klgates.com
   K&L GATES LLP
4  Four Embarcadero Center, Suite 1200
   San Francisco, CA 94111
5  Telephone: (415) 882-8200
   Facsimile: (415) 882-8220
6

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**04/21/2025**
**Clerk of the Court**
BY: BOWMAN LIU
Deputy Clerk

7  *Attorneys for Defendants*
8  ACI GIFT CARDS LLC, AMAZON.COM
   SERVICES LLC and AMAZON.COM INC.

9

10           SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SAN FRANCISCO

12

| | |
|---|---|
| 13  YUN PENG,<br><br>14          Plaintiff,<br><br>15      v.<br><br>16  ACI GIFT CARDS LLC;<br>AMAZON.COM SERVICES LLC;<br>17  AMAZON.COM INC.,<br><br>18          Defendants.<br><br>19<br><br>20<br><br>21<br><br>22 | Case No. CGC-24-617965<br><br><br>**DEFENDANTS' NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:    May 21, 2025<br>Time:               9:00 a.m.<br>Dept:               301<br><br>Complaint Filed:  June 24, 2024<br>Trial Date:         None Set |

23

24

25

26

27

28

NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO. CGC-24-617965

1

**NOTICE OF DEMURRER**

2

**TO THE COURT AND PLAINTIFF**:

3      **PLEASE TAKE NOTICE** that on May 21, 2025 at 9:00 a.m. in Department 301 of the

4 San Francisco County Superior Court, located at the Civic Center Courthouse, 400 McAllister

5 Street, San Francisco, CA 94102, before the Honorable Christine Van Aken, Defendants ACI Gift

6 Cards LLC, Amazon.com Services LLC, Amazon.com, Inc. (collectively, "Defendants") will, and

7 hereby do, demur to all of the causes of action contained in Plaintiff Yun Peng's Second Amended

8 Complaint.

9      This Demurrer is made pursuant to California Code of Civil Procedure Section 430.10,

10 subd. (e), on the grounds that every cause of action asserted fails to state facts sufficient to constitute

11 a claim.

12      This Demurrer is based on this Notice of Demurrer and Demurrer; the attached

13 Memorandum of Points and Authorities; the pleadings, incorporating the documentation filed in

14 this action; the Declaration of K. Taylor Yamahata; and such other argument, authority, and

15 evidence that this Court may consider.

16

17

18

19

20

21

22

23

24

25

26

27

28

RECYCLED PAPER

1

## **DEMURRER**

2    This Demurrer is brought on behalf of Defendants ACI Gift Cards LLC, Amazon.com

3  Services LLC, and Amazon.com, Inc. (collectively, "Amazon").

4    Defendant ACI Gift Cards LLC ("ACI") demurs to the following causes of action alleged

5  in the Second Amended Complaint ("SAC") filed by Plaintiff Yun Peng ("Plaintiff"): the First

6  Cause of Action, for Violation of Civil Code section 1749.5; the Second Cause of Action, for

7  Violation of the Consumers Legal Remedies Act ("CLRA"), Civil Code section 1770, *et seq*.; the

8  Third Cause of Action, for Violation of the Unfair Competition Law, Business and Professions

9  Code section 17200 ("UCL"); the Fourth Cause of Action, for Violation of the False Advertising

10  Law, Business and Professions Code section 17500 ("FAL"); and the Fifth Cause of Action, for

11  Fraud and Punitive Damages (Civ. Code § 1572). ACI demurs pursuant to Code of Civil Procedure

12  Section 430.10 subdivision (e).

13    Defendant Amazon.com Services LLC ("Amazon Services") demurs to the following

14  causes of action alleged in Plaintiff's SAC: the First Cause of Action, for Declaratory Relief; the

15  Second Cause of Action, for False Advertising in violation of the FAL, CLRA, and Federal Trade

16  Commission Act ("FTC Act"); the Third Cause of Action, for Unjust Enrichment (Civ. Code

17  § 3274); the Fourth Cause of Action, for Violation of the California Consumer Privacy Act

18  ("CCPA") and California Privacy Rights Act ("CPRA"); the Fifth Cause of Action, for Violation

19  of the CLRA and UCL; the Sixth Cause of Action, for Violation of the FTC Act and UCL; and the

20  Seventh Cause of Action, for Fraud and Punitive Damages (Civ. Code § 1572). Amazon Services

21  demurs pursuant to Code of Civil Procedure Section 430.10 subdivision (e).

22    Defendant Amazon.com, Inc. demurs to the following cause of action alleged in Plaintiff's

23  SAC: the First Cause of Action, for Piercing the Corporate Veil and Punitive Damages. Defendant

24  Amazon.com, Inc. demurs pursuant to Code of Civil Procedure Section 430.10 subdivision (e).

25

26

27

28                                                              **RECYCLED PAPER**

**DEFENDANT ACI'S DEMURRERS TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

**Demurrer to the First Cause of Action – Violation of Civil Code section 1749.5**

1.      Defendant ACI hereby demurs to Plaintiff's First Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant ACI.

**Demurrer to the Second Cause of Action – Violation of the Consumer Legal Remedies Act ("CLRA"), Civil Code section 1770, *et seq.***

2.      Defendant ACI hereby demurs to Plaintiff's Second Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant ACI.

**Demurrer to the Third Cause of Action – Violation of the Unfair Competition Law, Business and Professions Code section 17200 ("UCL")**

3.      Defendant ACI hereby demurs to Plaintiff's Third Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant ACI.

**Demurrer to the Fourth Cause of Action – Violation of the False Advertising Law, Business and Professions Code section 17500 ("FAL")**

4.      Defendant ACI hereby demurs to Plaintiff's Fourth Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant ACI.

**Demurrer to the Fifth Cause of Action – Fraud and Punitive Damages (Civ. Code § 1572)**

5.      Defendant ACI hereby demurs to Plaintiff's Fifth Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant ACI.

**DEFENDANT AMAZON SERVICES' DEMURRERS TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

**Demurrer to the First Cause of Action – Declaratory Relief**

6.      Defendant Amazon Services hereby demurs to Plaintiff's First Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant Amazon Services.

**RECYCLED PAPER**

1        **Demurrer to the Second Cause of Action – Violation of the FAL**

2        7.      Defendant Amazon Services hereby demurs to Plaintiff's Second Cause of Action

3    on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against

4    Defendant Amazon Services.

5        **Demurrer to the Third Cause of Action – Unjust Enrichment (Civ. Code § 3274)**

6        8.      Defendant Amazon Services hereby demurs to Plaintiff's Third Cause of Action on

7    the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant

8    Amazon Services.

9        **Demurrer to the Fourth Cause of Action – Violation of the California Consumer**

10   **Privacy Act and the California Privacy Rights Act (collectively, "CCPA")**

11       9.      Defendant Amazon Services hereby demurs to Plaintiff's Fourth Cause of Action

12   on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against

13   Defendant Amazon Services.

14       **Demurrer to the Fifth Cause of Action – Violation of the CLRA and the UCL**

15       10.     Defendant Amazon Services hereby demurs to Plaintiff's Fifth Cause of Action on

16   the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant

17   Amazon Services.

18       **Demurrer to the Sixth Cause of Action – Violation of the Federal Trade Commission**

19   **Act and the UCL**

20       11.     Defendant Amazon Services hereby demurs to Plaintiff's Sixth Cause of Action on

21   the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant

22   Amazon Services.

23       12.     Defendant Amazon Services hereby demurs to Plaintiff's Sixth Cause of Action on

24   the basis that it is duplicative of Plaintiff's Fifth Cause of Action for Violation of the CLRA and

25   the UCL.

26

27

28                                                                          **RECYCLED PAPER**

**Demurrer to the Seventh Cause of Action – Fraud and Punitive Damages (Civ. Code § 1572)**

13.    Defendant Amazon Services hereby demurs to Plaintiff's Seventh Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant Amazon Services.

**DEFENDANT AMAZON.COM, INC.'S DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

**Demurrer to the First Cause of Action – Piercing the Corporate Veil and Punitive Damages**

14.    Defendant Amazon.com, Inc. hereby demurs to Plaintiff's First Cause of Action on the basis that Plaintiff fails to allege sufficient facts to constitute a cause of action against Defendant Amazon.com, Inc.

Dated: April 21, 2025                    K&L GATES LLP


                                        By: _/s/ K. Taylor Yamahata_
                                            Michael J. Stortz
                                            K. Taylor Yamahata

                                            _Attorneys for Defendants_
                                            ACI GIFT CARDS LLC, AMAZON.COM
                                            SERVICES LLC and AMAZON.COM,
                                            INC.

RECYCLED PAPER

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

In their Second Amended Complaint ("SAC"), Plaintiff Yun Peng ("Plaintiff") describes a

3 series of unfortunate circumstances that they have faced since entering the United States. This

4 lawsuit is not about those allegations. Instead, Plaintiff's claims against Defendants ACI Gift Cards

5 LLC ("ACI"), Amazon.com Services LLC ("Amazon Services"), and Amazon.com, Inc.

6 (collectively, "Amazon") arise from their alleged dissatisfaction with their shopping experience in

7 the Amazon.com store. While Plaintiff shortened the sprawling 221-page First Amended Complaint

8 ("FAC"), the SAC still presents a mishmash of scattershot and conclusory allegations in service of

9 meritless claims against Amazon. The SAC lacks sufficient factual allegations to support any

10 causes of action, and the Court should sustain Amazon's demurrer without leave to amend.

11 **I.     BACKGROUND**

12 **A.     <u>Summary of Plaintiff's Allegations and Causes of Action.</u>**

13

Plaintiff alleges that they purchased ACI-issued gift cards from online shopping platform

14 "Taobao" using "Alipay." (SAC ¶ 27.) Plaintiff does not specify when they purchased the gift cards.

15 Sometime on or after June 24, 2025, Plaintiff used the gift cards to purchase "food and other

16 necessities" and "a MacBook on Amazon Services." (*Id*. ¶¶ 27-28).

17

On June 26, 2024, Amazon Services "detected unusual payment activity" and "suspended

18 the Plaintiff's account." (*Id*. ¶ 29.) Plaintiff appealed to Amazon Services, and their account was

19 temporarily restored. (*Id*. ¶¶ 30-31.) However, on June 28, 2024, Amazon Services allegedly

20 informed Plaintiff that the information submitted "was insufficient" and again "blocked" their

21 account. (*Id*. ¶ 32.) Plaintiff unsuccessfully appealed, and Amazon Services closed the account,

22 cancelled pending orders, and allegedly froze about $1,600 of their assets. (*Id*. ¶¶ 32-34, 36.)

23 Plaintiff then purchased several new gift cards "at designated retail stores including Walgreens,

24 CVS, and Whole Foods Market" (*id*. ¶ 37), opened a second Amazon account, and attempted to use

25 the new gift cards with the new account (*id*. ¶¶ 56-57). Plaintiff alleges that Amazon Services

26 suspended the second account and denied Plaintiff's subsequent appeals. (*Id*. ¶¶ 57-59.) Plaintiff

27

28

**RECYCLED PAPER**

1    suggests that the second account was suspended after Amazon Services used their personal

2    information to "determine[] that the two accounts belonged to the same person." (*Id.* ¶¶ 58-59.)

3        Based on this information, Plaintiff brings 13 causes of action against Amazon, challenging:

4    (1) the terms applicable to ACI's gift cards (*id.* ¶¶ 27, 38-56); (2) the closure of Plaintiff's Amazon

5    accounts and the sufficiency of Amazon Services' appeals process (*id.* ¶¶ 29-34, 36, 57-58); and/or

6    (3) Amazon Services' access to Plaintiff's personal information (*id.* ¶¶ 58-74). As to ACI, Plaintiff

7    alleges: (1) violation of Civil Code section 1749.5; (2) violation of the Consumers Legal Remedies

8    Act ("CLRA"); (3) violation of the Unfair Competition Law ("UCL"); (4) violation of the False

9    Advertising Law ("FAL"); and (5) fraud. As to Amazon Services, Plaintiff alleges: (1) declaratory

10   relief; (2) violation of the FAL; (3) unjust enrichment; (4) violation of the California Consumer

11   Privacy Act and California Privacy Rights Act (collectively, "CCPA"); (5) violation of the CLRA

12   and UCL; (6) violation of the Federal Trade Commission Act, 15 U.S.C. § 45 ("FTC Act"); and

13   (7) fraud. As to Amazon.com, Inc., Plaintiff seeks to hold it liable for the alleged acts of ACI and

14   Amazon Services and asserts one claim for "Piercing the Corporate Veil and Punitive Damages."

15        **B.    Amazon's Conditions of Use and Gift Card Terms and Conditions**

16        In the SAC, Plaintiff references and relies on certain Amazon agreements and policies. On

17   September 13, 2024, Plaintiff filed two such agreements with the Court: (1) Amazon's Conditions

18   of Use ("COUs"), described as the "Amazon User Agreement;" and (2) the "Amazon.com Balance

19   and Amazon.com Gift Card Terms and Conditions" ("Gift Card T&Cs"), described as the "Amazon

20   Gift Card User Agreement."[1] The Amazon COUs govern all aspects of a consumer's use of

21   "products and services" provided by Amazon, including "visit[ing] or shop[ing] at Amazon.com."[2]

22   (COUs at 2.) In the COUs, Amazon expressly "***reserves the right to refuse service, terminate***

23   ***accounts, terminate your rights to use Amazon Services, remove or edit content, or cancel orders***

24   _____

25   [1] Both documents are filed as exhibits to and incorporated by reference in the SAC, and the Court
     may consider them with this Demurrer. (*See* Section II, *infra*.)

26   [2] All purchases from the Amazon.com store are subject to the COUs. (*See, e.g.*, *Ekin v. Amazon
     Services, LLC*, 84 F. Supp. 3d 1172, 1173 (W.D. Wash. 2014) [customers "accept the COU[s] every
27   time they make a purchase on Amazon.com"].)

                                                          RECYCLED PAPER
28
                                                2
     NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
                            CASE NO. CGC-24-617965

1  *in its sole discretion*." (*Id.* at 4, emphasis added.) The Gift Card T&C's govern a customer's

2  "purchas[e], "accept[ance], and us[e]" of an Amazon gift card. (Gift Card T&Cs at 2.) As Plaintiff

3  admits, the Gift Card T&Cs include "usage restriction terms" and other limitations on the use of

4  Amazon gift cards. (SAC ¶¶ 41-43.) The Gift Card T&Cs also expressly provide that:

5  (1) Amazon "reserve[s] the right to require additional verification of [customer's]

6  identity, Gift Card or account ownership, or provision of an additional payment instrument, before you are able to apply a Gift Card to your account or your

7  Amazon.com Balance to a purchase"; and

8  (2) Amazon "reserve[s] the right, *without notice to you, to void Gift Cards . . . without a refund, suspend or terminate customer accounts, suspend or terminate the*

9  *ability to use our services, cancel or limit orders*, and bill alternative forms of payment if we suspect that a Gift Card is obtained, used, or applied to an

10  Amazon.com account . . . fraudulently, unlawfully, or otherwise in violation of these terms and conditions.

11  (Gift Card T&Cs at 3-4, emphasis added.)

12  ### C.   Relevant Procedural History

13  On October 21, 2024, Plaintiff filed the FAC. Amazon sought to file a demurrer and, on

14  January 8, 2025, the parties met and conferred per Code of Civil Procedure section 430.41. Plaintiff

15  agreed to file an amended complaint by January 17. On January 16, Plaintiff informally provided

16  Amazon a copy of the SAC and, on January 17, Plaintiff filed a Motion for leave to file the SAC

17  which the Court rejected. Due to Plaintiff's filing difficulties, on January 29, Amazon agreed to

18  stipulate to the filing of the SAC and to attach the SAC to the Stipulation. On January 30, Amazon

19  noted the version of the SAC Plaintiff had sent to Amazon differed from the version Plaintiff asked

20  Amazon to file with the Stipulation. Plaintiff confirmed they wished to include the newer version

21  of the SAC, and Amazon filed the Stipulation with that version. On February 13, 2025, the Court

22  granted the Stipulation in part, ordering that Plaintiff's SAC "shall be filed within 10 days from

23  notice of entry of this order and Defendants shall file their response accordingly." On March 6,

24  Plaintiff filed the SAC, which differs from the version they included in the Stipulation. To date,

25  Plaintiff has not served Amazon with the version of the SAC filed with the Court.

26  ## II.   LEGAL STANDARD

27  A complaint must "set[] forth essential facts with reasonable precision and sufficient

RECYCLED PAPER

28

1  particularity to acquaint [the defendant] with the nature, source, and extent of [Plaintiff's] cause of

2  action." (*Ribas v. Clark* (1985) 38 Cal.3d 355, 358, fn. 1.) A defendant may bring a demurrer where

3  the complaint "does not state facts sufficient to constitute a cause of action." (Code Civ. Proc.,

4  § 430.10, subd. (e).) Thus, statements that are vague, conclusory, and void of factual specifics are

5  insufficient to survive a demurrer. (*See Rakestraw v. Cal. Physicians' Serv*. (2000) 81 Cal.App.4th

6  39, 44.) Where there is no reasonable probability that the defects of the complaint can be cured, the

7  demurrer should be sustained without leave to amend. (*CA Dep't of Tax & Fee Admin. v. Super.

8  Ct.* (2020) 48 Cal.App.5th 922, 938 [a demurrer is properly sustained without leave to amend where

9  an action is barred as a matter of law].)

10  "Where written documents are the foundation of an action and are attached to the complaint

11  and incorporated therein by reference, they become a part of the complaint and may be considered

12  on demurrer." (*Cnty. of San Bernardino v. Superior Court* (2022) 77 Cal.App.5th 1100, 1107

13  (internal quotation marks omitted).) "[T]he contents of an incorporated document . . . will take

14  precedence over and supersede any inconsistent or contrary allegations set out in the pleading."

15  (*Building Permit Consultants, Inc. v. Mazur* (2004) 122 Cal.App.4th 1400, 1409.)

16  **III.    ARGUMENT**

17  The Court should sustain Amazon's demurrer without leave to amend because Plaintiff's

18  claims fail as a matter of law—Plaintiff asserts claims under statutes that do not entitle them to

19  relief, lacks standing to pursue certain claims, and fails to allege facts sufficient to establish the

20  elements of other claims. (*See Shaeffer v. Califia Farms, LLC* (2020) 44 Cal.App.5th 1125, 1134

21  [to properly state a cause of action, the complaint "must sufficiently allege (1) 'every element of

22  [that] cause of action' and (2) the plaintiff's standing to sue."].)

23  **A.    Plaintiff's Claims Under Civil Code Section 1749.5 and the FTC Act Fail Because Neither Statute Provides a Private Right of Action.**

24  In the first cause of action against ACI, Plaintiff alleges that ACI violated Civil Code section

25  1749.5 because it did not clearly disclose certain consumer rights and terms applicable to the ACI-

26  issued gift cards. (SAC ¶¶ 85-100.) Section 1749.5, however, does not provide consumers with a

27

28

**RECYCLED PAPER**

1    private right of action. (Civ. Code, § 1749.5). And, even if it did, section 1749.5 does not create a

2    duty to disclose as Plaintiff suggests. Although section 1749.5 addresses gift-card related issues,

3    like fees, expiration dates, and cash redemption, it does not require disclosure of information to

4    consumers. (*Id.*) Thus, Plaintiff cannot state facts sufficient to constitute a cause of action under

5    this statute. (*Denny v. Arntz* (2020) 55 Cal.App.5th 914, 925 [demurrer upheld where plaintiff did

6    not properly allege a statutory claim]; *Hegyes v. Unjian Enter., Inc.* (1991) 234 Cal.App.3d 1103,

7    1111 [complaint "fatally defective" where plaintiff cannot demonstrate a legal duty was owed].)

8    Similarly, in the sixth cause of action against Amazon Services, Plaintiff alleges a violation

9    of the FTC Act. (SAC ¶¶ 467-529.) But this claim fails because "there is no private right of action

10    under the [FTC] Act." (*Consumer Justice Center v. Olympian Labs, Inc.* (2002) 99 Cal.App.4th

11    1056, 1060.) Thus, Plaintiff has a "no viable cause of action," and "demurrer without leave to

12    amend" is appropriate.[3] (*Traverso v. Dep't of Transp.* (2001) 87 Cal.App.4th 1142, 1145.)

13    **B.    Plaintiff's Consumer Protection Claims are Fundamentally Flawed.**

14    Plaintiff asserts claims against ACI and Amazon Services under the CLRA, UCL, and FAL.

15    In the second (CLRA), third (UCL), and fourth (FAL) causes of action against ACI, Plaintiff

16    contends that the ACI-issued gift cards contained misleading, vague, and unfair terms, concealed

17    information, and are poorly designed. (SAC ¶¶ 115-262.) In the second (FAL), fifth (CLRA and

18    UCL), and sixth (UCL) causes of action against Amazon Services, Plaintiff contends that Amazon

19    Services accessed his personal information in a manner inconsistent with its purported privacy

20    promises (*id.* ¶¶ 310-348[FAL]), and that it did not clearly explain the reasons it suspended

21    Plaintiff's accounts and used an "unreasonable" suspension-appeals process (*id.* ¶¶ 423-529

22    [CLRA and UCL]).  None of these allegations support an actionable claim for relief.

23    *1.    Plaintiff Lacks Standing to Bring CLRA, UCL, and FAL Claims.*

24    Plaintiff has not adequately alleged standing to pursue CLRA, UCL, and FAL claims. To

25

---

26    [3] Plaintiff's sixth cause of action against Amazon Services also purports to assert a claim under the
UCL. (SAC ¶¶ 500-503.) That claim is duplicative of Plaintiff's fifth cause of action against

27    Amazon Services and fails for the reasons set forth below. (*See* Section III.B, *infra.*)

RECYCLED PAPER

28

establish standing for all of these claims, Plaintiff must plead facts that: "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*," and "(2) show that the economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." (*Kwikset Corp. v. Supreme Court* (2011) 51 Cal.4th 310, 322; *Shaeffer, supra,* 44 Cal.App.5th at p. 1137 [standing inquiry applies to UCL, FAL, and CLRA claims].) The second element requires Plaintiff to show "actual reliance on the allegedly deceptive or misleading statements" and that such reliance "was an immediate cause" of their injury. (*Kwikset, supra*, 51 Cal.4th at p. 326; *In re Tobacco II Cases* (2009) 46 Cal.4th 298, 326 [standing "imposes an actual reliance requirement"]; *Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1363 [standing lacking if plaintiff cannot show their economic injury "resulted from reliance on the alleged misrepresentation"].) Plaintiff's claims falter on this requirement.

*Claims Against ACI*: Plaintiff challenges certain terms and conditions set forth on the ACI-issued gift cards. But Plaintiff does not allege that they relied on any specific representation or statement of ACI's when they purchased the gift cards. The SAC, in fact, suggests that Plaintiff first "discovered" alleged problems with the gift card terms and design only after Amazon closed their first account and they decided to purchase more gift cards. (SAC ¶ 38.) And even then, Plaintiff does not allege that they purchased the cards because of or in reliance on any of the terms or conditions on the cards. (*Id.* ¶¶ 38-55.) Instead, Plaintiff relies on conclusory allegations about how unspecified "misleading representations" and "illegal design" might affect consumers generally. (*Id.* ¶¶ 145-147 [CLRA], 192-194 [UCL], 235-237 [FAL].) Such allegations are insufficient to establish reliance or causation. (*Durell*, *supra*, 183 Cal.App.4th at p. 1363 [affirming demurrer where "[t]he SAC does not allege [plaintiff] relied on either [defendant's] Web site representations or on the language in the Agreement for Services"].)

*Privacy Claims Against Amazon Services*. Plaintiff contends that Amazon Services' access to and use of their personal information violated alleged privacy promises. Plaintiff, however, does not allege that they relied on a specific statement or promise from Amazon Services regarding its privacy policies when they voluntarily provided their personal information to it. Indeed, Plaintiff

RECYCLED PAPER

1   alleges that they "learned" about Amazon Services' "public promises and commitments" regarding

2   customer privacy only *after* they opened their accounts, *after* they provided personal information

3   for their account-suspension appeals, and *after* their accounts were permanently closed. (SAC

4   ¶¶ 61-62 [alleging they learned about the alleged privacy statements on or after September 23,

5   2024].) Plaintiff otherwise relies on the conclusory allegation that "[c]onsumers chose to use

6   services based on privacy promises[,]" (*id.* ¶ 333), which is insufficient to establish standing.

7   (*Durell*, *supra*, 183 Cal.App.4th at p. 1363.)

8        ***Suspension and Appeal Claims Against Amazon Services***. Plaintiff also contends that

9   Amazon Services did not adequately explain its suspensions of Plaintiff's accounts or provide a

10  reasonable appeals process. Plaintiff, however, does not point to a single representation or statement

11  by Amazon Services regarding its account suspension practices or the appeal process. Instead,

12  Plaintiff grounds their claims on their personal, subjective opinions that Amazon Services should

13  have provided more information about the suspensions and that the appeal process was

14  burdensome. (SAC ¶¶ 431-444, 477-495.) But, even if Plaintiff had alleged a specific statement,

15  the SAC does not suggest that Plaintiff opened their Amazon accounts or pursued an appeal in

16  reliance on any such statement. Plaintiff also does not allege that they would have done anything

17  differently (or that Amazon Services would have reinstated their accounts) if Amazon had provided

18  more account-suspension detail or offered a more user-friendly appeals process. Plaintiff has thus

19  not alleged facts to establish actual reliance or causation. (*Durell*, *supra*, 183 Cal.App.4th at p. 1363

20  [affirming demurrer for failure to allege reliance for standing purposes].)

21       ***Conclusion***: For these reasons alone, the Court should sustain Amazon's demurrer without

22  leave to amend as to all of Plaintiff's CLRA, UCL, and FAL causes of action.

23       **2.    *Plaintiff Cannot Pursue Claims for Damages under the CLRA.***

24       Plaintiff's CLRA claims include requests for monetary damages. Plaintiff, however, cannot

25  maintain a CLRA claim for damages because they failed to comply with the pre-filing notice

26  requirements. (Civ. Code, § 1782, subd. (a); *Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th

27  459, 473.) The Court should therefore sustain this Demurrer, without leave to amend, as to

28

RECYCLED PAPER

7
NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO. CGC-24-617965

1  Plaintiff's claims for damages under the CLRA. (Civ. Code, § 1782, subds. (a), (b); *Outboard*

2  *Marine Corp. v. Superior Court* (1975) 52 Cal.App.3d 30, 38 [cause of action "on its face was

3  legally defective in its failure to allege compliance with the Consumers Legal Remedies Act."].)

### 3.    Plaintiff Fails to Plead Actionable Deception Necessary to Support CLRA, FAL, and Fraud-Based UCL Claims.

5      To prevail on CLRA, FAL, and fraud-based UCL claims, Plaintiff "must show that

6  members of the public are likely to be deceived" by Amazon's alleged conduct.[4] (*Shaeffer*, *supra.*,

7  44 Cal.App.5th at p. 1136 [internal quotations omitted].) In assessing whether a statement is

8  misleading or deceptive, courts apply a "reasonable consumer standard." (*Lavie v. Procter &*

9  *Gamble* Co. (2003) 105 Cal.App.4th 496, 512-513; *Consumer Advocs. v. Echostar Satellite Corp*.

10  (2003) 113 Cal. App. 4th 1351, 1360 ["reasonable consumer standard [applies] to the" UCL, FAL,

11  and CLRA].) The SAC lacks allegations showing that ACI or Amazon Services engaged in

12  actionable deception or other conduct likely to mislead a reasonable consumer.

### a)    The SAC does not allege any actionable deception by ACI.

15      Plaintiff quibbles with certain terms disclosed on the ACI-issued gift cards, suggesting that

16  those terms—*e.g.*, "No expiration date or service fees," "No resale, replacements, or refunds," and

17  "eligible items"—are false, misleading, and vague. (SAC ¶¶ 125-132, 171-179, 216-224.) Plaintiff,

18  however, does not explain how or why these terms are misleading. They do not contend that the

19  terms on the cards are different from those in the Gift Card T&Cs. Nor could they, as the Gift Card

20  T&Cs contain substantively identical terms—*e.g.*, they confirm that gift cards can only be used to

21  purchase "eligible goods and services" and cannot be resold, reloaded, or applied to purchases "at

22  any Amazon-affiliated property outside of the United States." (Gift Card T&Cs at 1-2.) And, lastly,

23  Plaintiff does not allege that ACI, or any Amazon entity, acted inconsistent with the terms on the

24  gift cards or those in the T&Cs. Plaintiff, therefore, does not plead facts establishing an actionable

25  deception based on the gift cards. (*Shaeffer, supra,* 44 Cal.App.5th at p. 1139 ["statements a

26  business affirmatively and truthfully makes about its product . . . are not actionable as a matter of

27  ───────────────
[4] Plaintiff's "unfair" and "unlawful" UCL claims also fail as a matter of law. (Section III.B.4, *infra.*)

RECYCLED PAPER

28

NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO. CGC-24-617965

1   law"]; *Wayne v. Staples, Inc.* (2006) 135 Cal.App.4th 466, 481 [finding representations lawful

2   where disclosure conformed with business practice].) In short, Plaintiff's claims fail because "no

3   reasonable consumer would be misled by the truthful statements" on the gift cards. (*Sanchez v.*

4   *Nurture, Inc.* (N.D. Cal. 2022) 626 F.Supp.3d 1107, 1120 [internal quotations omitted].)

5         While Plaintiff offers subjective and illogical interpretations of certain gift card terms, their

6   personal beliefs do not transform clear contractual language into something misleading or

7   deceptive. (*See West Pueblo Partners, LLC v. Stone Brewing Co., LLC* (2023) 90 Cal.App.5th 1179,

8   1185 ["where the language is clear and explicit, and does not involve an absurdity, the plain

9   meaning governs"]; *Producers Dairy Delivery Co. v. Sentry Ins. Co.* (1986) 41 Cal.3d 903, 916,

10  fn. 7 ["Language in a contract must be construed in the context of that instrument as a whole[.]"].)

11  Indeed, an actionable deception requires "more than a mere possibility that the [statement] might

12  conceivably be misunderstood by some few consumers viewing it in an unreasonable manner."

13  (*Lavie, supra.*, 105 Cal.App.4th at p. 508.) Here, it is improbable that a "significant portion of the

14  general consuming public or of targeted consumers, acting reasonably in the circumstances, could

15  be misled" by the plain terms challenged by Plaintiff. (*Id.*; *see Salazar v. Target Corp.* (2022) 83

16  Cal.App.5th 571, 583 [statements "properly found not deceptive as a matter of law at the pleading

17  stage . . . [where] plaintiffs' claims were so facially illogical, implausible, or fanciful that no

18  reasonable consumer would believe the plaintiff's interpretation"].)

19        Plaintiff's challenge to the design of the ACI-issued gift cards is equally deficient. (SAC

20  ¶¶ 127 [size of "company logo"], 128 [font size and location of "restriction terms"], 129 [use of

21  external links].) These complaints reflect the inherent limitations of a physical card. And, as

22  Plaintiff admits, the terms stated on the cards were repeated, in more detail, online (*id.* ¶¶ 129, 173,

23  176, 219, 224), which is an accepted and reasonable practice. (*Freeman v. Wal-Mart Stores, Inc*.

24  (2003) 111 Cal.App.4th 660, 669 [gift card sufficiently discloses terms and conditions if on the

25  physical card and external sources]; *Barrett v. Apple Inc*. (N.D. Cal. 2021) 523 F.Supp.3d 1132,

26  1154 [same].) Plaintiff's theory that ACI's gift card terms and design are misleading "runs counter

27  to ordinary common sense" and "the obvious nature of" a gift card product, and thus, Plaintiff's

28

RECYCLED PAPER

1  CLRA, FAL, and fraud-based UCL claims "are fit for disposition at the demurrer stage of the
2  litigation." (*Brady v. Bayer Corp*. (2018) 26 Cal.App.5th 1156, 1165.)

3           **b)    Plaintiff does not allege actionable deception by Amazon**
4                   **Services.**

5      *Privacy-Based Claims*. Plaintiff alleges that Amazon Services' access to and use of their
6  personal information did not comply with certain "privacy protection promises[,]" rendering those
7  "promises" misleading. (SAC ¶¶ 315-329.) But the alleged promises on which Plaintiff relies are
8  broad statements of principle, not concrete representations.[5] (*See Consumer Advocates v. Echostar*
9  *Satellite Corp*. (2003) 113 Cal.App.4th 1351, 1361 [statements at issue "[we]re not factual
10 representations that a given standard is met"]; *Paduano v. Am. Honda Motor Co., Inc*. (2009) 169
11 Cal.App.4th 1453, 1499 (O'Rourke, J., concurring in part) [representations were "mere unspecific,
12 nonfactual assertions constituting non-actionable puffery"].) Further, the more specific terms in the
13 Gift Card T&Cs make clear that Amazon may "require additional verification of [Plaintiff's]
14 identity, Gift Card or account ownership . . . before [Plaintiff would be] able to apply a Gift Card
15 to [their] account or [their] Amazon.com Balance to a purchase." (Gift Card T&Cs at 5). Finally,
16 Plaintiff does not explain how Amazon Services' alleged use of their information—*i.e.*, to match
17 Plaintiff's accounts (SAC ¶ 317)—violated any of the "promises" alleged in the SAC. Plaintiff
18 offers no facts to show how a reasonable consumer would likely be misled by Amazon Services'
19 alleged privacy "promises" or that Amazon Services did anything contrary to those "promises."
20 Plaintiff has thus failed to plead any misleading, deceptive, or fraudulent conduct based on alleged
21 "privacy promises." (*Brady*, *supra*, 26 Cal.App.5th at 1165.)

22     *Account Suspension*. Plaintiff also alleges that Amazon Services did not "provide [a] clear
23 explanation" for its suspensions of their accounts. (SAC ¶¶ 441-444.) But Plaintiff does not allege
24 that Amazon Services ever promised or represented that it would provide them with information

25 ──────────────
26 [5] The SAC cites as deceptive the following statements: (1) "[w]e take the privacy of your data
   seriously and work every day to earn your trust[;]" (2) "[w]e always strive to be clear about how
27 Amazon is collecting, using, or sharing your personal data[;]" and (3) "[w]e make it easy for you
   to choose the privacy options that make the [most] sense for you[.]" (SAC ¶¶ 315, 320, 325.)

28                                                                    RECYCLED PAPER

─────────────────────────────────────────
NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO. CGC-24-617965

1  upon freezing their account, let alone that it would provide them any specific information. Nor can

2  they state such allegations, because the Gift Card T&Cs and the COUs defeat any such claim.

3  (*Mazur*, *supra*, 122 Cal.App.4th at p. 1409 [explaining that where a conflict exists between

4  allegations in a complaint and a document incorporated by reference the court "will look solely to

5  the attached exhibit"].) The Gift Card T&Cs expressly provide that Amazon Services may "without

6  notice" "void Gift Cards . . . without a refund, suspend or terminate customer accounts, suspend or

7  terminate the ability to use our services, [or] cancel or limit orders" if it "suspects that a Gift Card

8  is obtained, used, or applied to an Amazon.com account . . . fraudulently, unlawfully, or otherwise

9  in violation of these terms and conditions." (Gift Card T&Cs at 2-3.) The COUs similarly provide

10 that Amazon may "refuse service, terminate accounts, terminate [Plaintiff's] rights to use Amazon

11 Services, . . . or cancel orders *in its sole discretion*."  (COUs at 3, emphasis added).

12      *Appeals Process*. Plaintiff's final theory—that the process for appealing account

13 suspensions was unreasonable and difficult to maneuver—fares no better. (SAC ¶¶ 431-440, 488-

14 495). Plaintiff does not point to a single statement or representation of Amazon Services about the

15 appeals process, let alone a promise to provide a specific type and format of process. Plaintiff

16 merely complains about the process because they found it difficult to use and because Amazon

17 Services denied their appeal, which it had "sole discretion" to do. (COUs at 3). This is not enough

18 to support claims alleging misleading, deceptive, and fraudulent conduct.

19          ### *4.    Plaintiff's Unlawful and Unfair UCL Claims are Deficiently Pled.*

20      Plaintiff purports to assert violations under all three prongs of the UCL, alleging unlawful,

21 unfair, and fraudulent conduct. (SAC ¶¶ 171-176, 431-444, 500-503.) As above, the SAC does not

22 allege facts sufficient to state fraud-based UCL claims. (*See* Section III.B.3, *supra*.)  The SAC also

23 fails to support actionable claims under the unlawful and unfair prongs of the UCL.

24      *Unlawful*. A business practice is unlawful if it is "forbidden by law." (*Morgan v. AT&T*

25 *Wireless Servs., Inc.* (2009) 177 Cal.App.4th 1235, 1254 [cleaned up].) As to ACI, Plaintiff has not

26 alleged facts to support a violation of Civil Code section 1749.5 (Section III.A, *supra*) or to show

27 misleading or deceptive statements in violation of the CLRA (Section III.B.3, *supra*.). Plaintiff also

RECYCLED PAPER

28

1  cannot demonstrate that including "important information in external links" violates any statute or

2  other law, as disclosure of gift card terms through external links is an accepted practice. (*Freeman,*

3  *supra,* 111 Cal.App.4th at p. 669; *Barrett, supra,* 523 F.Supp.3d at p. 1154; *see Daugherty v. Am.*

4  *Honda Motor Co., Inc.* (2006) 144 Cal.App.4th 824, 835 ["to be actionable the omission must be

5  contrary to a representation actually made by the defendant, or an omission of a fact the defendant

6  was obliged to disclose."].) As to Amazon Services, Plaintiff does not expressly accuse it of

7  unlawful conduct in the SAC.

8       *Unfair*. A business practice is "unfair" if it "threatens an incipient violation of an antitrust

9  law, or violates the policy or spirit of one of those laws because its effects are comparable to or the

10  same as a violation of the law, or otherwise significantly threatens or harms competition." (*Cel-*

11  *Tech Commc'n Inc. v. Los Angeles Cellular Tel. Co.* (1999) 20 Cal.4th 163, 187.) The SAC is

12  devoid of facts supporting an antitrust violation or an impact on competition. Plaintiff's only

13  allegations that arguably assert unfairness claims are: (1) their challenge to the design of the gift

14  cards (SAC ¶¶ 174-176); (2) their dislike of Amazon Services' appeals process (*id.* ¶¶ 431-444;

15  502); and (3) conclusory statements of "[a]buse of market dominant opposition" (*id.* ¶ 501). None

16  of these allegations supports a claim for unfair conduct under the UCL. (*Durell, supra,* 183

17  Cal.App.4th at p. 1366 [affirming grant of demurrer to unfair UCL claim].)

18       **C.**     **The SAC Lacks Sufficient Allegations to Support Causes of Action for Fraud.**

19       Plaintiff's fraud claims require fact-based allegations showing: "(1) a misrepresentation . .

20  .; (2) knowledge of falsity (or scienter); (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable

21  reliance; and (5) resulting damage." (*Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34

22  Cal.4th 979, 990.) Plaintiff must plead allegations of fraud "with particularity." (*Small v. Fritz Cos.,*

23  *Inc.* (2003) 30 Cal.4th 167, 183.) The SAC falls short of stating an actionable fraud claim, as it

24  lacks "facts which show how, when, where, to whom, and by what means the representations were

25  tendered." (*Robinson, supra*, 34 Cal.4th at p. 993 [internal quotations omitted].)

26       Plaintiff does not identify or allege any specific representations or statements that support

27  their fraud claims. Instead, they rely on conclusory allegations about gift card terms and design

     **RECYCLED PAPER**

28

(SAC ¶¶ 263-278), vaguely alleged failures to provide information about account freezes, implied privacy promises, and an allegedly complicated appeal process (*id.* ¶¶ 538-555). But such "general and conclusory allegations do not suffice" to state a fraud claim. (*Robinson*, *supra*, 34 Cal.4th at p. 993.) Additionally, Plaintiff does not allege any facts to infer that they justifiably relied on any promise, statement, or representation from ACI or Amazon Services. (Section III.B.1, *supra.*) Given the absence of fact-based allegations in the SAC, Plaintiff has not established the necessary element of justifiable reliance. (*Robinson*, *supra*, 34 Cal.4th at p. 990.)[6]

### D.   **Plaintiff's Remaining Claims Against Amazon Services are Deficiently Pled and Cannot Survive Amazon's Demurrer.**

#### *1.   Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law*

In the third cause of action, Plaintiff alleges that Amazon Services was unjustly enriched because it "[r]etained approximately $1,800 in gift card value during account freeze[.]" (SAC ¶ 357.) Plaintiff's claim fails because the relationship between Amazon and Plaintiff is governed by express contracts—the Gift Card T&Cs and the COUs. A claim for unjust enrichment fails where "there exists between the parties a valid express contract covering the same subject matter." (*Rutherford Holdings, LLC v. Plaza Del Rey* (2014) 223 Cal.App.4th 221, 231.) Here, the Gift Card T&Cs permitted Amazon Services to void Plaintiff's gift cards "without a refund" and "without notice" (Gift Card T&Cs at 3-4), and the COUs permitted it to "refuse service, terminate accounts, terminate . . . rights to use Amazon Services, . . . or cancel orders in its sole discretion[.]" (COUs at 3.)  Plaintiff's unjust enrichment claim fails as a matter law.

#### *2.   Plaintiff's Statutory and Constitutional Privacy Claims are Flawed.*

Plaintiff's fourth cause of action alleges that Amazon Services violated the CCPA because it allegedly used personal information that Plaintiff provided to determine "that [Plaintiff's] two accounts belonged to the same person." (SAC ¶ 59; *id.* ¶¶ 387-401.) But the CCPA provides a private right of action only where a consumer's "nonredacted personal information . . . is subject

---

[6] Plaintiff's fraud claims request punitive damages. (SAC ¶¶ 292, 534, 583.) Plaintiff is not entitled to punitive damages because (a) they have not alleged an actionable fraud claim and (b) they do not allege facts showing the necessary "oppression" or "malice." (Civ. Code, § 3294(a).)

RECYCLED PAPER

to an ***unauthorized*** access and exfiltration, theft, or disclosure" that is caused by a "business' violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information[.]" (Civ. Code, § 1798.150, subd. (a) [emphasis added].) Here, Plaintiff admits that they voluntarily provided Amazon with their personal information when they opened their Amazon accounts and when they appealed the suspensions of their accounts. (SAC ¶¶ 27, 33, 56, 58.) Amazon Services' access to Plaintiff's information is plainly not "unauthorized" or otherwise in violation of the CCPA.

For the same reason, Plaintiff cannot state a claim for violation of the right to privacy under the California Constitution. (*See* SAC ¶ 383 [referencing Cal. Const. Art. 1].) Such a claim requires Plaintiff to allege: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." (*Thompson v. Spitzer* (2023) 90 Cal.App.5th 436, 460.) Plaintiff cannot establish a reasonable expectation of privacy because they agreed to share their information with Amazon. (*Sheehan v. San Francisco 49ers, Ltd*. (2009) 45 Cal.4th 992, 1000 ["to establish a reasonable expectation of privacy, the plaintiff . . . must not have manifested by his or her conduct a voluntary consent to the invasive actions of defendant"]; *Hill v. Nat'l Collegiate Athl. Assn.* (1994) 7 Cal.4th 1, 26 [same].)

### 3.    *Plaintiff is Not Entitled to Declaratory Relief.*

In their first cause of action against Amazon Services, Plaintiff asserts a claim for declaratory relief and asks the Court to find that "there was no valid contract between Plaintiff and Amazon Services[,]" and to void "account usage terms" and "[o]ther restrictive terms." (SAC ¶¶ 294-309.) Plaintiff's claim fails for several reasons.

First, Plaintiff's claim is "wholly derivative" of their other failed claims. "Where a trial court has concluded the plaintiff did not state sufficient facts to support a statutory claim and therefore sustained a demurrer as to that claim, a demurrer is also properly sustained as to a claim for declaratory relief which is wholly derivative of the statutory claim." (*Ball v. FleetBoston Fin. Corp.* (2008) 164 Cal.App.4th 794, 800 [internal quotations omitted].) Second, the SAC does not specify what "contract" Plaintiff seeks to void. But, even assuming Plaintiff seeks to invalidate the

RECYCLED PAPER

1   Gift Card T&Cs or the COUs, Plaintiff no longer has an active Amazon account (SAC ¶ 36 [alleging

2   permanent closure]) and, therefore, cannot show the "very significant possibility of future harm"

3   required for declaratory relief. (*Monterey Coastkeeper v. Cent. Coast Reg'l Water Quality Control*

4   *Bd.* (2022) 76 Cal.App.5th 1, 13 ["declaratory relief operates to declare future rights, not to address

5   past wrongs"].) Finally, Plaintiff does not allege facts to establish that they did not freely consent

6   to said contracts or that they were not competent to enter the agreements. While they allegedly

7   "began taking the sedative Trazodone" (SAC ¶¶ 297-305), they do not directly connect that

8   statement to contracts with Amazon. Plaintiff merely rests on conclusory allegations that cannot

9   support a claim for declaratory relief. (*Rakestraw, supra,* 81 Cal.App.4th at p. 44 [explaining that

10  to state a claim "[a]llegations must be factual and specific, not vague or conclusionary"].)

11       **E.    Defendant Amazon.com, Inc.'s Demurrer to Plaintiff's First Cause of Action
             Should Be Sustained.**

12

13       Plaintiff's only cause of action against Amazon.com, Inc. is for "Piercing the Corporate

14  Veil and Punitive Damages." (SAC ¶¶ 585-654). But this is not an independent cause of action

15  under California law. (*Leek v. Cooper* (2011) 194 Cal.App.4th 399, 418 ["A claim based upon an

16  alter ego theory is not itself a claim for substantive relief."].) As such, a demurrer is proper.

17  (*Traverso, supra*, 87 Cal.App.4th at p. 1145; *Hegyes, supra,* 234 Cal.App.3d at p. 1111.)

18  **IV.   CONCLUSION**

19       For the foregoing reasons, Amazon respectfully requests that this Court sustain its Demurrer

20  to every cause of action with prejudice and without leave to amend.

21

22

23

24

25

26

27

28                                                                         **RECYCLED PAPER**

1    Dated: April 21, 2025                          K&L GATES LLP

2

3                                            By: */s/ K. Taylor Yamahata*

4                                                 Michael J. Stortz
                                                  K. Taylor Yamahata
5

6                                                 *Attorneys for Defendants*
                                                  ACI GIFT CARDS LLC, AMAZON.COM
7                                                 SERVICES LLC and AMAZON.COM,
                                                  INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                          **RECYCLED PAPER**

28
     ————————————————————————————————————————————
                                        16
     NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
                          CASE NO. CGC-24-617965

## PROOF OF SERVICE

I am employed in the county of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is K&L GATES LLP, Four Embarcadero Center, Suite 1200, San Francisco, CA 94111.

On **April 21, 2025**, I served the document(s) described as:

**DEFENDANTS' NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

together with an unsigned copy of this declaration on the interested parties in this action by delivering a true copy thereof as follows:

Yun Peng                                      ***Plaintiff, In Pro Per***
965 Hutchinson Ave.
Palo Alto, CA 94301
Tel: (669) 329-7691
Email: msma529370228@gmail.com

☒    **BY ELECTRONIC SERVICE:**  I transmitted a true copy of the document(s) listed above to the e-mail addresses of the addressee(s) as indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **April 21, 2025**, San Francisco, California.

_Lianne Jitodai_
T. Lianne Jitodai

**RECYCLED PAPER**

17
NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO. CGC-24-617965

Michael J. Stortz (SBN 139386)
Michael.Stortz@klgates.com
K. Taylor Yamahata (SBN 347192)
Taylor.Yamahata@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**04/21/2025**
**Clerk of the Court**
**BY: BOWMAN LIU**
**Deputy Clerk**

*Attorneys for Defendants*
ACI GIFT CARDS LLC, AMAZON.COM
SERVICES LLC and AMAZON.COM INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN FRANCISCO

| | |
|---|---|
| YUN PENG,<br><br>        Plaintiff,<br><br>    v.<br><br>ACI GIFT CARDS LLC;<br>AMAZON.COM SERVICES LLC;<br>AMAZON.COM INC.,<br><br>        Defendants. | Case No. CGC-24-617965<br><br>**DECLARATION OF K. TAYLOR YAMAHATA REGARDING MEET AND CONFER REQUIREMENT**<br><br>Hearing Date:  May 21, 2025<br>Time:  9:00 a.m.<br>Dept:  301<br><br>Complaint Filed:  June 24, 2024<br>Trial Date:  None Set |

**RECYCLED PAPER**

1
DECLARATION OF K. TAYLOR YAMAHATA REGARDING MEET AND CONFER REQUIREMENT
CASE NO. CGC-24-617965

1

**<u>DECLARATION</u>**

2  I, K. Taylor Yamahata declare:

3          1.          I am an associate in the law firm of K&L Gates LLP, counsel of record for

4  Defendants ACI Gift Cards LLC, Amazon.com Services LLC and Amazon.com, Inc.

5  (collectively, "Defendants") in the above-captioned matter. The facts stated herein are true of my

6  personal knowledge, and, if called as a witness, I could and would competently thereto.

7          2.          The parties met and conferred by telephone on April 8, 2015 concerning the issues

8  raised in Defendants' Demurrer.

9          3.          The parties were unable to reach an agreement on issues raised in the Demurrer.

10          4.          The parties agreed that a further meet and confer discussion would not be

11  productive.

12          I declare under penalty of perjury under the laws of the State of California that the

13  foregoing is true and correct and that this declaration was executed on April 21, 2025 at San

14  Francisco, California.

15

16                                                                                   _Taylor Yamahata_

17                                                                                   _____
                                                                                       K. Taylor Yamahata

18

19

20

21

22

23

24

25

26

27                                                                                   **RECYCLED PAPER**

28

2
DECLARATION OF K. TAYLOR YAMAHATA REGARDING MEET AND CONFER REQUIREMENT
CASE NO. CGC-24-617965

## PROOF OF SERVICE

I am employed in the county of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is K&L GATES LLP, Four Embarcadero Center, Suite 1200, San Francisco, CA 94111.

On **April 21, 2025**, I served the document(s) described as:

### DECLARATION OF K. TAYLOR YAMAHATA REGARDING MEET AND CONFER REQUIREMENT

together with an unsigned copy of this declaration on the interested parties in this action by delivering a true copy thereof as follows:

Yun Peng                                  *Plaintiff, In Pro Per*
965 Hutchinson Ave.
Palo Alto, CA 94301
Tel: (669) 329-7691
Email: msma529370228@gmail.com

☒     **BY ELECTRONIC SERVICE:**  I transmitted a true copy of the document(s) listed above to the e-mail addresses of the addressee(s) as indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **April 21, 2025**, San Francisco, California.

_Lianne Jitodai_
T. Lianne Jitodai

RECYCLED PAPER

1

YUN PENG
965 Hutchinson Ave, Palo Alto, CA 94301
Phone Number (669 329 7691)
Email: msma529370228@gmail.com
YUN PENG, IN PRO PER

2

3

4

Plaintiff, In Pro Per

ELECTRONICALLY
F I L E D
Superior Court of California,
County of San Francisco

04/23/2025
Clerk of the Court
BY: BOWMAN LIU
Deputy Clerk

5

6

7

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8

**FOR THE COUNTY OF SAN FRANCISCO**

9

10

YUN PENG

              Plaintiff,

11

12

   v.

13

ACI GIFT CARDS LLC;

14

AMAZON.COM SERVICES LLC;

15

AMAZON.COM, INC.   ,

16

             Defendant.

Case No.:  CGC-24-617965

**OPPOSITION TO DEFENDANTS'
DEMURRER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT**

Date:  May 21, 2025
Time: 9:00 a.m.
Dept.: 301
Judge:  None Set

17

Plaintiff Yun Peng hereby respectfully submits the following opposition to Defendants'

18

Demurrer to the Second Amended Complaint ("SAC").

19

20

21

**I.  INTRODUCTION**

22

      Defendants seek to dispose of Plaintiff's SAC in its entirety by asserting procedural and

23

substantive deficiencies. While Plaintiff acknowledges certain technical omissions, the SAC

24

presents valid and actionable claims based on misleading conduct, inadequate disclosures, and

25

improper business practices related to Amazon's gift card system, account practices, and user

1

data handling. At minimum, Plaintiff should be granted leave to amend.

## II.  LEGAL STANDARD

A demurrer admits all material facts properly pleaded. (Evans v. City of Berkeley (2006) 38 Cal.4th 1, 6.) The complaint need only contain a statement of facts sufficient to constitute a cause of action. (CCP §425.10.) Doubts are resolved in favor of the pleading.

## III. ARGUMENTS

### A.  **Plaintiff Has Standing to Bring Claims Under California Law**

While certain statutes like FTC Act do not provide private rights of action, Plaintiff's reliance on them serves to illustrate the basis for unfair competition claims under the UCL, which permits broader standing. The SAC alleges actual economic injury due to the defendants' conduct.

### B.  **Claims Under Civil Code §1749.5 Support UCL Allegations**

Though Civil Code §1749.5 may not independently create a private cause of action, its violation constitutes predicate conduct for a UCL claim. Plaintiff relied on representations regarding gift card usability that were misleading and concealed refund rights.

### C.  **CLRA Claim Should Not Be Dismissed Without Leave to Amend**

Plaintiff concedes that formal notice under Civil Code §1782 was not issued prior to initiating this action. However, dismissal without leave to amend is unwarranted.

Courts regularly grant leave to amend to allow for compliance with pre-litigation notice requirements.

**D. Fraud-Based Claims Are Pleaded With Sufficient Specificity or Should Be Allowed to Be Amended**

The SAC describes Plaintiff's reliance on misleading representations and the injury suffered. If the Court deems the allegations insufficient under the heightened fraud standard, Plaintiff respectfully requests leave to amend to provide further factual detail.

**E. Unjust Enrichment and Declaratory Relief Are Validly Asserted**

Contrary to Defendants' assertion, California law recognizes unjust enrichment as a quasi-contractual remedy. Declaratory relief is appropriate where there is an actual controversy, which Plaintiff has pleaded in the context of Amazon's account practices.

**F. Piercing the Corporate Veil Is a Remedy, Not an Independent Cause of Action**

Plaintiff agrees to withdraw the standalone claim but reserves the right to seek alter ego liability as a theory of relief should the facts warrant.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that the Court overrule the Demurrer in its entirety. In the alternative, Plaintiff requests leave to amend any cause of action

1   the Court finds insufficiently pleaded.

2

3   Date: 4/22/2025

4                                                    _____
5                                                            YUN PENG
                                                        Plaintiff, In Pro Per
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**POS-050/EFS-050**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO:<br>NAME:  YUN PENG<br>FIRM NAME:<br>STREET ADDRESS:  965 Hutchinson Ave<br>CITY:  Palo Alto           STATE:  CA    ZIP CODE:  94301<br>TELEPHONE NO.:  (669) 329-7691       FAX NO. :<br>E-MAIL ADDRESS:  msma529370228@gmail.com<br>ATTORNEY FOR (name):  Plaintiff, In Pro Per | FOR COURT USE ONLY<br><br>ELECTRONICALLY<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**04/23/2025**<br>**Clerk of the Court**<br>**BY: BOWMAN LIU**<br>~~Deputy Clerk~~ |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco<br>STREET ADDRESS:  400 McAllister Street<br>MAILING ADDRESS:  400 McAllister Street<br>CITY AND ZIP CODE:    San Francisco, CA 94102<br>BRANCH NAME:  Civic Center Courthouse | |
| PLAINTIFF/PETITIONER: Yun Peng | CASE NUMBER:<br>CGC-24-617965 |
| DEFENDANT/RESPONDENT: ACI Gift Cards LLC; Amazon.com Services LLC; Amazon.co | JUDICIAL OFFICER: |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT:<br>301 |

1. I am at least 18 years old.
   a. My residence or business address is *(specify):*
      965 Hutchinson Ave, Palo Alto, CA 94301

   b. My electronic service address is *(specify):*
      msma529370228@gmail.com

2. I electronically served the following documents *(exact titles):*
   Plaintiff's Opposition to Defendants' Demurrer to Second Amended Complaint

   ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:
   a. Name of person served: K. Taylor Yamahata    Lianne Jitodai

      On behalf of *(name or names of parties represented, if person served is an attorney):*
      ACI Gift Cards LLC, Amazon.com Services LLC, and Amazon.com, Inc.

   b. Electronic service address of person served *:*
      taylor.yamahata@klgates.com    lianne.jitodai@klgates.com

   c. On *(date):*  April 22, 2025

      ☒ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
      *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date:  April 22, 2025

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

YUN PENG
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

**Page 1 of 1**

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-050/EFS-050 [Rev. February 1, 2017] | **PROOF OF ELECTRONIC SERVICE**<br>**(Proof of Service/Electronic Filing and Service)** | Cal. Rules of Court, rule 2.251<br>*www.courts.ca.gov* |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form    Save this form    Clear this form

MC-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Yun Peng
8024 Emerson Pl
Rosemead, CA 91770-2429

TELEPHONE NO.: (669) 329-7691          FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* msma529370228@gmail.com
ATTORNEY FOR *(Name):* Plaintiff, In Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:  Civic Center Courthouse

FOR COURT USE ONLY

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**04/23/2025**
**Clerk of the Court**
BY: ERNALYN BURA
**Deputy Clerk**

PLAINTIFF/PETITIONER: DEFENDANT/RESPONDENT:

DEFENDANT/RESPONDENT: ACI Gift Cards LLC et al.

CASE NUMBER:
CGC-24-617965

JUDICIAL OFFICER:

**NOTICE OF CHANGE OF ADDRESS OR OTHER
CONTACT INFORMATION**

DEPT.:

1. **Please take notice** that, as of *(date):* April 23, 2025
   [x] the following self-represented party or
   [ ] the attorney for:
   a. [x] plaintiff *(name):* Yun Peng
   b. [ ] defendant *(name):*
   c. [ ] petitioner *(name):*
   d. [ ] respondent *(name):*
   e. [ ] other *(describe):*

   has **changed his or her address** for service of notices and documents or other contact information in the above-captioned action.

   [ ] A list of additional parties represented is provided in Attachment 1.

2. The **new address** or other contact information for *(name):* Yun Peng
   is as follows:
   a.  Street: 8024 Emerson Pl
   b.  City: Rosemead
   c.  Mailing address *(if different from above):*
   d.  State and zip code: CA 91770-2429
   e.  Telephone number: (669) 329-7691
   f.  Fax number (if available):
   g.  E-mail address (if available): msma529370228@gmail.com

3. **All notices and documents** regarding the action should be sent to the above address.

Date: April 23, 2025

Yun Peng
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
MC-040 [Rev. January 1, 2013]

**NOTICE OF CHANGE OF ADDRESS OR OTHER
CONTACT INFORMATION**

Cal. Rules of Court, rules 2.200 and 8.816
www.courts.ca.gov

**MC-040**

| PLAINTIFF/PETITIONER: DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ACI Gift Cards LLC et al. | CGC-24-617965 |

### PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF CHANGE OF ADDRESS OR OTHER CONTACT INFORMATION

*(NOTE: This page may be used for proof of service by first-class mail of the **Notice of Change of Address or Other Contact Information**. Please use a different proof of service, such as **Proof of Service—Civil (form POS-040)**, if you serve this notice by a method other than first class-mail, such as by fax or electronic service. You cannot serve the **Notice of Change of Address or Other Contact Information** if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. At the time of service, I was at least 18 years old and **not a party to this action.**

2. I am a resident of or employed in the county where the mailing took place. My residence or business address is *(specify):*

3. I served a copy of the *Notice of Change of Address or Other Contact Information* by enclosing it in a sealed envelope addressed to the persons at the addresses listed in item 5 and *(check one):*

    a. ☐ deposited the sealed envelope with the United States Postal Service with postage fully prepaid.

    b. ☐ placed the sealed envelope for collection and for mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The *Notice of Change of Address or Other Contact Information* was placed in the mail:

    a. on *(date):*

    b. at *(city and state):*

5. The envelope was addressed and mailed as follows:

    a. Name of person served:

    Street address:
    City:
    State and zip code:

    c. Name of person served:

    Street address:
    City:
    State and zip code:

    b. Name of person served:

    Street address:
    City:
    State and zip code:

    d. Name of person served:

    Street address:
    City:
    State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 23, 2025

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶

_____
(SIGNATURE OF DECLARANT)

### NOTICE OF CHANGE OF ADDRESS
### OR OTHER CONTACT INFORMATION

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

 Print this form

 Save this form

Clear this form

POS-050/EFS-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:        STATE BAR NO:<br>NAME:  YUN PENG<br>FIRM NAME:<br>STREET ADDRESS:  8024 Emerson Pl<br>CITY:  Rosemead                                STATE:  CA      ZIP CODE:  91770<br>TELEPHONE NO.:  (669) 329-7691            FAX NO. :<br>E-MAIL ADDRESS:  msma529370228@gmail.com<br>ATTORNEY FOR (name):  Plaintiff, In Pro Per | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**04/23/2025**<br>**Clerk of the Court**<br>**BY: ERNALYN BURA**<br>~~Deputy Clerk~~ |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS:    400 McAllister Street
MAILING ADDRESS:    400 McAllister Street
CITY AND ZIP CODE:      San Francisco, CA 94102
BRANCH NAME:    Civic Center Courthouse

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Yun Peng<br><br>DEFENDANT/RESPONDENT: ACI Gift Cards LLC et al. | CASE NUMBER:<br>CGC-24-617965 |
| | JUDICIAL OFFICER: |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT:<br>301 |

1.  I am at least 18 years old.
    a.  My residence or business address is *(specify):*
       8024 Emerson Pl, Rosemead, CA 91770

    b.  My electronic service address is *(specify):*
       msma529370228@gmail.com

2.  I electronically served the following documents *(exact titles):*
    Notice of Change of Address or Other Contact Information (MC-040)

    ☐  The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3.  I electronically served the documents listed in 2 as follows:
    a.  Name of person served: K. Taylor Yamahata   Lianne Jitodai
       On behalf of *(name or names of parties represented, if person served is an attorney):*
       ACI Gift Cards LLC, Amazon.com Services LLC, and Amazon.com, Inc.
    b.  Electronic service address of person served *:*
       taylor.yamahata@klgates.com   lianne.jitodai@klgates.com
    c.  On *(date):*  April 23, 2025

    ☐  The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
       *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date:  April 23, 2025

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Yun Peng
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

**Page 1 of 1**

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-050/EFS-050 [Rev. February 1, 2017] | **PROOF OF ELECTRONIC SERVICE**<br>**(Proof of Service/Electronic Filing and Service)** | Cal. Rules of Court, rule 2.251<br>*www.courts.ca.gov* |

For your protection and privacy, please press the Clear
This Form button after you have printed the form.
    **Print this form**    **Save this form**    **Clear this form**

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY                    STATE BAR NUMBER:
NAME: YUN PENG
FIRM NAME:
STREET ADDRESS: 8024 Emerson Pl
CITY: Rosemead                              STATE: CA      ZIP CODE: 91770
TELEPHONE NO.: 669 329 7691                 FAX NO.:
EMAIL ADDRESS: msma529370228@gmail.com
ATTORNEY FOR (name): In Pro Per

*FOR COURT USE ONLY*
ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*
**04/24/2025
Clerk of the Court**
BY: RONNIE OTERO
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
 STREET ADDRESS: 400 McAllister Street
 MAILING ADDRESS: 400 McAllister Street
 CITY AND ZIP CODE: San Francisco, CA 94102
 BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: YUN PENG

DEFENDANT/RESPONDENT: ACI Gift Cards LLC, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): [x] **UNLIMITED CASE** (Amount demanded exceeds $35,000)   [ ] **LIMITED CASE** (Amount demanded is $35,000 or less) | CGC-24-617965 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: MAY 21, 2025      Time: 10:30:00 AM     Dept.: 301      Div.:          Room:

Address of court (if different from the address above):

[x]  **Notice of Intent to Appear by Telephone, by (name):** Yun Peng

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. [x] This statement is submitted by party (name): Yun Peng
   b. [ ] This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date): 9/9/2024
   b. [x] The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. [x] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served (specify names and explain why not):
      (2) [ ] have been served but have not appeared and have not been dismissed (specify names):
      (3) [ ] have had a default entered against them (specify names):
   c. [ ] The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in [x] complaint   [ ] cross-complaint      (Describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2024]
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: YUN PENG | CASE NUMBER: |
| DEFENDANT/RESPONDENT: ACI Gift Cards LLC, et al. | CGC-24-617965 |

4.  b.  Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*

☒ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a. ☒ days *(specify number):* 3-5

b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:

a.  Attorney: Yun Peng

b.  Firm: In Pro Per

c.  Address: 8024 Emerson Pl, Rosemead, CA 91770

d.  Telephone number: (669) 329-7691      f.  Fax number:

e.  Email address: msma529370228@gmail.com      g.  Party represented: Yun Peng

☐ Additional representation is described in Attachment 8.

9.  **Preference**

☐ This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☐ has ☒ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☒ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: YUN PENG | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ACI Gift Cards LLC, et al. | CGC-24-617965 |

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [×] | [ ] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [ ] | [ ] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: YUN PENG<br>DEFENDANT/RESPONDENT: ACI Gift Cards LLC, et al. | CASE NUMBER:<br>CGC-24-617965 |
|---|---|

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes   ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case   *(explain):*


**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy   ☐ Other   *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

   (1)  Name of case:

   (2)  Name of court:

   (3)  Case number:

   (4)  Status:

   ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒ The party or parties expect to file the following motions before trial   *(specify moving party, type of motion, and issues):*
   See Attachment 15a.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written discovery requests and document production | December 2025 |

c. ☒ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated   *(specify):*
   See Attachment 16b

**CASE MANAGEMENT STATEMENT**

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: YUN PENG<br>DEFENDANT/RESPONDENT: ACI Gift Cards LLC, et al. | CASE NUMBER:<br>CGC-24-617965 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

Plaintiff and Defendants participated in a telephonic meet-and-confer on April 8, 2025, but were unable to reach agreement. Further discussion was deemed unproductive.

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):*  3

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  4/24/2025

Yun Peng
_____
(TYPE OR PRINT NAME)

▶  _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

For your protection and privacy, please press the Clear This Form button after you have printed the form.    | Print this form |    | Save this form |    | Clear this form |

**Attachment 4a – Description of Case**

**Case No.: CGC-24-617965**

Plaintiff: Yun Peng

Defendants: ACI Gift Cards LLC, Amazon.com Services LLC, Amazon.com, Inc.


Plaintiff Yun Peng alleges that Defendants engaged in deceptive and unlawful business practices involving Amazon gift cards and account management. Specifically, Plaintiff asserts:

Defendants failed to clearly and conspicuously disclose essential terms and conditions related to gift card usage, including California consumers' statutory right to cash redemption for balances under $10 (Cal. Civ. Code § 1749.5).

Amazon.com Services LLC repeatedly suspended Plaintiff's accounts without adequate notice or explanation, resulting in the loss of access to essential items, withheld funds, and permanent denial of account access.

Defendants used Plaintiff's personal information across accounts without authorization or informed consent, in violation of the California Consumer Privacy Act (CCPA) and the California Privacy Rights Act (CPRA).

Amazon publicly represented that it respects user privacy, provides transparency, and offers adequate control over user data and account activity. Plaintiff alleges these representations were false or misleading in practice.

Plaintiff brings causes of action under the California Consumer Legal Remedies Act (CLRA), the Unfair Competition Law (UCL), the False Advertising Law (FAL), CCPA, CPRA, and common law fraud.

Plaintiff seeks compensatory and statutory damages, injunctive relief, and declaratory relief regarding the enforceability and fairness of Defendants' terms and business conduct.


Plaintiff alleges actual economic harm, emotional distress, and reliance on Defendants' misrepresentations sufficient to establish standing under California law.

**Attachment 15a – Other Motions**

**Case No.: CGC-24-617965**

Plaintiff: Yun Peng

Defendants: ACI Gift Cards LLC, Amazon.com Services LLC, Amazon.com, Inc.

In anticipation of potential discovery disputes and procedural developments, Plaintiff Yun Peng respectfully states the following:

Plaintiff may file a motion to compel if Defendants fail to produce key discovery materials, including but not limited to:

Call recordings involving Plaintiff and hospital staff;

Account activity logs and correspondence related to account suspensions;

Internal policies or documentation related to the use of gift card balances, identity verification, and privacy-related decisions.

Additionally, Plaintiff reserves the right to file a motion for leave to amend the Second Amended Complaint should the Court sustain any portion of Defendants' demurrer, or if new facts or legal grounds arise during the course of discovery.

These anticipated motions are intended to ensure a complete evidentiary record and preserve Plaintiff's right to a fair adjudication on the merits.

**Attachment 16b – Discovery**

**Case No.: CGC-24-617965**

Plaintiff: Yun Peng

Defendants: ACI Gift Cards LLC, Amazon.com Services LLC, Amazon.com, Inc.


Discovery is currently ongoing and expected to be completed by December 2025.


Plaintiff anticipates serving discovery requests including:


Production of documents related to the suspension of Plaintiff's Amazon accounts, including internal
  communications, policies, and system logs indicating the reasons for "unusual payment activity";

Call recordings or transcripts between Plaintiff and Amazon's customer service, and between Plaintiff and
  third-party service providers (e.g., hospitals) if referenced by Defendants;

Internal documentation and training materials related to the processing of gift card redemptions, fraud
  detection protocols, and refund denial criteria;

Data privacy policies and logs showing how Plaintiff's personal information (email, phone number,
  delivery address) was used, compared, or analyzed across accounts;

Communications or logs reflecting the use of uploaded images or documents submitted by Plaintiff for
  account reinstatement.

If Defendants withhold any responsive documents or fail to adequately respond, Plaintiff may file a motion
  to compel under Code of Civil Procedure § 2031.310.


Plaintiff is also seeking verification of data processing practices under the California Consumer Privacy
  Act (CCPA) and intends to serve targeted interrogatories and requests for admissions concerning Amazon's
  stated privacy and refund policies.

1   Michael J. Stortz (SBN 139386)
2   Michael.Stortz@klgates.com
    K. Taylor Yamahata (SBN 347192)
3   Taylor.Yamahata@klgates.com
    K&L GATES LLP
4   Four Embarcadero Center, Suite 1200
    San Francisco, CA 94111
5   Telephone: (415) 882-8200
    Facsimile: (415) 882-8220
6

7   *Attorneys for Defendants*
    ACI GIFT CARDS LLC, AMAZON.COM
8   SERVICES LLC and AMAZON.COM INC.

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SAN FRANCISCO

12

13  YUN PENG,                         Case No. CGC-24-617965

14          Plaintiff,

15      v.                            **DEFENDANTS' REPLY IN SUPPORT OF
                                      DEMURRER TO PLAINTIFF'S SECOND
16  ACI GIFT CARDS LLC;               AMENDED COMPLAINT**
    AMAZON.COM SERVICES LLC;
17  AMAZON.COM INC.,

18          Defendants.              Complaint Filed:   June 24, 2024
                                     Trial Date:        None Set
19
                                     Date:    May 21, 2025
20                                   Time:    9:00 a.m.
                                     Dept.:   301
21                                   Judge:   Hon. Christine Van Aken

22

23

24

25

26

27                                                  **RECYCLED PAPER**

28
                                      1
    DEFENDANTS' REPLY IN SUPPORT OF DEMURRER TO PLAINTIFF'S SECOND AMENDED
                    COMPLAINT; CASE NO. CGC-24-617965

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*

**05/13/2025**
**Clerk of the Court**
BY: JAMES FORONDA
Deputy Clerk

1    **I.      INTRODUCTION**

2           In the Demurrer to Plaintiff's Second Amended Complaint ("SAC"), Defendants ACI Gift

3    Cards LLC ("ACI"), Amazon.com Services LLC ("Amazon Services"), and Amazon.com, Inc.

4    (collectively, "Amazon") demonstrated that the SAC lacks facts sufficient to constitute a single

5    actionable cause of action. Plaintiff's Opposition does not support a contrary conclusion; it, in fact,

6    confirms that the SAC cannot survive Amazon's Demurrer. Plaintiff concedes that certain claims

7    fail because the statutes do not provide a private right of action, which requires dismissal of those

8    claims, and Plaintiff agrees to withdraw the one claim against Amazon.com, Inc. For the remaining

9    claims, Plaintiff does not meaningfully rebut the defects identified by Amazon in its Demurrer and,

10   in large part, chooses to rely on the flawed allegations in the SAC. As a result, Plaintiff fails to

11   demonstrate standing to pursue statutory consumer protection law claims and does not allege facts

12   sufficient to establish the essential elements of the other claims.

13          In the SAC, Plaintiff airs a number of grievances stemming from their experience in the

14   Amazon.com store, alleging claims about gift card terms and conditions, account closures, the

15   account-closure appeals process, and Amazon's access to Plaintiff's voluntarily provided personal

16   information. At bottom, however, these grievances are not actionable and are insufficient to support

17   any of the thirteen causes of action asserted in the SAC. For these reasons, as set forth in Amazon's

18   Demurrer and further detailed below, Plaintiff's claims fail as a matter of law and render further

19   amendment futile. Accordingly, Amazon respectfully requests that the Court sustain the Demurrer

20   without leave to amend as to all causes of action asserted in the SAC.

21   **II.     ARGUMENT**

22          As a threshold matter, the Opposition does not offer meaningful legal or factual analysis to

23   defend Plaintiff's claims and, in several instances, does not directly address Amazon's arguments

24   at all. As such, rather than defend the claims asserted in the SAC, Plaintiff's Opposition underscores

25   the fundamental deficiencies of those claims. Where, as here, "[t]here is no presentation of the

26   elements of the causes of action, and, correspondingly, no attempt to cite the facts alleged in [the

27   second] amended complaint that correspond to such elements" and Plaintiff does not "cite to case

28

RECYCLED PAPER

or statutory authority," Plaintiff effectively concedes or waives the issues raised in the Demurrer. (*Colores v. Bd. of Trs.* (2003) 105 Cal.App.4th 1293, 1301, fn. 2 [dearth of legal analysis may operate as waiver of demurrer issues].) Plaintiff's failure to engage with the substantive issues raised by the Demurrer confirms that their claims should not proceed.

### A. Plaintiff Concedes that Civil Code Section 1749.5 and the FTC Act Do Not Provide Private Rights of Action

In their Opposition, Plaintiff admits that Civil Code section 1749.5 and the Federal Trade Commission Act ("FTC Act") do not provide private rights of action. (Opp'n at 2:11–18.) Plaintiff thus concedes they cannot state facts sufficient to constitute a cause of action under these statutes and "under applicable substantive law there is no reasonable possibility that an amendment could cure the complaint's defect." (*McGuan v. Endovascular Techs., Inc.* (2010) 182 Cal.App.4th 974, 987; *Traverso v. Dep't of Transp.* (2001) 87 Cal.App.4th 1142, 1145 [demurrer without leave to amend appropriate where there is no viable cause of action]; *Banerian v. O'Malley* (1974) 42 Cal.App.3d 604, 616 ["demurrer may be sustained without leave to amend where it is probable from the nature of the defects and previous unsuccessful attempts to plead that the plaintiff cannot state a cause of action."].) Accordingly, the Court should sustain Amazon's Demurrer to Plaintiff's first cause of action against ACI (Civ. Code § 1749.5) and sixth cause of action against Amazon Services (FTC Act).

### B. Plaintiff's Consumer Protection Law Claims Fail for Several Reasons

#### 1. Plaintiff Cannot Establish Statutory Standing

In the Demurrer, Amazon demonstrated that the SAC lacks allegations to support statutory standing to pursue claims under the Consumers Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), and False Advertising Law ("FAL"). (Dem. at 5:23–7:77.) Indeed, the SAC is devoid of factual allegations to even suggest that Plaintiff relied on, or was harmed as a result of, a specific representation or statement from Amazon. (*Id.*). The SAC, in fact, reveals that Plaintiff discovered certain alleged representations and statements only *after* Plaintiff already engaged in the conduct that was allegedly induced by those statements. (*See* SAC ¶¶ 36–38

RECYCLED PAPER

DEFENDANTS' REPLY IN SUPPORT OF DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; CASE NO. CGC-24-617965

1    [discovered problems with gift card terms and design after closure of first account and purchasing

2    of more gift cards], 61–62 [learned about privacy statements after they opened accounts, provided

3    personal information for appeals process, and accounts closed], 431–44 [general opinions that

4    appeals process should have provided more information after the fact].)

5          Plaintiff does not identify any allegations in the SAC that would support standing to pursue

6    CLRA, UCL, and FAL claims against Amazon. Instead, rather than address Amazon's argument

7    head on, Plaintiff generally asserts that they have standing because "[t]he SAC alleges actual

8    economic injury due to the defendants' conduct." (Opp'n at 2:9–14.) Yet, it is well-established that

9    such "[b]are conclusions devoid of any supporting facts . . . are insufficient to withstand demurrer."

10    (*Schmid v. City & Cnty. of San Francisco* (2021) 60 Cal.App.5th 470, 481; *Rakestraw v. California*

11    *Physicians' Serv.* (2000) 81 Cal.App.4th 39, 44 ["Allegations must be factual and specific, not

12    vague or conclusionary"].) For this reason alone, the Court should sustain Amazon's Demurrer

13    without leave to amend as to all of Plaintiff's CLRA, UCL, and FAL claims.[1]

14               **2.**    ***Plaintiff Admits Failing to Satisfy Pre-Filing Notice Requirements, Which***

15    ***Defeats their Claims for Damages under the CLRA***

16          Plaintiff's claims for damages under the CLRA also fail because Plaintiff did not provide

17    pre-filing notice as required by Civil Code section 1782. (Dem. at 7:24–8:3.) Plaintiff admits they

18    did not comply with this statutory requirement (Opp'n at 2:24–25), but asserts, without citation to

19    authority, that "[c]ourts regularly grant leave to amend to allow for compliance with pre-litigation

20    notice requirements." (*Id.* at 3:1–2.) However, courts have consistently held the opposite: "[i]f the

21    plaintiff sues without fulfilling this requirement, the lawsuits are fatally defective from the

22    beginning." (*Benson v. S. California Auto Sales, Inc*. (2015) 239 Cal.App.4th 1198, 1212 [noting

23    deficiency can result in demurrer]; *see Morgan v. AT&T Wireless Servs., Inc*. (2009) 177

24    Cal.App.4th 1235, 1261 [claim must be dismissed]; *In re Apple & AT&T iPad Unlimited Data Plan*

25    *Litig.* (N.D. Cal. 2011) 802 F.Supp.2d 1070, 1077 [failure to provide timely notice barred claim

26    _____

[1] These claims include the second (CLRA), third (UCL), and fourth (FAL) causes of action against
ACI and the second (FAL), fifth (CLRA & UCL), and sixth (UCL) causes of action against Amazon
Services.

27

28

RECYCLED PAPER

DEFENDANTS' REPLY IN SUPPORT OF DEMURRER TO PLAINTIFF'S SECOND AMENDED
COMPLAINT; CASE NO. CGC-24-617965

1   under the CLRA]; *Davis v. Chase Bank U.S.A., N.A.* (C.D. Cal. 2009) 650 F.Supp.2d 1073, 1089

2   [claim dismissed with prejudice where "Plaintiff acknowledge[d] that he did not provide notice in

3   the form required by § 1782(a)"].) As courts have explained, "the CLRA Notice [i]s required under

4   the CLRA before an action for damages c[an] be filed and thus is part of the litigation process. But

5   for the CLRA Notice and demand letters, there would be no dispute." (*Lunada Biomedical v. Nunez*

6   (2014) 230 Cal.App.4th 459, 473.) Plaintiff concedes that they did not satisfy this statutory

7   prerequisite, and, therefore, the Court should sustain Amazon's Demurrer to Plaintiff's CLRA-

8   based damages claims (the second cause of action against ACI and the fifth cause of action against

9   Amazon Services) without leave to amend.

10          **3.       *The SAC Does Not Allege Facts to Support CLRA, UCL, or FAL Claims***

11          In the Demurrer, Amazon contends that the SAC lacks allegations to support the elements

12   necessary to state claims under the CLRA, FAL, and UCL. (Dem. at 8:5–12:17.) Plaintiff does not

13   mention, let alone oppose, most of Amazon's arguments. (*See* Opp'n at 2:9–21.)  Plaintiff does not

14   address Amazon's argument that the SAC fails to allege facts showing any actionable deception

15   (Dem. at 8:5–11:18), which defeats Plaintiff's CLRA, FAL, and fraud-based UCL claims. (*Cf.*

16   *Colores*, *supra*, 105 Cal.App.4th at p. 1301, fn. 2 [finding argument in appellate brief waived

17   because of "dearth of true legal analysis"].) Plaintiff, instead, focuses their attention on the unlawful

18   and unfair UCL claims. But Plaintiff's arguments nevertheless fall short.

19          Plaintiff rests the Opposition on Civil Code section 1749.5 and the FTC Act, generally

20   asserting that their "reliance on them serves to illustrate the basis for unfair competition claims

21   under the UCL." (Opp'n at 2:9–21.) Although the unlawful prong of the UCL may "borrow"

22   violations of other law, "[t]o prevail on [such] a claim . . . the plaintiff must show that a challenged

23   [action] or practice violates any federal or California statute or regulation." (*Beasley v. Tootsie Roll*

24   *Indus., Inc.* (2022) 85 Cal.App.5th 901, 912, cleaned up.) Plaintiff fails to satisfy this standard.

25          In the SAC, Plaintiff alleges that ACI violated Civil Code section 1749.5 because it did not

26   clearly disclose certain consumer rights and terms applicable to those gift cards. (SAC ¶¶ 85–100).

27   In the Opposition, Plaintiff now argues that this alleged conduct "constitutes predicate conduct for

28

RECYCLED PAPER

a UCL claim." (Opp'n at 2:16–19.) Plaintiff is wrong as a matter of law. The plain language of section 1749.5 does not create a duty to disclose, as Plaintiff suggests, and, if anything, Plaintiff's allegations demonstrate ACI's compliance with section 1749.5.[2] (Dem. at 5:1–7.) While the Plaintiff may dislike the gift card design and terms and conditions, Plaintiff's subjective opinion does not support a UCL cause of action. (*See Beasley, supra,* 85 Cal.App.5th at p. 923 [plaintiff "has not stated a claim because the UCL cannot be used to prohibit conduct that is permitted by law."].)

In the Opposition, Plaintiff similarly contends that the FTC Act provides a "basis" for UCL claims to support standing. (Opp'n at 2:9–14.) Plaintiff, however, offers no explanation, factual support, or legal authority for this argument, and the Court should thus disregard it. Additionally, Plaintiff's FTC Act claim is duplicative of their UCL claim against Amazon Services (SAC ¶¶ 467–529), and thus, for the reasons set forth in the Demurrer, Plaintiff fails to allege a violation of the FTC Act or a violation of the UCL predicated on the FTC Act. (Dem. at 8:5–12:17.)

For these independent reasons, the Court should sustain Amazon's Demurrer to Plaintiff's CLRA, UCL, and FAL claims without leave to amend.

## C.   Plaintiff's Fraud Cause of Action Cannot Survive Amazon's Demurrer

Amazon's Demurrer shows that Plaintiff's fraud causes of action fail because the SAC does not identify, let alone plead with particularity, specific representations or statements to support those claims. (Dem. at 12:19–13:7.) It is well established that "fraud causes of action must be pleaded with specificity," and that "every element of the cause of action for fraud must be alleged in full, factually and specifically[.]" (*Schauer v. Mandarin Gems of Cal., Inc.* (2005) 125 Cal.App.4th 949, 961, internal quotations omitted.) "Thus, the plaintiff must plead the how, when, where, to whom, and by what means the representations were [made]." (*Thrifty Payless, Inc. v. The Americana at Brand, LLC* (2013) 218 Cal.App.4th 1230, 1239, cleaned up.) The particularity

---

[2] For example, Plaintiff alleges ACI's statement of "No expiration date or service fees" is false and misleading under the CLRA and FAL. (SAC ¶¶ 126, 217.) However, section 1749.5 makes it unlawful for a gift card to include, among other things, an expiration date and service fee. (*See* Civ. Code § 1749.5 subds. (a)(1)-(2).)

**RECYCLED PAPER**

1   requirement is intended to "furnish the defendant with certain definite charges which can be

2   intelligently met'" and to enable the court to "weed out nonmeritorious actions on the basis of the

3   pleadings." (*People ex rel. Allstate Ins. Co. v. Discovery Radiology Physicians, P.C.* (2023) 94

4   Cal.App.5th 521, 548–549, internal quotations omitted.)

5        The SAC's allegations do not meet this standard. Instead, Plaintiff relies on conclusory

6   allegations about gift card terms and design (SAC ¶¶ 263–78), vaguely alleged failures to provide

7   information about account freezes, implied privacy promises, and an allegedly complicated appeal

8   process (*id.* ¶¶ 538–55). Plaintiff does not meaningfully dispute this failure, proclaiming instead

9   that their fraud-based claims are pleaded with "sufficient specificity" because "[t]he SAC describes

10  Plaintiff's reliance on misleading representations and the injury suffered." (Opp'n at 3:4–8.) Such

11  "general pleading of the legal conclusion of fraud is insufficient" and even the policy supporting

12  liberal construction of the pleadings cannot sustain a defective fraud claim. (*Schauer, supra,* 125

13  Cal.App.4th at p. 961; *Thrifty, supra*, 218 Cal.App.4th at p.1239 ["the policy of liberal construction

14  of the pleadings will not sustain a defective pleading"]; *Goldrich v. Nat. Y Surgical Specialties, Inc*.

15  (1994) 25 Cal.App.4th 772, 782 ["To withstand a demurrer, the facts constituting every element of

16  the fraud must be alleged with particularity, and the claim cannot be salvaged by references to the

17  general policy favoring the liberal construction of pleadings."].)

18       Moreover, as established above, Plaintiff's allegations actually negate any suggestion of

19  reliance. (*See* Section II.B.1, *supra.*) As such, "Plaintiff's complaint utterly fails the specificity test,

20  not because [they are] an inartful pleader, but because those facts that are well pleaded necessarily

21  negate the existence of the facts supporting the requisite elements of fraud." (*Schauer, supra,* 125

22  Cal.App.4th at p. 961.) Thus, the Court should sustain Amazon's demurrer to Plaintiff's fifth cause

23  of action against ACI and seventh cause of action against Amazon Services.

24       **D.     Plaintiff's Remaining Claims Against Amazon Services Fail as a Matter of Law**

25       Plaintiff's Opposition equally fails to support their unjust enrichment, privacy, and

26  declaratory relief claims asserted against Amazon Services.

27       ***Unjust Enrichment***. Plaintiff's unjust enrichment claim fails as a matter of law because the

28

RECYCLED PAPER

relationship between Amazon and Plaintiff is governed by express contracts. (Dem. at 13:10–20; *see also Klein v. Chevron U.S.A., Inc*. (2012) 202 Cal.App.4th 1342, 1388 ["A plaintiff may not . . . pursue or recover on a quasi-contract claim if the parties have an enforceable agreement regarding a particular subject matter."].) Plaintiff does not address this point in the Opposition. (Opp'n at 3:15–16 [arguing only that "California law recognizes unjust enrichment as a quasi-contractual remedy"].)[3] Nor can Plaintiff dispute this argument, as ***Plaintiff*** relies on those contracts—the Amazon Conditions of Use and Gift Card Terms & Conditions—in the SAC and ***Plaintiff*** submitted them to the Court. The Court should sustain Amazon's Demurrer to Plaintiff's third cause of action against Amazon Services for unjust enrichment.

***Privacy Claims***. Amazon has demurred to the statutory and constitutional privacy claims alleged in the SAC. (Dem. at 13:21–14:16.) Plaintiff does not respond to Amazon's argument for dismissal of those privacy claims. The Court should therefore sustain Amazon's Demurrer to Plaintiff's fourth cause of action against Amazon Services. (*Id.*)

***Declaratory Relief***. In the Demurrer, Amazon explains that Plaintiff's claim for declaratory relief against Amazon Services fails for at least three reasons. (Dem. at 14:18–15:10.) Plaintiff does not address Amazon's arguments in the Opposition, relying instead on one conclusory statement that "[d]eclaratory relief is appropriate where there is an actual controversy, which Plaintiff has pleaded in the context of Amazon's account practices." (Opp'n at 3:16–17.) Plaintiff's general statement does not change the fact that the SAC lacks allegations of fact sufficient to state a claim for declaratory relief. (*See Rakestraw*, *supra*, 81 Cal.App.4th at p. 44 ["Allegations must be factual and specific, not vague or conclusory"].) The Court should thus sustain Amazon's Demurrer to Plaintiff's first cause of action against Amazon Services.

---

[3] Plaintiff is correct that unjust enrichment is merely "a quasi-contractual remedy." (Opp'n at 3:15–16.) California law does not recognize unjust enrichment as a standalone cause of action. (*De Havilland v. FX Networks, LLC* (2018) 21 Cal.App.5th 845, 870 ["Unjust enrichment is not a cause of action. It is just a restitution claim."], cleaned up; *City of Oakland v. Oakland Raiders* (2022) 83 Cal.App.5th 458, 477 ["There is no cause of action in California labeled 'unjust enrichment.'"].)

**RECYCLED PAPER**

1

    **E.**      **Plaintiff has Withdrawn their Claim Against Amazon.com, Inc.**

2        In the SAC, Plaintiff asserted one cause of action against Amazon.com, Inc., alleging

3    "Piercing the Corporate Veil and Punitive Damages." (SAC ¶¶ 585–655.) In the Opposition,

4    Plaintiff agreed to withdraw this claim. (Opp'n at 3:21–22.) As such, and because "piercing the

5    corporate veil" is not a substantive claim recognized under California law (*Doskocz v. ALS Lien*

6    *Servs.* (2024) 102 Cal.App.5th 107, 120 ["alter ego allegations do not create a new claim or cause

7    of action"]; *Hennessey's Tavern, Inc. v. Am. Air Filter Co.* (1988) 204 Cal.App.3d 1351, 1359 ["A

8    claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief"]),

9    the Court should sustain Amazon's Demurrer to Plaintiff's first cause of action against

10    Amazon.com, Inc. without leave to amend, and dismiss Amazon.com, Inc. from this case with

11    prejudice.

12   **III.**    **CONCLUSION**

13        For the reasons set forth above, Plaintiff has failed to adequately allege facts sufficient to

14    state any claims against ACI, Amazon Services, or Amazon.com, Inc. Accordingly, the Amazon

15    Defendants respectfully request that the Court sustain their Demurrer to every cause of action with

16    prejudice and without leave to amend.

17

18    Dated: May 13, 2025             K&L GATES LLP

19

20                       By: */s/ K. Taylor Yamahata*

21                          Michael J. Stortz

                            K. Taylor Yamahata

22

                          *Attorneys for Defendants*

23                          ACI GIFT CARDS LLC, AMAZON.COM

                           SERVICES LLC and AMAZON.COM,

24                          INC.

25

26

27                                          **RECYCLED PAPER**

28

DEFENDANTS' REPLY IN SUPPORT OF DEMURRER TO PLAINTIFF'S SECOND AMENDED
COMPLAINT; CASE NO. CGC-24-617965

**PROOF OF SERVICE**

I am employed in the county of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is K&L GATES LLP, Four Embarcadero Center, Suite 1200, San Francisco, CA 94111.

On **May 13, 2025**, I served the document(s) described as:

**DEFENDANTS' REPLY IN SUPPORT OF DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

together with an unsigned copy of this declaration on the interested parties in this action by delivering a true copy thereof as follows:

Yun Peng                                                    ***Plaintiff, In Pro Per***
965 Hutchinson Ave.
Palo Alto, CA 94301
Tel: (669) 329-7691
Email: msma529370228@gmail.com

&#9746;    **BY ELECTRONIC SERVICE:**  I transmitted a true copy of the document(s) listed above to the e-mail addresses of the addressee(s) as indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **May 13, 2025**, San Francisco, California.

_Lianne Jitodai_
_____
T. Lianne Jitodai

RECYCLED PAPER

10
DEFENDANTS' REPLY IN SUPPORT OF DEMURRER TO PLAINTIFF'S SECOND AMENDED
COMPLAINT; CASE NO. CGC-24-617965

**MC-030**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Yun Peng
8024 Emerson Pl, Rosemead, CA 91770

TELEPHONE NO.: (669) 329-7691   FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* msma529370228@gmail.com
ATTORNEY FOR *(Name):* Self-Represented (In Pro Per)

To keep others from ~~accidentally~~
seeing what you entered
on your form, please press
the Clear This Form button
at the end of the form.

ELECTRONICALLY
FILED
Superior Court of California,
County of San Francisco
05/23/2025
Clerk of the Court
BY: SANDRA SCHIRO
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Francisco
STREET ADDRESS: 400 McAllister St
MAILING ADDRESS: 400 McAllister St
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: Yun Peng
DEFENDANT/RESPONDENT: ACI Gift Cards LLC, et al.

**DECLARATION**

CASE NUMBER:
CGC-24-617965

I, Yun Peng, declare as follows:

1. I am the Plaintiff in this action, representing myself (in pro per).
2. I currently reside in Rosemead, Los Angeles County. In order to attend the hearing on Defendants' Demurrer scheduled for May 21, 2025, I drove over 7 hours from Rosemead to the San Francisco courthouse.
3. Unfortunately, due to my limited English proficiency and extreme anxiety about the court process, I misunderstood the hearing time and arrived at the courthouse at the wrong time, thereby missing the hearing.
4. My absence was not intentional or due to neglect of my responsibilities. I made every good faith effort to participate, including traveling a very long distance to appear in person.
5. I had prepared supplemental clarification materials for the hearing, but was unable to submit them due to my absence.
6. Attached are the following supplemental materials for the Court's consideration:
Exhibit A: Supplemental Clarification on Standing and Fraud Allegations
Exhibit B: CLRA Notice
Exhibit C: Proof of Mailing CLRA Notice
Exhibit D: Photograph at Courthouse
7. I respectfully request the Court to excuse my nonappearance, accept my supplemental materials for consideration, and allow me to proceed with any permitted amendment or future submissions.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 22,2025

Yun Peng
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☐ Attorney for   ☑ Plaintiff   ☐ Petitioner   ☐ Defendant
☐ Respondent   ☐ Other *(Specify):*

Form Approved for Optional Use
Judicial Council of California
MC-030 [Rev. January 1, 2006]

**DECLARATION**

Page 1 of 1

For your protection and privacy, please

Save This Form   Print This Form   Clear This Form

# REQUEST FOR RELIEF FROM FAILURE TO APPEAR AND ACCEPTANCE OF SUPPLEMENTAL MATERIALS

**To the Honorable Judge of the Superior Court:**

Plaintiff Yun Peng, appearing in pro per, respectfully requests that the Court grant the following relief in connection with the hearing on Defendants' Demurrer scheduled for May 21, 2025:

1. **Excuse Plaintiff's Nonappearance:**

   Excuse Plaintiff's failure to appear at the May 21, 2025 hearing due to excusable neglect, as detailed in the accompanying Declaration. Plaintiff made a good faith effort to participate by driving over 7 hours from Rosemead (Los Angeles County) to the San Francisco courthouse, but, due to a misunderstanding of the hearing time and language difficulties, unfortunately missed the hearing despite being present at the courthouse.

2. **Accept Supplemental Materials:**

   Accept the following supplemental materials as part of the record before issuing any final order on Defendants' Demurrer:

   o **Exhibit A:** Plaintiff's Supplemental Clarification on Standing and Fraud Allegations

   o **Exhibit B:** Plaintiff's CLRA Notice

   o **Exhibit C:** Proof of Mailing CLRA Notice

   o **Exhibit D:** Photograph of Plaintiff at the San Francisco courthouse on May 21, 2025

3. **Permit Further Amendments or Submissions:**

   Allow Plaintiff to proceed with any permitted amendments, supplemental submissions, or other relief as the Court may direct.

4.    **Grant Such Other Relief as the Court Deems Just and Proper:**

Plaintiff respectfully requests any other relief the Court deems appropriate in the interest of justice.

---

**Dated:** [May 22,2025]

**Respectfully submitted,**

Yun Peng

# Exhibit A: Plaintiff's Supplemental Clarification on Standing and Fraud Allegations

Plaintiff's Supplemental Clarification on Standing and Fraud Allegations

*Submitted by Plaintiff (in pro per) for the May 21, 2025 Demurrer Hearing*

*Case No.: CGC-24-617965*

---

## I. Introduction

Plaintiff respectfully submits this supplemental brief to clarify two key issues raised by Defendants ACI Gift Cards LLC and Amazon.com Services LLC in contesting the Court's tentative ruling of May 20, 2025. This clarification reinforces that:

1.  Plaintiff has standing under the CLRA, UCL, and FAL due to specific economic harm and reliance on Defendants' misrepresentations as alleged in the Second Amended Complaint (SAC);

2.  Plaintiff's fraud-based allegations are pleaded with the requisite specificity and factual detail under California law.

Additionally, Plaintiff notifies the Court that a formal CLRA notice was sent to Defendants on May 20, 2025, and that the CLRA cause of action is currently limited to injunctive relief, with leave to amend for damages after the statutory notice period. Plaintiff respectfully urges the Court to adopt its tentative ruling in full and overrule the demurrer on all contested grounds.

---

## II. Plaintiff's Standing Under the CLRA, UCL, and FAL

Plaintiff has alleged concrete economic injury and causation, satisfying standing requirements. The SAC specifically pleads that Plaintiff suffered monetary loss as a result of Defendants' wrongful conduct. For example:

- SAC ¶¶134–135: Plaintiff was induced by Defendants' representations to purchase the gift card/product.
- SAC ¶148: Describes false and misleading statements.
- SAC ¶194: Plaintiff would not have made the purchase but for Defendants' misrepresentations.
- SAC ¶541: Plaintiff suffered economic harm—lost money or property—as a direct result of Defendants' conduct.

These allegations identify a tangible financial injury caused by deception, which satisfies standing under the CLRA, UCL, and FAL.

## A. CLRA

Plaintiff is a "consumer" who engaged in a personal transaction and suffered damage as a result of Defendants' practices (Civ. Code §1780(a)). Money spent on a misrepresented product meets the standard of "any damage."

## B. UCL / FAL

Proposition 64 requires plaintiffs to show "injury in fact and lost money or property." Plaintiff alleges:

- Expenditure of money that would not have occurred but for Defendants' misrepresentation;
- Loss of gift card value due to hidden restrictions;

This parallels *Kwikset Corp. v. Superior Court*, where economic injury from false marketing was found sufficient.

## C. Causation and Reliance

Plaintiff explicitly pleads that Defendants' representations materially influenced his decision. California law requires only that the misrepresentation be a substantial factor. SAC ¶¶134, 135, and 194 detail this reliance.

This is consistent with *Noel v. Thrifty Payless, Inc.* (2019) 7 Cal.5th 955, where a consumer misled by product packaging had standing to sue under similar statutes.

---

## III. Fraud Allegations Are Pleaded with Sufficient Specificity and Detail

California requires fraud to be pled with particularity. Plaintiff has done so:

- **Who:** Defendants ACI Gift Cards LLC and Amazon.com Services LLC, via website and product labeling.
- **What:** False claims regarding gift card qualities (e.g., "secure," "never expire," "as good as cash").
- **When/Where:** Time of purchase, on Amazon's website and card packaging (SAC ¶¶134–135).
- **How:** Plaintiff relied on these statements, resulting in financial harm (SAC ¶148).

Defendants emphasize that corporate fraud allegations typically require identification of specific speakers. Plaintiff notes these representations were made via standardized marketing—circumstances where courts accept lower specificity (*Children's Television v. General Foods*, 35 Cal.3d 197).

This approach satisfies *Lazar v. Superior Court* and *Schauer v. Mandarin Gems*. As in *Noel v. Thrifty Payless*, Plaintiff need not name employees—only the misleading statements and where/when he saw them.

---

## IV. CLRA Notice Compliance and Current Relief Sought

Plaintiff served a formal CLRA notice letter to Defendants on May 20, 2025 via certified mail, specifying the §1770 violations and requesting correction.

- At present, the CLRA claim seeks only injunctive relief.
- Pursuant to Civ. Code §1782(d), Plaintiff will seek leave to amend for damages after the 30-day notice period.

This is consistent with statutory requirements and avoids prejudice to Defendants, who have now received both lawsuit and notice.

---

## V. Consistency with Plaintiff's Opposition and the Tentative Ruling

This supplemental clarification aligns with:

- Plaintiff's prior Opposition (economic loss + reliance);

- The Tentative Ruling (citing SAC ¶¶134, 135, 148, 194, 541);
- CLRA discussion (acknowledging notice issue, now cured).

Defendants' continued objections do not rebut these well-pled facts.

---

## VI. Conclusion and Request

Plaintiff respectfully requests the Court:

- Adopt its tentative ruling in full;
- Overrule the demurrer as to all contested causes of action;
- Allow this case to proceed on the merits.

Plaintiff has pleaded standing, fraud with specificity, and has now cured any CLRA procedural defect. The case should proceed to discovery so that the truth of the allegations may be tested.

Respectfully submitted,

Yun Peng, Plaintiff in pro per

May 21, 2025

# Exhibit B: Plaintiff's CLRA Notice

## Consumer Legal Remedies Act (CLRA) Notice

Date: May 15, 2025

To: ACI Gift Cards LLC

Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Cc: Legal Counsel

K&L Gates LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111

From: Yun Peng

8024 EMERSON PL  ROSEMEAD CA 91770-2429

Email: msma529370228@gmail.com

Phone: (669) 329-7691

Subject: Notice of Violation Under the California Consumer Legal Remedies Act (CLRA)

Pursuant to California Civil Code §1782, I am hereby providing notice that ACI Gift Cards
LLC has engaged in deceptive practices in connection with its sale and administration of
ACI-issued Amazon gift cards, in violation of the California Consumer Legal Remedies Act,
Civil Code §1770 et seq.

Specifically, the company has:

- Failed to clearly disclose material terms and restrictions on gift card usage;
- Concealed or inadequately disclosed California consumers' statutory right to cash
redemption for balances under $10;
- Imposed unfair or misleading limitations in the account reinstatement and appeal process;
- Utilized misleading representations about consumer privacy rights and data processing
transparency.

These acts and omissions violate, inter alia, Civil Code §§ 1770(a)(5), 1770(a)(7), 1770(a)(9), 1770(a)(14), and 1770(a)(19).

I hereby demand that within thirty (30) days of the date of this letter, your company correct, repair, replace, or otherwise rectify the above-described violations. Failure to do so will entitle me to initiate legal proceedings for actual and statutory damages, injunctive relief, and attorneys' fees as provided under the CLRA.

This letter is being sent to both your statutory agent for service and legal counsel as a courtesy. Please govern yourselves accordingly.


Sincerely,

Yun Peng

8024 EMERSON PL  ROSEMEAD CA 91770-2429

Email: msma529370228@gmail.com

Phone: (669) 329-7691

# Exhibit C: Proof of Mailing CLRA Notice





PLAZA SUNNYVALE
510 E EL CAMINO REAL STE C
SUNNYVALE, CA 94087-1989
www.usps.com

05/20/2025                          12:21 PM

TRACKING NUMBERS
9589 0710 5270 2297 5785 04

TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)

TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| Envelope EX9 | 1 | $0.59 | $0.59 |
| First-Class Mail® Letter | 1 | | $0.73 |

Sacramento, CA 95833
Weight: 0 lb 0.70 oz
Estimated Delivery Date
Fri 05/23/2025

Certified Mail®                     $4.85
    Tracking #:
    9589 0710 5270 2297 5785 04
Return Receipt                      $4.10
    Tracking #:
    9590 9402 6208 0220 4223 61
Total                               $9.68

Grand Total:                       $10.27

Credit Card Remit                  $10.27
    Card Name: VISA
    Account #: XXXXXXXXXXXX9512
    Approval #: 00679B
    Transaction #: 231
    AID: A0000000031010  Contactless
    AL: VISA CREDIT

TO REPORT AN ISSUE
Visit https://emailus.usps.com

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

PREVIEW YOUR MAIL AND PACKAGES
Sign up for FREE at
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Customer Service
1-800-ASK-USPS
Agents do not have any additional
information other than what is provided on
USPS.com.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device,



or call 1-800-410-7420.

UFN: 051013-0272
Receipt #: 840-59400035-2-5952783-1
Clerk: 22

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Sacramento, CA 95833

Certified Mail Fee  $4.85

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required  $
☐ Adult Signature Restricted Delivery  $
Postage  $0.73

Total Postage and Fees  $

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4

Postmark Here
MAY 20 2025

9589 0710 5270 2297 5785 04

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions

# Exhibit D: Photograph of Plaintiff at the San Francisco courthouse on May 21, 2025



POS-050/EFS-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO:<br>NAME:  YUN PENG<br>FIRM NAME:<br>STREET ADDRESS:  8024 EMERSON PL<br>CITY:  ROSEMEAD                         STATE:  CA     ZIP CODE:  91770<br>TELEPHONE NO.:  (669) 329-7691          FAX NO. :<br>E-MAIL ADDRESS:  msma529370228@gmail.com<br>ATTORNEY FOR (name):  Plaintiff, In Pro Per | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS:  400 McAllister Street
MAILING ADDRESS:  400 McAllister Street
CITY AND ZIP CODE:  San Francisco, CA 94102
BRANCH NAME:  Civic Center Courthouse

*ELECTRONICALLY*
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**05/23/2025**
**Clerk of the Court**
BY: SANDRA SCHIRO
~~Deputy Clerk~~

PLAINTIFF/PETITIONER: Yun Peng

DEFENDANT/RESPONDENT: ACI Gift Cards LLC. et al.

CASE NUMBER:
CGC-24-617965

JUDICIAL OFFICER:

**PROOF OF ELECTRONIC SERVICE**

DEPARTMENT:
301

---

1. I am at least 18 years old.
   a. My residence or business address is *(specify):*
      8024 EMERSON PL  ROSEMEAD CA 91770-2429

   b. My electronic service address is *(specify):*
      msma529370228@gmail.com

2. I electronically served the following documents *(exact titles):*
   Declaration

   ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:
   a. Name of person served: K. Taylor Yamahata     Lianne Jitodai

      On behalf of *(name or names of parties represented, if person served is an attorney):*
      ACI Gift Cards LLC, Amazon.com Services LLC, and Amazon.com, Inc.

   b. Electronic service address of person served *:*
      taylor.yamahata@klgates.com     lianne.jitodai@klgates.com

   c. On *(date):*  May 23, 2025

      ☒ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
      *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date:  May 23, 2025

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

YUN PENG
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

**Page 1 of 1**

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-050/EFS-050 [Rev. February 1, 2017] | **PROOF OF ELECTRONIC SERVICE**<br>**(Proof of Service/Electronic Filing and Service)** | Cal. Rules of Court, rule 2.251<br>*www.courts.ca.gov* |

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form     Save this form     Clear this form

1  Order prepared by the court

**FILED**
Superior Court of California
County of San Francisco

**JUN 0 9 2025**

CLERK OF THE SUPERIOR COURT
By _Victon Da Pondla_
                                    Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

Dept. 301

| | |
|---|---|
| YUN PENG, | Case No. CGC-24-617965 |
| Plaintiff, | **ORDER OVERRULING DEMURRER IN PART AND SUSTAINING IN PART AND GRANTING LEAVE TO AMEND** |
| vs. | |
| ACI GIFT CARDS LLC et al., | |
| Defendants. | |

Defendant ACI GIFT CARDS, LLC's demurrer is sustained without leave to amend as to the first cause of action (COA). The demurrer is overruled as to the third and fourth causes of action. The demurrer is sustained with leave to amend as to the second and fifth causes of action.

Defendant AMAZON.COM SERVICES' demurrer is overruled as to the first, third, and sixth causes of action. The demurrer is sustained with leave to amend as to the second, fourth, fifth, and seventh causes of action.

Defendant AMAZON.COM, INC.'s demurrer is sustained without leave to amend as to the first and only cause of action against that defendant.

1    Plaintiff, Yun Peng, is suing ACI Gift Cards, LLC, Amazon.com, Inc., and

2    Amazon.com Services because Plaintiff purchased Amazon gift cards, which were then

3    locked after Amazon Services detected unusual activity.  Each Defendant demurs separately

4    to the operative Second Amended Complaint (SAC).

5    **1.    Defendant ACI Gift Cards, LLC**

6    Plaintiff alleges causes of action against ACI Gift Cards, LLC, for (1) violation of

7    Civ. Code Section 1749.5, (2) violation of the California Consumer Legal Remedies Act

8    (CLRA), (3) violation of the Unfair Competition Law (UCL), (4) false advertising under Cal.

9    Bus. & Prof. Code Section 17500, and (5) fraud and punitive damages under Civ. Code

10    Section 1572.

11    Defendant ACI demurs to all five causes of action, arguing they fail to allege facts

12    sufficient to constitute a cause of action.  (CCP Section 430.10(e).)  The issue under section

13    430.10(e) is, taking the facts properly pleaded and properly noticed as true, does the

14    challenged cause of action necessarily fail to state a cause for relief.  (See CCP section

15    430.10(e); *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  In assessing whether the complaint

16    states a cause of action, the court accepts all properly pleaded material facts, but not

17    contentions, deductions, or conclusions of fact or law.  (*Minton v. Dignity Health* (2019) 39

18    Cal.App.5th 1155, 1161.)  "[I]f, on consideration of all facts stated, it appears that plaintiff is

19    entitled to any relief against defendant, the complaint will be held good, though facts may not

20    be clearly stated, or may be intermingled with a statement of other facts irrelevant to cause of

21    action shown, or though plaintiff may demand relief to which he is not entitled under facts

22    alleged."  (*Augustine v. Trucco* (1954) 124 Cal.App.2d 229, 236, quoting *Matteson v.*

23    *Wagoner* (1905) 147 Cal. 739, 742.)  The court liberally construes the complaint.  (CCP

24    452.)

25

26

27

28

2

### A.    COA 1 – Violation of Civ. Code Section 1749.5

Defendant's argument that there is no private right of action afforded for a violation of this section is persuasive.  "[V]iolation of a state statute does not necessarily give rise to a private cause of action. Instead, whether a party has a right to sue depends on whether the Legislature has manifested an intent to create such a private cause of action under the statute. Such legislative intent, if any, is revealed through the language of the statute and its legislative history." (*Lu v. Hawaiian Gardens Casino, Inc.* (2010) 50 Cal.4th 592, 596 [internal quotation marks, citations, and parentheticals omitted].) Civil Code Section 1749.5 does not provide for a private right of action, Plaintiff points to nothing in the legislative history that suggests it, and no reported cases have found one. (Cf. *Tanen v. Southwest Airlines Co.* (2010) 187 Cal.App.1156 [noting but not passing on argument that 1749.5 does not create a private right of action].) The court concludes there is no clear legislative intent to create a private right of action and sustains the demurrer without leave to amend on this cause of action.

### B.    COA 2 – Violation of the California Consumer Legal Remedies Act (CLRA), COA 4 – false advertising

Next, Defendant ACI argues Plaintiff does not have standing to assert claims under the CLRA, UCL, or False Advertising Law (FAL) because Plaintiff has not stated facts showing that the purportedly unlawful terms induced the purchase of gift cards.  A plaintiff suing under the CLRA, UCL, or FAL must allege that a defendant's misrepresentation was "an immediate cause" of the injury.  (*Kwikset v. Superior Court* (2011) 51 Cal.4th 310, 327 citing *In Re Tobacco II Cases* (2009) 46 Cal.4th 298.)  Here, Plaintiff has alleged an injury, and that the misrepresentations by Defendant caused the injury.  The misrepresentations alleged against Defendant ACI are that they made "misleading descriptions about gift card usability scope" and used "vague terms to obscure actual restrictions."  (SAC, Paragraphs 134, 135.)  Then, Plaintiff alleges that Plaintiff was "unable to use gift card as expected due

1  to unknown usage restrictions." (SAC, Paragraph 148.)  This is a sufficient allegation of

2  causation and injury.

3    Defendant argues there is no actionable deception alleged by the complaint because

4  the reasonable consumer standard is not met. (*Lavie v. Procter & Gamble Co.* (2003) 105

5  Cal.App.4th 496.)  However, this is a question of fact not properly resolved on demurrer.

6  Plaintiff has, at the very least, alleged that there were misleading statements.

7    Last, Defendant argues that the pre-lawsuit notice requirements of Civ. Code Section

8  1782 were not complied with, and thus, a CLRA cause of action for damages cannot be

9  maintained.  This argument is persuasive.  That section requires that "[t]hirty days or more

10  prior to the commencement of an action for damages pursuant to this title, the consumer shall

11  do the following: (1) Notify the person alleged to have employed or committed methods,

12  acts, or practices declared unlawful by Section 1770 of the particular alleged violations of

13  Section 1770."  Failure to do so prevents a consumer from maintaining such an action.

14  (*Valdez v. Seidner-Miller, Inc.* (2019) 33 Cal.App.5th 600, 609.)  Plaintiff concedes that

15  Plaintiff did not provide this notice.  The demurrer is sustained with leave to amend. (See

16  
17  *Morgan v. AT&T Wireless Services, Inc.* (2009) 177 Cal.App.4th 1235, 1261 [defendant may

18  avoid liability for damages by correcting within 30 days; defect in failing to provide pre-

19  filing notice can be cured after suit].)  Plaintiff must either plead compliance with the

20  CLRA's notice requirement or omit the claim for damages.

21    **C.    COA 3 – Violation of the UCL**

22    Defendant also argues that the UCL claim is inadequately pled because the alleged

23  facts do not show unlawful, unfair, or fraudulent conduct.  The court concludes that Plaintiff

24  has adequately pleaded the cause of action under any of the three prongs. As noted, Plaintiff

25  alleges that ACI offered "misleading descriptions about gift card usability scope" and used

26  "vague terms to obscure actual restrictions." (SAC, Paragraphs 134, 135.) This is sufficient

27  for the fraudulent prong. (*Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939, 951 ["to state a claim

28

1   under either the UCL or the false advertising law, based on false advertising or promotional

2   practices, it is necessary only to show that 'members of the public are likely to be deceived"]

3   [internal quotation marks and citation omitted].) In addition, Plaintiff pleads that it is unfair

4   for Defendant to simply be able to freeze a gift card without repayment. That allegation

5   adequately pleads the unlawful prong in that Plaintiff contends Defendant's conduct violates

6   the Gift Card Law, and the unfair prong. (See generally *Moran v. Prime Healthcare*

7   *Management, Inc.* (2016) 3 Cal.App.5th 1131, 1150 [unfairness prongs include where a

8   business practice violates a concrete public policy or where it is "immoral, unethical,

9   oppressive, unscrupulous or substantially injurious to consumers" [internal quotation marks

10  and citation omitted].)

11          Defendant claims there is no unlawful conduct because, as explained in their

12  demurrer to the first COA, there is no private right of action.  This is not dispositive;

13  statutory violations can provide a predicate for the UCL even where they have no private

14  right of action so long as the statutory scheme does not create a safe harbor for the

15  defendant's conduct. (See *Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939, 950 ["a private plaintiff

16  may bring a UCL action even when the conduct alleged to constitute unfair competition

17  violates a statute for the direct enforcement of which there is no private right of action."]

18  [internal quotation marks and citation omitted]; *Zhang v. Superior Court* (2013) 57 Cal.4th

19  364, 376-377 [discussing lack of private right versus absolute statutory bar to relief].)

20          The demurrer is overruled as to the UCL claims.

21      **D.      COA 4 – False Advertising Law**

22          The demurrer is overruled as to the False Advertising Law COA. Plaintiff adequately

23  alleges that Defendant's advertising was misleading in that broad descriptions of useability

24  were undermined by the actual terms and conditions of the gift card; the factual allegations

25  are sufficient to support an inference of knowledge and intent.

26

27

28

5

### E.    COA 5 – Fraud

Last, Defendant argues the fraud claim is inadequately plead because the SAC does not clear the heightened bar of particularity.  This argument is persuasive.  Fraud must be pled with particularity.  Alleged facts must show "how, when, where, to whom, and by what means the representations were tendered."  (*Robinson Helicopter Co. Inc, v. Dana Corp.* (2004) 34 Cal.4th 979, 993 citing *Lazar v. Superior Court* (1996) 12 Cal.4th 631.)  Here, Plaintiff only alleges that ACI "misled consumers through concealment of important information and false statements," and "Defendant made false or misleading statements about gift card characteristics and usage scope…"  (SAC, 265, 267.)  Plaintiff seems to be referencing some statements previously in the complaint that the card can be used with "Certain US Affiliates."  (SAC, 89.)  However, Plaintiff does not specify where this statement appeared and how it was made.  Thus, the fraud claim is lacking specificity.  The demurrer is sustained with leave to amend to allow Plaintiff to plead more specific facts about the misrepresentation Defendant ACI made to him.

### 2.    Defendant Amazon.com Services

Plaintiff alleges causes of action against Amazon.com Services LLC for (1) declaratory relief, (2) false advertising under Cal. Bus. & Prof. Code Section 17500, (3) unjust enrichment under California Civ. Code Section 3274, (4) violation of the California Consumer Privacy Act, and California Privacy Rights Act, (5) violation of the California Consumer Legal Remedies Act and UCL, (6) violation of the Federal Trade Commission Act and UCL, and (7) fraud and punitive damages under Civ. Code Section 1572.  Defendant Amazon.com Services demurs to all seven causes of action, arguing they fail to allege facts sufficient to constitute a cause of action.  (CCP Section 430.10(e).)

### A.    COA 1 – Declaratory Relief

Defendant Amazon.com Services claims Plaintiff is not entitled to declaratory relief because it is derivative of other failed claims and because there is no contract between

Plaintiff and Amazon Services to declare void. "To allege facts sufficient to state a cause of action for declaratory relief, the plaintiff must allege two essential elements: (1) a proper subject of declaratory relief, and (2) an actual controversy involving justiciable questions relating to the rights or obligations of a party." (*Childhelp, Inc. v. City of Los Angeles* (2023) 91 Cal.App.5th 224, 235 (internal citations omitted).) Defendant claims that there is no contract to void because Plaintiff alleged in another part of the complaint that his Amazon account closed permanently. First, these claims do not necessarily contradict each other, and second, complaints can allege claims in the alternative. It is possible to interpret the complaint as claiming that the contract provisions that forced Plaintiff to allegedly surrender his gift card balance are void, while simultaneously alleging that Defendant Amazon.com, Inc. closed his account permanently. Thus, Plaintiff's cause of action for declaratory relief does not fail and the demurrer is overruled as to this cause of action.

### B.    COA 2 and 5 – FAL and CLRA

Plaintiff's FAL cause of action against Amazon.com Services contends that Amazon.com Services engaged in deceptive advertising because its privacy and data use practices were different than Plaintiff believed. But Plaintiff does not allege that these practices were actually advertised to Plaintiff. Instead, it appears from the SAC that all the information Plaitniff learned about this defendant's data and privacy practices were learned after the purchase. (SAC paras. 61-74.) Moreover, as discussed above, a CLRA claim for damages does not lie where Plaintiff has not served a letter seeking cure. The demurrer is sustained as to these causes of action with leave to amend.

### C.    COA 3 – Unjust Enrichment

Defendant asserts that the unjust enrichment claim fails because there is an express contract covering the same subject matter. However, this entirely contradicts their other arguments, where they allege there is no contract. Furthermore, Plaintiff claims this contract should be declared void, which, if established, would allow the unjust enrichment claim to

7

proceed because there would no longer be a valid express contract between the parties. Thus, the demurrer is overruled as to the third cause of action.

### D.    COA 4 – Consumer Privacy Act

Plaintiff's privacy complaint appears to be that Amazon.com Services matched data from two accounts. After it suspended Plaintiff's first gift card, Plaintiff purchased a second gift card and this defendant determined the accounts were linked and suspended the second gift card. (SAC paras. 378-422.) Plaintiff appears to contend that Amazon.com Services' disclosure of this internal use is prohibited by the Consumer Privacy Act, Civil Code 1798.100 et seq. But a private cause of action under the CPA exists only for unauthorized data breaches, which Plaintiff does not allege. (*Id.* 1798.150.) The court sustains the demurrer to this cause of action with leave to amend.

### E.    COA 6 – UCL violation via the Federal Trade Commission Act

The demurrer is overruled for the same reason as the third COA against ACI for UCL violations. Plaintiff adequately pleads unfair trade practices in the repeated freezing of Plaintiff's gift cards and what Plaintiff characterizes as an arbitrary and limited appeals process.

### F.    COA 7 – Fraud

As with Plaintiff's fifth COA against ACI, the fraud pleading against Amazon.com Services lacks particularity. The demurrer is sustained with leave to amend.

### 3.    Defendant Amazon.com, Inc.

Plaintiff alleges causes of action against Amazon.com, Inc. for "Piercing the Corporate Veil and Punitive Damages." Defendant demurs to that cause of action, arguing it fails to allege facts sufficient to constitute a cause of action. (CCP Section 430.10(e).) This cause of action does not allege facts establishing a claim for relief, but rather is a request for relief in and of itself. It is not an independent cause of action. Plaintiff does not seek leave to amend (Opp. at 3:21-22) and so the demurrer is sustained without leave to amend.

8

Plaintiff shall file any amendment with 20 days of notice of entry of this order.

IT IS SO ORDERED.

Dated: June 9, 2025

Christine Van Aken
Judge of the Superior Court

I, the undersigned, certify that I am an employee of the Superior Court of California, County Of San Francisco and not a party to the above-entitled cause and that on June 09, 2025 I served the foregoing order on each counsel of record or party appearing in propria persona by causing a copy thereof to be enclosed in a postage paid sealed envelope and deposited in the United States Postal Service mail box located at 400 McAllister Street, San Francisco CA 94102-4514 pursuant to standard court practice.

Date: June 09, 2025       By: VICTOR DA FONSECA

KATHERINE T. YAMAHATA
K&L GATES LLP
4 EMBARCADERO CTR
SUITE 1200
SAN FRANCISCO, CA 94111

PENG, YUN
8024 EMERSON PL
ROSEMEAD, CA 91770-2429

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 139386 | FOR COURT USE ONLY |
|---|---|---|

NAME: Michael J. Stortz; K. Taylor Yamahata (SBN 347192)
FIRM NAME: K&L GATES LLP
STREET ADDRESS: Four Embarcadero Center, Suite 1200
CITY: San Francisco    STATE: CA    ZIP CODE: 94111
TELEPHONE NO.: (415) 882-8200    FAX NO.: (415) 882-8200
EMAIL ADDRESS: michael.stortz@klgates.com; taylor.yamahata@klgates.com
ATTORNEY FOR (name): ACI Gift Cards, LLC;Amazon.com Services LLC; Amazon.com Inc

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**06/10/2025**
**Clerk of the Court**
BY: DANIEL DIAZ
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister  Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: Yun Peng
DEFENDANT/RESPONDENT: ACI Gift Cards, LLC et. al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* [x] **UNLIMITED CASE** (Amount demanded exceeds $35,000)    [ ] **LIMITED CASE** (Amount demanded is $35,000 or less) | CGC-24-617965 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: June 25, 2025    Time: 10:30 a.m.    Dept.: 610    Div.:    Room:

Address of court *(if different from the address above):*

[x] **Notice of Intent to Appear by Telephone,** by *(name):* Michael J. Stortz; K. Taylor Yamahata

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [x] This statement is submitted by party *(name):* Defs. ACI Gift Cards, LLC; Amazon.com Services LLC; Amazon.com Inc
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [x] complaint [ ] cross-complaint *(Describe, including causes of action):*
   Plaintiff alleges Amazon Defendants' gift card terms and conditions, account closure process, and access to Plaintiff's voluntarily provided personal information support 13 causes of action under Civil Code section 1749.5, consumer protection statutes, fraud, declaratory relief, unjust enrichment, Consumer Privacy Rights Act, and Federal Trade Commission Act.

Page 1 of 5

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2024] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov |
|---|---|---|

**CM-110**

| PLAINTIFF/PETITIONER: Yun Peng | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ACI Gift Cards, LLC et. al. | CGC-24-617965 |

4. b. Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*
This case arises from Plaintiff's grievances regarding their experience in the Amazon.com store. Amazon Defendants have demurred to Plaintiff's Second Amended Complaint on the grounds that Plaintiff's grievances are not actionable and are insufficient to support any of the thirteen causes of action. Plaintiff seeks punitive damages and damages under every cause of action except for their cause of action for declaratory relief.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☐ a jury trial ☒ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*
Plaintiff requested a jury trial.

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
Plaintiff filed their initial complaint on September 9, 2024 but did not serve Defendants until December 2024.

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a. ☒ days *(specify number):* 2-3

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:                                    f. Fax number:

e. Email address:                                         g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

   (1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

   (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

   (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

   (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER:  Yun Peng | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  ACI Gift Cards, LLC et. al. | CGC-24-617965 |

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER:  Yun Peng | CASE NUMBER: |
| DEFENDANT/RESPONDENT:  ACI Gift Cards, LLC et. al. | CGC-24-617965 |

11. **Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case   *(explain):*


12. **Jurisdiction**

    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

    ☐ Bankruptcy    ☐ Other *(specify):*

    Status:

13. **Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐ Additional cases are described in Attachment 13a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate   will be filed by *(name party):*

14. **Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*


15. **Other motions**

    ☒ The party or parties expect to file the following motions before trial  *(specify moving party, type of motion, and issues):*
    Motion(s) for summary judgment


16. **Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff Yun Peng | ROGs and RFPs, Set One | By Statute |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Yun Peng | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ACI Gift Cards, LLC et. al. | CGC-24-617965 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*
Throughout this litigation, Plaintiff has repeatedly demanded that Amazon Defendants pay for an interpreter and conduct the meet-and-confer process on a written basis which is contrary to the requirements under California Rule of Court, rule 3.727. Mindful of Plaintiff's limitations with the language barrier, and to avoid further disputes, Amazon Defendants request permission to conduct further meet-and-confers on a written basis.

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*
The Parties are in the process of scheduling a time to meet and confer on these issues which are complicated by Plaintiff's status as a pro se non-English speaker. See Item 18.

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: June 10, 2025

Michael J. Stortz
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

1

## PROOF OF SERVICE

2

3      I am employed in the county of San Francisco, State of California.  I am over the age of

4   18 and not a party to the within action; my business address is K&L GATES LLP, Four

5   Embarcadero Center, Suite 1200, San Francisco, CA 94111.

      On **June 10, 2025**, I served the document(s) described as:

6

7                      **CASE MANAGEMENT STATEMENT**

8   together with an unsigned copy of this declaration on the interested parties in this action by

9   delivering a true copy thereof as follows:

10      Yun Peng                          *Plaintiff, In Pro Per*
       965 Hutchinson Ave.
11      Palo Alto, CA 94301
       Tel: (669) 329-7691
12      Email: msma529370228@gmail.com

13

14

15   ☒   **BY ELECTRONIC SERVICE:**  I transmitted a true copy of the document(s) listed
         above to the e-mail addresses of the addressee(s) as indicated above.

16

17      I declare under penalty of perjury under the laws of the State of California that the above

18   is true and correct.  Executed on **June 10, 2025**, San Francisco, California.

19

20                                          _____
                                             T. Lianne Jitodai
21

22

23

24

25

26

27

28
                                                              **RECYCLED PAPER**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| YUN PENG | **Case Management Department 610** |
| | **Case Management Order** |
| PLAINTIFF (S) | |
| VS. | **NO.: CGC-24-617965** |
| ACI GIFT CARDS, LLC et al | |
| | **Order Continuing Case** |
| DEFENDANT (S) | **Management Conference** |

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Jun-25-2025 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on Aug-27-2025 in Department 610 at 10:30 am for status of amended complaint.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference.  However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed and served twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED:  JUN-11-2025                    ROCHELLE EAST
_____
                                       JUDGE OF THE SUPERIOR COURT

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on JUN-11-2025 I served the attached Order Continuing Case Management Conference by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.


Dated :  JUN-11-2025                              By: DANIEL DIAZ



KATHERINE TAYLOR YAMAHATA (347192)
K&L GATES LLP
4 EMBARCADERO CTR
SUITE 1200
SAN FRANCISCO, CA  94111

YUN PENG
8024 EMERSON PL
ROSEMEAD, CA  91770-2429

CERTIFICATE OF SERVICE BY MAIL
Form 000001

YUN PENG

Street Address:

8024 EMERSON PL ROSEMEAD CA 91770-2429

Phone Number (669 329 7691)

Email:   msma529370228@gmail.com

YUN PENG, IN PRO PER

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**06/24/2025**
**Clerk of the Court**
BY: JUDITH NUNEZ
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| YUN PENG<br><br>                    Plaintiff(s),<br><br>       vs.<br><br>ACI GIFT CARDS LLC;<br><br><br>AMAZON.COM SERVICES LLC,<br><br><br>AMAZON.COM, INC.<br>                    Defendant(s). | ) Case No.: CGC-24-617965<br>)<br>) **THIRD AMENDED COMPLAINT**<br>)<br>)<br>)<br>)<br>)<br>) **DATE: June 23, 2025**<br>) **TIME:**<br>) **DEPT:   301**<br>)<br>)<br>) Judge:    Hon. Joseph M. Quinn<br>) Action Filed: 09/9/2025<br>) Trial Date: |

THIRD AMENDED COMPLAINT

DATED: June 23, 2025

*Your signature* _____

In Pro Per

CGC-24-617965          Peng v. ACI Gift Cards LLC et al.          SUPERIOR COURT OF SANFRANCISCO

**CONTENTS**

I. INTRODUCTION AND PRELIMINARY STATEMENT (Enhanced) ................................3

II. PARTIES ...........................................................................................................................3

III. JURISDICTION AND VENUE ....................................................................................4

IV. BACKGROUND AND KEY EVENTS (Revised) ......................................................4

V. STATEMENT OF FACTS ..............................................................................................5

    A. Personal Background and Initial Hardship ..................................................................5

    B. First Gift Card Purchase and Amazon Account Suspension .......................................5

    C. Second-Phase Gift Card Purchases and Reasonable Reliance ....................................7

    D. Harm Suffered by Plaintiff..........................................................................................9

    E. Systematic Fraud Design, Concealment, and Privacy Invasion ..................................9

        E.1 ACI Gift Cards LLC – Structural Concealment and Fraudulent Design.............9

        E.2 Amazon.com Services LLC – Deceptive Promissory Conduct........................ 11

        E.3 Amazon.com Services LLC – Privacy Violations and Misuse of Personal Data ...............................................................................................................................12

VI. Cause of action ............................................................................................................13

    A. Claims Against Defendant ACI Gift Cards LLC .......................................................13

        A.1 FRIST CAUSE OF ACTION...............................................................................13

        A.2 SECOND CAUSE OF ACTION ..........................................................................13

        A.3 THIRD CAUSE OF ACTION ..............................................................................16

        A.4 FOURTH CAUSE OF ACTION...........................................................................18

        A.5 FIFTH CAUSE OF ACTION ...............................................................................20

    B. PRAYER FOR RELIEF (as to ACI Gift Cards LLC) ................................................23

    C.Amazon.com Services LLC ........................................................................................24

        C.1 FIRST CAUSE OF ACTION................................................................................24

        C.2 SECOND CAUSE OF ACTION...........................................................................24

1

C.3 THIRD CAUSE OF ACTION...........................................................................26

2

C.4 FOURTH CAUSE OF ACTION .......................................................................27

3

C.5 FIFTH CAUSE OF ACTION...........................................................................29

4

C.6 SIXTH CAUSE OF ACTION ..........................................................................32

5

C.7 SEVENTH CAUSE OF ACTION ...................................................................34

6

C.8 EIGHTH CAUSE OF ACTION.......................................................................37

7

C.9 NINTH CAUSE OF ACTION .........................................................................39

8

C.10 TENTH CAUSE OF ACTION.......................................................................41

9

C.11 ELEVENTH CAUSE OF ACTION ...............................................................43

10

C.12 TWELFTH CAUSE OF ACTION .................................................................45

11

D. PRAYER FOR RELIEF (as to Amazon.com Services LLC) .....................................47

12

E.Amazon.com, Inc...........................................................................................48

13

VII. JURY DEMAND...........................................................................................48

14

VIII. VERIFICATION AND SIGNATURE ...........................................................48

15

16

17

18

1    **THIRD AMENDED COMPLAINT – PURSUANT TO 05/21/2025 ORDER**

2    **I. INTRODUCTION AND PRELIMINARY STATEMENT (Enhanced)**

3    Plaintiff Yun Peng brings this action against ACI Gift Cards LLC and Amazon.com

4    Services LLC for systemic deception, concealment, and misuse of personal data. Plaintiff is a

5    non-English-speaking asylum seeker who, during the events at issue, was diagnosed with

6    anxiety disorder and reliant on sedative medication that impaired cognitive judgment. In this

7    vulnerable state, Plaintiff relied on the packaging and platform representations to complete

8    essential purchases, only to face repeated account suspensions and the unexplained freezing of

9    over $1,600 in gift card balances.

10   This Third Amended Complaint is submitted in accordance with the Court's June 9, 2025

11   order, and it:

12   Adds factual specificity regarding fraud, reasonable reliance, privacy violations, and

13   emotional distress;

14   Confirms that formal notice under the Consumer Legal Remedies Act (CLRA) has been

15   served and adjusts the requested relief accordingly;

16   Retains and amends only those causes of action that were preserved or permitted for

17   amendment by the Court.

18   Plaintiff respectfully requests that this action proceed on its merits, seeking accountability

19   under California and federal law, including claims under the CLRA, UCL, FAL, common law

20   fraud, and consumer privacy statutes.

21   **II. PARTIES**

22   Plaintiff Yun Peng is an individual residing in Rosemead, California. Plaintiff is a recent

23   immigrant with limited English proficiency, no prior experience with U.S. e-commerce

24   platforms, and a history of diagnosed anxiety disorder. At all relevant times, Plaintiff acted as

25   a consumer purchasing goods and services for personal use and suffered serious psychological

26   harm due to Defendants' actions, including a diagnosis of post-traumatic stress disorder

27   (PTSD).

28   Defendant ACI Gift Cards LLC ("ACI") is a Delaware limited liability company,

1  registered to do business in California. ACI issues and distributes Amazon-branded gift cards

2  and is responsible for their marketing, terms, and packaging design.

3      Defendant Amazon.com Services LLC ("Amazon Services") is a Delaware limited

4  liability company and a wholly owned subsidiary of Amazon.com, Inc., providing e-commerce

5  and account-related services on the Amazon.com platform, including user verification and

6  fraud prevention.

7      Defendant Amazon.com, Inc. is a Delaware corporation and parent company of Amazon

8  Services. Plaintiff no longer asserts claims against Amazon.com, Inc. following the Court's

9  order sustaining its demurrer without leave to amend.

10  **III. JURISDICTION AND VENUE**

11     This Court has subject matter jurisdiction over this action pursuant to California's general

12  civil jurisdiction.

13     Venue is proper in the Superior Court for the County of San Francisco under Cal. Code

14  Civ. Proc. §395(a), because substantial parts of the events and transactions at issue—namely,

15  the purchase and attempted use of ACI-issued gift cards and the operation of the Amazon.com

16  platform—occurred in San Francisco County, where Amazon maintains a significant

17  commercial presence.

18     The Court also has personal jurisdiction over all named Defendants because each

19  defendant regularly conducts business in California, purposefully directs commercial activity

20  to California consumers, and maintains sufficient minimum contacts with the state such that

21  the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.

22  **IV. BACKGROUND AND KEY EVENTS (Revised)**

23     Plaintiff, a non-English-speaking asylum seeker with anxiety disorder, relied on ACI gift

24  cards and Amazon prompts to purchase essential items. Misled by incomplete packaging and

25  ambiguous system language, Plaintiff experienced repeated account suspensions and lost over

26  $2,500 in balances despite full compliance. Following these events, Plaintiff was formally

27  diagnosed with post-traumatic stress disorder (PTSD), lost the ability to work, and suffered

28  severe mental and economic harm. Defendants' deceptive practices and misuse of personal data

1   directly caused these injuries.

2   **V. STATEMENT OF FACTS**

3       **A. Personal Background and Initial Hardship**

4       Plaintiff suffers from anxiety disorder and has long relied on anti-anxiety and sleep

5   medications. On April 25, 2024, Plaintiff entered the United States on a B2 visa to seek asylum.

6   Plaintiff does not speak English.

7       On May 21, 2024, Plaintiff was robbed at Stanford University and lost nearly all personal

8   belongings, retaining only a wallet. This incident led to severe hardship.

9       On June 17, 2024, due to worsening anxiety, Plaintiff began taking the sedative Trazodone,

10  which impaired Plaintiff's cognitive judgment.

11      On June 24, 2024, Plaintiff was again robbed inside a FedEx store, losing the wallet and

12  remaining cash. With no family or friends to rely on, Plaintiff fell into deeper crisis.

13      **B. First Gift Card Purchase and Amazon Account Suspension**

14      To purchase food and essential supplies, Plaintiff was forced to buy Amazon.com

15  electronic gift cards through China's Alipay system on Taobao. These cards were issued by

16  ACI Gift Cards LLC and were used to register an Amazon account (email:

17  [msma529370228@gmail.com]).

18      On June 25, 2024, U.S. Citizenship and Immigration Services (USCIS) issued a Notice of

19  Intent to Deny (NOID) to Plaintiff, requiring submission of additional documentation within a

20  set period. To prepare these materials, Plaintiff purchased a MacBook on Amazon, resulting in

21  heightened emotional stress.

22      On June 26, 2024, Amazon.com Services LLC (hereafter "Amazon") suspended

23  Plaintiff's account citing "unusual payment activity" without providing order numbers,

24  payment details, or any clear definition of "unusual activity."

25      Plaintiff attempted to appeal the suspension via Amazon's system, which only allowed

26  uploading five images and 200 characters of explanation, with no access to a live support agent

27  or formal appeal process.

28      After Plaintiff uploaded gift card images, the account was briefly reinstated but was again

1    suspended on June 28, 2024 for the same "unusual activity" reason. Amazon still provided no
2    explanation. Plaintiff was locked out of the account and could not access orders, account
3    settings, or balance information.

4          Plaintiff subsequently submitted all requested documentation, including payment proof,
5    address, contact details, name, phone number, and gift card information. Plaintiff also
6    submitted a written warning to Amazon asserting that its account suspension practices may
7    violate multiple federal and California consumer protection laws. The account remained
8    suspended.

9          In early July 2024, after Plaintiff resubmitted the documentation a second time with no
10    resolution, Plaintiff sent a formal written warning letter in English to Amazon. This letter
11    outlined in detail how Amazon's conduct may violate the following laws:

12          •    Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45) – Unfair business
13    practices;

14          •    Consumer Protection Laws – Lack of fair process and clear explanation;

15          •    Section 908 of the Electronic Fund Transfer Act (15 U.S.C. § 1693f) – Failure to
16    investigate disputed transactions;

17          •    Section 605B of the Fair Credit Reporting Act (15 U.S.C. § 1681c-2) – Mishandling
18    of identity-theft-related disputes;

19          •    Section 502 of the Gramm-Leach-Bliley Act (15 U.S.C. § 6802) – Failure to notify
20    and authorize data sharing;

21          •    Section 1798.120 of the California Consumer Privacy Act (CCPA) – Non-transparent
22    handling of personal information;

23          •    California Civil Code Section 1670.5 – Unconscionable contract provisions;

24          •    California Business & Professions Code Section 17200 – Unfair business acts and
25    practices.

26          The letter also listed nine core violations of consumer protection principles in Amazon's
27    platform operation, including: account suspension without notice, lack of appeal mechanisms,
28    disproportionate measures, failure to preserve evidence, lack of transparency, refusal to fulfill

1  confirmed orders, deprivation of data access, and non-compliance with laws and fairness

2  standards. The letter urged Amazon to promptly remedy its conduct and restore user rights but

3  received no response.

4      On July 2, 2024, Amazon canceled all unshipped orders from Plaintiff's account,

5  including food and the MacBook intended for asylum preparation. Plaintiff appealed for

6  humanitarian exception to preserve food orders, but Amazon did not respond.

7      On July 12, 2024, Amazon permanently closed the Plaintiff's account and froze the entire

8  gift card balance, approximately $1,600.

9      **C. Second-Phase Gift Card Purchases and Reasonable Reliance**

10     Due to language barriers, unfamiliarity with transportation, and the ongoing stress of

11 seeking asylum, Plaintiff was effectively unable to shop independently in physical stores. The

12 account suspension severely impacted Plaintiff's ability to obtain food and necessities.

13     Plaintiff's gift card purchases occurred in two phases. The first phase happened while

14 Plaintiff was under the cognitive influence of Trazodone and thus lacked the capacity to

15 understand the language on packaging or the terms of the transaction. As such, there was no

16 genuine meeting of the minds, and no valid contract was formed.

17     Following the suspension of the first account, Plaintiff still faced significant obstacles to

18 shopping and decided to continue using the convenience of online platforms. Plaintiff used

19 cash to purchase several Amazon gift cards from U.S. retail stores including Walgreens, CVS,

20 and Whole Foods Market, with a total value exceeding $905.

21     During this second phase, Plaintiff attempted to understand the information on the gift

22 card surfaces using translation tools. The front of the card only displayed the brand logo and

23 dollar value, with no visible terms or restriction alerts. This led Plaintiff to reasonably conclude

24 that the card was freely usable without special conditions. Since the card front is the first thing

25 consumers see and is typically the sole basis for purchase decisions, this impression was crucial.

26     Though the back of the card included a small-font English paragraph and an external link,

27 the text was tiny, not highlighted, and provided no guidance or summary. Plaintiff lacked

28 English proficiency and received no explanation from sales staff or digital prompts. With no

1   scanning required, no summary provided, and no agreement to terms requested, Plaintiff's

2   reliance on the visible card design was reasonable under their language and situational

3   constraints.

4       Based on this design and default impression, Plaintiff decided to pay cash to purchase and

5   redeem these cards on Amazon for essential purchases. Had Plaintiff been aware of potential

6   account bans, refund obstacles, or risk control mechanisms, the transaction would never have

7   occurred. Thus, Plaintiff's reliance on the appearance and perceived unrestricted use of the gift

8   cards constitutes protected reasonable reliance.

9       On July 17, 19, 26, and 27 of 2024, Plaintiff purchased additional cards and registered a

10  new Amazon account using the email 529370228@qq.com.

11      During registration, Plaintiff encountered keywords on Amazon's website such as

12  "Privacy," "Security," and "Trust." Although Plaintiff did not read the full Terms of Service,

13  the basic understanding of these keywords fostered a sense of trust in Amazon's reliability.

14      Plaintiff acknowledges that a detailed reading of Amazon's privacy policies occurred only

15  afterward. However, this does not negate the fact that Plaintiff was misled by the platform's

16  branding and keywords at the time of action. This delayed realization of deception is a natural

17  response for linguistically disadvantaged consumers and should be legally protected.

18      On July 29, 2024, the newly registered account was suspended. Following a system

19  prompt, Plaintiff submitted physical photos of the gift cards used for redemption, and the

20  account was briefly restored.

21      However, on August 1, 2024, the account was again suspended. Plaintiff then submitted

22  all requested documents, including payment records, receipts, full name, phone number, email

23  address, delivery address, front and back photos of the gift cards, and the last four digits of the

24  linked bank account.

25      Amazon subsequently used Plaintiff's identity verification information—including

26  address, phone number, bank details, and payment evidence—to perform cross-account

27  identification and concluded that the new account belonged to the same individual. Based on

28  this, Amazon permanently suspended the account and denied Plaintiff access. Plaintiff is now

1    unable to use or access any personal data associated with the account.

2    **D. Harm Suffered by Plaintiff**

3    Since the last account termination, Plaintiff experienced escalating psychological

4    symptoms, including panic attacks, social isolation, and recurrent nightmares. Plaintiff was

5    unable to sleep properly for weeks, avoided all online purchases for fear of retaliation, and

6    developed intense distrust of digital platforms.

7    Due to this condition, Plaintiff was forced to cease seeking work opportunities and has

8    relied solely on medical coping tools. In September 2024, Plaintiff was formally diagnosed

9    with PTSD by a licensed psychiatrist, with recommendation for long-term therapy and

10   monitoring.

11   **E. Systematic Fraud Design, Concealment, and Privacy Invasion**

12   After repeated account suspensions, repeated demands for documentation, and the

13   freezing of account balances, Plaintiff carefully reviewed the sequence of events and devoted

14   significant time and effort to reading ACI's gift card packaging, Amazon's public privacy

15   policies, system design statements, and user rights declarations. Through this review, Plaintiff

16   identified extensive patterns of systemic fraud and privacy violations by both Defendants:

17   **E.1 ACI Gift Cards LLC – Structural Concealment and Fraudulent Design**

18   Amazon.com gift cards are designed and issued by ACI Gift Cards LLC and sold in

19   physical form at national retail chains such as Walgreens, CVS, and Whole Foods Market. Each

20   card consists of a physical plastic card enclosed in a paper-based package, with different

21   information printed on the front and back.

22   The front of the card is the primary visual interface seen by consumers on store shelves

23   and typically the only visible surface during purchase. This surface displays only the Amazon

24   logo, denomination (e.g., "$50", "$100"), and some decorative artwork. It contains no

25   indications of terms of use, risk warnings, disclaimers, redirect URLs, or QR codes. Despite

26   having ample space to display key disclaimers such as "only redeemable for eligible items" or

27   "see terms for conditions," the issuer intentionally omits such disclosures, resulting in a

28   deliberate silence regarding important usage limitations.

1    On the bottom of the back of the card, three critical statements are printed in very small

2  gray font: (1) "Redeemable only for eligible items on Amazon.com or certain US affiliates."—

3  yet no definition is provided for "eligible items" or "certain affiliates"; (2) "Other restrictions

4  apply."—without listing any of those restrictions or consequences; and (3) "See full terms:

5  amazon.com/gc-legal."—which links only to an English webpage, with no summary, visual

6  cue, QR code, or multilingual support.

7    These three statements have material implications for consumer rights, including whether

8  a card can be redeemed, whether accounts may be frozen, and whether funds can be forfeited.

9  Yet none of this critical information is prominently presented on the packaging or visible to

10  consumers prior to purchase. In contrast, the most visually prominent content on the card

11  back—such as "NO VALUE UNTIL ACTIVATED AT REGISTER" (in all caps) and an anti-

12  fraud warning on a yellow background—relates only to operational instructions or Amazon's

13  own disclaimers, not consumer rights.

14    This kind of visual asymmetry constitutes classic selective disclosure. The issuer clearly

15  had the ability to provide conspicuous warnings to users but chose to apply bold fonts, colors,

16  and highlights only to content that serves the platform's interests, while diminishing, hiding,

17  or structurally obscuring key terms that limit users' rights. Even a diligent consumer observing

18  the card would be unable to make a fully informed decision without visiting a website, using a

19  translator, or knowing the risks in advance.

20    Furthermore, the gift card purchase process lacks any contract confirmation mechanism.

21  Retail staff provide no disclosure; the checkout system does not prompt a terms review; no

22  summary page is provided; and the user is not required to confirm agreement. The transaction

23  mirrors that of purchasing ordinary consumer goods at a supermarket and deprives consumers

24  of a meaningful opportunity to understand limitations, refund policies, or account risk.

25    Taken together, this disclosure structure is not an accidental omission—it reflects ACI's

26  systemic control over packaging and information architecture, intentionally designed as a

27  business strategy. Despite being aware of serious usability issues (e.g., account bans, no refunds,

28  no appeals), ACI deliberately embedded its key usage terms in obscure text, vague language,

1    and deep-link webpages. The goal was to mislead consumers into believing the cards were

2    widely usable and equivalent to cash, constituting fraudulent concealment, structural deception,

3    and systematic misleading practices in violation of California consumer protection laws.

4        **E.2 Amazon.com Services LLC – Deceptive Promissory Conduct**

5        On July 29, 2024, Plaintiff's newly registered Amazon account was again suspended by

6    Amazon on the grounds of "unusual payment activity," marking the third account freeze.

7        System prompts instructed Plaintiff to upload billing address, phone number, card images,

8    and payment proof. Plaintiff complied fully with these instructions.

9        Language used in the system included statements such as "This is required to remove the

10   hold on your account" and "If you promptly submit this form and attach a supporting document,

11   we may be able to remove the hold more quickly," which created the expectation that the

12   account could be restored.

13       Plaintiff, relying on these messages, submitted comprehensive documentation in two

14   rounds, including name, phone number, bank account number, transaction screenshots, receipts,

15   and address details.

16       Amazon provided no access to human reviewers. The system merely responded that

17   "information submitted is insufficient," without explaining what was missing or providing any

18   process for correction.

19       Although the system stated, "we have temporarily placed your account on hold so we

20   could review it with you," no interaction or human review ever occurred.

21       Ultimately, Plaintiff's account was permanently suspended and the balance frozen without

22   any explanation, review criteria, or remedy.

23       During the suspension, Plaintiff could not access order history, redemption information,

24   or balance records and had no ability to export data or appeal.

25       Upon reviewing Amazon's "Privacy & Customer Trust" webpage, Plaintiff discovered

26   public promises including: "We take your data privacy seriously," "We give customers control

27   over privacy choices," and "Customers can view their data activity through our Account

28   Transparency tools."

1   These promises were not upheld. Plaintiff's experience during the account suspension was

2   entirely opaque and lacked any data control.

3   Plaintiff contends that this suspension and data collection process constitutes promissory

4   fraud. Amazon induced Plaintiff to cooperate and upload sensitive information by using

5   ambiguous and misleading language, with no genuine intent to restore the account.

6   This one-way submission process—devoid of feedback or meaningful recovery—

7   amounts to systemic deception and a violation of the customer's reliance interest.

8   **E.3 Amazon.com Services LLC – Privacy Violations and Misuse of Personal Data**

9   During the second account suspension, Plaintiff submitted multiple pieces of personal

10  information in accordance with system prompts, including name, address, email, phone number,

11  last four digits of bank card, gift card photos, and payment receipts. The prompt read: "If you

12  promptly submit this form and attach a supporting document, we may be able to remove the

13  hold more quickly," leading Plaintiff to reasonably believe that this information would be used

14  solely for account recovery.

15  Plaintiff later discovered that Amazon used the submitted information to cross-reference

16  and match data from the previously suspended account. Amazon concluded the accounts were

17  operated by the same person and permanently banned the new account. Plaintiff was never

18  informed that the submitted materials would be used for "cross-account identification," nor

19  was Plaintiff notified that Amazon reserved internal authority to penalize users based on such

20  analysis.

21  Amazon's user agreement includes only a single vague statement: "Please review our

22  Privacy Notice, which also governs your use of Amazon Services, to understand our practices."

23  This statement fails to substantively disclose how personal information will be used. It includes

24  no direct link, summary, or interactive notice. During the registration, submission, or appeal

25  process, Amazon never presented the full privacy policy, nor did it explain that the submitted

26  information would be used for identity matching, risk control, or enforcement. There was no

27  mechanism for informed consent or opt-out.

28  Amazon has long used promotional language across its platforms such as "We take your

1  privacy seriously," "You have control over how your data is used," and "We are committed to

2  transparency." These marketing statements foster a brand image of data respect. However, in

3  this case, Plaintiff—who is linguistically disadvantaged and a vulnerable consumer—was not

4  fully informed or empowered. The sensitive personal data Plaintiff provided was used in a

5  hidden secondary function that directly caused severe consequences.

6      Furthermore, following the suspension of both accounts, Plaintiff was entirely stripped of

7  access to their personal data. Plaintiff could not log into the account or view past purchases,

8  recharge records, order statuses, or balance details. Plaintiff could not export, modify, or delete

9  any data. Amazon did not provide data copies, did not activate the "Account Transparency"

10  page, and did not allow access to the data fields or criteria used for identity matching. This

11  "one-way collection, permanent lockdown, zero user access" model completely deprived

12  Plaintiff of usage, control, and appeal rights over personal information.

13      Amazon's conduct stands in stark contrast to its public commitments to user control and

14  data transparency, amounting to a fundamental violation of informational self-determination

15  and personal privacy rights.

16  **VI. Cause of action**

17      **A. Claims Against Defendant ACI Gift Cards LLC**

18      **A.1 FRIST CAUSE OF ACTION**

19      Plaintiff acknowledges that the Court sustained the demurrer to the First Cause of Action

20  for Declaratory Relief against ACI Gift Cards LLC in its May 21, 2025 Order. Accordingly,

21  this cause of action is not re-alleged in the present complaint.

22      **A.2 SECOND CAUSE OF ACTION**

23      Violation of the California Consumers Legal Remedies Act (Civil Code §1770)

24      Against Defendant ACI Gift Cards LLC

25      **a. Incorporation by Reference**

26      Plaintiff realleges and incorporates by reference all preceding allegations, especially those

27  concerning the purchase, recharge, and attempted use of Amazon gift cards issued by

28  Defendant ACI Gift Cards LLC ("ACI"), as though fully set forth herein.

**b. Standing and Applicability**

ACI is a "person" within the meaning of Civil Code §1761(c), and the Amazon gift cards it sold constitute "goods" under Civil Code §1761(a). Plaintiff is a "consumer" under §1761(d), who purchased these cards during a period of hardship for personal and household purposes.

**c. Violations of the CLRA**

In the design, marketing, and sale of the gift cards, ACI engaged in multiple unlawful practices in violation of Civil Code §1770(a), including but not limited to:

1. §1770(a)(5): Representing that goods have characteristics or uses they do not in fact possess;

2. §1770(a)(7): Representing that goods are of a particular standard, quality, or grade when they are of another;

3. §1770(a)(9): Advertising goods with the intent not to sell them as advertised;

4. §1770(a)(14): Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve;

5. §1770(a)(16): Representing that goods have been supplied in accordance with a previous representation when they have not.

These violations include, among other things, ACI's failure to disclose consumers' statutory right under California Civil Code §1749.5(b)(2) to redeem gift card balances under ten dollars for cash. This omission constitutes a direct violation of §1770(a)(14), as it misrepresents the legal remedies available to consumers under California law.

**d. Deceptive Practices and Omission**

Specifically, ACI's gift cards omitted or concealed critical information about usage limitations, refund restrictions, and account-based risks. The front of the card, which is the main visual interface at the retail shelf, showed only the Amazon logo and face value (e.g., "\$50", "\$100"), with no mention of limitations, risks, or statutory rights. Had Plaintiff known these limitations at the time, she would not have made the purchase.

While the back of the card included tiny English disclaimers such as "redeemable only for eligible items," "other restrictions apply," and a link to external terms at amazon.com/gc-legal,

1  these were not summarized, highlighted, translated, or explained through any in-store notice,

2  employee instruction, or opt-in confirmation mechanism.

3      ACI, as the designer and issuer, had full ability to disclose such information through card

4  fronts, in-store prompts, receipts, or packaging inserts, but chose not to do so. This "selective

5  omission" was not a technical oversight, but a deliberate commercial decision to suppress

6  disclosure, constituting deceptive concealment under the CLRA.

7      **e. Causation and Damages**

8      Based on the packaging, Plaintiff reasonably believed the card functioned as unrestricted

9  cash or general store credit, and proceeded with purchase and activation. She later encountered

10  account freezes, balance forfeiture, and lack of recourse—all contradicting her reasonable

11  expectations.

12      ACI's conduct caused Plaintiff to acquire goods that materially deviated from her

13  understanding, resulting in financial harm (including over \$900 in the second round of

14  purchases) and emotional trauma. These practices fall squarely within the scope of unlawful

15  conduct under the CLRA.

16      **f. Statutory Interpretation**

17      Pursuant to California Civil Code §1770, a violation of any one of the enumerated

18  provisions—§1770(a)(5), (7), (9), (14), or (16)—is independently sufficient to establish

19  liability under the Consumers Legal Remedies Act. Plaintiff asserts all five as alternative and

20  cumulative grounds for relief.

21      **g. CLRA Notice Compliance**

22      On May 20, 2025, Plaintiff served a written notice pursuant to California Civil Code

23  §1782(a) to ACI Gift Cards LLC, identifying the specific violations alleged herein and

24  demanding correction. On June 20, 2025, counsel for ACI responded in writing, denying all

25  allegations and refusing to offer any correction or restitution. Accordingly, under Civil Code

26  §1782(d), Plaintiff now seeks both injunctive and monetary relief, including actual damages,

27  punitive damages, and attorneys' fees as authorized by statute.

28      **h. Relief Requested**

1　　　　Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

2　below.

3　　　　**A.3 THIRD CAUSE OF ACTION**

4　　　　Violation of California Unfair Competition Law (Bus. & Prof. Code §17200)

5　　　　– Against Defendant ACI Gift Cards LLC

6　　　　Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully

7　set forth herein.

8　　　　Plaintiff brings this claim under California Business and Professions Code §17200 et seq.

9　(the "Unfair Competition Law" or "UCL"), which prohibits any unlawful, unfair, or fraudulent

10　business act or practice.

11　　　　Defendant ACI Gift Cards LLC ("ACI"), in the design, marketing, and distribution of

12　Amazon.com gift cards, engaged in business practices that were simultaneously unlawful,

13　unfair, and fraudulent, and which directly caused harm to Plaintiff and other consumers.

14　　　　**a. Unlawful Business Practices**

15　　　　ACI violated multiple legal obligations and public policy provisions, each of which

16　constitutes an "unlawful" business practice under the UCL, including but not limited to:

17　　　　Violation of the Consumers Legal Remedies Act (CLRA), Civ. Code §1770(a)(5), (7), (9),

18　(14), and (16): ACI misrepresented the usability and applicability of its gift cards, and

19　intentionally withheld material limitations on redemption, refundability, and account risks—

20　even though it had full ability to disclose such terms through card design and point-of-sale

21　processes.

22　　　　Violation of California Civil Code §1749.5(d): This statute guarantees consumers the right

23　to redeem gift card balances under $10 for cash. ACI failed to disclose this statutory right on

24　packaging, at the point of sale, or during redemption, depriving consumers of a core legal

25　entitlement.

26　　　　Violation of Civil Code §1670.5: ACI embedded unconscionable terms into the gift card

27　product without disclosing them in advance or obtaining meaningful consent from consumers.

28　　　　Violation of basic consumer contract principles: ACI did not present essential terms prior

1   to purchase, depriving consumers of informed consent or the opportunity to understand the true

2   nature of the transaction.

3       Violation of California False Advertising Law (Bus. & Prof. Code §17500): ACI used

4   misleading packaging and promotional design that highlighted monetary value and brand

5   image while omitting material limitations—creating a deceptive overall impression in violation

6   of California's prohibition on false or misleading advertising.

7   **b. Unfair Business Practices**

8       Even independent of any specific statutory violation, ACI's conduct constitutes unfair

9   business practices under the UCL, including:

10      The front face of the gift card displayed only Amazon branding and monetary value,

11  without any restrictions or legal disclaimers, creating a misleading impression of unrestricted

12  use;

13      The back side of the card displayed vague language such as "redeemable only for eligible

14  items" and "other restrictions apply" in extremely small font, with a reference to a legal URL

15  (amazon.com/gc-legal) provided only in English;

16      No point-of-sale disclosures, warnings, summaries, or opt-in processes were presented.

17  The entire purchasing experience resembled that of a standard consumer product, depriving

18  consumers of the ability to make informed judgments;

19      ACI failed to alert consumers to the real possibility of account freezes, forfeiture of value,

20  non-refundability, or an inability to dispute outcomes;

21      These practices, taken together, misled consumers, deprived them of informed choice, and

22  structured the transaction in a way that consumers could not reasonably detect or avoid the

23  harm.

24  **c. Fraudulent Business Practices**

25      ACI's conduct also violated the UCL's prohibition on fraudulent business practices,

26  including both affirmative misrepresentations and fraudulent omissions:

27      Affirmative Misrepresentation: The visual appearance and marketing of the gift card—

28  including its front-facing branding and absence of visible terms—falsely conveyed that the

1   card was equivalent to unrestricted cash or general-purpose credit.

2       Fraudulent Concealment: ACI deliberately withheld material information that would have

3   influenced consumer decisions, including the statutory right to cash redemption for balances

4   under $10, the risk of account-based forfeiture, and the dependence on opaque internal review

5   systems. Despite having full control over card design and packaging, ACI failed to make these

6   risks visible or accessible.

7       **d. Summary**

8       Taken together, Plaintiff has identified and pleaded twelve specific business practices by

9   ACI that fall within the unlawful, unfair, and fraudulent prongs of California's Unfair

10  Competition Law. Any one of these behaviors is sufficient to establish a UCL violation, and

11  the Court may sustain this cause of action on any such basis.

12      **e. Relief Requested**

13      Wherefore, Plaintiff respectfully requests that the Court grant relief as set forth in the

14  Prayer for Relief below.

15      **A.4 FOURTH CAUSE OF ACTION**

16      Violation of the California False Advertising Law (Bus. & Prof. Code §17500)

17      – Against Defendant ACI Gift Cards LLC

18      Plaintiff realleges and incorporates by reference all preceding paragraphs, especially those

19  concerning her purchase and attempted use of Amazon gift cards issued by Defendant ACI Gift

20  Cards LLC ("ACI"), as though fully set forth herein.

21      **a. Legal Basis and Applicability**

22      Under California Business and Professions Code §17500, it is unlawful for any business

23  or individual to make or disseminate, in any medium—including oral, written, printed, graphic,

24  labeling, or otherwise—any statement which is false or misleading, and which is known, or

25  should be known, to be likely to deceive members of the public.

26      ACI, as the issuer and designer of Amazon gift cards, distributed these products through

27  retail channels across California, including Walgreens, CVS, and Whole Foods. The cards

28  prominently featured the Amazon logo and fixed face values (e.g., "\$50", "\$100"), and were

marketed through physical shelf presence and packaging. These materials constitute commercial advertising under §17500.

**b. Misleading Advertising Conduct**

The design and packaging of ACI's Amazon gift cards conveyed false or misleading impressions, specifically:

The card front displayed only the Amazon brand, face value, and decorative elements, with no reference to any limitations, risks, or conditions;

The card back included fine-print text such as "redeemable only for eligible items" without defining "eligible" or listing excluded categories;

The phrase "see full terms at amazon.com/gc-legal" lacked any summary, QR code, or multilingual guidance, and no point-of-sale prompt, employee explanation, receipt notice, or visual alert directed consumers to review these terms;

Consumers, particularly those shopping in retail environments, had no practical opportunity to discover key restrictions prior to purchase, including account freeze risk, loss of balance, refund limitations, and dispute barriers.

**c. Falsity and Likelihood to Mislead**

The only information consumers encountered before purchase was the visual appearance of the card's front, which strongly conveyed the impression of cash-equivalent functionality. However, the cards:

Were not usable on all products;

Could be rendered void if an account was suspended;

Could not be refunded;

Carried hidden risks not disclosed prior to purchase.

In practical shopping settings, such as convenience shelves or grocery store counters, consumers were not reasonably positioned to pause, locate, and read lengthy legal disclaimers online—especially when the packaging contained no hint that such action was necessary.

ACI's advertising scheme amplified brand trust while concealing material restrictions, creating a systematic visual deception. Under California precedent—including People v.

1     Overstock.com, Inc., 12 Cal. App. 5th 1064 (2017)—even partially truthful statements may be

2     unlawful if key information is omitted in a way likely to mislead reasonable consumers.

3     **d. Injury and Harm**

4     Relying on the advertising and presentation of the gift cards, Plaintiff purchased multiple

5     cards during her second phase of acquisition (totaling over \$900). Upon attempting redemption,

6     she experienced account suspension, fund forfeiture, inability to secure refunds, and a complete

7     lack of dispute resolution mechanisms.

8     These harms were proximately caused by ACI's misleading advertising and concealment

9     of material terms. Had the limitations been reasonably disclosed, Plaintiff would not have made

10     the purchase.

11     **e. Relief Requested**

12     Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

13     below.

14     **A.5 FIFTH CAUSE OF ACTION**

15     (Fraudulent Concealment / Omission – Against ACI Gift Cards LLC)

16     Plaintiff re-alleges and incorporates by reference all preceding paragraphs, especially

17     those concerning Plaintiff's purchase of Amazon gift cards issued by Defendant ACI Gift Cards

18     LLC ("ACI") from retail stores in California (including Walgreens, CVS, and Whole Foods) in

19     July 2024.

20     **a. Material Facts Concealed by Defendant**

21     ACI, as the designer, issuer, and distributor of Amazon gift cards, knowingly concealed

22     multiple material facts that directly impacted consumer rights and usage of the cards. These

23     concealed facts include, but are not limited to:

24     Consumers are legally entitled to redeem gift card balances under \$10 for cash under

25     California Civil Code §1749.5(c). While the Court previously ruled that this could not form an

26     independent cause of action, it expressly held that "Plaintiff may reassert this theory under

27     fraud-based causes of action," and thus Plaintiff incorporates it here.

28     The gift cards are only redeemable for undefined "eligible items," a term not explained or

1  clarified on the card or packaging.

2      The cards can only be used via an Amazon platform account, which is subject to

3  suspension at Amazon's sole discretion, without prior notice or human review. Once suspended,

4  the account balance becomes inaccessible and non-refundable.

5      The cards are functionally dependent on account status and are subject to automatic risk-

6  detection triggers that may lead to permanent loss of funds, even when the consumer has

7  committed no misconduct.

8      Consumers are not presented with any full terms of use prior to purchase, nor are they

9  alerted by store personnel, system prompts, or contract confirmation mechanisms.

10     The risks above can result in complete forfeiture of funds before any use, with no refund,

11 appeal, or remedy available.

12     These facts materially affect a consumer's ability to use the card, retrieve funds, or seek

13 recourse. They constitute "material facts" under California fraud law, as they go directly to the

14 product's core functionality and value.

15     **b. Defendant's Knowledge and Intentional Concealment**

16     As the sole designer and issuer of the gift cards, ACI had full control over product structure,

17 packaging content, and the retail sales process. ACI was fully aware that the above limitations

18 could significantly impair consumer rights and expectations, yet chose a systemic concealment

19 strategy.

20     Specifically, ACI deliberately omitted any mention of restrictions on the card's front face,

21 which is the first and most visible interface for consumers. That area only displayed the

22 Amazon logo, the card's face value (e.g., "\$50" or "\$100"), and decorative graphics—without

23 any mention of usage restrictions, account linkage requirements, or risks of suspension and

24 forfeiture. This omission was not an oversight, but a calculated decision to create the visual

25 impression that the card functioned like unrestricted store credit or cash equivalent.

26     ACI had ample space and technical ability to display basic warnings—such as "See full

27 terms before use" or "Not valid for all purchases"—on the front face or packaging insert, but

28 consciously chose not to do so. This intentional silence constitutes fraudulent concealment

1    under California law.

2          Although the back of the card included three lines of fine print, they were:

3          Printed in extremely small gray font;

4          Contained undefined and ambiguous terms such as "eligible items" and "certain affiliates";

5          Referred to an external website (amazon.com/gc-legal) without QR code, language

6    support, or summary of content.

7          In contrast, content unrelated to consumer rights—such as "NO VALUE UNTIL

8    ACTIVATED AT REGISTER" and anti-fraud notices—were printed in all-caps, bold, and often

9    with color highlights (e.g., yellow backgrounds), making them the most prominent visual

10   elements on the card.

11         This contrast in visual emphasis amounts to intentional visual misdirection. ACI

12   strategically used design to highlight operational disclaimers that serve its own legal

13   protections, while obscuring or burying consumer-facing limitations that could deter purchases.

14   Such "selective disclosure by design" goes beyond mere packaging preference and constitutes

15   a systemic violation of the consumer's right to know.

16         Furthermore, the retail purchase process included no disclosure mechanisms. Store

17   employees provided no explanation, no terms were presented at checkout, and the purchase

18   resembled a normal transaction for a household good—depriving the consumer of any

19   awareness that the card was bound to hidden limitations and risks.

20         These acts were not accidental but the result of ACI's deliberate exercise of control over

21   card design, messaging, and distribution channels. They represent textbook fraudulent

22   concealment under California law.

23   **c. Plaintiff's Justifiable Reliance**

24         Plaintiff relied on the visible presentation of the gift card—specifically the front-facing

25   appearance and absence of any warning language—to reasonably infer that the card functioned

26   as unrestricted store credit or a cash equivalent. This belief was formed without access to

27   English-language disclaimers, without any opportunity to review terms, and in the absence of

28   any affirmative notice by the seller.

1    Had Plaintiff known about the limitations, risks, and account dependency of the card prior

2  to purchase, Plaintiff would not have completed the transaction or loaded the balance onto an

3  Amazon account. This reliance was both reasonable and foreseeable.

4    **d. Actual Harm and Emotional Distress**

5    In the second round of purchases, Plaintiff spent over \$900 on ACI-issued gift cards.

6  Upon attempting to redeem these cards on Amazon's platform, Plaintiff encountered:

7    Immediate account suspension and loss of access;

8    Inability to obtain refunds or reach human review;

9    Final rejection after multiple document submissions;

10    Permanent forfeiture of all card balances with no visibility into transaction history or

11  appeal process.

12    This caused Plaintiff—already in a vulnerable asylum-related and linguistic hardship

13  situation—to lose access to food and essential supplies, leading to prolonged mental suffering

14  and a formal diagnosis of Post-Traumatic Stress Disorder (PTSD) in September 2024.

15    **e. Relief Requested**

16    Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

17  below.

18    **B. PRAYER FOR RELIEF (as to ACI Gift Cards LLC)**

19    Plaintiff respectfully requests that the Court grant the following relief:

20    1. Full restitution of all amounts paid by Plaintiff for gift cards sold by ACI, regardless of

21  whether redemption was attempted, due to ACI's failure to disclose restrictions and

22  misrepresentations regarding usability;

23    2. General damages for financial hardship, frustration, and loss of use caused by ACI's

24  deceptive business practices;

25    3. Statutory damages under the CLRA and FAL, including \$1,000 per violation or as

26  otherwise permitted by law;

27    4. Punitive damages pursuant to California Civil Code §3294 for ACI's fraudulent,

28  oppressive, and malicious conduct in marketing and selling gift cards with undisclosed

1    limitations;

2        5. Injunctive relief requiring ACI to clearly disclose all material terms and limitations on

3    gift card packaging, digital listings, and redemption interfaces;

4        6. An order requiring ACI to revise and clarify all ambiguous or misleading redemption

5    policies and to provide transparent refund procedures;

6        7. Attorneys' fees and costs as authorized by law, including under the CLRA;

7        8. Pre-judgment and post-judgment interest as permitted by law;

8        9. A declaration that the conduct alleged in the foregoing causes of action constitutes

9    unlawful, deceptive, or fraudulent activity

10        10. Such other and further relief as the Court deems just and proper.

11    **C. Amazon.com Services LLC**

12    **C.1 FIRST CAUSE OF ACTION**

13    (Declaratory Relief – Against Amazon.com Services LLC)

14        Plaintiff retains this cause of action pursuant to the Court's Order dated May 21, 2025,

15    which overruled the demurrer as to the declaratory relief claim in the Second Amended

16    Complaint. Plaintiff seeks a judicial declaration regarding the legal status and enforceability of

17    Amazon's account suspension practices, gift card redemption restrictions, and data use policies,

18    as further described in the Statement of Facts.

19    **C.2 SECOND CAUSE OF ACTION**

20    (False Advertising – Against Amazon.com Services LLC)

21    California Business and Professions Code § 17500

22    **a. Incorporation by Reference**

23        Plaintiff re-alleges and incorporates by reference all preceding paragraphs, particularly

24    those concerning Amazon's account registration process, usage restrictions, data privacy

25    practices, and consumer-facing representations. This cause of action corresponds to the Second

26    Cause of Action in the Second Amended Complaint (SAC), as preserved and further supported

27    by additional factual detail in this Third Amended Complaint (TAC).

28    **b. Legal Basis**

1    Under California Business and Professions Code § 17500, it is unlawful for any person or

2    entity, in California, to make or disseminate in any advertising medium—including websites,

3    labels, or commercial messages—any statement which is false or misleading, and which is

4    known or should be known to be false or misleading, for the purpose of inducing the public to

5    purchase goods or services.

6    This includes not only explicit falsehoods, but also misleading omissions, ambiguous

7    phrasing, structural deception, or promises inconsistent with actual business practices.

8    **c. Misleading Statements Made by Amazon**

9    Amazon made and continues to make the following consumer-facing representations

10    across its website interfaces and privacy policy pages:

11    "We take your privacy seriously"

12    "You have choices about how your data is used"

13    "You can view your account transparency records"

14    "We have built privacy into our services from the ground up"

15    "We work every day to earn your trust"

16    "We provide customers with transparency and control over their data"

17    These statements appear repeatedly as marketing slogans, policy headers, and registration

18    prompts, creating the impression that Amazon is a trustworthy platform where users can safely

19    engage, retain control over their information, and expect transparency in data handling.

20    However, in practice:

21    Plaintiff was not given any ability to control, review, export, modify, or delete personal

22    data after submission;

23    Amazon used Plaintiff's submitted data for cross-account matching and punitive

24    enforcement without disclosure or consent;

25    The account suspension process lacked human review, clear standards, or any remedy

26    mechanism;

27    The "account transparency record" feature was entirely unavailable and non-functional

28    for Plaintiff.

1   These discrepancies render Amazon's public-facing promises misleading, deceptive, and

2   materially inconsistent with its actual platform operations.

3   **d. Plaintiff's Justifiable Reliance and Harm**

4   While registering the second Amazon account (using the email address

5   [529370228@qq.com] and submitting verification information, Plaintiff repeatedly

6   encountered keywords and statements such as "privacy," "security," and "user control."

7   Although Plaintiff lacked full English proficiency, these messages created a reasonable belief

8   that Amazon's systems were safe and controllable.

9   Had Plaintiff known that the platform was operating under a unilateral, non-transparent,

10  and punitive structure—where submitted data would be used to link accounts and enforce

11  permanent suspension—Plaintiff would not have registered the new account or uploaded any

12  identifying documents.

13  Plaintiff's reliance on these representations was not merely abstract; it directly influenced

14  Plaintiff's decision to submit sensitive personal data, which ultimately led to concrete harm—

15  namely, account termination, monetary loss, and psychological distress.

16  **e. Relief Requested**

17  Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

18  below.

19  **C.3 THIRD CAUSE OF ACTION**

20  (Unjust Enrichment – Against Amazon.com Services LLC)

21  California Quasi-Contract Doctrine

22  **a. Incorporation by Reference**

23  Plaintiff re-alleges and incorporates by reference all preceding paragraphs, including those

24  describing Plaintiff's provision of funds, personal data, and participation in Amazon's

25  verification and appeal process.

26  **b. Legal Basis**

27  Under California law, unjust enrichment is a quasi-contractual doctrine that applies when

28  one party unjustly retains a benefit at the expense of another. Although not always pled as an

1   independent cause of action, California courts recognize unjust enrichment as a valid basis for

2   restitution where no adequate legal remedy exists and retention of benefit would be inequitable.

3   **c. Conduct by Amazon Leading to Enrichment**

4   Amazon.com Services LLC induced Plaintiff to submit payment and personal information

5   under the belief that doing so would lead to account reinstatement and service access.

6   Specifically:

7   Plaintiff submitted multiple verification materials as requested by Amazon's system

8   prompts;

9   Plaintiff's submissions included sensitive identifying documents and data;

10  Amazon retained both the monetary funds (through gift card balance) and the submitted

11  personal data;

12  Plaintiff received no service or benefit in return, and no path to appeal or restitution.

13  **d. Inequity of Retaining Benefit Without Performance**

14  Despite receiving both monetary and informational value, Amazon:

15  Failed to review Plaintiff's materials meaningfully;

16  Permanently terminated Plaintiff's account without explanation or remedy;

17  Retained the full gift card balance and user data.

18  Such conduct constitutes unjust enrichment, as it allowed Amazon to retain economic and

19  strategic benefit from Plaintiff without providing the expected or implied reciprocal benefit.

20  **e. Relief Requested**

21  Plaintiff seeks restitution of all funds unjustly retained, including the full gift card balance,

22  and any other relief the Court deems appropriate under principles of equity.

23  **C.4 FOURTH CAUSE OF ACTION**

24  (Violation of the California Consumer Privacy Act (CCPA) and the California Privacy

25  Rights Act (CPRA) – Improper Notice at Collection) Cal. Civ. Code §1798.100 et seq. –

26  Against Amazon.com Services LLC

27  **a. Incorporation by Reference**

28  Plaintiff re-alleges and incorporates by reference all preceding paragraphs, particularly

1    those describing the submission of personal information to Amazon at the direction of

2    automated prompts, and Amazon's failure to provide adequate notice regarding the collection,

3    purpose, and use of such information. This cause of action is separately asserted under the

4    California Consumer Privacy Act (CCPA) and California Privacy Rights Act (CPRA) for

5    violations arising at the time of collection, and is distinct from the Sixth Cause of Action

6    concerning improper use and post-collection rights violations.

7        **b. Legal Standing and Applicability**

8        Plaintiff is a "California resident" as defined by Cal. Civ. Code §1798.140(g), and resided

9    in California at the time of all relevant data transactions. Defendant Amazon.com Services LLC

10   is a "business" under §1798.140(d) that collected personal information from Plaintiff while

11   providing online services within the state.

12       **c. Violations of the CCPA / CPRA at the Time of Collection**

13       Amazon violated Plaintiff's statutory rights under the CCPA and CPRA in the following

14   ways:

15       1. Failure to Provide Proper Notice at Collection (§1798.100(b)):

16       Amazon collected Plaintiff's personal data—including full name, mailing address, phone

17   number, email address, gift card images, bank account digits, and payment receipts—without

18   providing a clear and conspicuous "Notice at Collection" explaining:

19       - What categories of personal information were being collected;

20       - The purposes for which the information would be used;

21       - Whether it would be used for fraud analysis, identity risk scoring, or punitive

22   enforcement actions.

23       2. No Summary or Consent Mechanism:

24       During submission of the above information, Amazon failed to provide a clickable privacy

25   notice, pop-up disclaimer, opt-in checkbox, or translated explanation. The only reference to

26   data practices was a vague sentence—"please review our Privacy Policy"—without an

27   accompanying link, summary, or confirmation request.

28       3. Violation of §1798.110 and §1798.115:

1    Amazon did not disclose the categories of personal information it collected from Plaintiff

2    or the specific third parties (internal or external) with whom it might be shared, nor did it

3    provide an accessible description of Plaintiff's data rights.

4    4. Violation of §1798.130(a):

5    At no point during or after the collection of this data did Amazon provide a mechanism

6    by which Plaintiff could access, review, or confirm the submitted information.

7    5. Deceptive Collection Environment:

8    The system language—such as "This is required to remove the hold on your account"—

9    induced Plaintiff to submit highly sensitive personal information under the false impression

10   that the information was necessary and would only be used to restore access. The lack of any

11   notice of secondary use constitutes a material omission.

12   **d. Resulting Harm**

13   As a direct and proximate result of these statutory violations, Plaintiff submitted sensitive

14   personal information without knowing or agreeing to how it would be used. The subsequent

15   use of this data to terminate Plaintiff's account, freeze gift card balances, and deny access to

16   personal records compounded the injury. Plaintiff was further deprived of dignity, autonomy,

17   and meaningful choice in managing their personal information, resulting in emotional distress

18   and loss of essential resources.

19   **e. Relief Requested**

20   Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

21   below.

22   **C.5 FIFTH CAUSE OF ACTION**

23   (Violation of the California Consumers Legal Remedies Act – Cal. Civ. Code §1770 et

24   seq.)

25   Against Defendant Amazon.com Services LLC ("Amazon")

26   **a. Incorporation by Reference**

27   Plaintiff re-alleges and incorporates by reference all preceding paragraphs, particularly

28   those describing Amazon's misleading system prompts, concealment of account restrictions,

and deceptive reassurances made during appeal processes. This cause of action corresponds to the Fifth Cause of Action in the SAC and is preserved here with greater factual specificity. On May 20, 2025, Plaintiff served a formal CLRA notice pursuant to Civil Code §1782(a). Defendants acknowledged receipt but did not offer to correct or remedy the alleged violations within 30 days. Accordingly, Plaintiff now properly seeks both injunctive and monetary relief under the CLRA.

**b. Legal Basis**

1. The California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §1770 et seq., prohibits unfair and deceptive acts or practices in transactions intended to result in the sale or lease of goods or services to consumers.

2. Plaintiff is a "consumer" as defined by Civil Code §1761(d), and Amazon's provision of gift card-related services and account access is covered by the CLRA.

3. Amazon's conduct violates the following provisions of Civil Code §1770(a):

(5) Misrepresenting that services have characteristics or benefits they do not have;

(7) Misrepresenting that services are of a particular standard, quality, or grade when they are not;

(9) Advertising services with the intent not to provide them as advertised;

(14) Representing that a transaction confers or involves rights or remedies that it does not actually confer.

**c. Specific Violations**

Amazon committed multiple deceptive and unlawful practices, including:

**c.1. Misleading System Language**

Amazon used prompts such as:

"This is required to remove the hold on your account."

"This can help remove the hold on your account more quickly."

These statements appeared on account verification pages and led Plaintiff to believe that uploading documents such as billing address, phone number, ID, and payment proof would result in account reinstatement.

1    **c.2. No Review or Appeal Mechanism**

2    Plaintiff fully complied with submission instructions. In return, Amazon responded:

3    "We reviewed the information you submitted but it was insufficient to remove the hold on

4    your account."

5    No criteria were disclosed, no human review was offered, and no opportunity to

6    supplement or appeal the decision was provided.

7    **c.3. False Data Control Representations**

8    Amazon advertises "data transparency," "privacy control," and "account access logs." But

9    once Plaintiff's account was suspended, all access to submitted data, account contents, and

10   appeal records was blocked—without notice, remedy, or due process.

11   **d. Reliance and Harm**

12   1. Plaintiff reasonably relied on Amazon's representations and, acting in good faith,

13   submitted sensitive information that included:

14   Government-issued ID;

15   Phone number and billing address;

16   Screenshots of gift card transactions and bank account details.

17   2. As a result, Plaintiff suffered:

18   Loss of access to account data, contents, and evidence;

19   Emotional trauma from being misled, punished for cooperation, and systemically denied

20   recourse.

21   **e. CLRA Notice Compliance**

22   1. On May 20, 2025, Plaintiff served a formal notice of violation to both Defendants—

23   ACI Gift Cards LLC and Amazon.com Services LLC—via their shared registered agent,

24   Corporation Service Company, located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento,

25   California. The notice identified specific violations under Civil Code §1770 and requested

26   correction.

27   2. On June 20, 2025, counsel for ACI responded via letter, expressly denying all

28   allegations and refusing to offer any correction, refund, or remedial action. Amazon.com

1    Services LLC did not respond at all and likewise failed to cure any of the alleged violations

2    within the statutory 30-day period.

3         3. Accordingly, Plaintiff has fully complied with the requirements of Civil Code §1782

4    and now properly seeks actual damages, punitive damages, injunctive relief, and attorneys' fees

5    and costs under the CLRA.

6         **f. Relief Requested**

7         Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

8    below.

9         **C.6 SIXTH CAUSE OF ACTION**

10        (Violation of the California Consumer Privacy Act (CCPA) and California Privacy Rights

11   Act (CPRA) – Improper Secondary Use and Denial of Consumer Rights) Cal. Civ. Code

12   §1798.100 et seq. – Against Defendant Amazon.com Services LLC

13        **a. Incorporation by Reference**

14        Plaintiff hereby re-alleges and incorporates by reference all prior paragraphs of this

15   Complaint as if fully set forth herein. This cause of action addresses Amazon's unlawful

16   handling of Plaintiff's personal information after collection, including unauthorized secondary

17   use, identity matching, account enforcement, and denial of statutory rights under the CCPA and

18   CPRA. It is distinct from the Fourth Cause of Action, which addresses Amazon's failure to

19   provide notice at the time of collection.

20        **b. Legal Standing and Applicability**

21        Plaintiff is a "California resident" as defined under Cal. Civ. Code §1798.140(g), having

22   resided in San Francisco, Palo Alto, and Los Angeles County in 2024. Defendant Amazon.com

23   Services LLC is a regulated "business" under the CCPA/CPRA that collected and processed

24   Plaintiff's personal information during its operations in California.

25        **c. Specific Violations of the CCPA / CPRA**

26        1. Violation of §1798.100(c): Overcollection and Lack of Purpose Limitation

27        Amazon collected sensitive personal information (e.g., gift card photos, payment receipts,

28   phone number, address, bank card digits) ostensibly for account verification, but then used the

1  information to perform cross-account identity matching and punitive enforcement actions—a

2  secondary purpose not disclosed or necessary to fulfill the stated verification function.

3      2. Violation of §1798.110(c) and §1798.115: Undisclosed Secondary Use

4      Plaintiff was never informed that submitted information would be used for risk scoring,

5  internal flagging, or enforcement. Amazon unilaterally used the data to permanently link and

6  terminate a newly opened account without any opportunity to object, review, or understand the

7  criteria.

8      3. Violation of §1798.120: Failure to Provide Opt-Out or Consent Mechanism

9      Amazon provided no mechanism to opt out of the use or sharing of Plaintiff's personal

10  data for enforcement or cross-account linking purposes, in violation of Plaintiff's right to limit

11  use of sensitive information.

12      4. Violation of §1798.130(a)(5), (a)(6): Denial of Access, Correction, and Deletion Rights

13      After suspending Plaintiff's account, Amazon denied all access to previously submitted

14  personal data, account information, and order history. Plaintiff had no means to view, correct,

15  or delete the data that had been used against them.

16      5. Violation of §1798.150(a): Unauthorized Use and Injury

17      Amazon's handling of Plaintiff's personal information—without proper notice, consent,

18  or recourse—constitutes a violation entitling Plaintiff to statutory damages or actual damages

19  resulting from the misuse.

20      6. False and Misleading Privacy Branding

21      Throughout its user interface and policy pages, Amazon made repeated promises such as

22  "We take your privacy seriously," "You control your data," and "We provide transparency and

23  choice." These representations created a false impression that users could manage and control

24  how their data was used, when in fact Plaintiff had no control, no access, and no recourse after

25  submitting the data.

26  **d. Resulting Harm**

27      As a result of Amazon's systemic violations of the CCPA and CPRA, Plaintiff suffered

28  irretrievable loss of access to personal information and prepaid funds, was subjected to

1  unilateral and opaque account enforcement, and experienced lasting psychological injury.

2  Amazon's practices deprived Plaintiff of the legally guaranteed rights of access, correction,

3  deletion, and informed consent, causing material, emotional, and dignity-based harm.

4      **e. Relief Requested**

5      Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

6  below.

7      **C.7 SEVENTH CAUSE OF ACTION**

8      (Violation of California Unfair Competition Law – Cal. Bus. & Prof. Code §17200 et seq.)

9      Against Defendant Amazon.com Services LLC ("Amazon")

10      **a. Incorporation by Reference**

11      Plaintiff re-alleges and incorporates by reference all preceding paragraphs. This cause of

12  action corresponds in part to the Sixth Cause of Action in the Second Amended Complaint,

13  which asserted violations of the Federal Trade Commission Act and the Unfair Competition

14  Law. The UCL component is preserved here and expanded, while the FTC Act allegations have

15  been incorporated as predicate unlawful conduct under the "unlawful" prong.

16      **b. Legal Basis**

17      California Business and Professions Code §17200 prohibits three categories of unlawful

18  business conduct:

19      1. Unlawful practices – acts that violate other statutes, regulations, or laws;

20      2. Unfair practices – conduct that is immoral, unethical, oppressive, or substantially

21  injurious to consumers;

22      3. Fraudulent practices – conduct that is likely to mislead members of the public.

23      Amazon, through its account suspension system, identity verification process, data

24  collection practices, opaque internal procedures, and lack of user recourse, engaged in systemic,

25  undisclosed, and one-sided data handling operations. These practices caused Plaintiff, a

26  linguistically and situationally vulnerable consumer, to suffer deception, loss of control over

27  personal data, and measurable harm. Amazon's conduct satisfies all three categories of

28  unlawful, unfair, and fraudulent business practices.

**c. Specific Allegations of Unfair Competition**

**c.1. Fraudulent Business Practices**

1. Amazon repeatedly used misleading language in its system messages, such as "This is required to remove the hold on your account" and "If you promptly submit this form... we may be able to remove the hold more quickly," inducing Plaintiff to believe that submitting documents would lead to account restoration;

2. In practice, Amazon never disclosed any restoration criteria, failed to provide any human review process, and used the submitted materials solely for identity matching and punitive enforcement;

3. Plaintiff's account was permanently terminated, and all submitted materials were withheld from review, download, or deletion;

4. Amazon widely advertised data control features such as "transparency," "privacy control," and "account transparency logs," but Plaintiff was never provided access to such features or any interface to verify or control data usage;

5. The disparity between Amazon's promotional language and its actual system behavior misled Plaintiff into forming trust-based expectations that directly resulted in harm.

**c.2. Unfair Business Practices**

1. Plaintiff, facing language barriers and mental health challenges, depended heavily on Amazon for essential purchases, yet Amazon subjected Plaintiff to multiple rounds of account suspension, repeated document submission, and denial of assistance;

2. Each submission of sensitive data—including name, phone number, address, and the last four digits of Plaintiff's bank account—resulted in either rejection or escalated account penalties, never in restoration;

3. After final suspension, Plaintiff lost all access to account contents, including order history, balance information, appeal records, and submitted documents;

4. Amazon offered no human contact point, response mechanism, or data access path, leaving Plaintiff entirely disempowered and unable to meaningfully participate in the process;

5. These actions violate consumers' reasonable expectations of fairness, transparency, and

1   proportionality, and contradict the CPRA's mandates on data minimization and purpose

2   limitation.

3   **c.3. Unlawful Business Practices**

4   Amazon's conduct further constitutes unlawful business practices by violating the

5   following statutes:

6   California Consumer Privacy Act / Privacy Rights Act (CCPA/CPRA) – Civ. Code

7   §1798.100 et seq.: Failure to disclose intended purposes for data collection, cross-account

8   identity matching, and punitive use of sensitive information;

9   Consumer Legal Remedies Act (CLRA) – Civ. Code §1770: Misrepresenting the nature

10  of data control and user privacy;

11  False Advertising Law (FAL) – Bus. & Prof. Code §17500: Advertising data rights and

12  tools that do not exist in practice;

13  Common law fraud and fraudulent concealment principles – including use of misleading

14  system design and concealment of adverse consequences;

15  Section 5 of the Federal Trade Commission Act (15 U.S.C. §45) – While not enforceable

16  through private action, its standards regarding unfair and deceptive practices inform the scope

17  of violations under California UCL.

18  Note: Plaintiff acknowledges that the FTC Act does not confer a private right of action,

19  and cites it only to illustrate the prevailing standards of business ethics and data handling

20  expectations that Amazon failed to meet.

21  **d. Harm Suffered**

22  As a direct result of Amazon's conduct, Plaintiff suffered the following harm:

23  Forfeiture of over \$1,600 in gift card balances;

24  Total loss of access to account data, including orders, redemption records, and personal

25  documents;

26  Unauthorized and undisclosed use of submitted personal data for punitive identity

27  matching;

28  Humiliation and psychological distress from being punished after cooperating with

1    instructions;

2         Worsening of anxiety and depression, culminating in a medical diagnosis of PTSD in

3    September 2024.

4         **e. Relief Requested**

5         Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

6    below.

7         **C.8 EIGHTH CAUSE OF ACTION**

8         (Promissory Fraud – Against Amazon.com Services LLC)

9         **a. Incorporation by Reference**

10        Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

11        This cause of action arises from Amazon's false promises and misleading reassurances—

12   such as statements implying that uploading documents would lead to account reactivation—

13   made with no intent to perform.

14        It is one of several claims derived from the Seventh Cause of Action in the Second

15   Amended Complaint (SAC), now separated into distinct fraud theories in this Third Amended

16   Complaint (TAC).

17        **b. Legal Basis and Elements**

18        Under California common law, Promissory Fraud occurs when:

19        A party makes a promise with no intention of performing it;

20        The promise is made to induce reliance by another;

21        The promisee reasonably relies on that promise;

22        As a result, the promisee suffers damage.

23        All elements of promissory fraud are met in this case.

24        **c. Amazon's Fraudulent Promises**

25        While using a second Amazon account (registered with email address

26   [529370228@qq.com], Plaintiff received system notifications indicating the account was

27   temporarily suspended due to "unusual payment activity." Amazon's system prompted Plaintiff

28   to submit identity and payment information in order to restore access. The messages included:

1    "This is required to remove the hold on your account"

2    "If you promptly submit this form and attach a supporting document, we may be able to

3    remove the hold more quickly"

4     "We have temporarily placed your account on hold so we could review it with you"

5    These messages clearly conveyed a promise—or at minimum, a strong expectation—that

6    account access could be restored upon submission of requested documents.

7    Relying on these representations, Plaintiff submitted extensive personal information on

8    two occasions, including: full name, phone number, email address, billing address, front and

9    back images of gift cards, purchase receipts, and the last four digits of a bank account number.

10   In reality, Amazon never initiated any meaningful review process. Its system issued an

11   automated reply after a fixed delay stating "information submitted is insufficient," without

12   specifying what was missing or offering a channel for correction. Ultimately, Amazon

13   permanently banned the account based on identity matching or "internal determination,"

14   without human interaction, explanation, or appeal.

15   Moreover, Plaintiff's purchases were made entirely through lawful and verifiable

16   channels—using U.S.-issued debit cards, at well-known national retailers including Walgreens

17   and CVS, and from locations within the United States. Had Amazon conducted any genuine or

18   good-faith review, it would have easily determined that no fraudulent or suspicious activity had

19   occurred. The continued classification of Plaintiff as "high-risk," despite this, proves that no

20   substantive review was ever intended or performed—and that Amazon's recovery prompts

21   were knowingly false and designed to induce disclosure.

22   These misleading prompts were not accidental or isolated. They were embedded in

23   Amazon's automated workflows, demonstrating a structured and intentional deception strategy.

24   **d. Plaintiff's Justifiable Reliance and Harm**

25   Due to language barriers and extreme financial and psychological distress, Plaintiff

26   reasonably relied on Amazon's representations. Plaintiff believed that full compliance with the

27   instructions would result in account restoration and access to essential funds.

28   Had Amazon disclosed that the submission process was not intended to restore the account,

1    Plaintiff would not have shared sensitive personal data or engaged further with the platform.

2        As a direct result of this reliance:

3        Plaintiff's second account was permanently closed;

4        The gift card balance was forfeited without recourse;

5        Submitted personal data was used for punitive identity matching;

6        Plaintiff lost control over sensitive information;

7        Plaintiff experienced worsening psychological harm, further hardship, and severe

8    emotional distress.

9        **e.Relief Requested**

10       Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

11   below.

12       **C.9 NINTH CAUSE OF ACTION**

13       (Fraudulent Misrepresentation – Against Amazon.com Services LLC)

14       **a. Incorporation by Reference**

15       Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

16       This claim addresses Amazon's affirmative misstatements about privacy protections,

17   account restoration procedures, and the general use and security of customer data.

18       It is also part of the Seventh Cause of Action in the SAC, now individually pleaded to

19   specify the nature of the fraud involved.

20       **b. Legal Basis and Elements**

21       Under California common law, a claim for Fraudulent Misrepresentation requires the

22   following elements:

23       1. The defendant made a specific representation;

24       2. The representation was false or misleading at the time it was made;

25       3. The defendant knew it was false, or made it without reasonable grounds for believing

26   it was true;

27       4. The defendant intended to induce the plaintiff to rely on it;

28       5. The plaintiff justifiably relied on the representation and suffered damages as a result.

1    All of these elements are satisfied in this case.

2    **c. Amazon's Fraudulent Representations**

3    During the registration and use of Plaintiff's second Amazon account, Amazon repeatedly

4    made the following representations across its website, account settings, privacy policy pages,

5    and system prompts:

6    "We take your privacy seriously"

7    "You have choices about how your information is used"

8    "You can view your account transparency records"

9    "We provide customers with transparency and control"

10    "We have built privacy into our services from the ground up"

11    These statements were not abstract brand marketing, but specific representations

12    concerning data governance, user rights, and procedural transparency. They functioned as

13    inducements for Plaintiff and other consumers to register, provide sensitive personal

14    information, and engage with Amazon's services in reliance on those commitments.

15    In practice, however:

16    Plaintiff was never granted access, correction, or deletion rights over submitted personal

17    data;

18    The so-called "account transparency records" were never made available;

19    Plaintiff's information was used for undisclosed cross-account identity matching and

20    enforcement purposes;

21    The account suspension process was entirely opaque, with no standards, interaction,

22    explanation, or feedback.

23    Amazon knew that its internal processes did not and could not deliver the promised user

24    control, privacy visibility, or data autonomy. Despite this, Amazon repeatedly made these false

25    representations to induce reliance, constituting fraudulent misrepresentation.

26    **d. Plaintiff's Justifiable Reliance and Resulting Harm**

27    Although Plaintiff lacked full English proficiency, they reasonably understood key

28    phrases such as "privacy," "security," and "control" while registering the second account and

1  uploading verification materials. These phrases appeared prominently throughout Amazon's

2  interface, reinforcing Plaintiff's trust in the platform.

3      Relying on these representations, Plaintiff:

4      Believed their personal information would be protected and its use would be transparent;

5      Trusted that account suspension was a reversible process subject to fair review;

6      Submitted sensitive identity data and recharged over \$900 in gift card value;

7      Continued engaging with Amazon in good faith.

8      As a direct consequence of this reliance:

9      The second account was permanently closed;

10     The entire gift card balance was forfeited;

11     Plaintiff's identity data was repurposed without access, notice, or recourse;

12     No transparency log, audit trail, or data review was ever provided;

13   Plaintiff suffered prolonged emotional harm and was later diagnosed with PTSD.

14     **e. Relief Requested**

15     Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

16  below.

17     **C.10 TENTH CAUSE OF ACTION**

18     (Fraudulent Concealment / Omission – Against Amazon.com Services LLC)

19     **a.Incorporation by Reference**

20     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

21     This cause of action is based on Amazon's concealment of critical information—such as

22  the internal use of submitted identity data for cross-account enforcement, lack of actual manual

23  review, and the impossibility of appeal.

24     This was previously part of the SAC's Seventh Cause of Action and is now separately

25  identified in the TAC to satisfy pleading specificity.

26     **b. Legal Basis and Elements**

27     Under California common law, Fraudulent Concealment occurs when:

28     1. The defendant had exclusive knowledge of material facts and a duty to disclose them;

1    2. The defendant intentionally failed to disclose those facts;

2    3. The defendant intended to induce reliance on the resulting misimpression;

3    4. The plaintiff justifiably relied on the absence of disclosure and took action;

4    5. The plaintiff suffered damages as a result.

5    A duty to disclose arises especially when:

6    The defendant occupies a position of superior knowledge or power;

7    The withheld information would have affected the transaction;

8    The defendant made representations that were misleading absent disclosure.

9    All of these elements are satisfied in this case.

10   **c. Amazon's Intentional Omissions**

11   While Plaintiff's second Amazon account was temporarily suspended, Amazon's system

12   directed Plaintiff to submit personal and payment information to restore access. The

13   instructions included:

14   Full name, mailing address, phone number, and email;

15   Last four digits of a bank account, payment receipts, and gift card photos.

16   The accompanying language included:

17   "This is required to remove the hold on your account"

18   "If you promptly submit this form and attach a supporting document, we may be able to

19   remove the hold more quickly"

20   These representations created a reasonable expectation that compliance would lead to

21   account restoration. However, Amazon failed to disclose:

22   That the submitted data would be used for cross-account identity matching;

23   That if Amazon detected a match with a previously suspended account, the new account

24   would be permanently terminated;

25   That the entire "review process" was automated, had no human oversight, and served

26   primarily as an enforcement tool, not a path to account reinstatement;

27   What specific data fields, matching criteria, or internal rules governed these

28   determinations.

1    Additionally, Amazon's registration workflow and privacy policies contained no

2    disclosures about such uses. Its Terms of Service merely stated, "Please review our Privacy

3    Notice," without offering a direct link, summary, or interactive prompt. At no point was

4    Plaintiff required to review or affirmatively consent to these uses.

5    This structured concealment deprived Plaintiff of the opportunity to make an informed

6    decision and induced submission of sensitive data under false premises, constituting fraudulent

7    omission.

8    **d. Plaintiff's Justifiable Reliance and Harm**

9    Plaintiff reasonably relied on Amazon's system prompts and privacy-themed branding to

10   believe that the submitted data would be used solely for account verification and recovery

11   purposes. Acting in reliance, Plaintiff submitted highly sensitive personal information on two

12   occasions, including billing address, bank details, and gift card credentials.

13   Had Amazon disclosed the true purpose of this data—namely, to conduct punitive cross-

14   account matching that could result in irreversible suspension—Plaintiff would never have

15   submitted the information or continued using the platform.

16   As a direct result of this concealment:

17   Plaintiff's new account was permanently terminated;

18   Gift card funds became inaccessible and unrecoverable;

19   Personal information was repurposed without consent or recourse;

20   Plaintiff lost all access to submitted data and was denied correction or deletion;

21   Plaintiff experienced severe emotional distress and was later diagnosed with PTSD.

22   **e.Relief Requested**

23   Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

24   below.

25   **C.11 ELEVENTH CAUSE OF ACTION**

26   (Conversion – Against Amazon.com Services LLC)

27   **a. Incorporation by Reference**

28   Plaintiff re-alleges and incorporates by reference all preceding paragraphs, including those

1  describing the submission of payment and personal data to Amazon, and the subsequent loss

2  of access to gift card balances following account suspension.

3  **b. Legal Basis**

4  Under California common law, Conversion occurs when:

5  1. Plaintiff owns or has the right to possess personal property;

6  2. Defendant intentionally and substantially interferes with that property—by taking

7  possession, exercising control, or refusing to return it;

8  3. Plaintiff suffers harm as a result.

9  Each of these elements is satisfied in this case.

10  **c. Conduct by Amazon**

11  Plaintiff lawfully purchased and activated Amazon.com gift cards totaling over \$1,600

12  using personal funds, which were then loaded into Plaintiff's Amazon account and became

13  Plaintiff's personal property.

14  After Amazon suspended Plaintiff's accounts in July and August 2024, it froze all gift card

15  balances, refused to issue refunds, and denied Plaintiff any access to the funds.

16  Despite Plaintiff's submission of identity verification, receipts, and repeated good-faith efforts

17  to restore the account or retrieve the funds, Amazon never confirmed whether the balances

18  remained intact, nor provided a path to recovery.

19  Amazon intentionally exercised dominion and control over Plaintiff's funds without legal

20  justification, thereby committing conversion.

21  **d. Resulting Harm**

22  As a result of Amazon's conversion, Plaintiff was deprived of essential funds intended for

23  survival needs including food and shelter. The inability to access or reclaim this personal

24  property caused Plaintiff financial hardship, emotional trauma, and contributed to the

25  development of PTSD, as diagnosed in September 2024.

26  **e. Relief Requested**

27  Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

28  below.

**C.12 TWELFTH CAUSE OF ACTION**

(Intentional Infliction of Emotional Distress – Against Amazon.com Services LLC)

**a. Incorporation by Reference**

Plaintiff re-alleges and incorporates by reference all preceding paragraphs, particularly those concerning repeated account suspensions, misleading system messages, misuse of identity information, and Amazon's refusal to provide any meaningful remedy. Plaintiff suffered emotional and psychological injuries as a result, including a diagnosis of Post-Traumatic Stress Disorder (PTSD).

This is a new cause of action introduced for the first time in this Third Amended Complaint. Although Plaintiff previously alleged emotional harm in the SAC, it was not pleaded as a separate claim. It is now separately asserted to address Amazon's extreme and outrageous conduct and the severe mental distress inflicted.

**b. Legal Basis and Elements**

Under California common law, Intentional Infliction of Emotional Distress (IIED) requires:

1. The defendant engaged in extreme and outrageous conduct;

2. The defendant intended to cause emotional distress, or acted with reckless disregard for the likelihood of causing such distress;

3. The plaintiff suffered severe emotional distress as a direct result.2. Amazon's Extreme and Outrageous Conduct

**c. Amazon's Extreme and Outrageous Conduct**

Amazon engaged in a pattern of conduct that demonstrated reckless disregard for fundamental standards of fairness and accountability in a civilized society. Specifically:

False Promises of Account Restoration: Amazon's system repeatedly stated, "This is required to remove the hold on your account" and "If you promptly submit this form… we may be able to remove the hold more quickly." These statements gave Plaintiff a reasonable expectation that account recovery was possible. However, despite full compliance and multiple submissions of identity documents, Amazon provided only automated denials with no

1    explanation, no human intervention, and no appeals process.

2    Misuse of Sensitive Personal Information: Amazon induced Plaintiff to submit full legal

3    name, email, phone number, physical address, partial bank account details, payment receipts,

4    and gift card photos. While these submissions were framed as necessary for account recovery,

5    they were actually used to match Plaintiff with a previously suspended account and

6    permanently ban the new account, forfeiting all balances.

7    Complete Deprivation of Access and Control: Following the suspensions, Plaintiff was

8    denied any access to their Amazon account, transaction records, or stored gift card balances.

9    No refund process, data export, or dispute resolution mechanisms were available, leaving

10   Plaintiff in a state of helplessness.

11   Willful Disregard for Plaintiff's Pleas and Vulnerability: Plaintiff directly informed

12   Amazon—via written messages on July 2 and July 5, 2024—that they were a non-English-

13   speaking recent visitor to the U.S. who had suffered multiple robberies and was experiencing

14   a humanitarian crisis. Despite knowing that Plaintiff depended on Amazon to access food and

15   basic necessities, Amazon ignored these warnings and continued to escalate punitive actions.

16   Amazon's Conduct Toward a Known Vulnerable Individual:Amazon knew or reasonably

17   should have known that Plaintiff was in an acutely vulnerable state—facing language barriers,

18   lacking local support, and experiencing psychological distress—yet proceeded to subject

19   Plaintiff to an automated and non-transparent process that lacked meaningful human oversight

20   and foreseeably caused further harm, including the deprivation of property and dignity.

21   Resulting PTSD Diagnosis: On September 23, 2024, Plaintiff was formally diagnosed

22   with Post-Traumatic Stress Disorder (PTSD) by a licensed mental health professional, directly

23   attributable to the ongoing psychological distress inflicted by Amazon's conduct.

24   **d. Harm and Distress Suffered**

25   As a direct result of Amazon's intentional and reckless conduct, Plaintiff suffered:

26   Continuous panic, insomnia, and uncontrollable anxiety;

27   Severe emotional breakdown, loss of dignity, and helplessness;

28   Long-term fear and distrust of digital platforms and systems;

1    Official PTSD diagnosis and the need for ongoing psychological treatment.

2    As a result of Defendant's conduct, Plaintiff suffered not only severe emotional distress,

3    but also a significant diminishment in the enjoyment of daily life. Plaintiff experienced ongoing

4    anxiety, social withdrawal, and inability to engage in routine activities that previously brought

5    purpose and satisfaction.

6    **e. Relief Requested**

7    Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief

8    below.

9    **D. PRAYER FOR RELIEF (as to Amazon.com Services LLC)**

10   Plaintiff respectfully requests that the Court grant the following relief:

11   1. Restitution of all frozen or withheld gift card balances (not less than \$1,600);

12   2. General and special damages for emotional distress, disruption of daily life, and loss of

13   enjoyment of life;

14   3. Compensation for ongoing and future medical expenses, including psychiatric

15   treatment, therapy, and medications related to PTSD and anxiety;

16   4. Damages for lost wages and diminished earning capacity due to prolonged

17   psychological harm;

18   5. Statutory damages under CCPA §1798.150(a), including \$100–\$750 per violation or

19   actual damages, whichever is greater;

20   6. Punitive damages based on Amazon's willful, malicious, and fraudulent conduct,

21   including misrepresentations and concealment;

22   7. Injunctive relief prohibiting Amazon from further deceptive account suspension

23   practices and misuse of identity verification data;

24   8. An order requiring Amazon to disclose its internal matching policies, account review

25   procedures, and data usage protocols;

26   9. Declaratory relief confirming Plaintiff's ownership of the withheld funds and the

27   unlawfulness of Amazon's account and data practices;

28   10. Attorneys' fees and costs as permitted by law, including under the CLRA, CCPA, and

1  UCL;

2     11. Pre-judgment and post-judgment interest as allowed by law;

3     12. A declaration that the conduct alleged in the foregoing causes of action constitutes

4  unlawful, deceptive, or fraudulent activity

5     13. Such other and further relief as the Court deems just and proper.

6     **E.Amazon.com, Inc.**

7     Pursuant to the Court's June 9, 2025 order, no causes of action are asserted against

8  Amazon.com, Inc. in this Complaint. Factual references involving this entity are retained solely

9  for contextual purposes and to preserve the continuity of the allegations.

10  **VII. JURY DEMAND**

11     Plaintiff hereby demands a trial by jury on all issues so triable.

12  **VIII. VERIFICATION AND SIGNATURE**

13     I, Yun Peng, am the Plaintiff in the above-entitled action. I have read the foregoing Third

14  Amended Complaint and know the contents thereof. The same is true of my own knowledge,

15  except as to those matters which are stated on information and belief, and as to those matters,

16  I believe them to be true.

17     I declare under penalty of perjury under the laws of the State of California that the

18  foregoing is true and correct.

19     Executed on: June 22, 2025

20     Location: Rosemead, California

21     Yun Peng

22     _____

23     Plaintiff, In Pro Per

48

POS-050/EFS-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO:<br><br>NAME: Yun Peng<br>FIRM NAME:<br>STREET ADDRESS: 8024 Emerson Pl<br>CITY: Rosemead     STATE: CA     ZIP CODE: 91770<br>TELEPHONE NO.: (669) 329-7691     FAX NO. :<br>E-MAIL ADDRESS: msma529370228@gmail.com<br>ATTORNEY FOR (name): | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**06/24/2025**<br>**Clerk of the Court**<br>BY: JUDITH NUNEZ<br>Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS: 400 McAllister Street<br>CITY AND ZIP CODE:     San Francisco, CA 94102<br>BRANCH NAME: Civic Center Courthouse | |
| PLAINTIFF/PETITIONER: Yun Peng  peng<br><br>DEFENDANT/RESPONDENT: ACI Gift Cards LLC et al. | CASE NUMBER:<br>CGC-24-617965 |
| | JUDICIAL OFFICER:<br>301 |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT:<br>Hon. Christine Van Aken |

1. I am at least 18 years old.
    a. My residence or business address is *(specify):*
        8024 Emerson Pl, Rosemead, CA 91770

    b. My electronic service address is *(specify):*
        msma529370228@gmail.com

2. I electronically served the following documents *(exact titles):*
   Third Amended Complaint; Proof of Electronic Service

    ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:
    a. Name of person served: Michael J. Stortz and K. Taylor Yamahata

        On behalf of *(name or names of parties represented, if person served is an attorney):*
        ACI Gift Cards LLC, Amazon.com Services LLC, Amazon, Inc.

    b. Electronic service address of person served :
        Michael.Stortz@klgates.com  Taylor.Yamahata@klgates.com

    c. On *(date):* june 24,2025

        ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
        *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: June 24, 2025

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Yun Peng
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

**Page 1 of 1**

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-050/EFS-050 [Rev. February 1, 2017] | **PROOF OF ELECTRONIC SERVICE**<br>**(Proof of Service/Electronic Filing and Service)** | Cal. Rules of Court, rule 2.251<br>*www.courts.ca.gov* |

For your protection and privacy, please press the Clear
This Form button after you have printed the form.      [ Print this form ]   [ Save this form ]            [ Clear this form ]

1    YUN PENG
     8024 EMERSON PL
2    ROSEMEAD CA 91770-2429
     669 329 7691
3    msma529370228@gmail.com

4
     YUN PENG, IN PRO PER
5

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**07/21/2025**
**Clerk of the Court**
BY: SANDRA SCHIRO
Deputy Clerk

6              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7                   **FOR THE COUNTY OF SAN FRANCISCO**

8

9    YUN PENG                           )
                                        )
10                  Plaintiff(s),       )
                                        )
11         vs.                          )
                                        )   Case No.: CGC-24-617965
12   ACI Gift Cards LLC, et al.         )
                                        )
13                  Defendant(s).       )   **MOTION FOR LEAVE TO AMEND**
                                        )   **FOURTH AMENDED COMPLAINT**
14                                      )
                                        )
15                                      )
                                        )
16                                      )
                                        )
17   _____)

18   Hearing Date: August 14, 2025

19   Time: 9:00 A.M.

20   Dept: 301

21

22   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23        **PLEASE TAKE NOTICE** that on August 14, 2025, at 9:00 A.M., in Department

24   301 of the above-entitled Court, located at 400 McAllister Street, San Francisco,

25   California, Plaintiff Yun Peng will move this Court for an order granting leave to file a

26   FOURTH Amended Complaint pursuant to California Code of Civil Procedure Section

27   473(a)(1).

28

                                      - 1 -

**PLEASE TAKE FURTHER NOTICE**

**that this Motion is based on this Notice, the** Motion set forth below, the Declaration of Yun Peng filed herewith, the proposed FOURTH Amended Complaint attached hereto as Exhibit A, and on such oral and documentary evidence as may be presented at the hearing.

**TO THE HONORABLE COURT:**

Plaintiff Yun Peng respectfully moves this Court for leave to file a FOURTH Amended Complaint pursuant to California Code of Civil Procedure Section 473(a)(1). This motion seeks to delete the Eighth Cause of Action for Negligent Infliction of Emotional Distress against Defendant Amazon.com Services LLC from the currently operative Fourth Amended Complaint.

I. LEGAL STANDARD

Under California Code of Civil Procedure Section 473(a)(1):

"The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading."

The policy of the law is to liberally allow amendments to pleadings. (Nestle v. Santa Monica (1972) 6 Cal.3d 920, 939.) Courts should permit amendment when:

1. The amendment is not dilatory;

2. The amendment does not prejudice the opposing party; and

3. The amendment serves the interests of justice.

(Atkinson v. Elk Corp. (2003) 109 Cal.App.4th 739, 761.)

II. GROUNDS FOR AMENDMENT

**A. Legal Insufficiency of Negligent Infliction of Emotional Distress Claim**

1. Discovery of Legal Impediment

Upon further legal research and analysis, Plaintiff has learned that the Eighth Cause of Action for Negligent Infliction of Emotional Distress cannot be maintained as an independent cause of action under the specific circumstances of this case.

2. California Law Requirements for NIED

Under California law, Negligent Infliction of Emotional Distress requires specific elements that are not adequately supported by the facts alleged:

- Bystander Theory: Requires witnessing injury to another person

- Direct Victim Theory: Requires breach of duty owed directly to plaintiff

- Special Relationship: Requires particular relationship creating heightened duty

3. Factual Pattern Better Supports Intentional Theory

The conduct alleged against Amazon.com Services LLC demonstrates:

- Deliberate targeting of known vulnerable consumer

- Systematic pattern of harmful conduct

- Conscious disregard for humanitarian circumstances

These facts support intentional rather than negligent infliction of emotional distress.

**B. Promotes Judicial Efficiency and Legal Clarity**

1. Simplified Jury Instructions

Eliminating the redundant negligent infliction claim will:

- Reduce complexity of jury instructions

- Minimize potential jury confusion between similar claims

- Allow focused attention on strongest legal theories

2. Streamlined Discovery and Trial

The amendment will:

- Reduce duplicative discovery requests

- Eliminate need for separate expert testimony on negligence vs. intent standards

- Promote more efficient case resolution

**C. No Prejudice to Defendants**

1. Core Facts Remain Unchanged

The proposed amendment:

- Does NOT add new factual allegations

- Does NOT expand the scope of discovery

- Does NOT prejudice defendants' ability to defend

2. Defendants Retain Full Defense Rights

Defendants will continue to have complete opportunity to:

- Challenge the remaining intentional infliction claim

- Present all available defenses

- Argue against emotional distress damages

**D. Amendment Serves Interests of Justice**

1. Promotes Case Resolution

Streamlining claims will:

- Focus attention on strongest legal theories

- Reduce trial complexity and length

- Promote efficient resolution of legitimate consumer protection issues

2. Protects Vulnerable Consumer Rights

The remaining claims adequately preserve:

- Plaintiff's right to seek emotional distress damages

- Strong legal theories under consumer protection statutes

- Comprehensive relief for Amazon's misconduct

III. PROCEDURAL CONSIDERATIONS

A. Timing is Appropriate

1. Early Stage of Litigation

- Case is still in pleading stage

- Discovery has not commenced

- No trial date has been set

2. Prompt Action

- Motion filed promptly after strategic review

- No delay in prosecution of case

- No impact on case timeline

B. Good Faith Amendment

This amendment represents:

- Genuine legal strategy refinement
- Good faith effort to streamline litigation
- Responsible case management by pro se plaintiff

IV. PROPOSED AMENDMENT

The proposed FOURTH Amended Complaint would:

DELETE: Eighth Cause of Action (Negligent Infliction of Emotional Distress) in its entirety

RENUMBER: Ninth Cause of Action becomes Eighth Cause of Action

MAINTAIN: All other causes of action without substantive change

ADJUST: Prayer for Relief to reflect deletion of negligent infliction claim

V. DECLARATION OF GOOD FAITH

Plaintiff declares under penalty of perjury that this Motion is made in good faith and not for purposes of delay. The amendment is sought because:

1. Legal research revealed that NIED cannot be maintained as independent cause of action under these facts

2. Removal of legally insufficient claims strengthens the overall case presentation

3. Elimination of unsupported legal theories promotes judicial efficiency

4. Focus on viable claims better serves the interests of justice

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. GRANT this Motion for Leave to Amend Fourth Amended Complaint;

2. ORDER that Plaintiff may file the proposed FOURTH Amended Complaint attached hereto as Exhibit A;

3. DELETE the Eighth Cause of Action for Negligent Infliction of Emotional Distress against Amazon.com Services LLC;

4. RENUMBER the remaining causes of action accordingly;

- 5 -

5. SET appropriate deadlines for Defendants' responses to the FOURTH Amended Complaint;

6. AWARD such other relief as this Court deems just and proper.

DATED: July 20, 2025

Respectfully submitted,

_____

YUN PENG

Plaintiff, In Pro Per


VERIFICATION

I, Yun Peng, am the Plaintiff in the above-entitled action. I have read the foregoing Motion for Leave to Amend Fourth Amended Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on: July 20, 2025

Location: Rosemead, California

_____

YUN PENG

Plaintiff, In Pro Per

**PROOF OF SERVICE**

I, Yun Peng, declare that I am over the age of eighteen years and not a party to this action. I served the foregoing Motion for Leave to Amend Fourth Amended Complaint on the parties listed below by the method indicated:

☐ BY MAIL: By placing true copies thereof in sealed envelopes addressed to the persons and at the addresses set forth below and depositing said envelopes in the United States mail with postage thereon fully prepaid.

☐ BY EMAIL: By transmitting true copies thereof via email to the email addresses set forth below.

SERVICE LIST:

Michael R. Stortz, Esq.

K. Taylor Yamahata, Esq.

K&L Gates LLP

Attorneys for Defendants

Email: Michael.Stortz@klgates.com

Email: Taylor.Yamahata@klgates.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on: July 20, 2025

Location: Rosemead, California

_____

YUN PENG

Plaintiff, In Pro Per

YUN PENG
8024 EMERSON PL
ROSEMEAD CA 91770-2429
669 329 7691
msma529370228@gmail.com

YUN PENG, IN PRO PER

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**07/21/2025**
**Clerk of the Court**
BY: SANDRA SCHIRO
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

YUN PENG

                Plaintiff(s),

    vs.

ACI Gift Cards LLC, et al.

                Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: CGC-24-617965

**DECLARATION OF YUN PENG IN SUPPORT OF MOTION FOR LEAVE TO AMEND FOURTH AMENDED COMPLAINT**

Hearing Date: August 14, 2025

Time: 9:00 A.M.

Dept: 301

**I, YUN PENG, declare as follows:**

I. PERSONAL KNOWLEDGE AND STANDING

    1.I am the Plaintiff in the above-entitled action and appear in pro per. I have

personal knowledge of the facts stated in this Declaration, and if called as a witness, I

could and would testify competently thereto.

- 1 -

2.I make this Declaration in support of my Motion for Leave to Amend the Fourth Amended Complaint to delete the Eighth Cause of Action for Negligent Infliction of Emotional Distress against Defendant Amazon.com Services LLC.

## II. LEGAL RESEARCH AND DISCOVERY OF CLAIM DEFICIENCY

3.Extensive Legal Research Conducted: After filing the Fourth Amended Complaint, I conducted extensive legal research regarding the viability of the Negligent Infliction of Emotional Distress ("NIED") claim under California law.

4.California NIED Requirements Discovered: Through my research, I learned that California courts recognize NIED claims only under very specific and limited circumstances, which do not apply to the facts of this case.

5.Bystander Theory Inapplicable: I discovered that the "bystander theory" for NIED requires that a plaintiff witness injury to a third person, typically a close family member. Dillon v. Legg (1968) 68 Cal.2d 728. This theory does not apply to my case since I was the direct target of Amazon's conduct, not a bystander.

6.Direct Victim Theory Requirements Not Met: I learned that the "direct victim theory" requires a breach of duty owed directly to the plaintiff arising from a special relationship that creates a heightened duty of care. Burgess v. Superior Court (1992) 2 Cal.4th 1064. The commercial relationship between Amazon and myself as a customer does not create the type of special relationship required under California law.

7.Zone of Danger Theory Inapplicable: The "zone of danger" theory requires that the plaintiff be in immediate risk of physical harm due to defendant's negligence. Fernandez v. Walgreen Hastings Co. (1968) 68 Cal.2d 768. Amazon's account suspension practices, while causing severe emotional distress, did not place me in a zone of physical danger.

## III. FACTUAL PATTERN SUPPORTS INTENTIONAL THEORY

8.Deliberate Targeting Established: The facts alleged in my complaint demonstrate that Amazon deliberately targeted me as a vulnerable consumer, knowing that I was:

- An asylum seeker facing humanitarian crisis

- A non-English speaking individual with limited resources

- Someone with diagnosed anxiety disorder taking cognitive-affecting medication

- Completely dependent on their platform for essential purchases

9.Systematic Pattern of Conduct: Amazon's conduct was not negligent but rather demonstrated a systematic pattern of:

- Ignoring explicit humanitarian pleas for food access

- Using false promises to extract personal information

- Implementing punitive enforcement despite clear evidence of legitimate purchases

- Refusing to respond to detailed legal warnings citing specific law violations

10.Intent to Cause Distress Evident: Amazon's conduct shows intent to cause emotional distress or, at minimum, reckless disregard for the certainty that such distress would occur, particularly given my explicitly communicated vulnerability.

**IV. LEGAL STRATEGY AND CASE STRENGTHENING**

11.Stronger Legal Theory: The Intentional Infliction of Emotional Distress claim (Seventh Cause of Action) is far stronger under these facts and provides a more appropriate legal framework for the defendant's conduct.

12.Avoiding Legal Insufficiency: By removing the legally insufficient NIED claim, I am strengthening the overall complaint and avoiding potential demurrer challenges that could result in dismissal without leave to amend.

13.Judicial Efficiency: Eliminating the unsupported NIED claim will streamline the case, reduce complexity for the jury, and promote more efficient resolution of the legitimate claims that remain.

V. NO PREJUDICE TO DEFENDANTS

14.Same Factual Foundation: The deletion of the NIED claim does not change any factual allegations in the complaint. All underlying facts remain the same.

15.Reduced Defendant Burden: If anything, the deletion reduces the burden on Defendants by eliminating one claim they would need to defend against.

16.Discovery Unaffected: The scope of discovery remains the same since the factual basis for emotional distress damages is preserved in the intentional infliction claim.

17.Defense Rights Preserved: Defendants retain all rights to challenge the remaining intentional infliction claim and to argue against emotional distress damages.

## VI. TIMING AND GOOD FAITH

18.Prompt Action: This Motion is filed promptly after discovering the legal insufficiency of the NIED claim. There has been no delay in prosecution of this case.

19.Early Stage of Litigation: The case remains in the pleading stage with no discovery commenced and no trial date set. The deletion will not impact any existing case deadlines.

20.Good Faith Amendment: This amendment is made in good faith to strengthen the legal foundation of my case and promote judicial efficiency, not for purposes of delay or harassment.

## VII. PRESERVATION OF EMOTIONAL DISTRESS DAMAGES

21.Complete Relief Available: All emotional distress damages I have suffered, including PTSD diagnosis, medical expenses, work impairment, and ongoing psychological harm, remain fully recoverable under the intentional infliction claim.

22.Medical Evidence Preserved: All medical documentation supporting my emotional distress damages, including psychiatric evaluations, PTSD diagnosis, and treatment records, remains relevant and admissible under the intentional infliction theory.

23.No Reduction in Recovery: The deletion of the NIED claim does not reduce my potential recovery in any way, as both claims sought the same categories of emotional distress damages.

## VIII. LEGAL AUTHORITIES SUPPORTING DELETION

24.California Precedent: California courts have consistently held that NIED claims must fit within established categorical frameworks. Thing v. La Chusa (1989) 48 Cal.3d 644. My claim does not fit these established categories.

25.Policy Considerations: The California Supreme Court has expressed concern about unlimited expansion of NIED liability and has maintained strict requirements to prevent excessive litigation. Burgess, supra, 2 Cal.4th at 1064.

26.Practical Application: Courts regularly dismiss NIED claims that do not meet the strict categorical requirements, even when emotional distress is clearly established. Maintaining the claim would invite unnecessary motion practice and potential dismissal.

## IX. CONCLUSION

27.Legal Necessity: The deletion of the Eighth Cause of Action for Negligent Infliction of Emotional Distress is legally necessary because the claim cannot be sustained under California law given the facts of this case.

28.Strategic Improvement: This amendment improves the strength and clarity of my complaint while maintaining full ability to recover all damages I have suffered.

29.Judicial Efficiency: The amendment serves the interests of justice by eliminating a legally insufficient claim and focusing judicial resources on viable legal theories.

30.Request for Relief: I respectfully request that this Court grant my Motion for Leave to Amend and allow me to file the fourth Amended Complaint with the Eighth Cause of Action deleted.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED ON: July 20, 2025

AT: Rosemead, California

YUN PENG

Plaintiff, In Pro Per

**POS-050/EFS-050**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:      STATE BAR NO:<br><br>NAME:  Yun Peng<br>FIRM NAME:<br>STREET ADDRESS: 8024 Emerson Pl<br>CITY: Rosemead                              STATE: CA    ZIP CODE: 91770<br>TELEPHONE NO.: (669) 329-7691    FAX NO. :<br>E-MAIL ADDRESS: msma529370228@gmail.com<br>ATTORNEY FOR (name):  In Pro Per | *FOR COURT USE ONLY*<br><br>ELECTRONICALLY<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**07/21/2025**<br>**Clerk of the Court**<br>**BY: SANDRA SCHIRO**<br>~~Deputy Clerk~~ |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco |
| STREET ADDRESS:   400 McAllister Street |
| MAILING ADDRESS:  400 McAllister Street |
| CITY AND ZIP CODE:     San Francisco, CA 94102 |
| BRANCH NAME:   Civil Division |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Yun Peng | CASE NUMBER:<br>CGC-24-617965 |
| DEFENDANT/RESPONDENT: ACI Gift Cards LLC el | |
| **PROOF OF ELECTRONIC SERVICE** | JUDICIAL OFFICER: |
| | DEPARTMENT:<br>301 |

1.  I am at least 18 years old.

  a.  My residence or business address is *(specify):*
      8024 Emerson Pl
      Rosemead, CA 91770

  b.  My electronic service address is *(specify):*
      msma529370228@gmail.com

2.  I electronically served the following documents *(exact titles):*
    MOTION FOR LEAVE TO AMEND FOURTH AMENDED COMPLAINT    DECLARATION OF YUN PENG IN SUPPORT OF
    [PROPOSED] ORDER GRANTING MOTION FOR LEAVE TO AMEND FOURTH AMENDED COMPLAINT    EXHIBIT A –
    PROPOSED [FOURTH] AMENDED COMPLAINT

      ☐  The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3.  I electronically served the documents listed in 2 as follows:

  a.  Name of person served:  Taylor Yamahata

      On behalf of *(name or names of parties represented, if person served is an attorney):*
      ACI Gift Cards LLC, Amazon.com Services LLC

  b.  Electronic service address of person served *:*
      Taylor.Yamahata@klgates.com

  c.  On *(date):*  July 20;2025

      ☐  The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
         *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date:  July 20,2025

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Yun Peng
_____                    ► _____
(TYPE OR PRINT NAME OF DECLARANT)                              (SIGNATURE OF DECLARANT)

**Page 1 of 1**

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-050/EFS-050 [Rev. February 1, 2017] | **PROOF OF ELECTRONIC SERVICE**<br>**(Proof of Service/Electronic Filing and Service)** | Cal. Rules of Court, rule 2.251<br>*www.courts.ca.gov* |

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    [ Print this form ]  [ Save this form ]    [ Clear this form ]

1   Michael J. Stortz (SBN 139386)
2   Michael.Stortz@klgates.com
    K. Taylor Yamahata (SBN 347192)
3   Taylor.Yamahata@klgates.com
    K&L GATES LLP
4   Four Embarcadero Center, Suite 1200
    San Francisco, CA 94111
5   Telephone: (415) 882-8200
    Facsimile: (415) 882-8220
6

7   *Attorneys for Defendants*
    ACI GIFT CARDS LLC, AMAZON.COM
8   SERVICES LLC and AMAZON.COM INC.

9

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**07/22/2025**
**Clerk of the Court**
BY: BOWMAN LIU
Deputy Clerk

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF SAN FRANCISCO

12

13  YUN PENG,                              Case No. CGC-24-617965

14          Plaintiff,

15      v.                                 **STIPULATION OF NON-OPPOSITION
                                           TO GRANTING PLAINTIFF YUN PENG
16  ACI GIFT CARDS LLC, AMAZON.COM         LEAVE TO FILE FOURTH AMENDED
    SERVICES LLC, AMAZON.COM INC.,         COMPLAINT**
17
            Defendants.
18
                                           Complaint Filed:   June 24, 2024
19                                         AC Filed:          October 21, 2024
                                           SAC Filed:         March 6, 2025
20                                         TAC Filed:         June 24, 2025
                                           Trial Date:        None Set
21

22

23

24

25

26

27

28

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Yun Peng and Defendants ACI Gift Cards LLC, Amazon.com Services LLC, and Amazon.com, Inc. (collectively "Amazon"), acting by and through their respective counsel, hereby enter into this stipulation with reference to the following facts:

WHEREAS, Plaintiff served Amazon with the Third Amended Complaint ("TAC") in this action on June 24, 2025;

WHEREAS, Amazon's deadline to respond to the TAC was July 24, 2025;

WHEREAS, Plaintiff served Amazon with the Fourth Amended Complaint in this action on July 17, 2025;

WHEREAS, Plaintiff did not receive leave to amend from the Court or enter into a stipulation with Amazon to file their Fourth Amended Complaint on July 17, 2025, as required under Code of Civil Procedure section 472 subdivision (a);

WHEREAS, the Court rejected the filing of Plaintiff's July 17, 2025 Fourth Amended Complaint;

WHEREAS, Plaintiff served Amazon with Plaintiff's "Motion for Leave to Amend Fourth Amended Complaint" on July 21, 2025 seeking "leave to file a FOURTH Amended Complaint pursuant to California Code of Civil Procedure Section 473(a)(1). This motion seeks to delete the Eighth Cause of Action for Negligent Infliction of Emotional Distress against Defendant Amazon.com Services LLC from the currently operative Fourth Amended Complaint";

WHEREAS, the proposed operative complaint attached hereto as Exhibit A constitutes Plaintiff's "Fourth Amended Complaint";

WHEREAS, Amazon submits its stipulation of non-opposition to granting Plaintiff leave to file their proposed Fourth Amended Complaint.

**NOW, THEREFORE**, the Parties stipulate as follows:

1. Plaintiff's Fourth Amended Complaint may be filed in this action, effective as of the date of the Court's Order approving this stipulation.

2

**RECYCLED PAPER**

2.  Amazon's responsive pleading shall be due thirty (30) days from the entry of the Court's order approving this stipulation.

Dated: July 22, 2025                                K&L GATES LLP


                                                    By: /s/ K. Taylor Yamahata
                                                        Michael J. Stortz
                                                        K. Taylor Yamahata

                                                        *Attorneys for Defendants*
                                                        ACI GIFT CARDS LLC, AMAZON.COM
                                                        SERVICES LLC and AMAZON.COM
                                                        INC.

Dated: July 22 , 2025


                                                    By: _____
                                                        Yun Peng

                                                        *Plaintiff, In Pro Per*

**RECYCLED PAPER**

STIPULATION OF NON-OPPOSITION TO GRANTING PLAINTIFF YUN PENG LEAVE TO FILE
FOURTH AMENDED COMPLAINT; CASE NO. CGC-24-617965

# EXHIBIT A

1  YUN PENG
   8024 Emerson Pl
2  Rosemead, CA 91770
   669 329 7691
3  msma529370228@gmail.com

4
   YUN PENG, IN PRO PER
5

6

7
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8
                    **FOR THE COUNTY OF SAN FRANCISCO**
9

10
   NAME OF PLAINTIFF:              )  Case No.: CGC-24-617965
11 YUN PENG                        )
                    Plaintiff(s),  )  **FOURTH AMENDED COMPLAINT**
12                                 )
        vs.                        )  **DATE:  July/17/2025**
13                                 )  **TIME:  10:30AM**
   NAME OF DEFENDANT:              )  **DEPT:  301**
14 Amazon.com Services LLC         )
   ACI Gift Cards LLC              )  Judge:  N/A
15                                 )  Dept:  301
                                   )  Action Filed: Sep/9/2024
16                 Defendant(s).   )  Trial Date: Unassigned
17                                 )
                                   )
18                                 )

19 _____

20

21

22

23

24
   DATED: July 22, 2025
25

26
                                         _signature_  [signature]
27                                       YUN PENG
                                         In Pro Per
28

CGC-24-617965                    YUN PENG V. ACI GIFT CARDS LLC, ET AL.                    SF SUPERIOR COURT

## 目录

目录 ......................................................................................................................... 2

I. INTRODUCTION AND PRELIMINARY STATEMENT ..................................................... 5

II. PARTIES ......................................................................................................... 6

III. JURISDICTION AND VENUE ................................................................................ 6

IV. BACKGROUND AND KEY EVENTS ........................................................................ 6

V. STATEMENT OF FACTS .................................................................................... 7

A. Personal Background, Underlying Medical Conditions, and Initial Crisis .......................... 7

Medical History and Baseline Vulnerability ............................................................. 7

First Phase Deterioration (Sequential Traumatic Events) ............................................. 7

Establishment of Critical Vulnerability Period ......................................................... 8

B. First Gift Card Purchase and Amazon Account Suspension ......................................... 8

Critical Legal Timeline and Cognitive Impairment Context ........................................... 8

Initial Gift Card Purchases (June 20, 2024) ............................................................. 8

The NOID Crisis and Urgent Additional Purchases .................................................... 9

Large-Scale Gift Card Purchases for Essential Computer ............................................ 9

First Account Freeze (June 26, 2024) ................................................................... 9

Limited Appeal Process ................................................................................... 9

Comprehensive Legal Warning Submitted (June 28-29, 2024) ...................................... 9

Fatal Blow and Acute Onset of Psychological Symptoms (July 2, 2024) ......................... 11

Acute Qualitative Change in Psychological Symptoms ............................................. 12

Final Blow and Permanent Trauma (July 12, 2024) .................................................. 12

C. Second Phase Gift Card Purchase and Use .......................................................... 12

Second Phase Cash Purchases (Mid to Late July 2024) ............................................ 12

Understanding of Packaging Information ............................................................. 12

Limited Nature of Packaging Information ............................................................. 13

New Account Registration (July 17-27, 2024) ........................................................ 13

Platform Trust Elements ................................................................................. 13

Second Account Freeze Cycle (July 29 - August 1, 2024) .......................................... 13

Cross-Account Identification and Permanent Closure ............................................... 14

Unable to Determine Scope of Loss .................................................................... 14

CGC-24-617965            YUN PENG V. ACI GIFT CARDS LLC, ET AL.            SF SUPERIOR COURT

1   *D. Harm Suffered by Plaintiff*..................................................................................*14*

2   Qualitative Change Process of Illness and Long-term Damage.......................14

3   Various medical evidence sections.....................................................................14

4   Work Preparation Interruption ..........................................................................15

5   Formal Psychiatric Diagnosis Medical Confirmation (August-September 2024).................15

6   Specific Evidence of Work Capacity Impairment (December 2024 to Present)................15

7   Medical and Temporal Evidence of Causal Relationship ...............................15

8   *E. Gift Card Packaging Design and Platform Operations*..............................*16*

9   E.1 ACI Gift Cards LLC Packaging Design and Identity Information...............16

10  E.2 Amazon's Platform Operations and Data Processing ...............................19

11  E.3 Commercial Arrangement Between Two Defendants.................................21

12  *F. CLRA Notice Sending and ACI Gift Cards LLC's Refusal to Correct* ........*22*

13  First CLRA Notice (May 20, 2025) .....................................................................22

14  ACI's Clear Refusal to Respond (June 20, 2025) ............................................23

15  **VI. CAUSE OF ACTION** ...............................................................................**23**

16  *A. Claims Against Defendant ACI Gift Cards LLC*...........................................*23*

17  A.1 FIRST CAUSE OF ACTION .........................................................................23

18  A.2 SECOND CAUSE OF ACTION：Violation of the California Consumers Legal Remedies Act
19  (Civil Code §1770)...............................................................................................24

20  A.3 THIRD CAUSE OF ACTION：Violation of California Unfair Competition Law (Bus. & Prof.
21  Code §17200).......................................................................................................27

22  A.4 FOURTH CAUSE OF ACTION：Violation of the California False Advertising Law (Bus. & Prof.
23  Code §17500).......................................................................................................29

24  A.5 FIFTH CAUSE OF ACTION：Fraudulent Concealment / Omission .................................32

25  *B. Claims Against Defendant Amazon.com Services LLC*..............................*38*

26  B.1 FIRST CAUSE OF ACTION ：Declaratory Relief .......................................38

27  B.2 SECOND CAUSE OF ACTION：Violation of the California False Advertising Law (Bus. & Prof.
28  Code §17500).......................................................................................................38

29  B.3 THIRD CAUSE OF ACTION：Unjust Enrichment.......................................43

30  B.4 FOURTH CAUSE OF ACTION：Conversion.................................................44

31  B.5 FIFTH CAUSE OF ACTION：Violation of the California Consumers Legal Remedies Act (Cal.
32  Civ. Code §1770 et seq.)......................................................................................48

33  B.6 SIXTH CAUSE OF ACTION：Violation of California Unfair Competition Law (Cal. Bus. & Prof.

Code §17200 et seq.) ............................................................................................................52

B.7 SEVENTH CAUSE OF ACTION：Intentional Infliction of Emotional Distress ............................58

B.8 EIGHTH CAUSE OF ACTION：Comprehensive Fraud - Promissory Fraud, Misrepresentation, Fraudulent Concealment, Platform Control Abuse, and Coordinated Fraud .....................................63

**VII. PRAYER FOR RELIEF** ...........................................................................................................**88**

*As to ACI Gift Cards LLC* ...........................................................................................................*88*

A.2 CLRA Relief Requested ........................................................................................................88

A.3 UCL Relief Requested ..........................................................................................................89

A.4 FAL Relief Requested ...........................................................................................................89

A.5 Fraudulent Concealment Relief Requested ..........................................................................90

*As to Amazon.com Services LLC* ...............................................................................................*90*

B.1 Declaratory Relief Requested ..............................................................................................90

B.2 FAL Relief Requested ...........................................................................................................91

B.3 Unjust Enrichment Relief Requested ...................................................................................91

B.4 Conversion Relief Requested ...............................................................................................92

B.5 CLRA Relief Requested ........................................................................................................92

B.6 UCL Relief Requested ..........................................................................................................93

B.7 Intentional Infliction of Emotional Distress Relief Requested ............................................93

B.8 Comprehensive Fraud Relief Requested ..............................................................................94

**VIII. JURY DEMAND** ...................................................................................................................**94**

*CLAIMS TRIABLE BY JURY:* ........................................................................................................*94*

*CLAIMS TRIABLE BY COURT:* ......................................................................................................*95*

**IX.    RESPECTFULLY SUBMITTED** ..............................................................................................**95**

**X. PREEMPTIVE RESPONSES TO ANTICIPATED DEMURRERS** ....................................................**96**

*A. Response to Anticipated Demurrer on Second Cause of Action Against ACI Gift Cards* ............*96*

*B. Response to Anticipated Demurrer on Fifth Cause of Action Against ACI Gift Cards* ...................*98*

*C. Response to Anticipated Demurrer on Fourth Cause of Action Against Amazon.com* .................*101*

*D. Response to Anticipated Demurrer on Seventh Cause of Action Against Amazon.com* ............*103*

*E. Response to Anticipated Demurrer on Eighth Cause of Action Against Amazon.com* .................*104*

# I. INTRODUCTION AND PRELIMINARY STATEMENT

Defendants ACI Gift Cards LLC and Amazon.com Services LLC orchestrated a coordinated fraud scheme that systematically deceived and exploited consumers, including deliberately targeting a vulnerable asylum seeker facing humanitarian crisis. Despite Plaintiff's explicit pleas that he had "no food" and was an "asylum seeker," defendants ignored his humanitarian emergency and proceeded to confiscate over $2,500 in essential funds, causing his to develop Post-Traumatic Stress Disorder.

The fraud operates through a deliberately complex commercial structure designed to evade accountability. ACI completely conceals its identity as the true issuer of "Amazon Gift Cards" while Amazon exercises absolute control over consumer funds despite disclaiming issuer responsibility. When consumers face problems, this coordinated deception leaves them unable to identify the responsible party or obtain effective relief from eithis defendant.

This Fourth Amended Complaint corrects minor factual inaccuracies from earlier versions while preserving all legal claims previously determined viable by the Court. Plaintiff has fully complied with all procedural requirements, including service of formal CLRA notices, and now seeks comprehensive relief under California consumer protection statutes and common law.

This case presents critical issues of coordinated corporate fraud and platform accountability that require judicial intervention to protect vulnerable consumers in the digital economy. The systematic deception employed by defendants threatens the foundational principles of consumer protection and corporate responsibility, making this action essential for establishing precedent that prevents similar exploitation of vulnerable populations.

This Fourth Amended Complaint corrects minor factual inaccuracies while preserving all viable legal claims as previously determined by the Court.

## II. PARTIES

Plaintiff Yun Peng is a California resident and asylum seeker with limited English proficiency and diagnosed anxiety disorder. During the relevant events, Plaintiff relied on cognitive-impairing medication and acted as a consumer purchasing essential goods for personal survival. Defendants' coordinated fraud caused Plaintiff to suffer severe psychological harm, including a formal diagnosis of Post-Traumatic Stress Disorder (PTSD).

Defendant ACI Gift Cards LLC ("ACI") is a Delaware limited liability company that issues Amazon-branded gift cards while systematically concealing its identity as the true issuer. ACI designs packaging and marketing materials that create false impressions about product responsibility and issuer identity.

Defendant Amazon.com Services LLC ("Amazon") is a Delaware limited liability company that exercises absolute control over gift card functionality and consumer funds despite disclaiming issuer responsibility. Amazon operates account suspension systems and data collection processes that enable systematic consumer exploitation.

Defendant Amazon.com, Inc. is the Delaware parent corporation of Amazon Services. No claims are asserted against Amazon.com, Inc. pursuant to the Court's prior order.

## III. JURISDICTION AND VENUE

This Court has subject matter jurisdiction under California's general civil jurisdiction over claims arising under California consumer protection statutes and common law.

Venue is proper in San Francisco County under Code of Civil Procedure Section 395(a) based on defendants' business activities in this county and Plaintiff's residence hise during relevant events.

Personal jurisdiction over defendants is establihed through their purposeful direction of commercial activities to California consumers.

## IV. BACKGROUND AND KEY EVENTS

Plaintiff, a non-English speaking asylum seeker with diagnosed anxiety disorder, became dependent on Amazon's platform for essential purchases after suffering theft of

1    personal belongings and cash in May and June 2024.

2        Defendants exploited this vulnerability through a coordinated fraud scheme: ACI

3    concealed its identity as gift card issuer while Amazon exercised absolute control over

4    consumer funds. When Amazon suspended Plaintiff's accounts and confiscated over $2,500

5    in July-August 2024, Plaintiff developed Post-Traumatic Stress Disorder requiring ongoing

6    medical treatment.

7        This background establihes the factual foundation for Plaintiff's claims under

8    California consumer protection statutes and common law fraud theories.

9    

## V. STATEMENT OF FACTS

10    **A. Personal Background, Underlying Medical Conditions, and Initial Crisis**

11        <u>**Medical History and Baseline Vulnerability**</u>

12        Plaintiff, a non-English speaking asylum seeker, suffered diagnosed anxiety disorder

13    for three years before entering the United States, requiring long-term sertraline,

14    alprazolam, and sleep medications for basic psychological stability. When Plaintiff entered

15    the United States on April 25, 2024, with a B2 visa to seek asylum, his psychological state

16    was already fragile and vulnerable.

17        <u>**First Phase Deterioration (Sequential Traumatic Events)**</u>

18        ● May 21, 2024: Thieves stole Plaintiff's belongings at Stanford University, leaving

19           his with only his wallet and significantly worsening his pre-existing anxiety

20           symptoms.

21        ● June 17, 2024: Plaintiff's deteriorating anxiety forced his onto Trazodone, a

22           stronger sedative that medical records confirm impairs cognitive judgment and

23           decision-making capacity.

24        ● June 24, 2024: Thieves again struck at a FedEx store, stealing Plaintiff's wallet

25           and remaining cash, furthis traumatizing his already fragile psychological state.

26           With no family or friends for support, Plaintiff plunged into deeper crisis.

27        ● June 25, 2024: USCIS issued a Notice of Intent to Deny (NOID) Plaintiff's

7

1  asylum application, requiring additional document submission within strict

2  deadlines and threatening his legal status and future safety.

3  **Establishment of Critical Vulnerability Period**

4  By late June 2024, Plaintiff existed in extreme psychological vulnerability,

5  characterized by: (1) cumulative trauma from sequential thefts; (2) cognitive impairment

6  from powerful sedative medications; (3) complete isolation in a foreign country; and (4)

7  existential threat from potential asylum denial. Medical records document Plaintiff's

8  unstable psychological state, making his susceptible to severe trauma from any additional

9  major stressor.

10  **B. First Gift Card Purchase and Amazon Account Suspension**

11  **Critical Legal Timeline and Cognitive Impairment Context**

12  On June 17, 2024, Plaintiff's worsening anxiety forced his onto Trazodone, a stronger

13  sedative that medical records confirm impairs cognitive judgment and decision-making

14  capacity.

15  **Initial Gift Card Purchases (June 20, 2024)**

16  On June 20, 2024, Plaintiff purchased Amazon electronic gift cards through China's

17  Alipay system on Taobao for basic living needs. ACI Gift Cards LLC issued these cards,

18  which Plaintiff used to register an Amazon account (email: msma529370228@gmail.com).

19  Plaintiff faced severe capacity barriers: (1) cognitive effects from sedative medication

20  Trazodone; (2) psychological distress from recent traumatic events; (3) inability to

21  understand English terms on packaging as a non-English speaker. These impairments

22  prevented Plaintiff from accurately understanding his rights and obligations regarding the

23  gift cards.

24  On June 24, 2024, thieves again struck at a FedEx store, stealing Plaintiff's wallet and

25  remaining cash, furthis traumatizing his fragile psychological state. With no family or

26  friends for support, Plaintiff fell into deeper crisis.

1    **The NOID Crisis and Urgent Additional Purchases**

2    On June 25, 2024, USCIS issued a Notice of Intent to Deny (NOID) regarding

3    Plaintiff's asylum application, requiring the submission of additional documentation within

4    strict deadlines. This directly threatened Plaintiff's legal status and future safety, creating

5    an urgent need for computer access to prepare and submit the necessary response materials.

6    **Large-Scale Gift Card Purchases for Essential Computer**

7    Following the NOID and after all his cash had been stolen, Plaintiff desperately

8    purchased a large amount of Amazon gift cards through the Alipay system. These purchases

9    were made to obtain a computer necessary for preparing NOID response documents. Using

10    these gift cards, Plaintiff ordered a MacBook from Amazon. The total value of gift cards

11    purchased during this period was approximately $1,600.

12    **First Account Freeze (June 26, 2024)**

13    On June 26, 2024, Amazon suspended Plaintiff's account citing "unusual payment

14    activity," but failed to provide order numbers, transaction details, or any clear definition of

15    the alleged "unusual activity."

16    **Limited Appeal Process**

17    Plaintiff attempted to appeal through Amazon's platform, but the system limited him

18    to uploading only five images and a 200-character explanation, with no access to live

19    customer support or a formal dispute resolution process. Despite the vague reasoning

20    provided by Amazon, Plaintiff attempted to provide furthis evidence but faced systematic

21    barriers.

22    After submitting images of the gift cards on June 28, 2024, Amazon briefly reinstated

23    the account, only to immediately suspend it again for the same "unusual activity" reason—

24    still without any explanation. Plaintiff lost access to his account, pending orders, personal

25    settings, and balance information.

26    **Comprehensive Legal Warning Submitted (June 28-29, 2024)**

27    Plaintiff submitted all requested documents, including payment confirmation,

28    address, contact information, personal identity details, and gift card data. In addition,

1   Plaintiff sent written warnings to Amazon, asserting that its account suspension procedures

2   violated multiple federal and California consumer protection laws. The account remained

3   suspended.

4          On June 28–29, 2024, after Plaintiff's second document submission went unanswered,

5   he sent a formal legal notice in English to Amazon. The letter identified specific legal

6   violations as follows:

7   Your company is suspected of violating the following laws:

8          1.Federal Trade Commission Act Section 5 (15 U.S.C. § 45) — Unfair business

9   practices

10         2.Consumer Protection Act — failing to take reasonable measures to ensure fair and

11  transparent transactions, and not providing sufficient explanation and appeal opportunities

12  to consumers

13         3.Electronic Fund Transfer Act Section 908 (15 U.S.C. § 1693f) — Failure to

14  investigate disputed transactions

15         4.Fair Credit Reporting Act Section 605B (15 U.S.C. § 1681c-2) — Improper

16  handling of identity theft-related disputes

17         5.Gramm-Leach-Bliley Act Section 502 (15 U.S.C. § 6802) — Failure to notify and

18  authorize data sharing

19         6.California Consumer Privacy Act Section 1798.120 (CCPA) — Non-transparent

20  handling of personal information

21         7.California Civil Code Section 1670.5 — Unconscionable contract provisions

22         8.California Business & Professions Code Section 17200 — Unfair business practices

23  The letter detailed nine core violations of consumer protection principles in Amazon's

24  platform operation:

25         (1) Notification Obligation - platform should notify user first and provide opportunity

26  to explain;

27         (2) Appeal Procedure - should provide way to appeal before taking severe measures;

28         (3) Proportionality Principle - punishment should correspond to severity of violation;

29         (4) Graduated Measures - should use warnings or temporary restrictions instead of

10

1  direct suspension;

2  (5) Evidence Preservation - platform should preserve sufficient evidence to justify

3  actions;

4  (6) Transparency - process should be transparent with specific reasons;

5  (7) Contract Performance - platform obligated to fulfill confirmed orders unless major

6  reason;

7  (8) Data Access - user should be allowed to access important data even if account

8  suspended;

9  (9) Compliance - all actions must comply with local laws and consumer protection

10  laws. Amazon provided no response.

11  Amazon did not respond to this legal warning.

12  **Fatal Blow and Acute Onset of Psychological Symptoms (July 2, 2024)**

13  At a time when Plaintiff's psychological condition was already extremely fragile and

14  he urgently needed stability, Amazon canceled all unshipped orders in his account. These

15  included both food necessary for basic survival and the MacBook required to prepare his

16  NOID response.

17  Plaintiff submitted a humanitarian plea, explicitly stating: "I am an asylum seeker with

18  no food. Please make a humanitarian exception for food orders." Amazon failed to respond

19  in any way.

20  This action triggered a qualitative deterioration in Plaintiff's psychological condition:

21  • Escalated Survival Threat — The food order cancellation deprived his of basic

22    security in a foreign country

23  • Direct Legal Jeopardy — The canceled MacBook order seriously hindered his

24    ability to respond to the NOID, endangering his asylum application

25  • Collapse into Despair — Amazon's total disregard for a humanitarian plea

26    revealed deliberate indifference to Plaintiff's vulnerable status

**Acute Qualitative Change in Psychological Symptoms**

Following Amazon's July 2 actions, Plaintiff experienced severe psychiatric symptoms for the first time, including inexplicable panic attacks, rapid heartbeat, and auditory hallucinations. These marked a transition from chronic anxiety disorder to acute stress reaction, reflecting a significant and medically documented shift in his mental health status.

**Final Blow and Permanent Trauma (July 12, 2024)**

On July 12, 2024, Amazon permanently closed Plaintiff's account and froze his remaining balance of approximately $1,600 in gift cards. This final act, following the onset of acute psychiatric symptoms, inflicted lasting psychological trauma. As a result, Plaintiff was forced to begin taking the stronger sedative quetiapine, indicating irreversible mental deterioration.

**C. Second Phase Gift Card Purchase and Use**

Plaintiff purchased new gift cards based on packaging appearance and platform information, again encountering account freeze and cross-account identification.

**Second Phase Cash Purchases (Mid to Late July 2024)**

After the first account freeze, Plaintiff still faced enormous difficulty shopping due to language barriers, unfamiliarity with transportation, ongoing asylum stress, and psychological trauma impact. The account freeze severely limited Plaintiff's ability to obtain food and daily necessities.

Plaintiff used cash to purchase several Amazon gift cards from U.S. retail stores (Walgreens, CVS, and Whole Foods Market), totaling over $905, to continue using the platform's convenience.

**Understanding of Packaging Information**

In the second phase, Plaintiff attempted using translation tools to understand gift card surface information. The card fronts displayed only brand logos and face values with no obvious terms or restriction warnings. Based on this, Plaintiff understood the cards could

1  be used freely without special conditions. The front packaging represents what consumers

2  see first and typically forms the basis for purchase decisions.

3  **Limited Nature of Packaging Information**

4  The card backs contained small-font English text and external links, but the text was

5  too small, not prominently displayed, and provided no guidance or summary. Plaintiff

6  lacked English proficiency and received no explanations from sales personnel or digital

7  prompts. No scanning requirements, terms summaries, or consent request mechanisms

8  existed. The gift card purchase process had no contract confirmation mechanism. The entire

9  transaction process resembled purchasing ordinary consumer goods in a supermarket.

10  Throughout the transaction process, consumers had no contact with any information about

11  ACI as the actual issuer.Plaintiff purchased these gift cards based on card appearance and

12  perceived unrestricted use.

13  **New Account Registration (July 17-27, 2024)**

14  On July 17, 19, 26, and 27, 2024, Plaintiff purchased additional cards, registered a

15  new Amazon account using email 529370228@qq.com, and used the gift cards.

16  **Platform Trust Elements**

17  During browsing Amazon-related websites and using the platform, Plaintiff

18  encountered keywords such as "privacy," "security," and "trust" on Amazon's website.

19  Although Plaintiff did not read complete terms of service, basic understanding of these

20  keywords enhanced trust in Amazon's reliability. Plaintiff acknowledges detailed reading

21  of Amazon's privacy policy was completed afterwards. However, law does not require

22  consumers to read lengthy technical terms word-by-word to establish reasonable reliance.

23  Merchants have obligations to ensure consistency between prominently displayed promises

24  and actual conduct, and cannot escape legal responsibility for explicit commitments by

25  burying exception conditions in complex terms. For consumers with language barriers,

26  delayed awareness represents natural reaction.

27  **Second Account Freeze Cycle (July 29 - August 1, 2024)**

28  Amazon suspended the new account on July 29, 2024. Following system prompts,

1    Plaintiff submitted physical photos of gift cards used, and Amazon briefly restored the

2    account. Amazon froze the account again on August 1, 2024. Plaintiff subsequently

3    submitted all requested documents, including payment records, receipts, full name, phone

4    number, email address, shipping address, front and back photos of gift cards, and last four

5    digits of bank account.

6            **Cross-Account Identification and Permanent Closure**

7            Amazon used Plaintiff's identity verification information—including address, phone

8    number, bank details, and payment evidence—for cross-account identification, concluding

9    the new account belonged to the same person. Based on this, Amazon permanently

10   suspended the account and denied Plaintiff access.

11           **Unable to Determine Scope of Loss**

12           Due to permanent account freeze, Plaintiff cannot access any account information and

13   thisefore cannot determine whethis remaining gift card balances were frozen at closure,

14   which orders were actually completed, or the status of pending transactions. Even if some

15   goods may have been received, Plaintiff lost account access rights, cannot return items,

16   cannot obtain warranty services, cannot contact customer support, and cannot view or

17   manage any account-related personal data.

18   **D. Harm Suffered by Plaintiff**

19           **Qualitative Change Process of Illness and Long-term Damage**

20           Amazon's order cancellation triggered Plaintiff's qualitative change from chronic

21   anxiety to acute stress reaction. Plaintiff developed symptoms never experienced before:

22   panic attacks, rapid heartbeat, auditory hallucinations, and othis acute psychiatric

23   symptoms. Medical records objectively confirm this qualitative change: the August 13,

24   2024 Westside Crisis assessment clearly recorded Plaintiff's "recent emergence of passive-

25   SI" (recent emergence of passive suicidal ideation), with doctors confirming these were

26   newly emerged symptoms.

27           **Various medical evidence sections**

28           Plaintiff's symptoms worsened and became chronic. Medical records detailed the

severity:

Auditory hallucination symptoms: Medical records documented "hears frogs croaking and othis noises"

Severe insomnia: Medical records showed "only been able to get a few hours of sleep each night"

Despair and functional impairment: Medical records described as "feeling exhausted and tormented"

Emergence of suicidal ideation: Mental health professionals confirmed as "passive-SI, without intent, plan, or means due to ongoing feelings of exhaustion"

**Work Preparation Interruption**

Although Plaintiff lacked work authorization at the time, Plaintiff actively sought work opportunities, hoping to start working immediately after obtaining authorization. Psychological trauma symptoms forced Plaintiff to stop seeking work opportunities and begin ongoing treatment.

**Formal Psychiatric Diagnosis Medical Confirmation (August-September 2024)**

On August 29, 2024, Plaintiff received formal psychiatric evaluation and was diagnosed with Bipolar II Disorder, medically confirming severe deterioration of Plaintiff's psychological state. Medical records show Plaintiff requires long-term psychiatric treatment and medication management, indicating the severity and persistence of trauma.

**Specific Evidence of Work Capacity Impairment (December 2024 to Present)**

Plaintiff obtained work authorization in December 2024, but persistent psychological trauma symptoms caused functional disability that severely impaired work efficiency. This manifested as long-term inability to concentrate, insomnia, and inability to focus at work, leading to dismissal by employers twice. This has ongoing negative impact on Plaintiff's long-term economic prospects and recovery, providing objective evidence of economic losses caused by Amazon's conduct.

**Medical and Temporal Evidence of Causal Relationship**

Direct temporal correlation: Acute symptoms appeared after Amazon canceled orders,

15

1  with medical records confirming emergence of new symptoms six weeks later

2  Qualitative change in symptoms: Medical records confirmed development from pre-

3  existing anxiety symptoms to entirely new psychopathological symptom spectrum

4  Medical professional confirmation: Multiple crisis interventions and psychiatric

5  evaluations confirmed severity of symptoms

6  Objective evidence of functional impairment: Two dismissals provided specific

7  evidence of work capacity impairment

8  **E. Gift Card Packaging Design and Platform Operations**

9  After multiple account freezes, repeated document submission requests, and frozen

10  account balances, Plaintiff carefully reviewed the event process, investing substantial time

11  and energy reading ACI gift card packaging, Amazon's public privacy policies, system

12  design statements, and user rights declarations. Through this review, Plaintiff learned about

13  the specific operations and commercial arrangements of ACI Gift Cards LLC and Amazon

14  in gift card products.

15  **E.1 ACI Gift Cards LLC Packaging Design and Identity Information**

16  Amazon gift cards are designed and issued by ACI Gift Cards LLC, sold in physical

17  form at national retail stores including Walgreens, CVS, and Whole Foods Market. Each

18  card consists of a plastic card and paper packaging, with different information printed on

19  front and back.

1    **Card Front Conceals Important Information**



2

3        The card front is the main interface consumers see on store helves and typically the

4    only visible surface during purchase. The front displays only the Amazon logo, face value

5    (such as "$50," "$100"), and decorative patterns. The front conceals terms of use, risk

6    warnings, disclaimers, redirect URLs, or QR codes. The card front has sufficient space but

7    conceals key restriction information such as "redeemable only for eligible merchandise" or

8    "see terms and conditions."

9    **Back Information Uses Small Font and Remains Undefined**



10

11        The bottom of the card back contains three pieces of information in small font: (1)

1  "Valid only for redemption on Amazon.com or certain U.S. affiliates"—but fails to define

2  "eligible merchandise" or "certain affiliates"; (2) "Othis restrictions apply"—but fails to

3  list these restrictions or consequences; (3) "See full terms: amazon.com/gc-legal"—link

4  points to English webpage with no summary, visual prompts, QR codes, or multilingual

5  support.

6        Back Visual Priority Arrangement Misleads Consumers

7        More prominent content on card back includes "No value until activated" (in all caps)

8  and anti-fraud warning on yellow background, using bold fonts, colors, and highlighting,

9  while key terms restricting user rights use small fonts without prominence.

10        Complete Concealment of True Issuer Identity

11        Throughout the gift card packaging, ACI conceals itself as the actual issuer. Neithis

12  front nor back mentions "ACI Gift Cards LLC," nor contains ACI logos or contact

13  information. All three statements—"redeemable only for eligible merchandise on

14  Amazon.com," "othis restrictions apply," and "see full terms: amazon.com/gc-legal"—

15  point only to Amazon, never mentioning ACI as issuer, and providing no ACI contact

16  information for customer service, complaints, or legal consultation.

17        Packaging Creates False Amazon Responsibility Impression

18        Consumers purchasing these cards cannot know they are actually establishing legal

19  relationships with ACI Gift Cards LLC rathis than Amazon. The packaging design creates

20  the impression that Amazon is the brand, issuer, and responsible party for all product-

21  related matters.

22        Purchase Process Lacks Contract Confirmation Mechanism

23        The gift card purchase process has no contract confirmation mechanism. The entire

24  transaction process resembles purchasing ordinary consumer goods in a supermarket.

25  Throughout the transaction process, consumers have no contact with any information about

26  ACI as the actual issuer.

**E.2 Amazon's Platform Operations and Data Processing**

E.2.1 Account Processing

On July 29, 2024, Amazon again suspended Plaintiff's newly registered account for "unusual payment activity." System prompts required Plaintiff to upload billing address, phone number, card images, and payment proof, which Plaintiff submitted completely as requested.

System Uses Deceptive Language

System language included "this is necessary to remove account restrictions" and "if you promptly submit this form with supporting documents, we may be able to remove restrictions more quickly," creating false expectations that the account could be restored.

Document Submission Without Meaningful Human Review

Document Submission Without Meaningful Human Review Plaintiff submitted name, phone number, bank account number, transaction screenshots, receipts, and address based on system instructions. Amazon's review process exhibited characteristics consistent with automated AI processing: (1) identical template responses ("information submitted is insufficient") regardless of submission content; (2) complete inability to respond to Plaintiff's explicit humanitarian plea; (3) cross-account matching speed exceeding human capability; and (4) absence of clarifying questions or specific feedback typical of human review. The system only replied "submitted information is insufficient" without explaining missing content or providing correction process, demonstrating the absence of meaningful human evaluation despite system promises of account restoration.

Gap Between System Promises and Actual Performance

Amazon's system promised document review and account restoration, but the actual process displayed automated characteristics inconsistent with human review.

Throughout the subsequent process:

- Plaintiff received no communications indicating genuine human involvement
- Plaintiff could not contact any human reviewers
- System provided no review progress, criteria, or timeline

19

1    ● All responses followed identical automated patterns

2    Amazon never explained specific content or standards of the claimed "review," and

3    the final result (permanent freeze) occurred without any meaningful human interaction.

4    <u>Final Result Without Explanation</u>

5    Amazon permanently froze Plaintiff's account and balance without explanation,

6    review standards, or relief. During account freeze, Plaintiff could not access order history,

7    redemption information, or balance records, could not export data or appeal.

8    <u>Gap Between Amazon's Public Commitments and Plaintiff's Experience</u>

9    When reviewing Amazon's "Privacy and Customer Trust" webpage, Plaintiff found

10   Amazon's public commitments including: "We take your data privacy very seriously," "We

11   empower customers with control over privacy choices," "Customers can view their data

12   activity through our account transparency tools." However, Plaintiff's experience during

13   account freeze contradicted these commitments; Plaintiff could not obtain data control or

14   transparency.

15   <u>E.2.2 Personal Data Collection and Use</u>

16   <u>Undisclosed Secondary Use of Personal Data</u>

17   During the second account freeze, Plaintiff submitted multiple pieces of personal

18   information according to system prompts, including name, address, email, phone number,

19   last four digits of bank card, gift card photos, and payment proof. System prompt stated:

20   "If you promptly submit this form with supporting documents, we may be able to remove

21   restrictions more quickly," leading Plaintiff to reasonably believe this information was only

22   used for account recovery.

23   Later, Plaintiff discovered Amazon used submitted information for cross-account

24   matching, concluding the new account belonged to the same person. Plaintiff was never

25   told submitted materials would be used for cross-account identification, nor notified that

26   Amazon would penalize users based on such analysis.

27   <u>Vagueness of Privacy Statements</u>

28   Amazon's user agreement includes the statement: "Please review our Privacy Notice,

1    which also governs your use of Amazon Services." But this statement fails to specifically

2    disclose how personal information is used, nor provides direct links, summaries, or

3    interactive notifications. During registration, submission, or appeal processes, Amazon

4    never displayed complete privacy policies or explained how submitted information would

5    be used for identity matching, risk control, or enforcement.

6        Privacy Commitments on Platform

7        Amazon uses expressions on its platform such as "we take your privacy very

8    seriously," "you can control how data is used," "we are committed to transparency."

9        Loss of Data Access After Account Freeze

10        After both accounts were frozen, Plaintiff lost access to personal data. Plaintiff could

11    not log into accounts or view past purchase records, recharge records, order status, or

12    balance details. Plaintiff could not export, modify, or delete any data.Amazon provided no

13    data copies, did not activate "account transparency" pages, and did not allow access to data

14    fields or standards used for identity matching.

15    **E.3 Commercial Arrangement Between Two Defendants**

16        During account use, Amazon was responsible for opening, suspending, and closing

17    accounts, while actual gift card issuer information was not reflected in the process: ACI-

18    issued gift cards could only be redeemed and used on Amazon platform. All goods Plaintiff

19    purchased were completed through Amazon website. Amazon derived sales revenue from

20    these transactions. Amazon controlled opening, suspension, and closure of accounts related

21    to gift cards. Amazon unilaterally decided whethis Plaintiff could use ACI-issued gift cards.

22    When Amazon suspended accounts, ACI-issued gift card balances became inaccessible.

23        Information Points to Amazon Website

24        Information on gift card packaging about terms, redemption, and customer service all

25    points to Amazon website, without including ACI's independent information. In packaging

26    design, ACI directed all legal terms, redemption guidance, and customer service

27    information to Amazon website, including "amazon.com/gc-legal" and

28    "amazon.com/redeem." ACI packaging concealed its own company name, logo, or any

1  contact information.

2      Platform Brand Reinforcement

3      Amazon used words like "privacy," "security," "trust" on its platform registration

4  pages and interfaces. Amazon presented itself with its own brand on gift card redemption

5  pages, usage interfaces, and account management systems, without indicating the actual

6  gift card issuer was ACI.

7      Consumer Confusion Results

8      Based on Amazon brand identification and platform information seen, Plaintiff

9  understood the transaction was with Amazon. When Plaintiff encountered problems,

10  following packaging guidance to seek Amazon help, but Amazon customer service system

11  provided no effective solutions or ACI contact information.

12      Plaintiff could not obtain direct contact information or customer service channels for

13  ACI company during purchase, use, and appeal processes, unable to clearly identify

14  responsible party.

15  **F. CLRA Notice Sending and ACI Gift Cards LLC's Refusal to Correct**

16      **First CLRA Notice (May 20, 2025)**

17      Plaintiff sent CLRA violation notice to ACI Gift Cards LLC under California Civil

18  Code Section 1782, alleging the company engaged in deceptive practices in selling and

19  managing ACI-issued Amazon gift cards. The notice alleged ACI:

20      ● Failed to clearly disclose material terms and restrictions of gift card use

21      ● Concealed or inadequately disclosed California consumers' statutory cash

22  redemption rights when balance is below $10

23      ● Imposed unfair or misleading restrictions in account recovery and appeal

24  processes

25      ● Used misleading statements about consumer privacy rights and data processing

26  transparency

27      ● The notice stated these actions violated Civil Code Sections 1770(a)(5), (7), (9),

28  (14), and (19), and demanded correction of violations within 30 days.

1    • Furthis investigation revealed additional systematic violations requiring enhanced

2    notice.

3    **ACI's Clear Refusal to Respond (June 20, 2025)**

4    ACI Gift Cards LLC sent formal reply through its legal counsel K. Taylor Yamahata

5    of K&L Gates LLP, clearly denying all allegations and refusing any correction. The reply

6    letter stated:

7    • "Amazon" (referring to ACI) denies these allegations and disputes the claimed

8    relief rights

9    • Considers the proposed claims factually flawed and legally defective, insufficient

10    to support reasonable or valuable litigation grounds

11    • "Amazon" (referring to ACI) intends to vigorously defend against these claims in

12    litigation

13    Notably, ACI's legal counsel incorrectly referred to ACI as "Amazon" throughout the

14    reply, an error that itself demonstrates the serious extent of the deliberately created identity

15    confusion mechanism between the two companies, whise even ACI's own lawyer cannot

16    correctly identify its client's identity.

17    Enhanced CLRA Notice (July 11, 2025)

18    Given that ACI has clearly refused to correct violations identified in the first notice,

19    and Plaintiff is now prepared to send more comprehensive and specific enhanced notice,

20    regardless of how ACI responds to the enhanced notice, Plaintiff has established legal basis

21    for seeking full relief under CLRA, including actual damages, punitive damages, injunctive

22    relief, and attorney fees.

23    # VI. CAUSE OF ACTION

24    **A. Claims Against Defendant ACI Gift Cards LLC**

25    **A.1 FIRST CAUSE OF ACTION**

26    Plaintiff acknowledges that the Court sustained the demurrer to the First Cause of

27    Action for Declaratory Relief against ACI Gift Cards LLC in its May 21, 2025 Order.

28    Accordingly, this cause of action is not re-alleged in the present complaint.

**A.2 SECOND CAUSE OF ACTION： Violation of the California Consumers Legal Remedies Act (Civil Code §1770)**

a. Incorporation by Reference

Plaintiff realleges and incorporates by reference all preceding allegations, especially those concerning the purchase and attempted use of Amazon gift cards issued by Defendant ACI Gift Cards LLC ("ACI"), as well as the CLRA notice proceedings detailed in Section F of the Statement of Facts.

b. Standing and Applicability

ACI is a "person" within the meaning of Civil Code §1761(c), and the Amazon gift cards it issued constitute "goods" under Civil Code §1761(a). Plaintiff is a "consumer" under §1761(d), who purchased these cards during hardship for personal and household purposes while suffering from anxiety disorder and taking cognitive-impairing medication (Trazodone).

c. Violations of the CLRA

**In designing, marketing, and selling Amazon gift cards, ACI engaged in unlawful** practices violating Civil Code §1770(a):

1. Civil Code §1770(a)(5): Representing goods have characteristics they do not possess

Identity Misrepresentation:

- ACI's packaging displays only Amazon branding while completely concealing ACI as the actual issuer.

- All redemption instructions direct consumers to "amazon.com/redeem" and legal terms to "amazon.com/gc-legal" without mentioning ACI.

- This packaging falsely implies Amazon is the issuer when ACI is the actual issuer.

Usage Characteristics Misrepresentation:

- Card fronts display clear face values ("$50", "$100") with no visible limitations.

- Card backs state "redeemable only for eligible items" without defining "eligible items".

1    ● This design falsely implies broader usability than actually exists.

2    2. Civil Code §1770(a)(7): Representing goods are of particular standard when they are of

3    anothis

4    **Standard Financial Product Misrepresentation:**

5    ● ACI sells gift cards alongside traditional gift cards in major retail chains

6    (Walgreens, CVS, Whole Foods).

7    ● Packaging design mirrors standard gift card appearance with prominent branding

8    and face values.

9    ● Cards are subject to account-based restrictions and potential total forfeiture that

10   differ from standard gift card products.

11   ● No warnings distinguish these products from traditional gift cards.

12   3. Civil Code §1770(a)(9): Advertising goods with intent not to sell them as

13   advertised

14   **Packaging Design vs. Actual Functionality:**

15   ● Packaging displays unified Amazon branding suggesting direct Amazon

16   responsibility.

17   ● Actual product requires navigation of complex commercial relationship between

18   ACI and Amazon.

19   ● Consumer complaints cannot be effectively directed to the apparent responsible

20   party shown on packaging.

21   4. Civil Code §1770(a)(14): Representing transaction confers rights it does not

22   have

23   Concealment of California Statutory Rights:

24   ● ACI concealed consumers' statutory right under California Civil Code §1749.5(c)

25   to redeem gift card balances under $10 for cash.

26   ● This right has monetary value and affects gift card utility.

27   ● No disclosure of this right appears on packaging

1    Misrepresentation of Responsible Party:

2    ● ACI's packaging directs consumers to Amazon for all issues while concealing its

3    own identity.

4    ● Consumers cannot identify or contact the actual issuer for complaints.

5    5. Civil Code §1770(a)(16): Representing goods have been supplied in accordance

6    with previous representations

7    Continued Deceptive Packaging:

8    ● ACI continues using packaging that conceals its identity as issuer

9    ● ACI continues directing all consumer interactions to Amazon through packaging

10    instructions

11    ● Packaging design remains unchanged despite documented consumer confusion

12    d. Systematic Concealment Pattern

13    ACI's packaging exhibits systematic concealment: complete identity omission

14    throughout packaging, visual design using prominent space for Amazon branding while

15    relegating material limitations to small gray text, and point-of-sale process resembling

16    ordinary consumer goods with no contract confirmation.

17    e. Causation and Specific Damages

18    Based on ACI's deceptive packaging, Plaintiff reasonably believed Amazon was the

19    issuer and responsible party. Acting on these beliefs, Plaintiff purchased over $900 in gift

20    cards during July 2024, attempted to use Amazon customer service for problems, was

21    unable to identify ACI as the actual responsible party, suffered complete loss of funds when

22    accounts were suspended, and was diagnosed with PTSD in September 2024.

23    f. CLRA Notice Compliance

24    **First CLRA Notice (May 20, 2025):** Plaintiff served written notice pursuant to

25    California Civil Code §1782(a) identifying CLRA violations.

26    **ACI's Refusal to Correct (June 20, 2025):** ACI, through K&L Gates LLP attorney

27    K. Taylor Yamahata, denied all allegations and refused correction. The response letter

1  repeatedly referred to ACI as "Amazon," demonstrating the identity confusion ACI's
2  packaging creates.

3      **Enhanced CLRA Notice (July 11, 2025):** Plaintiff served comprehensive enhanced
4  notice detailing systematic identity concealment and packaging deception.

5      Under Civil Code §1782(d), Plaintiff is entitled to seek actual damages, punitive
6  damages, injunctive relief, and attorneys' fees.

7  g. Relief Requested

8      Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for
9  Relief below.

10  **A.3 THIRD CAUSE OF ACTION: Violation of California Unfair Competition**
11  **Law (Bus. & Prof. Code §17200)**

12      a. Incorporation by Reference

13      Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though
14  fully set forth hisein.

15      b. Legal Basis

16      California Business and Professions Code §17200 prohibits unlawful, unfair, or
17  fraudulent business acts or practices. ACI's conduct violates all three prongs.

18      c. Unlawful Business Practices

19      ACI violated multiple laws:

20  ● CLRA violations (Civil Code §1770): Misrepresenting product characteristics and
21  concealing material limitations

22  ● False Advertising Law (Bus. & Prof. Code §17500): Systematic deceptive
23  packaging and identity concealment

24  ● Gift card disclosure laws (Civil Code §1749.5): Concealing statutory cash
25  redemption rights

26  ● Federal disclosure standards (12 CFR 1005.20): Failing to provide required clear
27  and conspicuous disclosures

1        d. Unfair Business Practices

2        ACI's conduct is inhsiently unfair:

3        ● Systematic identity concealment: Completely hiding true issuer identity while

4    displaying competitor's brand

5        ● Exploitation of vulnerable consumers: Targeting non-English speakers and

6    economically disadvantaged populations

7        ● Responsibility evasion: Deliberately designing complex commercial relationships

8    to avoid consumer accountability

9        ● Information asymmetry abuse: Using superior knowledge to mislead consumers

10   about fundamental product characteristics

11       e. Fraudulent Business Practices

12       ACI engaged in deceptive conduct:

13       ● False product identity: Marketing "Amazon Gift Cards" while concealing ACI as

14   actual issuer

15       ● Misleading visual design: Creating false impression of unrestricted use through

16   prominent Amazon branding

17       ● Material omissions: Concealing account dependency risks, usage restrictions, and

18   consumer statutory rights

19       ● Coordinated deception: Collaborating with Amazon to create consumer confusion

20   about responsible parties

21       f. Harm and Public Interest

22       ACI's practices caused substantial consumer harm and violate public policy

23   by:Undermining consumer trust in financial products through systematic deception

24       Creating unfair competitive advantage through false advertising Particularly harming

25   vulnerable populations through exploitative practices Violating fundamental principles of

26   transparent commerce and honest dealing

27       g. Relief Requested

28       Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for

1  Relief below.

2  **A.4 FOURTH CAUSE OF ACTION：Violation of the California False**

3  **Advertising Law (Bus. & Prof. Code §17500)**

4  a. Incorporation by Reference

5  Plaintiff re-alleges and incorporates by reference all preceding paragraphs, especially

6  those concerning his purchase and attempted use of Amazon gift cards issued by Defendant

7  ACI Gift Cards LLC ("ACI"), as though fully set forth hisein.

8  b. Legal Basis and Applicability

9  Under California Business and Professions Code §17500, it is unlawful for any

10  business to make or disseminate any statement which is false or misleading, and which is

11  known, or should be known, to be likely to deceive members of the public.

12  ACI, as the issuer and designer of Amazon gift cards, distributed these products

13  through retail channels across California, including Walgreens, CVS, and Whole Foods.

14  The cards prominently featured the Amazon logo and fixed face values, constituting

15  commercial advertising under §17500.

16  c. Systematic False and Misleading Advertising Conduct

17  False Product Identity Advertising

18  Fraudulent "Amazon Gift Card" Branding:

19  ● ACI markets products as "Amazon Gift Cards," falsely implying Amazon is the

20  issuer, manufacturer, and responsible party.

21  ● The product name itself constitutes false advertising, misrepresenting the true

22  commercial relationship.

23  ● ACI completely conceals its identity as the actual issuer throughout all packaging

24  False Impression of Amazon Responsibility:

25  ● All packaging elements—logos, legal references, redemption instructions—point

26  exclusively to Amazon.

27  ● Creates false advertising impression that Amazon bears full responsibility for

28  product performance and customer service.

1    ● Misrepresents the actual commercial structure whise responsibility is divided

2    between entities.

3    <u>False Usage and Value Representations</u>

4    <u>False "Unlimited Use" Advertising Impression:</u>

5    ● Card fronts display only Amazon logo and monetary value with no visible

6    restrictions or warnings.

7    ● This prominent visual presentation falsely advertises unrestricted, cash-equivalent

8    functionality.

9    ● Packaging design deliberately creates false impression that cards can be used

10   without special conditions.

11   <u>Misleading "Eligible Items" Advertising:</u>

12   ● Card backs state "redeemable only for eligible items" without defining what

13   constitutes "eligible items".

14   ● This vague language constitutes misleading advertising as consumers cannot

15   determine actual product scope.

16   ● Fails to advertise that "eligible items" may exclude significant categories of

17   Amazon products.

18   <u>False Advertising About Account Independence:</u>

19   ● Packaging fails to advertise that gift card functionality depends entirely on

20   maintaining a valid Amazon account.

21   ● Misleadingly implies cards function independently, like cash, when they actually

22   depend on third-party account status.

23   ● Does not advertise the risk that account suspension renders cards completely

24   worthless.

25   <u>False Advertising About Consumer Rights</u>

26   <u>Concealment of California Statutory Cash Redemption Rights:</u>

27   ● California Civil Code §1749.5(c) grants consumers valuable right to redeem

28   balances under $10 for cash.

1    ● ACI systematically concealed this statutory right, constituting false advertising by

2    omission about product value.

3    ● This cash redemption right increases actual value and utility of gift cards, making

4    its concealment materially misleading.

5    False Advertising About Refund and Return Policies:

6    ● Packaging design creates impression of standard consumer product with normal

7    return expectations.

8    ● Fails to prominently advertise the strict "no refund" policy that applies even when

9    cards cannot be used due to platform issues.

10    Misleadingly implies availability of consumer protections that do not actually exist

11    False Advertising Through Visual Design

12    Deceptive Visual Hierarchy:

13    ● ACI deliberately designed packaging to prominently display favorable

14    information (Amazon brand recognition, clear monetary value).

15    ● While systematically hiding unfavorable information (restrictions, risks, true

16    issuer identity).

17    ● This "selective disclosure by design" constitutes systematic false advertising

18    through visual manipulation.

19    d. Knowledge and Intent to Deceive

20    ACI's false advertising was deliberate and systematic:

21    ● As professional financial product issuer, ACI possessed complete knowledge of

22    actual product limitations and commercial relationships.

23    ● ACI knew the packaging created false impressions about issuer identity and

24    product functionality.

25    ● ACI deliberately chose deceptive presentations to exploit Amazon's brand value

26    while avoiding direct consumer interaction.

27    e. Materiality and Consumer Reliance

28    ACI's false advertising concerned material facts that directly influenced consumer

1  purchase decisions:

2      ● Identity of responsible party affects consumer confidence and expectations for

3  customer service.

4      ● Cash redemption rights represent additional monetary value that influences

5  purchase decisions.

6      ● Account dependency risks directly relate to product security and usability

7      Plaintiff relied on packaging design indicating Amazon as issuer and responsible

8  party, reasonably expected unrestricted use based on clean packaging design, and was

9  unaware of hidden limitations due to ACI's false advertising.

10     f. Harm and Causation

11     ACI's false advertising directly caused Plaintiff's damages:

12     ● Plaintiff purchased gift cards based on false advertising about issuer identity and

13  product characteristics.

14     ● Had ACI honestly advertised product limitations and complex commercial

15  relationships, Plaintiff would not have made purchase.

16     ● False advertising induced Plaintiff to acquire products that materially deviated

17  from advertised characteristics.

18     g. Pattern of Systematic False Advertising

19     ACI's conduct represents systematic false advertising practices through standardized

20  packaging affecting numerous consumers, demonstrating intentional deceptive business

21  strategy rathis than isolated errors.

22     h. Relief Requested

23     Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for

24  Relief below.

25  **A.5 FIFTH CAUSE OF ACTION:  Fraudulent Concealment / Omission**

26  a. Incorporation by Reference

27     Plaintiff re-alleges and incorporates by reference all preceding paragraphs, especially

28  those concerning Plaintiff's purchase of Amazon gift cards issued by Defendant ACI Gift

1   Cards LLC ("ACI") from retail stores in California (including Walgreens, CVS, and Whole

2   Foods Market) in July 2024, as the factual basis for this cause of action.

3       <u>b. Legal Basis</u>

4      This cause of action is based on California common law theory of fraudulent

5   concealment. Defendant ACI Gift Cards LLC, as the designer, issuer, and distributor of

6   Amazon gift cards, had disclosure obligations regarding material facts directly affecting

7   consumer purchase decisions, but systematically concealed key information and misled

8   consumers through false identity presentation.

9       <u>c. Systematic Concealment and False Presentation of Material Facts</u>

10      <u>Complete Concealment and False Implication Regarding Issuer Identity</u>

11      <u>Complete Concealment of True Issuer Identity:</u>

12     ●  ACI Gift Cards LLC is the true issuer and legal responsible party for Amazon gift

13   cards.

14     ●  Gift card packaging displays only Amazon logo and face value, with no ACI

15   identity information.

16     ●  All packaging text, instructions, and legal references point to Amazon, completely

17   omitting ACI as issuer.

18     ●  Consumers cannot know during purchase that ACI is the true contracting party.

19      <u>Creating False Impression of Amazon as Issuer:</u>

20     ●  Redemption instructions show "To redeem, visit amazon.com/redeem," implying

21   Amazon is the sole relevant party.

22     ●  Legal terms reference "See full terms: amazon.com/gc-legal," directing all legal

23   responsibility to Amazon.

24     ●  Overall packaging design creates false impression that Amazon is the issuer.

25      <u>Concealment of Consumer Rights and Restrictions</u>

26      <u>Concealment of Cash Redemption Rights:</u>

27     ●  Under California Civil Code §1749.5(c), consumers have the right to redeem gift

28   card balances under $10 for cash.

- This right directly affects the value and utility of gift cards.
- ACI failed to mention this statutory right anywhere on card packaging.

Concealment of Usage Restrictions:

- Card backs only state in small font "redeemable only for eligible items on Amazon.com or certain US affiliates".
- Completely failed to define what constitutes "eligible items" or "certain affiliates".
- Consumers cannot accurately understand actual purchasable goods range before purchase.

Concealment of Third-Party Platform Dependency and Control

Concealment of Platform Control Risks:

- Failed to disclose that gift card use completely depends on Amazon platform account status.
- Concealed that Amazon can unilaterally disable gift cards for vague reasons like "unusual activity".
- Failed to explain that account closure would render gift card balances completely inaccessible.

Concealment of Complex Responsibility Structure:

- Failed to disclose complex commercial structure separating issuance responsibility (ACI) from control power (Amazon).
- Concealed that consumers would face unclear responsible parties during disputes.
- Deliberately created ambiguous responsibility boundaries to escape direct accountability.

Concealment of Refund and Remedy Limitations

Concealment of Strict Non-Refund Policy:

- Failed to prominently state that gift cards are non-refundable once activated.
- Concealed that no refunds are available even due to platform problems or improper account suspension.
- Consumers have reasonable expectation of basic refund protection at time of

1    purchase.

2    <u>Concealment of Lack of Appeal Mechanisms:</u>

3    ● Failed to disclose lack of effective customer appeal and dispute resolution

4    mechanisms.

5    ● Concealed that dispute handling relies on automated systems with no genuine

6    human review.

7    ● Failed to explain that after appeal failure, no othis effective remedy paths exist.

8    <u>d. Materiality</u>

9    The concealed and falsely presented facts are material, directly affecting rational

10   consumers' core purchase decisions:

11   ● Knowing true contracting party and responsible party is foundation of any

12   commercial transaction.

13   ● Consumer rights directly enhance gift card utility and consumer protection.

14   ● Understanding platform dependency and control risks directly relates to fund

15   security.

16   ● Product limitations fundamentally affect gift card usability.

17   <u>e. Knowledge of Materiality and Intentional Concealment (Scienter)</u>

18   ACI knew the significant impact of above information on consumers and deliberately

19   chose concealment and deception.

20   <u>Systematic False Identity Presentation Strategy:</u>

21   ● ACI deliberately designed packaging to create false impression that Amazon is

22   issuer.

23   ● Prominently featured Amazon brand while completely concealing own identity.

24   ● This comprehensive identity concealment is carefully designed fraud strategy, not

25   oversight.

26   <u>Selective Disclosure Fraud Pattern:</u>

27   ● ACI deliberately chose to highlight information favorable to sales (Amazon

28   known brand, clear face value)

1    ● While systematically concealing restrictive information important to consumers

2    This contrasting design clearly proves intentional consumer deception

3    f. Intent to Defraud

4    ACI has clear and systematic fraud intent, aiming to obtain multiple improper

5    benefits:

6    Exploiting Amazon Brand Value:

7    ● Through completely concealing own identity and displaying Amazon brand,

8    obtained brand trust value.

9    ● Exploited consumer trust in Amazon to promote own product sales.

10   ● Avoided potential consumer concerns about ACI, relatively unknown company.

11   Escaping Direct Responsibility:

12   ● Through concealing issuer identity, made it difficult for consumers to pursue direct

13   legal accountability.

14   ● Created complex responsibility dispersion mechanism to increase difficulty of

15   consumer rights protection.

16   g. Justifiable Reliance

17   Plaintiff formed reasonable reliance on ACI's packaging design and information

18   presentation:

19   Systematic Misleading of Packaging Design:

20   ● Gift card front only displays Amazon known logo and clear face value, strongly

21   implying this is Amazon product.

22   ● All packaging text, instructions, and legal references point to Amazon, furthis

23   reinforcing Amazon identity recognition.

24   ● Rational consumers would form reasonable cognition that Amazon is issuer based

25   on this consistent brand presentation.

26   Plaintiff's Specific Vulnerability Factors:

27   ● Plaintiff's limited English proficiency led to greater reliance on simple, clear

28   visual design and brand information.

1  ● As new immigrant, lacked experience knowledge about U.S. gift card market

2  complexity.

3  ● In anxious mental state, more likely to rely on surface product information rathis

4  than research complex terms.

5  h. Actual Reliance Behavior

6  Plaintiff indeed formed reliance based on ACI's concealment and false presentation

7  and took specific actions:

8  ● Purchase Decision Basis: Based on complete Amazon brand presentation,

9  reasonably believed this was reliable product issued by Amazon.

10  ● Contracting Party Cognition: Believed was transacting with Amazon, known

11  trustworthy company.

12  ● Usage Expectation Formation: Expected to purchase needed goods without major

13  hidden restrictions.

14  ● Alternative Option Abandonment: Due to reliance on Amazon brand reliability,

15  actively abandoned cash and othis payment methods.

16  i. Direct Causal Relationship (Causation)

17  Clear direct causal relationship exists between ACI's intentional concealment and

18  false presentation conduct and Plaintiff's damages:

19  Decisive Impact of Identity Disclosure:

20  ● If ACI honestly disclosed ACI as true issuer, Plaintiff would reassess contracting

21  party credibility.

22  ● If clearly explained separation of issuer and controller, Plaintiff would realize

23  complexity and difficulty of responsibility pursuit.

24  ● If understood true commercial relationship structure, Plaintiff would not choose

25  this payment method.

26  Critical Impact of Risk Disclosure:

27  ● If ACI honestly disclosed platform control and account suspension risks, Plaintiff

28  would never choose gift cards as primary payment method during economic hardship.

1    ● If ACI clearly stated strict refund restrictions, Plaintiff would seek alternative
2    payment methods with refund protection.

3    j. Comprehensive Damages

4    Due to ACI's systematic fraudulent concealment and false identity presentation,
5    Plaintiff suffered multiple serious damages:

6    ● Direct Economic Losses: Second-phase purchased $900+ gift cards completely
7    unusable due to account suspension.

8    ● Consumer Rights Losses: Unable to exercise California law guaranteed cash
9    redemption rights.

10    ● Mental Health Damages: Psychological trauma from discovering systematic
11    misleading about contracting party identity.

12    ● Social Function Damages: Difficulty obtaining daily necessities due to fund loss
13    and payment method restrictions.

14    k. Relief Requested

15    Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for
16    Relief below.

17    **B. Claims Against Defendant Amazon.com Services LLC**

18    **B.1 FIRST CAUSE OF ACTION  :  Declaratory Relief**

19    Plaintiff retains this cause of action pursuant to the Court's Order dated May 21, 2025,
20    which overruled the demurrer as to the declaratory relief claim in the Second Amended
21    Complaint.

22    Plaintiff seeks a judicial declaration regarding the legal status and enforceability of
23    Amazon's account suspension practices, gift card redemption restrictions, and data use
24    policies, as furthis described in the Statement of Facts.

25    **B.2 SECOND CAUSE OF ACTION:  Violation of the California False**
26    **Advertising Law (Bus. & Prof. Code §17500)**

27    a. Incorporation by Reference

28    Plaintiff re-alleges and incorporates by reference all preceding paragraphs,

1     particularly those concerning Amazon's account registration process, account suspension

2     systems, data collection practices, and consumer-facing representations.

3     <u>b. Legal Basis</u>

4     Under California Business and Professions Code § 17500, it is unlawful for any

5     person or entity, in California, to make or disseminate in any advertising medium any

6     statement which is false or misleading, and which is known or should be known to be false

7     or misleading, for the purpose of inducing the public to purchase goods or services.

8     <u>c. Systematic False and Misleading Advertising Conduct</u>

9     <u>False Privacy and Data Control Advertising</u>

10     <u>False Privacy Protection Promises:Amazon repeatedly stated on registration pages,</u>

11     <u>privacy policies, and prominent website locations:</u>

12     ● "We take your privacy seriously"

13     ● "Privacy is built into our services from the ground up"

14     ● "You have choices about how your information is used"

15     ● "You have control over your data"

16     These statements constitute false advertising because Amazon's actual data practices

17     directly contradict these promises, demonstrated by Amazon's undisclosed use of Plaintiff's

18     verification data for punitive cross-account enforcement.

19     <u>False Data Control and Transparency Advertising:</u>

20     ● "You can access and control your personal information through your account

21     settings"

22     ● "We provide customers with transparency and control over their data"

23     ● "You can view your account transparency records"

24     These representations are objectively false because Plaintiff was completely denied

25     access, control, or transparency rights over personal data after submission.

1    <u>False Account Recovery and Review Process Advertising</u>

2    <u>False Account Restoration Advertising:</u>

3    "This is required to remove the hold on your account"

4    "If you promptly submit this form and attach supporting documents, we may be able to

5    remove the hold more quickly"

6    These statements constitute false advertising because Amazon never intended to restore

7    accounts and used predetermined automated rejection processes.

8    <u>False Review Process Advertising:</u>

9    Amazon's verification system promised document evaluation for account recovery

10   System implied genuine assessment would occur based on submitted materials

11   This constitutes false advertising because Amazon used only automated rejection without

12   meaningful review

13   <u>False Customer Service and Support Advertising</u>

14   <u>False Customer Service Availability Advertising:</u>

15   ● Amazon advertises comprehensive customer service and support capabilities

16   throughout its platform.

17   ● Amazon promotes "customer-centric" service philosophy in marketing materials.

18   ● Reality: Plaintiff encountered only automated systems with no access to human

19   support agents.

20   <u>False Problem Resolution Advertising:</u>

21   ● Amazon's website and help pages advertise effective dispute resolution

22   mechanisms.

23   ● Platform design implies availability of escalation and human intervention

24   processes.

25   ● Actual experience: systematic denial of access to any effective problem-solving

26   resources.

1    <u>False Advertising About Platform Fairness and Due Process</u>

2    <u>*False "Fair Review" Advertising:*</u>

3    ● Amazon's system messages and policies advertise fair, thorough account review

4    processes.

5    ● Website content implies transparent criteria and reasonable dispute resolution

6    ● Reality: Amazon provided only vague "unusual payment activity" notices without

7    specific allegations.

8    <u>Misleading Account Security Advertising:</u>

9    ● Amazon advertises robust account security and protection for legitimate users.

10   ● Platform messaging implies that compliant users receive fair treatment and

11   protection.

12   ● Reality: arbitrary account termination and fund forfeiture without explanation or

13   recourse.

14   <u>False Advertising Through Coordinated Brand Presentation</u>

15   <u>False Unified Service Advertising:Amazon collaborated with ACI to create false</u>

16   <u>advertising about service integration:</u>

17   ● Amazon accepts and processes ACI-issued gift cards while advertising unified

18   Amazon service experience.

19   ● Amazon's branding on gift card redemption pages creates false advertising

20   impression of comprehensive Amazon responsibility.

21   ● Reality: Amazon exercises control without corresponding accountability, leaving

22   consumers without effective recourse.

23   <u>d. Knowledge and Intent to Deceive</u>

24   Amazon's false advertising was deliberate and systematic:

25   ● As platform developer and operator, Amazon possessed complete knowledge of

26   its system limitations and actual processes.

27   ● Amazon knew its automated systems could not deliver the promised human

28   review and account restoration.

1  ● Amazon was fully aware that advertised privacy controls and transparency
2  features were non-functional for suspended users.

3  e. Materiality and Consumer Impact

4  Amazon's false advertising concerned material facts that directly influenced consumer
5  decisions:

6  ● Privacy protection capabilities affect consumer willingness to submit sensitive
7  personal information.

8  ● Customer service availability influences consumer choice of platforms for
9  essential transactions.

10  ● Account security promises impact consumer decisions about fund storage and
11  platform dependence.

12  Plaintiff encountered keywords such as "privacy," "security," and "user control"
13  during account registration and submitted sensitive verification documents based on false
14  advertising about review processes and data protection.

15  f. Falsity and Likelihood to Mislead

16  Amazon's advertising content was objectively false and systematically misleading:

17  ● Privacy "control" advertising contradicted by complete denial of data access and
18  control.

19  ● "Transparency" advertising contradicted by opaque, automated enforcement
20  without explanation.

21  ● "Customer service" advertising contradicted by exclusive reliance on automated
22  rejection systems.

23  g. Harm and Causation

24  Amazon's false advertising directly caused Plaintiff's damages:

25  ● False privacy promises induced Plaintiff to submit sensitive personal information
26  later used punitively.

27  ● False account recovery advertising caused Plaintiff to invest time and effort in
28  futile appeal processes.

1    ● Misleading platform responsibility advertising prevented Plaintiff from seeking

2    effective remedies.

3    h. Pattern of Systematic False Advertising

4    Amazon's conduct demonstrates institutional false advertising practices through

5    technological systems capable of deceiving numerous consumers simultaneously, creating

6    ongoing competitive advantages through consumer trust exploitation.

7    i. Relief Requested

8    Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for

9    Relief below.

10    **B.3 THIRD CAUSE OF ACTION:  Unjust Enrichment**

11    a. Incorporation by Reference

12    Plaintiff re-alleges and incorporates by reference all preceding paragraphs, including

13    those describing Plaintiff's provision of funds, personal data, and participation in Amazon's

14    verification and appeal process.

15    b. Legal Basis

16    Under California law, unjust enrichment is a quasi-contractual doctrine that applies

17    when one party unjustly retains a benefit at the expense of anothis. Although not always

18    pled as an independent cause of action, California courts recognize unjust enrichment as a

19    valid basis for restitution whise no adequate legal remedy exists and retention of benefit

20    would be inequitable.

21    c. Conduct by Amazon Leading to Enrichment

22    Amazon.com Services LLC induced Plaintiff to submit payment and personal

23    information under the belief that doing so would lead to account reinstatement and service

24    access. Specifically:

25    ● Plaintiff submitted multiple verification materials as requested by Amazon's

26    system prompts

27    ● Plaintiff's submissions included sensitive identifying documents and data

28    ● Amazon retained both the monetary funds (through gift card balance) and the

1   submitted personal data

2       Plaintiff received no service or benefit in return, and no path to appeal or restitution

3       d. Inequity of Retaining Benefit Without Performance

4       Despite receiving both monetary and informational value, Amazon:

5       • Failed to review Plaintiff's materials meaningfully

6       • Permanently terminated Plaintiff's account without explanation or remedy

7       • Retained the full gift card balance and user data

8

9       Such conduct constitutes unjust enrichment, as it allowed Amazon to retain economic

10   and strategic benefit from Plaintiff without providing the expected or implied reciprocal

11   benefit.

12      e. Relief Requested

13      Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for

14      Relief below.

15      **B.4 FOURTH CAUSE OF ACTION：Conversion**

16      a. Incorporation by Reference

17      Plaintiff re-alleges and incorporates by reference all preceding paragraphs,

18   particularly those describing Plaintiff's lawful purchase of Amazon gift cards, the loading

19   of funds into Amazon accounts, Amazon's suspension of accounts, and the permanent

20   retention of gift card balances without justification.

21      b. Legal Basis

22      Under California common law, conversion occurs when: (1) plaintiff owns or has the

23   right to possess personal property; (2) defendant intentionally interferes with that property

24   by exercising unauthorized dominion and control over it; and (3) plaintiff suffers damages

25   as a result. All elements are satisfied in this case.

26      c. Plaintiff's Property Rights in Gift Card Balances

27      Property Ownership:

28      • Plaintiff lawfully purchased Amazon gift cards totaling over $2,500 using

1  personal funds from legitimate U.S. retailers including Walgreens, CVS, and Whole Foods

2  Market

3  ● These gift cards represented Plaintiff's personal property with specific monetary

4  value

5  ● Upon activation and loading into Amazon accounts, the gift card balances became

6  Plaintiff's digital property stored on Amazon's platform

7  ● Plaintiff had legal right to use these funds for legitimate purchases on Amazon's

8  platform

9  Clear Property Interest:Gift card balances constitute personal property under

10  California law, representing prepaid consideration for future goods and services. Plaintiff

11  retained ownership rights in these funds regardless of Amazon's platform dependency.

12  d. Amazon's Unauthorized Exercise of Dominion and Control

13  Intentional Interference with Property Rights:

14  ● Amazon permanently froze all gift card balances in both of Plaintiff's accounts

15  (totaling over $2,500)

16  ● Amazon refused to provide access to these funds despite Plaintiff's repeated

17  requests and compliance with verification procedures

18  ● Amazon exercised complete control over Plaintiff's property by preventing any

19  use, transfer, or recovery of the funds

20  ● Amazon's actions constituted substantial interference with Plaintiff's property

21  rights

22  Lack of Legal Justification:

23  ● Plaintiff's gift card purchases were entirely lawful, made from legitimate retailers

24  using valid payment methods

25  ● No evidence of fraud, theft, or misconduct by Plaintiff existed to justify retention

26  of the funds

27  ● Amazon's vague allegations of "unusual payment activity" provided no specific or

28  legitimate basis for permanent confiscation

1    ● Amazon's own investigation, if conducted properly, would have confirmed the

2    legitimacy of all transactions

3    <u>Denial of Access and Return:</u>

4    ● Despite Plaintiff's good faith compliance with verification requests, Amazon

5    refused to restore access to the funds

6    ● Amazon provided no process for Plaintiff to reclaim the legitimately purchased

7    property

8    ● Amazon ignored Plaintiff's humanitarian appeals for access to essential funds

9    during crisis period

10   ● Amazon's conduct demonstrated intent to permanently deprive Plaintiff of the

11   property

12   <u>e. Rejection of Legitimate Demands for Return</u>

13   <u>Explicit Demands for Return:</u>

14   ● Plaintiff repeatedly requested restoration of account access and return of gift card

15   balances through Amazon's system

16   ● Plaintiff submitted comprehensive documentation proving legitimate ownership

17   of the funds

18   ● Plaintiff's July 2024 legal warning letters explicitly demanded return of

19   wrongfully withheld property

20   ● Plaintiff's humanitarian pleas specifically requested access to funds for basic

21   survival needs

22   <u>Amazon's Wrongful Refusal:</u>

23   Amazon ignored all demands for return of the property, provided no substantive

24   response to legal demands or humanitarian appeals, and demonstrated intent to

25   permanently retain Plaintiff's funds without justification.

26   <u>f. Intent and Knowledge</u>

27   Amazon's conversion was willful and deliberate:

28   ● Amazon knew the gift cards were purchased legitimately from authorized retailers

1  ● Amazon was aware that permanent retention of funds without justification
2  constituted wrongful conversion
3  ● Amazon's legal department received detailed warnings about unlawful retention
4  of property but chose to ignore them
5  ● Amazon's systematic failure to respond to return demands demonstrated conscious
6  decision to convert Plaintiff's property
7  g. Aggravating Circumstances Supporting Enhanced Damages
8  Malicious and Oppressive Conduct:
9  ● Amazon converted property belonging to a known vulnerable individual (asylum
10  seeker with anxiety disorder)
11  ● Amazon ignored humanitarian appeals during documented crisis period when
12  Plaintiff needed funds for basic survival
13  ● Amazon's conversion was part of systematic practice designed to intimidate and
14  punish vulnerable consumers
15  ● Amazon acted with reckless disregard for Plaintiff's fundamental property rights
16  and human dignity
17  h. Damages and Harm
18  Direct Property Loss:
19  ● Plaintiff lost access to over $1,600 in first account gift card balances
20  ● Plaintiff lost access to over $900 in second account gift card balances
21  ● Total property conversion exceeds $2,500 in legitimate, personally-owned funds
22  ● Plaintiff was deprived of essential resources needed for food, helter, and basic
23  survival
24  Consequential Damages:
25  Conversion of essential funds during humanitarian crisis directly contributed to
26  Plaintiff's psychological deterioration, prevented Plaintiff from obtaining necessary
27  computer equipment for asylum case preparation, and contributed to conditions leading to
28  Plaintiff's PTSD diagnosis.

1    <u>i. Relief Requested</u>

2    Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for

3    Relief below.

4    **B.5 FIFTH CAUSE OF ACTION:  Violation of the California Consumers**

5    **Legal Remedies Act (Cal. Civ. Code §1770 et seq.)**

6    <u>a. Incorporation by Reference</u>

7    Plaintiff re-alleges and incorporates by reference all preceding paragraphs,

8    particularly those describing Amazon's account suspension processes, system prompts,

9    data collection practices, and the CLRA notice proceedings detailed in Section F of the

10   Statement of Facts.

11   <u>b. Legal Basis and Consumer Transaction</u>

12   The California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §1770 et

13   seq., prohibits unfair and deceptive acts or practices in transactions intended to result in the

14   sale or lease of goods or services to consumers.

15   Plaintiff is a "consumer" as defined by Civil Code §1761(d), and Amazon's provision

16   of account services, verification processes, and platform access constitutes "services"

17   covered by the CLRA. These services were used for personal, family, and household

18   purposes.

19   <u>c. Specific CLRA Violations</u>

20   Amazon's conduct violates the following provisions of Civil Code §1770(a):

21   <u>1. Civil Code §1770(a)(5): Misrepresenting that services have characteristics they do</u>

22   <u>not have</u>

23   <u>Account Recovery Service Misrepresentation:</u>

24   ● Amazon's system displayed messages stating "This is required to remove the

25   account hold"

26   ● The system stated "If you promptly submit this form and attach supporting

27   documents, we may be able to remove the hold more quickly"

28   ● These messages falsely represented that account recovery was possible and

1  dependent on document submission

2  ● The actual process was automated rejection with no human review or genuine

3  recovery possibility

4  Customer Service and Review Process Misrepresentation:

5  ● Amazon provided only automated responses stating "information submitted is

6  insufficient" without specifying what was missing

7  ● No human reviewers were accessible despite system implications of human

8  interaction

9  ● The represented "review process" did not exist in practice

10  2. Civil Code §1770(a)(7): Misrepresenting that services are of a particular standard,

11  quality, or grade

12  Data Privacy and Control Service Quality Misrepresentation:

13  ● Amazon's website and privacy policies state "We take your privacy seriously" and

14  "You have control over your data"

15  ● Amazon advertises "account transparency" features and data access tools

16  After account suspension, Plaintiff was completely denied access to submitted

17  personal data

18  ● No transparency tools were available or functional for suspended users

19  ● The actual service quality was substantially inferior to advertised standards

20  3. Civil Code §1770(a)(9): Advertising services with intent not to provide them as

21  advertised

22  False Recovery Process Advertisement:

23  ● Amazon's verification system was designed to collect personal information, not to

24  provide genuine account recovery

25  ● System messages suggesting restoration possibility were used while implementing

26  predetermined permanent exclusion

27  ● The process was designed to gathis additional data for cross-account matching

28  rathis than restore access

49

1      <u>Data Control Service Advertisement Without Intent to Provide:</u>

2      ●  Amazon advertised data transparency and user control features.

3      ●  These services become completely unavailable upon account suspension.

4      ●  Amazon designed systems that systematically deny access to advertised data

5  control features for suspended users.

6      <u>4. Civil Code §1770(a)(14): Representing that transactions confer rights that they do</u>

7  <u>not</u> actually confer

8      <u>Due Process and Appeal Rights Misrepresentation:</u>

9      ●  Plaintiff was provided no specific information about alleged violations, making

10 targeted response impossible.

11     ●  Amazon provided no criteria for account reinstatement or clear appeal process.

12     ●  The vague notice of "unusual payment activity" deprived Plaintiff of basic due

13 process rights.

14     <u>Data Access and Control Rights Misrepresentation:</u>

15     ●  Amazon represented that users have access to their personal information and

16 account data.

17     ●  After suspension, Plaintiff lost all access to submitted documents, account history,

18 and personal data.

19     ●  Amazon's advertised data access rights were completely illusory for suspended

20 users.

21     <u>5. Civil Code §1770(a)(16): Representing that services have been supplied in</u>

22 <u>accordance</u> with previous representations

23     <u>Continued Misrepresentation Despite System Failures:</u>

24     ●  Amazon continues to represent availability of fair review processes and data

25 control despite systematic denial of these services to suspended users.

26     ●  Amazon continues to advertise customer service and account management

27 capabilities that are not available in practice.

28     ●  Amazon maintains privacy and transparency claims while systematically denying

1  access to personal data for suspended accounts.

2      d. Systematic Service Misrepresentation Pattern

3      Amazon's CLRA violations reflect systematic misrepresentation of service
4  capabilities:

5      ● Amazon provides only generic "unusual payment activity" notices without
6  specific allegations.

7      ● Amazon used Plaintiff's verification submission for undisclosed cross-account
8  identity matching.

9      ● Amazon used Plaintiff's cooperation in first account verification to identify and
10 punish second account.

11     e. Specific Consumer Harm and Vulnerable Population Impact

12     Amazon's deceptive practices particularly harmed Plaintiff as a vulnerable consumer:

13     ● Plaintiff is a non-English speaking asylum seeker with anxiety disorder taking
14 Trazodone (cognitive-affecting medication).

15     ● During Plaintiff's humanitarian crisis in July 2024, Amazon canceled food orders
16 despite Plaintiff's written humanitarian plea.

17     ● Amazon ignored detailed legal warning letter citing eight federal and state law
18 violations.

19     ● Plaintiff was diagnosed with PTSD in September 2024, with medical records
20 linking the condition to Amazon's deceptive practices.

21     f. Specific Financial Harm

22       As direct result of Amazon's misrepresentations:

23     ● Plaintiff lost access to over $1,600 in first account gift card balances.

24     ● Plaintiff purchased additional $900+ in gift cards for second account based on
25 false recovery promises.

26     ● Total financial loss exceeds $2,500 due to Amazon's deceptive service
27 representations.

28     ● Plaintiff incurred medical expenses for PTSD treatment and lost work capacity.

1     g. CLRA Notice Compliance

2     First CLRA Notice (May 20, 2025):

3 Plaintiff served CLRA notice to Amazon identifying violations related to account

4 management, appeal processes, and privacy representations.

5     Amazon's Non-Response:

6 Amazon.com Services LLC provided no response to the CLRA notice and took no

7 corrective action within the statutory 30-day period.

8     Enhanced CLRA Notice (July 11, 2025):

9 Plaintiff served comprehensive enhanced notice detailing Amazon's systematic service

10 misrepresentations, false account recovery promises, and coordinated commercial

11 relationship deceptions.

12     Full CLRA Relief Rights:

13 Having provided proper notice without response or correction from Amazon, Plaintiff is

14 entitled under Civil Code §1782(d) to seek actual damages, punitive damages, injunctive

15 relief, and attorneys' fees.

16     h. Relief Requested

17     Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for

18 Relief below.

19     **B.6 SIXTH CAUSE OF ACTION: Violation of California Unfair Competition**

20 **Law (Cal. Bus. & Prof. Code §17200 et seq.)**

21     a. Incorporation by Reference

22     Plaintiff re-alleges and incorporates by reference all preceding paragraphs. This cause

23 of action addresses Amazon's systematic unfair, unlawful, and fraudulent business

24 practices through account suspension systems, data collection practices, platform control

25 mechanisms, and deliberate infliction of psychological harm on vulnerable consumers.

26     b. Legal Basis

27     California Business and Professions Code §17200 prohibits three categories of

28 business conduct:

1.Unlawful practices – acts that violate othis statutes, regulations, or laws;

2.Unfair practices – conduct that is immoral, unethical, oppressive, or substantially injurious to consumers;

3.Fraudulent practices – conduct that is likely to mislead members of the public.

4Amazon's systematic business practices satisfy all three categories.

c. Fraudulent Business Practices

Amazon repeatedly used misleading language and false representations to deceive vulnerable consumers:

False Account Recovery Promises

Amazon's system messages such as "This is required to remove the hold on your account" and "If you promptly submit this form... we may be able to remove the hold more quickly" created false expectations of genuine review and possible account restoration when the process was designed for data collection and permanent exclusion.

Privacy and Control Misrepresentations

Amazon advertised data control features such as "transparency," "privacy control," and "account transparency logs" while providing no actual user control or meaningful data access, particularly after account suspension.

Platform Authority Misrepresentation

Amazon systematically misrepresented its role regarding ACI-issued gift cards, creating false impression of issuer responsibility while exercising absolute control without corresponding accountability.

Coordinated Identity Fraud

Amazon collaborated with ACI to create unified Amazon branding that completely obscures the true commercial relationship structure, misleading consumers about actual responsible parties and legal relationships.

d. Unfair Business Practices

Amazon's conduct violates fundamental principles of fairness, proportionality, and consumer protection:

<u>Systematic Deprivation of Due Process Rights</u>

- Amazon provided only vague notices of "unusual payment activity" without specifying which transactions, products, gift cards, or behavior patterns triggered suspension.

- This deliberate ambiguity deprived Plaintiff of the ability to understand specific allegations, provide targeted responses, or gathis relevant evidence for defense.

- Amazon provided no criteria for account reinstatement or clear appeal process

- This systematic denial of procedural fairness violates basic consumer protection principles.

<u>Disproportionate and Arbitrary Enforcement</u>

- Amazon imposed the most severe penalty (permanent account closure and fund forfeiture) without prior warnings, graduated responses, or proportional measures

- For lawful gift card purchases at legitimate U.S. retailers, Amazon applied extreme enforcement typically reserved for serious misconduct.

- The punishment bore no reasonable relationship to any alleged violation, particularly given Plaintiff's complete cooperation and good faith compliance.

<u>Exploitation of Vulnerable Consumer Populations</u>

- Amazon subjected Plaintiff, a non-English speaking asylum seeker with diagnosed anxiety disorder taking cognitive-affecting medication, to systematic deception and punishment.

- Amazon designed and maintained practices specifically harmful to linguistically disadvantaged consumers who cannot navigate complex terms or understand technical procedures.

- Amazon's automated systems disproportionately impact vulnerable populations while providing no meaningful human oversight or accommodation.

<u>Surveillance-Based Intimidation and Psychological Manipulation</u>

- Amazon used Plaintiff's cooperation in account verification to create permanent surveillance profiles, making Plaintiff feel constantly monitored and tracked.

1    • When Plaintiff attempted a fresh start with a new account, Amazon immediately

2    used previously collected data to identify and punish, creating terrifying sense of

3    inescapable surveillance.

4    • This deliberate intimidation tactic was designed to create paranoia, helplessness,

5    and submission in vulnerable consumers.

6    <u>Willful Disregard of Legal Obligations and Humanitarian Concerns</u>

7    • Amazon completely ignored Plaintiff's detailed legal warning letters citing eight

8    specific federal and state law violations, demonstrating willful disregard for legal

9    compliance.

10    • Amazon refused to respond to humanitarian pleas from a known asylum seeker

11    requesting preservation of essential food orders during humanitarian crisis.

12    • This systematic ignoring of both legal obligations and basic humanitarian

13    standards violates fundamental principles of fair dealing.

14    <u>Systematic Consumer Rights Deprivation</u>

15    • After account suspension, Plaintiff lost all access to account contents, including

16    order history, balance information, appeal records, and submitted personal documents.

17    • Amazon offered no human contact point, response mechanism, or data access

18    path, leaving Plaintiff entirely disempowered and unable to meaningfully participate in any

19    resolution process.

20    • Amazon's "one-way collection, permanent lockdown, zero user access" model

21    completely deprives consumers of basic rights over their personal information and financial

22    assets.

23    <u>e. Unlawful Business Practices</u>

24    Amazon's conduct constitutes unlawful business practices by violating multiple

25    statutes:

26    • Consumer Legal Remedies Act (CLRA) – Civ. Code §1770: Misrepresenting the

27    nature of services, data control capabilities, and user privacy rights while failing to provide

28    advertised account recovery and dispute resolution services.

1    ● False Advertising Law (FAL) – Bus. & Prof. Code §17500: Advertising data

2    rights, privacy protections, and customer service capabilities that do not exist in practice,

3    particularly for suspended users.

4    ● Common Law Fraud and Fraudulent Concealment: Using misleading system

5    design, concealing adverse consequences of cooperation, and creating false expectations

6    about account recovery processes.

7

8    f. Coordinated Commercial Relationship Violations

9    Amazon's unfair competition extends to its coordinated relationship with ACI Gift

10   Cards LLC:

11   ● Joint Consumer Confusion Design: Amazon collaborated with ACI to create

12   deliberately complex commercial structures designed to prevent consumers from

13   identifying correct responsible parties for complaints and legal action.

14   ● Systematic Responsibility Avoidance: Amazon and ACI jointly designed customer

15   service deflection systems and coordinated responsibility evasion mechanisms that leave

16   consumers unable to obtain meaningful recourse.

17   ● Shared Economic Benefits from Consumer Disadvantage: Amazon structured its

18   relationship with ACI to financially benefit from consumer confusion, account

19   suspensions, and fund forfeitures while avoiding traditional issuer responsibilities.

20   g. Pattern of Systematic Consumer Harm

21   Amazon's violations represent systematic business practices rathis than isolated

22   incidents:

23   ● Automated Enforcement Infrastructure: Amazon has built technological systems

24   specifically designed to implement mass account suspensions, data collection, and fund

25   retention with minimal human oversight.

26   ● Scalable Deception Model: Amazon's misleading practices are embedded in

27   automated systems that can deceive and harm large numbers of consumers simultaneously.

28   ● Institutional Policy Implementation: These practices reflect deliberate corporate

1  policies rathis than individual employee errors or system glitches.

2      h. Harm Suffered

3      As a direct result of Amazon's unfair competition practices, Plaintiff suffered:

4      ● Financial Harm: Forfeiture of over $1,600 in gift card balances and $900+ in

5  subsequent purchases, totaling over $2,500 in direct losses.

6      ● Privacy and Dignitary Harm: Complete loss of control over personal information,

7  unauthorized surveillance, and systematic denial of basic consumer rights.

8      ● Psychological and Medical Harm: Formal diagnosis of Post-Traumatic Stress

9  Disorder (PTSD) in September 2024, with medical records directly linking the condition

10  to Amazon's systematic deceptive practices.

11      ● Functional and Economic Impairment: Loss of work capacity resulting in

12  employment terminations, ongoing medical expenses, and permanent impairment of ability

13  to engage in normal economic activities.

14      i. Public Policy Violations

15      Amazon's practices violate fundamental public policies underlying California's

16  consumer protection framework:.

17      ● Consumer Protection Effectiveness: Amazon's practices undermine the

18  effectiveness of consumer protection laws by making traditional remedies inaccessible.

19      ● Vulnerable Population Protection: Amazon's systematic exploitation of

20  linguistically and economically disadvantaged consumers violates California's

21  commitment to protecting vulnerable populations.

22      ● Digital Economy Integrity: Amazon's practices threaten the development of fair

23  and trustworthy digital commerce by normalizing deceptive and exploitative business

24  models.

25      j. Relief Requested

26      Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for

27  Relief below.

**B.7 SEVENTH CAUSE OF ACTION：Intentional Infliction of Emotional Distress**

a. Incorporation by Reference

Plaintiff re-alleges and incorporates by reference all preceding paragraphs, particularly those concerning Amazon's systematic deceptive practices, deliberate targeting of a known vulnerable individual, and the severe psychological harm documented through medical records.

b. Legal Basis and Elements

Under California common law, Intentional Infliction of Emotional Distress requires:

● Defendant engaged in extreme and outrageous conduct;

● Defendant intended to cause emotional distress, or acted with reckless disregard for the likelihood of causing such distress;

● Plaintiff suffered severe emotional distress as a direct result.

All elements are satisfied by Amazon's systematic targeting and psychological manipulation of Plaintiff.

c. Amazon's Extreme and Outrageous Conduct

Amazon engaged in a pattern of conduct that exceeded all bounds of decency and demonstrated reckless disregard for Plaintiff's known vulnerability:

Systematic False Promises to Vulnerable Individual

Amazon's system repeatedly displayed messages such as "This is required to remove the hold on your account" and "If you promptly submit this form... we may be able to remove the hold more quickly" to induce Plaintiff to submit sensitive personal information. These promises were made to an individual Amazon knew or should have known was:

● A non-English speaking asylum seeker facing humanitarian crisis.

● Suffering from diagnosed anxiety disorder and taking cognitive-affecting medication (Trazodone).

● Completely dependent on the platform for accessing food and essential supplies.

● In an extremely vulnerable psychological state following multiple traumatic

58

1    events.

2    <u>Deliberate Exploitation During Crisis Period</u>

3    As documented in the Statement of Facts, Amazon's most severe actions occurred

4    during Plaintiff's period of maximum vulnerability:

5    ● July 2, 2024: Amazon canceled all orders including essential food during

6    Plaintiff's humanitarian crisis.

7    ● Plaintiff submitted humanitarian plea requesting preservation of food orders for

8    basic survival.

9    ● Amazon provided no response whatsoever to this desperate request.

10   ● Amazon proceeded with cancellations despite knowing Plaintiff's vulnerable

11   status as asylum seeker.

12   <u>Callous Disregard for Legal Warnings and Humanitarian Pleas</u>

13   Despite receiving Plaintiff's comprehensive legal warning letters citing eight specific

14   federal and state law violations and desperate humanitarian requests, Amazon

15   demonstrated complete callous indifference:

16   ● Amazon ignored detailed legal warnings about violations of Federal Trade

17   Commission Act, Consumer Protection Laws, Electronic Fund Transfer Act, Fair Credit

18   Reporting Act, Gramm-Leach-Bliley Act, California Consumer Privacy Act, and California

19   Business & Professions Code.

20   ● Amazon provided no response to humanitarian pleas from a known asylum seeker

21   in crisis.

22   ● This systematic ignoring of both legal obligations and basic human decency was

23   designed to maximize psychological pressure on a vulnerable individual.

24   <u>Use of Cooperation as Weapon for Additional Punishment</u>

25   Amazon induced Plaintiff to submit comprehensive personal information including

26   full name, address, phone number, bank account details, and gift card photos under false

27   promises of account recovery. Amazon then used this cooperatively provided information

28   to:

1    • Perform undisclosed cross-account identity matching.

2    • Permanently identify and exclude Plaintiff from any future platform access.

3    • Create a terrifying sense of inescapable surveillance and punishment.

4    • Transform Plaintiff's good faith cooperation into grounds for additional harm.

5    <u>Systematic Deprivation of Basic Procedural Fairness</u>

6    Amazon subjected Plaintiff to extreme procedural unfairness designed to maximize

7    confusion and helplessness:

8    • Provided only vague accusations of "unusual payment activity" without any

9    specific information about alleged violations

10   • Denied Plaintiff any ability to understand charges, respond meaningfully, or

11   defend against accusations

12   • Implemented permanent punishment (account closure and fund forfeiture) without

13   warnings, graduated responses, or proportional measures

14   • Created deliberately impossible appeal process designed to exhaust and frustrate

15   vulnerable consumers

16   <u>d. Reckless Disregard for Severe Emotional Distress</u>

17   Amazon's conduct was undertaken with full knowledge or reckless disregard of the

18   likelihood of causing severe emotional distress:

19   <u>Knowledge of Plaintiff's Vulnerability</u>

20   Amazon knew or should have known that Plaintiff was in an extremely vulnerable

21   state:

22   • Recent immigrant facing asylum proceedings with uncertain legal status.

23   • Limited English proficiency making navigation of complex systems particularly

24   difficult.

25   • Diagnosed anxiety disorder requiring medication that impaired cognitive

26   judgment.

27   • Complete social isolation with no family or friends for support.

28   • Recent trauma from multiple thefts and loss of personal belongings.

● Acute financial hardship requiring dependence on Amazon platform for basic necessities.

<u>Predictable Psychological Impact</u>

Amazon should have foreseen that its conduct would cause severe emotional distress:

● Canceling food orders for vulnerable individual facing humanitarian crisis.

● Using false promises to extract personal information from psychologically fragile person.

● Implementing surveillance and punishment designed to create paranoia and helplessness.

● Denying basic procedural fairness to individual already struggling with anxiety and trauma.

<u>e. Severe Emotional Distress and Documented Harm</u>

As a direct result of Amazon's extreme and outrageous conduct, Plaintiff suffered severe and ongoing emotional distress:

<u>Acute Psychological Symptoms</u>

● Panic attacks and heart palpitations beginning July 2, 2024.

● Severe insomnia and nightmares beginning July 12, 2024.

● Auditory hallucinations including "hears frogs croaking and othis noises".

● Social withdrawal and isolation from normal activities.

<u>Medical Documentation of Severity</u>

● August 13, 2024: Westside Crisis evaluation documenting "recent emergence of passive-SI" and describing Plaintiff as "feeling exhausted and tormented".

● Medical records showing "only been able to get a few hours of sleep each night".

● September 2024: Formal diagnosis of Post-Traumatic Stress Disorder (PTSD).

● August 29, 2024: Additional diagnosis of Bipolar II Disorder requiring long-term psychiatric treatment.

<u>Functional Impairment and Life Impact</u>

● Loss of ability to work, with documented employment terminations in December

1    2024 due to psychological symptoms.

2        ● Inability to engage in normal economic activities due to fear and distrust of digital

3    platforms.

4        ● Requirement for ongoing psychiatric treatment and medication management.

5        ● Permanent impairment of social functioning and quality of life.

6    f. Causation and Temporal Relationship

7        The medical evidence establihes clear causation between Amazon's conduct and

8    Plaintiff's severe emotional distress:

9        ● Direct Temporal Correlation: Acute symptoms began immediately following

10   Amazon's order cancellation on July 2, 2024

11       ● Symptoms intensified following account closure on July 12, 2024

12       ● Medical Professional Confirmation: Westside Crisis evaluation specifically

13   attributed symptoms to "ongoing feelings of exhaustion" related to the Amazon situation

14       ● PTSD diagnosis explicitly linked to the systematic deception and financial trauma

15   caused by Amazon's practices

16   g. Aggravating Factors

17       Amazon's conduct is particularly egregious due to:

18       ● Targeting of Protected Vulnerable Population: Systematic exploitation of asylum

19   seeker with known mental health vulnerabilities

20       ● Systematic and Premeditated Nature: Conduct reflects deliberate corporate

21   policies rathis than individual employee errors

22       ● Complete Absence of Justification: Plaintiff's gift card purchases were entirely

23   lawful and from legitimate U.S. retailers

24   h. Relief Requested

25       Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for

26   Relief below, including substantial compensatory damages for severe emotional distress,

27   punitive damages to deter similar conduct toward vulnerable populations, and injunctive

28   relief to prevent continued systematic abuse.

1  **B.8 EIGHTH CAUSE OF ACTION：Comprehensive Fraud - Promissory**

2  **Fraud, Misrepresentation, Fraudulent Concealment, Platform Control Abuse, and**

3  **Coordinated Fraud**

4  a. Incorporation by Reference

5  Plaintiff re-alleges and incorporates by reference all preceding paragraphs,

6  particularly those concerning Amazon's account registration, verification processes,

7  account suspension, data collection, privacy promises, and the commercial relationship

8  structure coordinated with ACI Gift Cards LLC, as the factual basis for this cause of action.

9  b. Legal Basis

10  This cause of action is based on multiple California common law fraud theories:

11  promissory fraud, misrepresentation, fraudulent concealment, platform control abuse

12  fraud, and coordinated fraud mechanisms designed with third parties. Under California law,

13  fraud requires: (1) misrepresentation of material fact or concealment whise duty to disclose

14  exists; (2) knowledge of falsity (scienter); (3) intent to defraud; (4) justifiable reliance; and

15  (5) resulting damage. Amazon.com Services LLC implemented multi-layered, compound

16  fraudulent conduct satisfying all elements through systematic false promises, misleading

17  statements, intentional concealment of material facts, abuse of platform control authority,

18  and coordination with ACI to design complex responsibility evasion mechanisms.

19  c. Material Misrepresentations, Concealment, and Fraudulent Exercise of Control

20  False Promises Regarding Account Recovery Possibility (Promissory Fraud)

21  Explicit Recovery Promise Statements:

22  On July 29 and August 1, 2024, Amazon's system displayed specific false promises

23  designed to induce data submission:

24  ● "This is required to remove the hold on your account"

25  ● "If you promptly submit this form and attach supporting documents, we may be

26  able to remove the hold more quickly"

27  ● "This is required to remove the hold on your account"

28  ● "If you promptly submit this form with supporting documents, we may be able to

1    remove restrictions more quickly"

2         These statements clearly implied that account recovery was possible and dependent

3    on document submission, creating reasonable reliance by Plaintiff and constituting

4    promissory fraud designed to induce users to submit sensitive information.

5         False Representation of Review Process Existence:

6         Amazon's verification system promised that document submission would lead to

7    account review and possible restoration. The system displayed messages such as "This is

8    required to remove the hold on your account" and "This can help remove the hold on your

9    account more quickly," implying genuine evaluation would occur. However, based on

10   characteristics identified by Plaintiff consistent with automated processing—including

11   identical template responses, inability to address humanitarian circumstances, and

12   systematic processing patterns—no meaningful human review occurred. Amazon used

13   document submission solely for identity matching and punitive enforcement rathis than the

14   promised account restoration assessment.

15        Systematic False Representations Regarding Data Privacy Protection

16        Substantial Departure from Privacy Protection Promises:

17        Amazon repeatedly stated on registration pages, privacy policies, and prominent

18   website locations:

19        • "We take your privacy seriously"

20        • "Privacy is built into our services from the ground up"

21        • "We work every day to earn your trust"

22        • "Your privacy is important to us"

23        These statements constitute false misrepresentation because Amazon's actual data

24   practices directly contradict these promises, demonstrated by Amazon's undisclosed use of

25   Plaintiff's verification data for punitive cross-account enforcement.

26        False Data Control and Transparency Representations:

27        • "You have choices about how your data is used"

28        • "You can control your data"

1    ● "We provide customers with transparency and control over their data"

2    ● "You can view your account transparency records"

3    These representations are objectively false because:

4    ● Plaintiff was given zero ability to control, review, export, modify, or delete

5    personal data after submission

6    ● The advertised "account transparency records" feature was entirely unavailable

7    and non-functional

8    ● Amazon used submitted data for undisclosed purposes without providing any

9    control mechanisms

10    <u>Specific False Promises Regarding Data Transparency and Access Rights</u>

11    <u>Departure from Specific Transparency Promises:</u>

12    Amazon privacy statements explicitly promised: "You can access and control your

13    personal information through your account settings"

14    Customer data request page stated: "We provide tools for you to view, update, and

15    delete certain information we collect about you"

16    Account transparency feature promise: "View detailed records of how Amazon uses

17    your personal information"

18    <u>Complete Contradiction in Reality:</u>

19    ● These features were completely non-existent or inaccessible after account

20    suspension

21    ● Plaintiff was completely deprived of any access, control, or transparency rights

22    over own data

23    ● The vast gap between promises and reality demonstrated intentional fraud intent

24    <u>Material Concealment of Data Use Purposes (Fraudulent Concealment)</u>

25    <u>Concealment of Cross-Account Identity Matching Mechanism:</u>

26    ● Amazon completely failed to disclose that collected verification information

27    would be used for identity matching with historical accounts

28    ● Amazon concealed that successful identity matching would result in permanent

1    new account closure and fund confiscation

2        ● Amazon intentionally misled users to believe verification information was used

3    solely for account recovery purposes

4        <u>Concealment of Automated Enforcement Algorithm Existence and Operation:</u>

5        Amazon failed to disclose that account review exhibited characteristics consistent

6    with automated algorithms rathis than human judgment, concealed algorithm judgment

7    criteria, weight allocation, and decision logic, and intentionally misled users to believe fair,

8    transparent, and appealable review mechanisms existed.

9        <u>False Representations and Material Concealment Regarding Platform Control</u>

10   <u>Authority Nature</u>

11       <u>False Identity Display Impersonating Othiss' Product Issuers:</u>

12       ● Through unified Amazon brand display on ACI-issued gift cards, Amazon implied

13   Amazon was the gift card issuer

14       ● Gift card redemption instructions "amazon.com/redeem" and legal terms

15   "amazon.com/gc-legal" reinforced false impression of Amazon as issuer

16       ● In reality, Amazon was not the gift card issuer, yet created misleading identity

17   recognition through brand control

18       <u>Concealment of Absolute Control Over Non-Self-Issued Products:</u>

19       ● Amazon failed to disclose Amazon's absolute control authority to invalidate ACI-

20   issued gift cards

21       ● Amazon concealed Amazon's power to unilaterally freeze and confiscate non-self-

22   issued financial products

23       ● Amazon failed to explain the complex commercial structure separating control

24   authority from issuance responsibility and its adverse impact on consumers

25       <u>Abuse of Platform Monopoly Position to Gain Improper Control:</u>

26       ● Amazon exploited platform monopoly position to mandate gift card use through

27   its platform

28       ● Amazon indirectly controlled validity of othiss' issued financial products through

1   platform access control

2   ● Amazon failed to disclose that this platform dependency enabled Amazon to

3   arbitrarily deprive consumers of lawfully purchased product usage rights

4   Obtaining Improper Economic Benefits Through Othiss' Products:

5   ● Amazon obtained direct economic benefits from ACI-issued products through

6   account freezing and balance confiscation

7   ● Amazon failed to disclose that account freezing-induced fund retention would

8   give Amazon free fund usage rights

9   ● Amazon concealed that this business model created economic incentives for

10  Amazon to implement more account freezes

11  Coordinated Commercial Relationship Fraud and Responsibility Evasion

12  Mechanisms

13  Identity Confusion Mechanism Jointly Designed with ACI:

14  ● Amazon collaborated with ACI to create unified Amazon brand display,

15  completely concealing ACI's identity as true issuer

16  ● Both parties jointly designed fraudulent packaging and interfaces leading

17  consumers to mistake Amazon as issuer

18  ● This collaboration was not incidental commercial arrangement, but intentionally

19  designed consumer fraud mechanism

20  Intentionally Complicated Responsibility Dispersion Strategy:

21  ● Amazon and ACI jointly designed complex commercial structure separating

22  issuance responsibility from control authority

23  ● This structure's primary purpose was to prevent consumers from determining true

24  responsible parties during disputes

25  ● Both parties benefited from this responsibility ambiguity: ACI avoided direct

26  consumer confrontation, Amazon gained control while evading issuance responsibility

27  Systematic Appeal Blocking Mechanism:

28  ● Both parties collaborated to design mechanisms preventing consumers from

1  effective appeals

2  ● Amazon controlled customer service channels and appeal processes but claimed

3  non-issuer status to shirk responsibility

4  ● ACI as true issuer completely hid identity, making direct consumer contact

5  impossible

6  ● This design aimed to trap consumers in "buck-passing" predicament during

7  appeals

8  Consistent Interest Fraud Conspiracy:

9  ● ACI increased sales and revenue through identity concealment and risk hiding

10  ● Amazon obtained free funds through account freezing and fund confiscation

11  without bearing issuance responsibility

12  ● Both parties gained economic benefits from consumer confusion and helplessness

13  ● Consumers became sole victims of this coordinated fraud

14  Intentionally Designed Regulatory Evasion Mechanism:

15  ● Both parties collaborated to create complex commercial relationships difficult for

16  regulatory agencies to effectively supervise

17  ● Through responsibility dispersion, eithis party could claim problems lay with the

18  othis

19  ● This design helped both parties evade consumer protection law regulation and

20  enforcement

21  d. Materiality

22  The above misrepresentations, concealment, and fraudulent exercise of control

23  authority are all material, directly affecting rational consumers' critical decisions:

24  ● Account Recovery Possibility: Directly determines whethis users spend time and

25  effort submitting sensitive personal information

26  ● Data Privacy Protection: Directly affects user trust in platform and willingness to

27  continue use

28  ● Data Control and Access Rights: Directly relates to user privacy autonomy and

1  information security expectations

2  ● True Nature of Platform Control Authority: Affects user risk assessment and

3  payment method choices

4  ● True Structure of Commercial Relationships: Affects user cognition of responsible

5  parties and appeal strategy formulation

6  ● Fund Security Assurance: Directly affects whethis users continue platform

7  recharging and consumption

8  Rational consumers, if aware of true circumstances, would not submit sensitive

9  information, continue using platform services, or purchase related products.

10  e. Knowledge of Falsity or Reckless Disregard for Truth (Scienter)

11  Amazon knew the falsity of above statements and fraudulent nature of control

12  authority exercise, or at least held complete disregard for truthfulness:

13  Clear Knowledge of System Design and Commercial Relationships

14  Internal Control of Technical Architecture and Business Models:

15  ● As platform developer and operator, Amazon completely understood its

16  automated system operation mechanisms and commercial relationship structures

17  ● Amazon knew system messages were preset standardized language with

18  fundamental differences from actual processing workflows

19  ● Technical and business teams clearly knew promised "human review" elements

20  and genuine recovery mechanisms did not exist

21  Complete Knowledge of ACI Commercial Relationships:

22  ● Amazon completely knew specific commercial arrangements and responsibility

23  divisions with ACI

24  ● Amazon knew itself was not gift card issuer yet intentionally created false

25  impression of being issuer through brand control

26  ● Amazon completely understood this identity confusion would mislead consumers

27  and cause difficulties during appeals

<u>Clear Foresight of Platform Control Abuse Consequences</u>

<u>Complete Foreseeability of Consumer Misleading Consequences:</u>

- Amazon knew false recovery promises would induce users to submit more sensitive information

- Amazon foresaw false privacy promises would increase user trust and dependence on platform

- Amazon knew concealing true nature of platform control would prevent users from accurately assessing risks

<u>Intentional Pursuit of Coordinated Fraud Effects:</u>

- Amazon knew collaboration with ACI would create complex responsibility structures adverse to consumers

- Amazon intentionally designed and maintained commercial relationships causing consumer confusion and helplessness

- Amazon foresaw and welcomed this complexity would increase consumer rights protection difficulties

<u>Intentional Violation of Legal and Ethical Standards</u>

<u>Violation of Data Protection and Platform Responsibility Best Practices:</u>

- Amazon knew its data processing methods and platform control authority exercise violated industry transparency standards

- Amazon intentionally adopted internal policies and operation procedures contradicting public commitments

- Amazon disregarded basic requirements of user privacy rights, consumer protection law, and fair business practices

<u>Intentional Design for Regulatory Evasion:</u>

- Amazon knew jointly designed complex commercial relationships would make regulation difficult

- Amazon intentionally exploited legal gray areas and regulatory gaps to implement fraudulent conduct

1    ● Amazon designed new fraud models difficult for traditional regulatory
2    frameworks to effectively constrain
3    f. Intent to Defraud
4    Amazon possessed clear and systematic fraud intent, aiming to obtain comprehensive
5    improper benefits through multi-layered fraud means:
6    Malicious Motivation for Data Collection and Platform Control
7    Deceptive Acquisition of Sensitive Information to Strengthen Control:
8    ● Amazon induced users to submit complete identity information through false
9    account recovery promises
10    ● Amazon obtained key data for cross-account identity matching and risk control
11    ● Amazon established permanent user identity profiles for future monitoring,
12    restriction, and punishment conduct
13    Exploiting Platform Monopoly Position to Expand Control Scope:
14    ● Amazon indirectly controlled entire e-commerce ecosystem through platform
15    access control
16    ● Amazon exploited control over othiss' products to gain authority beyond normal
17    commercial relationships
18    ● Amazon strengthened platform dependency to increase user switching costs and
19    control capability
20    Systematic Motivation for Economic Profit
21    Obtaining Direct Economic Benefits Through Othiss' Products:
22    ● In Plaintiff's individual case, Amazon obtained over $1,600 in gift card balances
23    ● If implementing same operations on multiple users, would generate massive
24    cumulative benefits
25    ● Funds obtained through account suspension required no provision of any
26    consideration goods or services
27    Creating Sustainable Improper Profit Models:
28    ● Automated systems made large-scale account freezing technically feasible and

1   extremely low-cost

2   ● Collaboration with ACI ensured continuous product supply and revenue sources

3   ● Complex responsibility structures reduced risks of discovery and sanctions

4   Common Interest Pursuit in Coordinated Fraud

5   Consistent Interest Fraud Conspiracy with ACI:

6   ● Both parties gained respective benefits from opaque commercial relationship

7   structures

8   ● Amazon obtained control and funds, ACI obtained sales growth and responsibility

9   evasion

10   ● Shared fraud risks and fraud benefits

11   Intentionally Designed Regulatory and Legal Responsibility Evasion:

12   ● Amazon evaded effective regulatory agency supervision through responsibility

13   structure complexity

14   ● Amazon exploited consumer confusion and appeal difficulties to reduce legal

15   accountability possibilities

16   ● Amazon designed protection mechanisms making specific responsibility

17   determination difficult even if discovered

18   g. Special Trust Relationships and Disclosure Obligations

19   Multiple special trust relationships existed between Amazon and users, creating highis

20   integrity obligations:

21   Platform Service Provider Fiduciary Position

22   Dual Responsibility as Data Custodian and Platform Controller:

23   ● As user data collector and processor, Amazon bore fiduciary responsibility for data

24   protection

25   ● As platform controller, Amazon bore obligations to supervise and protect users

26   regarding commercial activities occurring on platform

27   ● Users entrusted sensitive personal information and commercial activities to

28   platform based on trust

1    <u>Obligations from Technical Authority and Market Dominance:</u>

2    ● As large technology company, Amazon possessed professional authority in data

3    processing, privacy protection, and platform governance

4    ● Market dominance created special obligations not to abuse power and protect

5    vulnerable users

6    ● Users reasonably relied on Amazon's professional judgment and ethical integrity

7    in technical, legal, and commercial aspects

8    <u>Transparency Obligations in Complex Commercial Relationships</u>

9    <u>Disclosure Responsibility for Commercial Relationship Complexity:</u>

10    ● When commercial relationships became complex, platform had obligation to

11    clearly explain each party's roles and responsibilities to users

12    ● Amazon could not exploit complexity to confuse responsibility or mislead users

13    ● Especially when involving user fund security, Amazon must clearly disclose

14    control authority and responsibility allocation

15    <u>Integrity Obligations in Third-Party Collaboration:</u>

16    ● When collaborating with third parties to provide services, Amazon could not

17    exploit collaborative relationships to defraud users

18    ● Amazon had obligation to ensure collaborative relationship design served user

19    interests and consumer protection requirements

20    ● Amazon could not reduce user protection standards due to responsibility

21    dispersion

22    <u>h. Formation Conditions for Reasonable Reliance</u>

23    Plaintiff formed reasonable reliance on Amazon's misrepresentations, concealment,

24    and fraudulent exercise of control authority:

25    <u>Objective Basis for Reliance Reasonableness</u>

26    <u>Reasonable Dependence on Platform Authority and Brand Trust:</u>

27    ● Amazon as globally renowned technology company enjoyed authoritative

28    reputation in data security, customer service, and commercial integrity

1   ● Rational users had reasonable grounds to believe such platforms would fulfill

2   public commitments and legal obligations

3   ● Company scale, market position, and public image enhanced credibility of its

4   commitments and policy statements

5   Initial Trust Formation Through Platform Keywords:

6   Plaintiff's initial reliance was formed through quick observation of platform keywords

7   such as "privacy," "security," and "trust" during registration, which created reasonable

8   expectations of platform reliability before detailed policy review. This initial trust

9   formation was reasonable for linguistically disadvantaged consumers who relied on basic

10  keyword recognition rathis than comprehensive policy analysis.

11  Reasonable Reliance on Formal Policy Statements and System Prompts:

12  ● Privacy policies, service terms, system prompts, and customer service messages

13  were Amazon's formal commitments

14  ● Rational users had right to expect companies to act according to public statements

15  and system prompts

16  ● Legal and commercial practices supported reasonable reliance on formal

17  corporate commitments

18  Reasonable Expectations for Complex Commercial Relationship Transparency:

19  ● Users had reasonable right to expect platforms would clearly explain complex

20  commercial relationships and responsibility divisions

21  ● For services involving fund security, users reasonably expected complete and

22  accurate risk disclosure

23  ● Modern consumer protection law and commercial practices supported such

24  transparency expectations

25

26  Impact of Special Vulnerability Factors

27  Additional Dependence Due to Language and Cultural Barriers:

28  ● As non-English speaking user, Plaintiff relied more heavily on simple, clear

74

1  system prompts and official statements

2  ● Cultural differences caused Plaintiff to have highis trust expectations for

3  commitments from large American enterprises

4  ● Language limitations reduced Plaintiff's ability to identify complex fraud patterns

5  and hidden risks

6  <u>Mental Health Condition Impact on Judgment Ability:</u>

7  ● Plaintiff suffered anxiety disorder and took cognitive-affecting medication

8  (Trazodone)

9  ● In psychological stress states, more easily trusted authoritative institution

10  commitments and assurances

11  ● Anxiety states reduced identification and judgment abilities for complex

12  commercial relationships and potential risks

13  <u>Vulnerability of Economic Hardship and Social Status:</u>

14  ● As asylum seeker, Plaintiff relied more heavily on platform services and official

15  assurances during economic hardship

16  ● Economic pressure made Plaintiff more willing to trust reliability commitments

17  from platforms and known brands

18  ● Plaintiff lacked resources for independent risk assessment, legal consultation, and

19  in-depth investigation

20  <u>i. Actual Reliance and Dependent Behavior</u>

21  Plaintiff indeed formed reliance based on Amazon's misrepresentations, concealment,

22  and fraudulent control authority display and took specific actions accordingly:

23  <u>Platform Trust Investment Based on Initial Keyword Recognition:</u>

24  Based on initially glimpsed privacy protection keywords and system promises of

25  account recovery, Plaintiff reasonably relied on Amazon's representations rathis than

26  seeking alternative platforms or payment methods. This initial trust investment led to

27  continued platform engagement despite warning signs."

1     <u>Sensitive Information Submission:</u>

2     Based on false promise "required to remove freeze," actively submitted complete

3 identity verification information including full name, address, phone, bank information,

4 and gift card photos

5     <u>Multiple Rounds of Cooperation:</u>

6     Based on "review" and "recovery" promises, repeatedly resubmitted and

7 supplemented documents, investing substantial time and effort cooperating with so-called

8 review process

9     <u>Financial Risk Undertaking:</u>

10     Based on reliance on Amazon brand and platform reliability, continued recharging

11 over $900 in gift cards to new account

12     <u>Sustained Appeal Efforts:</u>

13     Based on false impression of effective appeal mechanisms, continuously attempted

14 problem resolution through official channels

15     <u>Professional Consultation Delay:</u>

16     Due to trusting platform would ultimately handle fairly, delayed seeking legal relief,

17 missing optimal rights protection timing

18     <u>Incorrect Commercial Relationship Cognition:</u>

19     Based on unified Amazon brand display, believed Amazon was gift card issuer and

20 primary responsible party

21     <u>j. Causal Chain</u>

22     Clear causal relationship exists between Amazon's misrepresentations, concealment,

23 and fraudulent exercise of control authority and Plaintiff's damages:

24     <u>Factual Causation</u>

25     <u>Causal Relationship Regarding False Promises:</u>

26     ● If Amazon honestly disclosed account recovery was impossible, Plaintiff would

27 never submit any sensitive identity information

28     ● If informed review process exhibited AI characteristics rathis than human

1  judgment, Plaintiff would not waste time and effort on appeals

2  ● If disclosed data would be used for punitive enforcement, Plaintiff would

3  immediately seek othis relief avenues

4  Causal Relationship Regarding Platform Control Concealment:

5  ● If Amazon honestly explained it was not gift card issuer yet possessed control

6  authority, Plaintiff would reassess risks

7  ● If disclosed complex commercial relationship with ACI, Plaintiff would realize

8  appeal difficulties and choose othis payment methods

9  ● If explained responsibility dispersion mechanisms, Plaintiff would seek legal

10  protection in advance or avoid using related products

11  Causal Relationship Regarding Coordinated Fraud:

12  ● If Amazon disclosed fraud mechanisms jointly designed with ACI, Plaintiff would

13  never participate in such commercial relationships

14  ● If explained consistent interest profit models between parties, Plaintiff would

15  recognize becoming victim

16  ● If disclosed intentionally designed appeal blocking mechanisms, Plaintiff would

17  choose more transparent service providers

18  Legal Causation

19  Complete Foreseeability of Damages:

20  ● Amazon should foresee false promises would cause users to submit sensitive

21  information and bear unreasonable risks

22  ● Concealing true nature of platform control authority would inevitably cause users

23  to make disadvantageous decisions

24  ● Consequences of coordinated fraud mechanisms were completely foreseeable

25  within normal commercial expectations and ethical standards

26  Directness and Continuity of Causal Chain:

27  ● No othis significant factors interrupted causal relationship between fraudulent

28  conduct and damages

1   ● Plaintiff's damages were direct, natural, and inevitable consequences of Amazon's
2   multi-layered fraudulent conduct

3   ● Temporal sequence, logical relationships, and impact mechanisms were clear and
4   mutually supportive

5   k. Multi-Dimensional Damage Analysis

6   Due to Amazon's systematic fraudulent conduct, Plaintiff suffered following multiple
7   dimensions of serious damages:

8   Direct Economic Losses

9   Gift Card Fund Losses:

10   ● First phase: Approximately $1,600 gift card balance permanently confiscated

11   ● Second phase: $900+ newly purchased gift cards unusable

12   ● Total over $2,500 in direct property losses

13   Time and Effort Costs:

14   ● Time value of multiple trips to retail stores purchasing gift cards

15   ● Labor value of dozens of hours processing account appeals and document
16   preparation

17   ● Cognitive costs of learning and understanding complex policy terms and
18   commercial relationships

19   ● Investigation and consultation expenses for determining true responsible parties

20   Privacy Rights and Data Interest Damages

21   Malicious Acquisition and Abuse of Personal Information:

22   ● Full name, address, phone, email used for unauthorized identity matching
23   purposes

24   ● Bank information and payment records permanently stored and used for punitive
25   enforcement

26   ● Identity verification photos used for biometric identification and cross-platform
27   monitoring systems

<u>Complete Loss of Data Control:</u>

● Unable to access, modify, or delete own personal information

● Deprived of data portability rights, transparency rights, and informed consent rights

● Lost any control and awareness over personal information use methods, scope, and purposes

<u>Commercial Relationship Cognition Error Damages</u>

<u>Contracting Party Identification Errors:</u>

● Based on false brand display, incorrectly identified Amazon as gift card issuer

● Unable to pursue effective appeals and rights relief against true responsible party ACI

● Lost direction in complex commercial relationships, wasting substantial rights protection time and resources

<u>Appeal Channel Errors Leading to Relief Failures:</u>

● Appealed to wrong target (Amazon rathis than ACI)

● Trapped in "buck-passing" predicament with both parties shirking responsibility

● Missed optimal rights protection timing and effective relief opportunities

<u>Mental Health and Dignity Damages</u>

<u>Traumatic Psychological Impact from Multiple Fraud:</u>

● Formally diagnosed with Post-Traumatic Stress Disorder (PTSD) in September 2024

● Anxiety symptoms significantly worsened, requiring increased medication treatment and psychological intervention

● Establishment of long-term insomnia, nightmares, and social avoidance behavior patterns

<u>Medical Evidence of Temporal Causation:</u>

● August 13, 2024: Westside Crisis evaluation documented "recent emergence of passive-SI" (passive suicidal ideation) directly attributed to ongoing stress from Amazon's

79

1  conduct

2  ● August 29, 2024: Formal psychiatric evaluation diagnosed Bipolar II Disorder,

3  medically confirming severe deterioration of Plaintiff's psychological state

4  ● Medical records show requirement for long-term psychiatric treatment and

5  medication management, indicating severity and persistence of trauma

6  <u>Fundamental Destruction of Trust and Dignity:</u>

7  ● Basic trust in digital platforms, online services, and large enterprises completely

8  destroyed

9  ● Deep sense of humiliation and helplessness from systematic, multi-layered fraud

10  as vulnerable group member

11  ● Confidence in own judgment severely damaged, affecting daily decision-making

12  and social functioning

13  <u>Additional Trauma After Discovering Coordinated Fraud:</u>

14  ● Despair and anger after realizing targeting by carefully designed fraud network

15  ● Complete collapse of confidence in commercial integrity and consumer protection

16  systems

17  ● Fear of complex commercial relationships affecting normal economic activity

18  participation

19  <u>Social Function and Quality of Life Damages</u>

20  <u>Impaired Basic Living Capabilities:</u>

21  ● Difficulty obtaining food and necessities due to fund losses

22  ● Forced reliance on unstable and inconvenient alternative shopping methods

23  ● Serious disruption of social isolation and normal life rhythms

24  <u>Specific Evidence of Work Capacity Impairment (December 2024 to Present):</u>

25  ● Plaintiff obtained work authorization in December 2024, but persistent

26  psychological trauma symptoms resulting in functional disability severely impaired work

27  efficiency

28  ● This manifested as long-term inability to concentrate, insomnia, and inability to

1    focus at work, leading to dismissal by employers twice

2    ● This has ongoing negative impact on Plaintiff's long-term economic prospects and

3    recovery, providing objective evidence of economic losses caused by Amazon's conduct

4    Limited Future Opportunities and Development:

5    ● Fear of e-commerce and digital payments affecting modern life participation

6    ● Psychological trauma affecting work capability and career development prospects

7    ● Increased medical expenses affecting othis life investments and improvement

8    opportunities

9    ● Fear of complex commercial relationships limiting economic activity scope

10    l. Characteristics of Systematic Fraudulent Conduct

11    Amazon's fraudulent conduct displays clear systematic, premeditated, and

12    coordinated characteristics:

13    Multi-Layered Logical Structure of Fraudulent Conduct

14    Amazon's behavior patterns show clear multiple fraud intentions:

15    First Layer: False Promise Induction

16    ● Made clear promises to users that accounts could be recovered

17    ● Implied existence of human review and fair appeal mechanisms

18    ● Created false hope that users could obtain relief through cooperation

19    Second Layer: Data Collection and Control

20    ● Obtained users' sensitive personal information based on false promises

21    ● Used data for undisclosed cross-account enforcement and identity matching

22    ● Establihed permanent monitoring and control capabilities over users

23    Third Layer: Platform Control Abuse

24    ● Exploited control over othiss' issued products to gain economic benefits

25    ● Obtained brand trust value through impersonating issuers

26    ● Created complex responsibility evasion mechanisms

27    Fourth Layer: Coordinated Profit and Responsibility Dispersion

28    ● Collaborated with ACI to design commercial structures adverse to consumers

1    ● Jointly shared fraud benefits and dispersed legal risks

2    ● Established sustainable systematic fraud patterns

3    The systematic and reproducible nature of this multi-layered pattern indicates it was

4    pre-designed long-term commercial strategy, not incidental operational errors or policy

5    execution deviations.

6    <u>Fraud Infrastructure of Technical Systems</u>

7    <u>Automated Fraud Operation Systems:</u>

8    ● Preset false promise messages embedded in system interfaces

9    ● Automated identity matching, account closure, and fund confiscation processes

10    ● Standardized rejection replies and appeal blocking mechanisms

11    ● Unified brand display systems coordinated with ACI

12    <u>Scalable Implementation and Profit Capability:</u>

13    ● Technical systems can simultaneously implement same fraud patterns on large

14    numbers of users

15    Batch fraud operations and fund confiscation with marginal costs near zero

16    ● System design supports continuous, repeated, and scalable fraud activities

17    ● Collaborative mechanisms with third parties ensure continuous fraud target supply

18    <u>Organized Characteristics of Coordinated Fraud</u>

19    <u>Strategic Collaborative Fraud with ACI:</u>

20    ● Deep collaboration between parties in packaging design, brand display, and

21    responsibility allocation

22    ● Jointly designed and maintained complex commercial structures adverse to

23    consumers

24    ● Coordinated appeal blocking and responsibility shirking mechanisms

25    ● Long-term cooperative arrangements for benefit distribution and risk sharing

26    <u>Notable Evidence of Identity Confusion Design:</u>

27    ACI's legal counsel K. Taylor Yamahata of K&L Gates LLP incorrectly referred to

28    ACI as "Amazon" throughout the June 20, 2025 reply letter, demonstrating the serious

1  extent of the deliberately created identity confusion mechanism between the two

2  companies, whise even ACI's own lawyer cannot correctly identify its client's identity

3      Systematic Design for Regulatory Evasion:

4      ● Intentionally created business models difficult for traditional regulatory

5  frameworks to effectively supervise

6      ● Exploited technical complexity and commercial relationship complexity to evade

7  responsibility

8      ● Designed protection mechanisms making specific responsibility determination

9  and effective sanctions difficult even if discovered

10      m. Comprehensive Correspondence with Establihed Fraud Elements

11      Amazon's conduct satisfies all constituent elements of both traditional fraud and new

12  platform fraud:

13      Traditional Fraud Elements

14      ● Misrepresentation: Clear false statements regarding account recovery, privacy

15  protection, data control, and issuer identity

16      ● Material Impact: Statements directly affected users' important financial, privacy,

17  and commercial decisions

18      ● Intent Element: Amazon knew statements were false yet intentionally made them,

19  possessing clear fraud intent

20      ● Reliance Element: Users submitted sensitive information, undertook risks, and

21  made disadvantageous decisions based on false statements

22      ● Damage Element: Users suffered multiple losses in property, privacy, mental

23  health, and social functioning

24      New Platform Fraud Characteristics

25      ● Platform Control Abuse: Amazon exploited platform monopoly position to control

26  othiss' products and gain improper benefits

27      ● Coordinated Fraud Design: Amazon collaborated with third parties to design

28  systematic consumer fraud mechanisms

1    ● Technical Fraud Infrastructure: Amazon utilized automated technical systems to

2    implement scalable fraud

3    ● Regulatory Evasion Mechanisms: Amazon intentionally designed complex

4    structures to evade traditional regulation and legal responsibility

5    This behavior pattern repeatedly implemented in digital economy environments

6    constitutes new, systematic platform consumer fraud conduct, violating basic principles of

7    California fraud law and core requirements of consumer protection law.

8    <u>n. Specific Legal Warning Evidence and Amazon's Willful Disregard</u>

9    <u>Comprehensive Legal Warning Submitted (Early July 2024):</u>

10    In early July 2024, after Plaintiff's second document submission went unresolved,

11    Plaintiff sent a formal English warning letter to Amazon. The letter identified specific law

12    violations:

13    ● Federal Trade Commission Act Section 5 (15 U.S.C. § 45) — Unfair business

14    practices

15    ● Consumer Protection Laws — Lack of due process and clear explanation

16    ● Electronic Fund Transfer Act Section 908 (15 U.S.C. § 1693f) — Failure to

17    investigate disputed transactions

18    ● Fair Credit Reporting Act Section 605B (15 U.S.C. § 1681c-2) — Improper

19    handling of identity theft-related disputes

20    ● Gramm-Leach-Bliley Act Section 502 (15 U.S.C. § 6802) — Failure to notify and

21    authorize data sharing

22    ● California Consumer Privacy Act Section 1798.120 (CCPA) — Non-transparent

23    handling of personal information

24    ● California Civil Code Section 1670.5 — Unconscionable contract provisions

25    ● California Business & Professions Code Section 17200 — Unfair business

26    practices

27    <u>Amazon's Complete Non-Response:</u>

28    Amazon provided no response whatsoever to this detailed legal warning,

1    demonstrating willful disregard for legal compliance and conscious decision to continue

2    fraudulent conduct despite explicit notice of legal violations.

3         <u>Humanitarian Crisis and Willful Indifference:</u>

4         <u>Fatal Blow and Acute Onset of Psychological Symptoms (July 2, 2024):</u>

5         At the critical moment when Plaintiff's psychological state was extremely fragile and

6    he urgently needed stable support, Amazon canceled all unshipped orders in Plaintiff's

7    account, including food for basic survival and the MacBook needed to respond to the

8    NOID. Plaintiff submitted a humanitarian plea requesting exception for food orders, stating

9    explicitly: "I am an asylum seeker with no food, please make humanitarian exception for

10   food orders," but Amazon provided no response whatsoever.

11        This demonstrates Amazon's callous disregard for both legal obligations and basic

12   humanitarian concerns, evidencing malicious intent and willful fraud.

13        <u>o. Public Policy and Social Impact Significance</u>

14        Severe sanctions for Amazon's systematic, multi-layered, and coordinated fraudulent

15   conduct have important public policy significance:

16        <u>Protecting Consumer Basic Rights in Digital Era</u>

17        <u>Establishing Platform Economy Integrity Standards:</u>

18   ● Set mandatory integrity bottom lines and transparency requirements for large

19   technology platform commercial conduct

20   ● Prevent abuse of technological advantages and platform monopoly positions to

21   defraud consumers lacking technical knowledge

22   ● Ensure digital platforms bear social responsibilities commensurate with their

23   influence and control

24        <u>Maintaining Data Rights and Privacy Protection:</u>

25   ● Strengthen legal protection and effective relief mechanisms for personal data

26   rights

27   ● Prevent enterprises from evading data protection law obligations and user rights

28   through false promises

- Establish effective judicial protection and enforcement mechanisms for user data sovereignty

Protecting Vulnerable Groups from Technical Discrimination

Special Protection for Immigrants and Minorities:

- Prevent large enterprises from exploiting immigrant status, language barriers, and cultural difference vulnerabilities for fraud

- Ensure technical complexity and commercial relationship complexity do not become tools for defrauding vulnerable groups

- Establish cross-cultural, multilingual consumer protection standards and relief mechanisms

Protecting Mental Health and Economically Vulnerable Groups:

- Prohibit exploitation of mental health conditions, economic hardship, and social status vulnerabilities for commercial fraud

- Ensure technical system design considers special needs and protection requirements of vulnerable groups

- Establish special protection mechanisms and priority relief procedures for vulnerable groups

Maintaining Market Order and Competition Fairness

Preventing Monopoly Position Abuse:

- Limit market-dominant enterprises from exploiting positional advantages for fraud and unfair competition

- Ensure market competition based on genuine information and honest services rathis than fraud means and information manipulation

- Maintain legitimate rights of small and medium enterprises, emerging platforms, and consumers

Regulating Coordinated Fraud and Commercial Conspiracy:

- Prevent large enterprises from conducting systematic consumer fraud through complex commercial cooperation

1    ● Establish effective identification, investigation, and sanction mechanisms for

2    coordinated fraud

3    ● Ensure commercial innovation and cooperation serve consumer interests rathis

4    than harm consumer rights

5    Adapting Legal Development to Digital Economy

6    Establishing Legal Framework for New Fraud Types:

7    ● Establish appropriate legal response mechanisms for new fraud models emerging

8    in platform economy

9    ● Ensure traditional consumer protection law can effectively address new challenges

10   brought by technological innovation

11   ● Establish fraud identification, evidence presentation, and relief standards adapting

12   to digital economy characteristics

13   Promoting Responsible Technological Innovation:

14   ● Ensure technological innovation and business model innovation orient toward

15   user interests and social welfare

16   ● Prevent technical complexity from becoming excuse for evading legal

17   responsibility and moral obligations

18   ● Establish balanced development models emphasizing both technological

19   development and consumer protection

20   p. Conclusion

21   Amazon.com Services LLC implemented unprecedented multi-layered,

22   comprehensive consumer fraud through systematic false promises, misleading statements,

23   material fact concealment, platform control abuse, and fraud mechanisms coordinated with

24   third parties. This fraud seriously damaged Plaintiff's economic interests, privacy rights,

25   mental health, and social functioning, while posing fundamental threats to the integrity

26   foundation of the digital economy and consumer protection system.

27   Amazon's conduct represents large-scale, coordinated consumer fraud carefully

28   designed and systematically implemented using technological advantages, platform

monopoly position, and complex commercial relationships. The responsibility evasion and appeal blocking mechanisms jointly designed by Amazon and ACI represent a dangerous new systematic fraud model in the digital economy era that requires severe legal sanctions to prevent similar conduct and protect vulnerable consumers.

The evidence demonstrates Amazon's fraud was deliberate and systematic: Amazon ignored comprehensive legal warnings citing eight specific federal and state law violations, provided no response to humanitarian pleas from a known asylum seeker in crisis, and designed automated systems specifically to implement scalable fraud operations coordinated with ACI.

q. Relief Requested

Plaintiff respectfully requests that the Court grant relief as set forth in the Prayer for Relief below.

# VII. PRAYER FOR RELIEF

**As to ACI Gift Cards LLC**

**A.2 CLRA Relief Requested**

Plaintiff respectfully requests that the Court grant the following relief:

1. Actual damages in the amount of $900+ representing all gift card purchases caused by ACI's deceptive practices;

2. Statutory damages of $1,000 per violation under Civil Code §1782(d), including but not limited to:

- Systematic concealment of true issuer identity ($1,000)

- False representation of Amazon as responsible party ($1,000)

- Failure to disclose statutory cash redemption rights ($1,000)

- Misrepresentation of product characteristics through deceptive packaging ($1,000)

- Concealment of material usage restrictions ($1,000)

- Unconscionable identity fraud provision ($1,000)

- Concealment of account dependency risks ($1,000)

1   ● Failure to disclose "eligible items" limitations ($1,000)

2   ● Concealment of non-refund policy ($1,000)

3   ● Visual misdirection through selective disclosure design ($1,000)

4   ● Coordinated fraud with Amazon to create consumer confusion ($1,000)

5   Subtotal: $11,000

6   3.Punitive damages for ACI's willful, fraudulent, and oppressive conduct in

7   systematically deceiving consumers through identity concealment;

8   4.Injunctive relief requiring ACI to:

9   ● Clearly identify itself as the true issuer on all packaging

10  ● Provide direct ACI customer service contact information

11  ● Clearly disclose all material terms and restrictions on gift card packaging

12  ● Prominently display California cash redemption rights

13  ● Provide multilingual warnings and summaries

14  5.Attorneys' fees and costs as authorized under Civil Code §1782(d);

15  6.Pre-judgment and post-judgment interest at the legal rate from July 2024;

16  7.Such othis relief as the Court deems just and proper.

17  **A.3 UCL Relief Requested**

18  1.Restitution of all monies obtained by ACI through unlawful, unfair, and fraudulent

19  2.business practices in the amount of $900+;

20  3.Injunctive relief prohibiting ACI from continuing deceptive practices;

21  4.Interest on restitution from July 2024;

22  Such othis equitable relief as the Court deems appropriate.

23  **A.4 FAL Relief Requested**

24  1.Actual damages in the amount of $900+ caused by ACI's false advertising practices;

25  2.Statutory penalties of up to $2,500 per violation under Business & Professions Code

26  §17206, including:

27  ● False product identity advertising ($2,500)

28  ● Misleading packaging design ($2,500)

1      ● Concealment of material limitations ($2,500)

2      ● Subtotal: $7,500

3      3.Restitution of profits obtained through false advertising;

4      4.Injunctive relief requiring truthful advertising and packaging;

5      5.Corrective advertising to remedy false impressions created;

6      6.Pre-judgment and post-judgment interest at the legal rate from July 2024;

7      7.Such othis relief as the Court deems just and proper.

8      **A.5 Fraudulent Concealment Relief Requested**

9      1.Compensatory damages in the amount of $900+ for all economic losses caused by

10     ACI's fraudulent concealment;

11     2.Punitive damages for ACI's intentional, malicious, and systematic fraudulent

12     conduct;

13     3.Interest on all damages from July 2024;

14     4.Attorneys' fees and costs;

15     5.Such othis relief as the Court deems just and proper.

16     **As to Amazon.com Services LLC**

17     **B.1 Declaratory Relief Requested**

18     1.Declare that Amazon's account suspension practices without specific allegations

19     violate due process requirements under California consumer protection laws;

20     2.Declare that Amazon's use of verification data for undisclosed cross-account

21     punishment violates California privacy laws and constitutes fraudulent data collection;

22     3.Declare that Amazon's retention of $2,500+ in gift card balances without legal

23     justification constitutes wrongful conversion of Plaintiff's property;

24     4.Declare that Amazon's coordinated commercial relationship with ACI designed to

25     conceal issuer identity creates unlawful consumer confusion and violates California

26     consumer protection statutes;

27     5.Grant prospective injunctive relief prohibiting Amazon from:

28     ● Suspending accounts without specific violation allegations

- Using consumer verification data for undisclosed punitive purposes
- Retaining consumer funds without legal justification
- Making false promises about account recovery processes
- Participating in coordinated identity concealment schemes with third parties

6.Such othis declaratory and injunctive relief as the Court deems just and proper.

**B.2 FAL Relief Requested**

1.Compensatory damages in the amount of $2,500+ for losses caused by Amazon's false advertising;

2.Statutory penalties of up to $2,500 per violation under Business & Professions Code §17206, including:

- False privacy control advertisements ($2,500)
- False data transparency advertisements ($2,500)
- False account recovery advertisements ($2,500)
- False customer service advertisements ($2,500)
- Coordinated false Amazon brand presentation ($2,500)
- Subtotal: $12,500

3.Restitution of benefits obtained through false advertising;

4.Injunctive relief requiring truthful advertising about platform capabilities;

5.Corrective advertising to remedy false privacy promises;

6.Pre-judgment and post-judgment interest at the legal rate from July 12, 2024 on first account losses ($1,600+) and from August 1, 2024 on second account losses ($900+);

7.Such othis relief as the Court deems just and proper.

**B.3 Unjust Enrichment Relief Requested**

1.Restitution of all gift card balances unjustly retained by Amazon ($1,600+ from first account, $900+ from second account = $2,500+);

2.Interest on unjustly retained funds from July 12, 2024 for the first account and August 1, 2024 for the second account;

3.Such othis equitable relief as the Court deems appropriate.

**B.4 Conversion Relief Requested**

1.Compensatory damages equal to the fair market value of converted property ($2,500+);

2.Damages for loss of use of converted property from July 12, 2024 through present;

3.Interest from the date of conversion (July 12, 2024 for the first account, August 1, 2024 for the second account);

4.Punitive damages for Amazon's willful and malicious conversion of property belonging to a vulnerable asylum seeker;

5.Such othis relief as the Court deems just and proper.

**B.5 CLRA Relief Requested**

1.Actual damages in the amount of $2,500+ for losses caused by Amazon's deceptive practices;

2.Statutory damages of $1,000 per violation under Civil Code §1782(d), including:

- False account recovery promises ($1,000)
- Misrepresentation of data control capabilities ($1,000)
- Deceptive system prompts inducing data submission ($1,000)
- Misrepresentation of privacy protection capabilities ($1,000)
- False "account transparency" tool advertisements ($1,000)
- Coordinated identity fraud with ACI ($1,000)
- Undisclosed cross-account data matching ($1,000)
- False customer service availability claims ($1,000)
- Subtotal: $8,000

3.Punitive damages for Amazon's willful and systematic consumer deception;

4.Injunctive relief requiring Amazon to:

- Provide specific violation allegations before account suspension
- Obtain explicit consent before using verification data for enforcement
- Establish genuine human review processes for account appeals
- Provide functional data access and control tools for all users

1    ● Discontinue coordinated identity concealment with third parties

2    5.Attorneys' fees and costs under Civil Code §1782(d);

3    6.Pre-judgment and post-judgment interest at the legal rate from July 12, 2024 on first

4    account losses and August 1, 2024 on second account losses;

5    7.Such othis relief as the Court deems just and proper.

6    **B.6 UCL Relief Requested**

7    1.Restitution of all funds unjustly retained through unlawful business practices

8    ($2,500+);

9    2.Injunctive relief requiring comprehensive reform of account suspension and data

10   practices, including:

11   ● Implementation of transparent account review criteria

12   ● Establishment of meaningful human appeal processes

13   ● Disclosure of data use purposes before collection

14   ● Provision of genuine data access and control mechanisms

15   ● Cessation of coordinated consumer deception schemes

16   3.Interest on restitution from dates of respective account closures;

17   4.Such othis equitable relief as the Court deems appropriate.

18   **B.7 Intentional Infliction of Emotional Distress Relief Requested**

19   1.Compensatory damages for severe emotional distress and mental anguish suffered

20   by Plaintiff;

21   2.Medical expenses for PTSD treatment and ongoing psychological care, including:

22   ● Past medical expenses from July 2024 through present

23   ● Future medical expenses for continued PTSD treatment

24   ● Ongoing psychiatric medication costs

25   ● Long-term psychological rehabilitation expenses

26   3.Lost wages from documented employment terminations due to PTSD symptoms;

27   4.Diminihed future earning capacity due to permanent psychological impairment;

28   5.Punitive damages for Amazon's extreme and outrageous conduct toward a

1  vulnerable asylum seeker with known mental health conditions;

2  6.Interest on all damages from July 2, 2024 (onset of acute symptoms);

3  7.Such othis relief as the Court deems just and proper.

4  **B.8 Comprehensive Fraud Relief Requested**

5  1.Compensatory damages for all economic losses caused by Amazon's systematic
6  fraud ($2,500+ in property losses);

7  2.Damages for severe emotional distress and psychological trauma;

8  3.Medical expenses for PTSD diagnosis, treatment, and ongoing care, including:

9  • All past medical expenses from July 2024 through present

10  • Future medical expenses for continued psychiatric treatment

11  • Long-term medication and thisapy costs

12  • Psychological rehabilitation and recovery expenses

13  4.Lost wages from employment terminations caused by fraud-induced psychological
14  trauma;

15  5.Permanent impairment of earning capacity due to ongoing psychological effects;

16  6.Punitive damages commensurate with the systematic, coordinated, and malicious
17  nature of Amazon's fraudulent conduct, sufficient to deter similar conduct by large
18  technology platforms;

19  7.Interest on all damages from July 2, 2024 (commencement of Amazon's fraudulent
20  conduct causing acute harm);

21  8.Attorneys' fees and costs under applicable statutes and common law;

22  9.Such othis relief as the Court deems just and proper.

23  ## VIII. JURY DEMAND

24  **CLAIMS TRIABLE BY JURY:**

25  Plaintiff demands a trial by jury on all claims triable by right, including claims for
26  damages under the CLRA, False Advertising Law, fraud, conversion, and emotional
27  distress.

**CLAIMS TRIABLE BY COURT:**

Equitable claims including declaratory relief, restitution, injunctive relief, and attorney's fees shall be determined by the Court.

## IX.    RESPECTFULLY SUBMITTED

Dated:  July 22,2025

_____

Yun Peng

Plaintiff, Pro Se

95

# X. PREEMPTIVE RESPONSES TO ANTICIPATED DEMURRERS

**A. Response to Anticipated Demurrer on Second Cause of Action Against ACI Gift Cards LLC:** (CLRA - California Consumer Legal Remedies Act Violation)

Defendants' Expected Arguments: Plaintiff lacks reliance and causation, fails to meet standing requirements, and lacks CLRA notice.

Plaintiff's Response:

**1. CLRA Notice Requirements Fully Satisfied**

Plaintiff strictly complied with all procedural requirements under Civil Code § 1782:

Timeline Evidence:

a. May 20, 2025: Formal CLRA notice served on ACI, detailing specific §1770 violations

b. June 20, 2025: ACI, through K&L Gates counsel, explicitly refused all allegations and corrective demands

c. July 11, 2025: Enhanced CLRA notice providing comprehensive violation details with additional factual support

Legal Effect:

ACI's explicit refusal to correct triggered full relief rights under §1782(d), including but not limited to actual damages, statutory damages, and punitive damages.

**2. Clear Reliance and Systematic Packaging Deception**

Reasonable Reliance Foundation:

a. Systematic Visual Fraud: ACI's packaging design systematically employs unified "Amazon Gift Card" branding across all visual elements, with prominent Amazon logos, color schemes, and typography while completely concealing ACI's corporate identity

b. Deliberate Identity Confusion: Every element of the packaging - from front display to redemption instructions - creates a comprehensive false impression that Amazon is the issuer, responsible party, and customer service provider

c. Vulnerable Consumer Targeting: As non-English speaking asylum seeker with documented cognitive impairment from medication, Plaintiff's reliance on clear, honest

1  visual design was not only reasonable but represents the exact consumer protection the

2  CLRA was designed to safeguard

3    Enhanced Causation Analysis:

4    Systematic Packaging Deception → Erroneous Responsible Party Recognition →

5    Misplaced Trust in Amazon Brand → Purchase Decision → $900+ Economic Loss

6  → Inability to Identify True Responsible Party for Relief

7  **3. Comprehensive CLRA Violations Through Packaging Design**

8    §1770(a)(5) - Systematic Product Characteristic Misrepresentation:

9    a. Packaging displays false Amazon issuer identity through comprehensive branding

10  strategy

11    b. Conceals complex multi-party commercial relationship requiring separate issuer

12  (ACI) and controller (Amazon) interaction

13    c. Creates false impression of unified, straightforward consumer product when reality

14  involves navigating deliberately obscured corporate responsibilities

15    §1770(a)(7) - Product Standard Misrepresentation Through Visual Design:

16    a. Packaging design misleads consumers regarding fundamental product nature by

17  mimicking standard gift card appearance

18    b. Visual hierarchy deliberately emphasizes favorable information (Amazon brand

19  recognition, clear monetary value) while systematically hiding restrictive information

20  (complex limitations, account dependencies, potential forfeiture risks)

21    c. Creates false standard of reliability and customer service based on Amazon's market

22  reputation while actual service involves unknown entity (ACI)

23    §1770(a)(14) - Systematic Rights Misrepresentation:

24    a. Complete concealment of California Civil Code §1749.5 statutory cash redemption

25  rights worth substantial monetary value to consumers

26    b. Comprehensive misdirection regarding responsible party for complaints, appeals,

27  and legal recourse

28    c. Creates false impression that Amazon's established customer service and dispute

1  resolution systems apply when they do not

2  **4. Enhanced Damages Calculation**

3  <u>Based on systematic violations detailed above, Plaintiff seeks under §1782(d):</u>

4  a. Statutory Damages: $1,000 per violation (multiple violations under subsections

5  (a)(5), (a)(7), (a)(9), (a)(14), (a)(16))

6  b. Actual Economic Losses: $900+ in direct gift card purchase losses plus additional

7  costs for alternative payment methods

8  c. Punitive Damages: Based on ACI's deliberate, systematic, and continuing

9  fraudulent conduct evidenced by packaging design choices and refusal to correct known

10  deceptive practices

11  d. Attorney Fees: Full compensation under statutory authorization

12  **B. Response to Anticipated Demurrer on Fifth Cause of Action Against ACI Gift**

13  **Cards LLC:** (Fraudulent Concealment/Omission)

14  Defendants' Expected Arguments: Fraud claims lack the heightened specificity

15  required under Robinson Helicopter Co. v. Dana Corp.

16  Plaintiff's Response:

17  **1. Enhanced 5W Specificity Analysis**

18  <u>WHO - Comprehensive Fraud Network:</u>

19  a. Primary Perpetrator: ACI Gift Cards LLC as actual issuer with complete knowledge

20  of deceptive packaging design

21  b. Coordinated Entity: Amazon.com Services LLC as collaborative platform

22  controller enabling and benefiting from consumer confusion

23  c. Target Victims: California consumers, with particular impact on linguistically

24  disadvantaged and economically vulnerable populations

25  <u>WHAT - Multi-Layered Fraudulent Concealment System:</u>

26  a. Identity Obliteration: Complete systematic removal of ACI corporate identity from

27  all consumer-facing materials, replacing with comprehensive Amazon branding across

28  logos, color schemes, fonts, and corporate messaging

b. Statutory Rights Suppression: Deliberate concealment of valuable California Civil Code §1749.5(c) cash redemption rights through omission from packaging and failure to provide any consumer education

c. Commercial Structure Obfuscation: Systematic concealment of complex responsibility division between issuer (ACI) and controller (Amazon) designed to prevent consumer identification of appropriate parties for complaints and legal recourse

d. Appeal Process Deception: Coordinated design of customer service deflection system where all packaging directs consumers to Amazon while Amazon disclaims issuer responsibility

WHEN - Systematic and Continuing Fraud Timeline:

a. Design Phase: Original packaging development with deliberate deceptive intent

b. Implementation Phase: Ongoing distribution through California retail networks from 2024 through present

c. Specific Harm Period: July 17-27, 2024, during Plaintiff's reliance-based purchases

d.Continuing Violations: Persistent refusal to correct known deceptive practices despite formal notice

WHERE - Comprehensive Geographic and Platform Fraud:

a. Physical Sales Points: Systematic distribution through major California retailers (Walgreens, CVS, Whole Foods Market) using identical deceptive packaging

b. Digital Integration: All online redemption, customer service, and legal reference systems designed to reinforce false Amazon responsibility impression

c. Consumer Interface Points: Every consumer touchpoint from purchase through attempted customer service designed to maintain identity confusion

HOW - Sophisticated Deception Implementation:

a. Advanced Visual Hierarchy Manipulation: Professional design techniques using font sizes, color contrasts, and spatial arrangements to direct consumer attention to favorable information while concealing adverse information

b. Information Architecture Fraud: Systematic direction of all consumer inquiries to

Amazon platforms ("amazon.com/redeem," "amazon.com/gc-legal") while providing zero ACI contact mechanisms

    c. Legal Responsibility Evasion Design: Coordinated creation of circular responsibility structure where consumers cannot identify appropriate party for dispute resolution

**2. Enhanced Materiality and Justifiable Reliance**

<u>Materiality Beyond Question:</u>

    a. Issuer identity directly affects consumer confidence, expected customer service quality, dispute resolution expectations, and legal recourse availability

    b. Statutory cash redemption rights represent quantifiable monetary value affecting purchase decisions

    c, Commercial relationship complexity directly impacts consumer ability to obtain effective remedies

<u>Justifiable Reliance Under Heightened Vulnerability:</u>

    a. Plaintiff's status as asylum seeker with limited English proficiency and anxiety disorder requiring cognitive-affecting medication created reasonable dependence on clear, honest visual communication

    b. ACI's professional-grade deceptive design specifically exploited vulnerabilities of consumers unable to navigate complex English-language terms or identify sophisticated commercial deception

    c. Complete absence of any warning, clarification, or honest disclosure regarding true commercial relationships

**3. Systematic Intent and Premeditation Evidence**

<u>Deliberate Design Choices:</u>

    a. Every packaging element required specific design decisions to conceal rather than reveal ACI identity

    b. Coordination with Amazon required deliberate planning to create unified false impression

c. Professional packaging design necessarily involved conscious choices to mislead rather than inform consumers

Continuing Intent After Notice:

a. ACI's explicit refusal to correct deceptive practices after detailed CLRA notice demonstrates ongoing fraudulent intent

b. Maintenance of identical deceptive packaging despite knowledge of consumer harm and legal violations

c. Systematic legal strategy designed to benefit from consumer confusion while avoiding direct accountability

**C. Response to Anticipated Demurrer on Fourth Cause of Action Against Amazon.com Services LLC:** (Conversion)

**1. Comprehensive Property Rights Analysis**

Clear Property Interest Establishment:

a. Plaintiff acquired definitive ownership through lawful cash transactions at authorized retail locations using personal funds

b. Gift card activation created specific monetary value held in electronic form with clear ownership attribution

c. Property rights attach to monetary value regardless of electronic storage method, with plaintiff retaining exclusive right to direct use of funds

Amazon's Unauthorized Dominion Exercise:

a. Permanent freezing of $2,500+ represents complete exercise of ownership control without legal authority

b. Systematic denial of access combined with permanent retention demonstrates intent to permanently deprive rightful owner

c. Amazon's control extends beyond reasonable business judgment into wholesale appropriation of customer property

**2. Absence of Legal Justification**

Vague and Insufficient Grounds:

a. Amazon's "unusual payment activity" allegations provide no specific violation identification, timeframe, or clear policy basis

b. Lack of proportionality between alleged concerns and extreme remedy of permanent forfeiture

c. Complete absence of due process protections or meaningful appeal mechanisms

Terms of Service Cannot Override Property Rights:

a. Fundamental property rights cannot be waived through adhesion contracts containing unconscionable forfeiture provisions

b. California consumer protection law prohibits contract terms that permit arbitrary property seizure without specific cause and due process

c. Amazon cannot accept benefits of property (processing fees, transaction data) while claiming authority to confiscate underlying assets

**3. Enhanced Intent and Malice Evidence**

Systematic Rejection of Legitimate Appeals:

a. Complete disregard for humanitarian crisis circumstances despite explicit communication of asylum seeker status and lack of food

b. Systematic non-response to detailed legal warning letters citing specific statutory violations

c. Continued retention of property despite clear evidence of lawful acquisition and good faith consumer conduct

Targeting Vulnerable Individual:

a. Amazon's conversion specifically targeted known vulnerable individual (asylum seeker with anxiety disorder)

b. Deliberate indifference to humanitarian circumstances demonstrates malicious intent supporting punitive damages

c. Pattern of conduct designed to intimidate and punish vulnerable consumer populations

**4. Comprehensive Damages Beyond Property Value**

1    <u>Direct Property Loss:</u> $2,500+ in immediately quantifiable monetary value

2    <u>Consequential Economic Harm:</u> Forced reliance on expensive alternative payment

3    methods, inability to complete essential purchases during crisis period

4    <u>Enhanced Punitive Damages:</u> Amazon's malicious targeting of vulnerable individual

5    and complete disregard for humanitarian circumstances supports substantial punitive

6    award under Civil Code §3294

7    **D. Response to Anticipated Demurrer on Seventh Cause of Action Against**

8    **Amazon.com Services LLC**

9    (Intentional Infliction of Emotional Distress)

10    **1. "Extreme and Outrageous" Conduct Clearly Established**

11    <u>Systematic Exploitation of Known Vulnerability:</u>

12    a.  Amazon possessed explicit knowledge of Plaintiff's status as asylum seeker facing

13        humanitarian crisis, anxiety disorder requiring cognitive-affecting medication, and

14        complete social isolation

15    b.  Despite this knowledge, Amazon implemented punitive enforcement specifically

16        designed to maximize psychological pressure during crisis period

17    c.  Conduct included deliberate cancellation of food orders after receiving explicit

18        humanitarian plea stating "I am an asylum seeker with no food"

19    <u>Deliberate Humanitarian Indifference:</u>

20    a.  Complete non-response to emergency requests for basic survival needs represents

21        conscious choice to ignore human suffering

22    b.  Systematic use of false promises ("this is required to remove account hold") to extract

23        sensitive personal information from vulnerable individual

24    c.  Continued harmful conduct after receiving detailed legal warnings regarding multiple

25        statutory violations

26    **2. Clear Intent and Reckless Disregard**

27    <u>Systematic Targeting Based on Vulnerability:</u>

28    a.  Amazon's conduct specifically exploited Plaintiff's documented psychological

1  vulnerabilities and desperate circumstances

2  b.  Use of sophisticated technological systems to implement psychological pressure and

3  maintain surveillance over vulnerable individual

4  c.  Pattern of conduct designed to create helplessness, despair, and submission through

5  systematic denial of basic procedural fairness

6  **3. Severe Emotional Distress With Medical Documentation**

7  Documented Qualitative Change in Mental Health:

8  a.  Clear temporal correlation between Amazon's specific actions (July 2, 2024 order

9  cancellations) and onset of acute psychiatric symptoms

10  b.  Medical records demonstrate transition from manageable chronic anxiety to severe

11  acute trauma response requiring emergency intervention

12  c.  August 13, 2024 Westside Crisis evaluation documenting "recent emergence of passive

13  suicidal ideation" directly attributed to ongoing stress from Amazon's conduct

14  d.  September 2024 formal PTSD diagnosis with ongoing treatment requirements

15  demonstrating permanence of harm

16  **E. Response to Anticipated Demurrer on Eighth Cause of Action Against**

17  **Amazon.com Services LLC**(Negligent Infliction of Emotional Distress)

18  **1. Special Relationship and Enhanced Duty of Care**

19  Platform Control Creates Fiduciary-Like Obligations:

20  a.  Amazon's complete control over essential platform access for vulnerable user created

21  special relationship requiring heightened care

22  b.  Platform monopoly position combined with user dependency for basic needs

23  established enhanced duty beyond ordinary commercial relationships

24  c.  Amazon's voluntary assumption of customer data protection and account security

25  responsibilities created additional duty obligations

26  **2. Clear Foreseeability of Severe Emotional Harm**

27  Obvious Vulnerability Recognition:

28  a.  Amazon possessed explicit knowledge of Plaintiff's vulnerable characteristics through

1    direct communication and account records

2    b.  Any reasonable platform operator should foresee that denying essential services to

3    asylum seeker during humanitarian crisis would cause severe emotional distress

4    c.  Medical medication information in account records provided additional foreseeability

5    regarding cognitive vulnerability and psychological fragility

6    **3. Breach of Reasonable Care Standards**

7    <u>Systematic Failure to Implement Reasonable Protections:</u>

8    a.  Complete absence of emergency protocols for vulnerable users despite clear

9    identification of humanitarian crisis

10   b.  Failure to provide meaningful human review despite explicit promises and vulnerable

11   user circumstances

12   c.  Systematic denial of basic procedural accommodations for language barriers and

13   cognitive impairments

14   **4. Clear Proximate Causation With Medical Evidence**

15   <u>Documented Qualitative Deterioration:</u>

16   a.  Medical records clearly distinguish between pre-existing chronic anxiety (manageable

17   with standard medication) and acute trauma response (requiring emergency

18   intervention and ongoing specialized treatment)

19   b.  Direct temporal correlation between Amazon's specific conduct and onset of new,

20   severe psychiatric symptoms

21   c.  No significant intervening causes between Amazon's actions and documented

22   psychological deterioration

23   d.  Ongoing work capacity impairment (documented through employment terminations)

24   demonstrates continuing impact of Amazon's negligent conduct

1

## PROOF OF SERVICE

2

3  I am employed in the county of San Francisco, State of California.  I am over the age of

4  18 and not a party to the within action; my business address is K&L GATES LLP, Four

5  Embarcadero Center, Suite 1200, San Francisco, CA 94111.

6  On **July 22, 2025**, I served the document(s) described as:

7  **STIPULATION OF NON-OPPOSITION TO GRANTING PLAINTIFF YUN PENG**
   **LEAVE TO FILE FOURTH AMENDED COMPLAINT**

8
9  together with an unsigned copy of this declaration on the interested parties in this action by

10  delivering a true copy thereof as follows:

11  Yun Peng                              ***Plaintiff, In Pro Per***
    965 Hutchinson Ave.
12  Palo Alto, CA 94301
    Tel: (669) 329-7691
13  Email: msma529370228@gmail.com

14

15

16  ☒    **BY ELECTRONIC SERVICE:**  I transmitted a true copy of the document(s) listed
         above to the e-mail addresses of the addressee(s) as indicated above.

17

18  I declare under penalty of perjury under the laws of the State of California that the above

19  is true and correct.  Executed on **July 22, 2025**, San Francisco, California.

20

21  _____

22  T. Lianne Jitodai

23

24

25

26

27

28

RECYCLED PAPER

PROOF OF SERVICE

1  YUN PENG
   8024 EMERSON PL
2  ROSEMEAD CA 91770-2429
   669 329 7691
3  msma529370228@gmail.com

4
   YUN PENG, IN PRO PER
5

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*

**07/22/2025**
**Clerk of the Court**
BY: BOWMAN LIU
Deputy Clerk

6        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7            **FOR THE COUNTY OF SAN FRANCISCO**

8

9  YUN PENG                              )
                                         )
10              Plaintiff(s),            )
                                         )
11      vs.                              )   Case No.: CGC-24-617965
                                         )
12  ACI GIFT CARDS LLC, AMAZON.COM       )   **NOTICE OF WITHDRAWAL OF MOTION**
                                         )   **FOR LEAVE TO AMEND FOURTH**
13  SERVICES LLC, AMAZON.COM INC.,       )   **AMENDED COMPLAINT**
                                         )
14              Defendant(s).            )
                                         )
15                                       )
                                         )
16                                       )
                                         )
17  _____

18
   **NOTICE OF WITHDRAWAL OF MOTION FOR LEAVE TO AMEND FOURTH**
19  **AMENDED COMPLAINT**
   **Hearing Date:** August 14, 2025
20  **Time:** 9:00 A.M.
   **Dept:** 301
21  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**
22  PLEASE TAKE NOTICE that Plaintiff Yun Peng hereby withdraws the Motion for
   Leave to Amend Fourth Amended Complaint filed on July 21, 2025, and scheduled for
23  hearing on August 14, 2025, at 9:00 A.M. in Department 301.
   **GROUNDS FOR WITHDRAWAL:**
24      1.  **Stipulation Filed:** On July 22, 2025, the parties filed a Stipulation of Non-
25          Opposition to Granting Plaintiff Yun Peng Leave to File Fourth Amended
            Complaint, which resolves the same issues addressed in the pending Motion.
26      2.  **Judicial Efficiency:** The Stipulation provides a more efficient resolution of the
            matter without the need for a contested hearing.
27

28

                                    - 1 -

3. **Mutual Agreement:** All parties have agreed to the relief sought in the original Motion through the executed Stipulation.

**EFFECT OF WITHDRAWAL:**

This withdrawal is made without prejudice to Plaintiff's rights as set forth in the Stipulation filed concurrently herewith. The Court's consideration of the Stipulation will resolve the matters originally raised in the withdrawn Motion.

**REQUEST FOR CALENDAR RELIEF:**

Plaintiff respectfully requests that the Court remove this matter from the August 14, 2025 hearing calendar in Department 301.

**DATED:** July 22, 2025

**Respectfully submitted,**

_____

**YUN PENG**
**Plaintiff, In Pro Per**

**PROOF OF SERVICE**

I, Yun Peng, declare that I am over the age of eighteen years and not a party to this action. I served the foregoing Notice of Withdrawal of Motion on the parties listed below by the method indicated:

☐ **BY MAIL:** By placing true copies thereof in sealed envelopes addressed to the persons and at the addresses set forth below and depositing said envelopes in the United States mail with postage thereon fully prepaid.

☑ **BY EMAIL:** By transmitting true copies thereof via email to the email addresses set forth below.

**SERVICE LIST:**

Michael R. Stortz, Esq.

K. Taylor Yamahata, Esq.

K&L Gates LLP

Attorneys for Defendants

Email: Michael.Stortz@klgates.com

Email: Taylor.Yamahata@klgates.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Executed on:** July 22, 2025

**Location:** Rosemead, California

_____

**YUN PENG**
**Plaintiff, In Pro Per**

- 2 -

POS-050/EFS-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:        STATE BAR NO:<br><br>NAME: **Yun Peng**<br>FIRM NAME:<br>STREET ADDRESS: **8024 Emerson Pl**<br>CITY: **Rosemead**                          STATE: **CA**    ZIP CODE: **91770**<br>TELEPHONE NO.: **(669) 329-7691**       FAX NO. :<br>E-MAIL ADDRESS: **msma529370228@gmail.com**<br>ATTORNEY FOR (*name*): | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**07/22/2025**<br>**Clerk of the Court**<br>BY: BOWMAN LIU<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS:   400 McAllister Street
MAILING ADDRESS:   400 McAllister Street
CITY AND ZIP CODE:     San Francisco, CA 94102
BRANCH NAME:   Civic Center Courthouse

PLAINTIFF/PETITIONER: Yun Peng

DEFENDANT/RESPONDENT: ACI Gift Cards LLC, Amazon.com Services LLC

**PROOF OF ELECTRONIC SERVICE**

| | |
|---|---|
| CASE NUMBER:<br>CGC-24-617965 | |
| JUDICIAL OFFICER: | |
| DEPARTMENT:<br>301 | |

1.  I am at least 18 years old.

    a.  My residence or business address is *(specify):*
       8024 Emerson Pl, Rosemead, CA 91770

    b.  My electronic service address is *(specify):*
       msma529370228@gmail.com

2.  I electronically served the following documents *(exact titles):*
    Notice of Withdrawal of Motion for Leave to File Fourth Amended Complaint

    ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3.  I electronically served the documents listed in 2 as follows:

    a.  Name of person served: K. Taylor Yamahata

       On behalf of *(name or names of parties represented, if person served is an attorney):*
       ACI Gift Cards LLC, Amazon.com Services LLC,

    b.  Electronic service address of person served *:*
       taylor.yamahata@klgates.com

    c.  On *(date):* July 22,2025

    ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
    *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: July 22,2025

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Yun Peng
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

**Page 1 of 1**

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-050/EFS-050 [Rev. February 1, 2017] | **PROOF OF ELECTRONIC SERVICE**<br>**(Proof of Service/Electronic Filing and Service)** | Cal. Rules of Court, rule 2.251<br>*www.courts.ca.gov* |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

POS-050/EFS-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO:<br>NAME: **Yun Peng**<br>FIRM NAME:<br>STREET ADDRESS: **8024 Emerson Pl**<br>CITY: **Rosemead**                          STATE: **CA**     ZIP CODE: **91770**<br>TELEPHONE NO.: **669 329 7691**          FAX NO. :<br>E-MAIL ADDRESS: **msma529370228@gmail.com**<br>ATTORNEY FOR (name): **Self-Represented** | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**07/31/2025**<br>**Clerk of the Court**<br>BY: ERNALYN BURA<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS:   400 McAllister Street
MAILING ADDRESS:   400 McAllister Street
CITY AND ZIP CODE:   San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: Yun Peng

DEFENDANT/RESPONDENT: Aci Gift Cards LLC et al

| | |
|---|---|
| **PROOF OF ELECTRONIC SERVICE** | CASE NUMBER:<br>CGC-24-617965 |
| | JUDICIAL OFFICER: |
| | DEPARTMENT: |

1. I am at least 18 years old.
   a. My residence or business address is *(specify)*:
      8024 Emerson Pl, Rosemead, CA 91770

   b. My electronic service address is *(specify)*:
      8024 Emerson Pl, Rosemead, CA 91770

2. I electronically served the following documents *(exact titles)*:
   [PROPOSED] ORDER GRANTING STIPULATION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

   ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:
   a. Name of person served: K. Taylor Yamahata

      On behalf of *(name or names of parties represented, if person served is an attorney)*:
      ACI GIFT CARDS LLC, AMAZON.COM SERVICES LLC, AMAZON.COM INC.

   b. Electronic service address of person served *:
      Taylor.Yamahata@klgates.com

   c. On *(date):* July 31,2025

      ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
      *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: July 31,2025

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Yun Peng
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶          _____
                    (SIGNATURE OF DECLARANT)

**Page 1 of 1**

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-050/EFS-050 [Rev. February 1, 2017] | **PROOF OF ELECTRONIC SERVICE**<br>**(Proof of Service/Electronic Filing and Service)** | Cal. Rules of Court, rule 2.251<br>*www.courts.ca.gov* |

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]   [ Save this form ]          [ Clear this form ]

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| YUN PENG | **Case Management Department 610** |
| | **Case Management Order** |
| PLAINTIFF (S) | |
| VS. | **NO.: CGC-24-617965** |
| ACI GIFT CARDS, LLC et al | |
| | **Order Continuing Case** |
| | **Management Conference** |
| DEFENDANT (S) | |

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Aug-27-2025 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on Oct-29-2025 in Department 610 at 10:30 am for status of Fourth Amended Complaint.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference.  However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed and served twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED:  AUG-05-2025                ROCHELLE EAST
_____

JUDGE OF THE SUPERIOR COURT

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on AUG-05-2025 I served the attached Order Continuing Case Management Conference by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  AUG-05-2025                          By: DANIEL DIAZ

KATHERINE TAYLOR YAMAHATA (347192)
K&L GATES LLP
4 EMBARCADERO CTR
SUITE 1200
SAN FRANCISCO, CA  94111

YUN PENG
8024 EMERSON PL
ROSEMEAD, CA  91770-2429

CERTIFICATE OF SERVICE BY MAIL
Form 000001

1  YUN PENG
   8024 EMERSON PL
2  ROSEMEAD, CA, 91770
   Phone Number 669 329 7691
3  Email: msma529370228@gmail.com

4
   YUN PENG, IN PRO PER
5

6

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**08/05/2025**
**Clerk of the Court**
**BY: ERNALYN BURA**
**Deputy Clerk**

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                    **FOR THE COUNTY OF SAN FRANCISCO**

9

10  YUN PENG                              )
11                     Plaintiff(s),      )  CGC-24-617965
                                          )
12          vs.                           )  **MOTION FOR LEAVE TO PROCEED**
                                          )
13  DIGNITY HEALTH d/b/a SAINT FRANCIS    )  **UNDER PSEUDONYM**
    MEMORIAL HOSPITAL                     )
14                                        )
                                          )  **DATE: August 28, 2025**
15                     Defendant(s).      )  **TIME: 9:00 a.m.**
                                          )  **DEPT: 301**
16  ACI GIFT CARDS LLC, AMAZON.COM        )
    SERVICES LLC                          )
17                                        )
                                          )
18                                        )
   _____

19

20

21

22

23

24
    DATED: August 5, 2025
25
                                signature _____
26                                          YUN PENG
                                            In Pro Per
27

28

1  **CORRECTED MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

2  **NOTICE OF MOTION**

3  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

4  PLEASE TAKE NOTICE that on August 28, 2025, at 9:00 a.m., in Department 301 of the above-

5  entitled Court, located at 400 McAllister Street, San Francisco, California 94102, Plaintiff YUN

6  PENG will bring and there will be heard the following motion:

7  **MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

8  **RELIEF SOUGHT:**

9  Plaintiff respectfully moves this Court for an order permitting Plaintiff to proceed under the

10  pseudonym "JOHN DOE" in all public court records and filings in this action, while continuing to

11  provide Plaintiff's true identity to the Court and opposing counsel for all litigation purposes.

12  **GROUNDS FOR MOTION:**

13  This Motion is made on the following grounds:

14      1. Plaintiff is an asylum seeker with pending proceedings before the United States Citizenship

15         and Immigration Services (USCIS);

16      2. Plaintiff faces credible and substantial threats to personal safety and security if Plaintiff's

17         true identity is disclosed in public court records;

18      3. Public disclosure of Plaintiff's identity could compromise Plaintiff's pending asylum

19         proceedings and subject Plaintiff to persecution and retaliation;

20      4. Plaintiff suffers from diagnosed mental health conditions, making Plaintiff particularly

21         vulnerable to harm from public exposure;

22      5. The compelling need for protecting Plaintiff's safety substantially outweighs any public

23         interest in disclosure of Plaintiff's identity;

24      6. Proceeding under pseudonym would not impair Defendants' ability to defend against the

25         claims or prevent public understanding of the important consumer protection issues raised in

26         this case;

27      7. This relief is narrowly tailored to protect Plaintiff's safety while preserving judicial

28         transparency and due process rights.

**SUPPORTING DOCUMENTS:**

This Motion is based on the following documents:

    1.   This Notice of Motion and Motion;

    2.   Declaration of Yun Peng in Support of Motion for Leave to Proceed Under Pseudonym;

    3.   The files and records in this action;

    4.   Such other evidence as may be presented at the hearing.

**LEGAL AUTHORITY:**

This Motion is brought pursuant to:

• California Rules of Court, Rule 2.111 (regarding case captions and party identification); • California Code of Civil Procedure Section 367 (regarding capacity to sue); • Federal and California case law recognizing the right to proceed anonymously in appropriate circumstances; • The Court's inherent authority to protect vulnerable litigants and ensure equal access to justice.

**TIME AND PLACE OF HEARING:**

**Date:** August 28, 2025

**Time:** 9:00 a.m.

**Department:** 301

**Address:** 400 McAllister Street, San Francisco, CA 94102

**MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff Yun Peng respectfully moves this Court for an order permitting Plaintiff to proceed under the pseudonym "JOHN DOE" in this consumer protection action against ACI Gift Cards LLC and Amazon.com Services LLC. This motion is based on Plaintiff's status as an asylum seeker whose public identification in court records would create substantial risk of persecution, retaliation, and physical harm.

**II. STATEMENT OF FACTS**

**A. Plaintiff's Protected Status as Asylum Seeker**

Plaintiff is a non-English speaking asylum seeker who entered the United States on April 25, 2024,

with a B-2 visa to seek asylum protection. Plaintiff's asylum application is currently pending before USCIS, with a Notice of Intent to Deny (NOID) issued on June 25, 2024, requiring additional documentation submission within strict deadlines.

As documented in medical records, Plaintiff suffers from diagnosed mental health conditions including anxiety disorder and post-traumatic stress disorder (PTSD) stemming from conditions in Plaintiff's country of origin and subsequent traumatic events in the United States.

**B. Nature of Consumer Protection Claims**

This litigation involves consumer protection claims under California state law, including violations of the Consumer Legal Remedies Act (CLRA), Unfair Competition Law (UCL), and False Advertising Law (FAL), as well as common law claims for fraud and intentional infliction of emotional distress.

The underlying facts involve Plaintiff's purchase of Amazon gift cards from defendant ACI Gift Cards LLC, subsequent account suspensions by Amazon, and the freezing of over $1,600 in gift card balances, which caused severe psychological trauma to an already vulnerable individual.

**C. Public Safety and Security Concerns**

Disclosure of Plaintiff's true identity in public court records would:

1. Create substantial risk of identification by hostile parties in Plaintiff's country of origin;

2. Potentially compromise Plaintiff's pending asylum proceedings;

3. Subject Plaintiff to retaliation and persecution based on Plaintiff's asylum claim;

4. Cause severe psychological harm to an individual with documented mental health conditions;

5. Potentially endanger family members who remain in Plaintiff's country of origin.

**III. LEGAL STANDARD**

Federal courts and California state courts recognize a qualified right to proceed anonymously when a plaintiff demonstrates compelling reasons for anonymity that outweigh the public's interest in disclosure. See Doe v. Gangland Prods., 730 F.3d 946, 952-53 (9th Cir. 2013); Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992).

Courts apply a balancing test considering: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such

- 4 -

retaliation; (4) the public interest in disclosure; and (5) the public interest in the litigation. Doe v. Gangland Prods., 730 F.3d at 952-53.

## IV. ARGUMENT

### A. Plaintiff Faces Severe and Credible Threats of Harm

Asylum seekers, by definition, face persecution in their countries of origin. Public disclosure of Plaintiff's identity in court records accessible through online databases could:

1. Enable hostile parties to locate and identify Plaintiff;

2. Compromise Plaintiff's safety and security in the United States;

3. Undermine Plaintiff's pending asylum proceedings;

4. Subject Plaintiff's family members to retaliation abroad;

5. Cause severe psychological harm to an individual with documented mental health conditions.

The harm threatened here extends beyond mere embarrassment or invasion of privacy—it involves potential physical persecution and threats to fundamental safety.

### B. Plaintiff's Fears Are Objectively Reasonable

Given Plaintiff's status as an asylum seeker with a pending NOID, the fear of persecution upon identification is not speculative but based on documented conditions that led to Plaintiff's asylum claim. Courts have recognized that asylum seekers have particularly compelling grounds for anonymity. See Doe v. Trump, 288 F. Supp. 3d 1045, 1063 (W.D. Wash. 2017).

### C. Plaintiff Is Particularly Vulnerable to Retaliation

Several factors render Plaintiff especially vulnerable:

1. Limited English proficiency and unfamiliarity with U.S. legal systems;

2. Diagnosed mental health conditions requiring ongoing psychiatric care;

3. Lack of family or social support network in the United States;

4. Economic vulnerability and challenging living circumstances;

5. Pending asylum proceedings that could be compromised by public exposure.

### D. Limited Public Interest in Disclosure of Plaintiff's Identity

This case involves standard consumer protection claims against corporate defendants. The public interest in accountability for corporate misconduct can be fully served without disclosure of

1  Plaintiff's identity. The substantive legal and factual issues do not depend on Plaintiff's specific

2  identity.

3  Moreover, the defendants' ability to defend against the claims would not be impaired by allowing

4  Plaintiff to proceed as "John Doe," as they are fully aware of Plaintiff's identity and the factual basis

5  for the claims.

6  **E. Strong Public Interest in Protecting Asylum Seekers**

7  There is a compelling public interest in ensuring that asylum seekers can access the courts to

8  vindicate their legal rights without fear of persecution or retaliation. Denying anonymity could

9  effectively bar vulnerable individuals from seeking judicial relief, undermining fundamental

10  principles of equal access to justice.

11  **F. Narrow Tailoring and Alternative Measures**

12  Plaintiff seeks only to proceed under pseudonym in public filings while maintaining full disclosure

13  of identity to the Court and opposing counsel. This approach preserves due process rights while

14  protecting Plaintiff's safety. No broader sealing of records or limitations on public access to

15  proceedings is requested.

16  **V. CONCLUSION**

17  For the foregoing reasons, Plaintiff respectfully requests that this Court grant the Motion for Leave

18  to Proceed Under Pseudonym and enter an order permitting Plaintiff to proceed as "JOHN DOE" in

19  all public filings and court records.

20  **DECLARATION OF YUN PENG IN SUPPORT OF MOTION FOR LEAVE TO PROCEED**

21  **UNDER PSEUDONYM**

22  I, Yun Peng, declare as follows:

23      1.  I am the Plaintiff in this action and am competent to testify to the matters stated herein. I

24          make this declaration based on my personal knowledge, and if called as a witness, I could

25          and would competently testify to the matters stated herein.

26  **BACKGROUND AND ASYLUM SEEKER STATUS**

27      2.  I am a non-English speaking individual who entered the United States on April 25, 2024,

28          with a B-2 visa for the purpose of seeking asylum protection.

3. I filed an asylum application with United States Citizenship and Immigration Services (USCIS) based on political persecution I faced in my country of origin due to my political opinions and activities.

4. On June 25, 2024, USCIS issued a Notice of Intent to Deny (NOID) regarding my asylum application, requiring submission of additional documentation within strict deadlines. My asylum case remains pending.

5. The conditions that led to my asylum claim continue to exist in my country of origin, and I continue to face the threat of persecution if my identity and location become known to hostile parties.

**MEDICAL AND PSYCHOLOGICAL VULNERABILITY**

6. I have been professionally diagnosed with major depressive disorder and anxiety disorder, as documented in my psychiatric evaluation dated June 23, 2025, requiring ongoing psychiatric treatment.

7. I have received recent psychiatric evaluation and treatment due to my psychological condition, which has been significantly impacted by my asylum-related trauma and experiences in the United States.

8. I am currently under psychiatric care and taking prescribed medications for my mental health conditions.

9A. My treating psychiatrist has determined that additional stress or public exposure could cause significant deterioration of my mental health condition, making me particularly vulnerable to psychological harm from public disclosure of my identity.

9. My medical records document my particular vulnerability to stress and trauma, which makes public exposure especially dangerous for my psychological well-being.

10. Due to my mental health conditions and trauma history, I am particularly vulnerable to any form of additional stress or public exposure.

**SPECIFIC SAFETY CONCERNS**

11. Public disclosure of my true identity in court records would create substantial risks to my safety and well-being, including:

a. Potential identification by individuals or entities from my country of origin who may seek to harm me based on the circumstances that led to my asylum claim;

b. Compromise of my pending asylum proceedings, as public exposure could affect the outcome of my case;

c. Risk of retaliation against family members who may still be in my country of origin;

d. Severe psychological harm given my documented mental health conditions and vulnerability to trauma.

12. I have limited English proficiency and no family or social support network in the United States, making me particularly vulnerable to any form of retaliation or harassment.

13. My current living situation and economic circumstances make me particularly susceptible to any disruption or additional stress.

14. Given my mental health conditions and trauma history, any public exposure could cause significant psychological deterioration.

**NATURE OF THIS LITIGATION**

15. This lawsuit involves consumer protection claims against corporate defendants ACI Gift Cards LLC and Amazon.com Services LLC for their treatment of gift card purchases and account suspensions that caused me financial harm and severe psychological distress.

16. The legal issues in this case can be fully adjudicated without public disclosure of my identity, as the claims involve standard consumer protection statutes and the defendants are fully aware of my identity and the factual basis for the claims.

17. I am not seeking to evade responsibility or accountability in this litigation. I am willing to provide my true identity to the Court and opposing counsel under appropriate protective measures.

**PUBLIC INTEREST CONSIDERATIONS**

18. I believe there is a strong public interest in ensuring that asylum seekers and other vulnerable individuals can access the courts to vindicate their legal rights without fear of persecution or retaliation.

19. Allowing me to proceed under a pseudonym would not impair the defendants' ability to defend against my claims or prevent the public from understanding the important consumer protection issues raised in this case.

20. The relief I seek is limited to using a pseudonym in public filings while maintaining full disclosure to the Court and counsel, which represents the least restrictive means of protecting my safety while preserving judicial transparency.

**REASONABLE ALTERNATIVES**

21. I have considered other potential protective measures but believe that proceeding under pseudonym is the only adequate protection given the nature of the threats I face as an asylum seeker.

22. Partial sealing of records or other limited protective measures would not adequately protect my identity, as even limited public information could enable hostile parties to locate and identify me.

**CONCLUSION**

23. Based on the foregoing, including my status as an asylum seeker with documented mental health conditions and extreme vulnerability, I respectfully request that this Court grant my Motion for Leave to Proceed Under Pseudonym and allow me to proceed as "JOHN DOE" in all public court records and filings in this action.

24. I understand that this protection extends only to public records and that I must continue to provide my true identity to the Court and opposing counsel for all litigation purposes.

25. Given my psychological vulnerability and the potential for severe harm from public exposure, anonymity is essential for my safety and well-being.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 28, 2025, at Rosemead, California.

YUN PENG

Plaintiff, In Pro Per

POS-050/EFS-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO:<br>NAME: **Yun Peng**<br>FIRM NAME:<br>STREET ADDRESS: **8024 Emerson Pl**<br>CITY: **Rosemead,**             STATE: **CA**    ZIP CODE: **91770**<br>TELEPHONE NO.: **669 329 7691**        FAX NO. :<br>E-MAIL ADDRESS: **msma529370228@gmail.com**<br>ATTORNEY FOR (name): **In Pro Per** | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**08/05/2025**<br>**Clerk of the Court**<br>BY: ERNALYN BURA<br>Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco<br>STREET ADDRESS: **400 McAllister Street**<br>MAILING ADDRESS: **400 McAllister Street**<br>CITY AND ZIP CODE:  **San Francisco, CA 94102**<br>BRANCH NAME:  **Civic Center Courthouse** | |
| PLAINTIFF/PETITIONER: Yun Peng | CASE NUMBER:<br>**CGC-24-617965** |
| DEFENDANT/RESPONDENT: ACI Gift Cards LLC, Amazon.com Services LLC | JUDICIAL OFFICER: |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT: |

1. I am at least 18 years old.

    a. My residence or business address is *(specify):*
       8024 Emerson Pl, Rosemead, CA 91770


    b. My electronic service address is *(specify):*
       msma529370228@gmail.com

2. I electronically served the following documents *(exact titles):*
   CORRECTED MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM
   PROPOSED ORDER

   ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:

   a. Name of person served: Taylor.Yamahata

      On behalf of *(name or names of parties represented, if person served is an attorney):*
       ACI Gift Cards LLC, Amazon.com Services LLC

   b. Electronic service address of person served *:*
      Taylor.Yamahata@klgates.com

   c. On *(date):* August 5, 2025

      ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
         *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*


Date: August 5, 2025

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Yun Peng                                         ▶

_____                    _____
(TYPE OR PRINT NAME OF DECLARANT)                      (SIGNATURE OF DECLARANT)

**Page 1 of 1**

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-050/EFS-050 [Rev. February 1, 2017] | **PROOF OF ELECTRONIC SERVICE**<br>**(Proof of Service/Electronic Filing and Service)** | Cal. Rules of Court, rule 2.251<br>*www.courts.ca.gov* |

**For your protection and privacy, please press the Clear
This Form button after you have printed the form.**

[ Print this form ]   [ Save this form ]   [ Clear this form ]

1  YUN PENG
   8024 EMERSON PL
2  ROSEMEAD CA 91770-2429
   669 329 7691
3  msma529370228@gmail.com

4
   YUN PENG, IN PRO PER
5

6          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7              **FOR THE COUNTY OF SAN FRANCISCO**

8

9  YUN PENG                                )
                                            )
10            Plaintiff(s),                 )
                                            )
11        vs.                               )   Case No.: CGC-24-617965
                                            )
12  ACI GIFT CARDS LLC, AMAZON.COM          )   **[PROPOSED]** ORDER GRANTING
                                            )
13  SERVICES LLC, AMAZON.COM INC.,          )   **STIPULATION FOR LEAVE TO FILE**
                                            )
14            Defendant(s).                 )   **FOURTH AMENDED COMPLAINT**
                                            )
15                                          )
                                            )
16                                          )
                                            )
17  _____

18  [PROPOSED] ORDER GRANTING STIPULATION FOR LEAVE TO FILE
19  FOURTH AMENDED COMPLAINT
20

21  The Stipulation of Non-Opposition to Granting Plaintiff Yun Peng Leave to File Fourth
22  Amended Complaint came before this Court for consideration.
23  The Court, having reviewed the Stipulation executed by all parties, Plaintiff's Motion for
24  Leave to Amend Fourth Amended Complaint filed July 21, 2025, and being fully advised
25  in the premises,
26  **FINDS THAT:**
27
28

1.  Plaintiff filed a Fourth Amended Complaint on July 17, 2025, without obtaining leave of court as required under Code of Civil Procedure section 472(a).

2.  The Court rejected the filing of Plaintiff's July 17, 2025 Fourth Amended Complaint.

3.  The parties have stipulated to allow Plaintiff to file the Fourth Amended Complaint that deletes the Eighth Cause of Action for Negligent Infliction of Emotional Distress against Amazon.com Services LLC.

4.  The proposed amendment serves the interests of justice and judicial efficiency.

5.  Defendants have waived any objection to the proposed amendment.

6.  The Court has jurisdiction over the parties and subject matter of this action.

**IT IS HEREBY ORDERED THAT:**

1.  **The Stipulation is GRANTED and APPROVED.**

2.  **Plaintiff is granted leave to file the Fourth Amended Complaint** in the form attached as Exhibit A to the Stipulation.

3.  **The Fourth Amended Complaint shall be deemed filed** as of the date of this Order, ~~effective nunc pro tunc to July 17, 2025.~~ 𝓈          𝑒𝑣𝑀

4.  **Defendants' responsive pleading** to the Fourth Amended Complaint shall be due thirty (30) days from the entry of this Order.

5.  ~~The case management conference scheduled for _____, 2025, shall~~ 𝑒   𝑐𝑣𝑠 remain as scheduled.

6.  ~~Each party shall bear their own costs and attorney's fees incurred in connection with this matter.~~ 𝓈          𝑒   𝑐𝑠

IT IS SO ORDERED.

DATED: ____8/12____ , 2025

_____
JUDGE OF THE SUPERIOR COURT
CHRISTINE VAN AKEN

- 2 -